Antonio Valla, Esq. (SBN 136256)
Michael Purcell, Esq. (SBN 229506)
Stefano Abbasciano, Esq. (SBN 277680)
Valla & Associates, Inc., P.C.
1990 N. California Blvd., Suite 1060
Walnut Creek, CA 94596
Telephone:  925.705.7623
Fax:  925.705.7629
antonio.valla@vallalaw.com
michael.purcell@vallalaw.com
stefano.abbasciano@vallalaw.com

Attorneys for Defendant
IQSYSTEM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC., a Delaware corporation<br><br>    Plaintiff,<br><br>  vs.<br><br>ANNA GATTI, an individual, ALMAVIVA S.p.A., an Italian corporation, ALMAWAVE S.r.l., an Italian corporation, ALMAWAVE USA, Inc., a California corporation, IQSYSTEM LLC, a California limited liability company, IQSYSTEM, Inc., a Delaware corporation,<br><br>    Defendants. | Case No. 3:15-cv-00798 HSG<br><br>**DECLARATION OF ANTONIO DI NAPOLI IN SUPPORT OF OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION FOR<br>(1) TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION;<br>(2) ASSET RESTRAINING ORDER;<br>(3) EXPEDITED DISCOVERY ORDER; AND<br>(4) ALTERNATIVE SERVICE OF PROCESS ON ALMAVIVA S.P.A. AND ALMAVIVA S.R.L. AND RELATED RELIEF** |

I, Antonio Di Napoli, declare as follows:

1.  I am the Director of Business Development for IQSystem, Inc., a defendant in the above-captioned case. I have been employed by IQSystem, Inc. since April 2014. I am

-1-

Valla & Associates, Inc., P.C.
1990 N. California Blvd., Suite 1060
Walnut Creek, CA 94596
www.vallalaw.com

responsible for business development and all semiconductor related activities, and I enjoy over 25 years of experience in the high-tech equipment industry. I have personal knowledge of the facts below, and if called to testify, can and will competently do so.

2.      I have reviewed and I am familiar with the pleadings filed by Plaintiff in this case, including the Plaintiff's motion for temporary restraining order.   Any such order, if entered, would have disastrous consequences for IQSystem, Inc.

3.      IQSystem, Inc. provides technical consulting and business development to semiconductor industry players on a global level. In order to fulfill a wide range of customer needs, IQSystem, Inc. employs a team of scientists, engineers and analysts working in different areas of the design and fabrication of semiconductor devices, as well as a team of Business Development Contractors specialized in semiconductor manufacturing process technologies.

4.      IQSystem, Inc. currently employs eighteen (18) individuals who depend on IQSystem, Inc. as their main source of income.   These individuals are assigned to their respective accounts and often work on the client's site.

5.      IQSystem, Inc. pays these 18 individuals a salary, as well as their business expenses related to travel, room and board when they work at the client's site.

6.      IQSystem, Inc. has no direct knowledge of what Plaintiff's business activities consist of, what their business model is, or what their product is. It is my understanding and belief that IQSystem, Inc.'s business activities are in no way similar to those of the Plaintiff.

7.      IQSystem, Inc. had sporadic contacts with Loop AI Labs, Inc. ("Loop AI") in April 2014. Specifically, I spent a couple of weeks at Loop AI's office while IQSystem was securing its own office spaces. During that time, I had very limited interaction with Loop AI and its personnel.

Valla & Associates, Inc., P.C.
1990 N. California Blvd., Suite 1060
Walnut Creek, CA 94596
www.vallalaw.com

DECLARATION OF ANTONIO DI NAPOLI

8.     I was assigned a desk and was given guest access to Loop AI's internet. Specifically, I was able to access the public internet through Loop AI's *wifi* net, but I was not given any access to Loop AI's servers, files, or confidential information.

9.     I never accessed Loop AI's files, records, trade secrets, or confidential information. I did not use any equipment belonging to Loop AI, such as desktop or laptop computers, servers, or portable phones.

10.     To my knowledge, only one other employee of IQSystem, Inc., Manuela Micoli, was present a few times at Loop AI's office. Ms. Micoli did not have access to Loop AI's servers, files, or confidential information. She also never used any equipment belonging to Loop AI, such as desktop or laptop computers, servers, or portable phones.

11.     No other employees of or consultants for IQSystem, Inc. were ever present at Loop AI's office.

12.     IQSystem, Inc. is a live, active, viable business that currently has large, ongoing projects with three important customers/industry leaders.

13.     The first major client of IQSystem, Inc. is based in Silicon Valley and owns and operates semiconductor manufacturing operations in Germany, Singapore, New York, and Vermont.

14.     The second major client of IQSystem, Inc. is a company with headquarters in Rome, Italy, and has over 37,000 employees. The company provides IT and call center services to customers. IQSystem, Inc. provides this company with business development services.

15.     The third major client of IQSystem, Inc. is a Taiwanese manufacturer of semiconductors and TFT LCD glass used to manufacture flat panel TV's. This company is publicly traded on the New York Stock Exchange.

Valla & Associates, Inc., P.C.
1990 N. California Blvd., Suite 1060
Walnut Creek, CA 94596
www.vallalaw.com

16.      IQSystem, Inc.'s average monthly costs and expenses, including salaries, commissions, travel and room and board costs to employees and consultants, and rent and utilities, calculated based on the costs and expenses incurred in January 2015 and February 2015, amount to $89,450 per month, and are subject to increase in the next months.

17.      During the regular course of business, I am the main point of contact with IQSystem, Inc.'s clients. If Plaintiff's motion were granted, IQSystem, Inc. would not be able to continue to do business for these or any other clients. IQSystem, Inc. would suffer significant financial loss, and would likely go out of business, if it could not fulfill its contractual obligations to its clients, and the professional relationships that IQSystems, Inc. has formed with these clients would be irreparably damaged.

18.      IQSystem, Inc. is also currently in negotiations for one new contract with a potential client. Should IQSystem, Inc. sign this new contract, IQSystem will hire six (6) additional employees to execute this project.

19.      If Plaintiff's motion were granted, negotiations would have to stop and these potential business opportunities would be lost. This would cause damage to IQSystem, Inc.'s reputation within the industry and it would be unlikely that IQSystem, Inc. would be able to do business with these potential clients in the future.

20.      If Loop AI's motion were granted and IQSystem, Inc.'s assests were frozen, IQSystem, Inc. would no longer be able to pay its employees, nor would it be able to hire the six new employees.

Executed under penalty of perjury according to the laws of California on the 9th day of March, 2015 in San Francisco, California..

By: _____

Antonio Di Napoli

DECLARATION OF ANTONIO DI NAPOLI

Valla & Associates, Inc., P.C.
1990 N. California Blvd., Suite 1060
Walnut Creek, CA 94596
www.vallalaw.com