1    **VENABLE LLP**
     Thomas E. Wallerstein (SBN 232086)
2    Angel A. Garganta (SBN 163957)
     Kimberly Culp (SBN 238839)
3    Email: twallerstein@venable.com
             agarganta@venable.com
4            kculp@venable.com
     Spear Tower, 40th Floor
5    One Market Plaza
     1 Market Street
6    San Francisco, CA 94105
     Telephone:   415.653.3750
7    Facsimile:   415.653.3755

8    Attorneys for Defendant Almawave USA, Inc.

9

10                    **UNITED STATES DISTRICT COURT**

11              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12

13   LOOP AI LABS, INC., a Delaware corporation,      CASE NO.: 3:15-cv-00798-HSG

14            Plaintiffs,                             Hon. Haywood S. Gilliam, Jr.
                                                      Courtroom 15
15
                 v.
16                                                    **DEFENDANT ALMAWAVE USA, INC.'S**
                                                      **NOTICE OF MOTION AND MOTION**
17                                                    **TO DISMISS; MEMORANDUM OF**
                                                      **POINTS AND AUTHORITIES IN**
18   ANNA GATTI, an individual,                       **SUPPORT**
     ALMAVIVA S.p.A., an Italian corporation,
19   ALMAWAVE S.r.l., an Italian corporation,
     ALMAWAVE USA, Inc., a California
20   corporation, IQSYSTEM LLC, a California          Date:    May 21, 2015
     limited liability company, IQSYSTEM Inc., a      Time:    2:00 p.m.
21   Delaware corporation,                            Dept:    Courtroom 15, 18th Floor

22            Defendants.

23

24                                                    Action Filed:  February 20, 2015
                                                      Trial Date:  None
25

26

27

28

VENABLE LLP
SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

VENABLE LLP

SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

**NOTICE OF MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 21, 2015, at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Haywood S. Gilliam, Jr., United States District Court Judge for the Northern District of California, in Courtroom 15 on the 18th Floor of this Court, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Almawave USA, Inc. will and hereby does move, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), to dismiss Plaintiff Loop AI Lab Inc.'s complaint ("complaint") which was filed on February 20, 2015. This motion is based on this notice of motion and motion, the following memorandum of points and authorities, the pleadings on file in this matter, the reply Almawave USA, Inc. intends to file, any material of which this Court takes judicial notice, and any further argument the Court might allow.

Defendant Almawave USA, Inc. requests dismissal of all of the claims asserted against Almawave USA, Inc. in Loop's complaint: (1) Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962 *et seq.*; (2) Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 *et seq.* and Unauthorized Access to Computers, California Penal Code §§ 502 *et seq.*; (5) fraud; (9) interference with prospective economic advantage; (10) tortious interference with contract; (11) misappropriation of trade secrets, California Civil Code §§ 3426 *et seq.*; (12) conversion; (13) unfair competition, California Business and Professions Code §§ 17200 *et seq.*; and (14) unjust enrichment.

Dated: March 17, 2015          **VENABLE LLP**

By:      /s/ Thomas E. Wallerstein
            Thomas E. Wallerstein (SBN 232086)
            Angel A. Garganta (SBN 163957)
            Kimberly Culp (SBN 238839)
            Spear Tower, 40th Floor
            One Market Plaza, 1 Market Street
            San Francisco, CA 94105
            twallerstein@venable.com
            agarganta@venable.com
            Tel.: (415) 653-3750, Fax: (415) 653-3755
            *Attorneys for Almawave USA, Inc.*

**Page**

PRELIMINARY STATEMENT ...............................................................................1

FACTUAL ALLEGATIONS ..................................................................................1

STANDARD............................................................................................................5

ARGUMENT ..........................................................................................................6

I. LOOP'S COMPLAINT FAILS TO STATE ANY CLAIM AGAINST ALMAWAVE USA BECAUSE IT INSUFFICIENTLY ALLEGES VICARIOUS LIABILITY (ALL CAUSES OF ACTION) ...................................6

II. LOOP FAILS TO STATE A CLAIM FOR MISAPPROPRIATION OF TRADE SECRETS (11TH CAUSE OF ACTION) ...................................................8

    A. Loop Does Not Adequately Allege The Existence Of A Trade Secret................8

    B. Loop Does Not Adequately Allege Misappropriation .........................................9

III. LOOP FAILS TO STATE A CLAIM FOR FRAUD (5TH CAUSE OF ACTION)......10

IV. LOOP FAILS TO STATE A CLAIM FOR INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE (9TH CAUSE OF ACTION) .............11

    A. Loop Fails to Allege Existence Of A Specific Economic Relationship With Which Almawave USA Interfered................................................................11

    B. Almawave USA Did Not Have Knowledge of These Relationships.................12

    C. Almawave USA Did Not Engage In Independently Wrongful Conduct............12

V. LOOP FAILS TO STATE A CLAIM FOR TORTIOUS INTERFERENCE (10TH CAUSE OF ACTION)...............................................................................13

    A. Loop Does Not Allege Almawave USA's Knowledge Of Any Contracts ........13

    B. Loop Does Not Adequately Allege Almawave USA's Intent to Induce Breach ..................................................................................................................14

VI. LOOP FAILS TO STATE A RICO CLAIM AGAINST ALMAWAVE USA (1ST CAUSE OF ACTION)...............................................................................14

    A. Loop Fails to Adequately Allege Almawave USA Participated In An Enterprise .............................................................................................................14

    B. Loop Fails to Adequately Allege the Common Purpose of the Purported Enterprise .............................................................................................................15

    C. Loop Fails to Allege that Almawave USA Committed Any Predicate Acts ......16

    D. Loop Fails to Exclude the Obvious Alternate Explanation ................................16

V E N A B L E   L L P

SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

i

| | E. | Almawave USA Is Not Liable Under a Theory of Respondeat Superior for Ms. Gatti's Alleged RICO Conduct | 17 |

**VII.** LOOP FAILS TO STATE A CLAIM FOR COMPUTER FRAUD (2ND CAUSE OF ACTION) .......................................................................................................17

    A. Almawave USA Did Not "Access" Any Information as Required by CFAA ...................................................................................................17

    B. Loop Fails to Plead Damages With Sufficient Specificity Under the CFAA.....18

    C. Almawave USA Did Not Access Any Information "Without Permission" as Required by the CDAFA ....................................................................18

**VIII.** LOOP'S CONVERSION, UNFAIR COMPETITION AND UNJUST ENRICHMENT CLAIMS ARE NOT LEGALLY COGNIZABLE (12TH, 13TH, AND 14TH CAUSES OF ACTION)...............................................................19

    A. Loop's Conversion Cause of Action Is Preempted By CUTSA .........................19

    B. Loop's Unfair Business Claim Is Preempted By CUTSA ................................19

    C. Loop's Unjust Enrichment Claim Is Not Recognized Under California Law .................................................................................................19

**IX.** LOOP FAILS TO SUFFICIENTLY PLEAD EACH CAUSE OF ACTION ASSERTED AGAINST ALMAWAVE USA UNDER FEDERAL RULE OF PROCEDURE RULE 9(B) (ALL CAUSES OF ACTION) ...........................................20

CONCLUSION..............................................................................................................23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ii

9298216-v15    ALMAWAVE USA, INC.'S NOTICE OF MOTION, MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 3:15-CV-00798-HSG

**TABLE OF AUTHORITIES**

Page

**CASES**

*Ashcroft v. Iqbal*

    129 S.Ct. 1937 (2009) ............................................................................6, 12

*Bell Atl. Corp. v. Twombly*

    550 U.S. 544 (2007) ............................................................................6, 17

*Bosse v. Crowell Collier and Macmillan*

    565 F.2d 602 (9th Cir. 1977) ............................................................................10, 20

*Capitol Audio Access, Inc. v. Umemoto*

    980 F. Supp. 2d 1154 (E.D. Cal. 2013) ............................................................................18

*Comwest, Inc. v. American Operator Services, Inc.*

    765 F. Supp. 1467 (C.D. Cal. 1991) ............................................................................22

*CytoDyn of New Mexico, Inc. v. Amerimmune Pharms., Inc.*

    160 Cal. App. 4th 288 (2008) ............................................................................8

*DuBois v. Ford Motor Co.*

    276 F.3d 1019 (8th Cir. 2002) ............................................................................3

*Falk v. General Motors Corp.*

    496 F. Supp. 2d 1088 (N.D. Cal. 2007) ............................................................................20

*Foam Supplies Inc. v. The Dow Chemical Co.*

    No. 4:05 CV 1772 CDP, 2006 WL 2225392 (E.D. Mo. Aug. 2, 2006) ....................21, 22

