UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC, <br>     Plaintiff, <br> v. <br> ANNA GATTI, et al., <br>     Defendants. | Case No. 15-cv-00798-HSG <br><br> **ORDER REGARDING LOOP AI INC.'S MOTIONS FOR CLARIFICATION AND RECONSIDERATION** <br><br> Re: Dkt. Nos. 47, 48 |

On March 12, 2015, this Court denied Plaintiff Loop AI Labs Inc.'s ("Loop AI's") Motion for a Temporary Restraining Order, holding that, on the facts presented to the Court, Loop AI had not satisfied the showing required for the Court to grant the "extraordinary remedy" of injunctive relief. *See* Dkt. No. 32. On April 10, 2015, Loop AI filed a motion for clarification, *see* Dkt. No. 47, and a motion for leave to file a motion for reconsideration and supplementation of the record, *see* Dkt. No. 48, concerning the Court's March 12, 2015 Order. Defendant Almawave USA, Inc. opposed Loop AI's motions. *See* Dkt. No. 56.

**A.  Motion for Clarification**

Loop AI seeks clarification "as to whether Plaintiff is permitted to renew at least aspects of its TRO Application either through a Motion for Reconsideration, a renewed TRO application or through a motion for preliminary injunction by providing the Court the level of detail the Court expected, or whether the Court, by its Order, has already decided to foreclose all possibility by Plaintiff to seek preliminary injunctive relief." Mot. for Clarification at 8. The Court's Order was clear. The undersigned found that Loop AI's motion fell well below the showing required to justify injunctive relief and denied its request for an exceptionally broad temporary restraining order. The Court's Order did not bar Loop AI from seeking other injunctive relief in the future, such as a preliminary injunction.

### B. Motion for Reconsideration

The issuance of a court order is not the beginning of an iterative process. Absent an invitation by the Court, an order disposing of a party's motion is not a request for additional facts or argument; it is a final determination of the issue presented. If a party possessed—or, with the exercise of reasonable diligence, could have possessed—evidence relevant to the Court's decision at the time its motion was filed, it should have included that information in its motion. In other words, a party should not expect that it can hold relevant evidence in reserve and then, faced with an unfavorable decision, seek reconsideration of the Court's ruling on the ground that its withheld evidence further supports its position.

Under Local Rule 7–9(b), a moving party seeking reconsideration of a Court order must demonstrate:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of such order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

N.D. Cal. Civ. L.R. 7-9(b). Loop AI's Motion for Reconsideration is premised, at least in substantial part, on evidence that it purportedly possessed when it filed its Motion for a Temporary Restraining Order. *See, e.g.,* Mot. for Reconsideration at 14 ("Plaintiff could have provided the Court the evidentiary detail sought, and is ready to provide such detail . . . . In support of its request for supplementation, Plaintiff respectfully submits herewith declarations setting forth with more detail . . . ."). Such evidence does not constitute a permissible basis for reconsideration. *See United States v. Ockenfels*, No. C05-00067 SI, 2006 WL 2038281, at *1 (N.D. Cal. July 19, 2006) ("[N]ew declarations [that] simply add more detail" are not "truly 'new' evidence[.]").[1] However,

---

[1] The Court rejects Loop AI's contention that it could have properly presented evidence not contained in its moving papers had the Court elected to set a hearing on the matter. Arguments

2

1  Loop AI's Motion for Reconsideration also appears to be at least partially based on information

2  that it contends was unavailable when it first moved for injunctive relief. *See* Mot. for

3  Reconsideration at 2 ("Plaintiff moves for reconsideration on the basis that there exist new

4  evidence supporting its application for injunctive relief . . . .").

The Court will not attempt to parse the mixture of old and new evidence offered by Loop AI's Motion for Reconsideration. To the extent Loop AI believes that its discovery of material facts after it filed for a temporary restraining order warrants reconsideration of the Court's order, it must move for reconsideration based solely on that newly discovered evidence. Any such motion must explain the significance of that evidence under the relevant legal standard and further explain why, despite Loop AI's reasonable diligence, that information could not have been discovered and/or presented to the Court in its initial motion.

For the foregoing reasons, Loop AI's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 23, 2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

and evidence presented for the first time at a hearing are routinely disregarded by courts in this District. *See White v. FedEx Corp.,* No. C04-00099 SI, 2006 WL 618591, *2 (N.D. Cal. Mar. 13, 2006) ("The Court will not consider any arguments or evidence raised for the first time at the hearing"); *Cataphora Inc. v. Parker*, No. C09-5749 BZ, 2012 WL 13657, *3 n. 6 (N.D. Cal. Jan. 4, 2012) ("Inasmuch as this argument was raised for the first time during the hearing and is not mentioned in Defendants' opposition, I decline to consider it"); *In re Apple Inc. Securities Litigation*, No. C06-05208 JF, 2011 WL 1877988, *5 n. 6 (N.D. Cal. May 17, 2011) ("The Court is not inclined to consider this argument given that it was not briefed but rather was raised for the first time at the end of the hearing").

3