Your Name: Valeria Calafiore Healy

Address: Healy LLC, 154 Grand St., New York, NY 10013

Phone Number: 212-810-0377

Fax Number: 212-810-7036

E-mail Address: valeria.healy@healylex.com

*Counsel for Plaintiff Loop AI Labs Inc.*

# United States District Court

## Northern District of California

*San Francisco*

| | |
|---|---|
| Loop AI Labs Inc.<br><br>Plaintiff,<br><br>vs.<br><br>Anna Gatti, Almaviva S.p.A., Almawave S.r.l<br>Almawave USA, Inc., IQSystem LLC,<br>and IQSystem Inc.<br><br>Defendants. | Case Number: 3:15-CV-0798 HSG<br><br>*PLAINTIFF'S*<br><br>**CASE MANAGEMENT STATEMENT**<br><br>Date: May 26, 2015<br>Time: 2:00 p.m.<br>Courtroom: 15, 18th floor<br>Judge: Haywood S. Gilliam Jr. |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, Plaintiff Loop AI Labs Inc. ("Plaintiff") hereby submits this Case Management Statement.

### 1. JURISDICTION AND SERVICE

This Court has subject matter jurisdiction in this action under:

■ Federal question jurisdiction because it is about federal law(s) or right(s). *Which law(s) or right(s) are involved?* R.I.C.O., 18 U.S.C. § 1964 et seq; and C.F.A.A, 18 U.S.C. § 1030 et. seq.

*-or-*

☐ Diversity jurisdiction because none of the Plaintiffs live in the same state as any of the Defendants AND the amount of damages is more than $75,000.

Defendants were served on the following dates:

| Defendant's Name | Date Served (or Date Expect to Serve) | Disputes personal jurisdiction or venue? (if yes, note which) |
|---|---|---|
| Anna Gatti, IQSystem LLC | 2/23/2015; 2/23/15 | ☐ Yes: ___ ☒ No |
| IQSystem Inc., Almawave USA | 2/23/15 | ☐ Yes: ___ ☒ No |
| Almawave Srl, Almaviva S.p.A. | 2/23/15, 3/31/15 | ☒ Yes: Pers. Jur. ☐ No |

## 2. FACTS

*Give a brief summary of what this case is about. If you and the other side disagree about important facts, list those facts here.*

Plaintiff, a company based in San Francisco and operating in the artificial intelligence space, alleges that Defendants, acting in concert with one another, engaged in a scheme to destroy the Plaintiff, and to steal its trade secrets and other properties, and that Plaintiff was damaged as a result of this and other wrongdoing more fully alleged in the Complaint. Dkt. 45.

Plaintiffs alleges that the Defendants, by their wrongdoing, violated federal and state laws.

Based on filings to date, the Defendants dispute some or all of the allegations made by Plaintiff in this action.

## 3. LEGAL ISSUES

*Briefly state the legal issues, including laws or cases, which are in dispute between you and the other side.*

At the present stage of the proceeding, all legal issues arising out of the claims brought by Plaintiff against each Defendant appear to be in dispute.

## 4. MOTIONS

The following motions have been decided and/or are pending in this case:

| Title of Motion | Date of Hearing and/or Order Issued |
|---|---|
| Pl.'s Application for a TRO. | Order issued on 3/12/15; no hearing. |
| Pl.'s Motion For Clarif. & Recons. | Order issued on 4/23/15; no hearing. |
| Defs.' 3 Partial FRCP 12(b) Mots. | Hearing set for 7/2/15 at 2:00p.m. |

Pl.'s Special Motion to Strike Def. IQ Inc.'s Counterclaim - No hearing requested.

## 5. AMENDMENT OF PLEADINGS

☐ Plaintiff(s) do not anticipate amending the Complaint.

-and/or-

☐ Defendant(s) do not anticipate amending the Answer/Counterclaim.

-or-

☒ Plaintiff anticipates amending the Complaint, if necessary, by or following a ruling by the Court on the Defendants' pending motions to dismiss, and as otherwise permitted under the Federal Rules of Civil Procedure.

-or-

☐ Defendant(s) [*insert name(s)*]_____ anticipate amending the [*Answer / Counterclaim*] on or by (*insert date*) _____.

## 6. EVIDENCE PRESERVATION

*Parties to a lawsuit are required to preserve evidence that may be relevant to the case. This statement confirms that the parties are preserving that evidence.*

Except as to be confirmed by Defendants Gatti and IQSystem, the other parties have taken positive steps to preserve evidence related to the issues presented in this case.

## 7. DISCLOSURES

☐ Parties **have** exchanged Initial Disclosures in compliance with Fed. R. Civ. P. 26.

-or-

☒ Parties **have not yet** exchanged Initial Disclosures in compliance with Fed. R. Civ. P. 26 but agree to exchange Initial Disclosures by 5/22/15.

