1

**VENABLE LLP**
Thomas E. Wallerstein (SBN 232086)

2 Kimberly Culp (SBN 238839)
Email: twallerstein@venable.com

3         kculp@venable.com
505 Montgomery Street, Suite 1400

4 San Francisco, CA 94111
Telephone:   415.653.3750

5 Facsimile:    415.653.3755

6 Attorneys for Almawave USA, Inc.

7

8 **UNITED STATES DISTRICT COURT**

9 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| LOOP AI LABS, INC., a Delaware corporation, | CASE NO.: 3:15-cv-00798-HSG |
| Plaintiffs, | Hon. Haywood S. Gilliam, Jr. Courtroom 15 |
| v. | JOINT CASE MANAGEMENT STATEMENT |
| ANNA GATTI, an individual, ALMAVIVA S.p.A., an Italian corporation, ALMAWAVE S.r.l., an Italian corporation, ALMAWAVE USA, Inc., a California corporation, IQSYSTEM LLC, a California limited liability company, IQSYSTEM Inc., a Delaware corporation, | Date:     May 26, 2015 Time:    2:00 p.m. Dept:    Courtroom: 15, 18th Floor |
| Defendants. | Action Filed:   February 20, 2015 Trial Date:   None |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    All defendants to the above-entitled action except those contesting personal jurisdiction

2    jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER

3    pursuant to the Standing Order for All Judges of the Northern District of California dated July 1,

4    2011 and Civil Local Rule 16-9.  Plaintiff's counsel declined to participate in drafting this joint

5    statement because, as defendants understand it, plaintiff does not agree with certain of

6    defendants' positions and/or plaintiff believes certain issues are being inappropriately raised via

7    this statement.  *See* Ex.  A.  Plaintiff instead insisted on submitting only a truncated "check-box"

8    form joint statement that defendants believe is inadequate.  *See id.*  In any event, defendants set

9    forth below their understanding of plaintiff's positions to the extent possible.

10    1.  Jurisdiction & Service

11    *The basis for the court's subject matter jurisdiction over plaintiff's claims and*

12    *defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue,*

13    *whether any parties remain to be served, and, if any parties remain to be served, a proposed*

14    *deadline for service.*

15    Plaintiff contends that subject matter jurisdiction is proper pursuant to 18 U.S.C. section

16    1964 and 18 U.S.C. section 1030.  Plaintiff further contends that it has served all defendants.

17    Defendants Almaviva S.p.A. and Almawave S.r.l. contend that the Court lacks personal

18    jurisdiction over them and have filed pending motions to that effect.

19    2.  Facts

20    *A brief chronology of the facts and a statement of the principal factual issues in dispute.*

21    Plaintiff, a company based in San Francisco and operating in the artificial intelligence

22    space, alleges that Defendants, acting in concert with one another, engaged in a scheme to

23    destroy the Plaintiff, and to steal its trade secrets and other properties, and that as a result of his

24    wrongdoing Plaintiff suffered substantial damages.  Plaintiff has brought various claims for

25    violations of federal and state laws.

26    Defendants deny Plaintiff's allegations.

27    3.  Legal Issues

28    *A brief statement, without extended legal argument, of the disputed points of law,*

1 | *including reference to specific statutes and decisions.*

2 | All legal issues arising out of the First Amended Complaint are presently in dispute.

3 | 4. <u>Motions</u>

4 | *All prior and pending motions, their current status, and any anticipated motions.*

5 | Plaintiff filed an application for a temporary restraining order, which the Court denied.

6 | Plaintiff filed a motion for clarification which the Court has ruled on and a motion for

7 | reconsideration which the Court denied.

8 | Plaintiff has pending a Special Motion to Strike pursuant to California Code of Civil

9 | Procedure section 425.16.

10 | Defendant Almawave USA has pending a motion to dismiss pursuant to Rule 12(b)(6)

11 | that is fully briefed and set for hearing on July 2.

12 | Defendants Almaviva S.p.A. and Almawave S.r.l have pending a motion to dismiss for

13 | lack of personal jurisdiction set for hearing on July 2, and which will be fully briefed on May 20.

14 | Defendants Anna Gatti and IQSystem LLC have pending a motion to dismiss pursuant to

15 | Rule 12(b)(6) that is fully briefed and set for hearing on July 2.

16 | The Almawave defendants anticipate filing potential further motion(s) to narrow the

17 | pleadings if necessary and appropriate, a motion to consolidate Almawave's anticipated separate

18 | action against Ms. Gatti, IQSystem and Tony Di Napoli (assuming another procedure is not

19 | ordered at the case management conference, discussed more fully in section 5 below), a possible

20 | Rule 11 motion against Plaintiff, a motion for attorneys' fees and costs pursuant to California

21 | Civil Code section 3426.4, and a motion for summary judgment.

22 | Defendant IQSystem, Inc. anticipates filing a possible Rule 11 motion against Plaintiff,

23 | and a motion for summary judgment.

24 | Defendants Gatti and IQ System, LLC anticipates filing a possible Rule 11 motion

25 | against Plaintiff, and a motion for summary judgment.  Gatti and IQ System, LLC may also file

26 | motions to dismiss if any additional actions are filed against it.

27 | 5. <u>Amendment of Pleadings</u>

28 | *The extent to which parties, claims, or defenses are expected to be added or dismissed*

1    *and a proposed deadline for amending the pleadings.*

2        Defendants understand that Plaintiff "anticipates amending the First Amended Complaint

3    ("FAC") should any defendant be successful on a pending motion to dismiss, and should the

4    Court's order permit amendment."

5        Almawave intends to file either a cross-complaint or separate action against Ms. Gatti,

6    IQSystem and Tony Di Napoli arising out of the same facts alleged in Plaintiff's complaint.  If

7    Almawave files a separate action, it will seek to have the action consolidated with this one.

8        Absent leave of Court, Almawave cannot file its cross-complaint until it answers

9    Plaintiff's FAC, and it cannot answer until after its pending motion to dismiss is ruled upon,

10   presumably no earlier than the current hearing date of July 2.

11       Almawave has asked that all parties stipulate to either allowing Almawave to assert its

12   cross-complaint now, or otherwise consent to consolidation of the separate action.  Plaintiff has

13   said that it "objects" to Almawave filing a cross-complaint but has not identified any basis for its

14   objection.  Plaintiff also has refused to consent to consolidation of a separate action.  Almawave

15   will therefore seek the Court's guidance via oral motion at the Case Management Conference to

16   permit the early filing of a cross-complaint.  If that motion is not granted and absent any further

17   direction from the Court, Almawave will file its action separately and then make a motion to

18   consolidate that new case with this case.

19       6.  Evidence Preservation

20       *A brief report certifying that the parties have reviewed the Guidelines Relating to the*

21   *Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the*

22   *parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and*

23   *proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this*

24   *action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

25       **PLAINTIFF'S POSITION:**

26       Defendants understand that Plaintiff "contends that it has taken steps to preserve all

27   potentially relevant evidence within its custody or control."

28       **ALMAWAVE'S POSITION:**

1    Almawave has asked all parties and their counsel to preserve all evidence relating to how

2  and to what extent Almawave's confidential communications have been disclosed to Plaintiff's

3  attorneys, and to whom else the communications have been disclosed.  Plaintiff's counsel has

4  declined to confirm that she has any obligation to preserve such data separate and apart from her

5  client's obligation.

6    **ALL DEFENDANTS' POSITION:**

7    Upon receiving notice of this litigation, all defendants took steps to preserve all

8  potentially relevant evidence within their respective custody or control.

9    7.  Disclosures

10    *Whether there has been full and timely compliance with the initial disclosure*

11  *requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

12    The parties have not yet exchanged Initial Disclosures but have agreed to do so by May

13  22, 2015.

14    8.  Discovery

15    *Discovery taken to date, if any, the scope of anticipated discovery, any proposed*

16  *limitations or modifications of the discovery rules, a brief report on whether the parties have*

17  *considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to*

18  *Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

19    **PLAINTIFF'S POSITION:**

20    Defendants understand that plaintiff contends that "Merits discovery is in the process of

21  being served.  Plaintiff proposes that all discovery, except for expert discovery, be completed by

22  November 30, 2015."

23    **ALMAWAVE'S POSITION:**

24    Most of Almawave's responsive documents are located in Italy and are in Italian.

25  Besides the foreign language issue, European data privacy concerns may also impose limitations

26  on document production.  Likewise most, if not all, of Almawave's witnesses are in Italy and

27  speak solely Italian.  These considerations will make discovery more costly and time intensive.

28  Therefore, Almawave has proposed to all parties a phased discovery process intended to allow

1   for the most efficient resolution of the litigation.

2       Moreover, because of the nature of the claims and the location of the documents, it is

3   critical that the parties agree on a protocol for the discovery of electronically stored information.

4       Finally, Plaintiff has indicated that it intends to seek depositions from up to twenty

5   individuals.  All defendants will of course have their own witnesses to depose, which number is

6   presently unknown.  Therefore, the total number of deponents in this case could be in excess of

7   thirty.  Given these limitations, Almawave does not agree that discovery can be completed by

8   November 30, 2015.

9       Almawave has proposed that discovery be handled as follows:

10   <u>Document Discovery</u>

11       It is Almawave's position that before the parties engage in costly and time-consuming

12   ESI discovery, the parties should agree on an ESI protocol that includes such issues as phasing,

13   custodians, search terms and parameters, the format of the productions, and technical details.

14       Almawave's counsel has begun but not completed its investigation of Almawave's IT

15   infrastructure and is working to identify the location of all potentially relevant documents.  That

16   investigation necessarily will inform the ESI protocol that the parties enter into.  Almawave has

17   proposed that all parties formalize a detailed ESI protocol before engaging in costly electronic

18   discovery.

19       Thus, it is Almawave's position that document collection should not commence until (1)

20   the pleadings including any cross-complaint are closed; (2) European data privacy concerns and

21   Hague Convention protocols are addressed; (3) an ESI protocol is finalized; and (4) a protective

22   order is agreed upon and entered by the Court.

23   <u>Depositions</u>

24       Plaintiff and Almawave agree that depositions should follow document discovery

25   relevant to the deponents.  Almawave believes that before depositions can proceed, the parties

26   need to agree on a protocol for the conduct of non-native English speakers and translation.

27   <u>Phased Discovery</u>

28       Almawave has proposed phased discovery, which it believes will assist in the expeditious

1   and cost-effective resolution of this case, and respectfully requests phased discovery be ordered

2   by the Court as follows:

3           **Phase I** (initial document discovery):  With regard to Almawave, this would

4   include documents between Ms. Gatti, Mr. Di Napoli or IQSystem, on the one hand, and

5   Almawave, on the other, referring to Loop or Soshoma.

6           If the case against Almawave persists, **Phase II** document discovery will cover

7   other communications and documents.

8           **Phase III** document discovery will cover other technical information, including

9   source code to the extent its production is ordered by the Court.

10          **Phase IV** document discovery will cover damages.

11          Additionally, Almawve believes discovery regarding Almawave's claims should

12  be coordinated with discovery regarding Loop's claims because it will be highly duplicative.

13      <u>**ALL DEFENDANTS' POSITION:**</u>

14          Given the potential scope of discovery and the complications above, Defendants believe

15  it is premature to schedule a trial date or discovery cut-off deadline at this time.  Instead, as

16  discussed further below, it proposes a further Case Management Conference 60-90 days after the

17  hearing on the pending motions to dismiss.

18      9.  <u>Class Actions</u>

19      *If a class action, a proposal for how and when the class will be certified.*

20      Not applicable.

21      10.  <u>Related Cases</u>

22      *Any related cases or proceedings pending before another judge of this court, or before*

23  *another court or administrative body.*

24      Not applicable at the present.

25      As indicated above, however, Almawave intends to file either a new action or a cross-

26  complaint depending upon the Court's order.

27      11.  <u>Relief</u>

28      *All relief sought through complaint or counterclaim, including the amount of any*

1   *damages sought and a description of the bases on which damages are calculated. In addition,*

2   *any party from whom damages are sought must describe the bases on which it contends damages*

3   *should be calculated if liability is established.*

4   **PLAINTIFF'S POSITION:**

5   Plaintiff seeks legal and equitable remedies against each Defendant.

6   **ALL DEFENDANTS' POSITION:**

7   Defendants seek a dismissal with prejudice of all of Plaintiff's claims.  Moreover, should

8   Plaintiff persist in its trade secret misappropriation claim, Defendants will seek their respective

9   attorneys' fees pursuant to California Civil Code section 3426.4.

10   12.  Settlement and ADR

11   *Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case,*

12   *including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary*

13   *to position the parties to negotiate a resolution.*

14   The case was designated for ADR under the Local Rules.

15   The parties had an ADR teleconference with the Court staff on Monday, May 18, 2015.

16   13.  Consent to Magistrate Judge For All Purposes

17   *Whether **all** parties will consent to have a magistrate judge conduct all further*

18   *proceedings including trial and entry of judgment.*   ____ YES   __X__ NO

19   All parties did not consent to a Magistrate Judge for all purposes.

20   14.  Other References

21   *Whether the case is suitable for reference to binding arbitration, a special master, or the*

22   *Judicial Panel on Multidistrict Litigation.*

23   The parties do not believe this case is suitable for binding arbitration or the Judicial Panel

24   on Multidistrict Litigation.  At this time the parties do not believe that referral to a special master

25   is appropriate.

26   15.  Narrowing of Issues

27   *Issues that can be narrowed by agreement or by motion, suggestions to expedite the*

28   *presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to*

*bifurcate issues, claims, or defenses.*

The parties have not yet identified areas where they may narrow the issues in dispute. Almawave believes that its phased discovery proposal presents the best opportunity to narrow the issues in dispute.

16. <u>Expedited Trial Procedure</u>

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

Defendants do not believe that this case can be expedited for trial.

17. <u>Scheduling</u>

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

**PLAINTIFF'S POSITION AS UNDERSTOOD BY DEFENDANTS:**

| Parties Exchange Initial Disclosures | 5/22/15 |
|---|---|
| Last Day to Amend Complaint, Answer and/or Counterclaim | 20 days after Court's ruling on 12(b)(6) motions |
| Last Day for Non-Expert discovery | 10/31/15 |
| Last Day to Designate Experts | 10/31/15 |
| Last Day to File Motion for Summary Judgment | 11/15/15 |
| Proposed Month/Year for Trial | March 2016 |

**ALL DEFENDANTS' POSITION:**

Defendants believe that Plaintiff's schedule is not realistic and believe that it would be helpful for the Court to set a second Case Management Conference for 60-90 days after the hearing on the pending motions to dismiss, currently set for July 2, 2015, at which point the pleadings will likely be settled and the parties will have had a chance to work together to establish an ESI protocol and resolve other disputes regarding discovery and case management. Defendants believe that at that time the parties and the Court will be in a better position to estimate how much time it will take to complete discovery and when the parties can be expected

1    to file Motions for Summary Judgment.

2        Subject to the applicability of Cal. C.C.P. section 425.16(g), further discussed in

3    Paragraph 21 herein, Defendants also request that the Court Order that only Phase 1 of the

4    proposed discovery phases (discussed above) proceed until the next Case Management

5    Conference, at which point the parties and the Court can determine the timing of all phases.

6        18. <u>Trial</u>

7        *Whether the case will be tried to a jury or to the court and the expected length of the*

8    *trial.*

9        Defendants understand that "Plaintiff requests a jury trial and estimates that it will last 14

10    days."

11        Defendants also requests a jury trial, but cannot at present estimate how many days it

12    expects trial to last.  Given the current state of the pleadings and Plaintiff's claims, Defendants

13    estimate a 21-day trial.

14        19. <u>Disclosure of Non-party Interested Entities or Persons</u>

15        *Whether each party has filed the "Certification of Interested Entities or Persons"*

16    *required by Civil Local Rule 3-15. In addition, each party must restate in the case management*

17    *statement the contents of its certification by identifying any persons, firms, partnerships,*

18    *corporations (including parent corporations) or other entities known by the party to have either:*

19    *(i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii)*

20    *any other kind of interest that could be substantially affected by the outcome of the proceeding.*

21        All parties except for Defendant IQSystem LLC have filed their disclosures.  *See* Docket

22    Entries 2, 34, 41-42.

23    **ALMAWAVE'S POSITION:**

24        Plaintiff has asked for additional information about the owner of Almaviva S.p.A.; *i.e.*,

25    whether GE Capital is a shareholder.  Almawave contends that Almaviva S.p.A.'s disclosure

26    complies with the Court's rules and the Federal Rules of Civil Procedure but is prepared to

27    further address the issue upon the Court's request.

28

1    20.  Professional Conduct

2        *Whether all attorneys of record for the parties have reviewed the Guidelines for*

3    *Professional Conduct for the Northern District of California.*

4        All counsel have reviewed the guidelines.

5    21.  Other

6        *Such other matters as may facilitate the just, speedy and inexpensive disposition of this*

7    *matter.*

8        Defendants have noted that Plaintiff's anti-SLAPP motion filed pursuant to California

9    Code of Civil Procedure section 425.16 automatically stays discovery and that discovery may

10   proceed only upon a noticed motion and good cause shown.  *See* Cal. C.C.P. section 425.16(g)

11   ("All discovery proceedings in the action shall be stayed upon the filing of a notice of motion

12   made pursuant to this section.  The stay of discovery shall remain in effect until notice of entry

13   of the order ruling on the motion.  The court, on noticed motion and for good cause shown, may

14   order that specified discovery be conducted notwithstanding this subdivision.")

15       Plaintiff has countered that its Special Motion to Strike "is narrowly directed to one

16   limited issue and that there is no legal basis for the Defendants' position.  To avoid unnecessary

17   discovery delays or motions, Plaintiff respectfully believes this matter should be addressed

18   during the May 26, 2015 conference."

19                              Respectfully submitted,

20                              VENABLE LLP

21

22   Dated:                        /s/ Thomas E. Wallerstein
                                   Counsel for defendant Almawave USA, Inc.

23                              VALLA & ASSOCIATES, INC., P.C.

24

25   Dated:                        /s/ Stefano Abbasciano
                                   Counsel for defendant IQSystem, Inc.

26                              LOW, BALL & LYNCH

27

28   Dated:                        /s/ James F. Regan
                                   Counsel for defendant Anna Gatti and IQ Systems, LLC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTESTATION REGARDING SIGNATURES

I, Thomas E. Wallerstein, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED:        May 19, 2015

VENABLE LLP

By:_____/s/ Thomas E. Wallerstein_____
     Thomas E. Wallerstein

Attorneys for Defendant Almawave USA, Inc.

# EXHIBIT A

**Wallerstein, Thomas E.**

| | |
|---|---|
| **From:** | Wallerstein, Thomas E. |
| **Sent:** | Monday, May 18, 2015 8:31 PM |
| **To:** | 'Valeria Calafiore Healy'; Culp, Kimberly |
| **Cc:** | Thomas J. LoSavio; Abbasciano, Stefano; jregan@lowball.com; Dan Weinberg; Diana Wong; Bryan Wolin; Sabrina M. Saccone; Chintanaseri, Su; Kerakos, Manoush |
| **Subject:** | RE: Loop AI Labs Inc. v. Gatti et al. |

Counsel, you really should reconsider.  The parties don't need to agree on everything but there is no reason you can't set forth plaintiff's position – whatever it is – in the context of a joint statement.  You have seen what we intend to submit and you can respond however you like within the statement, fix anything you think is incorrect and otherwise suggest edits or whatever.

Frankly, the Court expects and deserves a joint statement and you shouldn't refuse to submit one just because you don't like what we have to say.

Anyway, as you know we only got your first draft late Friday and in the midst of our office move and the statement is due tomorrow, so let us know immediately if you change your mind.  We are finalizing now for filing tomorrow.

Regards,

Tom Wallerstein | Venable LLP

505 Montgomery Street
Suite 1400
San Francisco, CA 94111
t 415.653.3707 | m 415.385.5937
TWallerstein@Venable.com | www.Venable.com

**From:** Valeria Calafiore Healy [mailto:valeria.healy@healylex.com]
**Sent:** Monday, May 18, 2015 2:34 PM
**To:** Culp, Kimberly
**Cc:** Wallerstein, Thomas E.; Thomas J. LoSavio; Abbasciano, Stefano; jregan@lowball.com; Dan Weinberg; Diana Wong; Bryan Wolin; Sabrina M. Saccone; Chintanaseri, Su; Kerakos, Manoush
**Subject:** Re: Loop AI Labs Inc. v. Gatti et al.

Ms. Culp,

we used the Court approved form to ensure there would be no controversy and that we could file a Joint Case Management Order.
You, instead, have changed the Court approved form into a draft that attributes to us language that was unnecessary, is inappropriate, and that is not provided for in the Court approved form, and which is not

amenable to a joint filing.  You also purport to present the positions of the other Defendants, which positions are reflected inaccurately in light of the Rule 26(f) conference.

We put in substantial time to produce a non-controversial document that could be jointly filed.  In light of your changes, we will plan on filing a separate case management order.

Thank you.

Kind regards,



Valeria Calafiore Healy, Esq.
HEALY LLC
*Litigation & Dispute Resolution*
154 Grand Street
New York, New York 10013
M: +1.917.595.0491
T: +1.212.810.0377
F: +1.212.810.7036
www.healylex.com


On Mon, May 18, 2015 at 5:19 PM, Culp, Kimberly <KCulp@venable.com> wrote:

Ms. Healy – Attached please find a draft joint Case Management Conference statement that incorporates Almawave's additions and attempts to incorporate your draft from the PDF document that you circulated Friday afternoon.


Unfortunately the draft you provided was not in the format adopted by the Court and, in any event, was not practicable for Almawave to add its own edits to.  The Court has prepared an editable Word form for Case Management Statements from which this draft was prepared.  The Court's form can be found here at the link "Joint Case Management Statement and Proposed Order": http://www.cand.uscourts.gov/civilforms.  I apologize in advance if your original draft did not translate exactly as you intended onto the attached draft which comports with the Northern District's form.


All counsel - please track your edits to the attached Word document so that all parties can see what edits are made.  Likewise, if you need to add a heading for your section please do so.  Given the limited amount of time there is to finalize this document, I ask that any party minimize their edits to global positions.  Instead, if we cannot agree on language, then separate out your position with an appropriate heading.


We will plan to file the Case Management Statement tomorrow afternoon by 5:00 p.m. PST.  Please circulate your edits by noon tomorrow.


Thank you,

Kimberly

Kimberly Culp | Venable LLP
t 415.653.3704 | f 415.653.3755
505 Montgomery Street, 14th Floor, San Francisco, CA 94111

KCulp@Venable.com | www.Venable.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**CONFIDENTIALITY NOTICE** -- This message and any attachment are personal and confidential and may be privileged or
otherwise protected from disclosure.  If you are not the intended recipient of this email please delete the message from
your system and inform the sender immediately by replying to this email.  Forwarding of this email is not permitted without
prior written consent of the sender and forwarding of this email without the sender's authorization may constitute a breach
of confidentiality.  By agreeing to receive this email you consent to the terms of this Confidentiality Notice.  For further
information about Healy LLC please visit our website at www.healylex.com.

**Wallerstein, Thomas E.**

| | |
|---|---|
| **From:** | Valeria Calafiore Healy <valeria.healy@healylex.com> |
| **Sent:** | Friday, May 15, 2015 2:44 PM |
| **To:** | Wallerstein, Thomas E.; Thomas J. LoSavio; Abbasciano, Stefano |
| **Cc:** | Dan Weinberg; Diana Wong; Sabrina M. Saccone |
| **Subject:** | Case 3:15-cv-00798-HSG Loop AI Labs, Inc. v. Gatti et al |
| **Attachments:** | DRAFT_Case Management Statement.pdf |

Counsel:

attached please find the Draft Joint Case Management Statement.
We edited the form provided by the Court. If you are unable to edit the pdf, please provide your mark-up in handwritten form and we'll be happy to add any changes you would like to make to matters pertaining to your clients.

Thank you,

Kind regards,

Valeria Calafiore Healy, Esq.
**HEALY LLC**
*Litigation & Dispute Resolution*
154 Grand Street
New York, New York 10013
M: +1.917.595.0491
T: +1.212.810.0377
F: +1.212.810.7036
www.healylex.com

*****************************************************************************************************
************************************************************
CONFIDENTIALITY NOTICE -- This message and any attachment are personal and confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient of this email please delete the message from your system and inform the sender immediately by replying to this email. Forwarding of this email is not permitted without prior written consent of the sender and forwarding of this email without the sender's authorization may constitute a breach of confidentiality. By agreeing to receive this email you consent to the terms of this Confidentiality Notice. For further information about Healy LLC please visit our website at www.healylex.com.

DRAFT

| | |
|---|---|
| Your Name: | Valeria Calafiore Healy |
| Address: | 154 Grand St. |
| Phone Number: | 212-810-0377 |
| Fax Number: | 212-810-7036 |
| E-mail Address: | valeria.healy@healylex.com |

*Counsel for Plaintiff Loop AI Labs. Inc.*

# United States District Court

## Northern District of California

### *San Francisco*

| | |
|---|---|
| Loop AI Labs Inc. | Case Number: 3:15-CV-0798 HSG |
| | *JOINT* |
| Plaintiff, | **CASE MANAGEMENT STATEMENT** |
| vs. | Date: May 26, 2015 |
| Anna Gatti, Almaviva S.p.A., Almawave S.r.l | Time: 2:00 p.m. |
| Almawave USA, Inc., IQSystem LLC, | Courtroom: 15, 18th floor |
| and IQSystem Inc. | Judge: Haywood S. Gilliam Jr. |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, *the parties* hereby submit this *Joint* Case Management Statement.

## 1. JURISDICTION AND SERVICE

This Court has subject matter jurisdiction in this action under:

■  Federal question jurisdiction because it is about federal law(s) or right(s). *Which law(s) or right(s) are involved?* R.I.C.O., 18 U.S.C. § 1964 et seq; and C.F.A.A, 18 U.S.C. § 1030 et. seq.

1          *-or-*

2    ☐    <u>Diversity jurisdiction</u> because none of the Plaintiffs live in the same state as any of the

3    Defendants <u>AND</u> the amount of damages is more than $75,000.

4    Defendants were served on the following dates:

| Defendant's Name | Date Served (or Date Expect to Serve) | Disputes personal jurisdiction or venue? (if yes, note which) |
|---|---|---|
| Anna Gatti and IQSystem LLC | 2/23/2015; 2/23/15 | ☐ Yes:_____  ■ No |
| IQSystem Inc. | 2/23/15 | ☐ Yes:_____  ■ No |
| Almawave USA & Srl, Almaviva | 2/23/15, 3/31/15. | ■ Yes: Pers. Jur.  ☐ No |

## 2. <u>FACTS</u>

*Give a brief summary of what this case is about. If you and the other side disagree about important facts, list those facts here.*

Plaintiff, a company based in San Francisco and operating in the artificial intel-

ligence space, alleges that Defendants, acting in concert with one another, engaged in a scheme

to destroy the Plaintiff, and to steal its trade secrets and other properties, and that as a result of

this wrongdoing Plaintiff suffered substantial damages.  Plaintiff has brought various claims for

violations of federal and state laws.  Although not all Defendants have filed an Answer,

based on filings to date, the Defendants dispute some or all of the allegations made by

Plaintiff in this action.

## 3. <u>LEGAL ISSUES</u>

*Briefly state the legal issues, including laws or cases, which are in dispute between you and the other side.*

At the present stage of the proceeding, all legal issues arising out of the claims brought

by Plaintiff against each Defendant appear to be in dispute.

CASE MANAGEMENT STATEMENT; CASE NO. 3:15-CV-0798 HSG

### 4. **MOTIONS**

The following motions have been decided and/or are pending in this case:

| Title of Motion | Date of Hearing and/or Order Issued |
|---|---|
| Pl.'s Application for a TRO. | Order issued on 3/12/15; no hearing. |
| Pl.'s Motion For Clarif. & Recons. | Order issued on 4/23/15; no hearing. |
| Defs. Partial FRCP 12(b) Motions | Hearing set for 7/2/15 at 2:00p.m. |

*[add additional lines if additional motions have been decided or are pending]*

### 5. **AMENDMENT OF PLEADINGS**

☐    Plaintiff(s) do not anticipate amending the Complaint.

*-and/or-*

☐    Defendant(s) do not anticipate amending the Answer/Counterclaim.

*-or-*

☒    Plaintiff Loop AI Labs Inc. anticipates amending the Complaint by or following a ruling by the Court on the Defendants' pending motions to dismiss, and as otherwise permitted under the Federal Rules of Civil Procedure.

*-or-*

☐    Defendant(s) *[insert name(s)]*_____ anticipate amending the *[Answer / Counterclaim]* on or by *(insert date)* _____.

### 6. **EVIDENCE PRESERVATION**

*Parties to a lawsuit are required to preserve evidence that may be relevant to the case. This statement confirms that the parties are preserving that evidence.*

Except as to be confirmed by Defendants Gatti and IQSystem, the other parties have taken positive steps to preserve evidence related to the issues presented in this case.

### 7. **DISCLOSURES**

☐    Parties **have** exchanged Initial Disclosures in compliance with Fed. R. Civ. P. 26.

*-or-*

☒    Parties **have not yet** exchanged Initial Disclosures in compliance with Fed. R. Civ. P. 26 but agree to exchange Initial Disclosures by _____5/22/15_____.

CASE MANAGEMENT STATEMENT; CASE NO. 3:15-CV-0798 HSG

## 8. DISCOVERY

*State whether the parties have exchanged any discovery. If the parties have exchanged discovery, state what kind of discovery has been exchanged and when. Also state a proposed discovery plan that complies with Fed. R. Civ. P. 26(f), including any proposed limitations or changes to the usual discovery rules.*

Plaintiff's Position: merits discovery is in the process of being served.  Plaintiff proposes that all discovery, except for expert discovery, be completed by November 30, 2015.

Defs.' Position: discovery has been stayed for the entire action under the Cal. C. Civ. P. §425.16

## 9. CLASS ACTIONS

*If the case is a class action, explain how the class will be certified.  Most cases are not class actions.  If this case is not a class action, write "Not Applicable."*

N/A

## 10. RELATED CASES

*State whether there are any cases pending before any court or administrative body that are related to this case. Refer to Civil Local Rule 3-12 for guidance on what kind of cases would be related. If there are cases related to this case, list the courts or administrative bodies where the cases are pending and the case numbers.*

☑ To the *parties'* knowledge, there **are not** related cases currently pending before any court or administrative body.

*-or-*

☐ To the *[the parties' / Plaintiff's / Defendant's]* knowledge, there **are** related cases currently pending before a court or administrative body.  The case(s) is/are pending in (*list court name or administrative body*) _____. The case number(s) is/are _____.

## 11. RELIEF SOUGHT

*State what you want from the other side or what you want the court to do. You can include the amount of damage you want and how the damage is calculated.*

Plaintiff seeks legal and equitable remedies against each Defendant.

_____

_____

_____

CASE MANAGEMENT STATEMENT; CASE NO. 3:15-CV-0798 HSG

PAGE 4 OF 7 [JDC TEMPLATE] *Rev. 6/2014*

**12. SETTLEMENT AND ADR**

*State whether the parties have made any efforts for Alternative Dispute Resolution ("ADR") and whether the parties believe there is a possibility for settlement. Describe any motions or discovery issues that would need to be resolved for settlement to be possible, and describe an ADR plan that complies with ADR Local Rule 3-5.*

This case was designated for ADR under the Local Rules.

Plaintiff proposed to schedule an early mediation in front of a US Magistrate Judge.

The Defendants rejected the proposal.

The parties [are working with the Court's ADR staff to address this issue].

**13. CONSENT TO A MAGISRATE**

The *Plaintiff* consents to a magistrate judge for trial and entry of judgment. The Defendants do not consent.

**14. OTHER REFERENCES**

*The parties do not believe* that this case is suitable for reference to *binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

**15. NARROWING OF ISSUES**

*Use this section to explain if issues in this case could be narrowed by agreement or by motion. Suggestions can also be made here as to how to make evidence more easily presented at trial (through a summary or through a stipulation of facts) or to request to split up issues, claims, or defenses. If none of these things apply to this case, write "Not Applicable."*

The parties have not yet identified areas where they may narrow the issues in dispute.

**16. EXPEDITED SCHEDULE**

The parties have not reached agreement on a possible expedited schedule.

//

//

CASE MANAGEMENT STATEMENT; CASE NO. 3:15-CV-0798 HSG

PAGE 5 OF 7  [JDC TEMPLATE] *Rev. 6/2014*

**17. SCHEDULING**

*This section should list the dates by which the parties agree to have important documents filed or exchanged in the case. Be sure all parties are in town and able to meet the deadlines set forth in this section.*

Parties Exchange Initial Disclosures                    5/22/15

Last Day to Amend Complaint, Answer, and/or Counterclaim: 20-dd after Court's Ruling on 12(b) Mot.

Last Day for Non-Expert Discovery : PL.'s Position: 10/31/15 - Defs.' Position: 2016

Last Day to Designate Experts: Pl.'s Position: 10/31/15- Defs.' Position: 2016/2017

Expert Discovery Cut-Off: Pl.'s Position: 01/31/15- Defs.' Position: 2016

Last Day to File Motion for Summary Judgment: Pl.'s Position: 11/15/2015- Defs.' Position: 2016

Proposed Month/Year for Trial : Pl.'s Position: March 2016 - Defs.' Position: 2017

**18. TRIAL**

☒   This case will be tried by a jury.  The trial is expected to last __14__ days or less.

*-or-*

☐   This case will be tried by a judge.  The trial is expected to last ___ days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

*Civil Local Rule 3-16 requires that each party file a "Certification of Interested Parties or Persons," which is a disclosure to the Court of other people, companies, or organizations who would have an interest in this lawsuit because they would be in some way affected by it. This information must also be re-stated here, if it applies. See Civil Local Rule 3-16 for guidance as to what kind of people, companies, or organizations would be considered to be an interested entity. If other people, companies, or organizations would be affected by this lawsuit, list their names and addresses here.*

Defendant IQSystem LLC has not yet filed the requisite Certification.  All other parties have filed Certifications of Interested Parties or Persons.  See Dkt. Nos. 2, 34, 41-42.

Plaintiff has requested Almaviva S.p.A. to confirm whether GE Capital, part of US publicly

traded General Electric, continues to be a 35% shareholder in that party, as GE Capital was not

listed in their Certification of Interested Parties.  See Dkt. No. 41.  Almaviva S.p.A. has declined

to confirm or deny whether GE Capital continues to be one of its shareholders.

//

CASE MANAGEMENT STATEMENT; CASE NO. 3:15-CV-0798 HSG

**20.  OTHER MATTERS**

*Use this section to discuss other issues that would facilitate the just, speedy, and inexpensive disposition of this case.*

The Defendants have taken the position that discovery for this entire action and for all parties was automatically stayed under Cal. C. Civ. P. § 425.16(g) as a result of Pl.'s filing of a Special Motion to Strike directed solely to Defendant IQSystem Inc.'s counterclaim.

Pl.'s believes that its Special Motion to Strike is narrowly directed to one limited issue and that there is no legal basis for the Defendants' position.  To avoid unnecessary discovery delays or motions, Plaintiff respectfully believes this matter should be addressed during the May 26, 2015 conference.

Date:  5/15/2015          Sign Name:   /s/ Valeria Calafiore Healy

                          Print Name:   Valeria Calafiore Healy

                          Counsel for Plaintiff Loop AI Labs Inc.


Date:                     Sign Name:

                          Print Name:

                          Counsel for Defendants Almaviva S.p.A,
                          Almawave S.r.l., and Almawave USA Inc.

1

### 20. OTHER MATTERS

*Use this section to discuss other issues that would facilitate the just, speedy, and inexpensive disposition of this case.*

The Defendants have taken the position that discovery for this entire action and for all parties was automatically stayed under Cal. C. Civ. P. § 425.16(g) as a result of Pl.'s filing of a Special Motion to Strike directed solely to Defendant IQSystem Inc.'s counterclaim.

Pl.'s believes that its Special Motion to Strike is narrowly directed to one limited issue and that there is no legal basis for the Defendants' position. To avoid unnecessary discovery delays or motions, Plaintiff respectfully believes this matter should be addressed during the May 26, 2015 conference.

Date: 5/15/2015          Sign Name:   /s/ Daniel J. Weinberg

                         Print Name:   Daniel J. Weinberg

                                      Counsel for Plaintiff Loop AI Labs Inc.

Date: _____    Sign Name: _____

                         Print Name: _____

                                      Counsel for Defendants Anna Gatti and
                                      IQ System LLC.

CASE MANAGEMENT STATEMENT; CASE NO. 3:15-CV-0798 HSG

PAGE 7 OF 7 [JDC TEMPLATE] *Rev. 6/2014*