UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>    Plaintiff,<br><br>    v.<br><br>ANNA GATTI, et al.,<br><br>    Defendants. | Case No. 15-cv-00798-HSG   (DMR)<br><br>**ORDER RE DISCOVERY MANAGEMENT CONFERENCE** |

    The parties have filed confusing discovery submissions.  For example, the parties filed ex parte letter briefs regarding Plaintiff's subpoena to third party Orrick, Herrington & Sutcliffe LLP ("Orrick").  [Docket Nos. 112, 114.]  The court ordered Defendants to address the dispute by filing a regularly noticed motion to quash and/or motion for a protective order.  [Docket No. 117.]  Defendants have not yet done so, but in the meantime, Plaintiff moved for an order to show cause why a civil contempt citation should not issue against Orrick for failing to respond to the subpoena.  [Docket No. 124.]  Neither party has explained whether these motions cover the same issue, and if so, why the parties failed to follow the court's instruction on how to present the dispute for court decision.

    As a further example, on July 13, 2015, Defendants filed an ex parte letter brief regarding a third party subpoena which appears to command compliance in New York, even though Federal Rule of Civil Procedure 45(d) provides that "the court for the district where compliance is required" may quash or modify a subpoena.  Fed. R. Civ. P. 45(d)(3).  [Docket No. 128.]  In its own ex parte response, Plaintiff represents that it filed a motion to compel regarding the same subpoena in U.S. District Court, Southern District of New York.  [Docket No. 133.]  Therefore, each party has raised the identical dispute, but in two different fora.

    These examples, coupled with the parties' seeming inability to file joint letters, heightened

the court's concern about the quality of the parties' "meet and confer" efforts. For these reasons, the court scheduled a discovery management conference to address how, when, and where the outstanding discovery disputes will be resolved. The court's July 15, 2015 order stated that the hearing would be conducted by telephone. However, Plaintiff's counsel represents that she plans to travel to the Bay Area to appear in person for the hearing. [Docket No. 133 1 n.2.] Since defense counsel is located in the Bay Area, personal appearance for all parties would not be burdensome, and will provide the opportunity for counsel to meet and confer in person under court supervision. Therefore, the court orders lead counsel to personally appear on July 23, 2015 at 2:30 p.m. Counsel shall clear their calendars for the afternoon.

**IT IS SO ORDERED.**

Dated: July 17, 2015



Donna M. Ryu
United States Magistrate Judge