

**HEALY**LLC

154 Grand Street
New York, NY 10013
T: 212.810.0377
F: 212.810.7036
www.healylex.com

Valeria Calafiore Healy
vch@healylex.com

July 22, 2015

**By ECF**

The Honorable Donna M. Ryu
United States District Court
Northern District of California
1301 Clay Street, Courtroom 4
Oakland, California 94612

    Case No.: *Loop AI Labs Inc. v. Anna Gatti et. al.*,
        **3:15-cv-00798-HSG-DMR**

| | |
|---|---|
| **RE:** | Joint Letter Regarding Disputes Over the following Almawave USA Inc. Discovery Requests to Loop AI Labs Inc.: <br> (1)    Rule 30(b)(6) Notice of Deposition of Loop AI Labs Inc. ("30(b)(6) Notice"), *see* Ex. A (annotated with objections). <br> (2)    First Request for Production of Documents to Loop AI Labs Inc. (the "RFP"), *see* Ex. B (annotated with objections). <br> (3)    Interrogatories to Plaintiff Loop AI Labs, Inc. Set No. One ("Interrogatories"), *see* Ex. C (annotated with objections). |
| **Submitted by:** | Loop AI Labs Inc. by Valeria Calafiore Healy, Esq., Healy LLC <br> Almawave USA, Inc. by Thomas Wallerstein, Esq., Venable LLP |
| **Meet & Confer Dates:** | July 9, 2015 <br> July 15, 2015 |
| **Case Mgmt Deadlines:** | Fact discovery ends January 29, 2016.  Dkt. No. 105. <br> Expert discovery due March 18, 2016.  *Id.* <br> Dispositive motion due March 31, 2016.  *Id.* <br> Pretrial conference set for June 28th, 2016. <br> Trial set for July 11, 2016.  *Id.* |

Dear Judge Ryu:

Pursuant to this Court's Order on Discovery Procedures, Plaintiff Loop AI Labs Inc. ("Loop AI") respectfully seeks leave to file a Motion for a Protective Order regarding the RFP, the 30(b)(6) Notice and the Interrogatories (together the "Discovery Requests") served by defendant Almawave USA, Inc. ("AW-USA") to Loop AI on July 1, 2015 (and received on July 6, 2015). *See* Exhibits A-C.[1]

## LOOP AI'S ARGUMENT IN SUPPORT OF A PROTECTIVE ORDER

**1.    Loop AI's Attempts to Meet and Confer.**

On July 9, 2015 counsel for Loop AI attempted to meet and confer with counsel for AW-USA in regards to the Discovery Requests. During this meet and confer Loop AI called attention to RFP 20, which seeks production of "All DOCUMENTS RELATING TO Orrick, Herrington & Sutcliffe LLP, including any of attorneys, paralegals, or legal professionals."[2] Ex. B at RFP 20. Loop AI asked for clarification as to what documents AW-USA sought, and for the legal foundation upon which this request was based. AW-USA declined to provide any clarification on either point and indicated it did not have to answer any question about its discovery requests before a formal written objection was served. Loop AI advised AW-USA that it is permitted under Fed. R. Civ. P. 26 to move for a protective order before the time to respond to discovery is due. In this case, such a motion is particularly necessary because the Discovery Requests are so abusive as to render any attempt at responding unduly burdensome.

On July 15, 2015 Loop AI again attempted to meet and confer with counsel for AW-USA regarding its various objections to the Discovery Requests, asking AW-USA to discuss each of the requests one by one. Counsel for AW-USA declined to do so, asking, "why would we go through request by request?" and further stating "we aren't going to change or narrow any of the requests until we get written responses." Because AW-USA refuses to even discuss, let alone limit, its Discovery Requests to what is permissibly discoverable at this stage of the case, Loop AI has no choice but to immediately seek this Court's intervention.

**2.    AW-USA's Discovery Requests Are Abusive on Their Face and Loop AI is Permitted to Seek a Protective Order Before the Time to Respond to the Requests Has Expired.**[3]

A brief review of some of the Discovery Requests propounded by AW-USA should suffice to show the abusive nature of these requests. Using a variety of discovery methods (Rule 30(b)(6) depositions, document requests and interrogatories) AW-USA asks for essentially "all documents" relating to anything that crosses its mind, without any attempt to tailor the requests to issues in the case, a pertinent temporal scope, or, generally, to matters that AW-USA is permitted to discover at this stage of the case. Instead, all of its Discovery Requests are broad demands for information regarding how Loop AI intends to prove its case and how Loop AI investigated its claims. For

---

[1] Because Loop AI is moving for this Protective Order before its time to respond to the Discovery Request has expired, and for ease of reference by the Court, Loop AI has included the specific objections it seeks to raise with the Court in the same documents containing the Discovery Requests.

[2] During this Meet and Confer Loop AI also advised that it could not proffer a 30(b)(6) witness on the date that AW-USA designated.

[3] Subject to and without waiving the objections contained herein and in Exhibit A, and subject to a stipulated protective order, Loop AI will respond to the Discovery Requests to the extent it is obligated under the applicable Federal Rules.

instance, AW-USA seeks (through the 30(b)(6) Notice, RFP, and Interrogatories):

- "All DOCUMENTS RELATING TO any investigation of possible wrongdoing by, or legal claims against, ALMAWAVE." Ex. B at RFP # 21; *see also* Ex. A at 30(b)(6) Topic 2.
- "All DOCUMENTS RELATING TO Orrick, Herrington & Sutcliffe LLP, including any of attorneys, paralegals, or legal professionals." *Id.* at # 20.
- "All DOCUMENTS referred to in the FAC." *Id.* at # 33.
- "Explain all facts, communications, documents, witnesses and other bases for LOOP's allegation that ALMA WAVE benefitted from any alleged wrongdoing of Anna Gatti." Ex. C at Int. # 3; *see also* Ex. A at 30(b)(6) Topic 1.
- "Describe in detail any investigation conducted regarding potential claims against, or potential wrongdoing committed by, ALMA WAVE, including but not limited to identifying the date when any such investigation was conducted and who conducted the investigation." *Id.* at Int. # 4; *see also* Ex. A at 30(b)(6) Topic 2.
- "Describe all bases for LOOP's claimed damages, including all bases for valuations of the business or of LOOP's technology, trade secrets, patents, or confidential information." *Id.* at # 4.
- "All meetings of the LOOP Board of Directors from January 2014 to present, including who attended, what was discussed, and any documents relating thereto." *Id.* at Topic # 5.
- "All meetings of LOOP shareholders from January 2014 to present, including who attended, what was discussed, and any documents relating thereto." *Id.* at Topic # 6.

The foregoing are exemplars of virtually the entirety of AW-USA's Discovery Requests. Courts regularly find requests of this type improper and abusive.

### A. Applicable Legal Standards.[4]

Rule 26 permits a party to seek a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c)(1). Under Rule 26 the Court has power, among other things, to forbid certain disclosure or discovery, specify its terms, or prescribe a discovery method other than the one selected by the party. *Id.* Rule 26 also allows the Court limit the "extent of discovery" where the discovery sought is unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii) ("the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: the ***burden or expense of the proposed discovery outweighs its likely benefit***...") (emphasis added).

### B. Specific Objections

Loop AI has set forth its detailed grounds for seeking a protective order as to certain Discovery Requests in its annotations submitted with the Discovery Requests at Exhibits A, B, and C attached hereto.[5] Most requests fall into certain objection categories and, therefore, regardless of

---

[4] Reference to the "Rules" as used herein is to the Federal Rules of Civil Procedure.
[5] Discovery Requests falling into each objection category are listed in Exhibits A-C. For ease of reference, they are also listed as follows: **Irrelevant** – RFP ## 4, 12, 14, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 33; Int. # 4; 30(b)(6) Topics ## 2, 14, 18; **Overbroad/Unduly Burdensome** – RFP ## 4, 7, 8, 9, 10, 11, 12, 14, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33; Int. ## 3, 6, 7; 30(b)(6) Topics ## 2, 14, 18; **Calls for Attorney Work-Product or Attorney Client Privilege** – RFP ## 7, 8, 9, 10, 11, 12, 13, 14, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33; Int. ## 3, 4, 5, 6, 7;

2

the discovery method used, are objectionable for the same reasons. Loop AI sets forth below some examples relating to the key issues raised by the Discovery Requests.

The Rules require AW-USA to tailor its discovery to relevant matters and to ensure that discovery requests are not overbroad or unduly burdensome.[6] To meet these standards, the Discovery Requests must be directly relevant to a claim or defense, and must be targeted such that the burden of responding does not outweigh the likely benefit. In addition, the Court has entered a Case Management Order specifying when certain discovery, such as expert discovery, may be taken, and specifying when trial will commence, triggering the time for filing pretrial submissions – such as witness and exhibit lists. *See* Dkt. No. 105. AW-USA cannot circumvent the Case Management Order by essentially asking Loop AI at the beginning of discovery to turn over all of its files showing how Loop AI intends to prove its case at trial.

**Discovery Requests for "ALL OF"** – AW-USA's Discovery Requests indiscriminately request "ALL OF" everything, without any regard to the issues in the case or the temporal scope of any request. Such requests are improper regardless of whether they are pursued by a written request, interrogatory or by a Rule 30(b)(6) deposition notice. *See, e.g., In re eBay Seller Antitrust Litig.*, No. 07-1882, 2008 WL 5212170, 2008 U.S. Dist. LEXIS 102815, at *6 (N.D. Cal. Dec. 11, 2008).

**Discovery Requests Unlimited in Time and Scope** – The majority of the Discovery Requests at issue fail to provide any time or scope limitations, a classic feature of overbroad discovery demands.[7]

**Overbroad 30(b)(6) Notice** – AW-USA's Rule 30(b)(6) Notice contains 39 topics, and probably in excess of 50 subtopics, including all the topics that AW-USA seeks to insert in its Rule 30(b)(6) Notice by reference to numerous other documents. AW-USA seeks to use its Rule 30(b)(6) Notice to avoid having to do its own work to develop facts and testimony relevant to its defenses in the case through its own investigations and through regular depositions of individuals with relevant knowledge.[8] Loop AI cannot possibly be required to prepare a 30(b)(6) witness on such a large quantity of information. To begin with, the 30(b)(6) Notice fails to meet the standard set by Fed. R. Civ. P. 30(b)(6), which specifically requires that topics be described with "reasonable particularity."

---

30(b)(6) Topics ## 2, 9, 18; **Contention Requests, Unduly Burdensome and Premature** – RFP ## 14, 16; Int. ## 3, 5, 6, 7; 30(b)(6) Topics ## 11, 18; **Requires Testimony on Ultimate Issues in The Case** – Int. ## 3, 5, 6, 7.

[6] *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is ***relevant*** to any party's claim or defense.") (emphasis added); *id.* at 26(b)(2)(C)(iii) ("the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: the ***burden or expense of the proposed discovery outweighs its likely benefit***...") (emphasis added); *See also Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 968 (9th Cir. 2004) (Explaining that the 2000 Amendments to the Federal Rules of Civil Procedure narrowed the breadth of appropriate discovery such that "discovery must now relate more directly to a 'claim or defense' than it did previously" under Rule 26.).

[7] *See, e.g. Surefire, LLC v. Jetbeam USA*, No. 12-00121, 2014 U.S. Dist. LEXIS 53019, at *8 (S.D. Cal. Apr. 16, 2014) ("Requests 5 and 6 are not ***limited in time*** or to products manufactured incorporating the patents-in-suit. The Requests are ***overbroad on their face*** and not enforceable by the Court.") (emphasis added); *Jackson v. Yates*, No. 11-00080, 2014 U.S. Dist. LEXIS 4100, at *6-7 (E.D. Cal. Jan. 13, 2014) ("Plaintiff's request is both ***vague*** and ***overbroad***. It is neither clear regarding the documents requested, ***nor is it limited in time or place***. Given the broad scope of the request, the ***burden and expense of a search for the proposed discovery outweighs its likely benefit***. Fed. R. Civ. P. 26(b)(2)(C)(iii).") (emphasis added).

[8] For instance, the 30(b)(6) Notice contains numerous topics about information relating to nonparties. For example, two of the topics relate to the "[f]actual and evidentiary basis for statements made in support of Charles H. Ferguson's" two declarations. *See* Ex. A at Topics ## 37-38. Mr. Ferguson is not an officer, director, managing agent, or representative of Loop AI. If AW-USA wants to depose Mr. Ferguson it is free to do so, but it cannot require Loop AI to be prepared to answer questions about Mr. Ferguson's statements.

3

Courts routinely narrow such overbroad and numerous 30(b)(6) topic lists.[9] Indeed, several topics are so vast that no single individual could ever be prepared to speak knowledgeably about them individually, let alone as a group. For example, Topic 23 seeks, without limitation, information pertaining to "Loop's allegations in the [First Amended Complaint]." This is simply not "reasonably particular" as required by Fed. R. Civ. P. 30(b)(6). The 30(b)(6) Notice also includes topics pertaining to legal, rather than factual, issues. For example, Topic 12 pertains to the "[i]dentification of trade secret secrets that LOOP alleges have been misappropriated." Whether a particular item is a trade secret is a legal conclusion, however, and therefore an inappropriate subject upon which to depose a fact witness.[10] Topic 11, which pertains to "LOOP's damages relating to the instant matter," likewise clearly seeks information about a legal question: damages.

**Discovery Regarding Contentions** – Discovery regarding "contentions" includes "any question that asks another party to indicate what it contends."[11] In this Circuit (as well as in others), discovery of a party's contentions is not permissible at the beginning of discovery.[12] Even where it is permissible later in the case, a party is simply not permitted to make the type of broad requests that AW-USA makes here.

**Attorney Client Privilege & Work-Product** – AW-USA also repeatedly demands access to information covered by the attorney client privilege and work product immunity. AW-USA's counsel has refused to narrow these requests until it receives a privilege log. However, a party cannot be required to log the entirety of its attorney-client privileged and work-product files without regard to any time and scope limitations. For instance, RFP 20 calls for "All DOCUMENTS RELATING TO" Loop AI's former corporate counsel, Orrick, Herrington & Sutcliffe LLP ("Orrick"). Orrick was Loop AI's primary counsel for **3 years**. Nothing in the Rules permits AW-USA to demand that Loop AI log all its communications with its counsel.

For the foregoing reasons, Loop AI respectfully requests that permission to move for a protective order be granted.

---

[9] *See, e.g.*, *Doubt v. NCR Corp.*, No. C 09-5617, 2011 U.S. Dist. LEXIS 136199, at *6-8 (N.D. Cal. Nov. 22, 2011) (Upholding a magistrate judge's findings that a 30(b)(6) request that included "fifty-six subject matter areas" was "radically overbroad and burdensome" and "completely inappropriate," and finding that the party seeking discovery was "seeking to conduct a deposition beyond the reasonable bounds of a Rule 30(b)(6) deposition."); *Karnazes v. County of San Mateo*, No. C 09-0767, 2010 U.S. Dist. LEXIS 57821, at *3-4 (N.D. Cal. May 19, 2010) (Holding as overbroad topics requiring knowledge of detailed minutia, expansive time frames, and otherwise irrelevant information.).

[10] *See, e.g., 3M Co. v. Kanbar*, No. 06-01225, 2007 U.S. Dist. LEXIS 47513, at *6 (N.D. Cal. June 19, 2007) ("topics containing the terms 'identical,' 'confusingly similar,' and 'blurring, dilution and tarnishment' are, in effect, seeking legal conclusions that should not form the basis for 30(b)(6) deposition topics.")

[11] They "typically … ask[] an opposing party to state all the facts on which it bases some specified contention. Yet another form of this category of interrogatory asks an opponent to state all the evidence on which it bases some specified contention. Some contention interrogatories ask the responding party to take a position, and then to explain or defend that position, with respect to how the law applies to facts. A variation on this theme involves interrogatories that ask parties to spell out the legal basis for, or theory behind, some specified contention." *In re Convergent Technologies Sec. Litigation*, 108 F.R.D. 328, 332 (N.D. Cal. 1985).

[12] "[C]ourts in this district have placed a burden of justification on a party who seeks answers to contention interrogatories before substantial documentary or testimonial discovery has been completed." *Campbell v. Facebook Inc.*, No. 13-05996, 2015 U.S. Dist. LEXIS 71961, at *10 (N.D. Cal. June 3, 2015) (internal quotations omitted). The court in *Campbell* went on to explain that, "[i]n the case where a defendant seeks responses to early contention interrogatories from a plaintiff, courts should be especially vigilant in evaluating the proffered justifications when the plaintiff's complaint is not facially infirm and the defendant appears to have control over or adequate access to much of the evidence relevant to its alleged misconduct." *Id.* at *11 (internal quotations omitted).

4

## ALMAWAVE USA'S POSITION

### Introduction

Loop's insistence on submitting this letter is premature, unnecessary and constitutes further abuse of the discovery process and this Court's Orders for managing discovery disputes.

Almawave USA has served Requests for Production ("RFPs"), Interrogatories, and a Notice of Deposition on Loop. Loop has not, as required by the Federal Rules of Civil Procedure, "respond[ed] in writing within 30 days after being served" with RFPs and Interrogatories. Fed. R. Civ. P. 34(b)(2)(A); *see also* Fed. R. Civ. P. 33(b)(3). And Almawave's Fed. R. Civ. P. 30(b)(6) notice contemplates a deposition no earlier than August 27.

Rather than meeting its obligations under Rules 33 and 34, Loop has insisted on moving for a protective order because, Loop says, "the Discovery Requests are so abusive as to render any attempt at responding unduly burdensome." Letter at 1. Loop nowhere explains why it could not simply serve responses and objections, as the Rules contemplate, and then meet and confer with Almawave should that become necessary.

Loop only presented Almawave with its objections on July 20 when it provided its "annotated" exhibits to the Letter (which annotated exhibits themselves Almawave understands to be in contravention to this Court's Standing Order). Almawave has urged Loop to meet and confer in good faith about Almawave's discovery requests, and has urged Loop to forego submitting this letter at least until after the parties attend, tomorrow, the discovery conference ordered by the Court. Loop refuses.

Instead, Loop insists on seeking leave to file a facially-improper motion for what amounts to a blanket protective order. This Court should deny Loop leave to file that improper motion, order Loop to respond in writing to Almawave's RFPs and Interrogatories, and order the parties to then first meet-and-confer in good faith on Loop's objections, if necessary.

### Factual Background

After weeks of Loop's delay, on July 9, the parties were finally able to conclude meeting and conferring on a number of issues that already have been presented to Your Honor via letter dated July 13.

Also on July 8, Loop's counsel Valeria Calafiore Healy for the first time said that Loop objected to a single RFP (No. 20). Almawave's counsel asked Ms. Calafiore Healy to explain Loop's objection and, more generally, asked that Loop provide its written responses and objections to Almawave USA's RFPs. Ms. Calafiore Healy refused.

Prior to, during, and after the July 9 call, Almawave also beseeched Loop to present, in writing, any other objections to Almawave's discovery requests. Loop refused.

5

Counsel for the parties spoke again on the phone on July 15. On that call, Almawave's counsel again beseeched Loop to present in writing any objections, rather than discuss for the first time "on the fly" the various discovery requests which Loop said were at issue. Ms. Calafiore Healy never raised on any telephone call any objection to the interrogatories served on Loop and never gave any written objection (either in the form of a letter, e-mail, formal written responses, etc.) to the Requests for Production, the topics listed on the deposition notice to Loop, or the interrogatories.

On July 20, at 5:15 p.m., Loop's counsel provided its draft of this Letter, and included the annotated exhibits A-C. <u>This was the first time that Almawave had ever seen a written position from Loop about its objections.</u> Ms. Calafiore Healy said Loop would file this Letter by July 22.

Loop has thus failed to meet the threshold requirement for seeking a protective order. The Federal Rules of Civil Procedure require that any motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c). Loop's failure to provide any basis in writing for a protective order prior to seeking leave is not a "good faith" effort to meet and confer.

### Loop Has Not Shown that Leave to Move for a Protective Order Is Appropriate

Loop has failed to show that a protective order is appropriate here. Loop must "provide adequate specificity as to what [it] seek[s] to protect." *Doe v. Reed*, No. C09-5456BHS, 2010 WL 3947501, at *2 (W.D. Wash. Oct. 6, 2010); *see also Ioane v. Spjute*, No. 1:07-cv-00620-AWI-GSA, 2014 WL 3401171, at *3 (E.D. Cal. July 10, 2014) (denying a motion for protective order where movants "have not delineated the scope and parameters of the protective order they seek" and where movants' "assertions are far too vague, sweeping, and conclusory for the Court to adequately assess them, let alone issue a protective order").

Far from providing the requisite specificity, Loop appears to seek, based on sweeping and conclusory assertions, an order halting all discovery served upon it. A protective order would be particularly inappropriate here, where Loop has not offered any rationale as to why a protective order is required for a number of the RFPs and Interrogatories. *See Lumber Liquidators, Inc. Sullivan*, No. EDCV 12-1191-ABC (DTBx), 2012 WL 4464867, at *3 (C.D. Cal. Aug. 31, 2012) ("To the extent that defendant alternatively contends that a protective order is warranted because the discovery imposes an undue burden, defendant has failed to provide sufficient support for this contention . . . [because] defendant only identified two of the discovery requests in dispute, explaining that they were being provided '[b]y way of example.'") (citations omitted).

### Almawave's RFPs Are Proper

Loop raises a number of improper and/or inapplicable objections to Almawave's RFPs.

<u>First</u>, Loop's assertion that Almawave's RFPs seek irrelevant information is both legally and factually inaccurate. Loop contends that "to ensure that discovery requests are not overbroad or unduly burdensome, . . . the Discovery Requests must be directly relevant to a

6

claim or defense." Letter at 3. In fact, "[d]iscovery is authorized of information that is 'relevant to the subject matter,' that is, if it might reasonably assist a party in evaluating the case, preparing for trial or facilitating settlement thereof. The relevance test for discovery purposes is whether the information sought might reasonably lead to other evidence that would be admissible. Moreover, the matter need only be relevant to the subject matter of the action, not necessarily the issues." *Campos v. S.F. State Univ.*, No. C–97–2326 MMC (PJH), 1999 WL 35140127, at *2 (N.D. Cal. Mar. 19, 1999). "Courts will rarely reject discovery requests on the ground the information sought is not 'relevant to the subject matter' of the action." *Id.* Thus, Loop's commentary on Almawave's RFPs Nos. 4, 14 and 18-26 lacks merit.

Second, Loop's rote incantation that the Requests are "unduly burdensome" (*see, e.g.,* Letter at 1) and its frequent reference to the "benefit"/"burden" language of Fed. R. Civ. P. 26 (*see, e.g., id.* at 2-3) does not satisfy Loop's burden in resisting production. "[T]he party who resists discovery has the burden to show that discovery should not be allowed," and that party cannot support "its claim of undue burden only with generalities." *Tessera, Inc. v. Sony Corp.*, No. 5:11–cv–04399 EJD, 2012 WL 5915417, at *2 (N.D. Cal. Nov. 26, 2012). Here, Loop has presented no argument, much less proffered any evidence, as to why the burden of responding to any of Almawave's RFPs exceeds the benefit that would be gained. To the contrary, Loop's responses to Almawave's RFPs will be essential to resolving this dispute. Thus, Loop's commentary on Almawave's RFPs Nos. 4, 14 and 18-26 is inapposite.

Third, Loop's commentary on those RFPs which seek "all documents" also is meritless. Courts routinely compel production of documents in response to document requests which seek "all" documents on a particular subject. *See, e.g., Welle v. Provident Life & Accident Ins. Co.*, Case No.: 3:12–cv–3016 EMC (KAW), 2013 WL 5663221, at *2 (N.D. Cal. Oct. 17, 2013) (finding that a request for "any and all documents that reflect, refer or relate" to a particular issue to be "not overly broad, unduly burdensome, vague, or ambiguous"). Thus, Loop's contentions regarding Almawave USA's RFPs Nos. 18-26 are not accurate.

Fourth, Loop's complaint that the RFPs have no time limit (Letter at 3) is specious. Loop has existed for only a few years, and the events at issue in this case span only one year. So even requests unlimited by time call for only a very discrete number of documents. In any event, a party is required to respond to a request for production which lacks a time limitation if the request is otherwise proper. *See, e.g., Kreidler v. Pixter*, No. C06-0697RSL, 2007 WL 3046213, at *2 (W.D. Wash. Oct. 17, 2007) (rejecting defendants' argument "that the request contains no time limitation . . . [where] defendants have not shown that responding to the request will be unduly burdensome or shown that the parties' relationship spans a long period of time"); *Bracci v. United Parcel Serv. Gen. Serv. Co.*, CIV. No. 95-1240-FR, 1996 WL 684468, at *4 (D. Or. Nov. 21, 1996) (ordering production of documents in response to a request which had "an implicit time limit which does not appear too burdensome"). Thus, Loop's contentions regarding Almawave USA's RFPs Nos. 7-8, 12, and 14 are meritless.

For at least the above reasons, leave for Loop to file a protective order as to Almawave USA's RFPs is neither necessary nor appropriate.

### Almawave USA's Interrogatories Are Proper

Loop has never even pretended to meet and confer in any way regarding Almawave's Interrogatories. Moreover, Loop merely repeats its same specious assertions made as to Almwave USA's RFPs. *See, e.g.*, Interrogatory No. 3 (described as "unduly burdensome"); Interrogatory No. 4 (described as "lack[ing] relevance").

Loop's assertions as to Almawave's Interrogatories consist of little more than improper "string objections." But "[g]rounds for objection to interrogatories must be stated with specificity. 'Blanket' objections are not sufficient[,] and 'string objections' are unacceptable, improper, and without merit." *Everflow Tech. Corp. v. Millennium Elecs. Inc.*, No. 07–05795 JF (HRL), 2009 WL 672985, at *2 (N.D. Cal. Mar. 13, 2009) (overruling responding party's blanket objections which asserted that the interrogatories in question were "compound, vague, ambiguous, burdensome, oppressive, or seek documents protected by the attorney-client privilege, work product privilege, or the right of privacy"). For example, Loop's response to Interrogatory No. 3 states: "Unduly Burdensome, Premature Contention Interrogatory, ACP/AWP . . . ." Loop's objections are improper.

### Almawave's Deposition Notice and the Topics Identified therein Are Proper

Almawave's Deposition Notice to Loop is proper. Loop objects to a number of deposition topics on the basis of, *inter alia*, relevance, but makes no effort to explain why those topics are irrelevant. *See Westley v. Oclaro, Inc.*, No. 11–cv–02448 EMC (NC), 2013 WL 1365910, at *3-4 (N.D. Cal. Apr. 3, 2013) (finding that the information sought in disputed deposition topics was "within the scope of the discovery plaintiffs are entitled to obtain" where party to be deposed has "not explained why they consider the topics to be irrelevant, inappropriate, or overbroad"). Similarly, Loop's conclusory response as to Topic Nos. 2, 5, 6, and 9 are improper.

Loop also argues that certain topics are not specific enough. But "[a] party need only designate, with reasonable particularity, the topics for examination." *Burdick v. Union Sec. Ins. Co.*, No. CV 07-4028 ABC(JCx), 2008 WL 5102851, at *2 (C.D. Cal. Dec. 3, 2008). "The 'reasonable particularity' requirement in Rule 30(b)(6) . . . merely requires that the requesting party describe topics with enough specificity to enable the responding party to designate and prepare one or more deponents." *Nippo Corp./Int'l Bridge Corp. v. AMEC Earth & Environmental, Inc.*, Civil Action No. 09–cv–0956, 2009 WL 4798150, at *3 (E.D. Pa. Dec. 11, 2009).

The topics identified in Almawave USA's 30(b)(6) deposition notice seek relevant information and are described with reasonable particularity. As such, they are not objectionable.

8

Respectfully submitted,

| | |
|---|---|
| *[signature]* <br> Thomas E. Wallerstein, Esq. <br> VENABLE LLP <br> 505 Montgomery Street, Suite 1400 <br> San Francisco, California 94111 <br> *Lead counsel of record for Almaviva S.p.A., Almwave S.r.l., and Almawave USA Inc.* | Valeria Calafiore Healy, Esq. (*phv*) <br> Healy LLC <br> 154 Grand Street <br> New York, New York 10013 <br> *Lead counsel of record for Loop AI Labs Inc.* |

cc: by ECF to all counsel of record.

Respectfully submitted,

| | |
|---|---|
| _____<br>Thomas E. Wallerstein, Esq.<br>VENABLE LLP<br>505 Montgomery Street, Suite 1400<br>San Francisco, California 94111<br>***Lead counsel of record for Almaviva S.p.A., Almwave S.r.l., and Almawave USA Inc.*** | _____<br>Valeria Calafiore Healy, Esq. (*phv*)<br>Healy LLC<br>154 Grand Street<br>New York, New York 10013<br>***Lead counsel of record for Loop AI Labs Inc.*** |

cc: by ECF to all counsel of record.