POSTMARKED: 07/01/2015
RECEIVED: 07/06/2015

1  **VENABLE LLP**
Thomas E. Wallerstein (SBN 232086)
2  Kimberly Culp (SBN 238839)
Email: twallerstein@venable.com
3         kculp@venable.com
505 Montgomery Street, Suite 1400
4  San Francisco, CA 94111
Telephone:   415.653.3750
5  Facsimile:   415.653.3755

6  Attorneys for Defendant Almawave USA, Inc.

7

8  ### UNITED STATES DISTRICT COURT

9  ### FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  LOOP AI LABS, INC., a Delaware
corporation,
12
Plaintiffs,
13

14       v.

15

16  ANNA GATTI, an individual,
ALMAVIVA S.p.A., an Italian corporation,
17  ALMAWAVE S.r.l., an Italian corporation,
ALMAWAVE USA, Inc., a California
18  corporation, IQSYSTEM LLC, a California
limited liability company, IQSYSTEM Inc., a
19  Delaware corporation,

20       Defendants.

21

CASE NO.: 3:15-cv-00798-HSG (DMR)

**ALMAWAVE USA, INC.'S NOTICE OF
DEPOSITION OF LOOP AI LABS, INC.**

Date:       August 27, 2015
Time:       9:00 a.m.
Place:      Venable LLP
            505 Montgomery Street,
            Suite 1400
            San Francisco, CA 94111

Action Filed: February 20, 2015
Trial Date: July 11, 2016

22

23

24

25

26

27

28

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

1  **TO PLAINTIFF AND ITS ATTORNEY OF RECORD:**

2  PLEASE TAKE NOTICE THAT pursuant to Federal Rule of Civil Procedure 30, the

3  deposition of Loop AI Labs, Inc. ("LOOP") will be taken stenographically and by videotape

4  upon oral examination on **August 27, 2015 at 9:00 a.m.**, before a certified court reporter at

5  **Venable LLP, 505 Montgomery Street, Suite 1400, San Francisco, CA 94111** or on another

6  date and location as the parties may agree. The deposition will continue day to day thereafter,

7  except Sundays and holidays, until completed. Almawave USA, Inc. ("ALMAWAVE USA")

8  intends to use any such audio or video tape at the time of trial.

9  Pursuant to Federal Rule of Civil Procedure 30(b)(6), LOOP is required to designate and

10  produce at the deposition those of its officers, directors, managing agents or other representatives

11  to testify on its behalf as to topics 1-39 as set forth in the attached Exhibit A.

12

13  Dated: June 26, 2015                **VENABLE LLP**

14

15

16                                      By: _____

17                                      Thomas E. Wallerstein (SBN 232086)
                                        Kimberly Culp (SBN 238839)
18                                      505 Montgomery Street, Suite 1400
                                        San Francisco, CA 94111
19                                      twallerstein@venable.com
                                        kculp@venable.com
20                                      Tel.: (415) 653-3750
                                        Fax: (415) 653-3755
21                                      *Attorneys for Almawave USA, Inc.*

22

23

24

25

26

27

28

9836609-v2                ALMAWAVE USA, INC.'S NOTICE OF DEPOSITION OF LOOP AI LABS, INC.

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

**<u>EXHIBIT A</u>**

The following definitions apply to the Requests herein:

"ALMAWAVE" means Almawave USA, Inc., Almaviva S.p.A, Almawave S.r.l and any of their predecessors, successors, related entities, sister or parent entities, agents, assigns, officers, directors, employees, or any individual or entity acting on their behalf or under their direction or control.

"ALMAWAVE ENTITIES" means Almawave USA, Inc., Almaviva S.p.A, Almawave S.r.l and any of their predecessors, successors, related entities, sister or parent entities.

"LOOP" means Loop AI Labs, Inc. and any of its predecessors, successors, agents, assigns, officers, directors, employees, or any individual or entity acting on their behalf or under its direction or control.

"IQS INC" means IQSystem, Inc. and any of its predecessors, successors, agents, assigns, officers, directors, employees, or any individual or entity acting on their behalf or under its direction or control.

"IQS LLC" means IQSystem LLC and any of its predecessors, successors, agents, assigns, officers, directors, employees, or any individual or entity acting on their behalf or under its direction or control.

"ELETTRANOVA" means Elettranova Engineering Inc. and any of its predecessors, successors, agents, assigns, officers, directors, employees, or any individual or entity acting on their behalf or under its direction or control.

"FAC" means the First Amended Complaint filed on April 6, 2015.

"Any" and "each" include and encompass "all" and vice versa. "Or" includes and encompasses "and", and vice versa. The singular includes the plural, and vice versa. The masculine includes and encompasses the feminine, and vice versa.

"DOCUMENT" and "DOCUMENTS" means a writing and includes without limitation the following, whether printed, recorded or reproduced by any other mechanical process or written or produced by hand, including drafts: agreements; communications; correspondence; electronic mail; texts; instant messages; Facebook or other social networking posts; telegrams;

Definitions: ACP=  Attorney Client Privilege
AWP= Attorney Work-Product

1   memoranda; summaries, records or reports of telephone conversations, personal conversations,

2   interviews, meetings, conferences, investigations or negotiations; opinions or reports of

3   consultants; diaries; graphs; reports; notebooks; charts; plans; drawings; sketches; maps;

4   photographs; film; brochures; pamphlets; advertisements; circulars; press releases; drafts; letters;

5   faxes; any marginal comments appearing in any documents; tape recordings; electronic

6   transmissions; computer printouts and all other writings.  A "DOCUMENT" is not limited in any

7   way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-

8   ROM, DVD, optical disk, or other electronic-storage device).  A draft or non-identical copy of a

9   DOCUMENT is a separate "DOCUMENT" within the meaning of this term.

10      "RELATING TO" means constituting, evidencing, embodying, referring to, comprising,

11   identifying, commenting on, describing, containing, reflecting, or relating to the subject matter.

12                        **TOPICS ON WHICH TESTIMONY IS REQUIRED**

13   **TOPIC NO. 1.**  Unduly Burdensome, Premature Contention Interrogatory, ACP/ AWP, Calls for Loop To Testify As To Ultimate Issue in the Case

14      LOOP's basis for and evidentiary support for the allegations made in the FAC against

15   ALMAWAVE, its principles, officers, directors, or employees other than Anna Gatti and IQS,

16   INC.

17   **TOPIC NO. 2.**  Lacks Relevance to any pending claim or defense, Calls for ACP/ AWP materials

18      Any investigation LOOP conducted into potential claims against, or potential

19   wrongdoing of ALMAWAVE, but not including potential claims against, or wrongdoing of

20   Anna Gatti, except as indicated below.

21   **TOPIC NO. 3.**

22      Information regarding Anna Gatti supplying LOOP confidential information to

23   ALMAWAVE.

24   **TOPIC NO. 4.**

25      Information regarding Anna Gatti supplying LOOP confidential information to IQS INC

26   or IQS LLC or any other third-party.

27      ///

28      ///

Premature, unclear, calls for ACP and AWP.  Loop AI has just began discovery and cannot be required to testify on a Rule 30(b)(6) deposition as to the full scope of this topic at this stage.  AV is free to question Loop AI's employees as to the specific disclosures on this topic made in their declarations.

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

9836609-v2

**TOPIC NO. 5.** ← Lacks Relevance, Unduly Burdensome.

All meetings of the LOOP Board of Directors from January 2014 to present, including who attended, what was discussed, and any documents relating thereto.

**TOPIC NO. 6.**

All meetings of LOOP shareholders from January 2014 to present, including who attended, what was discussed, and any documents relating thereto.

**TOPIC NO. 7.**

Anna Gatti's job duties and responsibilities while employed by LOOP, or its predecessors, successors, related entities, sister or parent entities.

**TOPIC NO. 8.**

LOOP's document preservation, collection and production.

**TOPIC NO. 9.** ← Lacks Relevance, Calls for ACP-AWP.

The acquisition of documents by LOOP from ELETTRANOVA or any of its principles, officers, directors, employees or consultants, including Fabio Ficano.

**TOPIC NO. 10.**

LOOP's sales, profits and losses.

Loop AI can testify to factual matters going to damages, but to the extent this topic seeks testimony as to the ultimate conclusion of damages or for expert

**TOPIC NO. 11.** ←

LOOP's damages relating to the instant matter.

**TOPIC NO. 12.**

Identification of trade secrets that LOOP alleges have been misappropriated by any defendant.

Unduly burdensome and premature. Loop AI will produce a Trade Secret list in accordance with the rules governing the production of such a list. This topic is more appropriate for a written interrogatory rather than a 30(b)(6) notice, as no witness can possibly be expected to prepare to testify from memory as to the matters called for by this request.

**TOPIC NO. 13.**

Efforts to maintain the confidentiality of any trade secrets that LOOP alleges have been misappropriated by any defendant.

**TOPIC NO. 14.** ← Lacks Relevance, Unduly burdensome. The claims pending in this case involve Gatti's specific employment terms as CEO and President of the Loop AI.

All DOCUMENTS RELATING TO any employee, officer or director of LOOP engaging in employment, consulting, or other work for monetary gain with any person or entity other than LOOP, or its predecessor or related entity, from 2011 to present.

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

1    **TOPIC NO. 15.**

2        LOOP's knowledge, or lack thereof, of Anna Gatti engaging in employment, consulting,

3    or other work with or for any other entity while she was employed by LOOP, or its predecessor

4    or related entity.

5    **TOPIC NO. 16.** Lacks Relevance, Unduly burdensome.  The claims pending in this case involve Gatti's specific employment terms as CEO and President of the Loop AI.

6        Whether any employee, officer or director of LOOP engaged in employment, consulting,

7    or other work with or for any other entity while employed by LOOP, or its predecessor or related

8    entity.

9    **TOPIC NO. 17.**

10        LOOP's knowledge, or lack thereof, regarding the event at the Italian Consulate in San

11   Francisco referred to in paragraph 56 of the FAC or any of the "numerous other events that

12   Almaviva Defendants held in California" referred to in paragraph 56 of the FAC.

13   **TOPIC NO. 18.** Lacks Relevance, Unduly burdensome.  Loop AI cannot prepare to testify about this topic in the abstract without any reference to the facts at issue in the case.  This topic is also objected to the extent it prematurely calls for expert testimony.

14        Any valuations of LOOP, or its predecessor or related entity.

15   **TOPIC NO. 19.** This request includes 13 subtopics.

16        Potential investments into LOOP by the venture capital fund referred to in paragraphs 27

17   and 28 of the FAC, or by Investment Funds 1, 2, 3, 4, or 6 referred to in paragraphs 94, 111, 113,

18   116 and 146 of the FAC.

19   **TOPIC NO. 20.** This request includes 2 subtopics.

20        LOOP's allegations regarding Companies X and Z referred to in paragraphs 153 and 181

21   of the FAC.

22   **TOPIC NO. 21.** This request includes 3 subtopics and is also a disguised contention interrogatory as it purports to seek information relating to paragraphs that make allegations regarding Almaviva's technology.

23        LOOP's technology and business as described in paragraphs 2, 127, and 130 of the FAC.

24   **TOPIC NO. 22.** Unduly Burdensome, Premature Contention Interrogatory, ACP/AWP, Calls for Loop To Testify As To Ultimate Issue in the Case, and for matters that will be subject of expert testimony.

25        LOOP's basis for claiming that ALMAWAVE benefitted from any alleged wrongdoing

26   of Anna Gatti.

27   **TOPIC NO. 23.** Unduly Burdensome, Premature Contention Interrogatory, ACP/AWP, Calls for Loop To Testify As To Ultimate Issue in the Case, and for matters that will be subject of expert testimony, lacks specificity.

28        LOOP's allegations in the FAC.

**TOPIC NO. 24.**

LOOP's allegations relating to Scientist 1, as referred to in paragraph 156 of the FAC.

**TOPIC NO. 25.** ← Lacks specificity required by Rule 30(b)(6), Unduly Burdensome.

Documents that LOOP produces in the instant matter.

**TOPIC NO. 26.** ← Unduly Burdensome, lacks specificity, calls for ACP/AWP.

Bases for LOOP's responses to interrogatories.

**TOPIC NO. 27.**

Information relating to control by LOOP of predecessors, successors, related entities, sister or parent entities.

**TOPIC NO. 28.**

Agreements between Anna Gatti and LOOP, or its predecessors, successors, related entities, sister or parent entities, including employment contract between Anna Gatti and LOOP referred to in FAC.

**TOPIC NO. 29.**

Removal of Anna Gatti as a director of LOOP.

**TOPIC NO. 30.**

Termination of Anna Gatti's employment with LOOP.

**TOPIC NO. 31.**

Alleged unauthorized access and circumvention of LOOP computer systems referred to in paragraphs 223 and 224 of the FAC.

**TOPIC NO. 32.**

Factual and evidentiary basis for statements made in support of Bart M. Peintner's April 7, 2015 Declaration.

**TOPIC NO. 33.**

Factual and evidentiary basis for statements made in support of Valeria C. Healy's May 10, 2015 Declaration.

Lacks specificity required by Rule 30(b)(6), Unduly Burdensome, calls for witness to give legal opinion as to "evidentiary basis" and is an improper and premature contention interrogatory. Almaviva is free to depose witnesses as to their factual knowledge but it cannot require Loop AI to prepare for a 30(b)(6) deposition on potentially hundreds of topics, and require the witnesses, who are not legal expert to give Almaviva an overview of how Loop AI intends to prove its case at trial.

///

///

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

1   **TOPIC NO. 34.**

Lacks specificity required by Rule 30(b)(6), Unduly Burdensome, calls for witness to give legal opinion as to "evidentiary basis" and is an improper and premature contention interrogatory. The declarations referenced in Topic 34-36 introduce factual exhibits to the Court in connection with various proceedings.  The exhibits mostly relate to Almaviva's own activities.  The numerous exhibits provided to the Court do not constitute appropriate topics for a 30(b)(6) deposition.

2   Factual and evidentiary basis for statements made in support of Valeria C. Healy's April

3   10, 2015 Declaration.

4   **TOPIC NO. 35.**

5   Factual and evidentiary basis for statements made in support of Valeria C. Healy's March

6   10, 2015 Declaration.

7   **TOPIC NO. 36.**

8   Factual and evidentiary basis for statements made in support of Valeria C. Healy's March

9   3, 2015 Declaration.

Improper topic.  Loop AI cannot be required to prepare to testiy as to a third party witness deposition.  Almaviva is free to call Mr. Ferguson to testify as a witness.

10  **TOPIC NO. 37.**

11  Factual and evidentiary basis for statements made in support of Charles H. Ferguson's

12  March 2, 2015 Declaration.

13  **TOPIC NO. 38.**

14  Factual and evidentiary basis for statements made in support of Charles H. Ferguson's

15  March 26, 2015 Declaration.

16  **TOPIC NO. 39.** ⟵ See objections to Topics 32-33.

17  Factual and evidentiary basis for statements made in support of Patrick Ehlen's April 7,

18  2015 Declaration.

19

20  Dated: June 26, 2015                    **VENABLE LLP**

21

22                                          By: _____

23                                          Thomas E. Wallerstein (SBN 232086)
                                            Kimberly Culp (SBN 238839)
24                                          505 Montgomery Street, Suite 1400
                                            San Francisco, CA 94111
25                                          twallerstein@venable.com
                                            kculp@venable.com
26                                          Tel.: (415) 653-3750
                                            Fax: (415) 653-3755
27                                          *Attorneys for Almawave USA, Inc.*

28

**V E N A B L E   L L P**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750