**VENABLE LLP**
Thomas E. Wallerstein (SBN 232086)
Kimberly Culp (SBN 238839)
Email: twallerstein@venable.com
       kculp@venable.com
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
Telephone:  415.653.3750
Facsimile:  415.653.3755

Attorneys for Defendant Almawave USA, Inc.

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ANNA GATTI, an individual, ALMAVIVA S.p.A., an Italian corporation, ALMAWAVE S.r.l., an Italian corporation, ALMAWAVE USA, Inc., a California corporation, IQSYSTEM LLC, a California limited liability company, IQSYSTEM Inc., a Delaware corporation,<br><br>Defendants. | CASE NO.: 3:15-cv-00798-HSG (DMR)<br><br>**ALMAWAVE USA, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF LOOP AI LABS, INC., SET NO. ONE**<br><br>Action Filed: February 20, 2015<br>Trial Date: July 11, 2016 |

PROPOUNDING PARTY: ALMAWAVE USA, INC.

RESPONDING PARTY:  LOOP AI LABS, INC.

SET NO.:            ONE

**TO PLAINTIFF AND ITS ATTORNEY OF RECORD:**

Pursuant to Federal Rule of Civil Procedure 34, Defendant Almawave USA, Inc. ("**Almawave USA**") hereby requests that Plaintiff Loop AI Labs, Inc. ("**Loop**") respond to the following Requests for Production ("**Requests**") and produce all of the documents or tangible objects identified below at the offices of Venable LLP, 505 Montgomery Street, Suite 1400, San Francisco, CA 94111 within 30 days of service of these Requests.

## DEFINITIONS

The following definitions apply to the Requests herein:

"ALMAWAVE" means Almawave USA, Inc., Almaviva S.p.A, Almawave S.r.l and any of their predecessors, successors, related entities, sister or parent entities, agents, assigns, officers, directors, employees, or any individual or entity acting on their behalf or under their direction or control.

"ALMAWAVE ENTITIES" means Almawave USA, Inc., Almaviva S.p.A, Almawave S.r.l and any of their predecessors, successors, related entities, sister or parent entities.

"LOOP" means Loop AI Labs, Inc. and any of its predecessors, successors, agents, assigns, officers, directors, employees, or any individual or entity acting on their behalf or under its direction or control.

"IQS INC" means IQSystem, Inc. and any of its predecessors, successors, agents, assigns, officers, directors, employees, or any individual or entity acting on their behalf or under its direction or control.

"IQS LLC" means IQSystem LLC and any of its predecessors, successors, agents, assigns, officers, directors, employees, or any individual or entity acting on their behalf or under its direction or control.

"ELETTRANOVA" means Elettranova Engineering Inc. and any of its predecessors, successors, agents, assigns, officers, directors, employees, or any individual or entity acting on their behalf or under its direction or control.

"FAC" means the First Amended Complaint filed on April 6, 2015.

"Any" and "each" include and encompass "all" and vice versa. "Or" includes and encompasses "and", and vice versa. The singular includes the plural, and vice versa. The masculine includes and encompasses the feminine, and vice versa.

"DOCUMENT" and "DOCUMENTS" means a writing and includes without limitation the following, whether printed, recorded or reproduced by any other mechanical process or written or produced by hand, including drafts: agreements; communications; correspondence; electronic mail; texts; instant messages; Facebook other social networking posts; telegrams; memoranda; summaries, records or reports of telephone conversations, personal conversations, interviews, meetings, conferences, investigations or negotiations; opinions or reports of consultants; diaries; graphs; reports; notebooks; charts; plans; drawings; sketches; maps; photographs; film; brochures; pamphlets; advertisements; circulars; press releases; drafts; letters; faxes; any marginal comments appearing in any documents; tape recordings; electronic transmissions; computer printouts and all other writings. A "DOCUMENT" is not limited in any way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or other electronic-storage device). A draft or non-identical copy of a DOCUMENT is a separate "DOCUMENT" within the meaning of this term.

"RELATING TO" means constituting, evidencing, embodying, referring to, comprising, identifying, commenting on, describing, containing, reflecting, or relating to the subject matter.

## INSTRUCTIONS

1. Documents shall be produced in their original file folders, or any writing on the file folder (or its label, tab or directory) from which each document is taken shall be copied and appended to the document and the person, department, division, or office for whom or which the document or the file folder is maintained shall be identified.

2. Documents attached to each other shall not be separated.

3. If you withhold any document based on some limitation of discovery, including, but not limited to, a claim of privilege, you must supply a list of the documents being withheld, indicating as to each: (a) the author, sender, writer, addressor or initiator; (b) all addressees, recipients and intended recipients, including any blind copies indicated; (c) the date created or

1  transmitted; (d) the subject matter and subject matter indicated on the document, if any; and (3)
2  the claimed grounds for exclusion from discovery.

3      4.    If you lack the ability to comply with a request, you must specify whether the
4  inability to comply is because the particular document, item or category never existed; has been
5  destroyed; has been lost, misplaced or stolen; has never been in your possession or was once in
6  your possession but is no longer. You must also state the name and address of any person known
7  or believed by you to have possession of a document, item or category for which you lack the
8  ability to comply with a request for production.

9      5.    If a document, item or category has been destroyed or discarded, identify that
10 document, item or category by stating as to each: (a) the author, sender, writer, fabricator,
11 assembler, addressor or initiator; (b) all addressees, recipients and intended recipients, including
12 any blind copies indicated; (c) the date created or transmitted; (d) the subject matter and subject
13 matter indicated on the document, if any; (e) the number of pages, including the presence of any
14 appendices, exhibits or attachments; (f) all persons with whom there was communication
15 concerning the document, including all persons to whom the document was shown, distributed,
16 discussed or explained; (g) the date of, manner of, and reason the document, item or category
17 was destroyed or discarded; (h) all witnesses to the destruction; and (i) the name and address of
18 any person known or believed by you to have possession of a copy of the document, item or
19 category that was discarded or destroyed.

20     6.    These requests call for the production of documents or things in your possession,
21 custody or control, or in the custody or control of another if you have the right, privilege or
22 opportunity to examine it upon request or demand, whether or not such right, privilege or
23 opportunity has been exercised.

24     7.    These requests are deemed to be continuing and if any documents responsive to
25 these requests are later obtained by you or your counsel, you are required to promptly
26 supplement your responses to provide such additional information.

27     8.    You must produce all drafts or non-identical copies (whether they differ from the
28 originals as a result of notes on the DOCUMENT, or for any other reason).

9. Documents which are ordinarily maintained in an electronic format shall be produced in the following manner:

   a. If a DOCUMENT is a Microsoft Excel spreadsheet or any other "Excel-type" spreadsheet, the DOCUMENT shall be produced in its native format with metadata intact;

   b. If a DOCUMENT is a Microsoft Powerpoint presentation or any other "Powerpoint-type" document, the DOCUMENT shall be produced in its native format with metadata intact;

   c. All other electronic DOCUMENTS shall be produced in single-page TIFF format along with corresponding text files and Relativity load files. Additionally, if any of the following metadata production fields exist they must also be included: PRODBEG; PRODEND; PAGECOUNT; BEGATTACH; ENDATTACH; DOCDATE; AUTHOR; RECIPIENT; COPYEE; BCC; DOCTYPE; DOCTITLE; FOLDER; FILENAME; FILEEXTENSION; FULLTEXT; CREATEDATE; MODIFYDATE; RECORDTYPE; CUSTODIAN; MODTIME; MD5 hash; and

   d. Any DOCUMENT that cannot be produced either in compliance with (a), (b), or (c) above must be produced in its native format and must be accompanied by the appropriate software to open and review the DOCUMENT.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.**

All DOCUMENTS RELATING TO any agreements between LOOP and Anna Gatti, including but not limited to the documents referred to in FAC at paragraphs 67 and 80.

**REQUEST FOR PRODUCTION NO. 2.**

All DOCUMENTS RELATING TO the removal of Anna Gatti as a director of Loop AI Labs, Inc.

**REQUEST FOR PRODUCTION NO. 3.**

All DOCUMENTS RELATING TO the termination of Anna Gatti's employment with Loop AI Labs, Inc.

> [Annotation: This Request is the same as Topic # 14 in the Rule 30(b)(6) notice and is objectionable for the same reasons stated therein.]

> [Annotation: Lacks Relevance, Unduly burdensome. The claims pending in this case involve Gatti's specific employment terms as CEO and President of the Loop AI.]

**REQUEST FOR PRODUCTION NO. 4.**

All DOCUMENTS RELATING TO any employee, officer or director of LOOP engaging in employment, consulting, or other work for monetary gain with any person or entity other than Loop AI Labs, Inc., or its predecessor or related entity, from 2011 to present.

**REQUEST FOR PRODUCTION NO. 5.**

All DOCUMENTS RELATING TO LOOP's knowledge or lack thereof of Anna Gatti engaging in employment, consulting, or other work with or for any of the ALMAWAVE ENTITIES while she was employed by Loop AI Labs, Inc. (or its predecessor or related entity).

**REQUEST FOR PRODUCTION NO. 6.**

All DOCUMENTS RELATING TO LOOP's knowledge or lack thereof of Anna Gatti engaging in employment, consulting, or other work with or for any other entity while she was employed by Loop AI Labs, Inc. (or its predecessor or related entity).

**REQUEST FOR PRODUCTION NO. 7.**

All DOCUMENTS RELATING TO the event at the Italian Consulate in San Francisco referred to in FAC paragraph 56.

**REQUEST FOR PRODUCTION NO. 8.**

All DOCUMENTS RELATING TO any of the "numerous other events that the Almaviva Defendants held in California" referred to in FAC paragraph 56.

> [Annotation: These requests improperly seek documents that may be covered by the attorney work-product and accordingly are improper without any time limitations as it would be unduly burdensome for Loop AI to have to log all attorney-client privileged or work-product involving the topics of these requests. These request also call for documents that are in the public domain, in Almaviva's possession and in the possession of third parties. These requests should be limited to the February 3, 2015 the date Ms. Gatti was terminated.]

**REQUEST FOR PRODUCTION NO. 9.**

All DOCUMENTS RELATING TO ALMAWAVE.

[Annotation: See objections to Requests 7-8.]

**REQUEST FOR PRODUCTION NO. 10.**

All DOCUMENTS RELATING TO IQS INC or any of its principles, officers, directors, employees or consultants, including Tony DiNapoli, Gennaro Di Napoli, Manuela Micoli, Peter Huang and Francesca Valentini.

**REQUEST FOR PRODUCTION NO. 11.**

All DOCUMENTS RELATING TO IQS LLC or any of its principles, officers, directors, employees or consultants (excluding Anna Gatti except as otherwise called for by other requests).

**REQUEST FOR PRODUCTION NO. 12.**

[Annotation: This Request is the same as Topic # 9 in the Rule 30(b)(6) notice and is objectionable for the same reasons stated therein.]

[Annotation: Lacks Relevance without a time limitation, calls for ACP-AWP.]

All DOCUMENTS RELATING TO ELETTRANOVA or any of its principles, officers, directors, employees or consultants, including Fabio Ficano.

**REQUEST FOR PRODUCTION NO. 13.**

[Annotation: Calls for ACP-AWP.]

All DOCUMENTS received by LOOP or its attorneys from ELETTRANOVA, or any of their principles, officers, directors, employees or consultants, including Fabio Ficano.

**REQUEST FOR PRODUCTION NO. 14.**

[Annotation: This Request is the same as Topic # 18 in the Rule 30(b)(6) notice and is objectionable for the same reasons stated therein.]

All DOCUMENTS RELATING TO valuations of Loop AI Labs, Inc., or its predecessor or related entity.

[Annotation: Lacks Relevance, Unduly burdensome. A broad request for any valuations without reference to any aspect of the case or to temporal scope is improper. This topic is also objected to the extent it prematurely calls for expert testimony and for ACP-AWP.]

**REQUEST FOR PRODUCTION NO. 15.**

All DOCUMENTS RELATING TO Loop AI Labs, Inc.'s (or its predecessor or related entity) profits or losses.

**REQUEST FOR PRODUCTION NO. 16.**

[Annotation: This Request is the same as Topic # 11 in the Rule 30(b)(6) notice and is objectionable for the same reasons stated therein.]

[Annotation: This request is objected to the extent it calls for expert materials which are not due until March 2016.]

All DOCUMENTS RELATING TO any damages LOOP suffered.

**REQUEST FOR PRODUCTION NO. 17.**

All DOCUMENTS that constitute or contain trade secrets that LOOP alleges that ALMAWAVE misappropriated.

1  **REQUEST FOR PRODUCTION NO. 18.**

[Annotation: Unduly burdensome, lacks relevance, and calls for ACP and AWP. Almaviva is required to tailor its discovery request to matters at issue in the case, it cannot simply request "all documents" regarding everything, without any subject matter and time limitation.]

2  All DOCUMENTS RELATING TO the venture capital fund referred to in paragraphs 27
3  and 28 of the FAC.

4  **REQUEST FOR PRODUCTION NO. 19.**

5  All DOCUMENTS RELATING TO Dario Vignudelli.

6  **REQUEST FOR PRODUCTION NO. 20.**

7  All DOCUMENTS RELATING TO Orrick, Herrington & Sutcliffe LLP, including any
8  of attorneys, paralegals, or legal professionals.

9  **REQUEST FOR PRODUCTION NO. 21.**

[Annotation: This Request is the same as Topic # 2 in the Rule 30(b)(6) notice and is objectionable for the same reasons stated therein.]

10  All DOCUMENTS RELATING TO any investigation of possible wrongdoing by, or
11  legal claims against, ALAMWAVE.

12  **REQUEST FOR PRODUCTION NO. 22.**

13  All DOCUMENTS RELATING TO "Investment Fund 1," referred to in FAC paragraph
14  94.

15  **REQUEST FOR PRODUCTION NO. 23.**

16  All DOCUMENTS RELATING TO "Investment Fund 2," referred to in FAC paragraph
17  111.

18  **REQUEST FOR PRODUCTION NO. 24.**

19  All DOCUMENTS RELATING TO "Investment Fund 3," referred to in FAC paragraph
20  113.

21  **REQUEST FOR PRODUCTION NO. 25.**

22  All DOCUMENTS RELATING TO "Investment Fund 4," referred to in FAC paragraph
23  116.

24  **REQUEST FOR PRODUCTION NO. 26.**

25  All DOCUMENTS RELATING TO "Investment Fund 6," referred to in FAC paragraph
26  146.

27
28

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

**REQUEST FOR PRODUCTION NO. 27.** *[See objections to Requests Nos. 18-26 supra.]*

All DOCUMENTS RELATING TO Russell Reynolds Associates or any of its principles, officers, directors, employees or consultants, including Mario Pepe.

**REQUEST FOR PRODUCTION NO. 28.**

All DOCUMENTS RELATING TO "Scientist 1," referred to in FAC paragraph 156.

**REQUEST FOR PRODUCTION NO. 29.**

All DOCUMENTS RELATING TO "Company X," referred to in FAC paragraph 153.

**REQUEST FOR PRODUCTION NO. 30.**

All DOCUMENTS RELATING TO "Company Z," referred to in FAC paragraph 181.

**REQUEST FOR PRODUCTION NO. 31.** *[This request calls for documents already in the Defendants possession and for ACP and AWP information.]*

All DOCUMENTS RELATING TO the transmission of any confidential LOOP information by Anna Gatti to any principle, officer, director, employee or consultant to ALMAWAVE.

**REQUEST FOR PRODUCTION NO. 32.**

All DOCUMENTS received pursuant to any subpoenas served in this action.

**REQUEST FOR PRODUCTION NO. 33.**

All DOCUMENTS referred to in the FAC.

Dated: June 19, 2015                     **VENABLE LLP**

By: /s/ Wallerstein
Thomas E. Wallerstein (SBN 232086)
Kimberly Culp (SBN 238839)
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
twallerstein@venable.com
kculp@venable.com
Tel.: (415) 653-3750
Fax: (415) 653-3755
*Attorneys for Almawave USA, Inc.*