POSTMARKED: 07/01/2015
RECEIVED: 07/06/2015

**VENABLE LLP**
Thomas E. Wallerstein (SBN 232086)
Kimberly Culp (SBN 238839)
Email: twallerstein@venable.com
        kculp@venable.com
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
Telephone:  415.653.3750
Facsimile:  415.653.3755

Attorneys for Defendant Almawave USA, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ANNA GATTI, an individual, ALMAVIVA S.p.A., an Italian corporation, ALMAWAVE S.r.l., an Italian corporation, ALMAWAVE USA, Inc., a California corporation, IQSYSTEM LLC, a California limited liability company, IQSYSTEM Inc., a Delaware corporation,<br><br>Defendants. | CASE NO.: 3:15-cv-00798-HSG (DMR)<br><br>**ALMAWAVE USA, INC.'S INTERROGATORIES TO PLAINTIFF LOOP AI LABS, INC., SET NO. ONE**<br><br>Action Filed: February 20, 2015<br>Trial Date: July 11, 2016 |

**PROPOUNDING PARTY:** ALMAWAVE USA, INC.

**RESPONDING PARTY:** LOOP AI LABS, INC.

**SET NO.:** ONE

**TO PLAINTIFF AND ITS ATTORNEY OF RECORD:**

Pursuant to Federal Rule of Civil Procedure 33, Defendant Almawave USA, Inc. ("**Almawave USA**") hereby requests that Plaintiff Loop AI Labs, Inc. ("**Loop**") respond to the following Interrogatories ("**Interrogatories**") fully and separately, in writing and under oath, within 30 days after service upon you.

## DEFINITIONS

The following definitions apply to the Interrogatories herein:

"ALMAWAVE" means Almawave USA, Inc., Almaviva S.p.A, Almawave S.r.l and any of their predecessors, successors, related entities, sister or parent entities, agents, assigns, officers, directors, employees, or any individual or entity acting on their behalf or under their direction or control.

"ALMAWAVE ENTITIES" means Almawave USA, Inc., Almaviva S.p.A, Almawave S.r.l and any of their predecessors, successors, related entities, sister or parent entities.

"LOOP" means Loop AI Labs, Inc. and any of its predecessors, successors, agents, assigns, officers, directors, employees, or any individual or entity acting on their behalf or under its direction or control.

"IQS INC" means IQSystem, Inc. and any of its predecessors, successors, agents, assigns, officers, directors, employees, or any individual or entity acting on their behalf or under its direction or control.

"IQS LLC" means IQSystem LLC and any of its predecessors, successors, agents, assigns, officers, directors, employees, or any individual or entity acting on their behalf or under its direction or control.

"ELETTRANOVA" means Elettranova Engineering Inc. and any of its predecessors, successors, agents, assigns, officers, directors, employees, or any individual or entity acting on their behalf or under its direction or control.

"FAC" means the First Amended Complaint filed on April 6, 2015.

"Any" and "each" include and encompass "all" and vice versa. "Or" includes and encompasses "and", and vice versa. The singular includes the plural, and vice versa. The masculine includes and encompasses the feminine, and vice versa.

"DOCUMENT" and "DOCUMENTS" means a writing and includes without limitation the following, whether printed, recorded or reproduced by any other mechanical process or written or produced by hand, including drafts: agreements; communications; correspondence; electronic mail; texts; instant messages; Facebook other social networking posts; telegrams; memoranda; summaries, records or reports of telephone conversations, personal conversations, interviews, meetings, conferences, investigations or negotiations; opinions or reports of consultants; diaries; graphs; reports; notebooks; charts; plans; drawings; sketches; maps; photographs; film; brochures; pamphlets; advertisements; circulars; press releases; drafts; letters; faxes; any marginal comments appearing in any documents; tape recordings; electronic transmissions; computer printouts and all other writings. A "DOCUMENT" is not limited in any way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or other electronic-storage device). A draft or non-identical copy of a DOCUMENT is a separate "DOCUMENT" within the meaning of this term.

"RELATING TO" means constituting, evidencing, embodying, referring to, comprising, identifying, commenting on, describing, containing, reflecting, or relating to the subject matter.

"IDENTIFY," as it relates to an individual, means to state the individual's name, last known business address, last known home address, last known business telephone number, last known home phone number and all known electronic-mail addresses.

"COMMUNICATION" means, without limitation, the exchange or transmission of words, ideas, or information from one or more persons to another person or persons, whether accomplished person to person, by telephone, in writing, via facsimile, via electronic mail, or through any other medium, and shall include but is not limited to discussions, conversations, interviews, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, statements, questions, inquiries, dialogues, consultations, agreements, understandings and

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

1  all other documents evidencing any verbal or nonverbal interaction, whether such contact was by
2  chance, prearranged, formal, or information.
3  **INTERROGATORIES**
4  **INTERROGATORY NO. 1.**
5  IDENTIFY with specificity the venture capital fund referred to in paragraphs 27 and 28
6  of the FAC, and Investment Funds 1, 2, 3, 4 and 6, referred to in FAC paragraphs 94, 111, 113,
7  116 and 146.
8  **INTERROGATORY NO. 2.**
9  IDENTIFY with specificity Companies X and Z, referred to in FAC paragraphs 153 and
10 181.

> This Request is the same as Topic # 1 in the Rule 30(b)(6) notice and is objectionable for the same reasons stated therein.

**INTERROGATORY NO. 3.**

> Unduly Burdensome, Premature Contention Interrogatory, ACP/AWP, Calls for Loop To Testify As To Ultimate Issue in the Case and to submit pretrial disclosures that are not due until the Court issues a final pretrial submissions schedule.

12 Explain all facts, communications, documents, witnesses and other bases for LOOP's
13 allegation that ALMAWAVE benefitted from any alleged wrongdoing of Anna Gatti.

**INTERROGATORY NO. 4.**

> This Request is the same as Topic # 2 in the Rule 30(b)(6) notice and is objectionable for the same reasons stated therein.

> Lacks Relevance to any pending claim or defense, Calls for ACP/AWP materials

15 Describe in detail any investigation conducted regarding potential claims against, or
16 potential wrongdoing committed by, ALMAWAVE, including but not limited to identifying the
17 date when any such investigation was conducted and who conducted the investigation.
18 **INTERROGATORY NO. 5.**

> Premature Contention Interrogatory, ACP/AWP, Calls for Loop To Testify As To Ultimate Issue in the Case and to submit expert disclosures that are not due under the current scheduling order until March 2016.

19 Describe all bases for LOOP's claimed damages, including all bases for valuations of the
20 business or of LOOP's technology, trade secrets, patents, or confidential information
21 **INTERROGATORY NO. 6.**
22 Describe in detail LOOP's allegedly misappropriated trade secrets, confidential
23 information, and patent applications, including the allegedly misappropriated design details,
24 concepts, semantic analysis, and test results referred to in declarations from Patrick Ehlen and
25 Bart M. Peintner.

> Unduly Burdensome, Premature Contention Interrogatory, ACP/AWP, Calls for Loop To Testify As To Ultimate Issue in the Case and to submit pretrial a description of numerous subjects that is beyond what is required by the rules, including the specific rules applicable to claims for misappropriation of trade secrets. Loop AI will produce an itemized list of its trade secrets in accordance with the applicable rules and will identify any additional materials that has not already been identified in the filings made in the proceeding.

26 ///
27 ///
28 ///

> See objections to Interrogatory No. 3 supra.

**INTERROGATORY NO. 7.**

Explain all facts, communications, documents, witnesses and other bases for LOOP's claim that ALMAWAVE's technology, trade secrets, patents, or confidential information are similar to, or based on, LOOP's technology, trade secrets, patents, or confidential information.

Dated: June 29, 2015

**VENABLE LLP**

By: /s/ Wallerstein

Thomas E. Wallerstein (SBN 232086)
Kimberly Culp (SBN 238839)
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
twallerstein@venable.com
kculp@venable.com
Tel.: (415) 653-3750
Fax: (415) 653-3755
*Attorneys for Almawave USA, Inc.*