1  **VENABLE LLP**
   Thomas E. Wallerstein (SBN 232086)
2  Kimberly Culp (SBN 238839)
   Email: twallerstein@venable.com
3         kculp@venable.com
   505 Montgomery Street, Suite 1400
4  San Francisco, CA 94111
   Telephone:   415.653.3750
5  Facsimile:   415.653.3755

6  Attorneys for Defendant Almawave USA, Inc.

7

8                **UNITED STATES DISTRICT COURT**

9        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| LOOP AI LABS, INC., a Delaware corporation, | CASE NO.: 3:15-cv-00798-HSG (DMR) |
| Plaintiffs, | Hon. Haywood S. Gilliam, Jr.<br>Hon. Donna M. Ryu |
| v. | **DEFENDANT ALMAWAVE USA, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER TO PREVENT DISCLOSURE OF PRIVILEGED DOCUMENTS SOUGHT BY PLAINTIFF'S SUBPOENA TO THIRD PARTY ORRICK, HERRINGTON & SUTCLIFFE LLP, OR, ALTERNATIVELY, TO QUASH THE SUBPOENA** |
| ANNA GATTI, an individual, ALMAVIVA S.p.A., an Italian corporation, ALMAWAVE S.r.l., an Italian corporation, ALMAWAVE USA, Inc., a California corporation, IQSYSTEM LLC, a California limited liability company, IQSYSTEM Inc., a Delaware corporation, | Date/Time:   TBD by Court |
| Defendants. | Action Filed:  February 20, 2015<br>Trial Date:   July 11, 2016 |

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

## <u>NOTICE OF MOTION</u>

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, Defendant Almawave USA, Inc. ("Almawave USA") will and hereby does move, pursuant to Federal Rules of Civil Procedure 26(c) and 45(d)(3), for a protective order prohibiting the production of documents protected by the attorney-client privilege which are sought by Plaintiff Loop AI Labs, Inc.'s subpoena (the "Subpoena") directed to third party Orrick, Herrington & Sutcliffe LLP ("Orrick"), or alternatively, to quash the Subpoena.  Pursuant to this Court's Minute Order dated July 23, 2015, this Court may set a hearing on this motion before the Honorable Donna M. Ryu, United States District Court Magistrate Judge, Northern District of California, located at 1301 Clay Street, Oakland, California 94612, Courtroom 4, 3rd Floor.

This motion is based on this notice of motion and motion, the following memorandum of points and authorities, the pleadings on file in this matter, the reply Almawave USA intends to file, any material of which this Court takes judicial notice, and any further argument the Court might allow.

Dated: August 13, 2015                                    **VENABLE LLP**


By:     /s/ Thomas E. Wallerstein
        Thomas E. Wallerstein (SBN 232086)
        Kimberly Culp (SBN 238839)
        505 Montgomery Street, Suite 1400
        San Francisco, CA 94111
        twallerstein@venable.com
        kculp@venable.com
        Tel.:  (415) 653-3750
        Fax:  (415) 653-3755

        *Attorneys for Almawave USA, Inc.*

**V E N A B L E   L L P**
SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA  94105
415-653-3750

1

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ...................................................................................................1

FACTUAL ALLEGATIONS ......................................................................................................1

I.  AN ATTORNEY-CLIENT RELATIONSHIP EXISTED BETWEEN
    ALMAWAVE AND ORRICK. .......................................................................................1

II.  LOOP'S SUBPOENA TO ORRICK. ............................................................................2

III.  THE SUBPOENA SEEKS THE DISCLOSURE OF MATERIALS
     PROTECTED BY ALMAWAVE'S ATTORNEY-CLIENT PRIVILEGE..................2

IV.  ALMAWAVE USA SUCCESSFULLY DEFENDS THE MOTION FOR
     PRELIMINARY INJUNCTION WITHOUT WAIVING PRIVLEGE. .....................5

ARGUMENT ...............................................................................................................................7

I.  THE COURT HAS WIDE DISCRETION TO ISSUE PROTECTIVE ORDERS
    FOR GOOD CAUSE SHOWN AND MUST QUASH A SUBPOENA THAT
    REQUIRES DISCLOSURE OF PRIVILEGED MATERIALS..................................7

II.  THE SUBPOENA SEEKS DOCUMENTS PROTECTED BY THE
     ATTORNEY CLIENT PRIVILEGE. ............................................................................8

    A.  All Documents Responsive To Request Nos. 1 and 2 Calling For All
        Documents, Communications and Engagement Letters Concerning or
        Discussing the Retention of Orrick by Almawave are Privileged. ..................8

    B.  All Documents Responsive To Request Nos. 11, 14-16 and 18 Calling
        For All Documents, Communication, and Emails Reflecting Legal
        Advice are Privileged......................................................................................8

    C.  All Documents Responsive To Request Nos. 5 Through 8 Calling For
        All of Orrick's Billing Records Indicate Legal Issues Upon Which
        Almawave was Advised and are Privileged......................................................9

    D.  All Documents Responsive To Request No. 20 Calling For Almawave's
        Corporate Minute Book and All Corporate Documents Are Privileged..........10

    E.  All Documents Responsive To Request Nos. 19 and 21 Calling For All
        Documents and Communications Relating to the Legal Work Performed
        by Orrick for Almawave are Privileged.........................................................10

III.  THE ATTORNEY-CLIENT PRIVILEGE ESTABLISHES GOOD CAUSE TO
     ISSUE A PROTECTIVE ORDER AND REQUIRES THAT THE SUBPOENA
     BE QUASHED. ...........................................................................................................11

IV.  DUE TO UNDUE BURDEN AND EXPENSE GOOD CAUSE EXISTS TO
     PROTECT ALAWAVE FROM PROVIDING A PRIVILEGE LOG. .......................11

V.  THE ATTORNEY-CLIENT PRIVILEGE HAS NOT BEEN WAIVED. .................13

CONCLUSION...........................................................................................................................14

V E N A B L E   L L P
SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA  94105
415-653-3750

2  3  4  5  6  7  8  9  10  11  12  13  14  15  16  17  18  19  20  21  22  23  24  25  26  27  28

**TABLE OF AUTHORITIES**

**Cases**

*Broadband iTV v. Hawaiian Telecom,*
    No. 15–mc–80053 HRL, 2015 WL 1778432 (N.D. Cal. Apr. 17, 2015) ....................11

*California Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc.,*
    299 F.R.D. 638 (E.D. Cal. 2014) ..................................................................7

*Clarke v. Am. Commerce Nat. Bank,*
    974 F.2d 127 (9th Cir. 1992) .....................................................................11

*Genentech, Inc. v. Insmed Inc.,*
    236 F.R.D. 466 (N.D. Cal. 2006) ..............................................................14

*Home Indem. Co. v. Lane Powell Moss & Miller,*
    43 F.3d 1322 (9th Cir. 1995) .....................................................................14

*In re Allen,*
    106 F.3d 582 (4th Cir. 1997) .....................................................................11

*In re Grand Jury Witness (Salas and Waxman),*
    695 F.2d 359 (9th Cir.1982) ......................................................................11

*Laser Indus. v. Reliant Technologies,*
    167 F.R.D. 417 (N.D.Cal.1996) ................................................................14

*Lectrolarm Custom Sys., Inc. v. Pelco Sales, Inc.,*
    212 F.R.D. 567 (E.D. Cal. 2002) ..........................................................11, 12

*Nocal, Inc. v. Sabercat Ventures, Inc.,*
    2004 U.S. Dist. LEXIS 26974 (N.D. Cal. Nov. 15, 2004)............................12

*Seattle Times Co. v. Rhinehart,*
    467 U.S. 20 (1984)....................................................................................7

*Thomas v. Hickman,*
    2007 U.S. Dist. LEXIS 95796 (E.D. Cal. Dec. 5, 2007) .............................13

*United States v. Chevron Corp.,*
    1996 U.S. Dist. LEXIS 8646 (N.D. Cal. May 30, 1996) .............................13

**VENABLE LLP**
SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA  94105
415-653-3750

1

## **Rules**

2  Fed. R. Civ. P. 26(b)(1)...................................................................................................11

3  Fed. R. Civ. P. 26(b)(5)(A)(ii).........................................................................................12

4  Fed. R. Civ. P. 26(c)(1)...............................................................................................7, 12

5  Fed. R. Civ. P. 26(c)(1)(A)................................................................................................7

6  Fed. R. Civ. P. 26(c)(1)(D)................................................................................................7

7  Fed. R. Civ. P. 45(d)(3)(A)(iii)..........................................................................................7

8  Federal Rule of Civil Procedure 26(c)...............................................................................7

9  Federal Rule of Civil Procedure 45(d)(3)...........................................................................7

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VENABLE LLP**
SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

MOTION FOR PROTECTIVE ORDER OR TO QUASH RE: ORRICK SUBPOENA

V E N A B L E   L L P
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

## MEMORANDUM OF POINTS AND AUTHORITIES

### PRELIMINARY STATEMENT

Plaintiff Loop AI Labs, Inc.'s ("Loop") subpoena (the "Subpoena") directed to defendant Almawave USA, Inc. ("Almawave USA") and Almawave S.r.l's (collectively, "Almawave") former outside counsel Orrick, Herrington & Sutcliffe LLP, expressly seeks hundreds of documents covered by Almawave's attorney-client privilege.

This Court may and should exercise its broad discretion to grant a protective order preventing the production of documents covered by the attorney client privilege.  Alternatively, this Court is required to quash the Subpoena because it commands the disclosure of privileged documents.  Almawave has in no way waived this protection.

Loop refuses to limit the requests in the Subpoena to non-privileged documents. Accordingly, pursuant to this Court's July 23, 2015 Minute Order, Almawave USA brings this motion for a protective order to prevent the disclosure of Almawave's privileged materials that are sought by the Subpoena.  Alternatively, Almawave USA seeks an order quashing the subpoena.

### FACTUAL ALLEGATIONS

### I.    AN ATTORNEY-CLIENT RELATIONSHIP EXISTED BETWEEN ALMAWAVE AND ORRICK.

In April 2014, Almawave S.r.l. formally engaged the law firm Orrick, Herrington & Sutcliffe LLP ("Orrick") to act as outside counsel and to assist Almawave S.r.l. with setting up a United States indirect subsidiary.[1]  Declaration of Valeria Sandei in Support of Almawave USA's Motion for Protective Order ("Sandei Decl.") ¶ 2.   With Orrick's assistance, Almawave USA, Inc. was formally established in May 2014.  *Id*. at ¶ 3.  Consequently, Orrick served as counsel to both Almawave S.r.l. as well as Almawave USA.  *Id*. at ¶ 4.

---

[1] Prior to the date of the Engagement Letter between Orrick and Almawave S.r.l., Almawave S.r.l. engaged in communications with Orrick with the understanding that such communications were confidential and constituted legal advice.  Sandei Decl. ¶ 5.

1

1    During the period of Orrick and Almawave's attorney-client relationship, Orrick obtained
2    confidences from Almawave that Almawave did not intend to make public. *Id.* at ¶¶ 5-6.
3    Almawave's practice was to communicate regularly in confidence with Orrick to obtain legal
4    advice. *Id.* at ¶ 5. Almawave communicated with Orrick through its officers, directors,
5    managers, employees and other agents. *Id.* at ¶ 5. Almawave did not intend any confidential
6    communications with Orrick be made public. *Id.* at ¶ 6. Almawave understands that all such
7    confidences have been kept confidential by both Orrick and Almawave. *Id.* at ¶ 6.

8    **II.    LOOP'S SUBPOENA TO ORRICK.**

9    By Order of this Court the Subpoena issued by Loop and directed to Orrick was deemed
10   served as of July 23, 2015. Dkt. No. 156 at 1. On July 30, 2015, Orrick served responses and
11   objections to the Subpoena. Wallerstein Decl. ¶ 3, Ex. 2. On the same day, Almawave USA
12   served objections to request nos. 1, 2, 5-8, 11, 14-16, 18-21. *Id.* at ¶ 4, Ex. 3. Pursuant to the
13   Court's July 23, 2015 Minute Order, Almawave USA was granted leave to file a motion for
14   protective order by August 13, 2015. Dkt. No. 156 at 1.

15   **III.   THE SUBPOENA SEEKS THE DISCLOSURE OF MATERIALS PROTECTED
16            BY ALMAWAVE'S ATTORNEY-CLIENT PRIVILEGE.**

17   The requests contained in the Subpoena seek documents protected by the attorney-client
18   privilege. The following requests expressly call for privileged documents, communications and
19   information:

20   - Request No. 1: "Produce all documents and communications concerning,
21     **discussing or expressing an interest in the retention of Orrick, Herrington &**
22     **Sutcliffe LLP ("Orrick")** by any one of the following: Almaviva S.p.A.,
23     Almawave S.r.l., Almawave USA Inc. . . ."

24   - Request No. 2: "Produce **all engagement letters** provided by Orrick to any one of
25     the following: Almaviva S.p.A., Almawave S.r.l., Almawave USA Inc. . . ."

26   - Request No. 5: "Produce all **invoices and billing records and details** issued by
27     Orrick to any of the following: Almaviva S.p.A., Almawave S.r.l., Almawave
28     USA Inc., . . . produce the correspondence sent by Orrick enclosing each such

V E N A B L E   L L P
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

2

invoices or billing records responsive to this request."

- Request No. 6: "Produce all **documents and communications regarding payments requested or received by Orrick** from anyone on behalf of the following individuals or entities: Almaviva S.p.A., or Almawave S.r.l, or Almawave USA Inc. . . ."

- Request No. 7: "Produce all **documents and communications containing billing details created within Orrick** but not included in invoices or bills issued to clients regarding the handling, discussion, or representation of any aspect of the following individuals or entities: Almaviva S.p.A., or Almawave S.r.l., or Almawave USA Inc. . . ."

- Request No. 8: "Produce any **document or communication showing whether revisions to any invoices or billing records have been made by anyone at Orrick** for invoices or billing records relating to any one of the following entities or individuals from January 1, 2015 to the present: . . . Almaviva S.p.A., Almawave S.r.l., Almawave USA Inc. . . ."

- Request No. 11: "**Produce all calendars, agenda, or appointment records of Valeria S. Hein and any other Orrick attorney, paralegal, administrative assistant or other employee** showing any meeting, teleconference or other appointment or scheduling note, listing, naming or referring to any one of the following individuals or entities; Almaviva S.p.A., Almawave S.r.l., Almawave USA Inc. . . ."

- Request No. 14: "**Produce all correspondence received by any Orrick attorney, paralegal, employee, agent** or other (as set forth in the Definitions above) from the email address anna.gatti@gmail.com in which Gianmauro Calafiore was not copied in the correspondence received by Orrick."

- Request No. 15: "**Produce all correspondence sent by any Orrick attorney, paralegal, employee, agent** or other (as set forth in the Definitions above) to the email address anna.gatti@gmail.com in which Gianmauro Calafiore was not

3

**V E N A B L E   L L P**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

copied in the correspondence."

- Request No. 16: "**Produce all correspondence received by, or sent to, any Orrick attorney, paralegal, employee, agent or other . . . from any of the following email address**: . . . tonycons@almawave.com, t.dinapoli-cons@almawave.com, . . . m.garner-cons@almawave.com, a.gatti@almawave.com, l.wu@almawave.com, f.valentini-cons@almawave.com, Manuela-cons@almawave.com . . ."

- Request No. 18:  "**Produce all documents and communications concerning, regarding, discussing or memorializing a discussion, communication or legal advice** given to anyone at Almaviva S.p.A., Almawave S.r.l., Almawave USA Inc., Valeria Sandei, Gatti or TDN regarding any legal implication, conflict or permissibility of any aspect of the following: Anna Gatti's work, retention, hire, or employment, or other affiliation with Almaviva S.p.A. and Almawave S.r.l., or Anna Gatti's work, hire, affiliation or other retention by Almawave USA Inc., including as its Chief Executive Officer."

- Request No. 19: "**Produce all documents and communications concerning, regarding, discussing or memorializing a discussion, communication regarding any aspect of the patent application prepared by Orrick** and published at Publication No: US20140343927, in which Anna Gatti is copied in the correspondence."

- Request no. 20: "**Produce the corporate minute book (or any similar compilation of corporate documents) and any other corporate documents maintained by Orrick** for any one of Almawave USA Inc., Almaviva S.p.A., or Almawave S.r.l. relating to the corporate existence and business affairs of any one of the foregoing entities, including any articles of incorporation, shareholder resolutions, board meeting minutes, and all other similar documents generally kept in the corporate minute book or its equivalent."

**V E N A B L E   L L P**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

- Request No. 21: "**Produce all documents and communications relating to any aspects of any negotiation for contracts** entered into between Almawave USA Inc., Almaviva S.p.A., or Almawave S.r.l. on the one hand, and Gatti, TDN, or IQSystem Inc. or LLC on the other hand."

Wallerstein Decl. ¶ 2, Ex. 1 at "Schedule A" (emphasis added).

These requests encompass documents and communications that are protected by Almawave's attorney-client privilege.  Orrick has recently produced 613 documents to Almawave that are responsive to the Subpoena ("Orrick Documents").  *Id.* at ¶¶ 5-6.  After reviewing this production, Almawave has determined that all but two[2] of the Orrick Documents are protected from disclosure by Almawave's attorney-client privilege.  *Id.* at ¶¶ 6-7.  These privileged documents encompass confidential documents and communications exchanged between Almawave and Orrick regarding legal advice.  *Id.* at ¶ 6.[3]  Loop has made no attempt to seek only non-privileged documents.

## IV.   ALMAWAVE USA SUCCESSFULLY DEFENDS THE MOTION FOR PRELIMINARY INJUNCTION WITHOUT WAIVING PRIVLEGE.

In March 2015, Almawave USA successfully opposed Loop's *Ex Parte* Motion for a Temporary Restraining Order ("TRO").  Almawave USA's Opposition to the TRO was supported by a declaration from Valeria Sandei, Almawave USA's Chairman and President.  Dkt. No. 25-1 at ¶ 1.  In her declaration, Ms. Sandei made the following statements:

- "On February 4, 2014, a headhunter of the firm Russell & Reynolds introduced me by email to Ms. Gatti.  He introduced Ms. Gatti as a smart, trustworthy person with great experience who was involved with various companies.  I had never met or heard of Ms. Gatti before this introduction."  Dkt. No. 25-1 at ¶ 6; *see also* Dkt. No. 25 at 4:13-17.

---

[2] The non-privileged documents are also unrelated to this litigation.  One e-mail involves an inquiry to see if someone from Orrick wanted to speak at an event, and another is a post-dinner e-mail exchanging "thanks" for the meal.

[3] Each of the documents is either a communication, or attachment to a communication, to or from an Orrick attorney, or to or from an Orrick paralegal or other staff member working at the direction of an Orrick attorney.  Wallerstein Decl. ¶ 7.

5

- "[Ms. Gatti] stated that she was the co-founder of the startup Soshoma, later known as Loop AI Labs, Inc. . . . Ms. Gatti stated that the funding of Loop (Ms. Gatti's primary focus since she is not a technical expert) was, at that stage, sufficient, as Loop was primarily focusing on product development. Thus, she told me that she had sufficient time to pursue additional initiatives, such as with Almawave USA. This led me to believe that Ms. Gatti was not precluded from working with Almawave USA, because Ms. Gatti told me that she also was associated with several other initiatives, including in Italy." Dkt. No. 25-1 at ¶ 8; *see also* Dkt. No. 25 at 4:19-28.

- "Ms. Gatti never informed me that she had an exclusive employment relationship with Loop that prevented her from accepting additional employment offers. I never saw Ms. Gatti's employment contract with Loop. In fact, Ms. Gatti told me that she had no impediments to working with Almawave USA. Nor did the headhunter inform me that Ms. Gatti had any conflicts to any extent, legal or practical, to becoming involved with Almawave USA." Dkt. No. 25-1 at ¶ 9; *see also* Dkt. No. 25 at 5:2-8.

- "Ms. Gatti's employment agreement expressly states that, "'By signing this letter, you [Ms. Gatti] confirm with the Company that you are under no contractual or other legal obligations that would restrict you from performing your duties with the Company.'" *See* Exhibit A at paragraph 1." Dkt. No. 25-1 at ¶ 10.

- "Ms. Gatti represented to me that she was working for other firms and that her work for Almawave USA was not prohibited by any of her other employers or board memberships." Dkt. No. 25-1 at ¶ 13; Dkt. No. 25 at 5:6-8, 7:25-8:2.

Nowhere in Ms. Sandei's declaration does she refer to, much less disclose, any information provided to Almawave by Orrick. *See* Dkt. No. 25-1. Ms. Sandei never stated that Almawave's beliefs and/or knowledge relating to Ms. Gatti's employment with Loop were based on any information or advice received from Orrick. *See Id.*

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

1    Similarly, in Ms. Sandei's declaration in support of defendants Almaviva S.p.A. and

2    Almawave S.r.1's motion to dismiss for lack of personal jurisdiction, Ms. Sandei stated:

3    "Raniero Romagnoli, Luca Ferri and I knew about Loop *only what Ms. Gatti had mentioned* to

4    us in passing (namely, that . . . *according to Ms. Gatti*, her involvement with her start-up posed

5    no legal or practical impediment to her working for Almawave USA, Inc." Dkt. No. 71 at ¶ 7

6    (emphasis added); *see also* Dkt. No. 62 at 3:6-11.

7    In sum, Almawave has nowhere stated that any belief it had, or did not have, regarding

8    Ms. Gatti's involvement with Loop came from Orrick, or information provided by Almawave's

9    attorneys at Orrick. Almawave has not relied on anything its attorneys at Orrick told it (or did

10   not tell it).

11   <u>**ARGUMENT**</u>

12   I.    <u>**THE COURT HAS WIDE DISCRETION TO ISSUE PROTECTIVE ORDERS**</u>

13   <u>**FOR GOOD CAUSE SHOWN AND MUST QUASH A SUBPOENA THAT**</u>

14   <u>**REQUIRES DISCLOSURE OF PRIVILEGED MATERIALS.**</u>

15   Federal Rule of Civil Procedure 26(c) provides a mechanism to limit the discovery or

16   dissemination of the type of privileged information that is being requested by Loop. Pursuant to

17   Rule 26(c)(1), the Court may, for good cause shown, issue an order modifying or limiting the

18   discovery being sought. Fed. R. Civ. P. 26(c)(1). This rule confers "broad discretion on the

19   court to decide when a protective order is appropriate and what degree of protection is required."

20   *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Such protection may include an order

21   that forbids the requested discovery or inquiry into certain matters or otherwise limits the scope

22   of the discovery. Fed. R. Civ. P. 26(c)(1)(A) and (D).

23   Federal Rule of Civil Procedure 45(d)(3) also requires that a court quash a subpoena that

24   "requires the disclosure of privileged or other protected matter, if no exception or waiver

25   applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). A party may bring a motion to quash a third party

26   subpoena where the party asserts a privilege as to the documents being sought. *See California*

27   *Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014)

28   (finding party had standing to bring a motion to quash a third party subpoena based on the

**V E N A B L E   L L P**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

7

assertion of the work-product doctrine).

## II. THE SUBPOENA SEEKS DOCUMENTS PROTECTED BY THE ATTORNEY CLIENT PRIVILEGE.

Request Nos. 1, 2, 5-8, 11, 14-16 and 18-21 expressly seek over six hundred documents, communications and information protected from disclosure by the attorney-client privilege. Wallerstein Decl. ¶¶ 5-7.

### A. All Documents Responsive To Request Nos. 1 and 2 Calling For All Documents, Communications and Engagement Letters Concerning or Discussing the Retention of Orrick by Almawave are Privileged.

Request No. 1 seeks "all documents and communications concerning, discussing or expressing an interest in the retention of" Orrick by Almawave. *Id*. ¶ 2, Ex. 1. Request No. 2 also seeks "all engagement letters provided by Orrick to" Almawave. *Id*. The confidential documents and communications within the Orrick Documents that discuss the retention of Orrick by Almawave, encompass legal advice and are privileged. *Id*. at ¶ 6(a). Additionally, the engagement letter between Orrick and Almawave sets forth the matters and legal issues upon which Orrick was to assist Almawave and are also privileged. *Id*. There are no documents responsive to Request Nos. 1 and 2 that are not privileged. *Id*. at ¶¶ 6(a), 7.

### B. All Documents Responsive To Request Nos. 11, 14-16 and 18 Calling For All Documents, Communication, and Emails Reflecting Legal Advice are Privileged.

Request No. 18 seeks "all documents and communications" relating to "legal advice given to anyone at" Almawave. Similarly, Request Nos. 14-16 seek "all [email] correspondence" between "any Orrick attorney" and various Almawave agents. *Id*. at ¶ 2, Ex. 1. Request No. 11 also seeks "all calendars, agenda, or appointment records of" Orrick attorneys and agents "showing any meeting, teleconference or other appointment or scheduling note" with

V E N A B L E   L L P
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

or regarding Almawave.  *Id*.[4]  On its face these requests seek attorney-client privileged communications in that they seek documents and communications, including email correspondence, reflecting the legal advice that Orrick provided to Almawave.  Virtually all of the Orrick Documents contain confidential documents, communications and emails between Orrick attorneys and Almawave agents relating to legal advice.  *Id*. at ¶ 6(b).  There are no documents responsive to Request Nos. 11, 14-16 and 18 that are not privileged.  *Id*. at ¶¶ 6(b), 7.

> ### C.    All Documents Responsive To Request Nos. 5 Through 8 Calling For All of Orrick's Billing Records Indicate Legal Issues Upon Which Almawave was Advised and are Privileged.

Request No. 5 seeks "all invoices and billing records" issued by Orrick to Almaviva Almawave.  *Id*. at ¶ 2, Ex. 1.  Requests No. 6 also seeks "all documents and communications regarding payments requested or received by Orrick from" Almawave, while Request No. 7 seeks "all documents and communications containing billing details created within Orrick but not included in invoices . . . regarding the handling, discussion, or representation of" Almawave.  *Id*.  Likewise, Request No. 8 seeks documents and communications showing revisions to any Almawave invoice or billing record.  *Id*.  Each of these Requests seeks information relating to the billing records of Orrick as they pertain to Almawave.  The billing records within the Orrick Documents contain information stating the particular work performed by attorneys for Almawave.  *Id*. at ¶ 6(c).  This information indicates the legal issues about which Almawave may have been advised and is all privileged.  *Id*.  There are no documents responsive to Request Nos. 5-8 that are not privileged.  *Id*. at ¶¶ 6(c), 7.

///

///

---

[4] In Orrick's response and objections to the Subpoena, Orrick states that it "has no electronic records responsive" to Request No. 11.  Wallerstein Decl. ¶ 3, Ex. 2.  Orrick also objects to the production of any handwritten documents on the grounds that "any such documents relating to Almawave or Almaviva are protected by the attorney-client privilege and [] searching for such documents would impose undue burden and expense on Orrick."  *Id*.  Any documents or records showing information relating to meetings between Orrick and Almawave would contain information relating to legal advice and be privileged.  To the extent any such documents are found by Orrick they should be protected from disclosure.

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

**D.** **All Documents Responsive To Request No. 20 Calling For Almawave's Corporate Minute Book and All Corporate Documents Are Privileged.**

Request No. 20 seeks Almawave's "corporate minute book . . . and other corporate documents . . . relating to the corporate existence and business affairs of" Almawave. *Id*. at ¶ 2, Ex. 1. Almawave's "corporate minute book" and other corporate documents contained in the Orrick Documents reflect information that incorporates legal advice and are privileged. *Id*. at ¶ 6(d). Additionally, in communications between Orrick and Almawave regarding documents in the "corporate minute book" Orrick provides Almawave with legal advice, making these communications privileged as well. *Id*. There are no documents responsive to Request No. 20 that are not privileged. *Id*. at ¶¶ 6(b), 7.

**E.** **All Documents Responsive To Request Nos. 19 and 21 Calling For All Documents and Communications Relating to the Legal Work Performed by Orrick for Almawave are Privileged.**

Request No. 19 seeks "all documents and communications" relating to a patent application prepared by Orrick, while Request No. 21 seeks "all documents and communications" relating to the negotiation of contracts entered into between Almawave and "Gatti, TDN, or IQSystem Inc. or LLC." *Id*. at ¶ 2, Ex. 1. The documents and communications in the Orrick Documents that relate to any preparation of a patent or any contract negotiations reflect legal advice given by Orrick in conjunction with performing its legal work for Almawave and are privileged. *Id*. at ¶ 6(e)-(f). There are no documents responsive to Request Nos. 19 and 21 that are not privileged. *Id*. at ¶¶ 6(e)-(f), 7.

None of these requests are limited to non-privileged documents and all but two of the Orrick Documents contain confidential documents, communications and information exchanged between Orrick attorneys and Almawave agents relating to legal advice. Though these documents may be responsive to the Subpoena, they are privileged and should be protected from disclosure. *Id*. at ¶¶ 5-7.

///

///

V E N A B L E   L L P
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

**III.**     **THE ATTORNEY-CLIENT PRIVILEGE ESTABLISHES GOOD CAUSE TO ISSUE A PROTECTIVE ORDER AND REQUIRES THAT THE SUBPOENA BE QUASHED.**

Protecting privileged documents from disclosure constitutes good cause for a protective order. *Lectrolarm Custom Sys., Inc. v. Pelco Sales, Inc.*, 212 F.R.D. 567, 573 (E.D. Cal. 2002) (finding good cause for issuance of a protective order where the subpoena sought materials protected by the attorney-client privilege); *Clarke v. Am. Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992) (finding "correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege.") (citing *In re Grand Jury Witness (Salas and Waxman)*, 695 F.2d 359, 362 (9th Cir.1982)); *see also In re Allen*, 106 F.3d 582, 600 (4th Cir. 1997) (when the attorney-client privilege applies, "the privilege affords all communications between attorney and client absolute and complete protection from disclosure."). Rule 26 reinforces these principles, limiting the scope of and entitlement to discovery by providing that "[p]arties may obtain discovery regarding any matter, ***not privileged***, that is relevant to the claim of defense of any party…" Fed. R. Civ. P. 26(b)(1) (emphasis added).

Additionally, Rule 45 requires that a motion to quash be granted where a subpoena seeks the disclosure of privileged materials. Courts routinely grant motions to quash brought by parties whose protected information is sought by a third-party subpoena. *See e.g., Broadband iTV v. Hawaiian Telecom*, No. 15–mc–80053 HRL, 2015 WL 1778432, at *3 (N.D. Cal. Apr. 17, 2015) (granting motion to quash where plaintiff's subpoena sought "privileged and confidential information").

**IV.**     **DUE TO UNDUE BURDEN AND EXPENSE GOOD CAUSE EXISTS TO PROTECT ALAWAVE FROM PROVIDING A PRIVILEGE LOG.**

Moreover, because of the significant burden and expense imposed and because little or no benefit would be received, the protective order should not require Almawave to provide a privilege log. Pursuant to Rule 26, the Court may, for good cause shown, issue an order

11

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

1   protecting a party from "annoyance, embarrassment, oppression, or undue burden and expense,"

2   including modifications of or limitations to the discovery being sought. Fed. R. Civ. P. 26(c)(1);

3   *see also Nocal, Inc. v. Sabercat Ventures, Inc.*, 2004 U.S. Dist. LEXIS 26974, *9 (N.D. Cal.

4   Nov. 15, 2004).

5       Here, the burden of compiling a privilege log outweighs any benefits of providing one.

6   Rule 26 requires that a privilege log "describe the nature of the documents, communications, or

7   tangible things not produced or disclosed—and do so in a manner that, without revealing

8   information itself privileged or protected, will enable other parties to assess the claim." Fed. R.

9   Civ. P. 26(b)(5)(A)(ii). But Almawave already has provided – with this motion – a declaration

10  that fully enables all parties and the Court to assess Almawave's claim of privilege. Any

11  information that would be provided in a privilege log is already attested to by Almawave, *i.e.*

12  descriptions of the nature of the documents, the subject matters that are addressed, the senders

13  and recipients, the dates of the documents and that the documents are protected from disclosure

14  by the attorney-client privilege. Wallerstein Decl. ¶¶ 5-7.

15      Compiling a privilege log for more than six hundred documents will take significant time

16  and expense. *Id.* ¶ 8. This burden and expense, without benefit, affords good cause for this

17  Court not to require a privilege log. Fed. R. Civ. P. 26(c)(1); *see Nocal*, 2004 U.S. Dist. LEXIS

18  26974, *9 (granting motion for protective order to prevent harassment and undue expense where

19  subpoena directed to attorney sought privileged information and would take attorney "hundreds

20  of hours and thousands of dollars to review decades of documents and prepare privilege logs");

21  *see also Lectrolarm*, 212 F.R.D. at 573 (granting protective order were "The burdensome and

22  harassing nature of the requests clearly outweighs the minimal need for the very limited amount

23  of [factual] information that could be discovered under the subpoenas."); Adv. Notes to 1993

24  Amendments to Fed. R. Civ. P. 26 ("Details concerning time, persons, general subject matter,

25  etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when

26  voluminous documents are claimed to be privileged or protected, particularly if the items can be

27  described by categories. A party can seek relief through a protective order under subdivision (c)

28  if compliance with the requirement for providing this information would be an unreasonable

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

12

1   burden.); *see also Thomas v. Hickman*, 2007 U.S. Dist. LEXIS 95796, *53 (E.D. Cal. Dec. 5,

2   2007) (advising that when dealing with voluminous privileged documents "a document-by-

3   document log may not be required").

4   **V.      THE ATTORNEY-CLIENT PRIVILEGE HAS NOT BEEN WAIVED.**

5            At no time has Almawave expressly or implicitly waived the attorney-client privilege

6   with respect to the materials sought by the Subpoena.  Loop has previously argued that

7   Almawave waived the privilege by asserting a defense of "advice or counsel" (Dkt. No. 124 at

8   6:4-7:2).  But Loop is wrong; Almawave has never waived privilege and Loop cannot meet its

9   burden to show that the privilege has been waived.  *United States v. Chevron Corp.*, 1996 U.S.

10  Dist. LEXIS 8646, *10-12 (N.D. Cal. May 30, 1996) ("If the party seeking discovery asserts that

11  the privilege which initially attached to the communication in question was subsequently waived,

12  that party must bear the burden of production on the issue of waiver.") (emphasis omitted).

13           Almawave has never implied much less expressly invoked advice of counsel as a defense.

14  Almawave has never stated that it relied in any way on advice or information provided by

15  counsel to form the basis of its knowledge, lack thereof, or the reasonableness of its beliefs with

16  regard to anything, including whether Ms. Gatti's agreement(s) with Loop conflicted with her

17  working for Almawave USA.  Almawave has never said that it "reasonably believed that Ms.

18  Gatti was not in breach of any contracts" because of the advice of its counsel.

19           Almawave reasonably believed that Gatti was not breaching any contracts based on

20  various sources of information that are unrelated to any advice of counsel.  Almawave provided

21  evidence that it relied on the statements made by Gatti and third parties (not its counsel) to form

22  its belief that Gatti "did not have any conflicts to any extent, legal or practical, to becoming

23  involved with Almawave USA." Dkt. No. 25-1 at ¶ 9; *see also id.* ¶¶ 8, 12-13; Dkt. No. 25 at

24  4:19-28; 5:2-8; 7:25-8:2.  Almawave also stated "Raniero Romagnoli, Luca Ferri and Valeria

25  Sandei knew about Loop ***only what Ms. Gatti had mentioned*** to them in passing (namely, that . .

26  . ***according to Ms. Gatti***, her involvement with the start-up posed no legal or practical

27  impediment to her working for Almawave USA)." Dkt. No. 71 at ¶ 7; *see also* Dkt. No. 62 at

28  3:6-11.

**V E N A B L E  L L P**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

1   Because Almawave is not relying on advice of counsel as a defense, it has not waived

2   privilege. *See Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1327 (9th Cir.

3   1995) (finding that when the party asserting the privilege can support its claims based on

4   objective facts apart from the advice of counsel, the privilege is not implicitly waived).

5   Further, Almawave's mere protestation of innocence and denial of malicious intent do

6   not waive privilege because Almawave did not disclose the contents of any communication with

7   its counsel. S*ee Genentech, Inc. v. Insmed Inc.*, 236 F.R.D. 466 (N.D. Cal. 2006) ("Waiver is not

8   likely to be found when the statements alleged to constitute waiver do not disclose the contents

9   of a specific communication between client and attorney.  The mere denial of intent is

10  insufficient to establish waiver of the privilege."); *Laser Indus. v. Reliant Technologies*, 167

11  F.R.D. 417, 446 (N.D.Cal.1996) ("Courts are less likely to find waiver when the statements

12  alleged to constitute waiver do not purport to disclose the contents of a specific communication,

13  and when the statements are pre-trial matters, not evidence.  Courts also are less prone to

14  conclude a waiver occurred where the statements at issue do not go beyond a mere denial of

15  intent.").

16  ## CONCLUSION

17  For the forgoing reasons, Almawave USA respectfully seeks a protective order that

18  would prevent Orrick's disclosure of Almawave's privileged documents, or in the alternative, an

19  order quashing the Subpoena.

20

21  Dated: August 13, 2015                    **VENABLE LLP**

22                                   By:    /s/ Thomas E. Wallerstein
23                                          Thomas E. Wallerstein (SBN 232086)
                                            Kimberly Culp (SBN 238839)
24                                          505 Montgomery Street, Suite 1400
                                            San Francisco, CA 94111
25                                          twallerstein@venable.com
                                            kculp@venable.com
26                                          Tel.:  (415) 653-3750
                                            Fax:  (415) 653-3755
27
                                            *Attorneys for Almawave USA, Inc.*
28

V E N A B L E  L L P
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

14