WILLIAM F. ALDERMAN (STATE BAR NO. 47381)
Email: walderman@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California 94105-2669
Telephone: +1-415-773-5700
Facsimile: +1-415-773-5759

Attorneys for Non-Party
Orrick, Herrington & Sutcliffe LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ANNA GATTI, et al.,<br><br>　　　　Defendants. | Case No. 3:15-cv-00798-HSG-DMR<br><br>**NOTICE OF MOTION AND MOTION OF NON-PARTY ORRICK, HERRINGTON & SUTCLIFFE LLP FOR A PROTECTIVE ORDER OR TO QUASH SUBPOENA; OPENING BRIEF IN SUPPORT**<br><br>Date/Time　　TBD by Court<br>Action Filed:　February 20, 2015<br>Trial Date　　July 11, 2016<br><br>Hon. Haywood S. Gilliam, Jr.<br>Hon. Donna M. Ryu |

OHSUSA:762992531.1

NOTICE OF MOTION AND MOTION OF NON-PARTY ORRICK,
HERRINGTON & SUTCLIFFE LLP FOR A PROTECTIVE ORDER OR
TO QUASH SUBPOENA; OPENING BRIEF IN SUPPORT
Case No. - 3:15-cv-00798-HSG-DMR

**NOTICE OF MOTION AND MOTION**

Non-Party Orrick, Herrington & Sutcliffe LLP ("Orrick") hereby moves, pursuant to FRCP 45(d), for an Order (a) quashing in part the *subpoena duces tecum* (the "Subpoena") deemed by the Court's July 23, 2015 Order (Dkt. 156) to have been served as of July 23, 2015, and/or (b) in the alternative, protecting Orrick from having to respond to those requests in the Subpoena to which Orrick timely objected on July 30, 2015. The motion is made on the grounds that each of Orrick's objections is well-founded, that plaintiff did not take reasonable steps to avoid imposing undue burden and expense on Orrick, and that plaintiff's delay until August 11, 2015 in meeting and conferring with Orrick regarding its objections did not comply with the July 23 order's requirement that plaintiff immediately meet and confer regarding Orrick's objections. The motion is based on the accompanying brief, declaration of William F. Alderman and proposed order, and on all other proceedings on file herein.

**OPENING BRIEF**

Orrick timely served its responses and objections to the Subpoena on July 30, 2015 (Alderman Ex, B).[1] Notwithstanding that the Court had ordered the parties and Orrick to meet and confer immediately if Loop sought to contest any of Orrick's objections, Loop did not do so until the afternoon of August 11, 2015 (Alderman ¶ 6, Ex. E), twelve days after the objections were served and a mere two days before any motions for a protective order were due.

As shown below, Loop's belated attempt to challenge Orrick's objections and Orrick's immediate response establish that the objections are well-founded and that Loop's challenge is only the latest chapter in a pattern of abusive discovery practice by Loop and its counsel.

As confirmed by Orrick's response to the Subpoena (Alderman Ex. B) and subsequent communications with Loop's counsel (Alderman Ex. F), Orrick has produced the documents that respond to requests no. 3, 4, 9, 10, 12, 13, 14 (in part), 15 (in part), 22 (in part), 23 (in part), 25, 26 (in part), 27, 28 and 31; it has no documents responsive to requests no. 1-9 and 11-13 as to

---

[1] "Alderman" refers to the accompanying Declaration of William F. Alderman in Support of Orrick's Motion For Protective Order to Quash Subpoena.

OHSUSA:762992531.1

NOTICE OF MOTION AND MOTION OF NON-PARTY ORRICK, HERRINGTON & SUTCLIFFE LLP FOR A PROTECTIVE ORDER OR TO QUASH SUBPOENA; OPENING BRIEF IN SUPPORT
CASE NO. - 3:15-CV-00798-HSG-DMR

persons or entities other than its former clients, defendants Almawave S.r.l. ("Almawave") and Almaviva S.p.A. ("Almaviva"), or to requests no. 24 (in part) and 30.

Orrick objected to part or all of some requests on the following grounds:

- an attorney-client privilege belonging to Almawave or Almaviva (requests no. 1-2, 5-8, 11, 14-21 and 23);
- an attorney-client privilege or work product protection belonging to Orrick (requests no. 23, 24, 26 and 29);
- irrelevance (request no. 23 in part); and
- undue burden and expense (requests no. 11 and 22).

The vast majority of Loop's discovery requests (22 out of 31) sought documents relating to Orrick's former representation of defendant Almawave. Orrick responded to those requests that did not seek privileged communications with Almawave by providing the requested information (see Alderman Ex. B; responses to requests 3, 4, 9, 10, 12, 13, relating to Almawave client and matter numbers, Almawave conflict clearance report, and Orrick personnel who worked on Almawave matters or had various roles in connection with Almawave matters).

To the extent the Subpoena requested communications as to which Almawave might seek to assert an attorney-client privilege, Orrick advised Loop's counsel Valeria Healy early on that it would provide all responsive documents to Almawave's counsel so they could make their privilege determinations, provide the non-privileged documents to Loop, and provide a log of documents as to which they claimed privilege (Alderman ¶ 8, Exs. D, G). Orrick advised Ms. Healy of that process in response to her request that it not produce to Almawave any Loop-related documents as to which Loop might claim a privilege, and confirmed to her that Orrick would accord the identical opportunity to both Loop and Almawave to make privilege objections before producing documents to the adversary (Alderman ¶ 8, Ex. G). Ms Healy raised no objection to that process (Alderman ¶ 8).

Orrick has provided to Almawave's counsel all of its documents relating to its former representation of Almawave that respond to the Subpoena (Alderman ¶ 9). It understands that Almawave is claiming attorney-client privilege as to almost all of those documents. (*Id.*).

OHSUSA:762992531.1

2

NOTICE OF MOTION AND MOTION OF NON-PARTY ORRICK, HERRINGTON & SUTCLIFFE LLP FOR A PROTECTIVE ORDER OR TO QUASH SUBPOENA; OPENING BRIEF IN SUPPORT
CASE NO. - 3:15-CV-00798-HSG-DMR

1     Orrick's giving its former client Almawave an opportunity to review responsive
2 documents for privilege is not just an appropriate response to the Subpoena, but is an ethical
3 obligation of the firm.  Both Rule 3-100 of the California Rules of Professional Conduct and
4 Rule 1.6 of the ABA Model Rules prohibit a lawyer from disclosing a client's confidential
5 information without the client's express consent.

6     Orrick has also objected to producing internal documents regarding confidential
7 communications between Orrick lawyers and the firm's Chief Legal Officer Larry Low or Claims
8 Counsel William Alderman that request or provide legal advice or investigation regarding this
9 lawsuit or Loop's demand to the firm and that were made after Loop first advised Orrick of the
10 dispute (requests no. 23, 24, 26 and 29; Alderman ¶ 10), based on Orrick's attorney-client
11 privilege or work product protection.  As with any other client, a law firm enjoys an attorney-
12 client privilege covering confidential communications with its internal legal counsel.  *See, e.g.,*
13 *Crimson Trace Corp. v. Davis Wright Tremaine LLP*, 355 Ore. 476 (2014); *TattleTale Alarm*
14 *Syst. Inc. v. Calfee, Halter & Griswold LLP*, 2011 WL 382627 (S.D. Ohio 2011); Rest. Third,
15 The Law Governing Lawyers, §46 comment c, § 73 comment c.

16     Loop's counsel has insisted that Orrick must provide a privilege log regarding those
17 communications (Alderman Ex. E).  But Rule 45(2)(A)(ii) requires that a claim of privilege in
18 response to a subpoena need only "describe the nature of the withheld documents,
19 communications, or tangible things in a manner that, without revealing information itself
20 privileged or protected, will enable the parties to assess the claim."

21     In the case of a law firm's internal communications after a dispute has arisen, courts do
22 not require a privilege log because the privilege is so obvious and because the information on a
23 log would necessarily reveal the lawyers' work in connection with the dispute.  *See, e.g., EEOC*
24 *v. Rekrem, Inc.*, 2002 WL 27776 at *1 n. 3 (S.D.N.Y. 2002) (privilege log not required where
25 "there is no question that the materials withheld as privileged are indeed privileged in the first
26 instance").  Moreover, discovery from an adversary's lawyers is routinely condemned in any
27 case.  *See, e.g., Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.,* 276 F.R.D. 376,
28

OHSUSA:762992531.1

3

NOTICE OF MOTION AND MOTION OF NON-PARTY ORRICK,
HERRINGTON & SUTCLIFFE LLP FOR A PROTECTIVE ORDER OR
TO QUASH SUBPOENA; OPENING BRIEF IN SUPPORT
CASE NO. - 3:15-CV-00798-HSG-DMR

380-82 (D.D.C. 2011) (discovery of lawyers may chill attorney-client communication, is "not helpful to effective legal practice," "presents a unique opportunity for harassment" and carries the "substantial potential of spawning litigation over collateral issues"); *AFSCME v. Scott*, 277 F.R.D. 474, 478-79 (S.D.s Fla. 2011) (subpoenas to counsel are "troubling" because they chill a client's candor with its counsel; a party seeking discovery from counsel must meet a higher standard than relevance and demonstrate that it has no other means of obtaining the information and that the information is crucial to preparation of its case).

Finally, Orrick has objected to parts of three requests (no. 11, 22 and 23) on the grounds of irrelevance and undue expense and burden. These objections are proper, as undue burden, irrelevance, not reasonably calculated to lead to discovery of admissible evidence and pursuit of privileged documents are all grounds for quashing a subpoena. *See, e.g., Pacific Gas & Elec. Co. v. Lynch*, 2002 WL 32812098 at *1 (N.D. Cal. 2002). Moreover, "the fact of non-party status maybe considered by the court in weighing the burden imposed in the circumstances." *Micron Technology, Inc. v. Tessera, Inc.,* 2006 WL 1646132 at *2 (N.D. Cal. 2006).

Overhanging all of the above objections is Loop's failure to abide by its obligation under Rule 45(d)(1) to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," a failure the Rule expressly enhances by providing that the court "must enforce this duty and impose an appropriate sanction -- which may include lost earnings and reasonable attorney's fees -- on a party or attorney who fails to comply." Here, where the Subpoena seeks obviously privileged communications between Orrick and its former client Almawave and obviously privileged communications within Orrick about this dispute and the unreasonable demands of Loop's attorney, the flouting of Rule 45(d)(1) could hardly be more egregious.

For all of these reasons, Orrick's objections should be sustained and the Court should enter a protective order and/or quash the Subpoena to the extent it requests the document to which Orrick has objected.

OHSUSA:762992531.1

4

NOTICE OF MOTION AND MOTION OF NON-PARTY ORRICK, HERRINGTON & SUTCLIFFE LLP FOR A PROTECTIVE ORDER OR TO QUASH SUBPOENA; OPENING BRIEF IN SUPPORT
CASE NO. - 3:15-CV-00798-HSG-DMR

Dated: August 13, 2015

WILLIAM F. ALDERMAN
ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____*/s/ William F. Alderman*_____
WILLIAM F. ALDERMAN
Attorneys for Non-Party
Orrick, Herrington & Sutcliffe LLP

OHSUSA:762992531.1

5

NOTICE OF MOTION AND MOTION OF NON-PARTY ORRICK,
HERRINGTON & SUTCLIFFE LLP FOR A PROTECTIVE ORDER OR
TO QUASH SUBPOENA; OPENING BRIEF IN SUPPORT
CASE NO. - 3:15-CV-00798-HSG-DMR