1  WILLIAM F. ALDERMAN (STATE BAR NO. 47381)
   *Email: walderman@orrick.com*
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
3  405 Howard Street
   San Francisco, California  94105-2669
4  Telephone:    +1-415-773-5700
   Facsimile:    +1-415-773-5759
5
   Attorneys for Non-Party
6  Orrick, Herrington & Sutcliffe LLP

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  LOOP AI LABS, INC., | Case No. 3:15-cv-00798-HSG-DMR |
| 12          Plaintiff, | **DECLARATION OF WILLIAM F. ALDERMAN IN SUPPORT OF ORRICK'S MOTION FOR PROTECTIVE ORDER OR TO QUASH SUBPOENA** |
| 13      v. | |
| 14  ANNA GATTI, et al., | |
| 15          Defendants. | Date/Time        TBD by Court |
| 16 | Action Filed:    February 20, 2015<br>Trial Date        July 11, 2016 |
| 17 | Hon. Haywood S. Gilliam, Jr.<br>Hon. Donna M. Ryu |

18

19

20

21

22

23

24

25

26

27

28

OHSUSA:762992899.1

DECLARATION OF WILLIAM F. ALDERMAN ISO ORRICK'S
MOTION FOR PROTECTIVE ORDER OR TO QUASH SUBPOENA
CASE NO. - 3:15-CV-00798-HSG-DMR

I, William F. Alderman declare as follows:

1.      I am a partner at the law firm Orrick Herrington & Sutcliffe LLP ("Orrick") and make this declaration in support of Orrick's motion for a protective order or to quash subpoena.  I have personal knowledge of the facts stated in this declaration and would testify competently to those facts if called as a witness.

2.      Attached as **Exhibit A** hereto is a true and correct copy of the subpoena duces tecum (the "Subpoena") that was deemed by order of the Court to have been served by plaintiff Loop AI Labs Inc. ("Loop") on July 23, 2015.

3.      Attached as **Exhibit B** hereto is a true and correct copy of Orrick's responses and objections to the Subpoena, served on July 30, 2015 along with an email to Loop's counsel Valeria Healy transmitting the responses and objections.  I personally prepared Exhibit B after consulting with numerous colleagues at Orrick to insure that the statements therein were accurate and complete to the best of my knowledge.

4.      Also on July 30, 2015, I transmitted to Ms. Healy the documents Orrick was producing in response to the Subpoena.  A true and correct copy of my email to Ms. Healy transmitting the documents is attached as **Exhibit C** hereto.

5.      On August 3, 2015, I received a telephone call from Ms. Healy, following which she sent me an email, a true and correct copy of which is attached as **Exhibit D** hereto, in which she said she would send me a letter detailing what she contended were deficiencies in Orrick's response to the Subpoena.

6.      On August 11, 2015, I received via email from Ms. Healy the letter she had said in Exhibit D would be forthcoming.  A true and correct copy of Ms. Healy's letter, along with the covering email and another attachment, is attached as **Exhibit E** hereto.

7.      On August 12, 2015, I responded to Exhibit E via an email, a true and correct copy of which is attached as **Exhibit F** hereto.

8.      On July 27, 2015, I received an email from Ms. Healy asking that Orrick not produce to anyone other than Loop documents responsive to Loop's Subpoena that may be protected by Loop's attorney-client privilege.  I responded on July 28, 2015, confirming that

1

1    Orrick would honor any request by Loop that it regard particular documents as protected by

2    Loop's attorney-client privilege and that it would provide any Almawave-related documents

3    requested by the Subpoena to Almawave's counsel and likewise honor any request by them that it

4    regard particular documents as protected by Almawave's attorney-client privilege.  A true and

5    correct copy of that exchange of emails is attached as **Exhibit G** hereto.  Ms. Healy did not

6    respond with any objection to that process.

7        9.      I have provided to Almawave's counsel Thomas Wallerstein all Almawave-related

8    documents responsive to the Subpoena to which Almawave's counsel has advised me Almawave

9    may wish to assert an attorney-client privilege.  I understand that Almawave is filing a motion for

10   protective order to the extent the Subpoena seeks documents that Almawave deems protected by

11   its attorney-client privilege, and will be producing to Loop any Orrick documents as to which it

12   does not claim a privilege.

13       10.     Each of the communications withheld from production in response to requests

14   no. 23, 24, 26 and 29 on the basis of Orrick's attorney-client privilege was made in confidence for

15   the purpose of obtaining or giving legal advice in connection with this lawsuit or the demands

16   made of Orrick by Loop and its counsel Valeria Healy.  Each of the communications was

17   addressed to or sent by Orrick's Chief Legal Officer Larry Low or myself as Claims Counsel to

18   the firm.  Orrick has not provided any of these communications to anyone outside of Orrick and

19   continues to treat  them as confidential.

20       I declare under penalty of perjury that the foregoing is true and correct and that this

21   declaration was executed at San Francisco, California on August 13, 2015.

22

23

24                                    William F. Alderman

25

26

27

28

DECLARATION OF WILLIAM F. ALDERMAN ISO ORRICK'S
MOTION FOR PROTECTIVE ORDER OR TO QUASH SUBPOENA
CASE NO. - 3:15-CV-00798-HSG-DMR