# EXHIBIT E

| | |
|---|---|
| **From:** | Valeria Calafiore Healy <valeria.healy@healylex.com> |
| **Sent:** | Tuesday, August 11, 2015 3:22 PM |
| **To:** | Alderman, William F. |
| **Cc:** | Daisy Carrera |
| **Subject:** | Loop AI Labs Inc. v. Gatti et al - Orrick Subpoena |
| **Attachments:** | 2015-08-11-Letter by Loop AI Labs to Orrick.pdf; Exhibit A.pdf |

Mr. Alderman:

I hope this email finds you well.

Please see attached correspondence on behalf of Loop AI Labs regarding the Orrick's Subpoena.

In addition, I previously asked you to please let me know why Orrick has failed to provide Loop AI its files in response to the file transfer request sent a couple of months ago. I look forward to your prompt response in this regard, as the client needs to have its complete set of files in Orrick's possession.

Kind regards,

VCH


Valeria Calafiore Healy, Esq.
**HEALY LLC**
*Litigation & Dispute Resolution*
154 Grand Street
New York, New York 10013
M: +1.917.595.0491
T: +1.212.810.0377
F: +1.212.810.7036
www.healylex.com


*************************************************************************************************************
****************************************************************

**CONFIDENTIALITY NOTICE** -- This message and any attachment are personal and confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient of this email please delete the message from your system and inform the sender immediately by replying to this email. Forwarding of this email is not permitted without prior written consent of the sender and forwarding of this email without the sender's authorization may constitute a breach of confidentiality. By agreeing to receive this email you consent to the terms of this Confidentiality Notice. For further information about Healy LLC please visit our website at www.healylex.com.





**HEALY**LLC

154 Grand Street
New York, NY 10013
T: 212.810.0377
F: 212.810.7036
www.healylex.com

Valeria Calafiore Healy
vch@healylex.com

**By Electronic Delivery**

August 11, 2015

William F. Alderman, Esq.
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
T: (415) 773-5700
F: (415) 773-5759
walderman@orrick.com

Re: *Loop AI Labs Inc. v. Anna Gatti et. al.*, 3:15-cv-00798-HSG-DMR
**Subpoena Duces Tecum to Orrick, Herrington & Sutcliffe LLP**

Dear Mr. Alderman:

I write on behalf of Plaintiff Loop AI Labs Inc. ("Loop AI") in reference to the Subpoena *duces tecum* issued by Loop AI to non-party Orrick, Herrington & Sutcliffe LLP. ("Orrick") in connection with the above referenced proceeding (the "Subpoena").

I am following up on my communications with you on August 3, 2015 relating to certain deficiencies in Orrick's response to the Subpoena, since I have not heard anything back from you. As you know, Judge Ryu issued a very specific Order governing the procedure and specific deadlines that Orrick must comply with if refusing to produce documents responsive to the Subpoena.

We are concerned that substantial time since the Court's Order has already gone by and Orrick still has failed to comply with its obligations under the Federal Rules of Civil Procedure and the Court's Order in responding to the Subpoena.

For your convenience, in addition to the details I already provided you on August 3, 2015, I also formally set forth below the deficiencies in Orrick's response to the Subpoena.

## Relevant Background

On June 1, 2015, Loop AI served the Subpoena by in hand delivery to Orrick at its office at 405 Howard Street, San Francisco, California. The Subpoena commanded Orrick to produce the requested documents by no later than **June 15, 2015 at 5:00pm**.

As of July 23, 2015, Orrick had not responded to the Subpoena either by way of objections, production or otherwise. On July 23, 2015 the Court ordered Orrick to respond to the Subpoena within a week. On July 24, 2015, the Court issued a written Order memorializing the procedure and deadlines that Orrick and Almaviva were required to follow if they refused to produce documents responsive to the Subpoena. *See* Dkt. No. 156 at 1.

On July 30, 2015, at 8:23pm, Orrick produced a handful of documents responsive to the Subpoena. A summary of the production follows:

- **Total production**: 36 plus 3 attachments

- **Temporal scope of production**:

  o 2012:

  - Orrick's engagement letter with Soshoma, Inc. dated April 19, 2012

  - Soshoma, Inc.'s Common Stock Purchase Agreement dated August 3, 2012

  o 2013:

  - Soshoma, Inc.'s Amendment No. 1 to Common Stock Purchase Agreement dated April 22, 2013

  o 2014:

  - Orrick's Conflict of Interest Search Request dated March 27, 2014

  o 2015:

  - 1 invoice from CT Corporation- Annual Invoice for Statutory Representation dated February 1, 2015

  - 1 email from Anna Gatti to John Bautista dated February 3, 2015

  - 4 emails from Michael Yang to Mark Janoff and/or John Bautista dated within February, 2015

  - 8 emails from Bella Gelin to Mark Janoff and/or John Bautista dated within February, 2015

- 8 emails from Mark Janoff to various associates at Orrick, Herrington & Sutcliffe LLP within February, 2015

- 12 emails from John Bautista to various associates at Orrick, Herrington & Sutcliffe LLP within February, 2015

  o 2000-2015:

  - 1 document that appears to have been created by counsel listing Orrick's fee earners for Almaviva S.p.A. and Almawave S.r.l.'s

- **Form of Production**: PDF version of all documents produced.

## Specific Requests and Production Made by Orrick[1]

### Requests 1, 5-8

No documents produced. Although Orrick objects on attorney-client privilege grounds, no privilege log was produced. As we already noted in our communications of August 3, 2015, Orrick cannot simply refuse to produce by making an unsupported blanket claim of privilege.

### Request 2

This request called for all engagement letters provided by Orrick to anyone of the defendants in this matter. Orrick produced no documents in response, nor a privilege log to support its privilege objection. Orrick is not permitted to refuse to produce responsive documents without providing a privilege log. We also do not believe engagement letters are attorney client privileged and that at a minimum Orrick was required to produce redacted copies of its engagement letters for the period of time beginning on January 1, 2012 to the present.

### Requests 3

This request called for all client numbers and matter numbers identifying the entities listed in the request, a single document was produced in response. Orrick did not produce actual records showing the information. We are entitled to an actual record from Orrick's files showing the information requested. Further, I note that Orrick failed to identify Plaintiff's client number, which we understand to be 27712. We also request that Orrick identify any matter number associated with Plaintiff's client number.

### Request 4

Only 1 document was produced in response to this request containing a single conflict clearance report dated March 27, 2014 (only responsive to part of this request). This request called for the production of all documents and communications relating to conflicts clearance conducted by Orrick or any discussions within Orrick regarding conflicts or conflicts clearance undertaken by Orrick regarding its engagement or prospective engagement to represent any of the listed individuals or entities, or undertaken by Orrick at any time between January 1,

---

[1] For your ease of reference we also attach as Exhibit A a chart listing in one place the full text of the Subpoena, the response/objection, the production (if any) and Loop AI's currently identified deficiencies.

2014 to March 11, 2015. The single document produced in response fails to comply with Orrick's obligations to fully respond to this request by producing all responsive documents in its custody, possession, or control.

**Requests 9-10**

Only 2 documents were produced in response to these requests. Orrick produced a list of attorneys, client numbers and matter numbers, for services rendered pertaining to defendants Almawave S.r.l. and Almawave S.p.A. from Pre 2000 to July 2015. Although we are not certain, it appears that this list was prepared by Orrick for purposes of responding to the Subpoena. Orrick did not produce **any actual records** from its files containing the requested information. Pursuant to the Subpoena we are entitled to actual record from Orrick's files responsive to these requests.

**Request 11**

No documents were produced by Orrick in response to this request. This request called for, among other things, the production of items such as calendars, agendas, notes or other materials reflecting any meeting, appointment or other communication as set forth in the request. Although Orrick claims responding to this request would be burdensome, it fails to specify any reason why it would be burdensome. Orrick has identified a very discrete list relating to its representation of the Almaviva Defendants since January 1, 2014. It is unclear why searching the files of such few custodians would be in any way burdensome. Orrick is not permitted to evade its obligations to provide responsive documents on unsupported claims of undue burden.

**Requests 12-13**

No documents were produced by Orrick in response to these requests and no basis was provided by Orrick for failing to produce responsive documents. Orrick's narrative response to these requests fail to comply with the obligations imposed by Rule 45. Loop AI is entitled to obtain the actual records from Orrick's files which are responsive to these requests.

**Requests 14-16 & 19**

Only 5 documents were produced by Orrick in response to these requests. These requests called for all correspondence sent from any Orrick attorney, paralegal, employee, or agent to any of the addresses listed. This request also explicitly called for any correspondence sent from any of those individuals listed to any Orrick attorney, paralegal, employee, or agent. Orrick's privilege assertion is not in compliance with the Federal Rules. To the extent Orrick wants to withhold documents responsive to the Subpoena it is required to comply with the Court's specific instructions, which expressly direct Orrick to move the Court by August 13, 2015. Orrick cannot simply continue to refuse to respond to the Subpoena based on blanket and unsupported objections.

In addition, in light of Orrick's concurrent conflicted representation of Loop AI and the Almaviva Defendants, we question how, being conflicted, Orrick made the determination that the documents were covered by Almaviva's alleged privilege instead of Loop AI's.

Respectfully, we believe that Orrick's self-representation in this matter is improper, and that its continued attempt take Almaviva's side against Loop AI, including by claiming that all documents responsive to specific requests are covered by Almaviva's privilege does not comply with its ongoing obligations to Loop AI.

**Request 18, 20**

No documents produced.  Although Orrick objects on attorney-client privilege grounds, no privilege log was produced.  As we already noted in our communications of August 3, 2015, Orrick cannot simply refuse to produce by making an unsupported blanket claim of privilege.

**Request 21**

No documents produced.  Although Orrick objects on attorney-client privilege grounds, no privilege log was produced.  As we already noted in our communications of August 3, 2015, Orrick cannot simply refuse to produce by making an unsupported blanket claim of privilege.

Further, in this request Plaintiff asked Orrick to produce all documents and communications relating to any aspects of any negotiations for Contracts entered by any of the entities listed.  We note that Orrick has not identified Gatti, TDN, IQSystem Inc. or LLC as clients of theirs, and we do not understand how can Orrick claim privilege in respect of any negotiation it conducted on behalf of a client against a third party not being represented by Orrick.  We believe Orrick's refusal to produce responsive documents here is improper and that Orrick is required to comply with the procedures and deadlines identified by Judge Ryu if it wishes to continue withholding responsive documents.

**Request 22**

No documents produced.  We request that as part of this request, as well as in connection with the entire Subpoena, Orrick identify what custodians it has identified in order to perform its searches, and what search terms and documents repositories were searched in order to respond to the Subpoena.

**Requests 23-24, 26, 29**

These requests called for the production of, among others, all documents and communications within Orrick from February 1, 2015 to the present relating to any of the topics listed in each request. Orrick produced only 24 emails responsive to only certain parts of these requests. The emails indicate that additional correspondence would exist. As set forth in Request 22, we ask that Orrick identify what custodians it has identified in order to perform its searches, and what search terms and documents repositories were searched in order to respond to the Subpoena.

In addition, we note that Orrick purports to invoke, for the first time since the Subpoena was served, its own attorney-client privilege in response to each of the foregoing requests.  Orrick, however, has failed to identify any basis (or even a privilege log) for the asserted privilege.  As noted above, we believe that Orrick is not permitted by the Court Order to simply refuse to respond to the Subpoena in this manner, and must timely move the Court if it intents to persist in its refusal to produce documents responsive to this request.

**Request 25**

This request called for all documents and communications discussing or mentioning Mark I. Janoff's request to Plaintiff for the payment of a  $1,000 retainer to Orrick on February 27, 2015.  Orrick produced 8 documents in response to this request, which are the same documents produced in response to Requests 23 and 26. The documents produce clearly show that Orrick has not fully complied with this request and has no produced the entirety of the documents in question. Just by way of example, no documents showing how, who and on what basis the $1,000 retainer Orrick requested from Loop AI Lab's was totaled.

**Requestss 27-28**

Although Orrick claims it will produce documents responsive to this request, no documents were produced.

**Request 30**

Orrick failed to produce any documents responsive to this request. This request calls for the production of any notes, diary, or record made of any call received or made by John Bautista from/to Anna Gatti from January 1, 2015 to present. Within the production received on July 30, 2015 an email from Anna Gatti to John Bautista dated February 3, 2015, indicates that Anna Gatti sought Mr. Bautista's advice about matters relating to her employment at Loop AI and that Mr. Bautista requested documents from an associate to review the queries posed by Ms. Gatti. There would have been no reason for Mr. Bautista to request the documents identified by Gatti but for his intention to speak to her. We request that Orrick promptly comply with this request by producing all responsive documents and that it provides us information regarding whether Mr. Bautista or anyone else at Orrick spoke to Ms. Gatti in person, by telephone or by any other means at any time after she sent that email dated February 3, 2015.

**Request 31**

Although Orrick claims it will produce documents responsive to this request, no documents were produced.

### Other Comments Regarding Production Made By Orrick

In addition to the notes above, the following are immediately apparent from the production made by Orrick:

- o  No documents were produced of communications prior to February 2015 with the exception of 4 documents.

- o  No documents were produced of communications *sent by/received by* John Bautista's personal email.

In closing, I respectfully note that if Orrick fails to fully comply with the Subpoena without following the procedure and deadlines ordered by the Court, Loop AI will have no choice but to seek to renew its Motion for Contempt.

Yours truly,

Valeria Calafiore Healy

6



HEALY LLC

Loop AI Labs Inc.
v.
Anna Gatti et. al.
3:15-cv-00798-HSG

**EXHIBIT A**

**DEFICIENCIES IN ORRICK, HERRINGTON & SUTCLIFFE, LLP'S ("ORRICK'S")
PRODUCTION TO LOOP AI LAB INC'S SUBPOENA *DUCES TECUM***

August 11, 2015

**DEFICIENCIES IN ORRICK, HERRINGTON & SUTCLIFFE, LLP'S ("ORRICK'S")**
**PRODUCTION TO LOOP AI LAB INC.'S SUBPOENA *DUCES TECUM***

| REQUEST NO. | TEXT OF REQUEST AND ORRICK'S RESPONSE |
|---|---|
| Request No. 1 | Produce all documents and communications concerning, discussing or expressing an interest in the retention of Orrick, Herrington & Sutcliffe LLP ("Orrick") by anyone of the following: Almaviva S.p.A., Almawave S.r.l., Almawave USA Inc. (together sometimes referred to as the "Almaviva Entities"), Anna Gatti ("Gatti"), Antonio or Tony Di Napoli or DiNapoli ("TDN"), IQSystem Inc., or IQSystem LLC (together sometimes referred to as the "IQSystem Entities"). |
| Orrick's Response | Orrick objects to this request as to Almaviva S.r.l. ("Almawave") and Almaviva S.p.A. ("Almaviva") on the ground that it seeks documents protected by the attorney-client privileges belonging to those companies. Orrick has no documents responsive to this request as to any of the other named persons or entities. |
| Orrick's Production | No documents produced in response to this request. |
| Deficiency Analysis | Although Orrick objects on attorney-client privilege grounds, no privilege log was produced.  As we already noted in our communications of August 3, 2015, Orrick cannot simply refuse to produce by making an unsupported blanket claim of privilege. |
| Request No. 2 | Produce all engagement letters provided by Orrick to anyone of the following: Almaviva S.p.A., Almawave S.r.l., Almawave USA Inc., Gatti, TDN, IQSystem Inc., or IQSystem LLC. |
| Orrick's Response | Orrick objects to this request as to Almawave on the ground that it seeks a document protected by the attorney-client privilege belonging to Almawave, specifically an engagement letter dated April 4, 2014. Orrick also had engagements for Almaviva (opened in April 2003), and Almaviva Finance S.p.A. (opened in April 2010) both of which ended prior to 2012. Orrick objects to this request to the extent it relates to either of those companies on the ground that it seeks documents protected by the attorney-client privileges belonging to those companies and that those engagements are irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Orrick has no documents responsive to this request as to any of the other named persons or entities. |
| Orrick's Production | No documents produced in response to this request. |
| Deficiency Analysis | This request called for all engagement letters provided by Orrick to anyone of the defendants in this matter. Orrick produced no documents in response, nor a privilege log to support its privilege objection.  Orrick is not permitted to refuse to produce responsive documents without providing a privilege log.  We also do not believe engagement letters are attorney client privileged and that at a minimum Orrick was required to |

HEALY LLC

| | |
|---|---|
| | produce redacted copies of its engagement letters for the period of time beginning on January 1, 2012 to the present. |
| Request No. 3 | Produce documents sufficient to identify each client number(s) and matter number(s) assigned by Orrick to anyone of the following: Plaintiff, Almaviva S.p.A., Almawave S.r.l., Almawave USA Inc., Gatti, TDN, IQSystem Inc., or IQSystem LLC. |
| Orrick's Response | Orrick's client number for Almawave is 30768. The two matter numbers for Almawave matters are 2 (California Joint Venture) and 4000 (IP Counseling). Orrick's client number for Almaviva is 13770. The matter number for the sole matter for this client is 2 (Finsiel Tema Legale). Orrick's client number for Almaviva Finance S.p.A. is 24286. The matter number for the sole matter for this client is 2001 (Fallimento PBS). Orrick has no client or matter numbers for any of the other named persons or entities. |
| Orrick's Production | One document produced in response to this request. |
| Deficiency Analysis | This request called for all client numbers and matter numbers identifying the entities listed in the request, a single document was produced in response. Orrick did not produce actual records showing the information. We are entitled to an actual record from Orrick's files showing the information requested. Further, I note that Orrick failed to identify Plaintiff's client number, which we understand to be 27712. We also request that Orrick identify any matter number associated with Plaintiff's client number. |
| Request No. 4 | Produce all documents and communications regarding or reflecting any conflicts clearance conducted by Orrick or any discussions within Orrick (between or among anyone at Orrick) regarding conflicts or conflicts clearance undertaken by Orrick regarding its engagement or prospective engagement to represent any of the following individuals or entities, or undertaken by Orrick at any time between January 1,2014 to March 11,2015: Almaviva S.p.A., Almawave S.r.l., Almawave USA Inc., Gatti, TDN, IQSystem Inc., or IQSystem LLC. |
| Orrick's Response | Orrick will produce its conflicts clearance report for Almawave (except for pages that reflect searches only for the term "iq" or the word "system" and thereby reference other Orrick clients whose identity is confidential and privileged). Orrick objects to producing its conflict clearance report for Almaviva on the ground that it is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Orrick has no such reports for any of the other named persons or entities. |
| Orrick's Production | One document produced in response to this request. |
| Deficiency Analysis | Only 1 document was produced in response to this request containing a single conflict clearance report dated March 27, 2014 (only responsive to part of this request). This request called for the production of all documents and communications relating to conflicts clearance conducted by Orrick or any discussions within Orrick regarding conflicts or conflicts clearance undertaken by Orrick regarding its engagement or prospective engagement to represent any of the listed individuals or entities, or undertaken by Orrick at any |

| | |
|---|---|
| | time between January 1, 2014 to March 11, 2015. The single document produced in response fails to comply with Orrick's obligations to fully respond to this request by producing all responsive documents in its custody, possession, or control. |
| Request No. 5 | Produce all invoices and billing records and details issued by Orrick to any of the following: Almaviva S.p.A., Almawave S.r.l., Almawave USA Inc., Gatti, TDN, IQSystem Inc., or IQSystem LLC; produce the correspondence sent by Orrick enclosing each such invoices or billing records responsive to this request. |
| Orrick's Response | Orrick objects to this request on the ground that it seeks documents protected by the attorney-client privileges belonging to Almawave and Almaviva. Orrick has no documents responsive to this request as to any of the other named persons or entities. |
| Orrick's Production | No documents were produced in response to this request. |
| Deficiency Analysis | No documents produced. Although Orrick objects on attorney-client privilege grounds, no privilege log was produced. As we already noted in our communications of August 3, 2015, Orrick cannot simply refuse to produce by making an unsupported blanket claim of privilege. |
| Request No. 6 | Produce all documents and communications regarding payments requested or received by Orrick from anyone on behalf of the following individuals or entities: Almaviva S.p.A., or Almawave S.r.l., or Almawave USA Inc., or Anna Gatti, or IQSystem Inc., or IQSystem LLC, or Tony Di Napoli, or Antonio Di Napoli. |
| Orrick's Response | Orrick objects to this request on the ground that it seeks documents protected by the attorney-client privileges belonging to Almawave and Almaviva. Orrick has no documents responsive to this request as to any of the other named persons or entities. |
| Orrick's Production | No documents were produced in response to this request. |
| Deficiency Analysis | Although Orrick objects on attorney-client privilege grounds, no privilege log was produced. As we already noted in our communications of August 3, 2015, Orrick cannot simply refuse to produce by making an unsupported blanket claim of privilege. |
| Request No. 7 | Produce all documents and communications containing billing details created within Orrick but not included in invoices or bills issued to clients regarding the handling, discussion, or representation of any aspect of the following individuals or entities: Almaviva S.p.A., or Almawave S.r.l., or Almawave USA Inc, or Anna Gatti, or IQSystem Inc., or IQSystem LLC. |
| Orrick's Response | Orrick objects to this request on the ground that it seeks documents protected by the attorney-client privileges belonging to Almawave and Almaviva. Orrick has no documents responsive to this request as to any of the other named persons or entities. |
| Orrick's Production | No documents were produced in response to this request. |

4

| | |
|---|---|
| Deficiency Analysis | Although Orrick objects on attorney-client privilege grounds, no privilege log was produced. As we already noted in our communications of August 3, 2015, Orrick cannot simply refuse to produce by making an unsupported blanket claim of privilege. |
| Request No. 8 | Produce any document or communication showing whether revisions to any invoices or billing records have been made by anyone at Orrick for invoices or billing records relating to any one of the following entities or individuals from January 1,2015 to the present: Plaintiff, Almawave S.p.A., Almawave S.r.1., Almawave USA Inc., Gatti, TDN, IQSystem Inc., or IQSystem LLC. |
| Orrick's Response | Orrick objects to this request on the ground that it seeks documents protected by the attorney-client privileges belonging to Almawave and Almaviva. Orrick has no documents responsive to this request as to any of the other named persons or entities. |
| Orrick's Production | No documents were produced in response to this request. |
| Deficiency Analysis | Although Orrick objects on attorney-client privilege grounds, no privilege log was produced. As we already noted in our communications of August 3, 2015, Orrick cannot simply refuse to produce by making an unsupported blanket claim of privilege. |
| Request No. 9 | Produce documents sufficient to identify all Orrick attorneys, paralegals or any other employee involved in, or participating in, any aspect of the representation of any of the following: Almaviva S.p.A., Almawave S.r.1., Almawave USA Inc., Gatti, TDN, IQSystem Inc., or IQSystem LLC. If this information is already contained in the billing details produced under another request made herein, this request can be disregarded. If any member, attorney, or other employee or agent of Orrick who participated in, or was involved in, any aspect of the representation or in any discussions regarding any of the above individuals or entities, please produce documents sufficient to identify each such individual who is not otherwise reflected in other documents to be produced by Orrick. |
| Orrick's Response | Orrick will produce the requested information for Almawave and Almaviva. Orrick has no documents responsive to this request as to any of the other named persons or entities. |
| Orrick's Production | One document produced in response to this request. |
| Deficiency Analysis | Only 2 documents were produced in response to these requests. Orrick produced a list of attorneys, client numbers and matter numbers, for services rendered pertaining to defendants Almawave S.r.l. and Almawave S.p.A. from Pre 2000 to July 2015. Although we are not certain, it appears that this list was prepared by Orrick for purposes of responding to the Subpoena. Orrick did not produce any actual records from its files containing the requested information. Pursuant to the Subpoena we are entitled to actual record from Orrick's files responsive to these requests. |
| Request No. 10 | Produce documents sufficient to identify the Orrick attorney(s) who authorized or directed Orrick employee Valerie S. Hein to become the Incorporator of Almawave USA, Inc .. |

| | |
|---|---|
| Orrick's Response | The attorneys sought by this request are Peter Sternberg and Scot Strube. |
| Orrick's Production | One document produced in response to this request. |
| Deficiency Analysis | Only 2 documents were produced in response to these requests. Orrick produced a list of attorneys, client numbers and matter numbers, for services rendered pertaining to defendants Almawave S.r.l. and Almawave S.p.A. from Pre 2000 to July 2015. Although we are not certain, it appears that this list was prepared by Orrick for purposes of responding to the Subpoena. Orrick did not produce **any actual records** from its files containing the requested information. Pursuant to the Subpoena we are entitled to actual record from Orrick's files responsive to these requests. |
| Request No. 11 | Produce all calendars, agenda, or appointment records of Valeria S. Hein and any other Orrick attorney, paralegal, administrative assistant or other employee showing any meeting, teleconference or other appointment or scheduling note, listing, naming or referring to anyone of the following individuals or entities: Almaviva S.p.A., Almawave S.r.l., Almawave USA Inc, Gatti, TDN, Valeria Sandei, IQSystem Inc, or IQSystem LLC. |
| Orrick's Response | Orrick has no electronic records responsive to this request. Orrick objects to this request to the extent it seeks handwritten documents on the grounds that (a) any such documents relating to Almawave or Almaviva are protected by the attorney-client privilege belonging to those companies and (b) searching for such documents would impose undue burden and expense on Orrick. |
| Orrick's Production | No documents were produced in response to this request. |
| Deficiency Analysis | No documents were produced by Orrick in response to this request. This request called for, among other things, the production of items such as calendars, agendas, notes or other materials reflecting any meeting, appointment or other communication as set forth in the request. Although Orrick claims responding to this request would be burdensome, it fails to specify any reason why it would be burdensome. Orrick has identified a very discrete list relating to its representation of the Almaviva Defendants since January 1, 2014. It is unclear why searching the files of such few custodians would be in any way burdensome. Orrick is not permitted to evade its obligations to provide responsive documents on unsupported claims of undue burden. |
| Request No. 12 | Produce documents sufficient to identify each of the Orrick attorney or attorneys who were designated as the responsible attorney(s) within Orrick for the billing and/or supervision of any matter for anyone of the following: Almaviva S.p.A., Almawave S.r.l., Almawave USA Inc., Gatti, TDN, IQSystem Inc., or IQSystem LLC. |
| Orrick's Response | The responsible attorney designated by Orrick for Almaviva prior to February 1, 2015 is Peter Sternberg and thereafter is Robert Isackson. The responsible attorney designated by Orrick for Almaviva is Alessandro D Nicola. Orrick has not designated a responsible attorney for any of the other named persons or entities. |

| | |
|---|---|
| Orrick's Production | No documents were produced in response to this request. |
| Deficiency Analysis | No documents were produced by Orrick in response to these requests and no basis was provided by Orrick for failing to produce responsive documents. Orrick's narrative response to these requests fail to comply with the obligations imposed by Rule 45. Loop AI is entitled to obtain the actual records from Orrick's files which are responsive to these requests. |
| Request No. 13 | Produce documents sufficient to identify which Orrick attorney or attorneys were designated within Orrick as having been brought to the firm as clients anyone of the following: Almaviva S.p.A., Almawave S.r.l., Almawave USA Inc., Gatti, TDN, IQSystem Inc., or IQSystem LLC, Wi Harper Group, or Founders Fund. |
| Orrick's Response | The "originating attorney" designated by Orrick for Almawave prior to February 1, 2015 is Peter Sternberg and thereafter is Robert Isackson. The "originating attorney" designated by Orrick for Almaviva is Alessandro De Nicola. Orrick has not designated an "originating attorney" for any of the other named persons or entities. |
| Orrick's Production | No documents were produced in response to this request. |
| Deficiency Analysis | No documents were produced by Orrick in response to these requests and no basis was provided by Orrick for failing to produce responsive documents. Orrick's narrative response to these requests fail to comply with the obligations imposed by Rule 45. Loop AI is entitled to obtain the actual records from Orrick's files which are responsive to these requests. |
| Request No. 14 | Produce all correspondence received by any Orrick attorney, paralegal, employee, agent or other (as set forth in the Definitions above) from the email address anna.gatti@gmail.com in which Gianmauro Calafiore was not copied in the correspondence received by Orrick. |
| Orrick's Response | Orrick will produce the requested documents that relate to plaintiff. Orrick objects to this request to the extent it requests documents that relate to Almawave on the ground that such documents are protected by the attorney-client privilege belonging to Almawave. |
| Orrick's Production | 5 documents produced in response to this request. |
| Deficiency Analysis | Only 5 documents were produced by Orrick in response to these requests. These requests called for all correspondence sent from any Orrick attorney, paralegal, employee, or agent to any of the addresses listed. This request also explicitly called for any correspondence sent from any of those individuals listed to any Orrick attorney, paralegal, employee, or agent. Orrick's privilege assertion is not in compliance with the Federal Rules. To the extent Orrick wants to withhold documents responsive to the Subpoena it is required to comply with the Court's specific instructions, which expressly direct Orrick to move the Court by August 13, 2015. Orrick cannot simply continue to refuse to respond to the Subpoena based on blanket and unsupported objections. |

7

| | |
|---|---|
| | In addition, in light of Orrick's concurrent conflicted representation of Loop AI and the Almaviva Defendants, we question how, being conflicted, Orrick made the determination that the documents were covered by Almaviva's alleged privilege instead of Loop AI's.<br><br>Respectfully, we believe that Orrick's self-representation in this matter is improper, and that its continued attempt take Almaviva's side against Loop AI, including by claiming that all documents responsive to specific requests are covered by Almaviva's privilege does not comply with its ongoing obligations to Loop AI. |
| Request No. 15 | Produce all correspondence sent by any Orrick attorney, paralegal, employee, agent or other (as set forth in the Definitions above) to the email address anna_gatti@gmail.com in which Gianmauro Calafiore was not copied in the correspondence. |
| Orrick's Response | Orrick will produce the requested documents that relate to plaintiff. Orrick objects to this request to the extent it requests documents that relate to Almawave on the ground that such documents are protected by the attorney-client privilege belonging to Almawave. |
| Orrick's Production | 3 documents produced in response to this request. |
| Deficiency Analysis | Only 5 documents were produced by Orrick in response to these requests. These requests called for all correspondence sent from any Orrick attorney, paralegal, employee, or agent to any of the addresses listed. This request also explicitly called for any correspondence sent from any of those individuals listed to any Orrick attorney, paralegal, employee, or agent. Orrick's privilege assertion is not in compliance with the Federal Rules. To the extent Orrick wants to withhold documents responsive to the Subpoena it is required to comply with the Court's specific instructions, which expressly direct Orrick to move the Court by August 13, 2015. Orrick cannot simply continue to refuse to respond to the Subpoena based on blanket and unsupported objections.<br><br>In addition, in light of Orrick's concurrent conflicted representation of Loop AI and the Almaviva Defendants, we question how, being conflicted, Orrick made the determination that the documents were covered by Almaviva's alleged privilege instead of Loop AI's.<br><br>Respectfully, we believe that Orrick's self-representation in this matter is improper, and that its continued attempt take Almaviva's side against Loop AI, including by claiming that all documents responsive to specific requests are covered by Almaviva's privilege does not comply with its ongoing obligations to Loop AI. |

HEALY LLC

| | |
|---|---|
| Request No. 16 | Produce all correspondence received by, or sent to, any Orrick attorney, paralegal, employee, agent or other (as set forth in the Definitions above) from any of the following email addresses: @iqsystem.us, tonycons@almawave.com, t.dinapoli-cons@almawave.com, tony@iqsystem.us, m.garner-cons@almawave.com, a.gatti@almawave.com, gatti.anna@almawave.it, l.wu@almawave.com, f.valentini-cons@almawave.com, manuela-cons@almawave.com, manuela@iqsystem.us, peter@iqsystem.us. |
| Orrick's Response | Orrick objects to this request on the ground that it seeks documents protected by the attorney-client privilege belonging to Almawave. |
| Orrick's Production | No documents were produced in response to this request. |
| Deficiency Analysis | Only 5 documents were produced by Orrick in response to these requests.  These requests called for all correspondence sent from any Orrick attorney, paralegal, employee, or agent to any of the addresses listed. This request also explicitly called for any correspondence sent from any of those individuals listed to any Orrick attorney, paralegal, employee, or agent.  Orrick's privilege assertion is not in compliance with the Federal Rules.  To the extent Orrick wants to withhold documents responsive to the Subpoena it is required to comply with the Court's specific instructions, which expressly direct Orrick to move the Court by August 13, 2015.  Orrick cannot simply continue to refuse to respond to the Subpoena based on blanket and unsupported objections.

In addition, in light of Orrick's concurrent conflicted representation of Loop AI and the Almaviva Defendants, we question how, being conflicted, Orrick made the determination that the documents were covered by Almaviva's alleged privilege instead of Loop AI's.

Respectfully, we believe that Orrick's self-representation in this matter is improper, and that its continued attempt take Almaviva's side against Loop AI, including by claiming that all documents responsive to specific requests are covered by Almaviva's privilege does not comply with its ongoing obligations to Loop AI. |
| Request No. 18 | Produce all documents and communications concerning, regarding, discussing or memorializing a discussion, communication or legal advice given to anyone at Almaviva S.p.A.., Almawave S.r.l., Almawave USA Inc., Valeria Sandei, Gatti or TDN regarding any legal implication, conflict or permissibility of any aspect of the following: Anna Gatti's work, retention, hire, or employment, or other affiliation with Almaviva S.p.A. and Almawave S.r.l., or Anna Gatti's work, hire, affiliation or other retention by Almawave USA Inc., including as its Chief Executive Officer. |
| Orrick's Response | Orrick objects to this request on the ground that it seeks documents protected by the attorney-client privilege belonging to Almawave. |
| Orrick's Production | No documents were produced in response to this request. |

9

| Deficiency Analysis | Although Orrick objects on attorney-client privilege grounds, no privilege log was produced. As we already noted in our communications of August 3, 2015, Orrick cannot simply refuse to produce by making an unsupported blanket claim of privilege. |
|---|---|
| Request No. 19 | Produce all documents and communications concerning, regarding, discussing or memorializing a discussion, communication regarding any aspect of the patent application prepared by Orrick and published at Publication No: US2014034392, in which Anna Gatti is copied in the correspondence. |
| Orrick's Response | Orrick objects to this request on the ground that it seeks documents protected by the attorney-client privilege belonging to Almawave. |
| Orrick's Production | No documents were produced in response to this request. |
| Deficiency Analysis | Only 5 documents were produced by Orrick in response to these requests. These requests called for all correspondence sent from any Orrick attorney, paralegal, employee, or agent to any of the addresses listed. This request also explicitly called for any correspondence sent from any of those individuals listed to any Orrick attorney, paralegal, employee, or agent. Orrick's privilege assertion is not in compliance with the Federal Rules. To the extent Orrick wants to withhold documents responsive to the Subpoena it is required to comply with the Court's specific instructions, which expressly direct Orrick to move the Court by August 13, 2015. Orrick cannot simply continue to refuse to respond to the Subpoena based on blanket and unsupported objections.<br><br>In addition, in light of Orrick's concurrent conflicted representation of Loop AI and the Almaviva Defendants, we question how, being conflicted, Orrick made the determination that the documents were covered by Almaviva's alleged privilege instead of Loop AI's.<br><br>Respectfully, we believe that Orrick's self-representation in this matter is improper, and that its continued attempt take Almaviva's side against Loop AI, including by claiming that all documents responsive to specific requests are covered by Almaviva's privilege does not comply with its ongoing obligations to Loop AI. |
| Request No. 20 | Produce the corporate minute book (or any similar compilation of corporate documents) and any other corporate documents maintained by Orrick for anyone of Almawave USA Inc., Almaviva S.p.A., or Almawave S.r.l. relating to the corporate existence and business affairs of anyone of the foregoing entities, including any articles of incorporation, shareholder resolutions, board meeting minutes, and all other similar documents generally kept in the corporate minute book or its equivalent. |
| Orrick's Response | Orrick objects to this request on the ground that it seeks documents protected by the attorney-client privilege belonging to Almawave. |

10

| | |
|---|---|
| Orrick's Production | No documents were produced in response to this request. |
| Deficiency Analysis | Although Orrick objects on attorney-client privilege grounds, no privilege log was produced. As we already noted in our communications of August 3, 2015, Orrick cannot simply refuse to produce by making an unsupported blanket claim of privilege. |
| Request No. 21 | Produce all documents and communications relating to any aspects of any negotiation for Contracts entered into between Almawave USA Inc., Almaviva S.p.A., or Almawave S.r.l. on the one hand, and Gatti, TDN, or IQSystem Inc. or LLC on the other hand. |
| Orrick's Response | Orrick objects to this request on the ground that it seeks documents protected by the attorney-client privilege belonging to Almawave. |
| Orrick's Production | No documents were produced in response to this request. |
| Deficiency Analysis | No documents produced. Although Orrick objects on attorney-client privilege grounds, no privilege log was produced. As we already noted in our communications of August 3, 2015, Orrick cannot simply refuse to produce by making an unsupported blanket claim of privilege.

Further, in this request Plaintiff asked Orrick to produce all documents and communications relating to any aspects of any negotiations for Contracts entered by any of the entities listed. We note that Orrick has not identified Gatti, TDN, IQSystem Inc. or LLC as clients of theirs, and we do not understand how can Orrick claim privilege in respect of any negotiation it conducted on behalf of a client against a third party not being represented by Orrick. We believe Orrick's refusal to produce responsive documents here is improper and that Orrick is required to comply with the procedures and deadlines identified by Judge Ryu if it wishes to continue withholding responsive documents. |
| Request No. 22 | Produce all non-privileged documents and communications sent or received by Orrick from/to third parties outside of Orrick regarding or discussing Almawave USA Inc., Almaviva S.r.l., Almaviva S.p.A., Valeria Sandei or Gatti, including any invitation to presentations, events or meetings. |
| Orrick's Response | Orrick will produce the requested documents to the extent they were created after January 1, 2014. Orrick objects to producing documents created prior to that date on the ground that they are irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence and that searching for such documents would impose undue burden and expense on Orrick. |
| Orrick's Production | No documents were produced in response to this request. |
| Deficiency Analysis | We request that as part of this request, as well as in connection with the entire Subpoena, Orrick identify what custodians it has identified in order to perform its searches, and what search terms and documents repositories |

| | |
|---|---|
| | were searched in order to respond to the Subpoena. |
| Request No. 23 | Produce all documents and communications received or sent by anyone at Orrick, including John Bautista, from February 1, 2015 to the present, including from his personal email address johnvbautista@gmail.com regarding, discussing, addressing, referencing or containing a reference or a discussion of anyone of the following: (A) TOPIC: any actual or potential litigation by Plaintiff, including, but not limited to, any discussion of litigation strategy, litigation, funding for Plaintiff or any similar topic, (B) TERMS: (1) gatti, (3) calafiore, (4) sandei, (5) almaviva, (6) almaviva, except that communications also sent to gm@loop.ai or to valeria.healy@healylex.com need not be produced. |
| Orrick's Response | Orrick will produce the requested documents, except that Orrick objects to this request to the extent it seeks (a) documents relating to the Litigation that were sent to or by Orrick's Chief Legal Officer Larry Low or Claims Counsel William Alderman, on the ground that such documents are protected by the attorney-client privilege belonging to Orrick and/or constitute Orrick's work product; or (b) documents sent to or by any person at Almawave, on the ground that such documents are protected by the attorney-client privilege belonging to Almawave. |
| Orrick's Production | 22 documents were produced in response to this request. |
| Deficiency Analysis | These requests called for the production of, among others, all documents and communications within Orrick from February 1, 2015 to the present relating to any of the topics listed in each request. Orrick produced only 24 emails responsive to only certain parts of these requests. The emails indicate that additional correspondence would exist. As set forth in Request 22, we ask that Orrick identify what custodians it has identified in order to perform its searches, and what search terms and documents repositories were searched in order to respond to the Subpoena.

In addition, we note that Orrick purports to invoke, for the first time since the Subpoena was served, its own attorney-client privilege in response to each of the foregoing requests. Orrick, however, has failed to identify any basis (or even a privilege log) for the asserted privilege. As noted above, we believe that Orrick is not permitted by the Court Order to simply refuse to respond to the Subpoena in this manner, and must timely move the Court if it intents to persist in its refusal to produce documents responsive to this request |
| Request No. 24 | Produce all of Orrick internal documents, correspondence and any other records, from February 1, 2015 to the present discussing, referencing or in any way addressing any conflicts or other issue relating to Orrick's representation of Plaintiff or Almaviva S.p.A., Almawave S.r.l., |
| Orrick's Response | Orrick objects to this request on the ground that such documents are protected by the attorney-client privilege belonging to Orrick and/or constitute Orrick's work product. Orrick has no responsive documents constituting correspondence with its insurers. |
| Orrick's Production | No documents produced in response to this request. |

HEALY LLC

| | |
|---|---|
| Deficiency Analysis | These requests called for the production of, among others, all documents and communications within Orrick from February 1, 2015 to the present relating to any of the topics listed in each request. Orrick produced only 24 emails responsive to only certain parts of these requests. The emails indicate that additional correspondence would exist. As set forth in Request 22, we ask that Orrick identify what custodians it has identified in order to perform its searches, and what search terms and documents repositories were searched in order to respond to the Subpoena.<br><br>In addition, we note that Orrick purports to invoke, for the first time since the Subpoena was served, its own attorney-client privilege in response to each of the foregoing requests. Orrick, however, has failed to identify any basis (or even a privilege log) for the asserted privilege. As noted above, we believe that Orrick is not permitted by the Court Order to simply refuse to respond to the Subpoena in this manner, and must timely move the Court if it intents to persist in its refusal to produce documents responsive to this request. |
| Request No. 25 | Produce all documents and communications within Orrick relating, discussing or in any way mentioning Mark I. Janoff's request to Plaintiff for the payment of a $1,000 retainer to Orrick on February 27, 2015. |
| Orrick's Response | Orrick will produce the requested documents. |
| Orrick's Production | 8 documents were produced in response to this request. |
| Deficiency Analysis | This request called for all documents and communications discussing or mentioning Mark I. Janoff's request to Plaintiff for the payment of a $1,000 retainer to Orrick on February 27, 2015. Orrick produced 8 documents in response to this request, which are the same documents produced in response to Requests 23 and 26. The documents produce clearly show that Orrick has not fully complied with this request and has no produced the entirety of the documents in question. Just by way of example, no documents showing how, who and on what basis the $1,000 retainer Orrick requested from Loop AI Lab's was totaled. |
| Request No. 26 | Produce all documents and communications within Orrick from February 1, 2015 to the present relating to, discussing or in any way mentioning the Lawsuit or Litigation filed by Plaintiff, as defined above. |
| Orrick's Response | Orrick will produce the requested documents, except that it objects to this request to the extent it seeks documents sent to or by Larry Low or William Alderman, on the ground that such documents are protected by the attorney-client privilege belonging to Orrick and/or constitute Orrick's work product. |
| Orrick's Production | 8 documents were produced in response to this request. |
| Deficiency Analysis | These requests called for the production of, among others, all documents and communications within Orrick from February 1, 2015 to the present relating to any of the topics listed in each request. Orrick produced only 24 emails responsive to only certain parts of these requests. The emails indicate that additional correspondence would exist. As set forth in Request 22, we ask that Orrick identify what custodians it has |

HEALY LLC

|  |  |
|---|---|
|  | identified in order to perform its searches, and what search terms and documents repositories were searched in order to respond to the Subpoena.<br><br>In addition, we note that Orrick purports to invoke, for the first time since the Subpoena was served, its own attorney-client privilege in response to each of the foregoing requests. Orrick, however, has failed to identify any basis (or even a privilege log) for the asserted privilege. As noted above, we believe that Orrick is not permitted by the Court Order to simply refuse to respond to the Subpoena in this manner, and must timely move the Court if it intents to persist in its refusal to produce documents responsive to this request. |
| Request No. 27 | Produce document sufficient to identify the "accounting and billing manager" referenced by John Bautista in his correspondence to Plaintiff on February 27, 2015 and produce all documents and communications within Orrick relating to any billing restriction preventing Orrick's employees from entering time for Plaintiff, including, but not limited, to all documents showing when the billing restrictions described by Mr. Bautista were activated. |
| Orrick's Response | The accounting and billing manager referenced by John Bautista is Rebecca Innocenti. Orrick will produce the requested documents relating to the billing restriction regarding plaintiff. |
| Orrick's Production | No documents were produced in response to this request. |
| Deficiency Analysis | Although Orrick claims it will produce documents responsive to this request, no documents were produced. |
| Request No. 28 | Produce Orrick's "internal accounting and billing guidelines" referenced by John Bautista in his correspondence to Plaintiff of February 27, 2015. |
| Orrick's Response | Orrick will produce the requested documents. |
| Orrick's Production | No documents were produced in response to this request. |
| Deficiency Analysis | Although Orrick claims it will produce documents responsive to this request, no documents were produced. |
| Request No. 29 | Produce all documents and correspondence from February 1, 2015 to (and including) March 11, 2015 between Larry Low and anyone else, including anyone inside Orrick, regarding, addressing, concerning or in any way referencing Plaintiff, the Lawsuit or Litigation (as defined above), Gatti, Almawave, Sandei, Venable, Healy LLC, or regarding, addressing, concerning or in any way referencing the subject matter or contents of Mr. Low's email filed in this action at Dkt. No. 29-1. |
| Orrick's Response | Orrick objects to this request on the ground that such documents are protected by the attorney-client privilege belonging to Orrick and/or constitute Orrick's work product. |
| Orrick's Production | No documents were produced in response to this request. |

HEALY LLC

| | |
|---|---|
| Deficiency Analysis | These requests called for the production of, among others, all documents and communications within Orrick from February 1, 2015 to the present relating to any of the topics listed in each request. Orrick produced only 24 emails responsive to only certain parts of these requests. The emails indicate that additional correspondence would exist. As set forth in Request 22, we ask that Orrick identify what custodians it has identified in order to perform its searches, and what search terms and documents repositories were searched in order to respond to the Subpoena. |
| | In addition, we note that Orrick purports to invoke, for the first time since the Subpoena was served, its own attorney-client privilege in response to each of the foregoing requests. Orrick, however, has failed to identify any basis (or even a privilege log) for the asserted privilege. As noted above, we believe that Orrick is not permitted by the Court Order to simply refuse to respond to the Subpoena in this manner, and must timely move the Court if it intents to persist in its refusal to produce documents responsive to this request. |
| Request No. 30 | Produce any note, diary, or record made of any call received or made by John Bautista from/to Anna Gatti from January 1, 2015 to the present, including records sufficient to identify the telephone numbers used by Mr. Bautista for any such calls. If John Bautista received any calls from Anna Gatti during this period but did not make a record of it, please so indicate that the call(s) was received/made but no record exist of the call. |
| Orrick's Response | Orrick has no documents responsive to this request. |
| Orrick's Production | No documents were produced in response to this request. |
| Deficiency Analysis | Orrick failed to produce any documents responsive to this request. This request calls for the production of any notes, diary, or record made of any call received or made by John Bautista from/to Anna Gatti from January 1, 2015 to present. Within the production received on July 30, 2015 an email from Anna Gatti to John Bautista dated February 3, 2015, indicates that Anna Gatti sought Mr. Bautista's advice about matters relating to her employment at Loop AI and that Mr. Bautista requested documents from an associate to review the queries posed by Ms. Gatti. There would have been no reason for Mr. Bautista to request the documents identified by Gatti but for his intention to speak to her. We request that Orrick promptly comply with this request by producing all responsive documents and that it provides us information regarding whether Mr. Bautista or anyone else at Orrick spoke to Ms. Gatti in person, by telephone or by any other means at any time after she sent that email dated February 3, 2015. |
| Request No. 31 | Produce all accounting and billing guidelines referenced by John Bautista in his correspondence to Valeria Healy dated February 27, 2015. |
| Orrick's Response | Orrick will produce the requested documents. |
| Orrick's Production | No documents were produced in response to this request. |
| Deficiency Analysis | Although Orrick claims it will produce documents responsive to this request, no documents were produced. |

HEALY LLC

**HEALY**ᴸᴸᶜ

16