# EXHIBIT F

# Alderman, William F.

**From:** Alderman, William F.
**Sent:** Wednesday, August 12, 2015 12:34 PM
**To:** 'Valeria Calafiore Healy'
**Subject:** RE: Loop AI Labs Inc. v. Gatti et al - Orrick Subpoena

Hi Valeria – This responds to the claims in your August 11th letter.

Requests 1, 5-8: As you know, we have advised you several times that Orrick was providing to counsel for Almawave S.r.l. ("Almawave") all responsive documents that relate to our representation of Almawave, and that after review they would provide you with the documents as to which Almawave doesn't claim a privilege and a privilege log as to documents they are withholding as privileged.

Request 2: Our response identified the only engagement letter with any defendant subsequent to January 1, 2012. It has been provided to counsel for Almawave, who will advise you whether or not they claim it to be privileged.

Request 3: Your request called only for "documents sufficient to identify" client and matter numbers for the parties. We have provided that information for the only defendants that we have represented. In preparing the response, I overlooked the fact that you also requested client and matter numbers for plaintiff. I apologize for the oversight. You are correct that the client number assigned to Soshoma is 27712. The only matter number for Soshoma is 1 (General Corporate).

Request 4: We produced the only conflict clearance report relating to any of the named parties. I'm not aware of other responsive documents but will check and let you know.

Requests 9-10: Your requests called only for "documents sufficient to identify" particular persons. We have fully provided that information.

Request 11: We believe that our objections are well founded. If you believe that Almawave is not entitled to claim a privilege as to any handwritten document, you can take it up with Almawave's counsel and we will be guided accordingly.

Requests 12-13: Your requests called only for "documents sufficient to identify" particular persons. We have fully provided that information.

Requests 14-16, 19: We have produced all responsive documents relating to our representation of Soshoma/Loop AI. As noted above, we have provided to counsel for Almawave all responsive documents relating to our representation of Almawave so they can make any privilege objections they deem appropriate. As I'm sure you can deduce, determining whose privilege applied to particular documents was not difficult, inasmuch as the documents came from either the Loop representation or the Almawave representation, not from both. Your accusation that Orrick is taking Almawave's side against Loop AI is ridiculous. You have specifically asked that we not produce any Loop-related documents to counsel for Almawave and I have confirmed that we will not do so without consulting you first and giving you the opportunity to make privilege objections. We are treating both former clients exactly the same and are not taking any side in the litigation between them.

Requests 18, 20: As noted above, we have provided to counsel for Almawave all responsive documents relating to our representation of Almawave so they can make any privilege objections they deem appropriate.

Request 21: See response re: requests 18, 20 above.

1

Request 22: See response re: requests 18, 20 above. Regarding your question about custodians, search terms and repositories: We searched email for all timekeepers on the Soshoma and Almawave matters who are currently at Orrick, or whose emails remain available, other than a few people on the Almawave matters who had extremely limited involvement performing tasks for others whose emails were searched. For the custodians representing Soshoma, we used the following search terms: Anna Gatti, Gianmauro Calafiore, Almawave, Almaviva, Valeria Healy, Valeria Sandei, Soshoma, Loop AI, anna.gatti@gmail.com. For the custodians representing Almawave, we used the following search terms: Almawave, Almaviva, Gatti, DiNapoli, Di Napoli, IQ Systems, IQSystems. We searched the following repositories: emails and attachments, electronic calendars, ethical wall database, conflicts database, timekeeper lists, accounts receivable database, iManage, and Legal Key.

Requests 23, 24, 26, 29: We have produced all responsive documents that are not protected by the privileges belonging to Orrick or to Almawave. As to Almawave, see the response re: requests 18, 20 above. As to Orrick, you are aware that Larry Low and I became involved in this matter only to provide legal advice to the firm and its lawyers on and after February 27, 2015. As lawyers to the firm, our internal communications are privileged. I am not aware of any authority under Rule 45 suggesting that lawyers involved in a matter after litigation has arisen are required to produce a log identifying their privileged communications. If you are aware of any such authority, I will carefully consider it and revisit the issue with you. If Almawave were to request all of your communications with your client in connection with this litigation, I would be quite surprised that you would agree to list all such communications on a privilege log. We also believe that your request for such materials, and your continued pursuit of the matter via correspondence, violate the command of Rule 45(d)(1) that "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."

Request 25: We have produced all responsive documents.

Requests 27-28: We have produced all responsive documents.

Request 30: As noted in our response, Orrick has no responsive documents.

Request 31: We have produced all responsive documents.

Regarding your "Other Comments," we have produced all responsive documents relating to our Soshoma/Loop representation prior to February 2015 (and, as you know, most of your requests relating to Soshoma/Loop apply only to the period after February 1, 2015 in any event); as noted above, all responsive documents relating to our Almawave representation prior to February 2015 have been provided to Almawave's counsel for their privilege review. No responsive documents were located in John Bautista's personal email.

Regarding your suggestion that you would renew your motion for contempt if we do not follow the procedures and deadlines ordered by the Court, I'm not aware of anything the Court has required me to do that I've not done. But I'm not in my office this week and don't have electronic access to everything; if there's something that you think requires me to take action beyond responding to your claims as I've done here, I'd appreciate your forwarding it to me. Thanks, and best regards. Bill



**WILLIAM F. ALDERMAN**
*Partner*

ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

tel +1-415-773-5944
fax +1-415-773-5759
walderman@orrick.com
bio • vcard

www.orrick.com

Visit our blog site: www.securitieslitigationblog.com

**From:** Valeria Calafiore Healy [mailto:valeria.healy@healylex.com]
**Sent:** Tuesday, August 11, 2015 3:22 PM
**To:** Alderman, William F.
**Cc:** Daisy Carrera
**Subject:** Loop AI Labs Inc. v. Gatti et al - Orrick Subpoena

Mr. Alderman:

I hope this email finds you well.

Please see attached correspondence on behalf of Loop AI Labs regarding the Orrick's Subpoena.

In addition, I previously asked you to please let me know why Orrick has failed to provide Loop AI its files in response to the file transfer request sent a couple of months ago. I look forward to your prompt response in this regard, as the client needs to have its complete set of files in Orrick's possession.

Kind regards,

VCH


Valeria Calafiore Healy, Esq.
**HEALY LLC**
*Litigation & Dispute Resolution*
154 Grand Street
New York, New York 10013
M: +1.917.595.0491
T: +1.212.810.0377
F: +1.212.810.7036
www.healylex.com

*********************************************************************************************
****************************************************************
**CONFIDENTIALITY NOTICE** -- This message and any attachment are personal and confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient of this email please delete the message from your system and inform the sender immediately by replying to this email. Forwarding of this email is not permitted without prior written consent of the sender and forwarding of this email without the sender's authorization may constitute a breach of confidentiality. By agreeing to receive this email you consent to the terms of this Confidentiality Notice. For further information about Healy LLC please visit our website at www.healylex.com.