UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANNA GATTI, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-00798-HSG   (DMR)<br><br>**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 167 |

　　　　At the July 23, 2015 discovery management conference, the court ordered the parties and third party Russell Reynolds Associates, Inc. ("RRA") to meet and confer regarding Plaintiff Loop AI Labs Inc.'s two subpoenas to RRA and to submit any remaining disputes in one eight-page joint letter by August 13, 2015. The court also ordered the parties to review the Northern District's Guidelines for Professional Conduct. [Docket No. 156 (minute order).]

　　　　On August 11, 2015, Plaintiff filed an administrative motion for leave to file excess pages with respect to the joint letter regarding the RRA subpoenas (Docket No. 162), to which RRA filed an opposition on August 12, 2015 (Docket No. 164). The court denied the administrative motion on the same day. [Docket No. 165 (Aug. 12, 2015 Order).] In the court's order denying the administrative motion, the court stated that it "uses an eight-page joint letter process to force the parties to focus on those arguments that are the most important to discovery disputes." The court noted its concern that if it enforced the original August 13, 2015 deadline for the joint letter, the letter would not reflect the parties' best work product, and accordingly extended the deadline for the parties to file the joint letter to August 17, 2015. (Aug. 12, 2015 Order.) Following the court's order, Plaintiff filed a reply in support of its administrative motion[1] (Docket No. 166) and

---

[1] The court notes that there is no provision in the Local Rules permitting parties to file reply briefs in connection with motions for administrative relief.

a motion for leave to file a motion for reconsideration (Docket No. 167).

Civil Local Rule 7-9 provides that "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order . . . . No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments presented before such order. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c).

In its motion for leave to file a motion for reconsideration, Plaintiff does not argue that any of these enumerated grounds for reconsideration are present. Instead, it argues that the court denied Plaintiff's administrative motion "on the basis of representations made in the RRA Opposition that simply were not true." (Pl.'s Mot. 1.) This is incorrect. The court rejected the request for additional pages by explaining that it uses an eight-page joint letter process for the resolution of discovery disputes to ensure the parties focus on the most important arguments. The court notes that it spent three hours with counsel during the July 23, 2015 discovery management conference developing measures to manage the attorneys' manifest acrimony, and to make the discovery process run more smoothly. The court expects the parties to meet and confer to sort out the vast majority of their disputes. The parties should not count on the ability to run to the court to resolve every disagreement, big or small. *See* N.D. Guidelines for Professional Conduct, § 10(a) ("Before filing a motion, a lawyer should engage in a good faith effort to resolve the issue. In particular, civil discovery motions should be filed sparingly."). Plaintiff's motion for leave to file

1  a motion for reconsideration is denied.  **The parties are ordered to meet and confer in a good**
2  **faith effort to resolve their disputes.**

4  **IT IS SO ORDERED.**

5  Dated: August 14, 2015



Donna M. Ryu
United States Magistrate Judge

3