UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>   Plaintiff,<br><br>  v.<br><br>ANNA GATTI, et al.,<br><br>   Defendants. | Case No. 15-cv-00798-HSG<br><br>**ORDER GRANTING SPECIAL MOTION TO STRIKE**<br><br>Re: Dkt. No. 55 |

Plaintiff Loop AI Labs, Inc. ("Loop AI") moves to strike Defendant IQ System, Inc.'s ("IQ System's") counterclaim for intentional interference with contractual relations pursuant to California's anti-SLAPP statute. The Court has considered the arguments and evidence presented by the parties and, for the reasons stated below, **GRANTS** Loop AI's motion to strike.

## I. BACKGROUND

Loop AI is a startup company focused on developing artificial intelligence technology. In this case, it alleges that it was the victim of a conspiracy undertaken by Anna Gatti, IQ System LLC, IQ System, Inc., Almaviva S.p.A., Almawave S.r.l., and Almawave USA (the "Defendants"). Specifically, Loop AI alleges that Gatti, its now-former CEO, violated her employment agreement by accepting a position as the CEO of a competing company called Almawave USA, whereby Gatti (1) secretly provided the other Defendants with Loop AI's business information; and (2) actively frustrated Loop AI's attempts to fundraise in order to force an eventual sale of Loop AI to Almawave USA.

On March 16, 2015, IQ System, Inc. ("IQ System") answered the Complaint and asserted a counterclaim against Loop AI for intentional interference with contractual relations. *See* Dkt. No. 33. IQ System's counterclaim arises from its loss of customers as a result of the allegations of misconduct contained in Loop AI's pleadings and related submissions to the Court. *See id.* Loop

AI filed an Amended Complaint on April 6, 2015, *see* Dkt. No. 45 ("Am. Compl."), and then, on April 13, 2015, moved to strike IQ System's counterclaim as filed in violation of California's anti-SLAPP statute. *See* Dkt. No. 55 ("Mot."). IQ System filed an Answer to the Amended Complaint on April 24, 2015 but—while the tortious interference counterclaim is still included in the caption—removed all reference to the counterclaim from the body of the pleading. *See* Dkt. No. 72. IQ System opposed Loop AI's motion to strike on April 27, 2015. Dkt. No. 74 ("Opp."). Loop AI filed a reply brief on April 28, 2015. *See* Dkt. No. 75 ("Reply").

## II. DISCUSSION

California enacted section 425.16 to curtail "strategic lawsuits against public participation," known as "SLAPP" actions, finding "a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances." Cal. Civ. Proc. Code § 425.16(a). SLAPPs "masquerade as ordinary lawsuits but are brought to deter common citizens from exercising their political or legal rights or to punish them for doing so." *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003) (internal quotation marks omitted). Because "it is in the public interest to encourage continued participation in matters of public significance, and [because] this participation should not be chilled through abuse of the judicial process," the anti-SLAPP statute is to be construed broadly. Cal. Civ. Proc. Code § 425.16(a).

California courts apply a two-step process for analyzing an anti-SLAPP motion. *Hilton v. Hallmark Cards,* 599 F.3d 894, 903 (9th Cir. 2010). Under the first prong, the moving party must make "a threshold showing . . . that the act or acts of which the plaintiff complains were taken 'in furtherance of the right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute." *Equilon Enters., LLC v. Consumer Cause, Inc.,* 29 Cal.4th 53, 67 (2002) (quoting Cal. Code Civ. Proc. § 425.16(b)(1)). "The moving party does so by showing that an act underlying the claims to be stricken fits one of the categories spelled out in section 425.16(e)." *Netlist, Inc v. Diablo Technologies, Inc.*, No. 13-cv-05962-YGR, 2015 WL 153618, at *3 (N.D. Cal. Jan. 12, 2015) (citation omitted).

**A.     SLAPP Applies to State-Law Claims in Federal Court**

IQ System argues that Loop AI's motion to strike must fail because California's anti-SLAPP statute only applies to claims asserted in federal court pursuant to diversity jurisdiction. Opp. at 4-6. IQ System characterizes *United States v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963 (9th Cir. 1999) as standing for that proposition. The Court disagrees. While the *Lockheed Missiles* action satisfied federal subject matter jurisdiction based on the diversity of the parties, the Ninth Circuit decision did not limit its holding to such cases. Instead, the Court performed an analysis under *Erie R. Co. v. Tompkins,* 304 U.S. 64 (1938) and found that (1) important substantive state interests were furthered by the anti-SLAPP statute; (2) no identifiable federal interest would be undermined by its application; and (3) prohibiting its application would promote forum-shopping.

The *Erie* doctrine applies to pendent state law claims to the same extent it applies to state law claims before a federal court on the basis of diversity jurisdiction. *See Nathan v. Boeing Co.,* 116 F.3d 422, 423 (9th Cir. 1997). Accordingly, numerous federal district courts in California, including courts in this district, have found that California's anti-SLAPP statute may be asserted against state law claims in federal court regardless of the basis for the court's jurisdiction. As Judge Fogel reasoned, "under the *Erie* analysis set forth in *Lockheed* the anti-SLAPP statute may be applied to state law claims which, as in this case, are asserted pendent to federal question claims." *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 63 F. Supp. 2d 1127, 1130 (N.D. Cal. 1999). This reasoning has been applied in numerous decisions over the past fifteen years:

> We have located only one case in which a court has addressed the issue of whether the anti-SLAPP statute applies in federal question cases with pendent state law claims. *In Globetrotte*r, 63 F. Supp. 2d at 1129-30, the court held that the anti-SLAPP statute was not applicable to federal questions, but could be applicable to pendent state law claims. We agree with this holding.

*In re Bah*, 321 B.R. 41, 46 (B.A.P. 9th Cir. 2005); *see Berman v. McManus*, 11-cv-00635-MCE, 2012 WL 1455088, at *2 (E.D. Cal. Apr. 26, 2012) ("A party may seek to specially strike . . . state law claims that are supplemental to federal claims in an action premised on federal question

3

jurisdiction."); *McFadden v. Deutsche Bank Nat. Trust Co.*, No. 10-cv-03004-JAM, 2011 WL 3606797, at *6 (E.D. Cal. Aug. 16, 2011) *report and recommendation adopted*, No. 10-cv-3004-JAM, 2011 WL 4765845 (E.D. Cal. Oct. 7, 2011) (same).

The Court agrees with the reasoning articulated in these cases. IQ System has asserted a state law cause of action as a counterclaim in this case. Loop AI may move to strike that counterclaim under California's anti-SLAPP statute. Accordingly, the Court proceeds to the two-step process described above.

### B. Step One: Protected Activity

There can be no reasonable question that IQ System's counterclaim arises from Loop AI's protected speech or petitioning activity. Section 425.16(e) expressly defines the phrase "act in furtherance of a person's right of petition or free speech" to include:

> any written or oral statement or writing made before a . . . judicial proceeding [and] any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body . . . .

Cal. Civ. Proc. Code § 425.16(e); *see also Netlist*, 2015 WL 153618 at *3 ("To put it simply, any statement made in a complaint filed with a court would fall squarely within the purview of 'petitioning activity.'"); *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman,* 47 Cal. App. 4th 777, 784 (1996) (under section 425.16, "'[t]he constitutional right to petition . . . includes the basic act of filing litigation or otherwise seeking administrative action.'").

In this case, IQ System concedes that its counterclaim arises from the "flurry of inflammatory pleadings and moving papers" filed in this action. Opp. at 9. IQ System's inclusion in those pleadings is not extraneous, as it is alleged to have conspired with the other Defendants to carry out the conspiracy alleged by Loop AI. Accordingly, the Court finds that IQ System's counterclaim arises from protected speech or petitioning activity, and thus satisfies the first prong of the anti-SLAPP statute analysis.

### C. Step Two: Probability of Prevailing

The Court now turns to the second prong, which requires IQ System to put forward evidence to show that it is likely to prevail on its counterclaim in order to avoid dismissal. The

second prong requires that IQ System both (1) state a legally sufficient claim; and (2) support that claim with a sufficient prima facie evidentiary showing to sustain a favorable judgment. *See Nygard, Inc. v. Uusi–Kerttula,* 159 Cal. App. 4th 1027, 1044 (2008). The standard applied to an anti-SLAPP motion—probability of prevailing on the merits—presents a higher burden than the plausibility standard applied for a motion to dismiss. *See Hilton,* 599 F.3d at 902 (finding that a defendant who was unsuccessful on a motion to dismiss could still prevail on the anti-SLAPP motion to strike because the plaintiff may state "a legal claim" but may not have "facts to support it"). Loop AI argues that—far from being able to provide a prima facie evidentiary showing sufficient to sustain a favorable judgment—IQ System's counterclaim is legally foreclosed by California's litigation privilege. Mot. at 5-6.

California Civil Code section 47(b) provides that communications made in or related to judicial proceedings are absolutely immune from tort liability. The California Supreme Court has explained that the purpose of the privilege is "to afford litigants . . . the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Silberg v. Anderson,* 50 Cal.3d 205, 213 (1990). "The litigation privilege applies to any communications (1) made in a judicial proceeding; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; (4) that have some connection or logical relation to the action." *Sharper Image Corp. v. Target Corp.,* 425 F. Supp. 2d 1056, 1077 (N.D. Cal. 2006) (citing *Silberg,* 50 Cal.3d at 212). Once these requirements are met, section 47(b) operates as an absolute privilege. *Silberg*, 50 Cal.3d at 216.

The Court agrees that the statements that form the basis of IQ System's counterclaim are protected by Section 47(b). The privilege covers "any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." *Id.* The allegations contained in Loop AI's pleadings and described in Loop AI's submissions to the Court are at the heart of this exceptionally broad privilege. *Id*. at 219-20 ("The requirement that the communication be in furtherance of the objects of the litigation is, in essence, simply part of the requirement that the communication be connected with, or have some logical relation to, the

action, i.e., that it not be extraneous to the action."). Courts have applied the litigation privilege to all tort claims, with the exception of malicious prosecution. *Edwards v. Centex,* 53 Cal. App. 4th 15, 29 (1997); *see also U.S. Ethernet Innovations, LLC v. Acer, Inc.,* No. C 10-3724 CW, 2013 WL 4104458, at *3 (N.D. Cal. Aug. 12, 2013) (applying the litigation privilege to bar an intentional inference with contract claim).

IQ System's opposition to Loop AI's motion ignores Loop AI's argument that California's litigation privilege precludes its counterclaim for tortious interference with contractual relations. In fact, IQ System has appears to have conceded that its counterclaim is not viable by removing it from the body of its responsive pleading to the FAC. Dkt. No. 72. Accordingly, the Court finds that IQ System has not demonstrated that there is a probability of prevailing on its counterclaim.

### D. Attorneys' Fees and Costs

"Under section 425.16, subdivision (c), an award of attorney fees to a defendant prevailing on a special motion to strike is mandatory . . . ." *Vargas v. City of Salinas*, 200 Cal. App. 4th 1331, 1341 (2011); *see also* Cal. Civ. Proc. Code § 425.16(c) ("[A] prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs."). Loop AI is entitled to recovery its attorneys' fees and costs arising from IQ System's counterclaim.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Loop AI's motion to strike IQ System's counterclaim pursuant to California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16. Loop AI and IQ Systems are directed to meet and confer on the amount of attorneys' fees and costs recoverable under section 425.16(c). No later than **21 days** from the date of this order, Loop AI and IQ Systems shall file a joint statement concerning the attorneys' fees and costs at issue which either (1) states the stipulated amount to which the parties have agreed; or (2) sets forth a stipulated briefing schedule for a motion to determine the attorneys' fees and costs.

**IT IS SO ORDERED.**

Dated: September 2, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge