UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ANNA GATTI, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-00798-HSG<br><br>**ORDER DENYING PARTIAL MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>Re: Dkt. No. 73 |

　　　　Loop AI Labs, Inc. ("Loop AI") is a startup company focused on developing artificial intelligence technology. In this case, Loop AI alleges that its now-former CEO worked with a competing company and several other defendants to steal its confidential business information and trade secrets (among other bad acts). On March 16, 2015, Defendants Anna Gatti and IQ System LLC filed a partial motion to dismiss or, in the alternative, to strike.[1] *See* Dkt. No. 35. In that motion, Gatti argued that Loop AI impermissibly seeks to impose liability on the Defendants for the alleged misappropriation of non-trade secret information, which California law does not permit.[2] Loop AI filed a First Amended Complaint ("FAC") on April 6, 2015, *see* Dkt. No. 45,

---

[1] Gatti's counsel concedes that its motion was copied virtually verbatim from the brief of another party in an unrelated lawsuit in this district. *See* Dkt. No. 87-1 (motion filed in *SunPower Corp. v. SolarCity Corp.*, No. 12-cv-00694-LHK). Counsel's conduct reflects a gross disregard for their professional obligations and the Court's time, as they made practically no effort to tailor the arguments asserted in their copied brief to the facts at issue here. For example, Gatti's motion discusses, at length, causes of action alleged in *Sunpower* but not asserted in this case. *See, e.g.,* Mot. at 5-6. Counsel are advised that future behavior of this sort will result in sanctions.

[2] Gatti's motion also moves to dismiss Loop AI's claim of Intentional Interference with Prospective Economic Advantage. Mot. at 17-18. However, the Court will not reach the merits of the issue. Because Gatti's counsel did not sufficiently edit the motion filed in *Sunpower*, the arguments asserted in this portion of Gatti's brief bear no relationship to the allegations actually contained in the FAC. *Compare* Mot. at 18 (arguing Loop AI alleged "no circumstances of disruption" and asserted only a "simplistic repetition of the elements of the claim") *with* FAC ¶¶ 290-302 (numerous paragraphs alleging facts concerning Defendants' interference with multiple potential investor relationships). The Court will not parse Gatti's challenge to determine which

and Gatti renewed her motion on April 24, 2015, *see* Dkt. No. 73 ("Mot."). Loop AI opposed that motion on May 8, 2015, *see* Dkt. No. 87 ("Opp."), and Gatti filed a reply brief on May 15, 2015, *see* Dkt. No. 93 ("Reply").

The Court has carefully considered the arguments presented by the parties and, for the reasons stated below, **DENIES** Gatti's partial motion to dismiss and motion to strike.

## I. LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain sufficient facts to state a plausible claim on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). If the court dismisses the complaint, it should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). When a party repeatedly fails to cure deficiencies, however, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

---

arguments actually apply to this case. Accordingly, Gatti's motion to dismiss Loop AI's Intentional Interference with Potential Economic Advantage claim is **DENIED**.

## II. DISCUSSION

### A. CUTSA Supersession

California's Uniform Trade Secrets Act ("CUTSA") permits civil recovery of "actual loss" or other injury caused by the misappropriation of trade secrets. *See* Cal. Civ. Code § 3426.3. It defines "misappropriation" as the improper acquisition, or non-consensual disclosure or use of another's trade secret. *Id*. § 3426.1(b). "Trade secret" is defined as information that derives "independent economic value" from its confidentiality and "[i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy." *Id*. § 3426.1(d).

CUTSA includes a savings clause that "preempt[s] claims based on the same nucleus of facts as trade secret misappropriation." *K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 962 (2009) (citing Cal. Civ. Code § 3426.7(b)). As is relevant in this case, the savings clause does not preempt "contractual remedies" and civil remedies "that are not based upon misappropriation of a trade secret." *Silvaco Data Systems v. Intel Corp.*, 184 Cal. App. 4th 210, 233 (2010), *disapproved on other grounds by Kwikset Corp. v. Superior Court*, 51 Cal.4th 310 (2011).

Following the nucleus of facts test, numerous courts have held that CUTSA supersedes other state-law claims where the wrongdoing alleged is the misappropriation of trade secret information. *See, e.g.*, *SunPower Corp. v. SolarCity Corp.*, No. 12-cv-00694-LHK, 2012 WL 6160472, at *13 (N.D. Cal. Dec. 11, 2012) (dismissing common law claims as preempted by CUTSA where "while stated in various ways, each [claim] alleges in essence that Defendants [misappropriated] . . . proprietary information"); *K.C. Multimedia, Inc.*, 171 Cal. App. 4th at 960 (holding breach of confidence claim superseded because "the conduct at the heart of" both the breach of confidence claim and the UTSA claim was "the asserted disclosure of trade secrets"). In other words, common law tort claims are displaced by CUTSA where they "do not genuinely allege 'alternative legal theories' but are a transparent attempt to evade the strictures of CUTSA by restating a trade secrets claim as something else." *Silvaco*, 184 Cal. App. 4th at 240. A common law tort claim is not displaced by the CUTSA where the alleged wrongdoing "is not based on the existence of a trade secret." *Angelica Textile Servs., Inc. v. Park*, 220 Cal. App. 4th

3

495, 508 (2013).

Although the California Supreme Court has not expressly articulated the scope of CUTSA's supersession of claims arising from the alleged misappropriation of non-trade secret information, "the majority of district courts that have considered *Silvaco* have held that CUTSA supersedes claims based on the misappropriation of information that does not satisfy the definition of trade secret under CUTSA." *SunPower Corp.*, 2012 WL 6160472, at *6; *see also Heller v. Cepia, L.L.C.,* No. 11-cv-01146-JSW, 2012 WL 13572, at *7 (N.D. Cal. Jan. 4, 2012) (holding that common law claims premised on "the wrongful taking and use of confidential business and proprietary information, regardless of whether such information constitutes trade secrets, are superceded by the CUTSA"); *Mattel, Inc. v. MGA Entm't, Inc.,* 782 F. Supp. 2d 911, 987 (C.D. Cal. 2011) ("[T]he Court concludes that UTSA supersedes claims based on the misappropriation of confidential information, whether or not that information meets the statutory definition of a trade secret."). Although a handful of courts have held otherwise, the substantial majority of contrary decisions were either decided before the California Court of Appeals' *Silvaco* decision or failed to consider *Silvaco* entirely. *See SunPower Corp.*, 2012 WL 6160472, at *7 (collecting cases).

Gatti argues that every decision applying CUTSA supersession to claims of misappropriation of non-trade secret information ignored governing California Supreme Court law and is thus wrongly decided. Opp. at 13 (citing *Reeves v. Hanlon*, 33 Cal.4th 1140 (2004)). However, *Reeves* did not address the question of CUTSA preemption. That case primarily concerned whether a plaintiff may pursue a cause of action for intentional interference with an at-will employment relationship. *Reeves*, 33 Cal.4th at 1144. While the Court noted the misappropriation claims in its discussion of that question, the defendants did not challenge, and thus the Court did not evaluate, whether CUTSA could or would have preempted those claims. *Id*. at 1147-48. Moreover, as noted by Judge Conti in *First Advantage Background Services Corp. v. Private Eyes, Inc.*, the facts of wrongful acts beyond misappropriation were not disputed in that case, so any preemption analysis would have had no impact on the Court's decision. 569 F. Supp. 2d 929, 936 (N.D. Cal. 2008) (citing *Reeves*, 33 Cal.4th at 1147, 1154-55). Given the posture of

4

the case at the time it was decided, the Court does not draw any inference concerning the scope of CUTSA preemption from *Reeves*. Instead, the Court agrees with the vast majority of courts that have addressed this issue, and finds that CUTSA supersedes claims based on the misappropriation of information that does not satisfy the definition of trade secret under CUTSA, absent a property interest conferred on that information by some other provision of law.

### B.     Application to Loop AI's Claims

While the Court agrees with the general legal proposition that CUTSA supersedes other California causes of action based on the misappropriation of trade secret or purportedly confidential information, the Court does not find that CUTSA requires dismissal of any of the claims asserted by Loop AI in this case.

First, Gatti does not explain how CUTSA, a statute enacted by the state of California, could preempt claims under the federal causes of action asserted in the FAC. "[I]t is fundamental that state law cannot preempt a federal statute . . . . There is absolutely no authority for [the] erroneous contention that CUTSA in any way preempts federal law." *Sign Designs, Inc. v. Johnson United, Inc.,* No. 11-cv-313-MCE, 2011 WL 1549396, at *2 (E.D. Cal. Apr. 21, 2011). Although the introduction to Gatti's opposition lists the federal claims as among those it requests the Court dismiss, the brief provides no argument concerning those causes of action. Accordingly, Gatti has provided no basis for the Court to dismiss the first or second causes of action.

Second, Gatti's motion also necessarily fails as to Loop AI's breach of contract claim. CUTSA expressly allows for claims seeking "contractual remedies, whether or not based upon misappropriation of a trade secret." Cal. Civ. Code § 3426.7(b). Because Loop AI's breach of contract cause of action arises out of Gatti's alleged contractual obligations, CUTSA preemption does not apply.

Third, Loop AI's claim for conversion is fundamentally different than the conversion claim at issue in *Sunpower*. In *Sunpower*, the plaintiff alleged a conversion claim arising from the same allegations of misappropriation that underlay its CUTSA claim. 2012 WL 6160472 at *13. That does not appear to be the case here. Loop AI's conversion claim arises from the fact that Gatti did not return her work computer and the files it contained after she was terminated. FAC ¶ 328. No

reasonable application of CUTSA's savings clause precludes a cause of action based on an employee's alleged theft of a piece of tangible property. *See Angelica Textile,* 220 Cal. App. 4th at 508 (holding that a conversion claim against a former employee who took documents with him upon leaving the plaintiff's employ was not displaced by the CUTSA, where the conversion claim could be based on the taking of "tangible property" that was not a trade secret).

Finally, while Loop AI's Fraud, Unfair Competition Law, and Unjust Enrichment claims contain some stray references to "confidential" and "proprietary" information such that CUTSA supersession could hypothetically apply, it is clear that these causes of action also arise from alleged misconduct besides misappropriation. *See, e.g.,* FAC ¶¶ 251-260 (alleging that Gatti fraudulently induced Loop AI to offer her employment based on misrepresentations about her experience, concealed her relationship with Almawave USA in order to continue work with Loop AI, and sabotaged relationships with Loop AI's potential investors). Accordingly, even assuming that Loop AI improperly seeks relief for Defendants' alleged misappropriation of non-trade secret information, there would be no basis to dismiss the Fraud, Unfair Competition Law, and Unjust Enrichment causes of action in their entirety. Nor has Gatti demonstrated prejudice sufficient to strike the allegations concerning the misappropriation of "confidential" and "proprietary" information as immaterial under Federal Rule of Civil Procedure Rule 12(g). *See, e.g., New York City Employees' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) ("Such motions should only be granted if 'the matter has no logical connection to the controversy at issue *and* may prejudice one or more of the parties to the suit.'") (citation omitted) (emphasis in original).

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Gatti's partial motion to dismiss and motion to strike.

**IT IS SO ORDERED.**

Dated:  September 2, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge