

505 MONTGOMERY STREET   SUITE 1400   SAN FRANCISCO, CA 94111
T 415.653.3750   F 415.653.3755   www.Venable.com

September 14, 2015

Thomas E. Wallerstein

T 415.653.3707
F 415.653.3755
TWallerstein@Venable.com

**By ECF**

The Honorable Donna M. Ryu
United States District Court
Northern District of California
1301 Clay Street, Courtroom 4
Oakland, California 94612

RE:  *Loop AI Labs Inc. v. Anna Gatti et al.*, Case No. 3:15-cv-00798-HSG-DMR

Dear Judge Ryu:

Pursuant to Your Honor's Standing Order and subsequent orders issued in this matter, Almawave USA, Inc. ("Almawave USA") submits this letter regarding a subpoena that plaintiff Loop AI Labs, Inc. ("Loop") has issued to Almawave USA's undersigned litigation counsel, Venable LLP ("Venable").  The parties have met and conferred in writing and on the telephone but have been unable to resolve their dispute.

Loop refused Almawave USA's request that Loop participate in submitting a joint letter to Your Honor because, Loop argued, Loop has not yet declared that it intends to file a motion to compel on the issue and Loop contends that, despite several letters and a telephone call, Almawave USA did not sufficiently meet and confer.  Meanwhile, Loop refuses to withdraw or limit its subpoena.

**Relevant Case Management Deadlines**

Fact and expert discovery close on January 29, 2016 and March 18, 2016, respectively.  The dispositive motion filing cutoff is set for March 31, 2016.  Trial is set in this matter for July 11, 2016, with the pretrial conference set for June 28th, 2016.

**Almawave USA's Position**

Loop's subpoena to defendants' litigation counsel seeks ongoing, active-litigation communications that are covered by the attorney client privilege and work product doctrines.



The Honorable Donna M. Ryu
September 14, 2015
Page 2

    Loop's subpoena is attached as Exhibit A.  Venable's objections and responses are attached as Exhibit B.  Almawave USA's objections and responses are attached as Exhibit C.

    The subpoena unquestionably calls for privileged communications.  For example, Request No. 3 calls for "all documents and communications between [Venable attorney] Mr. Sternberg and anyone at Almaviva . . . regarding the above captioned litigation."
    Similarly, Request No. 4 calls for "all documents and communications between [Venable attorney] Mr. Sternberg and anyone else discussing, providing opinions, or in any way referencing (1) Soshoma, or (2) Loop AI, or (3) Loop AI's former Chief Executive Officer – Anna Gatti, or (4) any of the contracts at issue in this case."

    Objections on the basis of privilege were timely served by both Venable and by Almawave USA.  Almawave USA seeks either an order quashing the subpoena or limiting it to documents not protected by the attorney client privilege or work product doctrine.

    Courts routinely grant motions to quash or for protective orders brought by parties whose protected information is sought by a third-party subpoena.  *See e.g., Broadband iTV v. Hawaiian Telecom*, No. 15–mc–80053 HRL, 2015 WL 1778432, at *3 (N.D. Cal. Apr. 17, 2015).

    As already explained in prior briefing, discovery from an adversary's lawyers is routinely condemned.  *See, e.g., Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376, 380-82 (D.D.C. 2011) (discovery of lawyers may chill attorney-client communication, is "not helpful to effective legal practice," "presents a unique opportunity for harassment" and carries the "substantial potential of spawning litigation over collateral issues").  Subpoenas to counsel are "troubling" because they chill a client's candor with its counsel.  *AFSCME v. Scott*, 277 F.R.D. 474, 478-79 (S.D. Fla. 2011).

    In fact, because it seeks discovery from counsel, Loop must meet a higher standard and demonstrate "(1) the desired information cannot be obtained by any other means; (2) the desired information is relevant and non-privileged; and (3) the desired information is crucial to the preparation of the case."  *See Fausto v. Crediqy Servs. Corp.*, No. C 07–5658 JW (RS), 2008 WL 4793467, at *1-2 (N.D. Cal. Nov. 3, 2008).  Loop cannot satisfy any of these requirements.

    Orrick already explained in words equally applicable to Loop's subpoena to Venable that

> Loop's failure to abide by its obligation under Rule 45(d)(1) to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," [is] a failure the Rule expressly enhances by providing that the court "must enforce this duty and



The Honorable Donna M. Ryu
September 14, 2015
Page 3

> impose an appropriate sanction -- which may include lost earnings and reasonable attorney's fees -- on a party or attorney who fails to comply."  Here, where the Subpoena seeks obviously privileged communications between [Venable] and its [] client Almawave and obviously privileged communications within [Venable] about this dispute . . . , the flouting of Rule 45(d)(1) could hardly be more egregious.

*See* Notice of Motion and Motion of Non-Party Orrick, Herrington & Sutcliffe LLP for a Protective Order or to Quash Subpoena; Opening Brief in Support, filed August 13, 2015 [Dkt. No. 169], at 4.

Further, requiring a privilege log is improper under the circumstances.  *See, e.g., EEOC v. Rekrem, Inc.*, 2002 WL 27776 at *1 n.3 (S.D.N.Y. Jan. 10, 2002); *Topolewski v. Quorum Health Res. LLC*, 2013 U.S. Dist. LEXIS 2481, *10 (M.D. Tenn. Jan. 8, 2013).

**Almawave USA's Proposed Compromise**

Almawave USA proposed to Loop a compromise whereby Loop could receive information that it believes is relevant to whatever theory Loop is pursuing.  Specifically, Almawave USA proposed that Venable and Almawave USA would satisfy any obligations to respond to Loop's inquiries by providing narrative responses (as Venable already has done).

Despite Almawave's offer of non-privileged information that Loop may deem relevant, Loop refuses to agree that the requests in the subpoena be limited to call only for non-privileged and non-work product documents and communications.  Loop also refuses to agree that a privilege log should not be required.

Loop has declined to suggest any other potential compromise.

Respectfully submitted,

*/s/ J. Wallerstein*

Thomas E. Wallerstein
VENABLE LLP
*Counsel for Defendant Almawave USA, Inc.*

10066214-v10