UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC., <br><br> Plaintiff, <br><br> v. <br><br> ANNA GATTI, et al, <br><br> Defendants. | CASE NO.: 3:15-cv-00798-HSG-DMR <br><br> **DECLARATION OF GIANMAURO CALAFIORE IN SUPPORT OF LOOP AI LABS INC.'S MOTION TO DISQUALIFY ATTORNEY STERNBERG AND VENABLE LLP** <br><br> Action Filed:  February 20, 2015 <br> Trial Date:  July 11, 2016 |

I, Gianmauro Calafiore hereby declare under penalty of perjury that the following statements are true and correct to the best of my knowledge, information and belief:

1.  I am the Chief Executive Officer and Founder of Loop AI Labs Inc. ("Loop AI"), previously named Soshoma Inc.

2.  I submit this Declaration in support of Loop AI's Motion to Disqualify Attorney Sternberg and Venable LLP ("Motion").

3.  I first met with the law firm of Orrick, Herrington & Sutcliffe LLP ("Orrick") in the Bay Area in late 2011 in connection with its possible representation of the company I was preparing to launch.

4.  Orrick began representing Loop AI in April 2012 and continued representing Loop AI without interruption until March 11, 2015.  During this time and until Loop AI terminated Gatti on February 3, 2015, both Anna Gatti and I were the two Loop AI officers regularly in contact with Orrick regarding Loop AI matters.

5.  During Orrick's 3-year representation of Loop AI, Orrick served as Loop AI's primary counsel in connection with virtually all aspects of Loop AI's business and legal needs. During this time, we shared with Orrick's attorneys highly confidential aspects of Loop AI's business, operation and strategy.

6.  For instance, Orrick assisted with us with various aspects of the investments made by various people in Loop AI, as well as with numerous other aspects of Loop AI's business and investment strategy and transactions.  Orrick also maintained Loop AI's confidential list of investors.

7.  I have reviewed a Subpoena issued by the Venable firm on July 31, 2015 to an Investment Fund.  The Subpoena is attached hereto as Exhibit 1.  Through December 2014, Orrick was specifically assisting Loop AI with

all aspects of its highly confidential dealings with the investment fund to which the Subpoena is addressed. The requests made by Venable in the Subpoena include highly confidential details of Loop AI's dealings with the Investment Fund that Venable could not have known without access to Orrick's files, and without first getting discovery from Loop AI or other parties in this case. The details included in the Subpoena reveal detailed knowledge of highly confidential aspects of Loop AI's dealings with the Investment Fund in question to which only Orrick had highly-confidential access as part of its attorney-client relationship with Loop AI.

8. Orrick's representation of Loop AI also covered employment matters and matters related to the issuance of Loop AI stock and included Loop's employment of Defendant Gatti and its issuance of stock to her. Even after we terminated Gatti on February 3, 2015, Orrick continued to assist Loop AI in connection with matters relating to her termination and her employment agreements, without disclosing to us that it had and continued to concurrently represent Almaviva and was working with Almaviva and Gatti regarding the matters at issue in this case. Orrick also prepared and maintained Loop AI's corporate records, including its corporate minute book.

9. Orrick never informed Loop AI nor obtained its consent to work with Gatti in connection with the Almaviva Defendants.

10. I have reviewed the Declaration of William Alderman of Orrick filed at Docket No. 188 where he discusses the time recorded by Orrick on the Loop AI matter in February 2015. The time he recites at paragraph 4 does not accurately reflect all of Orrick's times spent on the Loop AI matter. For instance, Mr. Alderman fails to mention any time spent in February 2015 by Orrick's attorney John Bautista, even though John Bautista participated in numerous communications with Loop AI during the months of February 2015. Based on my 3-year experience with Orrick, I believe that Orrick's attorney and staff did not regularly bill all of the time that was spent on the Loop AI matter.

11. Orrick continues to be in possession of Loop AI's files. Despite numerous requests made over the course of the last several months, Loop AI continues to await the transfer of its files from Orrick.

Executed: September 16, 2015
San Francisco, California

_____
Gianmauro Calafiore

# EXHIBIT 1

1 **VENABLE LLP**
Thomas E. Wallerstein (SBN 232086)
2 Kimberly Culp (SBN 238839)
Robert L. Meyerhoff (SBN 298196)
3 Email: twallerstein@venable.com
         kculp@venable.com
4        rlmeyerhoff@venable.com
505 Montgomery Street, Suite 1400
5 San Francisco, CA 94111
Telephone:   415.653.3750
6 Facsimile:   415.653.3755

7 Attorneys for Defendant Almawave USA, Inc.

8

9                    UNITED STATES DISTRICT COURT

10                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12 | LOOP AI LABS, INC., a Delaware | CASE NO.: 3:15-cv-00798-HSG (DMR) |
corporation,
13                                  Hon. Haywood S. Gilliam, Jr.
                                    Courtroom 15
14           Plaintiffs,

15      v.

16                                  **NOTICE OF SUBPOENA**
                                    ***DUCES TECUM***
17 ANNA GATTI, an individual,
ALMAVIVA S.p.A., an Italian corporation,
18 ALMAWAVE S.r.l., an Italian corporation,  Date of Production:   August 31, 2015
19 ALMAWAVE USA, Inc., a California          Time:                 10:00 a.m.
corporation, IQSYSTEM LLC, a California     Place of Production:  See Subpoena
20 limited liability company, IQSYSTEM Inc., a
Delaware corporation,                       Action Filed:         February 20, 2015
21                                           Trial Date:           July 11, 2016
           Defendants.
22

23

24

25

26

27

28

NOTICE OF SUBPOENA *DUCES TECUM*

1     **PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 45, the
2 attached Subpoena will be served upon the Custodian of Records for ▬▬▬▬ Inc, on
3 August 3, 2015, or as soon thereafter as is practicable.

4

5

6                                          Respectfully submitted,

7     Dated: July 31, 2015                **VENABLE LLP**

8

9                             By:    /s/ Robert M.
10                                         Thomas E. Wallerstein (SBN 232086)
                                           Kimberly Culp (SBN 238839)
11                                         Robert L. Meyerhoff (SBN 298196)
                                        505 Montgomery Street, Suite 1400
12                                         San Francisco, CA 94111
                                        twallerstein@venable.com
13                                         kculp@venable.com
                                        rlmeyerhoff@venable.com
14                                         Tel.: (415) 653-3750
                                        Fax: (415) 653-3755
15

                                        *Attorneys for Almawave USA, Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

NOTICE OF SUBPOENA *DUCES TECUM*

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| LOOP AI LABS INC. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:15-cv-00798 |
| | ) | |
| ANNA GATTI, et. al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES

To: Custodian of Records for ████████ Inc.
50 California Street, Suite 2580, San Francisco, CA 94111

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See Attached Schedule A.

| Place: Venable, LLP<br>505 Montgomery Street, Suite 1400<br>San Francisco, CA 94111 | Date and Time:<br>August 31, 2015 at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 07/31/2015

*CLERK OF COURT*

OR     *Robert M*_____

_____          _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*
                                         Robert L. Meyerhoff (SBN 298196)

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
ALMAWAVE USA, Inc., a California Corporation , who issues or requests this subpoena, are:
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
Telephone: 415.653.3750   Facsimile: 415.653.3755

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**VENABLE LLP**
Thomas E. Wallerstein (SBN 232086)
Kimberly Culp (SBN 238839)
Robert L. Meyerhoff (SBN 298196)
Email: twallerstein@venable.com
        kculp@venable.com
        rlmeyerhoff@venable.com
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
Telephone:   415.653.3750
Facsimile:   415.653.3755

Attorneys for Defendant Almawave USA, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS, INC., a Delaware corporation,<br><br>            Plaintiffs,<br><br>     v.<br><br>ANNA GATTI, an individual, ALMAVIVA S.p.A., an Italian corporation, ALMAWAVE S.r.l., an Italian corporation, ALMAWAVE USA, Inc., a California corporation, IQSYSTEM LLC, a California limited liability company, IQSYSTEM Inc., a Delaware corporation,<br><br>            Defendants. | CASE NO.: 3:15-cv-00798-HSG (DMR)<br><br>Hon. Haywood S. Gilliam, Jr.<br>Courtroom 15<br><br>**SCHEDULE A TO<br>SUBPOENA *DUCES TECUM*<br>TO** ▮▮▮▮▮▮▮▮▮▮ **INC.**<br><br>Date of Production:   August 31, 2015<br>Time:                       10:00 a.m.<br>Place of Production:  See Subpoena<br><br>Action Filed:            February 20, 2015<br>Trial Date:              July 11, 2016 |

# DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

The following definitions apply to the Requests herein:

1. "Request" or "requests" shall mean any or all of the requests for production contained herein.

2. "ALMAWAVE" means Almawave USA, Inc., Almaviva S.p.A, Almawave S.r.l and any of their predecessors, successors, related entities, sister or parent entities, agents, assigns, officers, directors, employees, or any individual or entity acting on their behalf or under their direction or control.

3. "LOOP" means Loop AI Labs, Inc. and any of its predecessors, successors, agents, assigns, officers, directors, employees, or any individual or entity acting on their behalf or under its direction or control.

4. "█████" means █████████ INC., and any of its predecessors, successors, agents, assigns, officers, directors, employees, or any individual or entity acting on their behalf or under its direction or control.

5. "You" and "Your" means █████ and any of its predecessors, successors, agents, assigns, officers, directors, employees, or any individual or entity acting on their behalf or under its direction or control.

6. "Any" and "each" include and encompass "all" and vice versa. "Or" includes and encompasses "and", and vice versa. The singular includes the plural, and vice versa. The masculine includes and encompasses the feminine, and vice versa.

7. The term "including" means "including but not limited to."

8. The term "person" or "persons" refers to any individual, corporation, partnership, sole proprietorship, firm, board, joint venture, association, agency, authority, commission, or other entity.

9.  The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the request all responses that might otherwise be construed outside its scope.

10. For purposes of these requests, "DOCUMENT" and "DOCUMENTS" means a writing and includes without limitation the following, whether printed, recorded or reproduced by any other mechanical process or written or produced by hand, including drafts: agreements; communications; correspondence; electronic mail; texts; instant messages; Facebook other social networking posts; telegrams; memoranda; summaries, records or reports of telephone conversations, personal conversations, interviews, meetings, conferences, investigations or negotiations; opinions or reports of consultants; diaries; graphs; reports; notebooks; charts; plans; drawings; sketches; maps; photographs; film; brochures; pamphlets; advertisements; circulars; press releases; drafts; letters; faxes; any marginal comments appearing in any documents; tape recordings; electronic transmissions; computer printouts and all other writings. A "DOCUMENT" is not limited in any way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or other electronic-storage device). A draft or non-identical copy of a DOCUMENT is a separate "DOCUMENT" within the meaning of this term.

11. "RELATING TO" means constituting, evidencing, embodying, referring to, comprising, identifying, commenting on, describing, containing, reflecting, or relating to the subject matter.

## INSTRUCTIONS

1.  In producing documents and things, please provide all documents and things in your possession, custody, or control regardless of whether such documents or things are possessed directly by you.

2.  If you withhold any document based on some limitation of discovery, including, but not limited to, a claim of privilege, you must supply a list of the documents being withheld, indicating as to each: (a) the author, sender, writer, addressor or initiator; (b) all addressees, recipients and intended recipients, including any blind copies indicated; (c) the date created or

1  transmitted; (d) the subject matter and subject matter indicated on the document, if any; and (3)
2  the claimed grounds for exclusion from discovery.
3      3.   If you lack the ability to comply with a request, you must specify whether the
4  inability to comply is because the particular document, item or category never existed; has been
5  destroyed; has been lost, misplaced or stolen; has never been in your possession or was once in
6  your possession but is no longer. You must also state the name and address of any person known
7  or believed by you to have possession of a document, item or category for which you lack the
8  ability to comply with a request for production.
9      4.   If a document, item or category has been destroyed or discarded, identify that
10 document, item or category by stating as to each: (a) the author, sender, writer, fabricator,
11 assembler, addressor or initiator; (b) all addressees, recipients and intended recipients, including
12 any blind copies indicated; (c) the date created or transmitted; (d) the subject matter and subject
13 matter indicated on the document, if any; (e) the number of pages, including the presence of any
14 appendices, exhibits or attachments; (f) all persons with whom there was communication
15 concerning the document, including all persons to whom the document was shown, distributed,
16 discussed or explained; (g) the date of, manner of, and reason the document, item or category
17 was destroyed or discarded; (h) all witnesses to the destruction; and (i) the name and address of
18 any person known or believed by you to have possession of a copy of the document, item or
19 category that was discarded or destroyed.
20     5.   These requests call for the production of documents or things in your possession,
21 custody or control, or in the custody or control of another if you have the right, privilege or
22 opportunity to examine it upon request or demand, whether or not such right, privilege or
23 opportunity has been exercised.
24     6.   These requests are deemed to be continuing and if any documents responsive to
25 these requests are later obtained by you or your counsel, you are required to promptly
26 supplement your responses to provide such additional information.
27     7.   You must produce all drafts or non-identical copies (whether they differ from the
28 originals as a result of notes on the DOCUMENT, or for any other reason).

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

SCHEDULE A TO SUBPOENA *DUCES TECUM*

8. Documents which are ordinarily maintained in an electronic format shall be produced in the following manner:

    a. If a DOCUMENT is a Microsoft Excel spreadsheet or any other "Excel-type" spreadsheet, the DOCUMENT shall be produced in its native format with metadata intact;

    b. If a DOCUMENT is a Microsoft Powerpoint presentation or any other "Powerpoint-type" document, the DOCUMENT shall be produced in its native format with metadata intact;

    c. All other electronic DOCUMENTS shall be produced in single-page TIFF format along with corresponding text files and Relativity load files. Additionally, if any of the following metadata production fields exist they must also be included: PRODBEG; PRODEND; PAGECOUNT; BEGATTACH; ENDATTACH; DOCDATE; AUTHOR; RECIPIENT; COPYEE; BCC; DOCTYPE; DOCTITLE; FOLDER; FILENAME; FILEEXTENSION; FULLTEXT; CREATEDATE; MODIFYDATE; RECORDTYPE; CUSTODIAN; MODTIME; MD5 hash; and

    d. Any DOCUMENT that cannot be produced either in compliance with (a), (b), or (c) above must be produced in its native format and must be accompanied by the appropriate software to open and review the DOCUMENT.

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS RELATING TO ALMAWAVE.

**REQUEST FOR PRODUCTION NO. 2:**

All non-privileged DOCUMENTS RELATING TO any proposed, contemplated, or actual investment in LOOP.

**REQUEST FOR PRODUCTION NO. 3:**

All non-privileged DOCUMENTS RELATING TO any communications regarding any proposed, contemplated, or actual investment in LOOP.

**REQUEST FOR PRODUCTION NO. 4:**

All non-privileged DOCUMENTS RELATING TO any diligence about LOOP.

**REQUEST FOR PRODUCTION NO. 5:**

All non-privileged DOCUMENTS RELATING TO any requests for information made by You to LOOP.

**REQUEST FOR PRODUCTION NO. 6:**

All non-privileged DOCUMENTS RELATING TO the reasons for any decision to invest, or not to invest, in LOOP.

**REQUEST FOR PRODUCTION NO. 7:**

All non-privileged DOCUMENTS RELATING TO any draft or final term sheet, letter of intent, memorandum of understanding, contract or other document relating to the terms of any proposed, contemplated, or actual investment in LOOP.

**REQUEST FOR PRODUCTION NO. 8:**

All non-privileged DOCUMENTS RELATING TO any communications about any draft or final term sheet, letter of intent, memorandum of understanding, contract or other document relating to the terms of any proposed, contemplated, or actual investment in LOOP.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS RELATING TO Anna Gatti.

SCHEDULE A TO SUBPOENA *DUCES TECUM*

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS RELATING TO Antonio (Tony) Di Napoli.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS RELATING TO IQ System, LLC, or any of its known agents.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS RELATING TO IQ System, Inc, or any of its known agents.

# PROOF OF SERVICE

STATE OF CALIFORNIA )
                    ) ss.
COUNTY OF SAN FRANCISCO )

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is Venable LLP, 505 Montgomery Street, Suite 1400, San Francisco, California.

On July 31, 2015, I served a copy ☒ / original ☐ of the foregoing document(s) described as **NOTICE OF SUBPOENA *DUCES TECUM*** on the interested parties in this action addressed as follows:

| | |
|---|---|
| Valeria Calafiore Healy<br>HEALY LLC<br>154 Grand Street<br>New York, New York 10013<br>Telephone: 212.810.0377<br>Facsimile: 212.810.7036<br>E-mail: valeria.healy@healylex.com | Attorneys for Plaintiff Loop AI Labs, Inc. |

☒   **BY FACSIMILE:** I served the above stated document by facsimile from the facsimile machine of Venable, LLP whose phone number is (415) 653-3755 to the addressee(s) at the facsimile numbers as stated above. The facsimile machine used complies with CRC Rule 2003(3). Pursuant to CRC Rule 2008(e) the transmission be facsimile was reported as complete and without error.

| | |
|---|---|
| Daniel J. Weinberg<br>FREITAS ANGELL & WEINBERG LLP<br>350 Marine Parkway, Suite 200<br>Redwood Shores, California 94065<br>Telephone: 650.593.6300<br>Facsimile: 650.593.6301<br>E-mail: dweinberg@fawlaw.com | Attorneys for Plaintiff Loop AI Labs, Inc. |

☒   By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☒   **BY PERSONAL SERVICE**: I caused to be delivered such envelope(s) by hand to the addressee(s) as stated above.

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

| | |
|---|---|
| Thomas J. Losavio<br>James F. Regan<br>LOW, BALL & LYNCH<br>505 Montgomery Street, 7th Floor<br>San Francisco, CA 94111<br>Telephone: 415.981.6630<br>Facsimile: 415.982.1634<br>E-mail: tlosavio@lowball.com<br>       jregan@lowball.com | Attorneys for Defendants Anna Gatti and IQSystem, LLC |
| Janet Brayer<br>LAW OFFICES OF JANET BRAYER<br>230 California Street, Suite 600<br>San Francisco, CA 94111<br>Telephone: 415.445.9555<br>Facsimile: 415.445.9541<br>E-mail: janet@brayer.net | Attorneys for Defendant IQSYSTEM, INC. |

☑  **BY ELECTRONIC MEANS:** I served the above stated document by electronic means to the interested parties in this action whose names and e-mail addresses are listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. Service by e-mail or electronic means was agreed upon based on an agreement of the parties to accept service.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on July 31, 2015 at San Francisco, California.



Su Chintanaseri