# EXHIBIT G

# VENABLE LLP

505 MONTGOMERY STREET   SUITE 1400   SAN FRANCISCO, CA 94111
T 415.653.3750   F 415.653.3755   www.Venable.com

Thomas E. Wallerstein
T 415.653.3707
F 415.653.3755
TWallerstein@Venable.com

August 13, 2015

*Via Facsimile*

Valeria Healy, Esquire
HEALY LLC
154 Grand Street
New York, New York 10013
Facsimile: 212.810.7036

Daniel J. Weinberg, Esquire
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Facsimile: 650.593.6301

Re:   *Loop AI Labs, Inc. v. Gatti, et al,* Case No. 3:15-cv-00798-HSG (DMR)

Counsel:

You recently have made several references to an alleged conflict of interest of Venable that you say you learned about from Orrick for the first time on August 3. I, too, saw Orrick's responses on August 3, and nothing therein suggests any conflict.

Please explain any factual and legal basis you have for suggesting that Venable has a conflict of interest and we will respond accordingly, and expeditiously.

Sincerely,

*/s/ Wallerstein*

Thomas E. Wallerstein

cc: Stewart Webb, Esquire



**EXHIBIT G**

HEALY LLC

154 Grand Street
New York, NY 10013
T: 212.810.0377
F: 212.810.7036
www.healylex.com

Valeria Calafiore Healy
vch@healylex.com

August 14, 2015

Thomas E. Wallerstein
Venable LLP
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
***Counsel for Almaviva S.p.A, Almawave S.r.l.,
and Almawave USA Inc.***

G. Stewart Webb, Jr.
General Counsel
Venable LLP
750 E Pratt St., Suite #900
Baltimore, MD 21202
***Counsel for Venable LLP***

William F. Alderman
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, California 94105-2669
***Counsel for Orrick, Herrington & Sutcliffe LLP***

      Re: *Loop AI Labs Inc. v. Anna Gatti et. al.*, 3:15-cv-00798-HSG-(DMR)
         **Venable and Orrick Related Issues**

Dear Counsel:

      I write on behalf of Loop AI Labs Inc. ("Loop AI") in the above referenced proceeding (the "Action") to address the following issues, which overlap and are relevant to each of your respective clients Almaviva S.p.A., Almawave S.r.l. and Almawave USA ("Almaviva"), Venable LLP ("Venable"), and Orrick, Herrington & Sutcliffe LLP ("Orrick").

  A. **Venable's Conflicted Representation in the Above Captioned Proceeding**.

      This responds to Mr. Wallerstein's letter of August 13, 2015 (copied to Mr. Webb). In that letter, Mr. Wallerstein, you claim that you are not aware of any ethical conflict by Venable in

the Action.  You ask me to provide you details of the basis for our belief that Venable is subject to such conflict.

Your statement surprised me because I believe you and your colleague, Mr. Webb, are well aware of the facts giving rise to Venable's conflict, which precludes, among others, Venable's representation of Almaviva adversely to Loop AI in respect of the subject matter of the Action.  As to Mr. Webb, I personally notified him of the conflict on August 5, 2015, promptly after I learned of it.  If, as you appear to imply, Mr. Webb has not shared those important issues with you, and if you have not reviewed the letter I filed with the Court on August 7, 2015 (Dkt. No. 161) relating to this conflict, I set forth below some the key points.[1]

### Key Facts

Orrick's response to the Orrick Subpoena identifies Mr. Peter Sternberg as the Orrick supervising/responsible partner for the Orrick's representation of Almawave S.r.l. ("AW-IT") that is at issue in the Action.  As the Orrick partner in charge of the AW-IT representation, Mr. Peter Sternberg was overseeing the fee earners (and presumably other staff) identified by Orrick as the as the team working on the AW-IT matters listed in the Subpoena response.  Both of the matters identified by Orrick (No. 2 and 4000) involve facts and conduct at issue in the Action (for instance, the agreements prepared and negotiated by Orrick for the Gatti and IQSystem Defendants, and the patent application).

On August 3, 2015, Orrick (by Mr. Alderman) confirmed to me by telephone that Mr. Peter Sternberg is no longer a partner at Orrick and moved to Venable sometime earlier this year.  Orrick also confirmed to me during the same call that no ethical walls were in place at Orrick in respect of Mr. Sternberg or any member of the Orrick team working on the AW-IT matters vis-à-vis Orrick's concurrent conflicted representation of Loop AI, also involving Gatti and her obligations to Loop AI under contracts also prepared by Orrick and at issue in the Action.  As you are aware, Orrick served as Loop AI's primary counsel from April 2012 to March 11, 2015.

As I explained to Mr. Webb during my call with him on August 12, 2015, we have reason to believe from the foregoing facts that Mr. Sternberg is the Venable attorney who brought AW-IT and the other Almaviva parties as clients to Venable, in connection with this Action.  I asked Mr. Webb to confirm whether Mr. Sternberg had had any involvement, directly or indirectly, formally or informally, with Almaviva or anyone else relative to this Action, but Mr. Webb indicated he was not in a position to provide me that information and that he did not have to provide me discovery by telephone.  I believe Venable had – and continues to have – an ethical obligation to

---

[1] Please note that this is not an exhaustive list and my willingness to share with you some key facts on this issue is subject to Loop AI's reservation of all rights to pursue appropriate remedies and relief against your clients, as well as Venable and Orrick, in respect of the conflict that was recently brought to light.

Loop AI to promptly provide this information regardless of any discovery or Subpoena. Mr. Sternberg's conflicts are imputed to Venable, and Venable was not permitted to first conceal the issue, and now to refuse to provide even the most basic information, while it continues to act adversely to Loop AI in this Action.

### Conflict No. 1 – Impermissible Representation Adverse to Former Client

- Your partner, Mr. Sternberg, was a partner at Orrick at the time Orrick represented Loop and Almaviva. Thus, from April 2012 until March 2015, Loop AI was as much a client of Mr. Sternberg (and each member of the Orrick team working for Mr. Sternberg on the AW-IT matters) as it was a client of other attorneys at Orrick. Orrick and the persons who were Orrick attorneys while Orrick represented Loop AI (including Mr. Sternberg) owed, and continue to owe ethical obligations to their former clients (here both Loop AI and AW-IT). When Mr. Sternberg moved to Venable he brought with him (and imputed to Venable) his conflicts and his ethical obligations to Loop AI. It is not possible to reconcile Mr. Sternberg's – and therefore Venable's – obligations to his former Orrick client, Loop AI, with Venable's representation of Almaviva adversely to Loop AI in the Action.

- Mr. Sternberg was in charge of the client team that advised AW-IT on its dealings with Defendant Gatti (Loop AI's former officer and director), which are all specifically at issue in this case. Indeed, AW-IT and its affiliates purport to rely in defense of the Action on an employment agreement prepared by Orrick for Gatti that they claim proves Almaviva's innocence, despite the fact that Orrick knew that Gatti's execution of the provision in question was a fraud and could not be relied on by AW-IT or any of its affiliates.

- This conflict alone should have precluded Venable from ever accepting the representation. Conflicts of this type go the heart of an attorney's ethical obligations and we expect it is unlikely they can be cured in this Action. Your refusal to sign the simple Stipulation I proposed to Venable and Almaviva a few days ago,[2] makes clear that you are well aware that Venable's conflict cannot be cured, which is also presumably the reason why you concealed the conflict from Loop AI for such extensive period of time.

- Further, because Orrick did not implement any ethical walls for its concurrent conflicted representation of Loop AI and Almaviva, Mr. Sternberg clearly had access to Loop AI's confidential information. Mr. Sternberg also had access to Loop AI's confidential information from Ms. Gatti, who was also dealing with Orrick as an officer and director of Loop AI, and

---

[2] As you know, my proposed stipulation provided that we would meet and confer regarding this issue before moving to disqualify Venable, and that Almaviva and Venable would agree not to use **the passage of time needed for said meet and confer** against Loop AI, in opposing a motion for disqualification.

who apparently was also part of many communications with Orrick regarding the AW-IT matter, as made clear by your Motion to Quash the Orrick Subpoena.

- Finally, the Orrick team Mr. Sternberg used to provide services to AW-IT while at Orrick included several identical fee earners who were also performing services for Loop AI.  The overlap of client teams and the lack within Orrick of any ethical walls is also relevant to Loop AI's allegations in the Amended Complaint.

### Conflict No. 2 – Impermissible Representation By Lawyer/Witness

- The conduct of Mr. Sternberg and his AW-IT team at Orrick is a pivotal part of the Action.  He will unquestionably be a material witness in this case, particularly if Mr. Sternberg was the individual engaged, directly or indirectly, in the negotiations of the agreements at issue in the Action, such as the agreements between Almaviva and Gatti, and the agreements between Almaviva and IQSystem and other third parties.  Indeed, Almaviva has already interposed as a purported defense Gatti's execution of the agreement prepared by Orrick, in which Orrick worked together with Gatti to have her execute representations that Mr. Sternberg, Orrick and Gatti knew to be false and fraudulent.

- In addition to being a material witness in respect of all of his negotiations with Gatti, other third parties, and his dealings with Gatti, Mr. Sternberg will also be a material witness in respect of the matters over which Loop AI believes Almaviva has waived privilege on – specifically the topics requested in the Orrick Subpoena.

- Venable cannot act as trial counsel in a case where the actions of one of its partners are material witnesses to the facts at issue in the case and where a Venable's partner is expected to be required to testify.

### Conflict No. 3 – Conflicted Representation of Current Client

- The material conflicts identified above are also amplified by the particular facts at issue in this case, which give rise to other ethical issues that may undermine the integrity of the judicial process.  Venable will have an interest in protecting its partner in connection with the matters at issue in this Action arising from his representation of AW-IT while he was at Orrick.  This is likely to impede the truth-finding process that the adversarial system is designed to implement. The record in this case already reflects Venable's overzealous litigation tactics, one of which has already been sanctioned by the Court by requiring you, Mr. Wallerstein, to file a letter of apology in two different tribunals for having made "false statements" to the Court.[3]  But for your efforts to protect your Venable partner, it is unlikely that a lawyer would have ever taken

---

[3] *See Loop AI Labs Inc. v. Russell Reynolds Associates Inc.*, S.D.N.Y., 15-MC-211, Dkt. No. 16 at 2; *Loop AI Labs Inc. v. Gatti et al*, N.D. Cal., 15-798, Dkt. No. 158 at 3; Dkt. No. 157 at 33-41.

the risk of engaging in the type of conduct identified by the Court, as well as other conduct not yet brought to the Court's attention.

- Further, if the advice rendered by Mr. Sternberg and his Orrick team proves to have been deficient (which would be the case for example if Mr. Sternberg and his Orrick team had failed to advise Almaviva that it would face legal liability to Loop AI if it hired Gatti without Loop AI's consent), Mr. Sternberg (as well as Orrick) each has potential liability to Almaviva. That potential exposure gives Mr. Sternberg, and Venable, an incentive to encourage Almaviva to avoid litigation strategies it might otherwise pursue. It is unlikely, for example, that Mr. Sternberg would want to advise Almaviva to assert claims against Orrick, but an unconflicted lawyer might well advise Almaviva to consider doing so.

- Conversely, if the advice rendered by Mr. Sternberg and his Orrick team was correct (*i.e.*, if Mr. Sternberg and Orrick told Almaviva that its hiring of Gatti would expose it to liability), and Almaviva chose to ignore the advice, Mr. Sternberg and Venable will be in the uncomfortable situation of knowing that the positions already taken by Venable on Almaviva's behalf in this Action (to the effect that Almaviva had no reason to believe that its hiring of Gatti was unlawful and instead had a good faith belief that it was entirely proper) were untrue. I would like to remind you that if Mr. Sternberg or any other partner at Venable is aware that Almaviva's position is untrue, Venable has an ethical obligation to withdraw from the case or disclose any untruth to the Court and the other parties. Venable is not permitted to present to the Court on behalf of Almaviva statements it knows to be untrue, and then hide behind a purported attorney-client privilege between Orrick and AW-IT to conceal the truth.

Mr. Wallerstein, I hope this answers the question you posed to me in your August 13th letter. To the extent your request covered not just facts but also legal authority, I respectfully decline to spend time describing the law for you. If you are unfamiliar with the ethical obligations that precluded Venable from undertaking and continuing its representation of Almaviva in this Action, I suggest you reach out to your colleague, Mr. Webb, who has the requisite expertise to assist you.

### B. Request for A Prompt Meet and Confer Re: Venable's Conflict

As I previously indicated, Loop AI's preference is to avoid the potential disruption that could result if Venable is disqualified. Loop AI would welcome your cooperation in first seeking to address this issue through a prompt meet and confer. If you believe that we have misunderstood the facts, or that there are additional facts that can help avoid or mitigate the conflict, please let us know right away. To date, you and Mr. Webb, have refused to provide any information bearing on the conflict. I also note that we have several requests to Mr. Wallerstein to meet and confer on this issue and he refused each one of them. I also separately asked Mr. Webb to meet and confer on this issue, and Mr. Webb indicated that he will only meet and confer regarding

the Venable Subpoena if there will be anything to meet and confer about. If that continues to be Almaviva's and Venable's position, I expect Loop AI will proceed with its disqualification motion.

To the extent Venable and Almaviva change their position and agree to promptly undertake a meet and confer, I would respectfully request Mr. Alderman's presence as he is in possession of facts from Orrick that also bear on aspects of the issue to be discussed.

### C. Request for A Prompt Meet and Confer Re: Motions on the Orrick Subpoena

On August 13, 2015, Almawave USA Inc. ("AW-US") filed a Motion to Quash the June 1, 2015 Orrick Subpoena ("Motion"). The Court directed AW-US to meet and confer with Loop AI and with Orrick before filing the Motion. Although during the August 6 and August 11 Meet and Confers regarding other pending discovery we asked you, Mr. Wallerstein, if there was anything else we needed to address, you never advised us that you were planning to actually file the Motion or that we should discuss any aspect of it. Despite the clear Court Order, there was no meet and confer, by telephone or in writing, regarding any aspect of your Motion. Accordingly, we request that you please make yourself available as soon as possible for such a meet and confer.

In respect of the Motion to Quash/For a Protective Order filed by Orrick, also on August 13, 2015 ("Orrick Motion"), I believed that the communications between Mr. Alderman and I beginning on August 3rd and through August 13 were being conducted as part of our meet and confer for the Orrick response to the Subpoena. I now see from Orrick's Motion, that Mr. Alderman and I had a different impression regarding the nature of our communications. I am requesting, therefore, that Mr. Alderman please make himself available to participate in the meet and confer with Mr. Wallerstein about the Orrick Subpoena, so that we can more efficiently address certain issues relating Orrick's response to the Subpoena and your respective Motions.

Please let me know at your earliest convenience your available dates for a meet and confer on any of the above, and I will circulate a call-in number or you can feel free to provide me yours.

Yours truly,

Valeria Calafiore Healy

EXHIBIT G

# VENABLE® LLP

505 MONTGOMERY STREET   SUITE 1400   SAN FRANCISCO, CA 94111
T 415.653.3750   F 415.653.3755   www.Venable.com

August 21, 2015

Thomas E. Wallerstein

T 415.653.3707
F 415.653.3755
TWallerstein@Venable.com

*Via Facsimile and Email*

Valeria Calafiore Healy, Esquire
HEALY LLC
154 Grand Street
New York, New York 10013
Facsimile: 212.810.7036

Daniel J. Weinberg, Esquire
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Facsimile: 650.593.6301

Re:   *Loop AI Labs, Inc. v. Gatti, et al,* Case No. 3:15-cv-00798-HSG (DMR)

Dear counsel:

As you know, Almawave USA has served objections to Loop's subpoena served upon Venable LLP. As is obvious from the face of the subpoena, and as explained in Almawave's objections, and in Venable's objections, the subpoena seeks documents obviously protected by the attorney client privilege and work product doctrine.

I also am in receipt of Ms. Healy's August 14 letter regarding Venable's alleged conflict of interest. After considering that letter, we can confirm that Venable does not have a conflict.

In any event, and more to the immediate point, the letter provides no basis for believing that Almawave or Venable has waived any privilege with respect to Venable's communications.

Almawave requests, therefore, that Loop immediately withdraw the subpoena or agree to limit it such that it seeks only non-privileged documents. Should Loop refuse to do so, we intend to file a motion for a protective order and/or to quash, and for sanctions.

10063830-v1

EX-G-8

# VENABLE LLP

Valeria Calafiore Healy, Esquire
Daniel J. Weinberg, Esquire
August 21, 2015
Page 2

    Please consider this our effort to meet and confer on Loop's subpoena. Let me know when you are available for a telephone call to further discuss.

                    Sincerely,

                    Thomas E. Wallerstein

10063830-v1