**LOW, BALL & LYNCH** ATTORNEYS AT LAW
505 MONTGOMERY STREET, 7TH FLOOR, SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE (415) 981-6630  FACSIMILE (415) 982-1634 WWW.LOWBALL.COM

September 25, 2015

Hon. Donna M. Ryu
Magistrate Judge
U.S. District Court, Northern District of California
450 Golden Gate Avenue, Box 36060
San Francisco, CA 94102-3489

      Re:     Loop AI Labs, Inc. v Gatti, et al. ,Case No. 3:15-cv-00798-HSG-DMR

Dear Judge Ryu:

      This is a discovery letter brief on behalf of defendant Anna Gatti regarding counsel for Loop's letter to the court filed 9/24/15 (Docket 213), which was sent in direct violation of this court's Order of 9/24/15 (Docket 212) which explicitly stated at p.1, l.19: "…..Plaintiff shall not file a response to the letter."  Defendant Gatti requests the court hold a hearing to determine whether counsel for Loop shall be held in contempt for violation of the Order and, if contempt is found, to issue whatever sanction the court deems appropriate.

      Defendant Gatti further requests that the court's hearing re contempt of counsel for Loop include whether counsel for Loop intentionally misrepresented facts to the court, in violation of F.R.C.P. Rule 11 and otherwise, regarding the following statements made by counsel for Loop to the court in that letter:

      A) p.1, ¶3: "….since at least August 17, 2015, we have attempted to meet and confer with each of the Defendants about Loop AI's discovery requests to each of them." IQSystem, LLC's Responses to the Loop discovery were not due until and were served by mail on September 18, 2015; Gatti's Responses were not due until and were served by mail on September 21, 2015. There has been no attempt to meet and confer with counsel for Gatti and IQSystem, LLC regarding either the Requests or the Responses by counsel for Loop.

      B) p.2, ¶1: "The Defendants, however, have filed numerous unilateral letters…." Excluding the current letter, Gatti has filed one unilateral letter with the court, the letter of 9/24/15.

Hon. Donna Ryu
September 25, 2015
Page 2

      C) p.2, last full paragraph, line 3: "….the latest emergency created by one of the defendants."  In a letter faxed to counsel for Loop on 9/23/15 counsel for Gatti wrote : "Because you set tomorrow, September 24, as the compliance date for the subpoena Loop sent to ATT, we do not have the luxury of a great deal of time. The others follow a few days later.  If you will immediately write to each subpoenaed party advising them that they need not comply with the presently scheduled subpoena compliance date, then we would have the luxury of negotiating dates to confer that meet your schedule."

      D) p.3, second full paragraph: "…Defendant Gatti failed to advise the Court that the Defendants have issued subpoenas…."  Neither defendant Gatti nor defendant IQSystem, LLC has issued any subpoena.

      E) p.3, 3rd full paragraph: "Defendant Gatti lacks any standing to object…." As a party to these proceedings Defendant Gatti has standing to object and seek a protective order whenever another party seeks discovery outside permissible discovery as set by F.R.C.P. 26(b), calls for information or documents privileged from disclosure or is otherwise improper.

      F) p.3, 4th full paragraph: "The Defendants have collectively taken the position that compliance with discovery requests is optional…." Defendant Gatti and defendant IQSystem, LLC have never taken that position.  Since all telephone meet and confer sessions are recorded and since a paper trail exists for other communications between counsel, counsel for Loop should be required to present the documentation to support this assertion regarding defendant Gatti and defendant IQSystem, LLC, if she has any.

      G) p.3, 5th full paragraph, line3: "In addition, Mr. LoSavio made clear that since the Court has now promptly granted his request for a stay, he has no further urgency to meet and confer."  There is a recorded telephone conversation of 9/24/15 between Diana Wong, counsel for Loop, and Mr. LoSavio, counsel for Gatti and IQSystem, LLC in which Mr. LoSavio offered to continue the meet and confer session which had begun at about 4:15 p.m. to first thing the next morning (since he had a pending discovery deadline to meet by 5:00 p.m. that day), which date was declined by Ms. Wong.  Mr. LoSavio then suggested any time Monday morning to continue the meet and confer, which Ms. Wong declined. Mr. LoSavio then suggested any time next week to continue the meet and confer, which Ms. Wong declined.  Mr. LoSavio asked Ms. Wong to call him back when she had decided upon which day she would make herself available to continue the meet and confer call.

<u>Hon. Donna Ryu</u>
September 25, 2015
Page 3

      Counsel for defendant Gatti regrets having to write this letter.  Never before in 44 years of practice before this court, has he written such a letter.  However, it is difficult enough to litigate hotly contested issues when both sides adhere to the facts as they see them.  When counsel misrepresents objectively verifiable facts to the court, and bears no consequence for such conduct, then the entire system becomes unmanageable.

                                       Very truly yours,

                                       LOW, BALL & LYNCH

                                       /s/ Thomas J. LoSavio

                                       Thomas J. LoSavio

TJL:sh