UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>    Plaintiff,<br><br>v.<br><br>ANNA GATTI, et al.,<br><br>    Defendants. | Case No. 15-cv-00798-HSG   (DMR)<br><br>**ORDER RE EX PARTE DISCOVERY LETTERS** |

On July 24, 2015, following a discovery management conference, the court issued an order prohibiting the parties from "fil[ing] ex parte discovery letters without the court's leave." [Docket No. 156.] The parties have since violated the court's order on multiple occasions by filing ex parte discovery letters without prior permission. [*See, e.g.,* Docket Nos. 192, 205, 213, 216, 217, 219, 220, 221.]

The court takes this opportunity to express its disapproval of the parties' dismal record regarding their meet and confer efforts. The court will no longer consider any ex parte discovery letter filed without prior approval. If a party wishes to file an ex parte discovery letter, it must first seek leave to do so by filing a one-page motion for administrative relief pursuant to Civil Local Rule 7-11. The parties are forewarned that the court will only grant leave to file an ex parte letter in exceptional circumstances. Any ex parte discovery letter filed without prior approval will be denied without prejudice. The following ex parte letters are denied without prejudice: Docket Nos. 213, 216, 219. Any joint letters regarding the discovery disputes presented in Docket Nos. 205 (Defendant Gatti's motion for a protective order) and 219 (Defendant Almawave USA's motion to compel) shall be filed by no later than **October 5, 2015**. All joint letters must comply fully with the court's Standing Order (*see* June 18, 2015 Notice of Reference and Order re Discovery Procedures, Docket No. 117).

1  At the July 23, 2015 discovery management conference, following an argument presented
2  by Plaintiff, the court granted Plaintiff's counsel's request to limit counsel to in-person,
3  telephonic, and facsimile communications. The court now revisits its ruling sua sponte. Email is
4  a normal, reasonable means of communication. The parties may use email to communicate
5  regarding discovery unless otherwise required to communicate in person or by telephone (i.e.,
6  pursuant to the court's Standing Order). The court reminds all counsel of their duty to act with
7  professionalism and to refrain from using any form of communication as a method for harassment
8  or oppression of an opposing party.

10  **IT IS SO ORDERED.**

11  Dated: September 28, 2015



Donna M. Ryu
United States Magistrate Judge