1

**VENABLE LLP**
Thomas E. Wallerstein (SBN 232086)
Kimberly Culp (SBN 238839)
Email: twallerstein@venable.com
        kculp@venable.com
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
Telephone:   415.653.3750
Facsimile:   415.653.3755

Attorneys for Defendants Almaviva S.p.A,
Almawave S.r.l. and Almawave USA, Inc.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS, INC., a Delaware corporation,<br><br>        Plaintiffs,<br><br>        v.<br><br>ANNA GATTI, an individual, ALMAVIVA S.p.A., an Italian corporation, ALMAWAVE S.r.l., an Italian corporation, ALMAWAVE USA, Inc., a California corporation, IQSYSTEM LLC, a California limited liability company, IQSYSTEM Inc., a Delaware corporation,<br><br>        Defendants. | CASE NO.: 3:15-cv-00798-HSG (DMR)<br><br>**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**<br><br><br><br>Action Filed:    February 20, 2015<br>Trial Date:      July 11, 2016 |

*VENABLE LLP*
*505 MONTGOMERY STREET, SUITE 1400*
*SAN FRANCISCO, CA 94111*
*415.653.3750*

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information in this matter.

2.5   Designating Party: a Party or Non-Party that designates information or items that that are produced by any Party or Non-Party in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

- 1 -

1       2.6      Disclosure or Discovery Material: all items or information, regardless of the

2   medium or manner in which it is generated, stored, or maintained (including, among other things,

3   testimony, transcripts, and tangible things), that are produced or generated in disclosures or

4   responses to discovery in this matter.

5       2.7      Expert: a person with specialized knowledge or experience in a matter pertinent to

6   the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or

7   as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's

8   competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party

9   or of a Party's competitor.

10      2.8      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

11  Items: extremely sensitive "Confidential Information or Items," disclosure of which to another

12  Party or Non-Party would create a substantial risk of serious harm that could not be avoided by

13  less restrictive means.

14      2.9      "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items:

15  extremely sensitive "Confidential Information or Items" representing computer code and

16  associated comments and revision histories, formulas, engineering specifications, or schematics

17  that define or otherwise describe in detail the algorithms or structure of software or hardware

18  designs, disclosure of which to another Party or Non-Party would create a substantial risk of

19  serious harm that could not be avoided by less restrictive means.

20      2.10     House Counsel: attorneys who are employees of a party to this action. House

21  Counsel does not include Outside Counsel of Record or any other outside counsel.

22      2.11     Non-Party: any natural person, partnership, corporation, association, or other legal

23  entity not named as a Party to this action.

24      2.12     Outside Counsel of Record: attorneys who are not employees of a party to this

25  action but are retained to represent or advise a party to this action and have appeared in this

26  action on behalf of that party or are affiliated with a law firm which has appeared on behalf of

27  that party.

28      2.13     Party: any party to this action, including all of its officers, directors, employees,

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

1  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2      2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery

3  Material in this action.

4      2.15    Professional Vendors: persons or entities that provide litigation support services

5  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

6  organizing, storing, or retrieving data in any form or medium) and their employees and

7  subcontractors.

8      2.16    Protected Material: any Disclosure or Discovery Material that is designated as

9  "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as

10  "HIGHLY CONFIDENTIAL – SOURCE CODE."

11      2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a

12  Producing Party.

13  3.    SCOPE

14      The protections conferred by this Stipulation and Order cover not only Protected Material

15  (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

16  all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

17  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

18  However, the protections conferred by this Stipulation and Order do not cover the following

19  information: (a) any information that is in the public domain at the time of disclosure to a

20  Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

21  a result of publication not involving a violation of this Order, including becoming part of the

22  public record through trial or otherwise; and (b) any information known to the Receiving Party

23  prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

24  obtained the information lawfully and under no obligation of confidentiality to the Designating

25  Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

26  4.    DURATION

27      Even after final disposition of this litigation, the confidentiality obligations imposed by

28  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

1  order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

2  claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

3  the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

4  action, including the time limits for filing any motions or applications for extension of time

5  pursuant to applicable law.

6  5.     DESIGNATING PROTECTED MATERIAL

7        5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party

8  or Non-Party that designates information or items for protection under this Order must take care

9  to limit any such designation to specific material that qualifies under the appropriate standards.

10  To the extent it is practical to do so, the Designating Party must designate for protection only

11  those parts of material, documents, items, or oral or written communications that qualify – so

12  that other portions of the material, documents, items, or communications for which protection is

13  not warranted are not swept unjustifiably within the ambit of this Order.

14        Mass, indiscriminate, or routinized designations are prohibited. Designations that are

15  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

16  unnecessarily encumber or retard the case development process or to impose unnecessary

17  expenses and burdens on other parties) expose the Designating Party to sanctions.

18        If it comes to a Designating Party's attention that information or items that it designated

19  for protection do not qualify for protection at all or do not qualify for the level of protection

20  initially asserted, that Designating Party must promptly notify all other parties that it is

21  withdrawing the mistaken designation.

22        5.2     Manner and Timing of Designations. Except as otherwise provided in this Order

23  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

24  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

25  designated before the material is disclosed or produced.

26        Designation in conformity with this Order requires:

27              (a) for information in documentary form (e.g., paper or electronic documents, but

28  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

STIPULATED PROTECTIVE ORDER
CASE NO. 3:15-cv-00798-HSG

1   Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

2   EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains

3   protected material. If only a portion or portions of the material on a page qualifies for protection,

4   the Producing Party also must clearly identify the protected portion(s) (e.g., by making

5   appropriate markings in the margins) and must specify, for each portion, the level of protection

6   being asserted.

7        A Party may designate Disclosure or Discovery Material produced by another Party or a

8   Non-Party by making the Designation by letter to all Parties and the Non-Party (if applicable),

9   specifying the production numbers of the documents deemed to be "CONFIDENTIAL" or

10  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL

11  – SOURCE CODE", within 15 business days of the date the material is received in the litigation

12  by the Designating Party.

13       A Party or Non-Party that makes original documents or materials available for inspection

14  need not designate them for protection until after the inspecting Party has indicated which

15  material it would like copied and produced. During the inspection and before the designation, all

16  of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

17  ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

18  copied and produced, the Producing Party must determine which documents, or portions thereof,

19  qualify for protection under this Order. Then, before producing the specified documents, the

20  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

21  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

22  CODE) to each page that contains Protected Material. If only a portion or portions of the

23  material on a page qualifies for protection, the Producing Party also must clearly identify the

24  protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

25  each portion, the level of protection being asserted.

26       (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

27  Designating Party identify on the record, before the close of the deposition, hearing, or other

28  proceeding, all protected testimony and specify the level of protection being asserted. When it is

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

- 5 -

1    impractical to identify separately each portion of testimony that is entitled to protection and it

2    appears that substantial portions of the testimony may qualify for protection, the Designating

3    Party may invoke on the record (before the deposition, hearing, or other proceeding is

4    concluded) a right to have up to 21 days to identify the specific portions of the testimony as to

5    which protection is sought and to specify the level of protection being asserted. Only those

6    portions of the testimony that are appropriately designated for protection within the 21 days shall

7    be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating

8    Party may specify, at the deposition or up to 21 days afterwards if that period is properly

9    invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

10   CONFIDENTIAL – ATTORNEYS' EYES ONLY."

11        Parties shall give the other parties notice if they reasonably expect a deposition, hearing

12   or other proceeding to include Protected Material so that the other parties can ensure that only

13   authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

14   (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

15   shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

16   CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

17   CODE."

18        Transcripts containing Protected Material shall have an obvious legend on the title page

19   that the transcript contains Protected Material, and the title page shall be followed by a list of all

20   pages (including line numbers as appropriate) that have been designated as Protected Material

21   and the level of protection being asserted by the Designating Party. The Designating Party shall

22   inform the court reporter of these requirements. Any transcript that is prepared before the

23   expiration of a 21-day period for designation shall be treated during that period as if it had been

24   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

25   otherwise agreed. After the expiration of that period, the transcript shall be treated only as

26   actually designated.

27        (c) for information produced in some form other than documentary and for any

28   other tangible items, that the Producing Party affix in a prominent place on the exterior of the

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

- 6 -

1   container or containers in which the information or item is stored the legend "CONFIDENTIAL"

2   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

3   CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item

4   warrant protection, the Producing Party, to the extent practicable, shall identify the protected

5   portion(s) and specify the level of protection being asserted.

6        5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

7   designate qualified information or items does not, standing alone, waive the Designating Party's

8   right to secure protection under this Order for such material. Upon timely correction of a

9   designation, the Receiving Party must make reasonable efforts to assure that the material is

10   treated in accordance with the provisions of this Order.

11   6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

12        6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of

13   confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

14   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

15   burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

16   challenge a confidentiality designation by electing not to mount a challenge promptly after the

17   original designation is disclosed.

18        6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution

19   process by providing written notice of each designation it is challenging and describing the basis

20   for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

21   notice must recite that the challenge to confidentiality is being made in accordance with this

22   specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in

23   good faith and must begin the process by conferring directly (in voice to voice dialogue; other

24   forms of communication are not sufficient) within 14 days of the date of service of notice. In

25   conferring, the Challenging Party must explain the basis for its belief that the confidentiality

26   designation was not proper and must give the Designating Party an opportunity to review the

27   designated material, to reconsider the circumstances, and, if no change in designation is offered,

28   to explain the basis for the chosen designation. A Challenging Party may proceed to the next

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

- 7 -

1   stage of the challenge process only if it has engaged in this meet and confer process first or

2   establishes that the Designating Party is unwilling to participate in the meet and confer process in

3   a timely manner.

4       6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court

5   intervention, the Parties shall file a joint letter brief in accordance with the procedures set forth in

6   Hon. Donna M. Ryu's Standing Order, dated August 6, 2014, regarding civil discovery within 5

7   days of the parties agreeing that the meet and confer process will not resolve their dispute. Any

8   joint letter brief filed pursuant to this provision must include an attestation affirming that the

9   movant has complied with the meet and confer requirements imposed by the preceding

10   paragraph.

11       The burden of persuasion in any such challenge proceeding shall be on the Designating

12   Party.[1] Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

13   unnecessary expenses and burdens on other parties) may expose the Challenging Party to

14   sanctions. All parties shall continue to afford the material in question the level of protection to

15   which it is entitled under the Producing Party's designation until the court rules on the challenge.

16   7.     ACCESS TO AND USE OF PROTECTED MATERIAL

17       7.1     Basic Principles. Unless otherwise permitted by the Court, a Receiving Party may

18   use Protected Material that is disclosed or produced by another Party or by a Non-Party in

19   connection with this case only for prosecuting, defending, or attempting to settle this litigation.

20   Such Protected Material may be disclosed only to the categories of persons and under the

21   conditions described in this Order. When the litigation has been terminated, a Receiving Party

22   must comply with the provisions of section 15 below (FINAL DISPOSITION).

23       Protected Material must be stored and maintained by a Receiving Party at a location and

24

25

26   [1] The burden is shifted to the Challenging Party after two (2) unsuccessful (in whole or in part)
27   challenges are made by the Challenging Party. The burden of persuasion remains on the
     Designating Party.

28

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

- 8 -

1   in a secure manner[2] that ensures that access is limited to the persons authorized under this Order.

2   The Parties and their Outside Counsel of Record are prohibited from emailing any

3   Protected Material designated under one of the ATTORNEY'S EYES ONLY confidentiality

4   designations permitted under this Order, and must use alternative means to electronically transfer

5   Disclosure or Discovery so designated under this Order (e.g. FTP sites, electronic delivery or

6   document sites, electronic document management systems, or any other electronic system other

7   than email that permits the logging and easy deletion from one place of the Protected Materials,

8   and that does not disseminate the Protected Materials in a manner that (like electronic emails)

9   may be difficult to trace, log, and destroy following the conclusion of this action, in accordance

10  with the terms of this Order).

11      7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

12  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

13  disclose any information or item designated "CONFIDENTIAL" only to:

14      (a) the Receiving Party's Outside Counsel of Record in this action, as well as

15  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

16  information for this litigation and who have signed the "Acknowledgment and Agreement to Be

17  Bound" that is attached hereto as Exhibit A;

18      (b) the officers, directors, and employees (including House Counsel) of the

19  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

20  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21      (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

22  reasonably necessary for this litigation and who have signed the "Acknowledgment and

23  Agreement to Be Bound" (Exhibit A);

24      (d) the court and its personnel;

25      (e) court reporters and their staff, professional jury or trial consultants, and

26

27  [2]  Receiving Party must store any electronic Protected Material in password-protected form if received in password-protected form.

28

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

- 9 -

1  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

2  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3        (f) during their depositions, witnesses in the action to whom disclosure is

4  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

5  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

6  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

7  separately bound by the court reporter and may not be disclosed to anyone except as permitted

8  under this Stipulated Protective Order.

9        (g) the author or recipient of a document containing the information or a custodian or

10  other person who otherwise possessed or knew the information.

11        7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and

12  "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise

13  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

14  disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

15  EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

16        (a) the Receiving Party's Outside Counsel of Record in this action, as well as

17  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

18  information for this litigation and who have signed the "Acknowledgment and Agreement to Be

19  Bound" that is attached hereto as Exhibit A;

20        (b) Designated House Counsel of the Receiving Party (1) who has no involvement

21  in competitive decision-making, (2) to whom disclosure is reasonably necessary for this

22  litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

23  and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;[3]

24        (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary

25  for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound"

26

27  [3] This Order contemplates that Designated House Counsel shall not have access to information
   or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

28

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

10150466-v2                                                    STIPULATED PROTECTIVE ORDER
                                                               CASE NO. 3:15-cv-00798-HSG

1 (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been

2 followed;

3          (d) the court and its personnel;

4          (e) court reporters and their staff, professional jury or trial consultants and their

5 staff and any mock jurors retained by them to participate in a mock exercise of this matter, and

6 Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

7 have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

8          (f) the author or recipient of a document containing the information or a custodian

9 or other person who otherwise possessed or knew the information.

10      7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL

11 – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

12 Information or Items to Designated House Counsel or Experts.

13          (a)(1) Unless otherwise ordered by the court or agreed to in writing by the

14 Designating Party, a Party that seeks to disclose to Designated House Counsel any information

15 or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

16 pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1)

17 sets forth the full name of the Designated House Counsel and the city and state of his or her

18 residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable

19 future primary job duties and responsibilities in sufficient detail to determine if House Counsel is

20 involved, or may become involved, in any competitive decision-making.

21          (a)(2) Unless otherwise ordered by the court or agreed to in writing by the

22 Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

23 information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

24 EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph

25 7.3(c) first must make a written request to the Designating Party that (1) identifies the general

26 categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

27 CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to

28 disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

- 11 -

1    her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the

2    Expert's current employer(s), (5) identifies each person or entity from whom the Expert has

3    received compensation or funding for work in his or her areas of expertise or to whom the expert

4    has provided professional services, including in connection with a litigation, at any time during

5    the preceding five years,[4] and (6) identifies (by name and number of the case, filing date, and

6    location of court) any litigation in connection with which the Expert has offered expert

7    testimony, including through a declaration, report, or testimony at a deposition or trial, during the

8    preceding five years. However, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

9    or "HIGHLY CONFIDENTIAL – SOURCE CODE" may be disclosed to an Expert without

10    disclosure of the identity of the Expert so long as the Expert is not a current officer, director, or

11    employee of a competitor of a Party or anticipated to become one.

12           (b) A Party that makes a request and provides the information specified in the

13    preceding respective paragraphs may disclose the subject Protected Material to the identified

14    Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party

15    receives a written objection from the Designating Party. Any such objection must set forth in

16    detail the grounds on which it is based.

17           (c) A Party that receives a timely written objection must meet and confer with the

18    Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

19    agreement within seven days of the written objection. If no agreement is reached, the Party

20    seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as

21    provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

22    seeking permission from the court to do so. Any such motion must describe the circumstances

23    with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel

24    or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail,

25

26    [4] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed

27    without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

28

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

- 12 -

1   and suggest any additional means that could be used to reduce that risk. In addition, any such

2   motion must be accompanied by a competent declaration describing the parties' efforts to resolve

3   the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and

4   setting forth the reasons advanced by the Designating Party for its refusal to approve the

5   disclosure.

6            In any such proceeding, the Party opposing disclosure to Designated House

7   Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure

8   would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose

9   the Protected Material to its Designated House Counsel or Expert.

10   8.     SOURCE CODE

11           (a)     To the extent production of source code becomes necessary in this case, a

12   Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE"

13   if it comprises or includes confidential, proprietary or trade secret source code.

14           (b)     Protected Material designated as "HIGHLY CONFIDENTIAL –

15   SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY

16   CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar

17   set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY

18   CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in

19   Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.[5]

20           (c)     Any source code produced in discovery shall be made available for

21   inspection in a format through which it could be reasonably reviewed and searched during

22   normal business hours or other mutually agreeable times at a location that is reasonably

23   convenient for the Receiving Party and any experts to whom the source code may be disclosed.

24   This alternative may be appropriate if the Producing Party and/or its counsel are located in a

25   different jurisdiction than counsel and/or experts for the Receiving Party. The source code shall

26

27   [5] Except that House Counsel may access derivative materials including "HIGHLY
    CONFIDENTIAL - SOURCE CODE" information, such as exhibits to motions or expert reports,

28

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

- 13 -

1 │ be made available for inspection on a secured computer in a secured room without Internet

2 │ access or network access to other computers, and the Receiving Party shall not copy, remove, or

3 │ otherwise transfer any portion of the source code onto any recordable media or recordable

4 │ device. The Producing Party may visually monitor the activities of the Receiving Party's

5 │ representatives during any source code review, but only to ensure that there is no unauthorized

6 │ recording, copying, or transmission of the source code.

7 │     (d)    The Receiving Party may request paper copies of limited portions of

8 │ source code that are reasonably necessary for the preparation of court filings, pleadings, expert

9 │ reports, or other papers, or for deposition or trial, but shall not request paper copies for the

10 │ purposes of reviewing the source code other than electronically as set forth in paragraph (c) in

11 │ the first instance. The Producing Party shall provide all such source code in paper form including

12 │ bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing

13 │ Party may challenge the amount of source code requested in hard copy form pursuant to the

14 │ dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing

15 │ Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes

16 │ of dispute resolution.

17 │     (e)    The Receiving Party shall maintain a record of any individual who has

18 │ inspected any portion of the source code in electronic or paper form. The Receiving Party shall

19 │ maintain all paper copies of any printed portions of the source code in a secured, locked area.

20 │ The Receiving Party shall not create any electronic or other images of the paper copies and shall

21 │ not convert any of the information contained in the paper copies into any electronic format. The

22 │ Receiving Party shall only make additional paper copies if such additional copies are (1)

23 │ necessary to prepare court filings, pleadings, or other papers (including a testifying expert's

24 │ expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its

25 │ case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the

26 │ end of each day and must not be given to or left with a court reporter or any other unauthorized

27 │ individual.

28 │     (f)    Seven (7) days before any Receiving Party files with the Court any

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

- 14 -

1    document or serves an expert report that includes "HIGHLY CONFIDENTIAL – SOURCE

2    CODE" the Receiving Party must notify in writing the Producing Party that such filing or service

3    of expert report will occur.  The Producing Party may then challenge, in writing, the use of

4    "HIGHLY CONFIDENTIAL – SOURCE CODE" in such filing or expert report.  The parties are

5    to use the dispute resolution procedures of Paragraph 6 to resolve the dispute.  No challenged

6    document may be filed or expert report served until such dispute is resolved.  The Producing

7    Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes

8    of dispute resolution.

9    9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

10   LITIGATION

11          If a Party is served with a subpoena or a court order issued in other litigation that

12   compels disclosure of any information or items designated in this action as "CONFIDENTIAL"

13   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

14   CONFIDENTIAL – SOURCE CODE" that Party must:

15          (a) promptly notify in writing the Designating Party. Such notification shall

16   include a copy of the subpoena or court order;

17          (b) promptly notify in writing the party who caused the subpoena or order to issue

18   in the other litigation that some or all of the material covered by the subpoena or order is subject

19   to this Protective Order. Such notification shall include a copy of this Stipulated Protective

20   Order; and

21          (c) cooperate with respect to all reasonable procedures sought to be pursued by

22   the Designating Party whose Protected Material may be affected.[6]

23          If the Designating Party timely seeks a protective order, the Party served with the

24   subpoena or court order shall not produce any information designated in this action as

25

26   [6] The purpose of imposing these duties is to alert the interested parties to the existence of this
27   Protective Order and to afford the Designating Party in this case an opportunity to try to protect
     its confidentiality interests in the court from which the subpoena or order issued.

28

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

- 15 -

1    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

2    "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from

3    which the subpoena or order issued, unless the Party has obtained the Designating Party's

4    permission. The Designating Party shall bear the burden and expense of seeking protection in

5    that court of its confidential material – and nothing in these provisions should be construed as

6    authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

7    another court.

8    10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

9    LITIGATION

10           (a)    The terms of this Order are applicable to information produced by a Non-

11   Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

12   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such

13   information produced by Non-Parties in connection with this litigation is protected by the

14   remedies and relief provided by this Order. Nothing in these provisions should be construed as

15   prohibiting a Non-Party from seeking additional protections.

16           (b)    In the event that a Party is required, by a valid discovery request, to

17   produce a Non-Party's confidential information in its possession, and the Party is subject to an

18   agreement with the Non-Party not to produce the Non-Party's confidential information, then the

19   Party shall:

20           1.    promptly notify in writing the Requesting Party and the Non-Party

21   that some or all of the information requested is subject to a confidentiality agreement with a

22   Non-Party;

23           2.    promptly provide the Non-Party with a copy of the Stipulated

24   Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

25   description of the information requested; and

26           3.    make the information requested available for inspection by the

27   Non-Party.

28           (c)    If the Non-Party fails to object or seek a protective order from this court

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

- 16 -

1    within 14 days of receiving the notice and accompanying information, the Receiving Party may

2    produce the Non-Party's confidential information responsive to the discovery request. If the

3    Non-Party timely seeks a protective order, the Receiving Party shall not produce any information

4    in its possession or control that is subject to the confidentiality agreement with the Non-Party

5    before a determination by the court.[7] Absent a court order to the contrary, the Non-Party shall

6    bear the burden and expense of seeking protection in this court of its Protected Material.

7    11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

8        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

9    Material to any person or in any circumstance not authorized under this Stipulated Protective

10   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

11   unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

12   Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

13   made of all the terms of this Order, and (d) request such person or persons to execute the

14   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

15   12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

16   MATERIAL

17       When a Producing Party gives notice to Receiving Parties that certain inadvertently

18   produced material is subject to a claim of privilege or other protection, the obligations of the

19   Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

20   provision is not intended to modify whatever procedure may be established in an e-discovery

21   order that provides for production without prior privilege review. Pursuant to Federal Rule of

22   Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

23   communication or information covered by the attorney-client privilege or work product

24   protection, the parties may incorporate their agreement in the stipulated protective order

25

26   [7] The purpose of this provision is to alert the interested parties to the existence of confidentiality
     rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality
27   interests in this court.

28

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

- 17 -

1  submitted to the court.

2  13.  MISCELLANEOUS

3      13.1  Right to Further Relief. Nothing in this Order abridges the right of any person to
4  seek its modification by the court in the future.

5      13.2  Right to Assert Other Objections. By stipulating to the entry of this Protective
6  Order no Party waives any right it otherwise would have to object to disclosing or producing any
7  information or item on any ground not addressed in this Stipulated Protective Order. Similarly,
8  no Party waives any right to object on any ground to use in evidence of any of the material
9  covered by this Protective Order.

10     13.3 Export Control. Disclosure of Protected Material shall be subject to all applicable
11  laws and regulations relating to the export of technical data contained in such Protected Material,
12  including the release of such technical data to foreign persons or nationals in the United States or
13  elsewhere. The Producing Party shall be responsible for identifying any such controlled technical
14  data, and the Receiving Party shall take measures necessary to ensure compliance.

15     13.4  Filing Protected Material. Without written permission from the Designating Party
16  or a court order secured after appropriate notice to all interested persons, a Party may not file in
17  the public record in this action any Protected Material. A Party that seeks to file under seal any
18  Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be
19  filed under seal pursuant to a court order authorizing the sealing of the specific Protected
20  Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a
21  request establishing that the Protected Material at issue is privileged, protectable as a trade
22  secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file
23  Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then
24  the Receiving Party may file the Protected Material in the public record pursuant to Civil Local
25  Rule 79-5(e)(2) unless otherwise instructed by the court.

26  14.  FINAL DISPOSITION

27     Within 60 days after the final disposition of this action, as defined in paragraph 4, each
28  Receiving Party must return all Protected Material to the Producing Party or destroy such

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

- 18 -

1   material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

2   compilations, summaries, and any other format reproducing or capturing any of the Protected

3   Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

4   submit a written certification to the Producing Party (and, if not the same person or entity, to the

5   Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

6   the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

7   not retained any copies, abstracts, compilations, summaries or any other format reproducing or

8   capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

9   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

10  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

11  product, and consultant and expert work product, even if such materials contain Protected

12  Material. Any such archival copies that contain or constitute Protected Material remain subject to

13  this Protective Order as set forth in Section 4 (DURATION).

14   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

15   VENABLE LLP

16
17   Dated: 9/28/15   /s/
     Counsel for defendants Almaviva S.p.A,
18   Almawave S.r.l. and Almawave USA, Inc.

19   LAW OFFICES OF JANET BRAYER

20
21   Dated:   /s/
     Counsel for defendant IQSystem, Inc.

22   LOW, BALL & LYNCH

23
24   Dated: 9/28/15   /s/
     Counsel for defendant Anna Gatti and IQ Systems,
25   LLC

26   HEALY LLC
     FREITAS ANGELL & WEINBERG LLP

27
28   Dated: 10/1/2015   /s/
     by Valeria C. Healy   Counsel for plaintiff Loop AI Labs, Inc.

     Healy LLC

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

- 19 -

1  material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

2  compilations, summaries, and any other format reproducing or capturing any of the Protected

3  Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

4  submit a written certification to the Producing Party (and, if not the same person or entity, to the

5  Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

6  the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

7  not retained any copies, abstracts, compilations, summaries or any other format reproducing or

8  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

9  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

10  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

11  product, and consultant and expert work product, even if such materials contain Protected

12  Material. Any such archival copies that contain or constitute Protected Material remain subject to

13  this Protective Order as set forth in Section 4 (DURATION).

14       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

15       VENABLE LLP

16  Dated: 9/28/15

17       /s/
         Counsel for defendants Almaviva S.p.A.
18       Almawave S.r.l. and Almawave USA, Inc.

19       LAW OFFICES OF JANET BRAYER

20  Dated: 9-29-15

21       /s/
         Counsel for defendant IQSystem, Inc.

22       LOW, BALL & LYNCH

23

24  Dated:       /s/
                 Counsel for defendant Amit Gatti and IQ Systems,
25               LLC

26       HEALY LLC
         FREITAS ANGELL & WEINBERG LLP

27

28  Dated: 10/1/2015       /s/
                           Counsel for plaintiff Loop AI Labs, Inc.
    by Valeria C. Healy
                                    - 19 -
    10150466-v2   Healy LLC                    STIPULATED PROTECTIVE ORDER
                                               CASE NO. 3:15-cv-00798-HSG

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

1

2     PURSUANT TO STIPULATION, IT IS SO ORDERED

3

4     DATED: Oct. 1, 2015

5                                    DONNA M. RYU

6                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. 3:15-cv-00798-HSG

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Loop AI Labs, Inc. v. Gatti et al.* Case No. 15-cv-00798 HSG. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

10150466-v2