United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LOOP AI LABS INC,

        Plaintiff,

  v.

ANNA GATTI, et al.,

        Defendants.

Case No.  15-cv-00798-HSG   (DMR)

**ORDER ON OUTSTANDING
DISCOVERY SUBMISSIONS**

The court expects parties to engage in meaningful meet and confer sessions aimed at resolving most if not all discovery disputes without court intervention.   In this case, the parties repeatedly have attempted to skirt this hard work by filing ex parte rather than joint discovery letters, and have been admonished for doing so.  Most recently, on September 28, 2015, the court ordered that a party must obtain leave of court prior to filing an ex parte discovery letter.  The court warned that it would only grant leave "in exceptional circumstances."  [Docket No. 222.] Unfortunately, this only served to provoke a new flurry of submissions, nearly all of which are administrative motions to file ex parte discovery letters or oppositions thereto: Docket Nos. 224, 239, 240, 241, 242.

On October 7, 2015, the court ordered the parties to lodge copies of audio recordings of all meet and confer sessions regarding the discovery disputes presented in two submissions (Docket Nos. 239 and 241), and to file a log of all discovery-related meet and confer sessions conducted since September 1, 2015.  After the October 7, 2015 order, the parties unleashed another torrent of submissions, all of which are administrative motions to file ex parte discovery letters and oppositions thereto: 247, 248, 249, 250, 251, 257, 259, 261, 262, 265, 269.

The recordings and logs reveal that the parties have engaged in very few substantive meet and confer sessions.  The recordings themselves evidence rude and unhelpful conduct (*see, e.g.*,

United States District Court
Northern District of California

1   abrupt hang-up on September 24, 2015 telephone call), and the parties' failure to actually engage

2   in the necessary work of sorting through the substantive issues and attempting to reach appropriate

3   compromises (*see* September 22, 2015 telephone call regarding jurisdictional discovery with

4   nominal, half-hearted efforts to meet and confer).

5        The parties' discovery conduct to date has taken an inordinate amount of court resources.

6   It is undoubtedly wasting the parties' time and money, all without advancing the litigation.  Going

7   forward, the parties shall set a regularly-scheduled weekly appointment to meet and confer

8   regarding discovery.  They shall keep a log of such meet and confer sessions.  The parties shall

9   also continue to audio record telephonic and in-person meet and confer sessions.  The court will

10  now begin imposing sanctions for the parties' failure to engage in substantive, good faith meet and

11  confer sessions regarding discovery (including failure to propose or entertain reasonable

12  compromises), and will sanction any party that unreasonably delays the meet and confer process

13  or otherwise impedes the process of resolving discovery disputes.  This order is not an invitation

14  to file motions for sanctions for violation of this order; rather, the court is trying to impose a

15  workable structure on the parties' discovery dispute resolution process, because the parties seem

16  unable or unwilling to do so themselves.

17       Finally, the court finds that the following administrative motions for leave to file ex parte

18  discovery letters or submissions do not demonstrate "exceptional circumstances" and are therefore

19  DENIED: Docket Nos. 224, 239, 247, 248, 249, 257, 265.  Further, while Docket No. 241

20  purports to be a joint letter in compliance with the court's Standing Order, it is a "joint" letter in

21  name only, since the parties never met and conferred about the issues therein.  Accordingly, it is

22  DENIED.  The court declines to consider the remaining submissions, all of which are

23  "oppositions" to the motions for leave to file ex parte letters.  [*See* Docket Nos. 240, 242, 250,

24  251, 257, 259, 261, 262, 269.]

25       **IT IS SO ORDERED.**

26  Dated: October 16, 2015

27  

28  



    Z. Donna M. Ryu
    United States Magistrate Judge