**VENABLE LLP**
Thomas E. Wallerstein (SBN 232086)
Kimberly Culp (SBN 238839)
Email: twallerstein@venable.com
      kculp@venable.com
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
Telephone:    415.653.3750
Facsimile:    415.653.3755

Attorneys for Defendant Almawave USA, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS, INC., a Delaware corporation,<br><br>        Plaintiffs,<br><br>v.<br><br>ANNA GATTI, an individual, ALMAVIVA S.p.A., an Italian corporation, ALMAWAVE S.r.l., an Italian corporation, ALMAWAVE USA, Inc., a California corporation, IQSYSTEM LLC, a California limited liability company, IQSYSTEM Inc., a Delaware corporation,<br><br>        Defendants. | CASE NO.: 3:15-cv-00798-HSG (DMR)<br><br>Hon. Haywood S. Gilliam, Jr.<br><br>**DECLARATION OF PETER R. STERNBERG IN SUPPORT OF ALMAWAVE'S OPPOSITION TO PLAINTIFF LOOP AI LABS, INC.'S MOTION TO DISQUALIFY**<br><br>Date:    November 5, 2015<br>Time:    2:00 p.m.<br>Courtroom:    15, 18th Floor<br><br>Action Filed:    February 20, 2015<br>Trial Date:    July 11, 2016 |

## DECLARATION OF PETER R. STERNBERG

I, Peter R. Sternberg, declare as follows:

1. I am a partner of Venable LLP ("Venable"). Unless otherwise stated, matters referred to in this declaration are based on my personal knowledge, and, if called to testify as a witness, I could and would testify competently to the facts set forth herein.

2. In 2004, I joined Orrick, Herrington & Sutcliffe LLP ("Orrick") as a partner. I was based in the firm's New York office, but my practice involved substantial travel to Europe, and Italy in particular. I did not have a firm-wide management or administrative role, did not have any such role in Orrick's corporate department, and did not have any such role in Orrick's Silicon Valley office, from where I have since learned that Orrick's representation of Loop AI Labs, Inc. ("Loop") was based. I have never been to Orrick's Silicon Valley office, and I was last in San Francisco a few years prior to when Almawave S.r.l. retained me to assist in forming Almawave USA. While at Orrick, I had no administrative or management duties that would have exposed me to confidential information of Loop.

3. By the time I joined Orrick, Almaviva S.p.A. and/or Almawave S.r.l. were already clients of Orrick, which had represented Almaviva companies in litigation.

4. Shortly after I joined Orrick, I met Mariantonietta Perri, Director of Legal Affairs for Almaviva S.p.A., Francesco Renzetti, General Manager of Staff for Almaviva S.p.A., and other Almaviva principals. I met them again several times in years that followed, and before they first sought legal advice from me.

5. I first provided legal advice to Almawave S.r.l. in April and May 2011, although I did not charge for my advice and did not open a formal matter within Orrick.

6. In March 2014, Almawave S.r.l. formally engaged me through Orrick to assist in forming a new indirect subsidiary, Almawave USA, Inc.

7. At that time, as is my standard procedure, I ran a conflicts check. I did not include Anna Gatti's name in the conflicts check because I did not at that time know of her involvement with Almawave USA specifically or of her generally.

8. A few weeks later, I learned that Almawave USA wished to enter into an employment agreement with a person named Anna Gatti. By the time Almawave informed me that she was to be employed, the company had already made its decision to hire her, had apparently already negotiated her terms of employment with her, and simply wanted Orrick's assistance conforming a standard form employment contract. The associate who was leading the corporate work for Almawave then contacted other Orrick attorneys based in the Bay Area for assistance in conforming Orrick's standard employee hiring documents for that purpose. No Orrick attorneys, including me, had any contact with Ms. Gatti during this process. No Orrick attorneys, including me, negotiated terms with Ms. Gatti or spoke to or emailed her during this process. We were not asked to conduct any due diligence on Ms. Gatti, and did not do so.

9. While I was occasionally copied on emails on which Ms. Gatti was also copied or on which Ms. Gatti was a recipient or sender, those emails concerned only Almawave USA and never related to Loop in any way.

10. My only direct communication with Ms. Gatti occurred in October 2014 in the form of a brief privileged email exchange relating to Almawave billing issues that did not in any way involve or concern Loop or Ms. Gatti's employment with Loop. To this day I have never met Ms. Gatti in person, nor, as far as I recall, have I ever spoken with her on the phone, except possibly one call in October 2014 relating to Orrick's bills to Almawave. Ms. Gatti never gave me any information, much less confidential information, belonging to or concerning Loop or any issues related to this litigation. Nor have I received any other communications concerning, or been otherwise exposed to, Loop or any of Loop's confidential information.

11. For professional reasons unrelated to any parties or issues in this case, I left Orrick to join Venable early this year. My last day with Orrick was January 31, 2015 and my first day with Venable was February 1, 2015. The timing of my departure from Orrick was driven by the timing of my 2014 compensation from Orrick; it had nothing to do with this case.

12. Since I left Orrick and joined Venable I have had no role or participation, directly or indirectly, in the Orrick partnership. To the extent it once suggested otherwise, the New York State Bar online information had not been updated and was incorrect.

13. It was only after the lawsuit was filed that I first even heard the names "Loop" or "Soshoma." I was unaware of and had never discussed those entities with anyone while I was a partner with Orrick, nor have I spoken with anyone I knew to be associated with those entities. While I was at Orrick I was unaware of and never discussed with anyone Ms. Gatti's employment with Loop, or indeed anything else about Loop. I never rendered any legal advice or services to Loop, nor did I perform any work for Loop. I never advised Almawave or anyone else about any agreement Loop may have had with Ms. Gatti; I was unaware of any such agreement.

14. I have never been in possession of, accessed or acquired Loop's information (confidential or not), other than information provided by Loop during this litigation. Nor have I ever transmitted any such information to anyone, including any Venable attorneys.

15. Only after this lawsuit was filed did I learn, from Loop's filings, that Loop's primary relationship partner at Orrick had been John Bautista. I have never discussed Loop or Ms. Gatti with Mr. Bautista and never knew that he or anyone else at Orrick was representing Loop while I was representing Almawave at Orrick. The last time I recall speaking with Mr. Bautista was exchanging pleasantries several years ago at a partner retreat.

16. I had never heard of WI-Harper until it was brought to my attention that Loop objected to a subpoena Venable issued to WI-Harper for documents and testimony in this action. I had nothing to do with a decision to issue a subpoena to WI-Harper nor did I have any input or even knowledge of the document demands that were served on WI-Harper.

17. I have no specialized training or experience in technology matters and do not personally handle IP prosecution matters. I did not have any input, substantive or otherwise, on the patent for which Almawave applied.

18. My work at Orrick had nothing to do with Loop, including its employment matters, matters related to the issuance of Loop stock, Loop's employment of Ms. Gatti, or the

//
//
//

1  issuance of Loop stock to Ms. Gatti.

2        I declare under penalty of perjury under the laws of the United States of America that the

3  foregoing is true and correct.

4        Executed this ____ day of October, 2015, in Paris, France.

                                              _____
                                              Peter R. Sternberg

VENABLE LLP
SPEAR TOWER, 40TH FL. ONE MARKET PLAZA, ONE MARKET STREET
SAN FRANCISCO, CA 94105
415.653-3750

issuance of Loop stock to Ms. Gatti.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21st day of October, 2015, in Paris, France.

_____
Peter R. Sternberg

DECLARATION OF PETER R. STERNBERG ISO ALMAWAVE'S OPPOSITION TO
PLAINTIFF LOOP AI LABS, INC.'S MOTION TO DISQUALIFY