LAW OFFICES OF JANET BRAYER
JANET BRAYER (SBN 117397)
230 California Street,   Suite 600
San Francisco, California 94111
Telephone:  (415) 445-9555
Facsimile:  (415) 445-9541

Attorney for Defendant
IQSYSTEM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ANNA GATTI, an individual, ALMAVIVA S.p.A., an Italian corporation, ALMAWAVE S.r.l an Italian corporation, ALMAWAVE USA, Inc., a California corporation, IQSYSTEM LLC, a California limited liability company, IQSYSTEM, Inc., a Delaware corporation,<br><br>Defendants. | Case No. 3:15-cv-00798-HSG-DMR<br><br>**DEFENDANT IQSYSTEM, INC.'S OPPOSITION TO PLAINTIFF LOOP AI LABS INC.'S MOTION FOR DETERMINATION OF FEE AWARD**<br><br>**Hearing Date: TBD**<br><br>Action Filed: February 20, 2015<br>Trial Date: July 11, 2016<br><br>Hon. Haywood S. Gilliam, Jr. |

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| 1. | INTRODUCTION / SUMMARY OF ARGUMENT ................................ | 1 |
| 2. | LOOP HAS FAILED TO COMPLY WITH LOCAL RULE 54-5 AND THE FEE AGREEMENT MUST BE PRODUCED ......................... | 4 |
| | A.  The Fee Agreement Should be Produced ............................................... | 6 |
| | B.  Any Fees Relating to the Filing of the Motion for Attorney Fees Should be Excluded as Loop Failed to Act in Good Faith and Meet and Confer ................................................................................ | 8 |
| 3. | ATTORNEY FEES CANNOT BE AWARDED TO ATTORNEYS NOT ADMITTED TO PRACTICE IN THE NORTHERN DISTRICT COURT OF CALIFORNIA .......................................................................... | 8 |
| 4. | THE FEES REQUESTED ARE NOT REASONABLE ........................... | 10 |
| | A.  Other SLAPP Fee Awards ................................................................. | 13 |
| 5. | THERE IS NO ENTITLEMENT TO INTEREST ..................................... | 14 |
| 6. | CONCLUSION ........................................................................................... | 14 |

# **TABLE OF AUTHORITIES**

**FEDERAL**

*Barjon v. Dalton*, 132 F.3d 496 (9th Cir. 1997) ........................................................ 10

*Blanchard v. Bergeron*, 489 U.S. 87, L. Ed. 2d 67, Ct.939 (1989) ......................... 2

*Breslin v. Dickinson Twp.,* No. I :09-cv-1396, 2011 U.S. Dist. Lexis 77651,
 *7 (M.D. Pa. July 18, 2011) ........................................................................... 7

*Camacho v. Bridgeport Fin., Inc.* 523 F.3d 973 (9th Cir. 2008) .............................. 10, 11

*Chambers v, Miller*, 44 Cal. Rptr. 3d 777 (2006) ...................................................... 2

*Cooke v. Stefani Management Services, Inc.*, 2000 U.S. Dist. LEXIS 11565,
 No. 98 C 7604, (N.D. Ill. Jul. 25, 2000) ........................................................ 12

*Cotton v. City of Eureka*, 889 F. Supp. 2d 1154 (N.D. Cal. 2012) .......................... 10

*Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536 (9th Cir. 1992) ................. 11

*Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115(9th Cir. 2000) ........................................... 2

*Hensley v. Eckerhart*, 461 U.S. 424, 76 L. Ed. 2d 40, S. Ct. 1933 (1983) ............... 3

*Jordan v. Multnomah Cnty*., 815 F.2d 1258 (9th Cir. 1987) .................................... 10

*Libaire v. Kaplan*, 760 F. Supp. 2d 288 (E.D.N.Y. 2011) ........................................ 7

*Livingston v. Art.com, Inc.*, 2015 U.S. Dist. LEXIS 92211
 (N.D. Cal. Apr. 17, 2015) .............................................................................. 10

*Maloney v T3Media, Inc.* 2015 U.S. Dist LEXIS 6183 at *8
 (C.D. Da. May 27, 2015) ............................................................................... 2

*Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008) ................................ 12

*NXIVM Corp. v. Sutton*, No. 06-cv-1051, 2010 U.S. Dist. Lexis 57721,
 *12-13 (D.N.J. June 9, 2012) ........................................................................ 7

*Perdue v. Kenny A*., 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010) .............................. 11

*Phillips 66 Co. v. Grainer*, 2015 U.S. Dist. LEXIS 79982
 (E.D. Cal. June 17, 2015) .............................................................................. 12

*Piping Rock Partners, Inc. v. David Lerner Assocs.*,
 2015 U.S. Dist. LEXIS 109016 *16 (N.D. Cal. Aug. 18, 2015) ................... 13

*Schwarz v. Sec'y of Health & Human Servs*., 73 F.3d 895 (9th Cir. 1995) .............. 11

*Shafer v. Cnty. of Santa Barbara*, 2015 U.S. Dist. LEXIS 120084
(C.D. Cal. Sept. 8, 2015) ............................................................................... 11

*Shapiro etc. v. Paradise Valley Unified*, 374 F.3d 857 (9th Cir. 2004) ..................... 9

*Spanos v. Skouras*, 364 F.2d 161, (2nd Cir. 1966) ................................................. 9

*Taylor v. Chaing*, 2009 U.S. Dist. LEXIS 13470 *17
(E.D. Cal. Feb. 23, 2009) ............................................................................... 9

*Taylor v. Chiang*, 405 Fed. Appx. 167, 2010 U.S. App. LEXIS 26862
(9th Cir. Cal. 2010) ........................................................................................ 12

*Tokraz v. TRG Columbus Dev. Venture, Ltd.*, No. 08-60190,
2008 U.S. Dist. Lexis 62057, *l (S.D. Fla. Aug. 14, 2008) .......................... 7

*Universal City Dev. Partners, Ltd v. Ride & Show, Eng. Inc.*, 230 F.R.D.
688, 691 (M.D. Fla. 2005) ............................................................................ 7

*Venegas v. Mitchell*, 495 U.S. 82, L. Ed. 2d 74, S. Ct. 1679 (1990) ........................ 2

**CALIFORNIA**

*Birbrower, Montalbano, Condon & Frank, P.C. v. Superior Ct. of Santa Clara Cnty.*,
17 Cal.4th 119 (1998) ................................................................................... 9

*Christian Research Institute*, 165 Cal.App. 4th 1315 (2008, 4th App. Dist.) .......... 4

*Computerxpress Inc.v. Jackson,* 93 Cal.App. 4th 993 (2001, 4th App. Dist.) ........ 2

*Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140 (2006) ................... 11-12

*Lafayette Morehouse, Inc. v. Chronicle Publishing Co.*,
39 Cal.App.4th 1379 (1995, 1st App. Dist.) ............................................... 2

*Macias v. Hartwell*, 55 Cal. App. 4th 669, (1997) .................................................... 2

*PLCM Grp. v. Drexler*, 22 Cal. 4th 1084 (2000) ....................................................... 10

*Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Ass'n*,
163 Cal. App. 4th 550, 77 Cal. Rptr. 3d 695 (2008) ..................................... 13

*Serrano v. Priest*, 20 Cal. 3d 25, (1977) ................................................................... 11

*Shafer v. Cnty. of Santa Barbara*, 2015 U.S. Dist. LEXIS 120084 (C.D. Cal. Sept. 8, 2015) ............ 11

*Shapiro etc. v. Paradise Valley Unified*, 374 F.3d 857 (9th Cir. 2004) ............ 9

*Spanos v. Skouras*, 364 F.2d 161, (2nd Cir. 1966) ............ 9

*Taylor v. Chaing*, 2009 U.S. Dist. LEXIS 13470 *17 (E.D. Cal. Feb. 23, 2009) ............ 9

*Taylor v. Chiang*, 405 Fed. Appx. 167, 2010 U.S. App. LEXIS 26862 (9th Cir. Cal. 2010) ............ 12

*Tokraz v. TRG Columbus Dev. Venture, Ltd.*, No. 08-60190, 2008 U.S. Dist. Lexis 62057, *l (S.D. Fla. Aug. 14, 2008) ............ 7

*Universal City Dev. Partners, Ltd v. Ride & Show, Eng. Inc.*, 230 F.R.D. 688, 691 (M.D. Fla. 2005) ............ 7

*Venegas v. Mitchell*, 495 U.S. 82, L. Ed. 2d 74, S. Ct. 1679 (1990) ............ 2

**CALIFORNIA**

*Birbrower, Montalbano, Condon & Frank, P.C. v. Superior Ct. of Santa Clara Cnty.*, 17 Cal.4th 119 (1998) ............ 9

*Christian Research Institute*, 165 Cal.App. 4th 1315 (2008, 4th App. Dist.) ............ 4

*Computerxpress Inc.v. Jackson,* 93 Cal.App. 4th 993 (2001, 4th App. Dist.) ............ 2

*Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140 (2006) ............ 11-12

*Lafayette Morehouse, Inc. v. Chronicle Publishing Co.*, 39 Cal.App.4th 1379 (1995, 1st App. Dist.) ............ 2

*Macias v. Hartwell*, 55 Cal. App. 4th 669, (1997) ............ 2

*PLCM Grp. v. Drexler*, 22 Cal. 4th 1084 (2000) ............ 10

*Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Ass'n*, 163 Cal. App. 4th 550, 77 Cal. Rptr. 3d 695 (2008) ............ 13

*Serrano v. Priest*, 20 Cal. 3d 25, (1977) ............ 11

**STATUTES**

| | |
|---|---|
| FRCP §12(f) ................................................................................................... | 3 |
| FRCP §54(d)(b)(2)(iv) .................................................................................. | 7 |
| CA CCP §435(c) ........................................................................................... | 3 |
| Cal. Civ. Proc. Code §426.16(e) ................................................................... | 13 |

## 1. INTRODUCTION / SUMMARY OF ARGUMENT

On September 25, 2015, the Honorable Judge Gilliam ordered Plaintiff Loop AI Labs, Inc. ("Loop") to "submit an opening brief justifying the reasonable of the attorneys' fees it seeks to collect by no later than October 9, 2015." [Dkt. 218]. On October 9, 2015, Loop filed its Motion for Determination of Fee Award ("Motion") relating to the award of fees on their successful SLAPP motion [Dkt. 258], and declaration of Healy in support [Dkt. 258-1 to 258-6]. At the time of filing the Motion, Loop did not submit an invoice supporting fees requested [Dkt. 258-5, Exhibit E to Declaration of Valeria Healy ("Healy Dec.")], instead filing on October 12, 2015 an Administrative Motion to File Under Seal the invoice for fees. [Dkt. 260]. IQSystem, Inc. ("IQS") filed an opposition to the Motion to File Under Seal, citing case authority supporting its position that the invoice for attorney fees was not subject to seal, and not privileged. [Dkt. 263]. The current record before the Court is insufficient to support an award of attorney fees, being wholly dependent on the Healy Declaration which does not provide any detail as to the work performed, but instead provides broad categories of time delineated by "task."[1] [Dkt. 258-1]. The Healy Declaration does not advise the Court which attorney was performing any of the "tasks," identifies the hourly rates of the attorneys, and seeks payment for a total of 59:19 hours of attorney time.[2] In light of the unresolved motion to seal, IQS cannot comment on the fee invoice, and prays leave to do the same should the motion to seal be granted. Regardless, the motion to seal was filed untimely (being filed after the court imposed date for filing the Motion) such that if it was granted IQS would be deprived of time in which to respond.

---

[1] See Healy Dec., ¶18 identifying time by "task" as follows: (1) "Review and analysis of counterclaim, research defenses and preparation of counterclaim" 22:30 hours, totaling $7,762.50, (2) "Draft and edit opening motion to strike" 20:12 hours, totaling $7, 170.51, (3) "Teleconference with counsel for IQS" 00:10 hours, totaling $73.33, (4) "Draft reply in further support of motion to strike" 11:57 hours, totaling $5,258.0, and (5) "Research regarding additional grounds to include in motion to strike" 4.30 hours, totaling $1,642.50. Total fee request $21,906.84

[2] See Healy Dec., ¶18, charting hours: Valeria Healy at $440 per hour for 24:34 hours totaling $10,809.34, Eric Lerner at $365 per hour for 23:00 hours totaling $8,395.00, Diana Wong at $230 per hour for 9:15 hours totaling $2,127.50, and Bryan Wolin at $230 per hour for 2:30 hours totaling $575.00.

The SLAPP Motion to Strike consisted of a 2 page Notice, and 5 ½ pages of points and authorities, citing seven cases and two code sections. [Dkt. 55]. The Reply in Further Support of Loop's Motion consisted of 4 pages with two new citations. [Dkt. 75]. Loop seeks the sum of $21,906.84 in attorneys fees, including $7,762.50 for 22:30 hours of work associated with "preparation of answer to IQS Counterclaim." The Answer was 5 pages long. [Dkt.44] As recognized by Loop, the "fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates," and the analysis by the district court "should begin with the billing records the prevailing party has submitted." (Dkt. 258, Loop P&A, 7:3-9, citing *Maloney v T3Media, Inc.* 2015 U.S. Dist LEXIS 6183 at *8 (C.D. Da. May 27, 2015; see also *Macias v. Hartwell*, 55 Cal. App. 4th 669, 676 (1997) [any fee award must be established by "*substantial evidence*" supporting the award;" *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (emphasis added) [plaintiffs' counsel bears the burden of supporting his request for fees and costs.]). A successful defendant in a motion brought pursuant to Code of Civil Procedure section 425.16 is only entitled to reasonable attorneys fees and costs for the motion to strike itself: not attorneys fees and costs for other activities. See e.g., *Chambers v, Miller*, 44 Cal. Rptr. 3d 777, 779 (2006); see also *Lafayette Morehouse, Inc. v. Chronicle Publishing Co.*, 39 Cal.App.4th 1379, 1383 (1995, 1st App. Dist.) (reversing a fee award based on activities other than the special motion). Where the documentation in support of the fee request is inadequate, the court may reduce the award. *Computerxpress Inc. v. Jackson,* 93 Cal.App. 4th 993, 1020 (2001, 4th App. Dist.).

A reasonable attorney fee is the number of hours and the hourly rate that would be billed by "reasonably competent counsel." *Venegas v. Mitchell*, 495 U.S. 82, 86, 109 L. Ed. 2d 74, 110 S. Ct. 1679 (1990); *Blanchard v. Bergeron*, 489 U.S. 87, 103 L. Ed. 2d 67, 109 S. Ct.939 (1989). Reasonably competent counsel bill a reasonable number of hours. Reasonably competent counsel

do not bill hours that are "excessive, redundant, or otherwise unnecessary." See *Hensley v. Eckerhart*, 461 U.S. 424, 434, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983).

Loop has failed to provide substantial evidence to justify its fee request or from which to make a determination of reasonableness. Certainly time spent on the answer to the counterclaim (22.30 hours) is not reasonable when case law clearly states that an answer need not be filed until after determination of the SLAPP Motion to Strike. (See, CA CCP §435(c) [If a party serves and files a notice of motion to strike without demurring to the complaint, the time to answer is extended and no default may be entered against that defendant]; see also, FRCP §12(f) [before responding to a pleading a motion to strike may be filed]). As such, right off the top a deduction of $7,752.00 must be made for work related to answering the counterclaim as such work was unnecessary. [Dkt. 44, Answer]. A court "should exclude from its initial fee calculation hours that were not reasonably expended." *Hensley,* 461 U.S. at 434.

The amount requested by Loop is unreasonable, including time on tasks that were not necessary, and it is impossible from the record before the court to assess redundancies of billing, which no doubt exist when you have four different attorneys billing; hours that are excessive and redundant due to overstaffing or any other reason (such as conferencing between attorneys working on the same task), should be excluded on the theory that hours not properly billed to one's client are not properly billed to one's adversary. *Id.*

In addition, at the time that the work was performed on the SLAPP motion, attorneys Diana Wong, Bryan Wolin and Eric Lerner were not admitted pro hac vice to the United States District Court, Northern District of California. Wolin was admitted pro hac vice on September 15, 2015 [Dkt. 194], along with Wong on the same date [Dkt. 195]; after the ruling on the SLAPP motion [Dkt. 184 – Order of 9-2-15]. Attorney Lerner has not applied to be admitted pro hac vice. Hence, a deduction must be made for their time - $8,395.00 for Lerner, $2,127.50 for

3

Wong, and $575.00 for Wolin. Attorney fees cannot be awarded to attorneys that have not been admitted pro hac vice.

At most, assuming that proper substantial evidence of the fee was presented, Loop is only entitled to the hours incurred by Ms. Healy – the sum of $10,809.34 less fees for the "unnecessary" answer to counterclaim. In addition, Loop should not be entitled to any fees associated with the filing of their fee application, as IQS offered to pay $9,000.00, invited Loop to counter and further discuss payment of a sum other than the requested $21,906.84, and Loop steadfastly declined to do so, stating that "the Fees submitted are reasonable on their face" and that there is "no basis for any challenge." (See, Declaration of Janet Brayer filed herewith ("Brayer Dec.", ¶¶ 3, 11, 13, 15, 16, and Exhibits 2, 4, 6, and 7 thereto).

Loop is not entitled to the full amount of the fees requested. Where, as here, the moving party has attempted to recover a windfall, the Court should award an amount less than requested. *Christian Research Institute*, 165 Cal. App. 4th 1315, 1324-25 (2008, 4th App. Dist.) [noting that statute does not "intend recovery of fees and costs as a windfall," and affirming reduction of fee award to $21,300 (based on 71 hours of work) where "a multitude of time entries [were] devoted to matters other than the motion to strike."]. Trial courts have broad discretion to adjust a fee request downward or deny an unreasonable fee altogether. *Id.* at 1322. IQS respectfully requests that this court exercise its discretion and limit the fee award to those fees that are supported by the evidence, that are not redundant or unnecessary, and award fees only for work performed by attorneys properly admitted to practice in this court.

**2. LOOP HAS FAILED TO COMPLY WITH LOCAL RULE 54-5 AND THE FEE AGREEMENT MUST BE PRODUCED**

Loop has the burden of establishing the appropriate number of hours expended, and must provide the relevant qualifications and experience of each person requesting a fee award. Local Rules for the Northern District of California 54(a) provides that the fee motion "*must be*

4

supported by declarations and affidavits containing the following information:

> **(a)** supported by declarations or affidavits containing the following information:
>> **(1)** A statement that counsel have met and conferred for the purpose of attempting to resolve any disputes with respect to the motion or a statement that no conference was held, with certification that the applying attorney made a good faith effort to arrange such a conference, setting forth the reason the conference was not held; and
>>
>> **(2)** *A statement of the services rendered by each person* for whose services fees are claimed together with *a summary of the time* spent by each person, and a statement describing the manner in which time records were maintained. Depending on the circumstances, the Court may require production of an abstract of or the contemporary time records for inspection, including *in camera* inspection, as the Judge deems appropriate; and
>>
>> **(3)** A brief description of relevant qualifications and experience and a *statement of the customary hourly charges* of each such person or of comparable prevailing hourly rates or other indication of value of the services."

(emphasis added).

Loop has failed to meet and confer in good faith – even going so far as to claim that it was IQS that was required to file the opening brief on the fee application [Dkt. 208], a proposition that is unsupportable. The statement of services provided is inadequate and does not break out the work performed by each attorney on each "task," information regarding the customary hourly charges by each attorney is not provided, the comparable prevailing rates are not provided, and the information provided regarding relevant qualifications is lacking or erroneous.

Exhibit E-4 to the Declaration of Healy [Dkt. 258-6] sets forth information regarding the attorneys working on the SLAPP motion (even though Healy states that such she is "not required to provide the information" [See, Dkt 258-6]). The information provided states that Eric Lerner has been in "private practice in complex commercial intellectual property since 2000," yet Mr. Lerner was not admitted to the New York State bar until 2002. (See, Brayer Dec., Exhibit 10). It is also stated that Bryan Wolin has been in "private practice in complex commercial litigation since 2012," although he was not admitted to the New York State bar until 2013. (See, Brayer

Dec., Exhibit 11). Likewise, it is stated that Diana Wong has been in "private practice in complex commercial litigation since 2012," although she was not admitted to the New York State Bar until 2013. (See, Brayer Dec., Exhibit 12). Also contributing to the disconnect on the qualifications of the attorneys working on the Motion is the statement of Loop that "the included hourly rates included in the Invoice range from $440 for lead counsel to $230/hour for attorneys entering the fourth year associate year." [Dkt. 258, P&A 7:25-26]. Loop is requesting $230 per hour for Ms. Wong and Mr. Wolin, but they have only been admitted to the bar since some time in 2013, as such it is difficult to understand how they can be in their "fourth associate year."

The Motion also fails to advise of the actual hourly rates being charged by Loop. The Motion states: "Loop AI's counsel informed IQS on September 21, 2015 that Loop AI did not pay the amounts reflected in the Invoice, but that under the terms of its engagement the fees in question are currently due and payable." [Dkt. 248, Loop P&A, 4:25-5:1]. The declaration of Healy in support of the motion for attorney fees states that "Loop AI has not paid the Invoice. Loop AI's engagement with Healy LLC provides that payment of its fees is deferred and contingent on certain conditions. Under the terms of the engagement, the Invoice is due and payable in light of the Court's Order. In addition, as part of the engagement, Healy LLC agreed to provide a *substantial discount* of its standard hourly rates." [Dkt. 258-1, Healy Dec., ¶19, Exhibit E-5 (emphasis added)]. The Healy Declaration *does not* "declare" that the qualification information provided in Exhibit E-5 is "true."

**A)    The Fee Agreement Should be Produced**

In light of the fee request and the uncertainties regarding what is actually being paid by Loop or charged to Loop, IQS requested a copy of the fee agreement, and such request was

denied.  (Brayer Dec. ¶¶ 7, 17, 18,  Exhibit 8 and 9).[3] The fee agreement is not privileged. Fed. R. Civ. P. 54(d)(b)(2)(iv) states that when a prevailing party seeks attorney fees, it may be required to disclose "the terms of any agreement about fees."  Due to the uncertainty as to what is being charged or what is being paid, the fee agreement must be produced. The fee agreement is discoverable. See, e,g., *Libaire v. Kaplan*, 760 F. Supp. 2d 288 (E.D.N.Y. 2011) (holding that information concerning retainer agreements were subject to disclosure in connection with effort to collect judgment against attorney); *Breslin v. Dickinson Twp.,* No. I :09-cv-1396, 2011 U.S. Dist. Lexis 77651, *7 (M.D. Pa. July 18, 2011) ("[D]efendants now seek information from the plaintiffs relating to their fees agreement with plaintiffs' counsel. Such information is plainly discoverable."); *NXIVM Corp. v. Sutton*, No. 06-cv-1051, 2010 U.S. Dist. Lexis 57721, *12-13 (D.N.J. June 9, 2010) (affirming magistrate's ruling that a party's "retainer agreement [was] within the scope of discovery"); *Tokraz v. TRG Columbus Dev. Venture, Ltd*., No. 08-60190, 2008 U.S. Dist. Lexis 62057, *l (S.D. Fla. Aug. 14, 2008) ("It is well established that a retainer agreement is discoverable.") (citing *Universal City Dev. Partners, Ltd v. Ride & Show, Eng. Inc.*, 230 F.R.D. 688, 691 (M.D. Fla. 2005))

    The Motion must be denied given that Loop has failed to provide any documentary evidence regarding the fees incurred, and has failed to comply with local rules.  In addition, the Motion cannot be ruled upon until such time as Healy LLC produces its fee agreement and IQS has the opportunity to respond on the record.  Any presumption of reasonableness of the fee due to payment cannot be applied in this case, and indeed the opposite presumption should be applied – when the fees requested have not been paid,  when there is a question as to the validity of the business relationship between counsel and client, and when the actual fees to be paid will be

---

[3]  Further questions are raised by the possible issue of whether Ms. Califore Healy is a shareholder of Loop or an investor in Loop, and the fact that CEO and possible shareholder of Loop, Mr. Gianmauro Califiore, is  related to Ms. Califiore Healy (**Exh. 14** to Brayer  Decl.)

7

"discounted," then it cannot be said that the fees requested in the Motion are reasonable. (See, *Stonebrae v. Toll Bros.* (N.D.Cal. 2011) 2011 U.S.Dist.LEXIS 39832 at * 20 (presumption of reasonableness "is particularly forceful where, as here, the fees were billed to and actually paid by the plaintiff during the course of the litigation, the relationship between counsel and the plaintiff was a valid business relationship, and the plaintiff, as client, exercise business judgment in retaining and paying counsel.")

**B)   Any Fees Related to the Filing of the Motion For Attorney Fees Should be Excluded as Loop Failed to Act in Good Faith and Meet and Confer**

Any fees related to the filing of the motion for attorneys' fee should be excluded because the Motion could have been entirely avoided had Loop's counsel acted in good faith, actually discussed the fee request instead of asserting that there was "no basis for any challenge," and met and conferred as directed by the Court, and as required by Local Rule 54. (See, Brayer Dec. ¶¶3, 4, 11, 15, 16, and Exhibits 2, 6, and 7).

**3.   ATTORNEY FEES CANNOT BE AWARDED TO ATTORNEYS NOT ADMITTED TO PRACTICE IN THE NORTHERN DISTRICT OR CALIFORNIA**

The attorneys of Healy, LLC are located in New York. As noted above, only Ms. Healy was admitted pro hac vice at the time of the filing of the SLAPP motion, and none of the attorneys working on the SLAPP motion are admitted to the California bar.[4]  Counsel that have

---

[4] California Northern District Local Rule 11-3 provides for pro hac vice admission as follows:  **(a) Application**. An attorney who is not a member of the bar of this Court may apply to appear pro hac vice in a particular action in this district by submitting to the Clerk, together with the written application, a true and correct copy of a certificate of good standing or other similar official document issued by the appropriate authority governing attorney admissions for the relevant bar. Said certificate or other document must be dated no more than one year prior to the date of application for admission. The applicant must also submit an oath certifying the following:
**(1)** That he or she is an active member in good standing of the bar of a United States Court or of the highest court of another State or the District of Columbia, specifying such bar;
**(2)** That he or she agrees to abide by the Standards of Professional Conduct set forth in Civil L.R. 11-4, and to become familiar with the Local Rules and Alternative Dispute Resolution Programs of this Court and, where applicable, with the Bankruptcy Local Rules;
**(3)** That an attorney, identified by name and office address, who is a member of the bar of this Court in good standing and who maintains an office within the State of California, is designated as co-counsel.
**(b) Disqualification from Pro Hac Vice Appearance**. Unless authorized by an Act of Congress or by an order of the assigned judge, an applicant is not eligible for permission to practice pro hac vice if the applicant:

not been admitted pro hac vice are not entitled to attorney fees.  In *Birbrower, Montalbano, Condon & Frank, P.C. v. Superior Ct. of Santa Clara Cnty.*, 17 Cal.4th 119, 70 Cal. Rptr. 2d 304, 949 P.2d 1 (1998), the California Supreme Court held that an attorney cannot recover compensation for services in a California action unless he or she was a member of the state bar at the time the services were rendered. *Id*. at 127.  Under California law, the "practice of law" includes legal research performed in a case, brief writing, and written or oral advice to clients in California even without appearing in court. *Id.* at 128.

California law governs whether non-admitted attorneys are entitled to fees, particularly when the fee award is based solely on a California statute.  "Having determined that California law governs the outcome here, the undersigned explores the one other exception set forth in Winterrowd which might allow Culhane to be compensated for all hours. The first is whether Culhane 'would certainly have been permitted to appear pro hac vice as a matter of course had he or she applied,' citing *Spanos v. Skouras*, 364 F.2d 161, 168 (2nd Cir. 1966). *Winterrowd*, 556 F.3d 815, 2009 U.S. App. LEXIS 2899, 2009 WL 367696. First, this dicta in Winterrowd (the Winterrowd panel did not ultimately base its decision on pro hac vice) would appear to be inconsistent with *Shapiro*, supra [*Shapiro etc. v. Paradise Valley Unified*, 374 F.3d 857 (9th Cir. 2004)], in which the attorney was not awarded fees until he actually had made a pro hac vice application and was approved." *Taylor v. Chaing*, 2009 U.S. Dist. LEXIS 13470 *17 (E.D. Cal. Feb. 23, 2009).[5]

---

**(1)** Resides in the State of California; or
**(2)** Is regularly engaged in the practice of law in the State of California.
This disqualification shall not be applicable if the pro hac vice applicant (i) has been a resident of California for less than one year; (ii) has registered with, and completed all required applications for admission to, the State Bar of California; and (iii) has officially registered to take or is awaiting his or her results from the California State Bar exam.

[5]   In *Shapiro etc. v. Paradise Valley Unified*, 374 F.3d 857 (9th Cir. 2004), a fee shifting IDEA case, the Ninth Circuit refused to permit fees accruing from a state administrative hearing even though opposing counsel had "consented" to participation by the non-admitted attorney. No fees were to be authorized until the attorney had made

A fee award cannot be made for time spent by attorneys that were not admitted pro hac vice at the time they performed work (attorneys Wolen and Wong), and attorney Lerner who has never applied to be admitted pro hac vice.  A deduction of $11,097.50  must be made from the requested fee of $21,906.84 ($8,395.00 for Lerner, $2,127.50 for Wong, and $575.00 for Wolin).

**4.     THE FEES REQUESTED ARE NOT REASONABLE**

IQS cannot cite to specific time entries or work performed,  as Loop has failed to provide the same and for this reason alone the Motion should be denied.  Nonetheless, IQS asserts that it generally appears that the Loop's attorneys billed excessive, redundant, and otherwise unnecessary hours, particularly in light of the straightforward nature of the SLAPP motion and the answer that was not required.  IQS also contends that the hourly rates charged are unsupported and thus unreasonable.

The fee setting inquiry for reasonable fees in California begins with the lodestar calculation, i.e. the number of hours reasonably expended multiplied by the hourly rate. *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1094-95 (2000). "The first step in the lodestar analysis requires the court to determine a reasonable hourly rate for the fee applicant's services. This determination involves examining the prevailing market rates in the community charged for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Cotton v. City of Eureka*, 889 F. Supp. 2d 1154, 1167 (N.D. Cal. 2012) (internal quotation marks and citations omitted); see also *Camacho v. Bridgeport Fin., Inc.* 523 F.3d 973, 979 (9th Cir. 2008). The "relevant community" for the purposes of the instant application is the district in which the lawsuit proceeds. *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). "The fee applicant has the burden of producing satisfactory evidence . . . that the requested rates are in line with those prevailing in the community[.]" *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987).   The actual

---

a bona fide and approved application to be admitted pro hac vice.

rate that the fee applicant charged is not evidence of the prevailing market rate. *Livingston v. Art.com, Inc.*, 2015 U.S. Dist. LEXIS 92211 (N.D. Cal. Apr. 17, 2015), citing *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995).

"We have instructed that "rates should be established by reference to the fees that private attorneys of an *ability and reputation* comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1545 (9th Cir. 1992) (emphasis added); see also *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1672, 176 L. Ed. 2d 494 (2010). "To determine the appropriate lodestar amount, the court assesses the reasonableness of the hourly billing rate. See *Credit Managers Ass'n of S. Cal. v. Kennesaw Life and Accident Ins. Co.,* 25 F.3d 743, 750 (9th Cir. 1994). In doing so, the court must look to the prevailing market rates in the relevant community for similar work by attorneys of comparable skill, experience, and reputation. See *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Generally, the relevant community is the forum where the district court sits." *Shafer v. Cnty. of Santa Barbara*, 2015 U.S. Dist. LEXIS 120084 (C.D. Cal. Sept. 8, 2015), citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

The declaration submitted by Healy does not establish rates that other paying clients were charged, nor does counsel for Loop provide us with information as to the market rate (save as to what they pay their co-counsel that appears to have no input into the case), or advise us what Loop is actually paying, if anything.

"Under California law, a court determining the number of hours reasonably expended on a case 'must carefully review attorney documentation of hours expended.' *Ketchum v. Moses*, 24 Cal.4th 1122, 1132, 104 Cal. Rptr. 2d 377, 17 P.3d 735 (2001) (quoting *Serrano v. Priest*, 20 Cal. 3d 25, 48, 141 Cal. Rptr. 315, 569 P.2d 1303 (1977)). In so doing, the court must exclude hours that ….were otherwise 'duplicative or excessive,' *Graciano v. Robinson Ford Sales, Inc.*, 144

Cal. App. 4th 140, 161, 50 Cal. Rptr. 3d 273 (2006)." *Phillips 66 Co. v. Grainer*, 2015 U.S. Dist. LEXIS 79982 (E.D. Cal. June 17, 2015). In this case, there are simply no "hours" to review to make a determination as to the reasonableness of the fee request, and in light of the unnecessary hours expended on the answer, the questions as to whether indeed two of the associates in this case are "fourth year," the question as to whether attorney Lerner has "been in practice since 2000," and the failure to file proper pro hac vice applications prior to engaging in work for which Loop seeks reimbursement, one can conclude that the entire fee request is excessive.

"The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008), *Taylor v. Chiang*, 405 Fed. Appx. 167, 2010 U.S. App. LEXIS 26862 (9th Cir. Cal. 2010). A private client does not pay for unnecessary work (such as that involved in answering the counter-claim), and does not pay for redundant research or hours spent between attorneys conferencing. (See, *Cooke v. Stefani Management Services, Inc.*, 2000 U.S. Dist. LEXIS 11565, No. 98 C 7604, (N.D. Ill. Jul. 25, 2000) [a party could not charge time for review and supervision of one partner's work by another partner]. From the information presented, one cannot even determine what attorneys were working on which "tasks," or whether multiple attorneys were doing the same thing.

IQS submits that the fee request must be denied or severely limited based on the failure of moving party to sustain its burden of showing the reasonableness of the fees requested and providing substantial evidence supporting the award. Should any fee award be made, IQS respectfully requests a brief explanation of the same.[6]

---

[6] "When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible." *Moreno*, 534 F.3d at 1111." *Taylor v. Chiang*, 405 Fed. Appx. 167, 2010 U.S. App. LEXIS 26862 (9th Cir. Cal. 2010)

### A)   Other SLAPP fee awards

Loop cites to other large attorney fee awards and argues that by comparison their request is modest.  Such comparison is improper.  "Moreover, '[d]efining what is reasonable by reference to other cases would violate the principle that 'each fee application under [the anti-SLAPP statute] must be assessed on its own merits . . . taking into account what is reasonable under the circumstances.'  *Graham-Sult*, 756 F.3d at 752 (quoting *Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Ass'n*, 163 Cal. App. 4th 550, 77 Cal. Rptr. 3d 695 (2008))." *Piping Rock Partners, Inc. v. David Lerner Assocs.*, 2015 U.S. Dist. LEXIS 109016 *16 (N.D. Cal. Aug. 18, 2015).  Even if such comparison was proper, Loop fails to provide information regarding the cases cited such that a useful comparison could be made.  For example, Piping Rock Partners, Inc. cited by Loop has no similarity to the straightforward issues presented in the SLAPP motion filed by Loop.  Piping Rock "involved roughly a dozen defamatory statements, three causes of action, and complex issues of law — such as whether certain websites constitute a "public forum." See Ball Rep. Decl ¶ 11 (plaintiffs cited over 70 cases in their anti-SLAPP motion)," and addressed claims for tortious interference with contract, tortious interference with prospective business advantage, and commercial disparagement. (*Id.* at *14).  By comparison,  this Court has found that "[t]here can be no reasonable question that IQ System's counterclaim arising from Loop AI's protected speech or petitioning activity," citing to the language of Cal. Civ. Proc. Code §426.16(e) itself,   defining right of petititon or free speech to include:  "any written or oral statement made before a judicial proceeding [and] any written or oral statement in connection with an issue under consideration or review by a judicial body." [Dkt. 184,  4:9-13]  This second prong of the SLAPP analysis was also easily dispensed with as in light of the litigation privilege IQS could not show that it "was likely to prevail on its counterclaim."

In light of the straightforward issues presented in the SLAPP motion at issue, the

13

hornbook law upon which it relied, and the lack of novelty of any issue presented, the fee request of Loop is excessive.

## 5. THERE IS NO ENTITLEMENT TO INTEREST

Loop seeks an award of interest on the $21,906.48 of attorney fees incurred at the rate of ten percent per annum accruing from September 3, 2015. Loop cites no authority for this proposition, and the request must be denied.

## 6. CONCLUSION

Loop is only entitled to the reasonable attorney fees billed by Ms. Healy, as the other attorneys working on the SLAPP motion were not properly admitted as pro hac vice at the time the work was performed, and attorney Lerner is still not admitted. Loop has failed to meet its burden of presenting substantial evidence regarding the fees requested, and failed to comply with local rules. Loop should not be awarded fees for work that was unnecessary such as the answer to the counterclaim. Loop should not be awarded "fees on fees," as Loop failed to engage in any negotiation regarding payment of the attorney fee award. At most Loop is entitled to an award of $10,809.34 for work performed by Ms. Healy (less any fees expended on the answer to the counterclaim as such work was not necessary – it is not stated how many hours Ms. Healy spent on the answer), but any such award cannot be made on the record presented. Loop should be ordered to produce its attorney fee agreement so that a proper assessment can be made as what the client is actually paying, particularly should the Court allow Loop to provide further submissions.

Dated: October 22, 2015

                                                  LAW OFFICES OF JANET BRAYER

                                        By:    /S/__Janet Brayer_____
                                                      JANET BRAYER
                                                      Attorneys for Defendant
                                                      IQSYSTEM, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of October, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's ECF system.

LAW OFFICES OF JANET BRAYER

By:   /S/  Janet Brayer_____
      JANET BRAYER
      Attorneys for Defendant
      IQSYSTEM, INC.