VALERIA CALAFIORE HEALY (*pro hac vice*)
valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone:   (212) 810-0377
Facsimile:   (212) 810-7036

DANIEL J. WEINBERG (SBN 227159)
dweinberg@fawlaw.com
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone:   (650) 593-6300
Facsimile:   (650) 593-6301

Attorneys for Plaintiff
LOOP AI LABS INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC., <br><br> Plaintiff, <br><br> v. <br><br> ANNA GATTI, et al, <br><br> Defendants. | CASE NO.: 3:15-cv-00798-HSG <br><br> **PLAINTIFF LOOP AI LABS INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO SUPPLEMENT THE RECORD WITH NEW EVIDENCE OF DEFENDANTS' PRIVILEGE WAIVERS** <br><br> Hearing: December 10, 2015 <br> Action Filed: February 20, 2015 <br> Trial Date: July 11, 2016 <br><br> Hon. Donna M. Ryu |

# NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that based upon this Notice of Motion and Motion, Plaintiff Loop AI Labs Inc. ("Loop AI") hereby respectfully moves for leave to supplement the record with new evidence of Defendants' attorney-client privilege and work product waivers relating to certain subject matters at issue in (1) Loop AI's subpoena *duces tecum* to Venable, LLP and the related motion papers filed at Dkts. 192, 252, 268; and (2) Loop AI's subpoena *duces tecum* to Orrick, Herrington & Sutcliffe LLP, and the related motion papers filed at Dkt. 168, 177-178, 189.

Respectfully submitted,

December 4, 2015               By:   /s/ *Valeria Calafiore Healy*
                                     Valeria Calafiore Healy, Esq. (*phv*)
                                     Valeria.healy@healylex.com
                                     HEALY LLC

                                     Daniel J. Weinberg, Esq. (SBN 227159)
                                     dweinberg@fawlaw.com
                                     FREITAS ANGELL & WEINBERG LLP

                                     Attorneys for Plaintiff
                                     LOOP AI LABS, INC.

Plaintiff Loop AI Labs Inc. ("Loop AI") respectfully moves for leave to supplement the record with new evidence of Defendants' attorney-client privilege and work product waivers relating to certain subject matters at issue in (1) Loop AI's subpoena *duces tecum* to Venable, LLP ("Venable") and the related motion papers filed at Dkts. 192, 252, 268; and (2) Loop AI's subpoena *duces tecum* to Orrick, Herrington & Sutcliffe LLP ("Orrick"), and the related motion papers filed at Dkt. 168, 177-178, 189 (the "Motions").  The new evidence of Defendants' waivers relating to the Motions came into being after the Motions were fully briefed.[1]  Almawave USA ("AUSA") has moved for a protective order on the Orrick and Venable subpoenas at issue in the Motions on the basis that the information sought by the Subpoenas is covered by the attorney-client privileged.  In its Oppositions to the Motions, Loop AI argues that the privileged was waived in respect of certain subject matters.  Since the filing of its Oppositions, new evidence was filed in the record before the Court of further and additional waivered by the Almaviva Defendants of any attorney-client privilege of work-product that may have covered certain subject matters sought in discovery through the Subpoenas.[2]  *See* Dkt. 278-1 (Declaration of Valeria Sandei, dated October 20, 2015); Dkt. 278-2 (Declaration of Peter Sternberg, dated October 21, 2015); Dkt. 278-3 (Declaration of Thomas Wallerstein, dated October 21, 2015).  Anna Gatti also waived privilege rights in a concurrently submitted declaration.  *See* Dkt. 278-4 (Declaration of Anna Gatti, October 21, 2015).  The new privilege waivers made by the Defendants and their representatives are set forth below:

| STATEMENT | CITATION | WAIVER |
|---|---|---|
| **Declaration of Valeria Sandei, Dkt. 278-1** | | |
| "Prior to the filing of this lawsuit, I never have received any information (confidential or otherwise) about Loop AI Labs, Inc. ("Loop"), including its | Dkt. 278-1 at ¶ 2 | Waives privilege as to any information Sandei received from any source, including attorneys, about Loop AI. |

---

[1] The Court is scheduled to address these and other motions at a hearing on December 10, 2015. *See* Dkt. 284.

[2] Loop AI has previously argued that these documents are not protected by privilege. *See, e.g.* Dkts. 176, 177, 252.

| STATEMENT | CITATION | WAIVER |
|---|---|---|
| business plans, technology, or investors, from Anna Gatti, Peter Sternberg or anyone else. The only information I have ever received about Loop has come from public sources that I became aware of after this lawsuit was filed." | | |
| "After a reasonable investigation, I am also confident that no other executives or managers at Almawave have ever received any confidential information about Loop from Anna Gatti, Peter Sternberg or anyone else." | Dkt. 278-1 at ¶ 3 | Waives privilege as to the alleged investigation and its findings. Also waives privilege as to all communications between Sternberg and any Almaviva Defendant that may pertain to Loop AI. |
| "Orrick does not presently represent Almawave on any matter, including those pending before the U.S. Patent and Trademark Office." | Dkt. 278-1 at ¶ 4 | Waives privilege as to any representation of Almawave by Orrick as of October 20, 2015, where Orrick continued to be listed as Almawave S.r.l.'s counsel of record before the US Patent Office. |
| "Almawave had retained Orrick on the recommendation of Almawave employees, and not due to any connection between Orrick and Loop." | Dkt. 278-1 at ¶ 4 | Waives privilege as to communications regarding the retention by Almawave S.r.l. of Orrick, including any statement made by Gatti to Almawave relating to Orrick. |
| "I did not seek or obtain Mr. Sternberg's advice as to whether Almawave should or could hire Ms. Gatti." | Dkt. 278-1 at ¶ 5 | Waives privilege as to any communications between Almaviva and Sternberg regarding Gatti's hiring. |
| "Mr. Sternberg did not negotiate with Ms. Gatti regarding her employment contract with Almawave USA." | Dkt. 278-1 at ¶ 5 | Waives privilege as to any communications between Gatti and Sternberg regarding Almawave USA. |
| "Orrick was engaged simply to prepare documents reflecting terms that I negotiated without Orrick's involvement." | Dkt. 278-1 at ¶ 5 | Waives privilege as to all tasks Orrick was engaged to perform for Almaviva. |
| "Prior to this litigation, I had never heard of "WI-Harper." I never | Dkt. 278-1 at ¶ 6 | Waives privilege as to discussion of Wi Harper between Almaviva |

| STATEMENT | CITATION | WAIVER |
|---|---|---|
| discussed the company with Ms. Gatti, Mr. Sternberg or anyone else prior to my litigation counsel issuing a subpoena to the company." | | and Sternberg or any other individuals at Orrick or Venable prior to issuance of a subpoena to Wi Harper by Venable. |
| "I have reviewed the allegations and assertions Loop has made in various filings to this Court. Based on that review and my understanding of Almawave S.r.l.'s technology, Almawave S.r.l. 's U.S. patent application no. 14450085 is not in the same field of technology as Loop's." | Dkt. 278-1 at ¶ 9 | Waives privilege as to the basis of Sandei's understanding of Almawave S.r.l.'s technology, including U.S. patent application no. 14450085, to the extent this understanding may have been privileged. |
| **Declaration of Peter Sternberg, Dkt. 278-2** | | |
| "I did not have a firm-wide management or administrative role, did not have any such role in Orrick's corporate department, and did not have any such role in Orrick's Silicon Valley office, from where I have since learned that Orrick's representation of Loop AI Labs, Inc. ("Loop") was based." | Dkt. 278-2 at ¶ 2 | Waives privilege as to Sternberg's knowledge of Loop AI's representation by Orrick. |
| "While at Orrick, I had no administrative or management duties that would have exposed me to confidential information of Loop." | Dkt. 278-2 at ¶ 2 | Waives privilege as to any exposure to Loop AI's information by Sternberg or the Orrick team he was supervising. |
| "By the time I joined Orrick, Almaviva S.p.A. and/or Almawave S.r.l. were already clients of Orrick, which had represented Almaviva companies in litigation." | Dkt. 278-2 at ¶ 3 | Waives privilege as to the nature of the relationship between Orrick and Almaviva S.p.A. and Almawave S.r.l., including their status during the relevant time periods in this case. |
| "Shortly after I joined Orrick, I met Mariantonietta Perri, Director of Legal Affairs for Almaviva S.p.A., Francesco Renzetti, General Manager of Staff for Almaviva S.p.A., and other Almaviva principals. I met them again several times in years that followed, and before they first sought legal advice from me." | Dkt. 278-2 at ¶ 4 | Waives privilege, to the extent it may have existed, as to the nature of the meetings, referenced in Sternberg's statement, and the first time either of the Italian Almaviva entities sought legal advice from Sternberg. |
| "I first provided legal advice to Almawave S.r.l. in April and May | Dkt. 278-2 at ¶ 5 | Waives privilege as to whether such advice was given, whether |

| STATEMENT | CITATION | WAIVER |
|---|---|---|
| 2011, although I did not charge for my advice and did not open a formal matter within Orrick." | | the Almaviva entities were billed, and if not, why not. |
| "In March 2014, Almawave S.r.l. formally engaged me through Orrick to assist in forming a new indirect subsidiary, Almawave USA, Inc." | Dkt. 278-2 at ¶ 6 | Waives privilege as to the basis of that engagement, including the engagement letter, and specifically as to whether any other activities were contemplated for this engagement. |
| "At that time, as is my standard procedure, I ran a conflicts check. I did not include Anna Gatti's name in the conflicts check because I did not at that time know of her involvement with Almawave USA specifically or of her generally." | Dkt. 278-2 at ¶ 6 | Waives privilege as to Sternberg's knowledge of Gatti in general, knowledge of Gatti vis-à-vis Almawave USA, and the method by which he determined the terms upon which a conflict check should be run, including any communications relating to the conflict check in question. |
| "A few weeks later, I learned that Almawave USA wished to enter into an employment agreement with a person named Anna Gatti." | Dkt. 278-2 at ¶ 8 | Waives privilege as to communications between Orrick and Almawave regarding what they were retaining them for and when Orrick became aware of Almawave USA's intention to hire Gatti to work for Almawave. |
| "By the time Almawave informed me that she was to be employed, the company had already made its decision to hire her, had apparently already negotiated her terms of employment with her, and simply wanted Orrick's assistance conforming a standard form employment contract." | Dkt. 278-2 at ¶ 8 | Waives privilege as to any communications Sternberg or Orrick may have relating to the any aspect of Almawave's relationship with Gatti. |
| "The associate who was leading the corporate work for Almawave then contacted other Orrick attorneys based in the Bay Area for assistance in conforming Orrick's standard employee hiring documents for that purpose." | Dkt. 278-2 at ¶ 8 | Waives privilege as to the referenced contacts between "the associate who was leading the corporate work for Almawave" and "other Orrick attorneys based in the Bay Area." |
| "No Orrick attorneys, including me, had any contact with Ms. Gatti during this process. No Orrick attorneys, | Dkt. 278-2 at ¶ 8 | Waives privilege as to all contacts between Gatti and any Orrick attorneys during the hiring |

| STATEMENT | CITATION | WAIVER |
|---|---|---|
| including me, negotiated terms with Ms. Gatti or spoke to or emailed her during this process." | | process, including, but not limited to, negotiation of terms of her employment agreement. |
| "We were not asked to conduct any due diligence on Ms. Gatti, and did not do so." | Dkt. 278-2 at ¶ 8 | Waives privilege as to all communications with Almawave or its representatives relating to Ms. Gatti, any diligence performed by Orrick on any Gatti, as well as any discussion of performing diligence on Gatti between the Almaviva Defendants and Orrick. |
| "While I was occasionally copied on emails on which Ms. Gatti was also copied or on which Ms. Gatti was a recipient or sender, those emails concerned only Almawave USA and never related to Loop in any way." | Dkt. 278-2 at ¶ 9 | Waives privilege as to all of Sternberg's emails in which Gatti was copied, or was a recipient or sender. |
| "My only direct communication with Ms. Gatti occurred in October 2014 in the form of a brief privileged email exchange relating to Almawave billing issues that did not in any way involve or concern Loop or Ms. Gatti's employment with Loop." | Dkt. 278-2 at ¶ 10 | Waives privilege as to all communications between Sternberg and Gatti, and documents relating thereto. |
| "To this day I have never met Ms. Gatti in person, nor, as far as I recall, have I ever spoken with her on the phone, except possibly one call in October 2014 relating to Orrick's bills to Almawave." | Dkt. 278-2 at ¶ 10 | Waives privilege as to the substance of the call referenced by Sternberg, as well as any records of calls or in-person meetings that may have occurred between Sternberg and Gatti. |
| "Ms. Gatti never gave me any information, much less confidential information, belonging to or concerning Loop or any issues related to this litigation." | Dkt. 278-2 at ¶ 10 | Waives privilege as to all information provided by Gatti to Sternberg or Orrick's attorneys that also worked for Sternberg. |
| "Nor have I received any other communications concerning, or been otherwise exposed to, Loop or any of Loop's confidential information." | Dkt. 278-2 at ¶ 10 | Waives privilege as to any possible exposure of Sternberg to or access to information about Loop AI or its confidential information. |

| STATEMENT | CITATION | WAIVER |
|---|---|---|
| "For professional reasons unrelated to any parties or issues in this case, I left Orrick to join Venable early this year." | Dkt. 278-2 at ¶ 11 | Waives privilege as to the reasons for Sternberg's departure from Orrick, to the extent this information is privileged. |
| "Since I left Orrick and joined Venable I have had no role or participation, directly or indirectly, in the Orrick partnership. To the extent it once suggested otherwise, the New York State Bar online information had not been updated and was incorrect." | Dkt. 278-2 at ¶ 12 | Waives privilege as to any ongoing role at Orrick Sternberg had after February 1, 2015, to the extent this information is privileged. |
| "It was only after the lawsuit was filed that I first even heard the names "Loop" or "Soshoma." I was unaware of and had never discussed those entities with anyone while I was a partner with Orrick, nor have I spoken with anyone I knew to be associated with those entities. While I was at Orrick I was unaware of and never discussed with anyone Ms. Gatti's employment with Loop, or indeed anything else about Loop. I never rendered any legal advice or services to Loop, nor did I perform any work for Loop. I never advised Almawave or anyone else about any agreement Loop may have had with Ms. Gatti; I was unaware of any such agreement." | Dkt. 278-2 at ¶ 13 | Waives privilege as to Sternberg's knowledge of Loop AI, Soshoma and Gatti, as well as Sternberg's communications with Almawave or any other individual or entity regarding Loop AI's and Gatti. |
| "I have never been in possession of, accessed or acquired Loop's information (confidential or not), other than information provided by Loop during this litigation. Nor have I ever transmitted any such information to anyone, including any Venable attorneys." | Dkt. 278-2 at ¶ 14 | Waives privilege as to Sternberg's access to and transmission of Loop AI's information. |
| "Only after this lawsuit was filed did I learn, from Loop's filings, that Loop's primary relationship partner at Orrick had been John Bautista. I have never discussed Loop or Ms. Gatti with Mr. Bautista and never knew that he or | Dkt. 278-2 at ¶ 15 | Waives privilege as to Sternberg's access to information for other clients (specifically Loop AI and Gatti) while he was at Orrick, to the extent his access to information within the firm is |

| STATEMENT | CITATION | WAIVER |
|---|---|---|
| anyone else at Orrick was representing Loop while I was representing Almawave at Orrick. The last time I recall speaking with Mr. Bautista was exchanging pleasantries several years ago at a partner retreat." | | considered privileged. |
| "I had never heard of WI-Harper until it was brought to my attention that Loop objected to a subpoena Venable issued to WI-Harper for documents and testimony in this action." | Dkt. 278-2 at ¶ 16 | Waives privilege as to any communications or information Sternberg may have acquired relating to Wi-Harper. |
| "I did not have any input, substantive or otherwise, on the patent for which Almawave applied." | Dkt. 278-2 at ¶ 17 | Waives privilege as to Sternberg's involvement and knowledge of Almawave's patents application made while at Orrick. |
| **Declaration of Thomas Wallerstein, Dkt. 278-3** | | |
| "Other than the modicum of information Loop provided in this litigation, no members of my team have ever been in possession of, been exposed to, or acquired Loop's confidential information, including information relating to Loop's business, technology, or investors." | Dkt. 278-3 at ¶ 3 | Waives privilege as to Venable's possession of or exposure to Loop AI's confidential information and its source. |
| "No confidential information was used to draft the subpoena document requests [to Wi Harper]." | Dkt. 278-3 at ¶ 4 | Waives privilege as to information used by Venable to draft the Wi Harper subpoena. |
| "No one on my team had ever heard of WI-Harper until after we reviewed Loop's FAC." | Dkt. 278-3 at ¶ 4 | Waives privilege as to Venable's awareness of or possession of information regarding Wi Harper. |
| "At the time of the call, [on March 5, 2015] I knew nothing about Loop beyond what I had read in the Complaint or TRO papers." | Dkt. 278-3 at ¶ 5 | Waives privilege as to any knowledge Wallerstein had acquired of Loop AI prior to March 5, 2015 and the sources for this knowledge. |
| **Declaration of Anna Gatti, Dkt. 278-4** | | |
| "I know the name Peter Sternberg but have never met him, nor have I ever spoken to him on the phone or in | Dkt. 278-4 at ¶ 2 | Waives privilege as to Gatti's interactions with Sternberg. |

| STATEMENT | CITATION | WAIVER |
|---|---|---|
| person." | | |
| "To the best of my knowledge and recollection the entirety of my communication with Mr. Sternberg was a brief privileged email exchange in October 2014 which concerned billing issues for Almawave USA, Inc. ("Almawave USA"). Those emails in no way involved or concerned Loop or my employment with Loop." | Dkt. 278-4 at ¶ 2 | Waives privilege as to communications between Gatti and Sternberg. |
| "Mr. Sternberg did not negotiate with me regarding the terms of my employment with Almawave USA or any other entity." | Dkt. 278-4 at ¶ 3 | Waives privilege as to all communications between Gatti and Orrick regarding any of the agreements that were being negotiated for Almawave. |
| "I never gave Mr. Sternberg any information, much less confidential information, belonging to or concerning Loop or any issues related to this litigation." | Dkt. 278-4 at ¶ 4 | Waives privilege as to all information provided by Gatti to Sternberg or the Orrick team working for Sternberg. |
| "As far as I know, Mr. Sternberg was never copied nor blind-copied on any emails or other correspondence concerning Loop or any of Loop's confidential information." | Dkt. 278-4 at ¶ 5 | Waives privilege as to all communications containing Loop AI's information or concerning Loop AI that Sternberg received or sent from any source. |
| "Conversely, any emails or other correspondence in which both Mr. Sternberg and I were copied dealt exclusively with Almawave USA, and had nothing to do with Loop or any of Loop's confidential information." | Dkt. 278-4 at ¶ 6 | Waives privilege as to all correspondence including both Gatti and Sternberg. |
| "I did not have any input on any patent applications, including patent application No. 14450085, that Almawave USA submitted or considered submitting to the U.S. Patent and Trademark Office." | Dkt. 278-4 at ¶ 7 | Waives privilege as to Gatti's communications with the Orrick team working for Almawave on any patent application. |

1              Respectfully submitted,

3   December 4, 2015        By:   /s/ *Valeria Calafiore Healy*

               Valeria Calafiore Healy, Esq. (*pro hac vice*)
               Valeria.healy@healylex.com
               HEALY LLC

               Daniel J. Weinberg, Esq. (SBN 227159)
               dweinberg@fawlaw.com
               FREITAS ANGELL & WEINBERG LLP

               Attorneys for Plaintiff
               LOOP AI LABS, INC.