VALERIA CALAFIORE HEALY (*pro hac vice*)
valeria.healy@healylex.com
ERIC LERNER (*pro hac vice*)
DIANA WONG (*pro hac vice*)
HEALY LLC
154 Grand Street
New York, New York  10013
Telephone:      (212) 810-0377
Facsimile:      (212) 810-7036

DANIEL J. WEINBERG (SBN 227159)
dweinberg@fawlaw.com
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California  94065
Telephone:      (650) 593-6300
Facsimile:      (650) 593-6301

Attorneys for Plaintiff
LOOP AI LABS INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC., | CASE NO.: 3:15-cv-00798-HSG-DMR |
| Plaintiff, | |
| v. | **PLAINTIFF LOOP AI LABS INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER REGARDING JURISDICTIONAL DISCOVERY AND OBJECTIONS PURSUANT TO FED. R. CIV. P. 72 AND L.R. 72-2** |
| ANNA GATTI, et al, | |
| Defendants. | Action Filed:  February 20, 2015 |
| | Trial Date:  July 11, 2016 |
| | Hon. Haywood S. Gilliam, Jr. |

1   Pursuant to Local Rule 72-2 and Federal Rule of Civil Procedure 72, Loop AI Labs Inc.

2   ("Loop AI") respectfully objects to and moves for relief from the Order relating to jurisdictional

3   discovery entered on December 11, 2015 at page 1 of Docket 323 (the "Jurisdictional Discovery

4   Order").[1]  In support of these Objections, Loop AI respectfully submits the Declaration of

5   VCHealy, dated December 28, 2015, the exhibits attached thereto, and all other evidence and

6   arguments already of record with the Court in this case.  Loop AI respectfully objects to the

7   Jurisdictional Discovery Order on the following three grounds.

8   **(1) <u>The Order Fails to Require the Italian Almaviva Defendants To Comply With Any Documentary Discovery</u>**.

9   The Order fails to require Almaviva S.p.A. and Almawave S.r.l. ("Italian Almaviva

10  Defendants") to respond to <u>**any**</u> documentary discovery, and fails to require Defendant

11  Almawave USA Inc. ("AW-USA") to respond to documentary discovery that is material to

12  jurisdictional issues, essentially defeating the purpose of the jurisdictional aspect of the

13  discovery process.  *See* Dkt. 323.  On May 26, 2015, this Court issued a global discovery Order

14  to govern this case, as reflected in a Case Management Order filed on June 5, 2015 at Dkt. 105

15  (the "CMO").  *See* Dkts. 100, 105, 111.[2]  During the May 26th hearing on the CMO, the Italian

16  Almaviva Defendants requested that the Court order phased discovery, arguing among other

17  things that there was no jurisdiction over them.  *See* Dkt. 98 at 5:19.  The Court, however,

18  rejected that proposal, and issued instead a global order governing discovery for ***all parties in the***

19  ***case***.  *See* Dkts. 100, 105, 111.  Both before and after issuance of the CMO, Loop AI served

20  discovery requests on each Defendant, including each of the Italian Almaviva Defendants.  *See*

21  Dkts. 9-1, 300-8 to 300-14.[3]  To the extent the Italian Almaviva Defendants responded to Loop

22  AI's discovery, they did so by repeating the same jurisdictional objection everywhere.[4]  AW-

23

---

24  [1] The Jurisdictional Discovery Order was entered following a hearing held on December 10, 2015.  *See* Dkt. 335 filed on December 22, 2015 (Transcript of Hearing held on December 10, 2015).

25  [2] During the May 25, 2015 hearing the Court also heard argument that the Italian Almaviva Defendants should not be required to engage in discovery in light of their pending motion to dismiss for lack of personal jurisdiction.  Dkt. 111 at 7-8.  The Court addressed Almaviva's counsel argument as follows: "if you want to move for a stay – and I

26  don't express any point of view on that …." *Id.* at 9:20-21.  The Italian Almaviva Defendants, however, <u>**never moved for a stay of discovery**</u>.

27  [3] *See also* Dkt. 300 at 5-8 (detailing Loop AI's repeated attempts to obtain discovery and to seek the Court's intervention to obtain the Defendants' compliance with their discovery obligations).

28  [4] "Almawave S.r.l. objects to this request and does not provide a response on the grounds that the Court has

USA and the other Defendants also objected to all discovery requests on various grounds.  *Id.*

272-2, 272-5, 272-6.[5]  On September 2, 2015, the Court issued an Order *denying* without

prejudice the Italian Almaviva Defendants' motion to dismiss for lack of personal jurisdiction.

Dkt. 183 ("Order-183").  Nowhere in Order-183 does it state that Loop AI has failed to establish

a *prima facie* case of personal jurisdiction or that the Court finds it does not have personal

jurisdiction over the Italian Almaviva Defendants at this stage of the case.  *Id.*  Despite Order-

183, the Italian Almaviva Defendants continue to maintain that they are not subject to discovery

in this case.  As of the date of the December 10, 2015 hearing before Judge Ryu, Loop AI had

received ***no documentary discovery from the Italian Almaviva Defendants nor from any other***

***defendant in the case.***  At the December 10, 2015 hearing, counsel for the Italian Almaviva

Defendants argued that he would be responding to all documentary discovery on behalf of all

three Almaviva Defendants and that therefore there was no need for the Court to distinguish

between jurisdictional and other discovery.  Dkt. 335 at 24, 20-25.  Following the December 10,

2015 Hearing, the Court issued the Jurisdictional Discovery Order which does not include **any**

documentary discovery requirement or obligation directed to the Italian Almaviva Defendants,

beyond answering a few interrogatories.  *See* Dkt. 323.  The Almaviva Defendants have

promptly seized on the Order's failure to impose any discovery requirements on the Italian

Almaviva Defendants to maintain their position that they are not required to engage in any

documentary discovery.  During a meet and confer held on December 18, 2015, counsel for the

Italian Almaviva Defendants confirmed that the Italian Almaviva Defendants will not respond to

any discovery requests, beyond what they have already done, *i.e.*, providing objections to all

---

not yet determined that it has personal jurisdiction over Almawave S.r.l.; obligating Almawave S.r.1. to
participate in discovery before personal jurisdiction is determined violates Constitutional requirements of
due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery
has not yet been approved by stipulation or Court order."  Dkts. 272-4 (Almawave S.r.l.) and 272-3
(Almaviva S.p.A.) at *passim*.
[5] This position found no basis in the CMO  – indeed, the CMO provided for discovery to close at the end of January
2019.  If the Court intended to exempt the Italian Almaviva Defendants from discovery, it would have so stated in
its Order, and the CMO would not have provided that all discovery was to proceed and close at the end of January
2016.  Furthermore, the Court found personal jurisdiction to exist on the face of the complaint and denied the Italian
Almaviva Defendants' motion to dismiss for lack of personal jurisdiction.  *See* Dkt. 183.

1   discovery requests.[6]   The Order's failure to impose any documentary discovery requirements on

2   the Italian Almaviva Defendants is in error.  Loop AI was and is entitled to obtain discovery

3   from all the Defendants in the case, including the Italian Almaviva Defendants who have skirted

4   their discovery obligations for an extended period of time.  Neither the CMO nor Order-183

5   exempts the Italian Almaviva Defendants (or the other defendants) from engaging in discovery.

6   Loop AI respectfully requests that the Jurisdictional Discovery Order be modified to require the

7   Italian Almaviva Defendants promptly to respond to all discovery,[7] and to submit amended

8   discovery responses so that Loop AI can identify which discovery requests they need to move to

9   compel on.

10   **(2) The Order Fails To Allow A Reasonable Amount of Time to Obtain And Review Documentary Discovery Before Undertaking Depositions.**

11   Loop AI respectfully objects to the Jurisdictional Discovery Order because (a) it requires

12   Loop AI to undertake depositions before it has received documentary discovery from four out of

13   the five Defendants, and (b) it fails to allow a reasonable amount of time to review the

14   production (which consist virtually entirely of foreign language documents) that Almawave USA

15   has just began making.  As of the date of the December 10, 2015 hearing, Loop AI had not yet

16   received any documentary discovery from **any** defendant in this case.[8]  VCH Decl. at ¶4.

17   Documentary discovery is material and necessary to respond to the jurisdictional defenses that

18   the Italian Almaviva Defendants wish to again interpose.  As to the Gatti and IQSystem

19   Defendants, the Court's Order directs them "to produce all documents that are not subject to

20   objections by 12/18/2015."  Dkt. 323.  *See* Dkt. 323 at 1-2.  Because the Gatti/IQSystem

21   Defendants have objected to every discovery request that was served on them, *see* Dkt. 272-5

22   and 272-6, to date the Court's Order has yielded a production of **161 documents** from Gatti (the

23

24   [6] *See* Dec. 18, 2015 Meet and Confer audio-recording at minute 30:07 and 32:05.A copy of the audio-recording can be submitted to the Court upon request.

25   [7] At the December 10, 2015 hearing Mr. Wallerstein expressly argued to the Court there was no need to distinguish jurisdictional versus non-jurisdictional discovery.  Dkt. 335 at 19.

26   [8] Loop AI has repeatedly sought the Court's intervention to compel the Defendants to respond to Loop AI's discovery.  *See e.g.* Dkt. 300 at 7 (detailing Loop AI's efforts).  The Court has either summarily denied Loop AI's request for permission to file motions to compel (a request required by the Court's Standing Order), or has otherwise

27   not yet ruled on the remaining motions – namely, a Motion to Enforce filed on September 25, 2015 at Dkt. 214 (a motion to which no Defendant responded), and a Motion for Modification of the Case Management Order and for

28   Sanctions, filed on November 23, 2015 at Dkt. 300.

majority of which relate to 2012 and have no jurisdictional relevance), **zero documents** from IQSystem LLC, and **89 documents** by IQSystem Inc. (recently supplemented with another 7 documents, for a grand total of **96 documents including attachments**).[9]  These Defendants continue to withhold material discovery that is critical to both the merits and the jurisdictional issues of this case.  Similarly, AW-USA has objected to virtually all discovery, including discovery relevant to jurisdictional matters.  Since December 11, 2015, AW-USA has produced to Loop AI a total of 5,399 documents, which contain 1,406 attachments.[10]  *See* VCH Decl. at ¶9.  The documents produced by AW-USA appear to be primarily in a foreign language – Italian. In light of the foregoing timeline and state of documentary discovery, the Court's Order is in error because it fails to allow Loop AI the opportunity to get discovery consistent with the Federal Rules of Civil Procedure and the Court's Case Management Order.  Specifically, the Jurisdictional Discovery Order fails to implement any measures to allow Loop AI to obtain material documentary discovery from the Defendants before Loop AI is required to go forward with jurisdictional depositions, and fails to allow sufficient time to review the documents produced before designating the jurisdictional deponents.  Instead, the Court's Order requires Loop AI to designate all jurisdictional deponents by January 4, 2015, and to take all their depositions between January 18-22, 2016.  Because AW-USA has just began making its production on December 11, 2015, and claims it will make further productions on December 30, 2015, Loop AI simply will not have sufficient time to even review (let alone translate) the productions received and prepare for depositions.  Under the Federal Rules of Civil Procedure Loop AI is entitled to obtain discovery and to have a reasonable amount of time to review the discovery received before taking depositions.[11]

     **(3) The Order Unreasonably Restricts the Number and Hours of Depositions.**   The

---

[9] *See also* note 5 *supra* regarding Loop AI's attempts to seek the Defendants' compliance with their discovery obligations.

[10] Almaviva's counsel also advised the Court it would be making an additional production on **December 30, 2015**. Because of the end-of-year holiday, any supplemental production made on December 30, 2015, cannot be processed and will not be available for Loop AI's review **until January 4, 2015**.

[11] Loop AI has been seeking discovery, including as it relates to jurisdictional matters, from the inception of the case and at every stage thereafter.  For instance, Loop AI reiterated its request to allow prompt discovery in its opposition to the Almaviva Defendants motion to dismiss on May 11, 2015, s*ee* Dkt. 91 at 13, as well as in subsequent filings. *See* Dkt. 106 and 120.

Order limits jurisdictional depositions to 28 hours to include either up to 8 Almaviva deponents, and no other deponent, or up to 6 Almaviva deponents if additional deponents are selected. These limitations are unreasonable for the following reasons: (1) in support of its personal jurisdiction defense, Almaviva submitted the declarations of **9 separate witnesses**, each of which are employees of Almaviva S.p.A. and/or Almawave S.r.l. and each of which claimed to have unique knowledge about matters at issue in the case. Loop AI is entitled to depose each of the witnesses on whom Almaviva has relied on and continues to rely on, but cannot do so under the Court's limitations. Further, from the limited production received to date, it is clear that there are additional witnesses (for instance Marco Tripi and Sergio Calderara) who did not previously submit a declaration but who are material participants in the matters at issue in the case and who are highly relevant witnesses to the jurisdictional issues. The limitations in the Court's Order, however, do not allow Loop AI to obtain this testimonial discovery. Further, to the extent Loop AI deposes any non-Almaviva witnesses in respect of jurisdictional matters, its ability to depose Almaviva witnesses under the Order is further reduced, leaving Almaviva the option to make one-sided arguments on which Loop AI is allowed no discovery.

For the foregoing reasons, Loop AI respectfully objects to the Jurisdictional Discovery Order, and requests an opportunity to fully brief the issues. In the alternative, Loop AI seeks a Jurisdictional Discovery Order to be revised as follows: (1) requiring all Defendants to promptly respond to all outstanding discovery, including by serving amended responses to written discovery requests identifying whether any production is being made in response to specific requests, (2) allowing at least 3 weeks to review the production and submit objections to the Court for missing productions of jurisdictionally relevant documents, and (3) allowing up to 10 jurisdictional depositions, regardless of whether the deponent is an Almaviva employee or not, and up to 30 hours of deposition, excluding any translation time, and ordering all translation time to be excluded from the total deposition time allowed to Loop AI.

1

2

Respectfully submitted,

3

December 28, 2015                    By:   /s/ *Valeria Calafiore Healy*

4

Valeria Calafiore Healy, Esq. (*phv*)

5

Valeria.healy@healylex.com
Eric Lerner, Esq. (phv)

6

Diana Wong, Esq. (phv)
HEALY LLC

7

154 Grand Street
New York, New York 10013

8

Telephone:     (212) 810-0377
Facsimile:      (212) 810-7036

9

10

Daniel J. Weinberg, Esq. (SBN 227159)
dweinberg@fawlaw.com

11

FREITAS ANGELL & WEINBERG
LLP

12

350 Marine Parkway, Suite 200
Redwood Shores, California 94065

13

Telephone:     (650) 593-6300
Facsimile:      (650) 593-6301

14

15

Attorneys for Plaintiff
LOOP AI LABS, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

3:15-CV-00798-HSG-DMR                                      Mot. FRF from Non-Dispositive Order