UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>Plaintiff,<br><br>v.<br><br>ANNA GATTI, et al.,<br><br>Defendants. | Case No. 15-cv-00798-HSG   (DMR)<br><br>**ORDER ON JOINT DISCOVERY LETTER RE JURISDICTIONAL DEPOSITIONS**<br><br>Re: Dkt. No. 368 |

The court has received the January 10, 2016 joint discovery letter submitted by Plaintiff Loop AI Labs Inc. and Defendant IQSystem Inc. ("IQSystem") regarding their disputes about the depositions of Tony DiNapoli and Gennaro DiNapoli, who are both IQSystem employees. Plaintiffs noticed the depositions to take place on January 18, 2016 and January 19, 2016, respectively, in San Francisco, California.[1] [Docket Nos. 368 (Joint Letter), 370.]

As to Tony DiNapoli, IQSystem argues that Plaintiff has failed to show that he is subject to deposition by notice. Pursuant to Federal Rule of Civil Procedure 30, a party may request the deposition of another party to the litigation by serving a notice upon that party. Fed. R. Civ. P. 30(b)(1). Where a corporation is a party, a notice of deposition is sufficient to require the corporation to produce its officers, directors, and managing agents for depositions. *Calderon v. Experian Info. Sols., Inc.*, 287 F.R.D. 629, 631 (D. Idaho 2012); *see also Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 627 n.1 (C.D. Cal. 2005) (stating that "it is well recognized that 'if the corporation is a party, the notice compels it to produce any 'officer, director or managing agent' named in the deposition notice.'" (emphasis removed) (citation omitted)). A subpoena is required

---

[1] In the joint letter, the parties represent that Defendant Anna Gatti also objects to Plaintiff's deposition notice, but that Gatti's counsel failed to participate in the joint letter process. Accordingly, the court declines to consider any objections pertaining to Gatti at this time.

to depose an entity party's non-managing agents. *See Calderon*, 287 F.R.D. at 631.

Courts generally consider the following factors to determine if a proposed witness is a managing agent:

> (1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; (2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demand of the examining party; (3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which information is sought by the examination; (4) the general responsibilities of the individual *respecting the matters involved in the litigation.*

*Calderon,* 287 F.R.D. at 632 (emphasis in original) (citations omitted). It is the burden of the party seeking discovery to prove that a witness is an officer, director, or managing agent of a corporation, although this is a "modest" burden and all doubts are to be resolved in favor of the party seeking the deposition. *Calderon*, 287 F.R.D. at 632–22.

Here, the only argument Plaintiff offers in support of its position that Tony DiNapoli is an "officer, director, or managing agent" of IQSystem is that he has identified himself in this litigation as Director of Business Development for IQSystem. [*See* Docket No. 23-1.] Plaintiff provides no other information about his role or job duties at IQSystem, or his general responsibilities respecting the matters involved in the litigation. Accordingly, since Plaintiff has failed to meet its burden to establish that Tony DiNapoli is an officer, director, or managing agent of IQSystem, the court finds that he is not subject to deposition by notice and need not appear for deposition on the date noticed by Plaintiff.

There is no dispute that Gennaro DiNapoli is subject to deposition by notice, as he is the founder and President of IQSystem. [*See* Docket No. 23-2.] However, the parties dispute the location of his deposition. Although Gennaro DiNapoli lives in Milan, Italy, Plaintiff argues that his deposition should take place in San Francisco because that is IQSystem's sole place of business. In response, IQSystem argues that it is unreasonable to order him to travel from Italy to the United States for a one- to three-hour deposition. IQSystem does not dispute that San Francisco is its principal place of business.

The general presumption is that the depositions of a corporation by its agents and officers

should be conducted at the corporation's principal place of business. *Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008). When determining whether a corporate defendant should be deposed somewhere other than the location of its principal place of business, courts consider factors such as the expense involved, the location of counsel for the parties, the number of representatives a party seeks to depose, the likelihood of significant discovery disputes arising which would necessitate resolution by the forum court, whether the persons sought to be deposed often travel for business purposes, and the equities with regard to the nature of the claim and the parties' relationship. *Cadent*, 232 F.R.D. at 629. Although neither party addressed these factors in the joint letter as they pertain to Gennaro DiNapoli, the court finds that they weigh in favor of conducting his deposition in California. First, Gennaro DiNapoli is the President of San Francisco-based company which ostensibly requires at least some travel to the United States. His counsel is in California, and Plaintiff's counsel is in New York. Given the contentious history of discovery in this case, discovery disputes may arise during the upcoming jurisdictional depositions that will necessitate resolution by this court. IQSystem has not submitted any evidence or argument about the expense of traveling to California for the deposition, nor any argument about the equities that would tip the deposition away from the presumptive location. Accordingly, the court orders Gennaro DiNapoli to appear for deposition in San Francisco by January 23, 2016, unless the parties reach agreement to conduct his deposition on a different date prior to January 31, 2016 and/or agree to conduct his deposition in New York.

**IT IS SO ORDERED.**

Dated: January 13, 2016



_____
Donna M. Ryu
United States Magistrate Judge