UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANNA GATTI, et al.,<br><br>　　　　　Defendants. | Case No. 15-cv-00798-HSG<br><br>**ORDER DENYING MOTIONS FOR RELIEF FROM ORDERS ON NONDISPOSITIVE MOTIONS**<br><br>Re: Dkt. Nos. 345, 346, 347 |

　　　　On December 28, 2015, Plaintiff Loop AI Lab Inc.'s filed three motions to set aside the Magistrate Judge's orders regarding discovery. *See* Dkt. Nos. 345, 346, 347.

　　　　Under Federal Rule of Civil Procedure 72, a district judge may set aside a magistrate judge's non-dispositive pretrial order only if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). The Court can overturn the "magistrate's factual determinations only if the court reaches a definite and firm conviction that a mistake has been committed." *Id.* (citations and internal quotation marks omitted). "This standard is extremely deferential and the [m]agistrate's rulings should be considered the final decisions of the [d]istrict [c]ourt." *Otey v. CrowdFlower, Inc.*, No. 12-CV-05524-JST, 2013 WL 3456942, at *1 (N.D. Cal. July 8, 2013) (internal quotation marks omitted) (alterations in the original); *see Real Action Paintball, Inc. v. Advanced Tactical Ordnance Sys., LLC*, No. 14-CV-02435-MEJ, 2014 WL 5829374, at *2 (N.D. Cal. Nov. 10, 2014) ("A magistrate judge's resolution of a discovery dispute is 'entitled to great deference.'").

First, Plaintiff moves for relief from the Magistrate Judge's Order relating to jurisdictional discovery entered on December 11, 2015 at page 1 of Dkt. No. 323 (the "Jurisdictional Discovery Order"). Dkt. No. 345. Plaintiff contends that the Jurisdictional Discovery Order fails to require Defendants to respond to documentary discovery requests, fails to give Plaintiff enough time to obtain and review discovery before taking depositions, and unreasonably restricts the number and hours of depositions. *Id.* Having reviewed Plaintiff's contention and the relevant authority, the Court concludes that Plaintiff has not met its burden to show that the Magistrate Judge's order was clearly erroneous or contrary to law. Accordingly, Plaintiff's motion to set aside the Jurisdictional Discovery Order is **DENIED**. Dkt. No. 345.

Second, Plaintiff moves for relief from the Court's order quashing or granting Defendant Almawave USA Inc.'s protective orders relating to (1) subpoenas issued to Orrick Herrington & Sutcliffe LLP ("Orrick"), *see* Dkt. 323 at 2, Dkt. 335 at 63-67 and 69-72, and Dkt. 320 (the "Orrick Order"), and (2) a subpoena issued to Venable LLP ("Venable"), *see* Dkt. 323 at 2 and Dkt. 335 at 77-82 (the "Venable Order"). The Magistrate Judge's orders relating to privilege waiver, privilege logs, and attorney-client privilege were not in clear error or contrary to law. Additionally, the Court finds that the Venable Order, granting the motion to quash without prejudice to Plaintiff's right to make an adequate showing under *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986), was not legally erroneous. Accordingly, Plaintiff's motion to set aside the Orrick Order and the Venable Order is **DENIED**. Dkt. No. 346.

Finally, Plaintiff moves for relief from the Court's order regarding the date of the Rule 30(b)(6) deposition. Dkt. No. 347. Plaintiff contends that the Court did not request briefing or give notice before setting the deposition date, that it is "materially impossible to prepare any witness for the requested deposition topics and subtopics," and that the date should be postponed because Plaintiff "has been seeking leave to move for a protective order" since last July. *Id.* at 1. Defendants' response states that they do not object to Plaintiff's request to move the deposition date, so long as the deposition of Gianmauro Calafiore proceeds as scheduled on January 25, 2016. Dkt. No. 352 at 2. Because the Magistrate Judge's order regarding the deposition date is not in clear error or contrary to law, the Court rejects Plaintiff's request to change the deposition

date.  This motion is also **DENIED**.  Dkt. No. 347.

      **IT IS SO ORDERED.**

Dated:  1/15/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge