United States District Court
Northern District of California

1

2

3

4                       UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7   LOOP AI LABS INC,                        Case No.  15-cv-00798-HSG

8              Plaintiff,

9        v.                                  **ORDER**

10  ANNA GATTI, et al.,

11             Defendants.

12          Having reviewed the record of the discovery disputes in the above-titled action, and having

13  conferred with Magistrate Judge Donna Ryu, the Court issues this order as a final warning.

14               The discovery system depends absolutely on good faith and
    common sense from counsel.  The courts, sorely pressed by
15               demands to try cases promptly and to rule thoughtfully on
    potentially case dispositive motions, simply do not have the
16               resources to police closely the operation of the discovery process.
    The whole system of Civil adjudication would be ground to a virtual
17               halt if the courts were forced to intervene in even a modest
    percentage of discovery transactions. That fact should impose on
18               counsel an acute sense of responsibility about how they handle
    discovery matters. They should strive to be cooperative, practical
19               and sensible, and should turn to the courts (or take positions that
    force others to turn to the courts) only in extraordinary situations
20               that implicate truly significant interests.

21  *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).  The discovery record

22  illustrates the parties' pervasive inability to comply with these general principles.  The parties'

23  failure to meet their most basic professional obligations, and the enormous waste of resources that

24  has resulted, must stop.  Accordingly, the Court ORDERS as follows:

25          1. By February 12, 2016, all parties must submit for *in camera* review all client financial

26  information necessary for the Court to independently assess any claim of inability to pay a Special

27  Master's fees.  This includes information about any person or entity who is in any way funding or

28  promising to fund a party's litigation costs.  Each party must also submit its engagement letter

United States District Court
Northern District of California

1    with counsel for *in camera* review.  The burden of showing inability to pay rests entirely on the

2    party making such a claim.

3        2. By February 12, 2016, each party shall submit a brief of no more than 5 pages regarding

4    the Court's authority to require the parties to bear the cost of a discovery Special Master absent the

5    parties' agreement to do so.  The Defendants may submit a single consolidated brief if they wish.

6    The parties must cite specific authority in support of their positions, and their arguments cannot

7    rely on generalized principles regarding the Court's overall authority to control its docket.  The

8    parties should cite specific examples of orders addressing this question if they find any.

9        3. The Court ORDERS the parties to provide the Court (the undersigned and Judge Ryu)

10   dial-in information and an agenda for the standing meet-and-confer teleconference 24 hours before

11   each call.  The parties will provide this information to Judge Gilliam's and Judge Ryu's deputy

12   clerks by e-mail.  The Court may join these calls at any time without notice to monitor the parties'

13   conduct.

14       4. Consistent with their ethical obligations, the attorneys must treat their discovery

15   obligations with the seriousness and diligence required of them.  The parties must act responsibly

16   during discovery, and ensure that their conduct is consistent with the spirit and purposes of the

17   discovery rules (including the parties' personal obligation "to secure the just, speedy, and

18   inexpensive" determination of this case).  *See* Fed. R. Civ. P. 1.  This requires cooperation among

19   the parties, and mandates adherence to the proportionality requirement of Federal Rule of Civil

20   Procedure Rule 26.  To this end, the parties are expressly ORDERED to prioritize determining

21   what can be provided without controversy first, and then produce that material expeditiously,

22   rather than using formalistic discovery disputes and objections at the margins as an excuse to

23   delay *any* production.  Obstructionist behavior will not be tolerated.

24       5. As the Court explained at the February 2, 2016 case management conference, the status

25   quo is entirely unacceptable, and unprecedented.  If the current conduct continues, the offending

26   parties and their counsel will face significant consequences, and the Court will consider all

27   options, including:

28           a. Evidentiary hearings to determine which party is at fault.  For example, the Court

2

may hold a hearing, at which counsel and the parties will be required to testify, to assess whether a party's failure to timely attend and begin a deposition was obstructionist or in bad faith.

b. Imposition of monetary or other sanctions on the parties and counsel.

c. Referral to the Northern District's Standing Committee on Professional Conduct (Civil Local Rule 11-6(a)(1)).

d. Appointment of a Special Master at the parties' expense, with the Special Master given the authority to assess fees entirely to one side or the other in his or her discretion based on fault (*i.e.*, for a legitimate dispute costs would be assessed 50-50, while a party raising an unreasonable position would bear 100% of the costs associated with that dispute).

The one-year history of this action reflects a profoundly troubling and unprofessional pattern of behavior. The parties are warned to self-correct the wasteful and dysfunctional discovery dynamic in this case, immediately. Failure to do so will be punished as severely and as often as necessary to ensure the level of professional conduct required of those who practice before this Court. *See* Civ. L-R 11-4(a) (attorneys permitted to practice in this Court must "[p]ractice with the honesty, care and decorum required for the fair and efficient administration of justice").

**IT IS SO ORDERED.**

Dated: 2/5/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge