UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANNA GATTI, et al.,<br><br>　　　　　Defendants. | Case No. 15-cv-00798-HSG   (DMR)<br><br>**ORDER RE DEPOSITION OF GIANMAURO CALAFIORE; ORDER RE MOTION TO SEAL**<br><br>Re: Dkt. Nos. 418, 426, 417, 425 |

　　　　Defendant Almawave USA, Inc. filed a discovery letter regarding the deposition of Gianmauro Calafiore, the CEO of Plaintiff Loop AI Labs Inc. ("Loop AI"). Defendant objected to the conduct of Plaintiff's counsel as well as the deponent, and sought leave to file a formal motion to compel. [Docket No. 418.] Plaintiff filed a responsive letter. [Docket No. 426.] Having reviewed the parties' submissions, the court finds that no further briefing is necessary. This dispute is appropriate for determination without oral argument. Civil L.R. 7-1(b).

　　　　The court reviewed the Calafiore deposition transcript. It is replete with examples of inappropriate behavior by Plaintiff's counsel, Valeria Calafiore Healy. Ms. Healy made speaking objections, instructed the deponent not to answer questions for reasons other than the invocation of privilege, and repeatedly objected without stating a basis for the objection. The deponent, Gianmauro Calafiore, was often argumentative and uncooperative in providing testimony, thereby delaying the deposition process. Ms. Healy and Mr. Calafiore's obstructionist conduct repeatedly stymied Almavave USA's attempts to obtain discovery through this key deposition.

　　　　Mr. Calafiore shall be subject to an additional five hours of deposition in his individual capacity, exclusive of breaks. Loop AI shall bear the entire cost of the court reporter and videographer for the reconvened deposition. Mr. Calafiore must answer questions about the factual allegations in Loop AI's complaints to the extent that he has responsive information.

In the future, Ms. Healy, and indeed, all attorneys defending depositions in this litigation (1) shall state the basis for an objection, and no more (e.g., "relevance," "compound," "asked and answered"); (2) shall not engage in speaking objections or otherwise attempt to coach deponents; and (3) shall not direct a deponent to refuse to answer a question unless the question seeks privileged information.

Given Ms. Healy's repeated inappropriate conduct in her defense of the Calafiore deposition, any further breach of these deposition conduct rules shall result in the imposition of sanctions against her, and shall expose her to the possibility of a referral to the Court's Standing Committee on Professional Conduct. Civil L.R. 11-6.

The motion to seal excerpts of the Calafiore deposition is denied without prejudice. [Docket Nos. 417, 425.] Plaintiff's designations are not "narrowly tailored to seek sealing only of sealable material," as required by Civil Local Rule 79-5(b). [*See* Docket No. 425-2.] Plaintiff's designations contain large swaths of Ms. Healy's inappropriate objections, discussed above. Plaintiff may file properly tailored amended designations within three days of this order.

**IT IS SO ORDERED.**

Dated: February 29, 2016



Donna M. Ryu
United States Magistrate Judge