1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    LOOP AI LABS INC,                       Case No.  15-cv-00798-HSG   (DMR)

              Plaintiff,

8
                                             **ORDER ON ALMAWAVE USA'S**
9          v.                                **MOTION TO COMPEL**

10   ANNA GATTI, et al.,                      Re: Dkt. Nos. 392, 400

              Defendants.

11

12

13          On January 6, 2016, the court ordered Plaintiff Loop AI Labs Inc. ("Loop") and Defendant

14   Almawave USA, Inc. ("Almawave") to submit a joint discovery letter by January 15, 2016

15   regarding Almawave's motion to compel further responses to discovery by Loop.  [Docket No.

16   355.]  The parties were unable to file a joint letter, and on January 20, 2016, the court granted the

17   parties leave to file separate letters.  [Docket No. 399.]  The parties timely filed the letters.

18   [Docket Nos. 392-1, 400.]

19          The parties' lamentable discovery conduct has consumed an unjustifiable amount of court

20   resources.  [*See* Docket No. 271; *see also* Docket No. 415 (Feb. 5, 2016 Order by Hon. Haywood

21   S. Gilliam).]  Their behavior has impeded the court's ability to control its docket and to provide

22   prompt attention to the needs of litigants in other cases.  Accordingly, instead of providing the

23   parties with a detailed (and time-consuming) analysis, the court makes these rulings in summary

24   form.

25          **A.      Requests for production ("RFPs")**

26          Almawave's discovery letter does not set forth the substance of the parties' dispute about

27   its RFPs.  Instead, Almawave incorporates by reference a meet and confer letter.  This is improper

28   and unhelpful.  Almawave's motion to compel Loop to provide further responses to its RFPs is

United States District Court
Northern District of California

1  denied without prejudice.

2        **B.**     **Interrogatories**

3        Interrogatory nos. 3, 5, and 7 are permissible interrogatories seeking the factual bases for

4  Loop's allegations.  Loop shall serve amended responses to interrogatory nos. 3, 5, and 7 by

5  March 15, 2016.

6        Interrogatory no. 4 asks Loop to describe "any investigation conducted regarding potential

7  claims against, or potential wrongdoing committed by Almawave, including but not limited to

8  identifying the date when any such investigation was conducted and who conducted the

9  investigation."  Almawave did not explain how the information sought by the interrogatory is

10  relevant to any party's claim or defense and proportional to the needs of the case pursuant to

11  Federal Rule of Civil Procedure 26(b)(1).  Accordingly, its motion to compel further response to

12  interrogatory no. 4 is denied without prejudice.

13        **C.**     **Deposition notices**

14        Bart Peintner and Patrick Ehlen appear to be percipient witnesses.  Loop must produce

15  Peintner and Ehlen for deposition by the close of discovery.  The parties shall immediately meet

16  and confer regarding deposition dates for these two witnesses.

17        **D.**     **Format/manner of Loop's production of documents**

18        Loop has made its document production available to Almawave and all other parties via an

19  online application that makes it impossible to download or print the documents in batches, or print

20  certain documents at all.  Its production is also missing certain metadata requested by Almawave.

21        Loop's method of production unreasonably restricts the parties' ability to work with

22  Loop's documents.  The existing confidentiality order adequately addresses Loop's concerns about

23  confidentiality.  By no later than March 14, 2016, Loop shall provide its entire document

24  production to all parties on a disk or via Dropbox.  Loop must produce its documents in searchable

25  form unless the cost of doing so would be significant and prohibitive.  If this is the case, Loop

26  shall notify the court of the exact expense involved in providing its document production in a

27  searchable format by March 14, 2016.

28        Loop's production must include To/From/CC information for email, and must enable

United States District Court
Northern District of California

reviewing parties to determine whether any specific email included an attachment(s) or was part of a chain, i.e., must indicate a family or parent/child relationship between emails and attachments.

**IT IS SO ORDERED.**

Dated: March 10, 2016



Donna M. Ryu
United States Magistrate Judge