1

2

3

4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    LOOP AI LABS INC,                        Case No.  15-cv-00798-HSG   (DMR)

              Plaintiff,
8
                                              ORDER ON JOINT DISCOVERY
     v.                                       LETTER RE ALMAWAVE USA'S RULE
9                                             30(B)(6) DEPOSITION NOTICE
10   ANNA GATTI, et al.,
                                              Re: Dkt. No. 336
              Defendants.
11

12          The court has received the joint discovery letter submitted by Plaintiff Loop AI Labs Inc.

13   ("Loop") and Defendant Almawave USA ("Almawave") in which Loop moves for a protective

14   order regarding Almawave's Federal Rule of Civil Procedure 30(b)(6) deposition notice to Loop.

15   [Docket No. 336 (Jt. Letter).]  The court finds this matter suitable for resolution without oral

16   argument.  *See* Civ. L.R. 7-1(b).  For the following reasons, Loop's motion for a protective order

17   is granted in part and denied in part.

18          The parties' lamentable discovery conduct has consumed an unjustifiable amount of court

19   resources.  [*See* Docket No. 271; *see also* Docket No. 415 (Feb. 5, 2016 Order by Hon. Haywood

20   S. Gilliam).]  Their behavior has impeded the court's ability to control its docket and to provide

21   prompt attention to the needs of litigants in other cases.  Accordingly, instead of providing the

22   parties with a detailed (and time-consuming) analysis, the court makes these rulings in summary

23   form.

24   I.     DISCUSSION

25          Loop generally objects that Almawave's 30(b)(6) deposition notice contains 60 "extremely

26   broad and far reaching topics."  While the notice does cover a large number of topics, the

27   operative complaint is over 100 pages and contains lengthy, detailed allegations of wrongdoing by

28   Almawave and the other defendants.  Given the breadth of Loop's allegations, the notice is not

United States District Court
Northern District of California

United States District Court
Northern District of California

1   overbroad or unduly burdensome on its face.

2      Loop also objects to several topics on specific grounds.  The court will address each group

3   of objections in turn.

4      **A.      Objection to Topics "Beyond Loop AI's Operation"**

5      Loop objects to topic nos. 3-15, 18-22, 43, 47-49, and 54-55 on the ground that they are

6   unrelated to Loop as a corporate entity and are thus improper.  Jt. Letter at 3.

7      Federal Rule of Civil Procedure 30(b)(6) permits a party to name a corporation as a

8   deponent, and requires the noticing party to "describe with reasonable particularity the matters for

9   examination."  The persons designated by the named organization "must testify about information

10  known or reasonably available to the organization."  Fed. R. Civ. P. 30(b)(6).  "The reason for

11  adopting Rule 30(b)(6) was not to provide greater notice or protections to corporate deponents, but

12  rather to have the right person present at deposition."  *King v. Pratt & Whitney*, 161 F.R.D. 475,

13  476 (S.D. Fla. 1995).

14     The court has examined the topics at issue and concludes that they are "describe[d] with

15  reasonable particularity" and are permissible subjects on which Almawave may examine a Loop

16  representative.  Loop's motion for a protective order on this basis is denied.

17     **B.      Objection to Topics Which "Improperly Seek Loop AI's Roadmap of How It
           Intends to Prove Its [Case]"**

18
19     Topic nos. 1, 3-22, 45, 49, and 54-56 seek the factual basis for specific allegations made in

20  Loop's second amended complaint.  Loop objects to these topics on the grounds that they do not

21  relate to Loop's operation of its business and seek "a complete roadmap of its lawyers['] work-

22  product information regarding the case."  Jt. Letter at 3-4.  Topics which seek the factual basis for

23  allegations are not improper, and are consistent with Federal Rule of Civil Procedure 11, which

24  requires that factual contentions in a pleading "have evidentiary support."  Fed. R. Civ. P.

25  11(b)(3).  Contrary to Loop's assertion, the topics at issue do not seek information about how

26  counsel will try Loop's case.  Loop's motion for a protective order on these grounds is denied.

27     **C.      Objection to Topics "That Do Not Appear to Have Any Relation to the
           Litigation"**

28     Loop objects to topic nos. 25, 26, 34, and 40, arguing that they are not related to any claim

and are therefore not calculated to lead to the discovery of admissible evidence.  Jt. Letter 4-5.

Topic no. 25 is "[t]he acquisition of documents by Loop from Elettranova or Fabio Ficano."  Topic no. 26 is "[c]ommunications between Loop and Elettranova or Fabio Ficano."  In response to Loop's relevance objection, Almawave notes that Loop relied on documents obtained from Elettranova, Tony DiNapoli's former employer, to support its March 2015 motion for a temporary restraining order.  [Docket No. 28-2 at 2 n.2.]  Topic no. 40 is "[a]ny employee, officer or director of Loop's employment, consulting, or other work for monetary gain with any person or entity other than Loop, or its predecessor or related entity, from 2011 to present."  Almawave argues that Loop's complaint is based on its allegation that Defendant Gatti's employment with Almawave was improper, but Gatti contends that Loop's contractual restriction on outside employment was "routinely and openly disregarded by management."  Jt. Letter at 5.  The court concludes that topic nos. 25, 26, and 40 are tailored to relevant issues in this case and are thus permissible.   Loop's motion for a protective order as to these three topics is denied.

As to topic no. 34, which is "[o]wnership of Loop stock," Almawave made no argument regarding relevance, and the relevance of this topic is not readily discernable.  Therefore, Loop's motion for a protective order as to topic no. 34 is granted.  It need not produce a witness to testify on this topic.

### D.      Objection to Topics "Protected From Disclosure"

Loop objects to topic nos. 2, 24, and 57 on the ground that they seek information protected by the attorney-client privilege and the attorney work-product doctrine.  Topic no. 2 is "[a]ny investigation Loop conducted into potential claims against, or potential wrongdoing of Almawave, but not including potential claims against, or wrongdoing of Gatti or IQS, Inc."  Topic no. 24 is "Loop's document preservation, collection and production."  Topic no. 57 is "[a]ny non-privileged investigation conducted by Loop into alleged wrongdoing of Almawave, excluding Gatti."

As to topic nos. 2 and 57, Loop argues that these topics are improper because "work product or attorney client privilege so permeates the topic[s] that a breach of privilege will be inevitable."  Jt. Letter at 5.  Regarding topic no. 24, Loop admits that some aspects of this topic may be non-privileged, but that information regarding "collection" and "production" "clearly

United States District Court
Northern District of California

involves attorney communications and actions." Jt. Letter at 5 n.9. Almawave responds that it seeks facts, not privileged or protected information.

A company cannot shield from discovery facts learned by an attorney in the course of an investigation because the attorney-client privilege protects communications, not facts. *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981). A Rule 30(b)(6) deponent's role is "to provide *the entity's* interpretation of events and documents." *Kelley v. Provident Life & Accident Ins. Co.,* No. 04cv807–AJB (BGS), 2011 WL 2448276, at *2 (S.D. Cal. June 20, 2011) (emphasis added) (citation omitted). As such, "the designee must become educated and gain the requested knowledge to the extent reasonably available." *Id.* (citation omitted); *see Int'l Ass'n of Machinists & Aerospace Workers v. Werner–Matsuda*, 390 F. Supp. 2d 479, 487 (D. Md. 2005) ("This means that [defendant] is obligated to produce one or more 30(b)(6) witnesses who [are] thoroughly educated about the noticed deposition topics with respect to any and all facts known to [defendant] or its counsel . . . ." (citation omitted)). While questions related to these three noticed topics could implicate privileged communications between Loop and its attorneys or Loop's counsel's work product, the proper approach is for Loop's counsel to make specific objections to specific questions, not for the court to preclude these topics altogether based on speculation about what questions Almawave's counsel may ask. Loop's motion for a protective order as to these three topics is denied.

### E.    Objection to Topics "Requiring Expert Testimony"

Loop objects to topic nos. 28, 29, 37, and 39 as improper because they "require expert knowledge and testimony." Topic no. 28 is "Loop's damages relating to the instant matter." Topic no. 29 is "[v]aluations of Loop." Topic no. 37 is "[t]he value to Loop and to Loop's competitors of any trade secrets Loop alleges was misappropriated," and topic no. 39 is "[t]he ease or difficulty with which any trade secrets Loop alleges was misappropriated could be properly acquired or duplicated by others." Loop argues that it is not required to prepare a 30(b)(6) witness on expert disclosures, since such disclosures are not yet due under the case management order.

Rule 30(b)(6) witnesses are not required to provide expert testimony, but "must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

The court finds that these topics do not impermissibly seek expert testimony.  Almawave is entitled to question Loop's representative(s) about the factual information available to the representative(s) underlying its claims for damages and trade secret misappropriation.  Loop's motion for a protective order as to these topics is denied.

### F.     Objection to Topics which "Requir[e] a Lay Person to Make Legal Conclusions"

Loop objects to topic nos. 35, 38, and 46 which it claims improperly "seek testimony on legal conclusions," including the "misappropriation of trade secrets."  Jt. Letter 7.

Topic no. 35 is "[i]dentification of any trade secrets that Loop alleges was misappropriated."  Topic no. 38 is "[t]he amount of effort or money expended by Loop in developing any trade secrets it alleges was misappropriated," and topic no. 46 is "Loop's technology and business as described in paragraphs 3, 138, and 141 of the [second amended complaint]."[1]

Almawave is entitled to question Loop's representative(s) about facts related to these three topics.  To the extent that any particular question calls for a legal conclusion, Loop's counsel may interpose an objection.  Loop's motion for a protective order as to these topics is denied.

### G.     Objection that Topics "Fail to Provide the Requisite Particularity"

Finally, Loop objects that "virtually all topics" included in the 30(b)(6) notice lack the "reasonable particularity" that the rule requires.  For example, topic nos. 27, 30, 31, and 32 use words like profits, financial statements, and general financial performance "without clarification or direction."  Jt. Letter at 7.  It argues that topic nos. 44, 50, and 59 are similarly overbroad.  *Id.*

The court finds that the disputed topics are sufficiently "particular" under Rule 30(b)(6).  The topics are not phrased so broadly or vaguely that Loop will be unable to prepare its representative(s) to respond to questions on these subjects.

Loop's motion for a protective order as to these topics is denied.

---

[1] The specified paragraphs of the second amended complaint describe Loop's proprietary artificial intelligence technology and "Digital Genome Platform" and "core technology."

United States District Court
Northern District of California

## II.      CONCLUSION

Loop's motion for a protective order is granted in part and denied in part.  The court directs the parties to immediately confer regarding the prompt scheduling of Loop's corporate representative(s).

**IT IS SO ORDERED.**

Dated: March 10, 2016



Donna M. Ryu
United States Magistrate Judge

United States District Court
Northern District of California

6