UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC, <br><br> Plaintiff, <br><br> v. <br><br> ANNA GATTI, et al., <br><br> Defendants. | Case No. 15-cv-00798-HSG (DMR) <br><br> **ORDER DENYING ADMINISTRATIVE MOTIONS; ORDER RE PLAINTIFF'S "NOTICE" RE DOCUMENT PRODUCTION** <br><br> Re: Dkt. Nos. 474, 475, 476, 483 |

Loop filed three administrative motions for leave to file ex parte discovery letters. [Docket Nos. 474, 475, 476.] Almawave and IQ Systems, Inc. filed oppositions to the first two motions, respectively. [Docket Nos. 480, 479.] The court did not receive an opposition to the third motion, which pertains to a dispute about deposition scheduling.

Having reviewed all of the submissions, the court denies the three administrative motions. In light of the parties' exceedingly poor discovery track record, the court previously held that it would not grant leave to file an ex parte discovery submission unless the moving party could demonstrate "exceptional circumstances." [Docket No. 222, 271, 461.] None of Loop's motions meet this standard. However, with respect to Docket No. 476, the court directs the parties to meet and confer immediately to schedule the depositions of Anna Gatti and Tony DiNapoli, assuming these depositions have not yet occurred. The court grants leave for Ms. Gatti's deposition to take place on March 30, 2016, even though it exceeds the March 29, 2016 discovery deadline.

The court has also reviewed Loop's "Notice Regarding Court Order Dated March 10, 2016." [Docket No. 483]. In its March 10, 2016 Order, the court directed Loop to "provide its entire document production to all parties on a disk or via Dropbox" by no later than March 14, 2016. [Docket No. 465.] The court ordered that Loop make the production in searchable form,

unless the cost of doing so would be "significant and prohibitive." If this was the case, Loop was given the opportunity by March 14, 2016 "to notify the court of the exact expense involved in providing its document production in a searchable format." *Id.*

On March 14, 2016, Loop filed a "notice" which makes clear that it had *not* complied with the court's order to provide the documents via disk or Dropbox. [Docket No. 483.] As to the setting forth the "exact expense" of producing the documents in searchable format, Loop states that to "re-process the entire production and make it searchable outside of the database provided to the Defendants would cost over $1500 plus hourly rates of the discovery provider to process this task." This amount does not appear to be "significant and prohibitive." Therefore, Loop shall *immediately* comply with the court's order to provide its document production via Dropbox or disk. If it cannot provide the documents in a searchable format, it shall produce all documents *immediately* nevertheless, and shall follow up with production of a searchable format within two weeks of today.

**IT IS SO ORDERED.**

Dated: March 21, 2016

Donna M. Ryu
United States Magistrate Judge