UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>    Plaintiff,<br><br>    v.<br><br>ANNA GATTI, et al.,<br><br>    Defendants. | Case No. 15-cv-00798-HSG   (DMR)<br><br>**ORDER ON PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNILATERAL DISCOVERY LETTERS**<br><br>Re: Dkt. No. 542 |

    The court has received Plaintiff Loop AI Labs Inc.'s administrative motion for leave to file unilateral discovery letters, and the oppositions thereto filed by the Almawave Defendants and Defendant IQSystem, Inc.  [Docket Nos. 542, 560, 567.]

    First, Plaintiff seeks leave to file two unilateral discovery letter briefs regarding Defendants Anna Gatti and IQSystem LLC's document productions.  Pl.'s Mot. Exs. C, D.  Exceptional circumstances support Plaintiff's request to file unilateral discovery letter briefs because Gatti and IQSystem LLC have refused to participate in the court's joint letter process.  Gatti and IQSystem LLC did not timely oppose Plaintiff's administrative motion and did not refute Plaintiff's representations about their refusal to participate in the joint letter process.  Accordingly, the court grants Plaintiff leave to file two unilateral letter briefs that do not exceed two pages each regarding Gatti and IQSystem LLC's document productions by April 8, 2016.  The only exhibits that may be attached to the letter briefs are exhibits that set forth each disputed discovery request in full, followed immediately by the objections and/or responses thereto, in accordance with the court's Standing Order (Docket No. 401).  Gatti and IQSystem LLC's opposition briefs may not exceed two pages and shall be filed by April 12, 2016.

    Next, Plaintiff seeks leave to file a unilateral discovery letter brief regarding Defendant IQSystem, Inc.'s ("IQS") document production.  Pl.'s Mot. Ex. E.  In its opposition to Plaintiff's

administrative motion, IQS states that it did not refuse to join Plaintiff's discovery letter and that it left Plaintiff's counsel over ten messages in March 2016 in an attempt to meet and confer. Therefore, the parties dispute whether IQS refused to participate in the joint letter process. By no later than April 8, 2016, Plaintiff shall submit a statement that does not exceed 125 words explaining why IQS's representations are not true.

Finally, Plaintiff seeks leave to file three unilateral discovery letter briefs regarding Defendant Almawave USA, Inc.'s ("Almawave") document production; the Italian Almaviva Defendants' document productions; and the production of witnesses Sandei, Romagnoli, Perri, and Ferri for further depositions. Pl.'s Mot. Exs. A, B, F.

As to Plaintiff's request to file a unilateral letter regarding Almawave's document production, Plaintiff represented that Almawave refused to participate in the joint letter process. However, Almawave has presented evidence that it responded to Plaintiff's attempted joint letter by sending correspondence to Plaintiff dated March 24, 2016 which included Almawave's portion of the joint letter. [Docket No. 560 at Ex. 1.] By no later than April 8, 2016, Plaintiff shall submit a statement that does not exceed 125 words explaining why this evidence does not constitute Almawave's attempt to participate in the joint letter process.

As to the dispute about the Italian Almaviva Defendants' document productions, Almawave states that "Loop never proposed a joint letter, much less gave one to Almawave." [Docket No. 560 at 1.] Plaintiff submitted letters to counsel which it claims demonstrate that it sought all Defendants' participation in the joint letter process (Pl.'s Mot. Ex. G), but these letters show Plaintiff sought to engage Almawave in the joint letter process, not the Italian Almaviva Defendants. Accordingly, Plaintiff has failed to show exceptional circumstances supporting its request to file a unilateral discovery letter brief regarding the Italian Almaviva Defendants' document productions. This portion of its motion is denied.

Finally, as to the unilateral discovery letter regarding the production of witnesses for deposition, Plaintiff has submitted a letter showing it attempted to participate in the joint letter process with Almawave. Pl.'s Mot. Ex. G (March 9, 2016 letter to Wallerstein and Culp). Almawave does not affirmatively state that it responded to this effort, but instead claims that

1  Plaintiff never followed up.  The court concludes that Plaintiff has shown exceptional
2  circumstances because Almawave refused to participate in the joint letter process as to this issue.
3  Accordingly, the court grants Plaintiff leave to file a unilateral letter brief that does not exceed two
4  pages regarding the dispute about depositions by April 8, 2016.  Almawave's opposition brief may
5  not exceed two pages and shall be filed by April 12, 2016.

**IT IS SO ORDERED.**

Dated: April 6, 2016



Donna M. Ryu
United States Magistrate Judge