United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ANNA GATTI, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-00798-HSG   (DMR)<br><br>**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNILATERAL DISCOVERY LETTER RE IQSYSTEM, INC.'S DOCUMENT PRODUCTION**<br><br>Re: Dkt. No. 542 |

On March 30, 2016, Plaintiff Loop AI Labs Inc. filed an administrative motion for leave to file unilateral discovery letters, including a letter brief regarding Defendant IQSystem, Inc.'s ("IQS") document production. [Docket No. 542.] Plaintiff argued that exceptional circumstances supported its request because IQS had refused to participate in Plaintiff's joint discovery letter. *Id*. In its opposition, IQS stated that it had not refused to participate, and that its counsel had left Plaintiff's counsel over ten messages in March 2016 in an attempt to meet and confer. [Docket No. 567.] The court then ordered Plaintiff to submit a 125-word statement responding to IQS's representations. [Docket No. 582.]

Plaintiff timely filed its statement, in which counsel asserts that "[w]hen Loop AI returned counsel's calls, they were not answered; when messages were left, there were no returned calls." [Docket No. 589.] On April 11, 2016, IQS filed a response in which counsel states that she called Plaintiff's counsel's office fifteen times between March 7, 2016 and March 31, 2016 attempting to meet and confer, and that Plaintiff's counsel did not return her calls. [Docket No. 596.] IQS attached call records which purportedly showed the fifteen outgoing calls to Plaintiff's counsel and the lack of incoming calls from Plaintiff's counsel. [Docket No. 596-1.] On April 12, 2016, Plaintiff filed a response to IQS's April 11, 2016 submission in which it states it "emailed and called IQS's counsel's office, not cellphone." [Docket No. 601.]

1  Given Plaintiff and IQS's dispute about their phone contacts in March 2016, the court was unable to determine whether Plaintiff had shown exceptional circumstances supporting its request to file a unilateral discovery letter regarding IQS's document productions. Therefore, on April 20, 2016, the court ordered IQS to re-submit counsel's call records reflecting her calls to Plaintiff's counsel between March 7, 2016 and March 31, 2016 with an authenticating declaration. The court also ordered Plaintiff to submit "a sworn declaration authenticating records, i.e., phone records and emails that support Plaintiff's counsel's statement that she returned IQS's calls and emailed IQS's counsel to meet and confer from March 7, 2016 through March 31, 2016." [Docket No. 612.]

The parties timely filed the requested submissions. [Docket Nos. 618-620.] IQS's counsel submitted evidence supporting her assertion that she called Plaintiff's counsel's office numerous times between March 7, 2016 and March 31, 2016, and that most calls lasted between three and four minutes because she left messages each time. Brayer Decl., April 22, 2016, ¶¶ 5-8, Ex. 1. Plaintiff's evidence, however, does not substantiate its position. Plaintiff submitted evidence of only one telephone call to IQS's counsel from March 7, 2016 through March 31, 2016: on March 22, 2016, Plaintiff's counsel called IQS's counsel's office and left a message. Wong Decl., April 22, 2016, ¶ 4, Ex. 1. The parties also conducted a telephonic meet and confer on March 11, 2016. Healy Decl., April 22, 2016, ¶ 10. Plaintiff's counsel did not submit evidence of any emails to IQS during the relevant time period.

Based on this evidence, the court concludes that Plaintiff has failed to show exceptional circumstances supporting its request to file a unilateral discovery letter regarding IQS's document production. Contrary to Plaintiff's representations to the court, it does not appear that IQS refused to participate in the court's joint letter process. Accordingly, Plaintiff's administrative motion is denied.

**IT IS SO ORDERED.**

Dated: April 26, 2016



Donna M. Ryu
United States Magistrate Judge

2