UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LOOP AI LABS INC,

        Plaintiff,

    v.

ANNA GATTI, et al.,

        Defendants.

Case No.  15-cv-00798-HSG   (DMR)

**ORDER ON JOINT DISCOVERY LETTER RE SUBPOENA TO RUSSELL REYNOLDS ASSOCIATES**

Re: Dkt. No. 338

Plaintiff Loop AI Labs Inc. ("Loop") and third party Russell Reynolds Associates Inc. ("RRA") filed a joint letter in which Plaintiff moves to enforce the court's September 18, 2015 order directing RRA to produce documents in response to Plaintiff's subpoena and/or moves for contempt.  [Docket No. 338 (Joint Letter).]  The court finds this matter suitable for resolution without further oral argument.  Civ. L.R. 7-1(b).  For the following reasons, Plaintiff's motion is granted in part and denied in part.

I.      **DISCUSSION**

    A.      **RRA's Supplemental Production of Documents**

On September 18, 2015, the court issued an order regarding RRA's production of documents in response to Plaintiff's subpoena.  [Docket No. 203.]  In its order, the court adopted RRA's proposal to narrow the scope of each of the 13 categories of documents demanded in the subpoena to "documents that relate to Loop and Anna Gatti (separately *and* jointly), and the search [RRA] performed for the position at Almawave that resulted in the hire by Almawave of Anna Gatti," concluding that those documents would be "relevant to the claims at issue in this action." *Id*. at 11 (internal citation omitted).  The court noted that the evidence submitted by Plaintiff in support of its position seeking a broader scope of documents from RRA did not "support Plaintiff's position that documents related to RRA's contact with any of the Defendants are

1   relevant, regardless of whether they relate to Gatti, Plaintiff, or any of the issues in this action."

2   *Id.*  RRA interpreted the court's order to mean that "RRA would produce documents that related to

3   either Anna Gatti or Loop or both, *in relation to the Almawave/Gatti search*."  Joint Letter at 2

4   (emphasis in original).  RRA made a supplemental production of documents to Plaintiff on

5   October 12, 2015.

6          Plaintiff challenges RRA's interpretation of the September 18, 2015 order and the

7   sufficiency of its document production.  Plaintiff argues that the court ordered RRA to produce all

8   documents related to Gatti, regardless of whether they related to the Almawave/Gatti search, and

9   challenges RRA's decision to withhold approximately 1,400 documents as outside the scope of the

10  subpoena.  As noted, the court specifically denied Plaintiff's motion for an order compelling RRA

11  to produce all documents related to Gatti in its September 18, 2015 order.  The court declines to

12  revisit that decision and denies Plaintiff's motion for an order compelling RRA to produce

13  additional documents.

14         It is worth noting that RRA offered to re-review the 1,400 withheld documents that hit on

15  the search term "Gatti" if Plaintiff provided a narrowly-tailored date range, specific search terms

16  (including specific names of individuals), and a description of relevant subject matters.  RRA

17  states that Plaintiff "summarily dismissed" RRA's offer.  Joint Letter at 2.  Plaintiff does not

18  dispute this characterization.  As has been true of many of the senseless discovery battles in this

19  case, had Plaintiff simply engaged with RRA's offer, Plaintiff undoubtedly could have obtained

20  more documents and facts.  Plaintiff's refusal amounts to yet another missed opportunity to

21  advance the basic goal of discovery.

22         **B.      Redactions**

23         Plaintiff next challenges RRA's document redactions.  RRA states that it redacted

24  "irrelevant and private information" about RRA clients and individual candidates that it noted on a

25  privilege log.  It explains that with the exception of two documents, RRA redacted only the names

26  and contact information of individuals unrelated to this litigation.

27         As RRA notes, "[f]ederal courts ordinarily recognize a constitutionally-based right of

28  privacy that can be raised in response to discovery requests."  *Soto v. City of Concord*, 162 F.R.D.

United States District Court
Northern District of California

2

603, 616 (N.D. Cal. 1995) (citations omitted).  "Resolution of a privacy objection or request for a protective order requires a balancing of the need for the information sought against the privacy right asserted."  *Id.* (citations omitted); *see also Artis v. Deere & Co.*, 276 F.RD. 348, 352 (N.D. Cal. 2011) ("[w]hen the constitutional right of privacy is involved, 'the party seeking discovery must demonstrate a compelling need for discovery, and that compelling need must be so strong as to outweigh the privacy right when these two competing interests are carefully balanced.'" (citation omitted)).  Plaintiff offers no theory of relevance of the names and contact information of unrelated individuals.  Since Plaintiff has not demonstrated a "compelling need" for this information, the court denies Plaintiff's motion to compel RRA to produce the full, unredacted documents containing unrelated third parties' names and contact information.

As to the remaining two redacted documents, RRA states that the first document is "a report containing highly confidential information regarding each of RRA's 'searches', including client data, salary information, and candidate information," and that it produced the document in redacted form because it only contains a single entry related to the Gatti/Almawave search.  RRA states that the redacted information is unrelated to the parties in this case and contains private information about RRA, its candidates, and its clients.  Plaintiff offers no argument about why it needs the full, unredacted document, or how the unredacted information is even remotely relevant to its claims.  Accordingly, the court denies Plaintiff's motion to compel RRA to produce the unredacted RRA report.

The second document is an email related to a company called "GTech."  RRA states that it redacted a single paragraph of the email discussing GTech, which "to RRA's knowledge is unrelated to the instant matter."  Joint Letter at 4.  The court acknowledges that it is difficult for Plaintiff to explain the relevance of the redacted portion of the email in the absence of more information about the email.  The court notes that there is a protective order in place in this case that contains a provision permitting producing parties to designate documents as "highly confidential—attorneys' eyes only," as well as a procedure by which a party may challenge confidentiality designations.  [Docket No. 230.]  Accordingly, the court orders RRA to produce the full, unredacted GTech email to Plaintiff, subject to an appropriate designation under the

protective order.  RRA shall produce the GTech email within seven days of the date of this order.

## II.      CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel is granted in part and denied in part.

**IT IS SO ORDERED.**

Dated: April 29, 2016



Donna Ryu
United States Magistrate Judge