UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>             Plaintiff,<br><br>     v.<br><br>ANNA GATTI, et al.,<br><br>             Defendants. | Case No. 15-cv-00798-HSG<br><br>**ORDER DENYING ADMINISTRATVIE MOTION TO FILE UNDER SEAL WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 553 |

In conjunction with Plaintiff's opposition to the motion to dismiss, Plaintiff has filed an administrative motion to file under seal, Dkt. No. 553.

### I.     LEGAL STANDARD

Courts apply a "compelling reasons" standard when considering motions to seal documents like the ones at issue here. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (citations, internal quotation marks, and alterations omitted). The Court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179 (internal quotation marks omitted).

Records attached to motions that are only "tangentially related to the merits of a case" are

1   not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809

2   F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records must meet the

3   lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 8-9.

4   The "good cause" standard requires a "particularized showing" that "specific prejudice or harm

5   will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,

6   307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P.

7   26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning"

8   will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

9       Civil Local Rule 79-5 further supplements the compelling reasons standard. The party seeking

10  to file a document or portions of it under seal must "establish[ ] that the document, or portions thereof,

11  are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . .The

12  request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

13  **II.   DISCUSSION**

14      Because the motion to dismiss for lack of jurisdiction is more than tangentially related to

15  the merits of the underlying action, the Court applies the "compelling reasons" standard in

16  evaluating the motion to seal.

17      The Court DENIES the administrative motion to seal. First, Plaintiff's declaration fails to

18  establish that its request is "narrowly tailored" to the sealable information as required under by

19  Civil Local Rule 79-5(d). Second, several of the documents Plaintiff seeks to file under seal were

20  designated confidential by the opposing party or non-parties. *See* Dkt. No. 556 (Plaintiff's revised

21  chart identifying the documents sought to be sealed and the designating party). The local rules

22  provide that under these circumstances:

23  > [T]he Submitting Party's declaration in support of the Administrative Motion to File Under Seal must identify the document or portions thereof which contain the designated confidential material and identify the party that has designated the material as confidential ('the Designating Party'). *The declaration must be served on the Designating Party on the same day it is filed and a proof of such service must also be filed.*

27  Civ. L-R 79-5(e) (emphasis added). Here, there is no evidence on the docket that Plaintiff served

28  the requisite declaration on each designating party on the same day the motion was filed, as

Plaintiff did not file the proofs of service. Without service of the declaration on the designating party, the designating party cannot meet Rule 79-5(e)(1)'s requirement that a designating party file a declaration establishing that the designated material is in fact sealable.

Accordingly, the Court DENIES the administrative motion to seal without prejudice. Any renewed administrative motion to seal must comply in every regard with the local rules, and must be filed no later than May 4, 2016.

**IT IS SO ORDERED.**

Dated: 4/29/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge