UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>        Plaintiff,<br><br>v.<br><br>ANNA GATTI, et al.,<br><br>        Defendants. | Case No. 15-cv-00798-HSG<br><br>**ORDER STRIKING PLAINTIFF'S DECLARATION AND ATTACHED EXHIBITS SUPPORTING PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS; ORDER TO SHOW CAUSE** |

On March 31, 2016, Plaintiff filed an opposition to Defendants' Motion to Dismiss for Lack of Jurisdiction. *See* Dkt. No. 548. In support, Plaintiff filed the Declaration of Valeria Calafiore Healy, Dkt. No. 549, and attached exhibits and appendix, Dkt. Nos. 550-552.

The Court finds that the declaration and the attached documents violate the District's Civil Local Rules. Rule 7-5 provides as follows:

> (a) Affidavit or Declaration Required. Factual contentions made in support of or in opposition to any motion *must be supported by an affidavit or declaration* and by appropriate references to the record. Extracts from depositions, interrogatory answers, requests for admission and other evidentiary matters *must be appropriately authenticated by an affidavit or declaration*.
>
> (b) Form. *An affidavit or declarations may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument.* Any statement made upon information or belief must specify the basis therefor. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part.

*See* N.D. Civ. L-R 7-5 (emphases added).

In violation of part (a), Plaintiff's attached exhibits and appendix, which include emails, screenshots taken from company websites, contracts, and other evidentiary materials, are largely unauthenticated; there is no sworn testimony or averment by a competent witness that each attached item is a true and correct copy of what Plaintiff purports it to be. Additionally, in violation of part (b), the declaration consists almost entirely of legal conclusions and argument.

*See*, *e.g.*, Dkt. No. 549, ¶ 20 ("Ms. Sandei claims that before this litigation was filed, nobody at Almaviva, including herself, knew anything about Loop AI beside that it allegedly was a start up operating in e-commerce. Dkt. 469-9 at ¶ 8. In fact, on March 28, 2014, in addressing Ms. Gatti's employment with Almawave in California, Russell Reynolds was discussing with Ms. Sandei the idea of "finding offices close to, and possibly in the same building as her startup so she can have constant contact.").

Accordingly, the Court STRIKES Dkt. Nos. 549-52. In light of the Ninth Circuit's direction that dispositive motions should be resolved on the merits, rather than based on counsel's technical failures, *see Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (recognizing that "public policy favor[s] disposition of cases of their merits"), the Court will allow Plaintiff to file a revised declaration and exhibits. Plaintiff may not include any new materials not previously included in Dkt. Nos. 550-552. If Plaintiff's counsel again includes argument in the declaration, fails to properly authenticate exhibits, and ignores the local rules, the revised filing will be stricken from the record without leave to refile. Any revised materials must be filed with the Court no later than May 6, 2016. For these purposes only, Plaintiff is excused from submitting two courtesy copies with the filing.

Additionally, the Court ORDERS Plaintiff's counsel to show cause why she should not be sanctioned for pervasive failure to follow the local rules in filing the materials described above, as well as her opposition brief. In addition to the above-described failures, the single-spaced argument on pages 18-21 of Plaintiff's opposition blatantly circumvents the local rules page requirement and reflects complete disregard for the Court's filing rules. *See* Civ. L-R 3-4(c) ("Text must appear on one side only and must be double-spaced with no more than 28 lines per page . . ."). Plaintiff's response to the order to show cause must be filed no later than May 6, 2016.

**IT IS SO ORDERED.**

Dated: 4/29/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

2