UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LOOP AI LABS INC,

           Plaintiff,

    v.

ANNA GATTI, et al.,

           Defendants.

Case No.  15-cv-00798-HSG   (DMR)

**ORDER ON DEFENDANT ALMAWAVE'S DISCOVERY MOTIONS**

Re: Dkt. Nos. 547, 518

      The court has received the following discovery motions filed by Defendant Almawave USA, Inc. ("Almawave"), and Plaintiff Loop AI Labs Inc.'s ("Loop") oppositions thereto: Docket Nos. 518, 528, 547, 578.  The court finds these matters suitable for resolution without oral argument.  Civ. L.R. 7-1(b).

# I.     DOCKET NO. 547

      In the discovery letter filed at Docket No. 547, Almawave moves to compel Plaintiff to provide revised responses to interrogatory nos. 3, 5, 7, and 8.  It also asks the court to sanction Plaintiff for its interrogatory responses, which it claims Plaintiff made in bad faith and in contempt of the court's March 10, 2016 order directing Plaintiff to serve amended responses to Almawave's interrogatories.

## A.  Background

      The four interrogatories at issue have been the subject of two previous court orders.  Specifically, on February 22, 2016, Almawave filed a discovery letter in which it sought an order compelling Plaintiff to provide a response to Almawave's interrogatory no. 8, which sought the factual bases for certain allegations Plaintiff made in the second amended complaint.  [Docket No. 428.]  On March 2, 2016, the court granted Almawave's motion to compel as unopposed, and ordered Plaintiff to serve an amended response to interrogatory no. 8 by March 9, 2016.  [Docket

1   No. 438 (March 2, 2016 Order).]

2       On March 10, 2016, the court granted in part and denied in part a separate motion to

3   compel filed by Almawave (Docket Nos. 392-1, 400).  [Docket No. 465 (March 10, 2016 Order).]

4   In relevant part, the court found Almawave's interrogatory nos. 3, 5, and 7 were "permissible

5   interrogatories seeking the factual bases for Loop's allegations," and ordered Plaintiff to serve

6   amended responses to those three interrogatories by March 15, 2016.  *Id*. at 2.

7       On March 24, 2016, Almawave filed an administrative motion seeking leave to file a

8   unilateral letter brief regarding Plaintiff's alleged failure to comply with the March 2, 2016 and

9   March 10, 2016 orders.  [Docket No. 523.]  In its motion, Almawave represented that Plaintiff had

10  refused to submit a joint letter brief regarding the sufficiency of its supplemental responses.  The

11  court granted Almawave leave to submit a unilateral letter brief, noting that Plaintiff had not

12  timely opposed Almawave's motion and had not refuted its representations about Plaintiff's

13  refusal to participate in the joint letter process.  [Docket No. 539.]

14  **B.  Analysis**

15      Interrogatory no. 3 asks Plaintiff to "[e]xplain all facts, communications, documents,

16  witnesses and other bases for Loop's allegation that Almawave benefitted from any alleged

17  wrongdoing of Anna Gatti."  Interrogatory no. 5 asks Plaintiff to "[d]escribe all bases for Loop's

18  claimed damages, including all bases for valuations of the business or of Loop's technology, trade

19  secrets, patents, or confidential information."  Interrogatory no. 7 asks Plaintiff to "[e]xplain all

20  facts, communications, documents, witnesses and other bases for Loop's claim that Almawave's

21  technology, trade secrets, patents, or confidential information are similar to, or based on, Loop's

22  technology, trade secrets, patents, or confidential information."  Interrogatory no. 8 asks Plaintiff

23  to "explain the factual basis of and/or evidence supporting" 20 of Plaintiff's allegations in the

24  second amended complaint.

25      "Each interrogatory must, to the extent it is not objected to, be answered separately and

26  fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  An answer to an interrogatory should be

27  complete in itself:

28          [A]n answer to an interrogatory must be responsive to the question.
            It should be complete in itself and should not refer to the pleadings,

2

<blockquote>
or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers.
</blockquote>

*Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000) (citations omitted).  "'Incorporation by reference is not a responsive answer.'"  *Id.* (quoting *Cont'l Ill. Nat. Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 686 (D. Kan. 1991)).  Pursuant to Rule 33(d), a party's response to an interrogatory may refer to business records or abstracts only "if the burden of deriving or ascertaining the answer will be substantially the same for either party."  Fed. R. Civ. P. 33(d).

The court has examined Plaintiff's supplemental responses to the four interrogatories at issue.  They are plainly and grossly deficient.  For each response, Plaintiff responded by directing Almawave to "all productions by all parties and non-parties in this case, and any further materials has [sic] may be obtained through discovery or otherwise."  This is improper.  An answer to an interrogatory "should be complete in itself."  *Scaife*, 191 F.R.D. at 594.  In response to nos. 3, 7, and 8, Plaintiff also listed thousands of bates numbers with no explanation.  This is an improper use of Rule 33(d); a responding party "may not abuse the option . . . by directing the propounding party to a mass [o]f undifferentiated records."  *E&J Gallo Winery v. Cantine Rallo, S.p.A.*, No. 1:04cv5153 OWW DLB, 2006 WL 3251830, at *2 (E.D. Cal. Nov. 8, 2006) (citation omitted).

Plaintiff also included nearly 100 pages of allegations that appear to be cut and pasted from Plaintiff's second amended complaint.  This too, is insufficient.  "[S]tatements in a complaint are just allegations; interrogatory responses, however, must contain facts, and the party responding must verify that those facts are true and correct to the best of [its] knowledge."  *Hash v. Cate*, No. C 08-03729 MMC (DMR), 2012 WL 6043966, at *3 (N.D. Cal. Dec. 5, 2012).  Plaintiff's response to no. 5, which sought the bases for Plaintiff's claimed damages, is also non-responsive.  It simply lists the categories of damages Plaintiff seeks; it does not answer the question of how Plaintiff values its business, technology, trade secrets, patents, or confidential information.  None of the responses were verified, violating Rule 33.  *See* Fed. R. Civ. P. 33(b)(3) ("[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing *under oath*." (emphasis added)).

Plaintiff objects that the interrogatories are "overly broad in scope," and that it is

3

1   impossible to provide the factual bases for its allegations without also alleging the supporting facts

2   it alleged in the second amended complaint.  Further, it argues that the interrogatories "inquire into

3   Loop AI's counsel's investigation in preparation for the Complaint," and that verification of the

4   responses is an "extremely unreasonable burden," given the broad nature of the interrogatories.

5   These arguments are without merit.  As the court previously held, interrogatory nos. 3, 5, and 7

6   "are permissible interrogatories seeking the factual bases for Loop's allegations."  March 10, 2016

7   Order at 2.  No. 8 similarly seeks the factual bases for Plaintiff's allegations.  None seek

8   information protected by the attorney work product doctrine.

9        Given that discovery has now closed, Plaintiff shall supplement its responses to

10  interrogatory nos. 3, 5, 7, and 8 **within seven days of the date of this order**.  Plaintiff's responses

11  may not include allegations pasted from the operative complaint, and **Plaintiff must provide full,**

12  **complete answers for each interrogatory which are verified under penalty of perjury.**

13       Plaintiff's discovery responses plainly are not substantially justified, and are subject to

14  sanctions.  Fed. R. Civ. Proc. 37(a)(5)(A)(ii).  The court is in the process of working through the

15  myriad discovery motions filed in the case.   When that process is complete, the court will order

16  one additional round of briefing regarding all conduct that the court finds sanctionable, including

17  the conduct discussed in this order.

18  **II.      DOCKET NO. 518**

19       In the discovery letter filed at Docket No. 518, Almawave seeks to compel Plaintiff to

20  supplement its production of documents in response to Almawave's first set of requests for

21  production ("RFPs") of documents.

22       Federal Rule of Civil Procedure 26 provides

> Parties may obtain discovery regarding any nonprivileged matter
> that is relevant to any party's claim or defense and proportional to
> the needs of the case, considering the importance of the issues at
> stake in the action, the amount in controversy, the parties' relative
> access to relevant information, the parties' resources, the importance
> of the discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its likely benefit.

27  Fed. R. Civ. P. 26(b)(1).  "Information within this scope of discovery need not be admissible in

28  evidence to be discoverable."  *Id.*  "Relevancy, for the purposes of discovery, is defined broadly,

United States District Court
Northern District of California

1  although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234

2  F.R.D. 674, 679-80 (N.D. Cal. 2006).  "[T]he party opposing discovery has the burden of showing

3  that discovery should not be allowed, and also has the burden of clarifying, explaining and

4  supporting its objections with competent evidence." *La. Pac. Corp. v. Money Mkt. 1 Institutional*

5  *Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012).

6      When responding to RFPs, a party must produce all relevant documents within its

7  "possession, custody or control."  Federal Rule of Civil Procedure 34(b)(2) states:

8          (B) *Responding to Each Item*.  For each item or category [of items to
           be inspected], the response must either state that inspection and
9          related activities will be permitted as requested or state with
           specificity the grounds for objecting to the request, including the
10         reasons. The responding party may state that it will produce copies
           of documents or of electronically stored information instead of
11         permitting inspection. The production must then be completed no
           later than the time for inspection specified in the request or another
12         reasonable time specified in the response.

13         (C) *Objections*.  An objection must state whether any responsive
           materials are being withheld on the basis of that objection. An
14         objection to part of a request must specify the part and permit
           inspection of the rest.

15

16  Fed. R. Civ. P. 34(b)(2)(B), (C).  The requesting party "is entitled to individualized, complete

17  responses to each of the requests, . . . accompanied by production of each of the documents

18  responsive to the request, regardless of whether the documents have already been produced [to the

19  requesting party]." *Louen v. Twedt,* 236 F.R.D. 502, 505 (E.D. Cal. 2006).

20      As an initial matter, Plaintiff's responses to RFPs 1-4, 6, 13-20, 22-29, and 33 do not

21  comply with Rule 34(b)(2).  According to the Advisory Committee, "[t]he specificity of the

22  objection [required by Rule 34(b)(2)(B)] ties to the new provision in Rule 34(b)(2)(C) directing

23  that an objection must state whether any responsive materials are being withheld on the basis of

24  that objection." Fed. R. Civ. P. 34, Advisory Committee Notes to 2015 Amendments.  The 2015

25  amendments to Rule 34 were intended to "end the confusion that frequently arises when a

26  producing party states several objections and still produces information, leaving the requesting

27  party uncertain whether any relevant and responsive information has been withheld on the basis of

28  the objections." *Id*.  Here, Plaintiff's responses render it impossible to determine the extent of

United States District Court
Northern District of California

1  Plaintiff's production and whether Plaintiff has withheld documents responsive to any portions of

2  the RFPs.  Plaintiff must amend its responses (with exceptions noted below) to comply with Rule

3  34(b)(2) **within seven days of the date of this order.**

4       The court also notes that Plaintiff responded to RFPs 7 through 11 by stating that it would

5  "produce any responsive documents in its possession, custody or control prior to February 6,

6  2015," and that it objects to producing responsive documents "following February 6, 2015 on the

7  grounds that the requested documents are in the sole possession" of Defendants or third parties.

8  The necessity of this objection is not clear, since Plaintiff is only obligated to produce responsive

9  documents within its own possession, custody, or control.  A party has control or custody of a

10 document when it "has the legal right to obtain the document, even though in fact [it] has no

11 copy." *McBryar v. Int'l Union of United Auto. Aerospace & Agr. Implement Workers of Am.*, 160

12 F.R.D. 691, 695 (S.D. Inc. 1993).  Accordingly, to the extent Plaintiff has any responsive

13 documents in its possession, custody, or control, it must **produce them within seven days**.

14      The court will address the remaining disputed objections in the context of the specific

15 RFPs at issue.

16 **RFP 1:** this RFP seeks documents related to any agreements between Plaintiff and Gatti, including

17 but not limited to the documents referenced in two specified paragraphs of the first amended

18 complaint.  Since Plaintiff's response does not comply with Federal Rule of Civil Procedure

19 34(b)(2), it is not clear whether Plaintiff has produced all responsive documents.  As the RFP

20 seeks relevant, discoverable documents, Plaintiff shall amend its response in accordance with Rule

21 34(b)(2) and produce all responsive documents to Almawave **within seven days of the date of**

22 **this order.**

23 **RFP 4:** this RFP seeks documents relating to any Loop employee, officer, or director engaging in

24 employment, consulting, or other work for monetary gain with any non-Loop person or entity

25 from 2011 to the present.  The requested documents are relevant to Almawave's potential

26 defenses, because Gatti has stated that Plaintiff did not enforce language in its employees'

27 employment agreements restricting outside employment.  As the RFP seeks relevant, discoverable

28 documents, Plaintiff shall amend its response in accordance with Rule 34(b)(2) and produce all

responsive documents to Almawave **within seven days of the date of this order.**

**RFPs 5, 6:** these two RFPs seek documents related to Plaintiff's knowledge or lack thereof of Anna Gatti engaging in employment, consulting, or other work with or for any of the Almawave entities (RFP 5) or any other entity (RFP 6) while she was employed by Plaintiff.  In its opposition, Plaintiff states that it is unable to identify the documents that Almawave believes constitute "knowledge," but also states that it has already produced all documents in its possession regarding this topic.  Pl.'s Opp'n at 1.  In its discovery response to RFP 5, it states, "Loop AI will produce any additional documents not already produced in the case, showing Gatti's concealment of her work for any of the Almawave entities."  It is not proper to produce only documents "not already produced in the case."  To the extent Plaintiff has responsive documents "showing Gatti's concealment of her work for any of the Almawave entities" or other entity(ies) that it has not yet produced to Almawave, it shall produce all such documents **within seven days of the date of this order.**

**RFPs 12, 13:** these two RFPs seek all documents relating to (RFP 12) or received from (RFP 13) Elettranova or any of its principals, officers, directors, employees or consultants, including Fabio Ficano.  Plaintiff objects that the RFPs are overbroad as to time and scope.  As to RFP 12, it responded that it would "produce any responsive documents in its possession, custody or control prior to February 6, 2015 that is reasonably related to the matters at issue in the lawsuit."  Plaintiff objected to RFP 13 on a number of grounds and did not state whether it was withholding responsive materials on the basis of its objections.

In their letters, the parties did not address the relevance of these RFPs; instead, they offered argument about the time frame at issue in the requests.  Almawave argues that discovery requests that lack specific dates are not objectionable, because "the Court looks to the substantive allegations in the [operative complaint] to determine the relevant time period for permissible discovery."  Almawave's letter at 2 (quoting *New York v. Mountain Tobacco Co.*, No. 12-cv-6276 (JS)(SIL), 2015 WL 3455080, at *1 n.1 (E.D.N.Y. May 29, 2015)).  While it may be true that the court can discern the relevant time period by reference to the operative complaint, it is certainly not helpful for Almawave to fail to clarify the temporal scope it seeks.  In any event, the court is

7

1    unable to assess these RFPs since the parties did not address the relevance of the documents

2    requested.  Almawave's motion to compel further responses to RFPs 12 and 13 is denied.

3    **RFPs 14, 15, 16**: these RFPs seek documents related to valuations of Loop, Loop's profits or

4    losses, and any damages Loop suffered.  Since Plaintiff's responses do not comply with Federal

5    Rule of Civil Procedure 34(b)(2), it is not clear whether Plaintiff has produced all responsive

6    documents.  As the RFPs seek relevant, discoverable documents, Plaintiff shall amend its

7    responses in accordance with Rule 34(b)(2) and produce all responsive documents to Almawave

8    **within seven days of the date of this order.**

9    **RFP 18, 20, 22-26:** these RFPs seek "all documents" related to entities and individuals with

10   whom Plaintiff had an economic relationship and with which Almawave interfered, according to

11   the allegations in Plaintiff's amended complaint.  They include a venture capital fund (FAC ¶¶ 27,

12   28); Orrick, Herrington & Sutcliffe LLP; "investment fund 1" (FAC ¶ 94); "investment fund 2"

13   (FAC ¶ 111); "investment fund 3" (FAC ¶ 113); "investment fund 4" (FAC ¶ 116); and

14   "investment fund 6" (FAC ¶ 146).  Plaintiff made a number of objections to the RFPs, including

15   that they are overbroad because they do not specify the subject matter or temporal scope of the

16   requests.  It also objected that the RFPs are unduly burdensome because they are "not tailored to

17   matters at issue in this case and the benefit to discovery is far outweighed by the burden" to

18   produce the requested documents.

19          Since Plaintiff's responses do not comply with Federal Rule of Civil Procedure 34(b)(2), it

20   is not clear whether Plaintiff has produced any documents responsive to these RFPs.  While the

21   RFPs seek documents related to Plaintiff's allegations, they are overbroad and unbounded by

22   subject matter or temporal scope.  Almawave provided no information or argument about what it

23   specifically seeks in these RFPs, and the court is unable to narrow them itself.  Accordingly,

24   Almawave's motion to compel further responses to these RFPs is denied.  However, the court

25   warns Plaintiff that to the extent Plaintiff seeks to use documents responsive to these RFPs (and

26   any other disputed RFPs) to support its claims, it may be precluded from doing so if it has failed to

27   provide such documents to Almawave as required by Rule 26(a) or Rule 26(e), unless it can

28   establish that the failure was substantially justified or is harmless.  *See* Fed. R. Civ. P. 37(c)(1).

United States District Court
Northern District of California

1   **RFP 19:** this RFP seeks all documents related to Dario Vignudelli, whom Plaintiff alleges aided

2   and abetted Gatti and the other Defendants in their wrongdoing.  Plaintiff made a number of

3   objections, including that the RFP is overbroad as to time and scope and is unduly burdensome

4   because it is "not tailored to matters at issue in this case and the benefit to discovery is far

5   outweighed by the burden" to produce the requested documents.  Plaintiff asserts that it "has

6   already produced all documents related to Vignudelli."  Pl.'s Opp'n at 2.

7            As with RFPs 18, 20, and 22-26, Plaintiff's response does not comply with Federal Rule of

8   Civil Procedure 34(b)(2).  Therefore, it is not clear whether Plaintiff has produced any responsive

9   documents.  While the RFP seeks documents related to Plaintiff's allegations, it is overbroad and

10  unbounded by subject matter or temporal scope.  Almawave provided no information or argument

11  about what it specifically seeks in this RFP, and the court is unable to narrow the RFP itself.

12  Accordingly, Almawave's motion to compel a further response to RFP 19 is denied.

13  **RFP 27:** this RFP seeks all documents related to Russell Reynolds Associates ("RRA") or any of

14  its principals, officers, directors, employees, or consultants.  Plaintiff alleges that RRA was

15  working for Almawave in 2014 and that its employee, Mario Pepe, was in contact with Gatti.

16  Plaintiff made a number of objections, including that the RFP is overbroad as to time and scope.

17           Plaintiff's response does not comply with Federal Rule of Civil Procedure 34(b)(2).

18  Therefore, it is not clear whether Plaintiff has produced any responsive documents.  While the

19  RFP seeks documents related to Plaintiff's allegations, it is overbroad and unbounded by subject

20  matter or temporal scope.  Almawave provided no information or argument about what it

21  specifically seeks in this RFP, and the court is unable to narrow the RFP itself.  Accordingly,

22  Almawave's motion to compel a further response to RFP 27 is denied.

23  **RFPs 28-30:** these RFPs seek documents related to "scientist 1," "company X," and "company

24  Z," to which Plaintiff referred in the FAC.  Plaintiff made a number of objections, including that

25  the RFPs are overbroad as to time and scope and "not reasonably calculated to lead to the

26  discovery of admissible evidence relevant to the claims and defenses in this action."

27           Plaintiff's responses do not comply with Federal Rule of Civil Procedure 34(b)(2).

28  Therefore, it is not clear whether Plaintiff has produced any responsive documents.  While the

RFPs seek documents related to Plaintiff's allegations, they are overbroad and unbounded by subject matter or temporal scope.  Almawave provided no information or argument about what it specifically seeks in these RFPs, and the court is unable to narrow the RFPs.  Accordingly, Almawave's motion to compel further responses to RFP 28-30 is denied.

**RFP 31:** this RFP seeks all documents relating to the transmission of any confidential Loop information by Gatti to any principal, officer, director, employee, or consultant to Almawave.  Plaintiff objected that the RFP seeks information that is in Defendants' sole possession and did not provide a response.

To the extent Plaintiff has any responsive documents in its possession, custody, or control, it shall produce them **within seven days of the date of this order.**

**RFP 33:** this RFP asks for all documents referred to in the FAC.  Plaintiff objected that the RFP is overbroad, vague, and unduly burdensome.  These objections are not well taken.  Moreover, Plaintiff's response does not comply with Federal Rule of Civil Procedure 34(b)(2).  Therefore, it is not clear whether Plaintiff has produced any responsive documents.  As the RFP seeks relevant, discoverable documents, Plaintiff shall amend its response in accordance with Rule 34(b)(2) and produce all responsive documents to Almawave **within seven days of the date of this order.**

III.   **CONCLUSION**

For the foregoing reasons, Almawave's motions to compel are granted in part and denied in part.  **Plaintiff shall serve amended responses to the interrogatories and RFPs noted above within seven days of the date of this order.**

**IT IS SO ORDERED.**

Dated: May 3, 2016



Donna M. Ryu
United States Magistrate Judge

10