UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>        Plaintiff,<br><br>    v.<br><br>ANNA GATTI, et al.,<br><br>        Defendants. | Case No. 15-cv-00798-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 260 |

On October 12, 2015, Plaintiff Loop AI Labs Inc. filed an administrative motion to file under seal Exhibit D to its Motion for Determination of Fee Award filed at Dkt. No. 258. Dkt. No. 260. On October 13, 2015, Defendant IQ System, Inc. filed an opposition to Plaintiff's motion. Dkt. No. 263. Having considered the parties' arguments, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion to file under seal.

**I.   LEGAL STANDARD**

Courts apply a "compelling reasons" standard when considering motions to seal documents like the ones at issue here. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (citations, internal quotation marks, and alterations omitted). The Court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain

1  judicial records, it must base its decision on a compelling reason and articulate the factual basis for
2  its ruling, without relying on hypothesis or conjecture." *Id.* at 1179 (internal quotation marks
3  omitted).

4  Records attached to motions that are only "tangentially related to the merits of a case" are
5  not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809
6  F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records must meet the
7  lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 8-9.
8  The "good cause" standard requires a "particularized showing" that "specific prejudice or harm
9  will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
10 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P.
11 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning"
12 will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## II.  DISCUSSION

Because a motion for fees and costs is a nondispositive motion, and only tangentially related to the merits of the case, the Court applies the "good cause" standard. Plaintiff contends that Exhibit D contains confidential information relating to attorney-work product time entries describing work counsel performed in connection with Defendant IQSystem Inc.'s Counterclaim. Defendant opposes the motion, arguing that attorney invoices are not work product, and thus are not confidential or privileged.

The Ninth Circuit has held that "the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege." *Clarke v. Am. Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992). "However, correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege." *Id.*

Here, portions of Exhibit D reveal the nature of the services provided and could potentially reveal Loop's litigation strategy. However, Exhibit D also contains nonprivileged information,

2

including the hourly billing rate, the number of hours billed, and the total amount billed.  Plaintiff has failed to establish good cause that such information is sealable, as it has provided no basis from which the Court can conclude specific harm or prejudice would result if the billing rates and hours were disclosed.  Accordingly, the motion to seal is GRANTED IN PART and DENIED IN PART.  By Monday May 9, 2016, Plaintiff shall file with the Court (1) an unredacted version of Exhibit D under seal, and (2) a redacted version of Exhibit D in the public record with only the descriptions of the work performed redacted.

**IT IS SO ORDERED.**

Dated:  5/6/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge