UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LOOP AI LABS INC,

          Plaintiff,

    v.

ANNA GATTI, et al.,

          Defendants.

Case No. 15-cv-00798-HSG   (DMR)

**ORDER ON PLAINTIFF'S MOTION TO
COMPEL DEPOSITIONS**

Re: Dkt. No. 591

      The court has received Plaintiff Loop AI Labs Inc.'s motion to compel Defendants Almawave USA, Inc., Almaviva S.p.A., and Almawave S.r.l. ("the Almawave Defendants") to produce four witnesses for deposition, and the Almawave Defendants' opposition thereto. [Docket Nos. 591, 599.]  The court finds this matter suitable for resolution without oral argument. Civ. L.R. 7-1(b).

      In its motion to compel, Plaintiff seeks an order compelling the Almawave Defendants to produce Valeria Sandei, Raniero Romagnoli, Mariantonietta Perri, and Luca Ferri for deposition. Each of these witnesses are located in Italy.  [*See* Docket No. 335, Dec. 10, 2015 Hr'g Tr. at 43.] Plaintiff deposed Sandei, Romagnoli, and Perri in California in January 2016 as part of jurisdictional discovery, and now seeks to depose them and Ferri on the merits.  Plaintiff argues that the "jurisdictional depositions were impeded and repeatedly interfered with by [the Almawave Defendants'] counsel," and that the Almawave Defendants "have refused to produce these witnesses and have ignored all depositions notices issued by Loop AI."  Mot. at 1.  Plaintiff describes examples of Almawave Defendants' counsel's allegedly obstructionist conduct during the prior depositions that it appears to claim necessitate additional depositions.  Mot. at 1-2. Plaintiff did not submit copies of the deposition notices at issue.

      With their opposition, the Almawave Defendants submitted copies of three letters they sent

1   to Plaintiff's counsel regarding the depositions of Italy-based witnesses.  In letters dated February

2   5, 2016 and February 18, 2016, defense counsel indicated that the Almawave Defendants

3   "contest[] that Loop is entitled to any additional deposition time with its witnesses," but asked

4   Plaintiff to immediately identify potential dates for the depositions of any Almawave witnesses in

5   Rome, Italy, should the court compel their depositions.  Defs.' Opp'n Ex. A.  It appears that

6   Plaintiff responded by proposing dates for the depositions to take place in San Francisco,

7   California.  In a letter dated March 3, 2016, the Almawave Defendants informed Plaintiff that they

8   did not agree to the dates or location proposed for the witnesses, but that if Plaintiff wished to

9   proceed with the depositions in Italy, it needed to advise Defendants immediately.  It also

10  informed Plaintiff that Sandei, Romagnoli, and Ferri might be available for deposition during the

11  week of March 14, 2016 in Rome, provided their schedules remained free.  *Id.*

12       Plaintiff's motion to compel the production of Sandei, Romagnoli, Perri, and Ferri for

13  deposition is denied.  Plaintiff's motion is based on its argument that the Almawave Defendants

14  refused to produce the witnesses deposition, but this is clearly contradicted by the Almawave

15  Defendants' correspondence in which they asked Plaintiff to propose dates for the depositions and

16  offered specific dates for the depositions before the close of fact discovery.[1]

17

18       **IT IS SO ORDERED.**

19  Dated: May 6, 2016

20

21                                  

22

23

24  _____

[1] The court notes that Plaintiff did not address the location of the depositions in its motion to
25  compel.  While the court ordered these witnesses to appear for jurisdictional depositions in
    California, [Docket No. 323], it did not rule that they (or any other Italy-based witnesses) would
26  be required to travel to the United States for any further depositions.  To the extent the parties
    disputed the location of the depositions, the general presumption is that the depositions of a
27  corporation through its agents should be conducted at the corporation's principal place of
    business.  *Fausto v. Credigy Servs. Corp.,* 251 F.R.D. 427, 429 (N.D. Cal. 2008).  Plaintiff never
28  raised with the court any argument about why the presumption should not apply in this instance.