UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LOOP AI LABS INC,
Plaintiff,
v.
ANNA GATTI, et al.,
Defendants.

Case No. 15-cv-00798-HSG (DMR)

**ORDER ON PLAINTIFF'S MOTIONS TO COMPEL**

Re: Dkt. Nos. 592, 594

The court has received the following discovery motions filed by Plaintiff Loop AI Labs Inc. ("Loop") and Defendants Anna Gatti and IQSystem, LLC's ("IQS LLC") oppositions thereto: Docket Nos. 592, 594, 603, 604. The court finds these matters suitable for resolution without oral argument. Civ. L.R. 7-1(b). For the following reasons, Plaintiff's motions are granted in part and denied in part.

## I. DOCKET NO. 592

In the discovery letter filed at Docket No. 592, Plaintiff moves to compel Gatti to provide further responses to its interrogatories and requests for production of documents ("RFPs").

### A. Interrogatories

Plaintiff propounded seventeen interrogatories. Gatti did not provide substantive responses to *any* of the interrogatories, objecting that they contain subparts and that the total number of interrogatories propounded is 57, in excess of the presumptive limit of 25 contained in Federal Rule of Civil Procedure 33. Gatti also objected to each interrogatory on the basis of California Civil Code section 2019.210, asserting that Plaintiff has failed to identify the trade secrets at issue in this action with particularity, and objected on relevance and overbreadth grounds to interrogatory nos. 1, 6, 7, and 9.

The court has examined the interrogatories at issue. Most of Gatti's objections are

unfounded. First, with respect to California Civil Code section 2019.210, Gatti objected that Plaintiff has alleged a claim for misappropriation of trade secrets pursuant to California Civil Code section 3426, California's Uniform Trade Secrets Act ("CUTSA"). Section 2019.210 provides that in any action alleging misappropriation of trade secrets under CUTSA, "before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity . . ." Cal. Civ. Proc. Code § 2019.210. While this court previously held that section 2019.210 applies in this case and ordered Plaintiff to sufficiently identify the trade secrets at issue, it denied Defendant IQSystem Inc.'s motion to stay all discovery in this case pending Plaintiff's compliance with disclosure requirements. [Docket No. 331.] The court specifically held that section 2019.210 "only supports a stay of 'discovery related to the trade secret[s].'" *Id*. at 7. In ruling on a subsequent motion for a protective order brought by Defendants Gatti, IQS LLC, and IQSystem Inc., the court overruled Defendants' objections to five subpoenas based on section 2019.210, noting, *inter alia*, that there was no indication that the subpoenas at issue related solely to Plaintiff's CUTSA claim. [Docket No. 437.] Defendant IQSystem Inc. later filed a motion challenging the sufficiency of Plaintiff's trade secret disclosure that remains pending before the undersigned.

The court is at a loss to understand why Gatti maintained objections to Plaintiff's discovery based on section 2019.210 in light of the court's prior orders, particularly where Gatti has not herself challenged the sufficiency of Plaintiff's trade secret disclosure, and makes no attempt to explain how the interrogatories relate solely to Plaintiff's CUTSA claim. Gatti's section 2019.210 objections are again overruled.

Next, Gatti objects that interrogatory nos. 1, 7, and 9 are overbroad as to temporal scope, and that nos. 6, 7, and 9 seek information that is not relevant. These objections are overruled. As to interrogatory no. 9, which seeks contact information for specified individuals, Gatti asserted a privacy objection, but does not explain how the individuals' privacy would not be sufficiently protected if such information is designated confidential pursuant to the parties' protective order. That objection is overruled.

Finally, Gatti objects that the interrogatories contain discrete subparts. Federal Rule of

United States District Court
Northern District of California

Civil Procedure 33(a) permits a party to serve up to 25 interrogatories, "including all discrete subparts," "[u]nless otherwise stipulated or ordered by the court." While the rule does not define the term "discrete subparts," "courts generally agree that 'interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). Applying that construction of the term "discrete subparts," the court concludes that interrogatory nos. 1 through 8 do not contain subparts. Therefore, Gatti should have provided full, complete responses to those interrogatories. However, interrogatory no. 9 contains 21 subparts. Therefore, Gatti must provide full, complete responses to interrogatory no. 9, subsections one through seventeen (Mariantonietta Perri). She need not respond to the remaining interrogatories as they are in excess of the number permitted by Rule 33(a).

Gatti shall provide full, complete responses that are verified under oath to interrogatory nos. 1 through 9 subsection (17) **within seven days of the date of this order.**

**B. RFPs**

Plaintiff propounded 93 RFPs. Gatti served objections to each RFP and provided a response to only one, RFP 55.

When responding to RFPs, a party must produce all relevant documents within its "possession, custody or control." Federal Rule of Civil Procedure 34(b)(2) states:

> (B) *Responding to Each Item*. For each item or category [of items to be inspected], the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.
>
> (C) *Objections*. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

Fed. R. Civ. P. 34(b)(2)(B), (C). The requesting party "is entitled to individualized, complete responses to each of the requests, . . . accompanied by production of each of the documents

responsive to the request, regardless of whether the documents have already been produced [to the requesting party]." *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006).

Gatti's responses to all of Plaintiff's RFPs except RFP 55 do not comply with Rule 34(b)(2). According to the Advisory Committee, "[t]he specificity of the objection [required by Rule 34(b)(2)(B)] ties to the new provision in Rule 34(b)(2)(C) directing that an objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34, Advisory Committee Notes to 2015 Amendments. The 2015 amendments to Rule 34 were intended to "end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections." *Id*. The timing and substance of Gatti's document productions are unclear; it appears that Gatti made a small production of documents in December 2015, and then supplemented her production on the eve of her deposition in April 2016. [Docket No. 592 at 2.] Her RFP responses, which do not state whether any responsive materials are being withheld on the basis of objections, compound this confusion. They are thus improper and inappropriate. Gatti must amend her responses (with exceptions noted below) to comply with Rule 34(b)(2) **within seven days of the date of this order.**

Turning to Gatti's specific objections to the RFPs, Gatti's section 2019.210 objections are overruled for the reasons stated above. She makes additional objections based on attorney client privilege and work product protection, relevance, overbreadth as to temporal scope, and privacy. As to documents withheld on privilege and work product protection grounds, it appears that Gatti has not provided a privilege log, in violation of the court's Standing Order. Gatti shall produce a privilege log in accordance with the court's Standing Order **within seven days of the date of this order.**

The court has reviewed each of the RFPs at issue. Regarding Gatti's relevance, overbreadth, and privacy objections, the court sustains Gatti's objections as to the following RFPs: 13, 45, 47, 48, 60, 66, 71, 73, 74, 76, 79, 83, 84, 93. These RFPs either seek information that is not clearly relevant to the claims and defenses in this case, are incurably overbroad, and/or seek

private information. Gatti need not provide amended responses to those RFPs.

Many of the remaining RFPs are overbroad as to temporal scope. The court limits the following RFPs to a reasonable period of time connected to the wrongdoing alleged in the operative complaint, or January 1, 2012 through December 31, 2015: 11, 16, 21, 44, 57, 58, 62, 65, 72, 75.

RFP 9, which seeks documents and communications related to Gatti's attempts to collect unemployment, and RFP 14, which seeks documents and communications related to consulting opportunities offered to Gatti prior to her creation of IQS LLC, are limited to the time period January 1, 2010 to 2015.

RFPs 30 and 34, which seek all communications between Gatti and Tony DiNapoli and Gennaro DiNapoli, are limited to communications between January 1, 2012 through December 31, 2015 that are related to the allegations in the operative complaint.

Finally, RFP 31, which seeks all communications between any of the Almawave Defendants and Gatti, Tony DiNapoli, and/or the IQSystem Defendants, is limited to communications between January 1, 2010 to 2015.

Gatti's objections to the remaining RFPs are overruled.

Gatti shall produce all documents responsive to the above RFPs that are in her possession, custody, or control **within seven days of the date of this order**.

## II. DOCKET NO. 594

In the discovery letter filed at Docket No. 594, Plaintiff moves to compel IQS LLC to provide further responses to its interrogatories and first set of RFPs.

### A. Interrogatories

Plaintiff propounded a total of 14 interrogatories to IQS LLC. As with Gatti's response, IQS LLC did not provide substantive responses to any of the interrogatories, objecting that they contain subparts and that the total number of interrogatories propounded is in excess of 25. IQS LLC also objected to each interrogatory on the basis of California Civil Code section 2019.210, and objected on relevance, overbreadth, and/or privacy grounds to many of the interrogatories.

IQS LLC's objections based on California Civil Code section 2019.210 are overruled for

United States District Court
Northern District of California

the reasons stated above. As to the subparts objection, the court concludes that interrogatory nos. 1 through 6 do not contain subparts. IQS LLC should have provided full, complete responses to those interrogatories. Interrogatory no. 7 contains 44 subparts. Therefore, IQS LLC must provide full, complete responses to interrogatory no. 7, through subsection (37) ("September 22, 2014 meeting in CA with Valeria Sandei and 'IQSystem'). It need not respond to the remaining interrogatories as they are in excess of the number permitted by Rule 33(a).

IQS LLC's remaining objections to interrogatory nos. 1 through 7 are overruled. IQS LLC shall provide full, complete responses that are verified under oath to interrogatory nos. 1 through 7 subsection (37) **within seven days of the date of this order.**

**B. RFPs, Set No. 1**

Plaintiff propounded a total of 56 RFPs to IQS LLC. IQS LLC provided only objections to the RFPs. None of its responses comply with Rule 34(b)(2). IQS LLC must amend its responses (with exceptions noted below) to comply with Rule 34(b)(2) **within seven days of the date of this order.** IQS LLC's section 2019.210 objections are overruled for the reasons stated above.

IQS LLC also objected to the RFPs based on attorney client privilege and work product protection, relevance, overbreadth as to temporal scope, and privacy. As to documents withheld on privilege and work product protection grounds, it is not clear whether IQS LLC has produced a privilege log. IQS LLC shall produce a privilege log in accordance with the court's Standing Order **within seven days of the date of this order.**

The court has reviewed each of the RFPs at issue. Regarding IQS LLC's relevance, overbreadth, and privacy objections, the court sustains the objections as to the following RFPs: 13, 29, 31, 46, 54. These RFPs either seek information that is not clearly relevant to the claims and defenses in this case, are incurably overbroad, and/or seek private information. IQS LLC need not provide amended responses to those RFPs.

As to temporal scope, IQS LLC objected to many RFPs on the ground that they call for documents created prior to any allegation in the FAC and created subsequent to the filing of the FAC. The court notes that the operative complaint alleges wrongdoing by Defendants dating from 2012 through early 2015, but it appears that IQS LLC was not founded until 2013, because in a

United States District Court
Northern District of California

sworn declaration submitted by Defendant Gatti, she states that she "decided to open IQsystem LLC" at the end of 2013. [Docket No. 24-1 (Gatti Decl., March 5, 2015) ¶ 18.] Many of Plaintiff's RFPs seek documents from a specific date "to the present." For these RFPs, IQS LLC need not produce documents dated after 2015: 7, 8, 26, 27, 32, 33, 41, 43, 47, 51.

For the following RFPs which do not specify a timeframe, IQS LLC shall produce documents from its founding through 2015: 2, 3, 4, 6, 15-23, 25, 30, 36-39, 42, 44, 48-50.

RFP 24, which seeks all communications between Tony DiNapoli and Gatti from January 2014 to the present, is limited to communications between January 1, 2012 through December 31, 2015 that are related to the allegations in the operative complaint.

RFP 56 asks IQS LLC to produce for inspection all of Plaintiff's electronic devices used by Gatti to perform work, services, or activities for or on behalf of IQS LLC. To the extent IQS LLC is still in possession of any of Plaintiff's electronic devices, it shall produce such devices for inspection.

IQS LLC's objections to the remaining RFPs are overruled.

IQS LLC shall produce all responsive documents and devices that are in its possession, custody, or control **within seven days of the date of this order**.

## III. SANCTIONS

On December 10, 2015, the court held a hearing at which it ordered Gatti and IQS LLC "to produce all documents that [were] not subject to objections" by December 18, 2015. The court warned the parties that "[a]ny objections that are not substantially justified shall expose the objecting party to sanctions." [Docket No. 323.] It does not appear that Gatti and IQS LLC ever served amended responses to the RFPs at issue in these motions, as their written responses are dated September 18, 2015 and September 21, 2015, respectively. The court concludes that Gatti and IQS LLC's objections to Plaintiff's discovery were not substantially justified. Accordingly, sanctions appear warranted pursuant to Rule 37(a)(5)(ii).

By no later than May 20, 2016, Plaintiff shall elect between the following options, should the court decide to impose sanctions: (1) After Gatti and IQS LLC provide full responses to the interrogatories and RFPs as set forth above, Gatti shall appear for an additional seven hours of

United States District Court
Northern District of California

deposition solely to address information disclosed in the further responses and document productions. Gatti and IQS LLC shall pay the court reporter costs, but not the cost of a videographer; **or** (2) Gatti and IQS LLC shall pay Plaintiff's reasonable attorneys' fees incurred in making these motions to compel. Plaintiff shall file a letter simply electing option (1) or (2), and nothing more. If the court decides to impose monetary sanctions, Plaintiff will be given an opportunity in the future to provide support for the amount requested. So that Gatti and IQS LLC have an opportunity to be heard prior to the imposition of any sanction, *see* Fed. R. Civ. P. 37(a)(5)(A), Gatti and IQS LLC may each file a 2-page letter setting forth any argument against the imposition of sanctions, or against Plaintiff's elected option by no later than May 25, 2016.

**IT IS SO ORDERED.**

Dated: May 6, 2016




Donna M. Ryu
United States Magistrate Judge