UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>                   Plaintiff,<br><br>     v.<br><br>ANNA GATTI, et al.,<br><br>                   Defendants. | Case No. 15-cv-00798-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES**<br><br>[REDACTED]<br><br>Re: Dkt. No. 258 |

On September 2, 2015, the Court granted a motion by Loop AI Labs Inc. ("Loop") to strike IQ System, Inc.'s ("IQS") counterclaim for intentional interference with contractual relations pursuant to California's anti-SLAPP statute. Dkt. No. 184. Pending before the Court is Plaintiff's related motion for determination of attorneys' fee. Dkt. No. 258

## I.   LEGAL STANDARD

The "prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1). "[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." *Ketchum v. Moses*, 24 Cal.4th 1122, 1131 (2001). "The dual purpose of this mandatory attorney fee award is to discourage meritless lawsuits and to provide financial relief to the victim of a SLAPP lawsuit 'by imposing the litigation costs on the party seeking to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.'" *City of Los Angeles v. Animal Def. League*, 135 Cal.App. 4th 606, 627 n.19 (2006). "The defendant may

recover fees and costs only for the motion to strike, not the entire litigation." *Christian Research Inst. v. Alnor*, 165 Cal.App. 4th 1315, 1320 (2008). But, "an award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees" under the anti-SLAPP statute. *Ketchum*, 24 Cal.4th at 1141.

An award of attorney's fees and costs pursuant to § 425.16(c)(1) must be reasonable. *Minichino v. First California Realty*, No. C-11-5185 EMC, 2012 WL 6554401, at *3 (N.D. Cal. Dec. 14, 2012) (citing *Robertson v. Rodriguez*, 36 Cal.App. 4th 347, 362 (1995) ("We readily conclude section 425.16 similarly authorizes an award of *reasonable* attorney fees to the prevailing party." (emphasis in original))). "[A] court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case.'" *Ketchum*, 24 Cal.4th at 1131–32; *see also Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) ("The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.").

"As the moving party, the prevailing defendant seeking fees and costs bear[s] the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. To that end, the court may require [a] defendant[ ] to produce records sufficient to provide a proper basis for determining how much time was spent on particular claims." *Alnor*, 165 Cal.App. 4th at 1320 (quotations and citations omitted). A court has broad discretion in determining the reasonable amount of attorney's fees and costs to award. *Id.* at 1321-22.

II.  **DISCUSSION**

Because Loop prevailed on its motion to strike, it is entitled to a mandatory award of reasonable attorney's fees. As an initial matter, the Court rejects several of IQS's arguments.

First, contrary to IQS's contention, the Court finds that Loop sufficiently complied with the local rules. *See* Civ. L-R 54(d) (requiring the parties to meet and confer, and to provide the Court a statement of services rendered and time spent by each person and a "brief description of relevant qualifications and experience"). Second, IQS argues that Loop's "fee agreement must be produced." Dkt. No. 281 at 7. Although IQS is correct that the fee agreement is discoverable and

could be subject to production, the Court does not need to rely on the fee agreement in this case to determine the reasonableness of the requested fees. *See* Fed. R. Civ. P. 54(d)(b)(2)(iv) (requiring a motion for attorneys' fees to "disclose, *if the court so orders*, the terms of any agreement about fees for the services for which the claim is made" (emphasis added)). Finally, IQS argues that at the time the relevant work was performed, attorneys Diana Wong, Bryan Wolin, and Eric Lerner were not admitted *pro hac* vice in this district, and therefore, cannot be awarded fees for the work they performed. The Court disagrees. "The Ninth Circuit has held that an out-of-state attorney can recover fees for work so long as the attorney (1) was eligible to be admitted pro hac vice as a matter of course, or (2) did not 'appear' before the court." *Santiago v. Equable Ascent Fin.*, No. C 11-3158 CRB, 2013 WL 3498079, at *4 (N.D. Cal. July 12, 2013) (citing *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 822–23 (9th Cir. 2009)); *see also Waite v. Clark Cty. Collection Serv.*, LLC, 606 F. App'x 864, 866 (9th Cir. 2015). The Court finds that fees are appropriate under the first *Winterrowd* prong, as the three attorneys were eligible to be admitted *pro hac* vice. Wolin and Wong ultimately were admitted *pro hac* vice, and IQS offers no basis for this Court to think that Lerner would not have similarly been admitted if he had applied.

With these preliminary issues resolved, the Court examines the reasonableness of Loop's requested fee award: $21,906.84.

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11). The relevant community for purposes of determining the prevailing market rate is generally the "forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

The Court finds that the requested rates are consistent with those prevailing in the community for similar services by lawyers of comparable skill and experience. Loop proposes an hourly rate of $230 for associates Bryan Wolin and Diana Wong. Dkt. No. 258, Ex. E. Both are 2012 law school graduates who have been working for Healy LLC since September and October 2012, respectively. For attorney Eric Lerner, a 2000 law school graduate who has private practice

experience in complex commercial intellectual property litigation, Loop proposes a rate of $365 per hour. Dkt. No. 258, Ex. E. And last, for attorney Valeria Healy, a 2003 law school graduate, and a partner and founder of Healy, LLC, Loop proposes $440 per hour. Dkt. No. 258, Ex. E. Although the Court could have benefited from more detailed information regarding the skill and experience of each attorney, the Court finds that the information provided is sufficient, in light of each attorney's years of practice and status in the firm, to conclude that the requested hourly rates are within the range of reasonable rates in the Northern District. *See*, *e.g.*, *Henry v. Bank of Am. Corp.*, No. C 09-0628 RS, 2010 WL 3324890, at *3 (N.D. Cal. Aug. 23, 2010) (approving rates of $225 per hour for the associate and $515 per hour for the partner); *Minichino*, 2012 WL 6554401, at *5 (finding attorneys with nine and fourteen years of experience reasonably had billing rates ranging from $450-555); *Braden v. BH Fin. Servs., Inc.*, No. C 13-02287 CRB, 2014 WL 892897, at *6-7 (N.D. Cal. Mar. 4, 2014) (approving rates of $610 per hour for partners, and $310 per hour for managing attorney with over eight years of experience).

As a part of the lodestar analysis, the Court also has discretion to determine the number of hours reasonably expended. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (noting that a district court has discretion in assessing a fee award amount that is "appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters"). In determining a reasonable amount of time spent, the Court should award fees only based on "the number of hours reasonably expended on the litigation" and exclude "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 433-34. "There is no precise rule or formula for making these determinations." *Id.* at 436. "The court necessarily has discretion in making this equitable judgment." *Id.* at 437.

In especially complex cases, courts have upheld attorneys' fees for prosecuting anti-SLAPP motions, finding 200 expended hours reasonable under the circumstances. *See Piping Rock Partners, Inc. v. David Lerner Associates, Inc.*, No. 12-CV-04634-SI, 2015 WL 4932248, at *5 (N.D. Cal. Aug. 18, 2015) (two law firms prosecuted the motion which "involved roughly a dozen defamatory statements, three causes of action, and complex issues of law—such as whether certain websites constitute a 'public forum'"); *see also Henry*, 2010 WL 3324890, at *3 (finding

4

1   285.10 hours reasonable where the motion to strike was litigated for over a year and involved an
2   initial motion, a renewed motion, and multiple rounds of discovery).  This is not one of those
3   cases.  Starting on March 16, 2015, when IQS filed its counterclaim alleging a single count of
4   tortious interference with contractual relations, Dkt. No. 33, the parties spent less than six months
5   litigating the counterclaim.  During this time, Loop filed an answer to the counterclaim and the
6   parties briefed the motion to strike.[1]

7   In addition to the relatively straightforward issues in the underlying motion, the Court
8   finds, after reviewing Loop's billing invoice, that much of the work performed was redundant and
9   excessive.  For example, on April 2, 2015, Lerner spent three hours revising, reviewing, and
10  finalizing ▇▇▇▇▇▇▇▇▇▇.  After April 2, Wong spent four hours and forty minutes further
11  editing ▇▇▇▇; Lerner spent an additional four hours and thirty minutes, Healy spent an
12  additional twelve hours and twenty-seven minutes, and Wolin spent an additional two hours and
13  thirty minutes, ▇▇▇▇▇▇▇▇▇▇  These reported times are not reasonable in light of the
14  length of the motion, the number of cases cited, and the complexity of the issue presented.
15  Furthermore, the reported times are also inconsistent with each attorney's experience level.  For
16  example, in light of Healy and Lerner's years of practice, the Court finds that the hours expended
17  on reviewing the counterclaim and preparing the answer (22:30 hours), and on drafting and editing
18  the motion to strike (20:12) unreasonable.

19  Healy, Lerner, Wong, and Wolin reportedly each expended 24:34, 23:00, 9:15, and 2:30
20  hours.  Dkt. No. 258-1.  The Court adjusts the hours, and corresponding amounts billed, as
21  follows:

| **Attorneys**    | **Reduced Hours** | **Total Amount Billed** |
| ---------------- | ----------------- | ----------------------- |
| Healy ($440/hr)  | 16:00             | $7,040                  |

---

[1] IQS argues that the 22.3 hours spent drafting the answer was not reasonable, because an answer need not be filed until after determination of the motion to strike.  Dkt. No. 281 at 3.  That an answer was not required, however, does not mean that Loop was not permitted to file one or that the decision to file one is unreasonable.  IQS has not cited any case law to the contrary; accordingly, the Court rejects IQS's contention.

| Lerner ($365/hr) | 15:00 | $5,475 |
|---|---|---|
| Wong ($230/hr) | 6:00 | $1,380 |
| Wolin ($230/hr) | 2:00 | $460 |
| **Total** | **39:00** | **$14,355** |

Although an across-the-board fee reduction is not the preferred approach, all things being equal, the Court finds that the redundant substance and limited detail in the invoice necessitate such an approach here. *See Fallay v. San Francisco City & Cty.*, No. C 08-2261 CRB, 2016 WL 879632, at *5 (N.D. Cal. Mar. 8, 2016) ("Because the Court cannot with precision eliminate particular billing entries that are, in the Court's determination . . . excessive, the Court will have to approximate, using its broad discretion."); *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1150 (9th Cir. 2001) (approving percentage of across-the-board fee cuts only when the district court provides a reasonable explanation for the cut). The across-the-board reduction is appropriate in light of the minimal complexity of the single cause of action, the limited duration from start to finish of the SLAPP litigation, and the length and breadth of the filed answer and briefings. Additionally, the reduced hours are more consistent with other cases from this district where Courts have faced motions of similarly limited complexity. *See, e.g.*, *Blackburn v. ABC Legal Servs., Inc.*, No. 11-CV-01298 JSW NC, 2012 WL 1067632, at *6 (N.D. Cal. Feb. 24, 2012), report and recommendation adopted, No. C 11-01298 JSW, 2012 WL 1067551 (N.D. Cal. Mar. 28, 2012) (finding 37 hours expended on anti-SLAPP motion including preparation for the fee motion, which took 7.4 hours, reasonable); *Minichino*, 2012 WL 6554401, at *8 (finding 27.4 hours expended on anti-SLAPP motion reasonable).

Accordingly, Loop is entitled to compensation for 39 hours of work on the motion, which amounts to $14,355 in fees. The Court also awards Loop fees incurred with respect to enforcing its mandatory right to fees under § 425.16. *See Ketchum*, 24 Cal. 4th at 1141. Loop shall submit billing records indicating the number of hours expended on the instant motion within four days of the date of this order. The Court denies the request for interest on the total fee request, as Loop has cited no authority indicating that interest is awarded in an anti-SLAPP fee case.

### III. CONCLUSION

For the foregoing reasons, the motion is GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED.**

Dated: 5/9/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge