UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>    Plaintiff,<br><br>v.<br><br>ANNA GATTI, et al.,<br><br>    Defendants. | Case No. 15-cv-00798-HSG   (DMR)<br><br>**ORDER ON DISPUTE RELATED TO DEPOSITION OF DEFENDANT GATTI**<br><br>Re: Dkt. Nos. 585, 605 |

    On April 4, 2016, the parties sought the court's intervention related to a dispute that arose during the deposition of Defendant Anna Gatti. The dispute related to Defendant Almawave USA, Inc.'s ("Almawave") objection and instruction to Gatti not to answer a question based on attorney-client privilege. The court ordered Almawave and Plaintiff Loop AI Labs Inc. ("Loop") to submit further briefing on the dispute. [Docket No. 563 (Minute Order).] The parties timely filed their submissions. [Docket No. 585 (Almawave's brief); 605 (Plaintiff's brief).] This dispute is appropriate for resolution without a hearing. Civ. L.R. 7-1(b).

    The question at issue was, "did you have any discussion with [Valeria Sandei] about the legality of their retaining you to work as the CEO of the company while you continued to be the CEO of Loop AI?" Plaintiff's Brief Ex. 1. In its submission, Almawave indicates that the dispute is moot because Gatti subsequently provided an unequivocal answer to the question after counsel reconsidered the instruction not to answer. Although the parties did not submit the relevant portion of the deposition transcript, it appears that Gatti answered the question by testifying that she did not recall.

    While Plaintiff acknowledges that Gatti eventually answered the question, it argues that Almawave colluded with Gatti during a break, "resulting in Ms. Gatti's alleged lack of recollection . . . [which] was clearly calculated to attempt to moot the Court's decision to resolve

the issue." Plaintiff's Brief at 2. Plaintiff asserts that the issue of Almawave's alleged improper assertion of attorney-client privilege "remains as to dozens of written communications over the identical topic," and attaches an excerpt of entries from Almawave's privilege log related to communications about Gatti's employment with Almawave. *Id.*; *see* Plaintiff's Brief Ex. 2.

Because Gatti provided a response to the question that was the subject of the parties' request for intervention, the parties' dispute is moot. To the extent Plaintiff uses this dispute as a vehicle to attempt to compel Almawave to produce documents withheld on the basis of the attorney-client privilege, Plaintiff's attempt is denied. Fact discovery is closed. Plaintiff did not file a timely motion to compel these documents.

**IT IS SO ORDERED.**

Dated: May 10, 2016



Donna M. Ryu
United States Magistrate Judge