UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>ANNA GATTI, et al., <br><br>　　　　Defendants. | Case No. 15-cv-00798-HSG   (DMR) <br><br>**ORDER ON MARCH 29, 2016 ORDER TO SHOW CAUSE RE PLAINTIFF'S PRIVILEGE LOG** <br><br>Re: Dkt. Nos. 540, 576 |

On March 29, 2016, the court issued an Order to Show Cause directed to Plaintiff Loop AI Labs Inc. ("Loop") related to its privilege log. [Docket No. 540 ("OSC").] Plaintiff filed a response to the OSC on April 6, 2016. [Docket No. 576.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the court finds that Plaintiff has waived the attorney-client privilege and work product protection as to most documents withheld from production.

**I.     DISCUSSION**

　　**A.     Legal Standards**

Federal Rule of Civil Procedure 26(b)(5) provides that a party withholding information under a claim that it is privileged or subject to protection as trial preparation material must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim. *See* Fed. R. Civ. Proc. 26(b)(5).

The court's June 2015 Notice of Reference and Order re Discovery Procedures provided that parties must "promptly provide a privilege log" if a party withholds responsive information by claiming privilege or protection. [Docket No. 117.] The court issued a January 27, 2016 Notice of Amended Discovery Procedures, which provides that "[i]f a party withholds responsive

information by claiming that it is privileged or otherwise protected from discovery, that party shall produce a privilege log as quickly as possible, but **no later than fourteen days after its disclosures or discovery responses are due**, unless the parties stipulate to or the court sets another date." [Docket No. 401 at 4.] Thus, Rule 26 and this court's Standing Orders impose an affirmative obligation on parties to promptly disclose information about documents withheld pursuant to privilege or protection in the form of a privilege log.

The Ninth Circuit has held that the failure to timely produce a privilege log may result in waiver of asserted privileges. *Burlington Northern & Santa Fe Railway Co. v. United States District Court*, 408 F.3d 1142, 1149 (9th Cir. 2005),

### B. Background

On March 8, 2016, Defendant Almawave USA, Inc. ("Almawave") filed a unilateral discovery letter brief regarding Plaintiff's refusal to produce a privilege log in connection with its September 2015 document production. [Docket No. 451.] In its letter, Almawave requested an order deeming Plaintiff's failure to produce a privilege log a waiver of any claimed privileges, and asked the court to order Plaintiff to produce all documents withheld on privilege grounds.

The court did not rule on the merits of Almawave's unilateral letter brief, and in fact, denied it for failure to comply with the court's procedures. [Docket No. 461.] However, the letter brought to the court's attention the fact that Plaintiff potentially had violated its standing order on privilege logs. Applying its inherent authority[1] to control its docket, on March 9, 2016, the court ordered Plaintiff to produce a privilege log in accordance with the Notice of Amended Discovery Procedures by no later than March 16, 2016. [Docket No. 456.]

On March 18, 2016, Almawave filed an administrative motion for leave to file a unilateral

---

[1] The Ninth Circuit has recognized the "well established" principle that "[d]istrict courts have inherent power to control their dockets." *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir 1998) (alteration in original). Moreover, "all federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc) (citations omitted). "These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citation omitted).

discovery letter brief in which it asserted that Plaintiff had not complied with the court's March 9, 2016 order to produce a privilege log by March 16, 2016. It sought leave to file a motion to compel Plaintiff's production of documents over its privilege claims based on waiver. [Docket No. 498.] Plaintiff did not timely oppose Almawave's administrative motion and did not refute Almawave's representations about its failure to produce a privilege log. Therefore, on March 29, 2016, the court ordered Plaintiff to show cause in writing by April 5, 2016 why it should not be sanctioned for failing to comply with the court's March 9, 2016 order, and why its failure to produce a privilege log should not be deemed a waiver of any asserted privileges.

Plaintiff filed a late response to the OSC in which it admits that it did not produce a privilege log by March 16, 2016, as ordered by the court. [Docket No. 576.] The response is unpersuasive. Plaintiff argued that Plaintiff's counsel interpreted the court's denial of Almawave's March 8 unilateral discovery letter as a "modification" of its order directing Plaintiff to serve a privilege log by March 16, 2016. According to counsel, Plaintiff thus believed that it was "relieved" of the requirement to follow the court's order. This is an unreasonable interpretation for two reasons: 1) Almawave's March 8 unilateral discovery letter, which the court denied, did not seek relief in the form of an order directing Plaintiff to produce a privilege log, and 2) the court's order denying Almawave's March 8 letter made absolutely no mention of vacating, amending, or modifying its order directing Plaintiff to produce a privilege log.

Remarkably, as of April 6, 2016, the date Plaintiff filed its late response to the OSC, Plaintiff *still had not complied with the court's order to produce a privilege log*. Instead, Plaintiff asserts that it repeatedly advised Almawave that it needed more time to produce a privilege log, and had notified Almawave of its intention to produce a privilege log by April 11, 2016. Plaintiff also asserts that its privilege log "has no materiality to any aspect of this case," and that "[n]othing of any relevance to this case is going to be discovered" through its privilege log. [Docket No. 576 at 2.] It does not otherwise explain why its failure to produce a privilege log should not be deemed a waiver of privilege.

Plaintiff finally served a privilege log on April 11, 2016. While Plaintiff's response to the OSC was under submission, on April 28, 2016, Almawave filed a third administrative motion

3

related to Plaintiff's privilege log. In its administrative motion, Almawave seeks leave to file a unilateral letter brief regarding the sufficiency of Plaintiff's privilege log. [Docket No. 630.] Plaintiff filed a timely opposition. [Docket No. 637.] On May 10, 2016, in order to evaluate Plaintiff's response to the OSC, the court ordered Plaintiff to submit a copy of its April 11, 2016 privilege log for the court's review. [Docket No. 667.] Plaintiff filed the privilege log on May 11, 2016. [Docket No. 670-1 (Privilege Log).]

### C.  Analysis

In *Burlington Northern*, the Ninth Circuit held that "boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege," while rejecting a "*per se* waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit." 408 F. 3d at 1149. Using the 30-day period "as a default guideline," the Ninth Circuit instructed courts to make a "case-by-case determination" of whether a party has waived privilege using the following factors: 1) "the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged"; 2) "the timeliness of the objection and accompanying information about the withheld documents"; 3) "the magnitude of the document production"; and 4) "other particular circumstances of the litigation that make responding to discovery unusually easy . . . or unusually hard." *Id.* The court noted that "these factors should be applied in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process." *Id*.

The first and second *Burlington* factors examine the opposing party's ability to assess the applicability of the claimed privilege or protection and the timeliness of information about withheld documents. Here, Almawave was literally unable to assess or challenge Plaintiff's claimed privileges or protection because Plaintiff did not serve a privilege log until April 2016, approximately seven months after Plaintiff's initial production, and after fact discovery closed on March 29, 2016. Plaintiff's privilege log was thus grossly late. Moreover, Plaintiff's service of its privilege log in April 2016 violated *three* separate court orders: the June 2015 Notice of Reference

4

and Order re Discovery Procedures, (Docket No. 117); the court's January 2016 Notice of Amended Discovery Procedures; and the court's March 9, 2016 order to produce a privilege log by March 16, 2016. Finally, Plaintiff's privilege log is plainly deficient. It contains no information about the titles and descriptions of the withheld documents, nor does it identify the subject matters addressed in the documents. This is exactly the kind of information that would enable Almawave to assess whether the assertion of privilege or protection is justified. It is also the kind of information that is required by Rule 26(b)(5), as well as the court's standing orders.

Plaintiff's response to the OSC does not address any of the other *Burlington* factors, such as the magnitude of the documents produced or "particular circumstances of the litigation" that make responding to discovery unusually easy or unusually hard. The court notes that Plaintiff's untimely privilege log is only four pages long and contains less than 50 entries, which does not indicate that the volume of documents at issue was particularly burdensome in the context of producing a privilege log. Plaintiff simply asserts that its privilege log is not important to this litigation and complains about the sufficiency of Almawave's own privilege log.

Applying the *Burlington* factors "in the context of a holistic reasonableness analysis," the court concludes that Plaintiff has waived any privilege or protection it has belatedly asserted in its April 2016 privilege log based on the log's untimeliness and deficiencies, as described above. *See Burlington*, 408 F.3d at 1149 ("Here, the district court found a waiver where the log not only was not filed during the Rule 34 time limit, but was filed *five months* later. In the absence of mitigating considerations, this fact alone would immunize the district court's ruling from reversal under the standard just articulated."). Plaintiff has also waived any privilege or protection for all documents responsive to Almawave's discovery requests that Plaintiff withheld on privilege or protection grounds but failed to list on its privilege log, including pre- and post-litigation communications with third parties. However, this waiver does *not* extend to privileged communications involving trial counsel that post-date the filing of the complaint.

The court recognizes that waiver is a severe outcome, but such an outcome is warranted by Plaintiff's repeated and unjustified failures to provide a timely and useable privilege log.

## II.   CONCLUSION

The court's March 29, 2016 OSC is discharged.  Plaintiff shall produce the documents described above for which the court deems the attorney-client privilege and work product production waived **within seven days of the date of this order.**

Almawave's March 18, 2016 and April 28, 2016 administrative motions are denied as moot in light of the court's determination of its OSC above.

**IT IS SO ORDERED.**

Dated: May 13, 2016



Donna M. Ryu
United States Magistrate Judge