UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ANNA GATTI, et al.,<br><br>　　　　Defendants. | Case No.  15-cv-00798-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 643 |

In conjunction with Plaintiff's opposition to the motion to dismiss, Plaintiff has renewed its administrative motion to file exhibits under seal, Dkt. No. 643.

## I.　LEGAL STANDARD

Courts apply a "compelling reasons" standard when considering motions to seal documents like the ones at issue here. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (citations, internal quotation marks, and alterations omitted).  The Court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret.  After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179 (internal quotation marks omitted).

Records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 8-9. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Civil Local Rule 79-5 further supplements the compelling reasons standard. The party seeking to file a document or portions of it under seal must "establish[ ] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . .The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

## II.   DISCUSSION

Because the motion to dismiss for lack of jurisdiction is more than tangentially related to the merits of the underlying action, the Court applies the "compelling reasons" standard in evaluating the motion to seal.

### A.   Documents sought to be filed under seal where Plaintiff is the designating party

Of the documents Plaintiff seeks to file under seal, Loop is the designating party for the following two: Dkt. Nos. 643-24 and 643-27.

Dkt. No. 643-24 is an email exchange between officers of Almaviva S.p.A. and Almawave S.r.l. reporting on Anna Gatti's discussion of Loop AI's valuation. Plaintiff contends that the document should be filed under seal because it contains highly confidential financial information that is not publicly available. Dkt. No. 643, Ex. A. The email is in Italian and Plaintiff has provided translation for only a portion of the entire document. Having reviewed the translated portion, the Court finds that Plaintiff has not established a compelling reason that disclosure of the

2

company's valuation or the company's law firm constitutes confidential, sealable information. Accordingly, the motion to file Dkt. No. 643-24 under seal is DENIED. Should Plaintiff want to rely on this email, it should file an unredacted copy on the public docket within 4 days of the date of this order.

Dkt. No. 643-27 is an internal presentation that Loop prepared in preparation for a meeting with a California company; Plaintiff contends that the document includes "highly confidential and competitively sensitive information of Loop AI, discusses aspects of Loop AI's technology and business ideas that could be presented to the target company in question" and that "[d]isclosure of this document in the public domain would be harmful to Loop AI's business." Dkt. No. 643, Ex. A. Having reviewed the presentation, the Court agrees that the document contains sealable confidential information on Loop's technology and business ideas, and that disclosure of the information could harm Loop's business. Because there is a compelling reason to file the document under seal, the motion is GRANTED as to Dkt. No. 643-27.

### B. Documents sought to be filed under seal where designating party is Almawave or General Electric

On May 9, 2016, Almawave filed a response to Loop's administrative motion to file under seal, Dkt. No. 662, and non-party GE Capital Corporation filed a notice joining Almawave's response, Dkt. No. 663. Almawave contends that only three documents are sealable, Dkt. Nos. 643-20, 643-21, 643-22, as they contain "confidential and sensitive information about Almawave's business, including marketing plans, business strategies, and private financial information." Dkt. No. 662. Having reviewed the attached declaration, and the specific exhibits, the Court agrees that the documents contain confidential, sealable information. The Court grants Plaintiff's motion to file Dkt. No. 643-21 under seal. In the interest of following the narrowly tailored requirements of the local rules, the Court agrees that the redacted copies of Dkt. Nos. 643-22 and 643-20 (found as attachments to Dkt. No. 662) should be filed on the public record, and that the unredacted copies should be filed under seal.

With respect to the remaining documents where Almawave is the designating party, the Court DENIES the motion to file the exhibits under seal. Almawave, as the designating party,

3

does not contend that these documents contain sealable information; moreover, the Court has not been presented with a "compelling reason" to warrant sealing.  Accordingly, should Plaintiff want to rely on Dkt. Nos. 643-3, 643-4, 643-8, 643-9, 643-10, 643-11, 643-14, 643-15, 643-19, 643-25, 643-28, 643-29, 643-30, and 643-31, it should file unredacted copies on the public docket no sooner than four days and no later than ten days from the date of this order.

For the following documents, although Almawave is the designating party, Loop separately contends that the documents contain sealable information.  The Court DENIES Plaintiff's request to file Dkt. Nos. 643-12 and 643-13 under seal; there is nothing in the email correspondence, including the exchange of contact information, suggesting a compelling reason to file the communications under seal.  Should Plaintiff want to rely on these documents, it should file an unredacted version on the public record no sooner than four days and no later than ten days from the date of this order.

The Court also DENIES Plaintiff's request to file Dkt. No. 643-26 under seal.  The document is in Italian, and the Court cannot evaluate whether it contains confidential sealable information.

### C. Documents sought to be filed under seal where Carr & Ferrell is the designating party

Plaintiff seeks to file three documents under seal where Carr & Ferrell LLP is the designating party: Dkt. Nos. 643-5, 643-6, 643-7.  Pursuant to Local Rule 79-5(e), on May 4, 2016 Plaintiff served Carr & Ferrell the declaration, identifying the document or portions that contained designated confidential material.  *See* Dkt. No. 644.  The local rules require that the designating party, here Carr & Ferrell, file a responsive declaration within four days of receiving the declaration establishing that all of the designated material is sealable.  L-R 79-5(e)(1).  Carr & Ferrell has failed to file a responsive declaration.  Accordingly, the Court DENIES Plaintiff's motion to file these documents under seal; pursuant to Rule 79-5(e)(2), Plaintiff may file the documents in the public record no earlier than four days and no later than 10 days from the date of this order.

**D.     Documents sought to be filed under seal where SentiMetrix is the designating party**

Plaintiff seeks to file under seal three documents that SentiMetrix designated as confidential: Dkt. Nos. 643-16, 643-17, 643-18. On May 9, 2016, Vadim Kagan filed a declaration in support of filing the three exhibits under seal, except for the first page of Dkt. No. 643-17, a signature page. Dkt. No. 661. Having reviewed the three documents, the Court agrees that all three exhibits contains confidential information, such as SentiMetrix's financial information (including statements of income, liabilities and equities), pricing data, and technical business information of the company's product. The Court, however, does not find a compelling reason to seal the signature page in Dkt. No. 643-17. Accordingly, the Court GRANTS the motion to file the three documents under seal, except for the first page of Dkt. No. 643-17; the latter should be filed on the public docket if Plaintiff wants to rely on it.

## III.     CONCLUSION

For the reasons described, Plaintiff's motion to file under seal is GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED.**

Dated: 5/20/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

5