*Givemepower Corp. v. Pace Compumetrics, Inc.*

    Case No. 07cv157 WQH (RBB) 2007 WL 2345027 (S.D. Cal. Aug. 14, 2007) ...........12

*Hoblitzell v. City of Ione*

    110 Cal. App. 4th 765 (2003) ............................................................................8

*In re Apple & AT&T iPad Unlimited Data Plan Litig.*

    802 F. Supp. 2d 1070 (N.D. Cal. 2011) ............................................................................21

iii

9298216-v15    ALMAWAVE USA, INC.'S NOTICE OF MOTION, MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 3:15-CV-00798-HSG

VENABLE LLP
SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

*In re ConAgra Foods Inc.*

    908 F. Supp. 2d 1090 (C.D. Cal. 2012) ........................................................19

*In re Google Android Consumer Privacy Litig.*

    No. 11-MD-02264 JSW, 2013 WL 1283236 (N.D. Cal. Mar. 26, 2013) ......................19

*In re iPhone Application Litig.*

    No. 11-MD-02250-LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011)....................18

*Jackson v. Fischer*

    931 F. Supp. 2d 1049 (N.D. Cal. 2013) ........................................................21

*K.C. Multimedia, Inc. v. Bank of American Technology & Operations, Inc.*

    171 Cal. App. 4th 939 (2009) ........................................................19

*Kearns v. Ford Motor Co.*

    567 F.3d 1120 (9th Cir. 2009) ........................................................21, 22

*Klein v. King*

    No. C-88-3141-FMS, 1989 WL 225027 (N.D. Cal. March 1, 1989) ..........................20

*Korea Supply Co. v. Lockheed Martin Corp.*

    29 Cal. 4th 1134 (2003) ........................................................11

*Lisa M. v. Henry Mayo Newhall Memorial Hospital*

    12 Cal. 4th 291 (1995) ........................................................7

*MAI Sys. Corp. v. Peak Computer*,

    991 F.2d 511 (9th Cir. 1993) ........................................................8

*Marceau v. Int'l Brotherhood of Elec. Workers*

    618 F. Supp. 2d 1127 (D. Ariz. 2009) ........................................................17

*MedioStream, Inc. v. Microsoft Corp.*

    869 F. Supp. 2d 1095 (N.D. Cal. 2012) ........................................................8

*Mohebbi v. Khazen*

    --- F. Supp. 3d ---, 2014 WL 2861146 (N.D. Cal. June 23, 2014)................................14

*Murphy v. Fulbright*

    Case No. 12-cv-885-JM (WVG), 2012 WL 4754730 (S.D. Cal. Oct. 4, 2012) ..............7

VENABLE LLP

SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

iv

*NetApp, Inc. v. Nimble Storage, Inc.*

    --- F. Supp. 3d ---, 2014 WL 1903639 (N.D. Cal. May 12, 2014)...................................18

*Nordberg v. Trilegiant Corp.*

    445 F. Supp. 2d 1082 (N.D. Cal. 2006) ...........................................................16

*Odom v. Microsoft Corp.*

    486 F.3d 541 (9th Cir. 2007) ..............................................................................5

*Oki Semiconductor Co. v. Wells Fargo Bank, Nat'l Ass'n*

    298 F.3d 768 (9th Cir. 2002) ............................................................................17

*Oracle Am., Inc. v. Serv. Key, LLC*

    No. C 12-00790 SBA, 2012 WL 6019580 (N.D. Cal. Dec. 3, 2012) ............................22

*Pellerin v. Honeywell Intern., Inc.*

    877 F. Supp. 2d 983 (S.D. Cal. 2012)................................................................8, 9

*Phillips v. Lithia Motors, Inc.*

    Civil No. 03-3109-HO, 2006 WL 1113608 (D. Or. Apr. 27, 2006) ............................16

*Plessinger v. Castleman and Haskell*

    838 F. Supp. 448 (N.D. Cal. 1993) ...................................................................14

*Portney v. CIBA Vision Corp.*

    No. SACV070854AGMLGX, 2008 WL 4288330 (C.D. Cal. Sept. 17, 2008) .............21

*Quelimane Co v. Stewart Title Guar. Co.*

    19 Cal. App. 4th 26 (1998) ..............................................................................13

*Randolph v. Budget Rent-A-Car*

    97 F.3d 319 (9th Cir. 1996) ............................................................................6, 7

*Reeves v. Hanlon*

    33 Cal. 4th 1140 (2004) ..................................................................................12

*Robertson v. Dean Witter Reynolds, Inc.*

    749 F.2d 530 (9th Cir. 1984) ............................................................................5

*Robinson Helicopter Co., Inc. v. Dana Corp.*

    34 Cal. 4th 979 (2004) ....................................................................................10

VENABLE LLP
SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

v

9298216-v15    ALMAWAVE USA, INC.'S NOTICE OF MOTION, MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 3:15-CV-00798-HSG

*S. Cal. Inst. of Law v. TCS Educ. Sys.*

No. CV 10-8026 PSG (AJWx), 2011 WL 1296602 (C.D. Cal. Apr. 5, 2011) ................9

*Salas v. Int'l Union of Operating Eng'rs*

No. CV 12-10506 DDP (VBKx), 2015 WL 728365 (C.D. Cal. Feb. 18, 2015)............16

*Sargent Fletcher, Inc. v. Able Corp.*

110 Cal. App. 4th 1658 (2003) ................................................................................9

*Shenzen Technology Co. LTD v. Altec Lansing, LLC*

Case No. 3:12-cv-2188-GPC-BGS, 2013 WL 6145553 (S.D. Cal. Nov. 21, 2013).........7

*Siebert v. Gene Sec. Network*

Case No. 11-cv-01987-JST, 2013 WL 5645309 (N.D. Cal. Oct. 16, 2013) ..................19

*Stitt v. Citibank, N.A.*

Case No. 12-cv-03892-YGR, 2015 WL 75237 (N.D. Cal. Jan. 6, 2015) ......................15

*SunPower Corp. v. Solar City*

No. 12-cv-00694-LHK, 2012 WL 6160472 (N.D. Cal. Dec. 11, 2012) .................11, 19

*Swartz v. KPMG, LLP*

476 F.3d 756 (9th Cir. 2007) ..................................................................................7

*United States v. Stapleton*

293 F.3d 1111 (9th Cir. 2002) ................................................................................10

*Vess v. Ciba-Geigy Corp. USA*

317 F.3d 1097 (9th Cir. 2003) ................................................................................20

*Western Mining Council v. Watt*

643 F.2d 618 (9th Cir. 1981) ..............................................................................6, 16

*Westside Center Assoc. v. Safeway Stores 23, Inc.*

42 Cal. App. 4th 507 (1996) ..................................................................................11

*Willard v. Caterpillar, Inc.*

40 Cal. App. 4th 892 (1995) ..................................................................................12

*Youst v. Longo*

43 Cal. 3d 64 (1987) .............................................................................................11

VENABLE LLP

SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

9298216-v15

ALMAWAVE USA, INC.'S NOTICE OF MOTION, MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 3:15-CV-00798-HSG

18 U.S.C. § 1030 ................................................................................................18

Cal. Civ. Code § 3426.1 .......................................................................................9

Cal. Civ. Code § 3426.7 .......................................................................................19

Fed. R. Civ. Proc. 12(b)(6) .................................................................................19

Fed. R. Civ. Proc. 9(b) ...........................................................................1, 20, 21, 22

VENABLE LLP
SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Plaintiff Loop AI Labs ("Loop"), a struggling Artificial Intelligence startup founded in 2012, has fired its CEO and 30% shareholder, Defendant Anna Gatti, and accused her of misappropriating trade secrets, breaching her contracts and other duties, derailing investments into Loop, and wrongfully working for other companies in violation of an exclusivity clause in her Loop contract.

Apparently searching for a deep pocket, Loop is suing, among others, Defendant Almawave USA, Inc. ("Almawave USA"), one of the other companies for whom Ms. Gatti was concurrently working. As this Court knows from the TRO briefing, Almawave USA had no idea about Ms. Gatti's alleged wrong-doing and terminated her employment shortly after Loop's complaint was filed.

Loop has no actual evidence implicating Almawave USA in any wrongdoing, and for that reason has not pled any wrongdoing. Loop cannot identify any trade secrets that were misappropriated by anyone, much less by Almawave USA, which is not a competitor of Loop and thus would in any event have no interest in Loop's trade secrets. Ultimately, these incurable deficiencies doom every cause of action in Loop's complaint, even from a pure pleading standpoint.

Moreover, because Loop's entire complaint is based on alleged fraud, it necessarily must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Against this standard, the dearth of allegations against Almawave USA is especially stark.

## FACTUAL ALLEGATIONS[1]

Loop is a startup founded in 2012 that "seeks to deploy its proprietary artificial intelligence ('AI') technology that automatically learns about people and things by understanding the internet-based data related to them." Compl. ¶ 1. Almawave USA is a

---

[1] For purposes of this motion only, Almawave USA, Inc. treats facts alleged in the complaint as true.

VENABLE LLP
SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

California corporation established in San Francisco and is an indirect affiliate of Almaviva S.p.A. and Almawave S.r.l (the "Italian Almawave Defendants").[2]  *Id.* ¶ 16, 41.  The Italian Almawave Defendants constitute "a top Italian information and technology company" with world-wide operations.  *Id.* ¶¶ 39, 40.

Defendant Anna Gatti became the CEO of Loop in mid-2012, became President in late 2014, and was terminated on February 3, 2015.  *Id.* ¶¶ 3, 4.  Ms. Gatti's employment agreement with Loop provided that she was to devote her full-time business efforts to Loop, assisting in venture capital fund raising and the closing of business partnerships, and that she could not engage in any other business activities without Loop's prior written consent.  *Id.* ¶¶ 4, 5.

Notwithstanding this contractual prohibition, Ms. Gatti took positions with other companies, including a concurrent CEO position with Almawave USA in 2014.  *Id.* ¶¶ 13, 15.  Ms. Gatti allegedly committed several wrongs against Loop, including fraud, interference with contracts, and the misappropriation of Loop's proprietary technology and trade secret information.  *Id.* ¶¶ 1, 165, 207, 225.

Loop filed a complaint against several defendants, including alleging nine causes of action against Almawave USA.

### **Allegations Against Ms. Gatti**

Loop alleges that Ms. Gatti lied on her employment application regarding her experience and capabilities (compl. ¶¶ 7-8), falsified her academic credentials (*id.* ¶ 9), and misrepresented her employment history (*id.* ¶ 10) in order to secure employment with Loop.  In reliance on these misrepresentations, Loop hired Ms. Gatti and gave her "a very expensive compensation package, including . . . agreeing to give her almost 30% of the Company."  *Id.* ¶¶ 54, 63.

---

[2] The complaint refers to defendants Almaviva S.p.A and Almawave S.r.l along with Almawave USA, Inc. as the "Italian Almaviva Defendants."  This Motion, however, refers to Almawave USA as one entity and uses "the Italian Almawave Defendants" to distinguish the two Italian entities, who have not been properly served with the complaint or summons, are not subject to the personal jurisdiction of this Court, and thus are not parties to this motion.

VENABLE LLP
SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

Loop does <u>not</u> allege that Almawave USA participated in or encouraged Ms. Gatti in falsifying any information she provided to Loop.[3] Nor does it allege that Almawave USA even knew Ms. Gatti when she applied for employment with Loop.

The terms of Ms. Gatti's employment by Loop were "memorialized in an Offer Letter . . . and in a Confidential Information and Invention Assignment Agreement (the 'CIIAA')" in late 2012. *Id*. ¶ 67. The Offer Letter indicated that Ms. Gatti would "not engage in any other employment . . . without the written consent of the Company." *Id*. ¶ 68. The CIIAA repeated this obligation. *Id*. ¶ 69. Loop does not and cannot allege that Almawave USA was a party to these agreements or ever reviewed these agreements. Ms. Gatti was appointed as the CEO of Almawave USA in 2014. *Id*. ¶ 91.

Ms. Gatti is alleged to have engaged in fraudulent conduct while employed by Loop. Even though Loop acknowledges Ms. Gatti as one of its major shareholders (*id*. ¶ 152), Loop alleges that Ms. Gatti interfered with and sabotaged four potential investments into Loop (*id*. ¶¶ 95, 97, 98, 99, 101, 102, 103). In addition, she allegedly sent "fraudulent communications through the wires to the Company's other executives and key employees" (*id*. ¶¶ 98, 125, 132); "forced the company into a cash crisis in order to limit growth" (*id*. ¶ 99); "failed to perform initial marketing activities" for a Company presentation (*id*. ¶100); and "diverted [and misappropriated] . . . a variety of . . . confidential and trade secret information" (*id*. ¶18, 125). Ms. Gatti also "created the IQS Defendants,[4] domiciled at her home resident, to funnel the money that she was receiving as compensation for her illegal activities." *Id*. ¶ 22.

///

///

---

[3] Although the facts alleged in the complaint are accepted as true, the Court is "not required to read in missing facts necessary to perfect" Loop's claims. *DuBois v. Ford Motor Co*., 276 F.3d 1019, 1024 (8th Cir. 2002). Almawave USA highlights the deficiencies in Loops' factual allegations as missing facts that could not be alleged in good faith.

[4] The complaint refers to defendants IQSystem LLC and IQSystem, Inc. collectively as "IQS" or "IQS Defendants."

V E N A B L E L L P
SPEAR TOWER, 40ᵀᴴ FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

1    Ms. Gatti's employment with Loop was terminated by Loop after Loop learned of Ms.

2  Gatti's conduct. *Id.* ¶¶ 6, 7, 11.  <u>Critically, Loop does not and cannot allege that Almawave</u>

3  <u>directed, acquiesced in or even was aware of these actions by Ms. Gatti</u>.

4    **<u>Allegations Against Almawave USA</u>**

5    The Italian Almawave Defendants "operate a technology company in Italy and in other

6  parts of the world." *Id.* ¶ 90.  They "sought to enter into San Francisco and Silicon Valley with a

7  company that focused on the use of artificial intelligence for speech analytics, semantic

8  understanding, data/text, information discovery and sentiment analysis on big data and social

9  data." *Id.* ¶ 90.  For that purpose the Italian Almawave Defendants set up Almawave USA.  *See*

10  *id.* ¶ 90.  To do so, they hired Ms. Gatti as their CEO.  *Id.* ¶ 91.  At Ms. Gatti's suggestion,

11  Almawave USA hired IQS to provide business development services.  Almawave USA paid Ms.

12  Gatti and IQS for their services (*id.* ¶ 93).

13    As to Almawave USA, Loop alleges only conclusions and conjecture, not facts.  Loop

14  alleges that Almawave USA: (1) "[H]ad actual knowledge" that a "contractual relationship

15  existed between" Ms. Gatti and Loop (*id.* at ¶¶ 215, 216) and "would have never hired" Ms.

16  Gatti but for her role as Loop's CEO (*id.* at ¶ 92); (2) "[A]greed to participate in [Ms. Gatti's]

17  [alleged] scheme . . . [to] gain access to highly proprietary information, technology and

18  strategies" (*id.* at ¶ 93); (3) misappropriated Loop's confidential, trade secret information

19  because of Ms. Gatti's alleged misappropriation of Loop's trade secrets (*id.* ¶¶ 225); and (4)

20  interfered with Loop's investment opportunities and employment relationships because Ms. Gatti

21  allegedly did these things (*id.* ¶¶ 207, 208, 217, 218).

22    Loop does not and cannot allege that Almawave USA ever saw Ms. Gatti's employment

23  agreement with Loop, or otherwise knew about the terms contained therein, including that Ms.

24  Gatti was prohibited from seeking a concurrent role with Almawave USA.  Loop also does not

25  allege that Almawave USA knew what Ms. Gatti's responsibilities were as CEO of Loop or

26  knew what role she had in Loop's business.

27    Loop alleges that Almawave USA "participate[d]" in Ms. Gatti's "scheme because

28  through Gatti they could immediately gain access to highly proprietary information, technology

4

1  and strategies, investors, and potential business partners." *Id.* ¶ 93.  But the complaint does not

2  contain a single reference to an act of Almawave USA, other than its hiring of Ms. Gatti and

3  innocuous conduct (*e.g.*, opening an office, hiring a business development team).  *Id.* ¶¶ 21-23,

4  127.  Loop does not provide any facts regarding the form of Almawave USA's alleged "aide" or

5  "assistance" (*id.* ¶ 98), to Gatti, nor does it allege that Almawave USA benefitted from Ms.

6  Gatti's alleged scheme, either by gaining additional prospective customers or by absconding

7  funding opportunities or otherwise.

8         Loop makes the conclusory allegation that "[k]ey executives of the Almaviva Defendants

9  were involved in every aspect of this scheme and repeatedly traveled to and were in constant

10 communication with Gatti and her co-conspirators in San Francisco to further the execution of

11 the scheme."  *Id.* ¶ 110.  Loop does not, however, make a single allegation of fact of <u>any</u>

12 communication between Almawave USA and Ms. Gatti to execute the alleged scheme.

13        Loop alleges that Almawave USA and the Italian Almawave Defendants, with Ms. Gatti

14 and co-conspirators, "openly [stole] from the Company [and] were now unlawfully using the

15 Company's premises in its San Francisco office to carry out their unlawful enterprise."  *Id.* ¶

16 108.  Loop does not allege what business information was allegedly misappropriated.  There are

17 no allegations regarding the content, nature, subject matter or disposition of any information.

18 Nor are there allegations that Almawave USA received any proprietary or confidential

19 information, that it knew it received any such information, or that it used such information for its

20 benefit or to Loop's detriment.

21                                    **STANDARD**

22        A complaint must be dismissed as a matter of law when it (1) "lack[s] a cognizable legal

23 theory" or (2) states "insufficient facts under a cognizable legal claim."  *Robertson v. Dean*

24 *Witter Reynolds, Inc.*, 749 F.2d 530, 533 (9th Cir. 1984).

25        In deciding a motion to dismiss pursuant to Rule 12(b)(6), "[a]llegations in the complaint,

26 together with reasonable inferences therefrom, are assumed to be true."  *Odom v. Microsoft*

27 *Corp.*, 486 F.3d 541, 545 (9th Cir. 2007).  The court may not, however, accept as true

28 unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.

5

VENABLE LLP

SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

1   *See Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  A "plaintiff's obligation

2   to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusion,

3   and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v.*

4   *Twombly*, 550 U.S. 544, 1964-65 (2007).

5         At minimum, to survive a motion to dismiss, "a complaint must contain sufficient factual

6   matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

7   129 S.Ct. 1937, 1949 (2009) (citation and quotation omitted).  Where a complaint only pleads

8   facts that are "merely consistent with a defendant's liability, it stops short of the line between

9   possibility and plausibility of entitlement to relief." *Id.* (citation and quotations omitted).

10  Pleadings that are "no more than conclusions" are "not entitled to the assumption of truth."

11  *Iqbal*, 129 S.Ct. at 1950.

12                    **ARGUMENT**[5]

13  **I.    LOOP'S COMPLAINT FAILS TO STATE ANY CLAIM AGAINST ALMAWAVE**
         **USA BECAUSE IT INSUFFICIENTLY ALLEGES VICARIOUS LIABILITY**
14       **(ALL CAUSES OF ACTION)**

15        The complaint does not contain any facts alleging that Almawave USA itself engaged in

16  the conduct forming the basis of any of Loop's causes of action, instead relying on Ms. Gatti's

17  allegedly wrongful conduct as the hook for Almawave USA's liability.  Compl. ¶¶ 129, 131,

18  132, 139, 140, 141, 165, 207, 217, 218, 225, 241.  The complaint, however, is devoid of any

19  factual allegation that Ms. Gatti was acting within the scope of her employment or as an agent of

20  Almawave USA.  As such, Loop's complaint cannot survive this motion to dismiss.

21        To plead vicarious liability, Loop must allege facts showing that Ms. Gatti was "acting

22  within the scope of [her] employment" when she committed the allegedly wrongful acts upon

23  which Almawave USA's liability is based.  *Randolph v. Budget Rent-A-Car*, 97 F.3d 319, 327

24  (9th Cir. 1996); *see also Shenzen Technology Co. LTD v. Altec Lansing, LLC*, Case No. 3:12-cv-

25  _____

26  [5] Almawave USA hereby incorporates by reference the legal arguments of Defendant Anna Gatti
    in support of her motion to dismiss and joins in those arguments to the extent they pertain to
27  Almawave USA.

28

VENABLE LLP
SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

1  2188-GPC-BGS, 2013 WL 6145553, *6 (S.D. Cal. Nov. 21, 2013) (Loop must allege "<u>facts</u>

2  demonstrating [Ms. Gatti was] acting within the scope of [her] employment" with Almawave

3  USA at the time of her alleged conduct). "Conclusory allegations" that Ms. Gatti was "acting as

4  [an] agent[]" of Almawave USA "without any stated factual basis are insufficient as a matter of

5  law." *Swartz v. KPMG, LLP*, 476 F.3d 756, 765 (9th Cir. 2007); *see also Murphy v. Fulbright*,

6  Case No. 12-cv-885-JM (WVG), 2012 WL 4754730 (S.D. Cal. Oct. 4, 2012) (dismissing

7  complaint where it was "devoid of any factual allegations that [employee] was acting within the

8  scope of her employment with [defendant] or as [defendant's] affirmative agent").

9     An employee acts within the scope of employment only when: "(1) the act performed was

10  either required or incident to her duties, or (2) the employee's misconduct could be reasonably

11  foreseen by the employer." *Randolph*, 97 F.3d at 327. To satisfy the first condition, the tort

12  must be "engendered by or aris[ing] from the work." *Id*. To satisfy the second condition, the

13  tort "must be in a general way, foreseeable from the employee's duties." *Id*. (citations and

14  quotations omitted).

15     Loop's allegations fall short. The complaint contains no factual allegations that Ms.

16  Gatti's conduct was an "outgrowth of [her] employment," with Almawave USA or "inherent in

17  the working environment," or "typical of or broadly incidental to the enterprise [Almawave

18  USA] has undertaken." *Lisa M. v. Henry Mayo Newhall Memorial Hospital*, 12 Cal. 4th 291,

19  298 (1995). Loop alleges only that Ms. Gatti was "acting for her own benefit and as an agent of

20  the other Defendants," including Almawave USA, when she "made fraudulent representations

21  and omissions" that form the basis of Loop's fraud cause of action. Compl. ¶ 165. Simply

22  proclaiming the legal conclusion that Ms. Gatti was an "agent," for purposes of the fraud cause

23  of action, and not the rest, is not sufficient to allege agency.

24     The complaint does not contain any factual allegation going to the relationship between

25  Ms. Gatti's conduct and the scope of her employment. Loop does not and cannot allege that Ms.

26  Gatti's work for Almawave USA involved investigation into or appropriation of new technology,

27  much less misappropriation. Loop does not and cannot allege that Ms. Gatti's employment with

28  Almawave USA involved seeking investors, much less interfering with Loop's potential

V E N A B L E  L L P

SPEAR TOWER, 40ᵀᴴ FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA  94105
415-653-3750

1   investors.⁶  The complaint is devoid of any facts regarding Ms. Gatti's actual duties and

2   obligations at Almawave USA.  It is also devoid of any facts regarding the business purpose of

3   Almawave USA.  Without such facts, Loop does not and cannot allege that Ms. Gatti's conduct

4   "may fairly be regarded as typical of or broadly incidental to the enterprise undertaken by the

5   employer."  *Hoblitzell v. City of Ione*, 110 Cal. App. 4th 765, 684 (2003) (citations and

6   quotations omitted).

7   ## II.  LOOP FAILS TO STATE A CLAIM FOR MISAPPROPRIATION OF TRADE
8   SECRETS (11TH CAUSE OF ACTION)

9        To state a claim for misappropriation of trade secrets, Loop must allege the existence and

10  misappropriation of a trade secret.  *See Pellerin v. Honeywell Intern., Inc.*, 877 F. Supp. 2d 983,

11  987 (S.D. Cal. 2012).  "Under the UTSA, a *prima facie* claim for misappropriation of trade

12  secrets requires the plaintiff to demonstrate: (1) the plaintiff owned a trade secret, (2) the

13  defendant acquired, disclosed or used the plaintiff's trade secret through improper means, and (3)

14  the defendant's actions damaged the plaintiff."  *CytoDyn of New Mexico, Inc. v. Amerimmune*

15  *Pharms., Inc.*, 160 Cal. App. 4th 288, 297 (2008) (internal quotations and citations omitted).

16  ### A.  Loop Does Not Adequately Allege The Existence Of A Trade Secret

17       Loop must "identify the trade secrets and carr[ies] the burden of showing that they exist."

18  *MAI Sys. Corp. v. Peak Computer*, 991 F.2d 511, 522 (9th Cir. 1993).  Loop must "identify the

19  trade secret with sufficient particularity to give defendants reasonable notice of the issues which

20  must be met at the time of trial and to provide reasonable guidance in ascertaining the scope of

21  appropriate discovery."  *MedioStream, Inc. v. Microsoft Corp.*, 869 F. Supp. 2d 1095, 1113

22  (N.D. Cal. 2012).

23

24

25  ⁶ While not before the Court in this motion, Almawave USA's opposition to Loop's motion for a
    temporary restraining order makes clear that Loop cannot allege these facts because they are not
26  true.  *See* Dkt. No. 25 at 6, 8-9, 12 (explaining that Ms. Gatti's duties did not include product
    development, development of intellectual property, or securing of capital funding for Almawave
27  USA).

28

Loop does not plead facts sufficient to show that Loop owned a trade secret.[7]  Loop does not identify what information was misappropriated nor allege facts sufficient to show that such information constitutes a trade secret.  Loop alleges that "the Company's trade secrets . . . include but are not limited to, proprietary computer programs, business plans, and investor lists and contact information."  Compl. ¶ 225.  Loop does not, however, specify the contents of these broad categories of documents and information.  *See id.* ¶¶ 224, 225.  "A pleading that offers labels and conclusions or formulaic recitation of the elements of a cause of action will not do." *Pellerin*, 877 F. Supp. 2d at 988 (citation and quotations omitted).

## B.    Loop Does Not Adequately Allege Misappropriation

Loop does not allege facts sufficient to show that Almawave acquired, disclosed or used Loop's trade secrets through improper means.  Loop must allege Almawave USA's <u>knowing</u> acquisition, use or disclosure of trade secret information.  *See Sargent Fletcher, Inc. v. Able Corp.*, 110 Cal. App. 4th 1658, 1669 (2003); *see also* Cal. Civ. Code § 3426.1.  In addition to failing to allege that Almawave USA received any information at all, Loop fails to allege facts showing that Almawave USA knew or had reason to know that the information it received (if any) was acquired by improper means or was disclosed without consent.[8]

Merely gaining "access to and acquir[ing] [plaintiff's] trade secret information is not sufficient to establish misappropriation." *Pellerin*, 877 F. Supp. 2d at 989.  *See also S. Cal. Inst. of Law v. TCS Educ. Sys.*, No. CV 10-8026 PSG (AJWx), 2011 WL 1296602, *7 (C.D. Cal. Apr. 5, 2011) ("Alleging mere possession of trade secrets is not enough").  Loop has not alleged that

---

[7] As this Court held, Loop "has not identified what business information was allegedly misappropriated, or submitted evidence that particular business information taken constitutes a trade secret under California law."  Order denying Plaintiff's Motion for Temporary Restraining Order (Dkt. No. 32 at 4).  Instead, Loop's trade secret action is based on "general, very broad assertions."  *Id.*

[8] Although not before the Court on this motion, the TRO briefing made clear that Loop cannot allege these facts in good faith.  *See* Dkt. No. 25 at 12-13 (explaining that Almawave USA did not receive any confidential information of to Loop, has searched for but not found any Loop information, and agrees to return any confidential documents to Loop).

VENABLE LLP
SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

VENABLE LLP

SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

1  Ms. Gatti shared any confidential information she received with Almawave USA or that

2  Almawave USA received trade secret information.

3  **III.   LOOP FAILS TO STATE A CLAIM FOR FRAUD (5TH CAUSE OF ACTION)**

4        To state a claim for fraud, Loop must plead the following: (1) misrepresentation of a

5  material fact; (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; (5)

6  causation and damages.  *See Robinson Helicopter Co., Inc. v. Dana Corp*., 34 Cal. 4th 979, 990

7  (2004) (stating elements).  To properly plead fraud, Loop must allege the "circumstances

8  constituting fraud," including the "time, place and nature of alleged fraudulent activities."  *Bosse*

9  *v. Crowell Collier and Macmillan*, 565 F.2d 602, 611 (9th Cir. 1977).

10       Loop does not identify any misrepresentation made by Almawave USA and therefore

11 fails to allege the required time, place and nature of Almawave USA's allegedly fraudulent

12 activities.  *See* Compl. ¶ 165.  Each fraudulent representation and omission identified by Loop

13 was made by Ms. Gatti.  *Id*.  But Loop does not allege that Ms. Gatti's alleged fraud was on

14 Almawave USA's behalf.  *See*, *supra*, page 7-8.

15       Similarly, each of the acts of mail and wire fraud alleged in the complaint (*id*. ¶ 131)

16 were committed by Ms. Gatti, not Almawave USA.  The complaint points to "[a] small sampling

17 of the Defendants' activities," which include that: "Gatti repeatedly and continuously used the

18 wires . . . ." (*id*. at ¶ 132); "Gatti sent false and fraudulent statements to [Loop] . . . ." (*id*.); "Gatti

19 sent false and fraudulent statements to San Francisco branch of Bank of the West . . . ." (*id*.);

20 "Gatti used the wires, in interstate commerce, to access [Loop]'s electronic calendar . . . ." (*id*.);

21 and "Gatti made false and fraudulent statements to [Loop] by email . . . ." (*id*.).

22       Almawave USA is not vicariously for Ms. Gatti's acts of mail and wire fraud.  *See United*

23 *States v. Stapleton*, 293 F.3d 1111, 1117 (9th Cir. 2002) (A "knowing participant in a scheme to

24 defraud is vicariously liable for substantive acts of mail fraud or wire fraud committed by co-

25 schemers" only if the acts occurred "during the defendant's knowing participation" or as an

26 "inevitable consequence of actions taken while the defendant was a knowing participant.").

27

28

Of course, because Loop fails to allege that Almawave USA made <u>any</u> misrepresentation, it follows that Almawave USA could not have known any of its representations were false or that Almawave USA intended to induce reliance on any representations.

## IV. LOOP FAILS TO STATE A CLAIM FOR INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE (9TH CAUSE OF ACTION)

Loop alleges intentional interference with its relationships with potential investors and unnamed employees. To state a claim for intentional interference with prospective economic advantage, Loop must allege: (1) the existence of a specific economic relationship with a third party that may be economically beneficial; (2) defendant's knowledge of this relationship; (3) intentional, independently wrongful acts by defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) damages. *Youst v. Longo*, 43 Cal. 3d 64, 71 (1987).

### A. Loop Fails to Allege Existence Of A Specific Economic Relationship With Which Almawave USA Interfered.

Loop fails to adequately allege that a specific economic relationship existed with which Almawave USA interfered. The threshold requirement for the tort is an existing economic relationship between plaintiff and a third party that is reasonably likely to produce economic advantage. *See Youst*, 43 Cal. 3d at 71. An expectation that the relationship itself will be created in the future is not sufficient. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1164 (2003).

The tort does not apply to "hypothetical relationships" which were not developed at the time of the alleged conduct. *Westside Center Assoc. v. Safeway Stores 23, Inc.*, 42 Cal. App. 4th 507, 522 (1996) (affirming judgment denying plaintiff's recovery on intentional interference with prospective economic advantage claim where plaintiff alleged interference with plaintiff's "opportunity" to sell its property to all potential "but as yet unidentified buyers"); *SunPower Corp. v. Solar City*, No. 12-cv-00694-LHK, 2012 WL 6160472, *15 (N.D. Cal. Dec. 11, 2012) (granting motion to dismiss where plaintiff failed to identify "any specific customer relationship with which [defendant] interfered, nor alleged any facts regarding how [defendant] interfered").

**V E N A B L E   L L P**
SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

**VENABLE LLP**

1      The complaint alleges that Loop had existing economic relationships with four <u>potential</u>

2    investors. *See* Compl. ¶¶ 81, 95, 97, 100. No facts are alleged that these "relationships" existed

3    and were reasonably probable to yield economic benefits. As such, these relationships are no

4    more than hypothetical. Loop only provides "[t]hreadbare recitals of the elements of [this] cause

5    of action, supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1249 (citation omitted).

6    The facts Loop does provide in support – namely, Ms. Gatti's alleged interference with Loop's

7    potential investors (*see e.g.*, ¶ 81) – are irrelevant to the existence of the relationship.

8       The complaint also identifies Loop's "economic relationships with its employees and

9    contracts" as relationships with "future economic benefit to the Company." Compl. ¶ 204. This

10    allegation assumes that Loop had a continuing relationship with said employees, but does not

11    allege any facts to that end. In addition, these undefined relationships are not appropriate bases

12    for an interference claim. *See Givemepower Corp. v. Pace Compumetrics, Inc*., Case No.

13    07cv157 WQH (RBB) 2007 WL 2345027, *9 (S.D. Cal. Aug. 14, 2007) (granting motion to

14    dismiss where plaintiff alleged interference with "current and potential business relationships

15    with its respective key employees [and] independent contractors" ).

16    **B.**    <u>**Almawave USA Did Not Have Knowledge of These Relationships**</u>

17       Loop alleges that Ms. Gatti and the "other Defendants were likewise fully aware of these

18    relationships" between Loop and its prospective investors, employees, and contracts. Compl. ¶

19    206. This conclusory statement is unsupported by any facts.

20    **C.**    <u>**Almawave USA Did Not Engage In Independently Wrongful Conduct**</u>

21       California law requires that a defendant's interfering acts be "independently wrongful,"

22    meaning acts that are wrongful beyond just the interference itself. *Reeves v. Hanlon*, 33 Cal. 4th

23    1140, 1152 (2004). The conduct must be independently "illegal or unfair or immoral according

24    to the common understanding of society." *Willard v. Caterpillar, Inc*., 40 Cal. App. 4th 892, 920

25    (1995). Here, Loop alleges that Almawave USA's conduct was wrongful because <u>Ms. Gatti</u>

26    fraudulently interfered with investor relationships. *See* Compl. ¶ 207. The complaint does not

27    contain any allegation that Almawave USA itself engaged in wrongful conduct.

28

VENABLE LLP

SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

1   The closest the complaint comes is alleging that "Ms. Gatti and the Almaviva Defendants

2   met with Investment Fund 2 in order to procure their investment." *Id.* ¶ 207, line 23. However,

3   Loop does not allege facts regarding what Almawave USA said or did at this alleged meeting or

4   even when it occurred. Even if it were true, meeting with an investor does not alone constitute

5   independently wrongful conduct.

6   The complaint also alleges that Almawave USA's conduct was independently wrongful

7   because "Gatti and the other Defendants . . . solicit[ed]" Loop's employees, consultants, and

8   advisors to work for competitors, in violation of state and federal statute and common-law

9   obligations. Compl. ¶¶ 208, 209. Loop does not allege any facts concerning this solicitation

10  and, without such facts, Loop cannot allege that Almawave USA's conduct violated any statutes

11  or common law obligations.

12  **V.  LOOP FAILS TO STATE A CLAIM FOR TORTIOUS INTERFERENCE (10TH**
        **CAUSE OF ACTION)**

13

14  Loop alleges that Almawave USA interfered with Loop's employment contracts with Ms.

15  Gatti and a consultant, "DV." To state a claim for tortious interference with contract, Loop must

16  allege (1) a valid, existing contract with third party; (2) defendant's knowledge of the contract;

17  (3) defendant's intent to induce a breach; (4) breach or disruption of the contract; and (5)

18  causation of breach and damages. *See Quelimane Co v. Stewart Title Guar. Co*., 19 Cal. App.

19  4th 26, 55 (1998).

20  **A.  Loop Does Not Allege Almawave USA's Knowledge Of Any Contracts**

21  Loop alleges no facts suggesting that Almawave USA had actual knowledge of Loop's

22  contractual relationships with Gatti and DV. The complaint's allegation contains only

23  boilerplate language: "A contractual relationship existed between the Company and Anna Gatti,"

24  (Compl. ¶215) and the Company and DV (*id*.) and "[a]t all relevant times to this dispute. . . the

25  Almaviva Defendants had actual knowledge of" Gatti and DV's contractual relationship with

26  Loop. *Id*. ¶ 216. But Loop does not and cannot allege that Almawave USA knew what the terms

27  of these contractual relationship were.

28

V E N A B L E   L L P
SPEAR TOWER, 40ᵀᴴ FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

1    Loop does not allege that Almawave USA saw Ms. Gatti or DV's contracts with Loop or

2 that Ms. Gatti and/or DV told Almawave USA what was contained in their contracts. Without an

3 allegation that Almawave USA knew of the existence of the provisions it induced a breach of,

4 Loop's assertion is an inadequate legal conclusion.[9]

5    **B.    Loop Does Not Adequately Allege Almawave USA's Intent to Induce Breach**

6    Loop fails to plead that Almawave USA engaged in an intentional act to disrupt its

7 relationships with Ms. Gatti and DV. Loop "must plead the existence of an intentional act

8 designed to induce a breach or disruption of the contract. Stated otherwise, there must be a

9 showing of an intent to cause the result." *Plessinger v. Castleman and Haskell*, 838 F. Supp.

10 448, 452 (N.D. Cal. 1993) (citations omitted).

11    Loop alleges that the Almaviva Defendants "induced" Ms. Gatti and DV to breach their

12 contracts with Loop (Compl. ¶¶ 217, 218) but does not allege that Almawave USA engaged in

13 <u>any</u> conduct that constitutes this inducement. Thus, Loop has not alleged conduct with the

14 requisite intent to interfere with Loop's contracts with Ms. Gatti and DV.

15 **VI.    LOOP FAILS TO STATE A RICO CLAIM AGAINST ALMAWAVE USA (1ST**
**CAUSE OF ACTION)**
16

17    **A.    Loop Fails to Adequately Allege Almawave USA Participated In An**
**Enterprise**
18

19    Loop fails to allege facts supporting the allegation that Almawave USA participated in

20 the alleged enterprise in this case. To state a RICO claim, a plaintiff must, with facts, "allege

21 how each individual Defendant is engaged in the enterprise." *Mohebbi v. Khazen*, --- F. Supp.

22 3d ---, 2014 WL 2861146, at *13 (N.D. Cal. June 23, 2014) (granting motion to dismiss where

23 the plaintiff "only ma[de] a cursory allegation that all Individual Defendants and their numerous

24 related corporations constitute the structure of the enterprise") (internal quotation omitted).

25 ───────────────────

26 [9] Loop will not be able to make these allegations because Ms. Gatti affirmatively represented to
Almawave USA that she was not contractually prohibited from accepting employment with
Almawave USA and Almawave USA did not know that Ms. Gatti had an exclusive employment
27 relationship with Loop. *See* Dkt. No. 25 at 5, 7-8.

28

VENABLE LLP

SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

Here, Loop alleges no facts demonstrating Almawave USA's role in any alleged enterprise. The only allegations made as to Almawave USA's role are vague and conclusory. *See Compl.* at ¶ 123 (describing Almawave USA as a "chief decision maker[]" in the enterprise); *id*. at ¶ 125 (alleging that the actions Ms. Gatti took were "for the benefit of . . . Almawave USA").

Indeed, the complaint's RICO enterprise allegations as a whole (*id*. at ¶¶ 119-27) make patently clear that it is Ms. Gatti's conduct alone, and not a purported enterprise between her and, *inter alia*, Almawave USA, that Loop complains of: "Defendant Gatti infiltrated the Company's operations . . . ." (*id*. at ¶ 125); "Gatti coordinated the efforts of the other Defendants" (*id*.); "Defendant Gatti . . . purport[ed] to act as [Loop's] CEO" (*id*.);"Gatti was integral to the enterprise's operation" (*id*.); "Gatti . . . oversaw the operation of the enterprise's separate legal entities" (*id*.); and "Gatti actively performed activities on behalf of the enterprise while working as an employee and officer of [Loop]" (*id*.).

## B. Loop Fails to Adequately Allege the Common Purpose of the Purported Enterprise

Loop also fails to sufficiently plead that Almawave USA shared a common purpose with the other members of the purported enterprise. To allege the existence of a RICO enterprise, a plaintiff must "state the common purpose of the enterprise, which is a purpose that all members of the enterprise must have . . . , and she must also provide facts that could lead to such a conclusion." *Chagby v. Target Corp.*, No. CV 08-4425-GHK (PJWx), 2008 WL 5686105, at *3 (C.D. Cal. Oct. 27, 2008), *aff'd,* 358 F. App'x 805, 808 (9th Cir. 2009) (dismissing plaintiff's complaint for failure to properly allege an enterprise, the requisite predicate acts, or acts that caused injury to plaintiff); *Stitt v. Citibank, N.A.*, Case No. 12-cv-03892-YGR, 2015 WL 75237, at *5 n.5 (N.D. Cal. Jan. 6, 2015) (dismissing RICO claim as to certain defendants where the plaintiff alleged only "limited, conclusory allegation[s]" going to the scheme and common purpose). In *Stitt*, the court noted that the complaint focused "almost exclusively on the Citi defendants' intent, knowledge, and actions," and "what factual allegations the FAC does offer relating to the non-defendant enterprise members demonstrate at most that [they] had service

VENABLE LLP
SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

1    contracts with Citi." *Id.* at *5.

2         Similarly here, Loop relies exclusively on the "intent, knowledge, and actions" of Ms.

3    Gatti and IQSystems, and demonstrates at most that Almawave USA had contracts with Ms.

4    Gatti and IQSystems and performed under those contracts, by paying those Defendants as

5    Almawave USA was required to. Loop does not and cannot allege any specific action taken by

6    Almawave USA that would demonstrate that Almawave USA had as its "ultimate goal . . .

7    forcing [Loop] out of business and making off with its valuable intellectual property" (Compl. ¶

8    130). Without such an allegation, Loop's RICO claim fails.

9         **C.    Loop Fails to Allege that Almawave USA Committed Any Predicate Acts**

10        Loop's vague allegations that Almawave USA aided Ms. Gatti in her actions are

11   insufficient as a matter of law because Loop does not allege that Almawave USA itself engaged

12   in the alleged mail fraud, wire fraud, or other predicate acts that caused Loop's alleged damage.

13   *Phillips v. Lithia Motors, Inc.*, Civil No. 03-3109-HO, 2006 WL 1113608, at *9 (D. Or. Apr. 27,

14   2006). There must be "specific factual allegations about any actions taken by [Almawave USA]

15   that establish that it should be found indirectly liable for [Ms. Gatti]'s allegedly wrongful acts."

16   *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1103 (N.D. Cal. 2006).

17        Loop fails to do so. All of the complaint's RICO predicate act allegations (*id.* at ¶¶ 128-

18   137) are directed at Ms. Gatti, and Ms. Gatti alone. The complaint points to "[a] small sampling

19   of the Defendants' activities," which refer to Ms. Gatti's conduct alone. *Id.* at ¶ 132.

20        The most Loop alleges is that the "Almaviva Defendants were involved in every aspect of

21   this scheme." *Id.* at ¶ 110. Not only is that allegation impermissibly conclusory, (*Western*

22   *Mining Council*, 643 F.2d at 624) it also is belied by the fact that Loop has failed to provide

23   substantive allegations as to Almawave USA's involvement in <u>any</u> aspect of the scheme.

24        **D.    Loop Fails to Exclude the Obvious Alternate Explanation**

25        Loop "cannot adequately plead a RICO claim simply by alleging facts that would be

26   equally consistent with either Plaintiff's theory or some innocent explanation." *Salas v. Int'l*

27   *Union of Operating Eng'rs*, No. CV 12-10506 DDP (VBKx), 2015 WL 728365, at *6 (C.D. Cal.

28   Feb. 18, 2015) (dismissing RICO claim and noting that "[s]omething more is needed, such as

facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible within the meaning of *Iqbal* and *Twombly*.") (internal quotation omitted); *Twombly*, 127 S.Ct. at 1974 (holding that where plaintiffs do not allege facts sufficient to "nudge[] their claims across the line from conceivable to plausible, the complaint must be dismissed"). Loop's allegations fail to eliminate the more reasonable and innocent explanation that Almawave USA employed Ms. Gatti and hired IQSystems as routine (although potentially misguided) business decisions.

### E. Almawave USA Is Not Liable Under a Theory of Respondeat Superior for Ms. Gatti's Alleged RICO Conduct

"Under RICO . . . , respondeat superior liability attaches only if an employer benefitted from its employee's RICO violation." *Marceau v. Int'l Brotherhood of Elec. Workers*, 618 F. Supp. 2d 1127, 1172 (D. Ariz. 2009) (finding no vicarious liability for RICO violations where it was "difficult to imagine how the [employer], which is not alleged to . . . obtained . . . concessions, somehow benefitted" from its employee's RICO conduct). Here, while Loop discusses how it was harmed (*see* Compl. ¶ 136) and how Ms. Gatti was benefitted (*id*. at ¶¶ 4, 131-32), Loop does not and cannot allege with any particularity how Almawave USA benefitted from Ms. Gatti's actions.

Finally, in order to demonstrate an employer's vicarious liability for the RICO conduct of its employee, a plaintiff must show that the employee "entered into the RICO conspiracy within the course and scope of her employment." *Oki Semiconductor Co. v. Wells Fargo Bank, Nat'l Ass'n*, 298 F.3d 768, 776 (9th Cir. 2002). Loop does not and cannot make any such allegation.

## VII. LOOP FAILS TO STATE A CLAIM FOR COMPUTER FRAUD (2ND CAUSE OF ACTION)

### A. Almawave USA Did Not "Access" Any Information as Required by CFAA

Loop's Computer Fraud and Abuse Act ("CFAA") claim fails because there is no allegation in the complaint that Almawave USA "accessed" any of Loop's information. To state a claim under CFAA, Loop must allege that Almawave USA "accessed a protected computer 'without authorization' or 'exceeded authorized access.'" *In re iPhone Application Litig.*, No.

VENABLE LLP
SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

17

9298216-v15    ALMAWAVE USA, INC.'S NOTICE OF MOTION, MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 3:15-CV-00798-HSG

VENABLE LLP

SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

1   11-MD-02250-LHK, 2011 WL 4403963, at *11 (N.D. Cal. Sept. 20, 2011). Here, the allegations

2   relating to the computer fraud claims make clear that Ms. Gatti, and only Ms. Gatti, committed

3   any alleged violation of the statutes. *See* Compl. ¶ 144 ("As a further result of Gatti's unlawful

4   and unauthorized access to the Company's computers . . . .").

5       Almawave USA is not vicariously liable for Ms. Gatti's violations. To establish

6   vicarious liability for a CFAA violation, Loop must show that Ms. Gatti "violated the CFAA at

7   [Almawave USA]'s behest." *NetApp, Inc. v. Nimble Storage, Inc.*, --- F. Supp. 3d ---, 2014 WL

8   1903639, at *13 (N.D. Cal. May 12, 2014) (finding that plaintiff's allegations that defendant's

9   employee "used stolen information on behalf of [defendant] . . . even if . . . true . . . would not

10  establish that [employee] violated the CFAA at [defendant]'s behest"). Here, there is no

11  allegation that Ms. Gatti accessed Loop's information at Almawave USA's behest.

**B.   Loop Fails to Plead Damages With Sufficient Specificity Under the CFAA**

13      Loop's CFAA claim also fails because it does not allege cognizable harm as a result of

14  any alleged CFAA violation. In order to bring a civil action under the CFAA, a plaintiff must

15  allege over $5,000 in damages in the form of "any impairment to the integrity or availability of

16  data, a program, a system, or information." *Capitol Audio Access, Inc. v. Umemoto*, 980 F.

17  Supp. 2d 1154, 1157-58 (E.D. Cal. 2013) (quoting 18 U.S.C. § 1030); *In re iPhone Application

18  Litig.*, No. 11-MD-02250-LHK, 2011 WL 44033963, at *11 (N.D. Cal. Sept. 20, 2011)

19  (dismissing CFAA claim for failure to adequately allege damages).

20      Loop alleges damages for "the loss of confidential information, investor goodwill, past

21  and future existing and prospective business relations, and lost profitability." Compl. ¶ 144.

22  Those damages do not provide a basis for relief under the CFAA.

**C.   Almawave USA Did Not Access Any Information "Without Permission" as
       Required by the CDAFA**

25      Loop's claim under California's Comprehensive Data Access and Fraud Act ("CDAFA")

26  fails as a matter of law because Loop does not allege that Almawave USA "access[ed] a network

27  in a manner that circumvents technical or code-based barriers in place to restrict or bar a user's

28  access." *Siebert v. Gene Sec. Network*, Case No. 11-cv-01987-JST, 2013 WL 5645309, at *11

(N.D. Cal. Oct. 16, 2013) (quoting *In re Google Android Consumer Privacy Litig.*, No. 11-MD-

02264 JSW, 2013 WL 1283236, at *12 (N.D. Cal. Mar. 26, 2013).

**VIII. LOOP'S CONVERSION, UNFAIR COMPETITION AND UNJUST ENRICHMENT CLAIMS ARE NOT LEGALLY COGNIZABLE (12TH, 13TH, AND 14TH CAUSES OF ACTION)**

**A. Loop's Conversion Cause of Action Is Preempted By CUTSA**

Loop's conversion cause of action is preempted by the trade secret action. It must therefore be dismissed because it lacks cognizable legal theory. *See* Fed. R. Civ. Proc. 12(b)(6). "Section 3426.7, subdivision (b), preempts common law claims that are 'based on the same nucleus of facts as the misappropriation of trade secrets claim for relief.'" *K.C. Multimedia, Inc. v. Bank of American Technology & Operations, Inc.*, 171 Cal. App. 4th 939, 958 (2009) (citation omitted). Courts have held that CUTSA "may supersede various claims including . . . claims for conversion . . . unjust enrichment . . . unfair competition . . . where the wrongdoing alleged in connection with such claims is the misappropriation of trade secrets." *SunPower Corp.*, 2012 WL 6160472, at *3 (citations omitted).

The basis of Loop's conversion claim is its misappropriation claim: "The Company is the sole owner of all confidential, proprietary information at issue in this Complaint. Defendants wrongfully acquired the Company's confidential and proprietary business information." Compl. ¶ 233. As such, Loop's conversion claim is preempted.

**B. Loop's Unfair Business Claim Is Preempted By CUTSA**

Loop's unfair business claim is also preempted by its trade secrets cause of action. *See K.C. Multimedia, Inc.*, 171 Cal. App. 4th at 958. The same nucleus of facts forms the basis for the unfair competition and misappropriation of trade secrets actions: Loop alleges that Almawave USA's conduct "present[s] a continuing threat to the Company's business and intellectual property portfolio." Compl. ¶ 242. This preempted cause of action should be dismissed for lacking cognizable legal theory. *See* Fed. R. Civ. Proc. 12(b)(6).

**C. Loop's Unjust Enrichment Claim Is Not Recognized Under California Law**

California does not recognize a cause of action for unjust enrichment. *See In re ConAgra Foods Inc.*, 908 F. Supp. 2d 1090, 1113-1114 (C.D. Cal. 2012) (holding that where other causes

SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750
**VENABLE LLP**

of action are available that permit restitutionary damages, "a cause of action for unjust enrichment is not cognizable" and "is a theory that permits recovery on other recognized causes of action"); *see also Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088, 1099 (N.D. Cal. 2007) (dismissing claim for unjust enrichment where plaintiff alleged violations of the CLRA, UCL, fraud by omission and unjust enrichment).  Accordingly, Loop's claim for unjust enrichment should be dismissed for lacking cognizable legal theory.

## IX. LOOP FAILS TO SUFFICIENTLY PLEAD EACH CAUSE OF ACTION ASSERTED AGAINST ALMAWAVE USA UNDER FEDERAL RULE OF PROCEDURE RULE 9(B) (ALL CAUSES OF ACTION)

Beyond failing to adequately allege facts sufficient to state each cause of action asserted against Almawave USA, Loop also fails to plead facts sufficient to satisfy the heightened pleading standard of Rule 9(b), applicable to each of the nine causes of action asserted against Almawave USA.

Rule 9(b) requires that the "circumstances constituting fraud" be stated "with particularity."  Fed. R. Civ. Proc. 9(b).  *See also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003) (where Rule 9(b) applies, "circumstances of . . . fraud must be stated with particularity"); *Bosse v. Crowell Collier and Macmillan*, 565 F. 2d 602, 611 (9th Cir. 1977) ("mere conclusory allegations of fraud will not suffice"; must state the time, place and nature of the fraud).  Loop must plead "with particularity the time, place and specific content of the false representations or omissions in question, as well as the identity of the persons making them." *Klein v. King*, No. C-88-3141-FMS, 1989 WL 225027, *2 (N.D. Cal. March 1, 1989) (citations omitted).

Each of the causes of action asserted against Almawave USA must be pled with the particularity required by Rule 9(b) because the complaint alleges a unified course of fraudulent conduct and relies on that course of conduct as the basis for each its claims.  *See Vess*, 317 F.3d at 1108 (holding that a complaint is "grounded in fraud" or "sound[s] in fraud" where a plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim," and the "pleading of that claim as a whole must satisfy the particularity

20

requirement of Rule 9(b)"); *see also, e.g., Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-1125

(9th Cir. 2009); *In re Apple & AT&T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070,

1075 (N.D. Cal. 2011) ("Rule 9(b)'s heightened pleading standards apply to" UCL claims as

well as fraud claims "because those claims are grounded in fraud or sound in fraud").

Loop alleges that "[t]his is a case involving multiple acts of fraud and willful

misappropriation."  Compl. ¶ 1; *see also id.* at ¶ 6 ("a pattern of intentional wrongdoing designed

**to defraud** [Loop].");  *id.* at ¶ 23 (describing the "**fraudulent**, if not criminal, scheme" allegedly

perpetrated against Loop); *id.* at ¶ 33 (used "the wires to engage in multiple **acts of fraud**"); *id.*

at ¶ 80 ("scheme **to defraud** the Company") (emphasis added).  This fraudulent conduct forms

the basis for each of the causes of action asserted against Almawave USA in Loop's complaint:

Vicarious liability: Though not alleged as a separate cause of action, each cause of action

alleged against Loop assumes that Almawave USA is vicariously liable for Ms. Gatti's fraud.

*See e.g.*, Compl. ¶¶ 129, 131, 132, 139-141, 164.  "[W]here a plaintiff alleges that a defendant is

liable for fraud under an agency theory, Rule 9(b) requires that the existence of the agency

relationship be pled with particularity." *Jackson v. Fischer*, 931 F. Supp. 2d 1049, 1061 (N.D.

Cal. 2013) (citations omitted).

Misappropriation of trade secrets: Because Loop alleges misappropriation of Loop's trade

secrets through Ms. Gatti's fraudulent conduct (*see* Compl. ¶ 1), Rule 9(b)'s particularity

requirement applies. *Foam Supplies Inc. v. The Dow Chemical Co.*, No. 4:05 CV 1772 CDP,

2006 WL 2225392, at *14 (E.D. Mo. Aug. 2, 2006); *Portney v. CIBA Vision Corp.*, No.

SACV070854AGMLGX, 2008 WL 4288330, at *4 (C.D. Cal. Sept. 17, 2008) (dismissing

plaintiff's misappropriation of trade secrets claim for failure to satisfy Rule 9(b)).

Fraud: Loop alleges that Almawave USA is liable for Ms. Gatti's fraudulent statements

and omissions and for mail and wire fraud.  Compl. ¶¶ 131, 165, 166.  Fraud must be pleaded

specifically to survive a motion to dismiss.  Fed. R. Civ. Proc. 9(b).

Interference with prospective economic advantage: Because Loop alleges Almawave

USA's interference with Loop's prospective relationships with investors and employees through

Ms. Gatti's fraudulent conduct (*see* Compl. ¶ 207 (*e.g.*, Ms. Gatti "scuttl[ed]" Loop's investment

V E N A B L E  L L P

SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA  94105
415-653-3750

VENABLE LLP
SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

1    opportunities and exchanged Loop's confidential and trade secrets information for employment

2    with Almawave USA)), the basis of the claim is a "unified course of fraudulent conduct," and

3    Rule 9(b)'s pleading requirements apply.  *Kearns*, 567 F.3d at 1125 (citation omitted).

4            Tortious interference with contract:  Since Loop does not allege specific conduct by

5    Almawave USA that constitutes interference with contract, the fraudulent conduct identified

6    throughout the rest of the complaint also serves as the basis for this cause of action and it must

7    meet the pleading standard of Rule 9(b).  *See Foam Supplies Inc.*, 2006 WL 2225392, *15

8    (explaining that where a cause of action, as alleged in the complaint, was "premised solely" on

9    fraud, the claim must "stand or fall on the sufficiency of its allegations of fraud").

10           RICO:  Loop's mail and wire fraud allegations are squarely grounded in fraud and must

11   meet the pleading standard of Rule 9(b).  *See Comwest, Inc. v. American Operator Services, Inc.*,

12   765 F. Supp. 1467, 1473 (C.D. Cal. 1991) (finding that "where plaintiff's RICO claims are based

13   on alleged predicate acts of mail and wire fraud…the Court finds that the RICO claims must be

14   dismissed because they fail to satisfy Rule 9(b)'s requirement that fraud allegations be plead with

15   particularity").

16           Computer fraud:  Loop's computer fraud claims are pled as part of a larger fraudulent

17   scheme (Compl. ¶ 1) so the allegations must satisfy Rule 9(b).  *See Oracle Am., Inc. v. Serv. Key,*

18   *LLC*, No. C 12-00790 SBA, 2012 WL 6019580, at *6 (N.D. Cal. Dec. 3, 2012) (Plaintiff's

19   "claim under the CFAA is subject to the heightened pleading requirements of Rule 9(b) . . .

20   [because its] allegations clearly are 'grounded in fraud' or otherwise 'sound in fraud'").

21           Loop does not allege any facts regarding the time, place or nature of Almawave USA's

22   allegedly fraudulent conduct to satisfy Rule 9(b).  The complaint is devoid of any allegations

23   going to Almawave USA's vicarious liability for Ms. Gatti's conduct, let alone particular facts.

24   Loop also does not allege any facts concerning the time, place or content of Almawave USA's

25   misappropriation of trade secrets, fraudulent statements or omissions, mail and/or wire fraud,

26   computer fraud, or interference with prospective economic relationships and/or contracts.

27           ///

28           ///

# CONCLUSION

For the foregoing reasons, Almawave USA respectfully requests that this Court grant its Motion to Dismiss without leave to amend.

Respectfully submitted,

Dated: March 17, 2015      **VENABLE LLP**

By:     /s/ Thomas E. Wallerstein
        Thomas E. Wallerstein (SBN 232086)
        Angel A. Garganta (SBN 163957)
        Kimberly Culp (SBN 238839)
        Spear Tower, 40th Floor
        One Market Plaza
        1 Market Street
        San Francisco, CA 94105
        twallerstein@venable.com
        agarganta@venable.com
        Tel.: (415) 653-3750
        Fax: (415) 653-3755

*Attorneys for Almawave USA, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I declare under penalty of perjury that the foregoing is true and correct.

By: /s/ Thomas E. Wallerstein

Thomas E. Wallerstein

**VENABLE LLP**
SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750