## 8. DISCOVERY

*State whether the parties have exchanged any discovery. If the parties have exchanged discovery, state what kind of discovery has been exchanged and when. Also state a proposed discovery plan that complies with Fed. R. Civ. P. 26(f), including any proposed limitations or changes to the usual discovery rules.*

Merits discovery is in the process of being served. Plaintiff proposes that all discovery, except for expert discovery, be completed by November 30, 2015. Defendants contend that discovery has been stayed for the entire action under the Cal. C. Civ. P. §425.16

## 9. CLASS ACTIONS

*If the case is a class action, explain how the class will be certified. Most cases are not class actions. If this case is not a class action, write "Not Applicable."*

N/A

## 10. RELATED CASES

*State whether there are any cases pending before any court or administrative body that are related to this case. Refer to Civil Local Rule 3-12 for guidance on what kind of cases would be related. If there are cases related to this case, list the courts or administrative bodies where the cases are pending and the case numbers.*

☒ To Plaintiff's knowledge, there **are not** related cases currently pending before any court or administrative body.

*-or-*

☐ To the [*the parties' / Plaintiff's / Defendant's*] knowledge, there **are** related cases currently pending before a court or administrative body. The case(s) is/are pending in (*list court name or administrative body*) _____. The case number(s) is/are _____.

## 11. RELIEF SOUGHT

*State what you want from the other side or what you want the court to do. You can include the amount of damage you want and how the damage is calculated.*

Plaintiff seeks legal and equitable remedies against each Defendant as detailed in the Complaint.

### 12. SETTLEMENT AND ADR

*State whether the parties have made any efforts for Alternative Dispute Resolution ("ADR") and whether the parties believe there is a possibility for settlement. Describe any motions or discovery issues that would need to be resolved for settlement to be possible, and describe an ADR plan that complies with ADR Local Rule 3-5.*

This case was designated for ADR under the Local Rules.

Plaintiff proposed to schedule an early mediation in front of a US Magistrate Judge.

The Defendants rejected the proposal.

The parties participated in an ADR conference with a Court staff on Monday, May 18, 2015.

### 13. CONSENT TO A MAGISRATE

The *Plaintiff* consents to a magistrate judge for trial and entry of judgment. The Defendants do not consent.

### 14. OTHER REFERENCES

Plaintiff *does not believe* that this case is suitable for reference to *binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation*.

### 15. NARROWING OF ISSUES

*Use this section to explain if issues in this case could be narrowed by agreement or by motion. Suggestions can also be made here as to how to make evidence more easily presented at trial (through a summary or through a stipulation of facts) or to request to split up issues, claims, or defenses. If none of these things apply to this case, write "Not Applicable."*

The parties have not yet identified areas where they may narrow the issues in dispute.

However, the Defendants have already admitted several material facts alleged in the Complaint, which will assist in narrowing some issues.

### 16. EXPEDITED SCHEDULE

Plaintiff does not believe that this case is appropriate for the Expedited Trial Procedure of General Order 64. Plaintiff is available to consider any other expedited schedule that may be proposed by the parties.

//

//

## 17. SCHEDULING

*This section should list the dates by which the parties agree to have important documents filed or exchanged in the case. Be sure all parties are in town and able to meet the deadlines set forth in this section.*

Parties Exchange Initial Disclosures  5/22/15

Last Day to Amend Complaint, Answer, and/or Counterclaim: 20-dd after Court's Ruling on 12(b) Mot.

Last Day for Non-Expert Discovery :  Pl.'s Position: 10/31/15

Last Day to Designate Experts:  Pl.'s Position: 10/31/15

Expert Discovery Cut-Off:  Pl.'s Position: 01/31/15

Last Day to File Motion for Summary Judgment:  Pl.'s Position: 11/30/2015

Proposed Month/Year for Trial :  Pl.'s Position: March 2016

## 18. TRIAL

■ This case will be tried by a jury. The trial is expected to last __14__ days or less.

*-or-*

☐ This case will be tried by a judge. The trial is expected to last ___ days.

## 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

*Civil Local Rule 3-16 requires that each party file a "Certification of Interested Parties or Persons," which is a disclosure to the Court of other people, companies, or organizations who would have an interest in this lawsuit because they would be in some way affected by it. This information must also be re-stated here, if it applies. See Civil Local Rule 3-16 for guidance as to what kind of people, companies, or organizations would be considered to be an interested entity. If other people, companies, or organizations would be affected by this lawsuit, list their names and addresses here.*

Defendant IQSystem LLC has not yet filed the requisite Certification. All other parties have filed Certifications of Interested Parties or Persons. See Dkt. Nos. 2, 34, 41-42.

Plaintiff has requested Almaviva S.p.A. to confirm whether GE Capital, part of US publicly traded General Electric, continues to be a 35% shareholder in that party, as GE Capital was not listed in their Certification of Interested Parties. See Dkt. No. 41. Almaviva S.p.A. has declined to confirm or deny whether GE Capital continues to be one of its shareholders.

//

**20. OTHER MATTERS**

*Use this section to discuss other issues that would facilitate the just, speedy, and inexpensive disposition of this case.*

Plaintiff is concerned about, and would like to address, (1) the Defendants' most recent indication on May 18 of further discovery delays, including by making their clients unavailable for extended periods of time, (2) issues of preservation, (3) setting a firm date by which the Defendants will be required to provide ESI information, and (4) the AV Defendants' stated intent to file yet more Rule 12 motions.

Date: 5/19/2015  Sign Name: /s/ Valeria Calafiore Healy

Print Name: Valeria Calafiore Healy

Counsel for Plaintiff Loop AI Labs Inc.

Date:  Sign Name:

Print Name: