VALERIA CALAFIORE HEALY (*pro hac vice*)
valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone: (212) 810-0377
Facsimile: (212) 810-7036

DANIEL J. WEINBERG (SBN 227159)
dweinberg@fawlaw.com
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

Attorneys for Plaintiff
LOOP AI LABS INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC., | CASE NO.: 3:15-cv-00798-HSG-DMR |
| Plaintiff, | |
| v. | **PLAINTIFF LOOP AI LABS INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER ON PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS AT DOCKET 647 AND OBJECTIONS PURSUANT TO FED. R. CIV. P. 72 AND L.R. 72-2** |
| ANNA GATTI, et al, | |
| Defendants. | |
| | Action Filed: February 20, 2015 |
| | Trial Date: September 19, 2016 |
| | Hon. Haywood S. Gilliam, Jr. |

Pursuant to Local Rule 72-2 and Federal Rule of Civil Procedure 72, Plaintiff Loop AI Labs Inc. ("Loop AI") hereby respectfully objects to and moves for relief from the Court's Order entered on May 6, 2016 at Docket Number 647 ("Order 647"). In Order 647, the Court denied Loop AI's motion for an Order compelling the Defendants Almawave, USA, Inc., Almaviva, S.p.A., and Almawave S.r.l. ("the Almawave Defendants" or "Almawave") to produce four witnesses for depositions. Dkt. 647. As a result, and in light of Almaviva's witnesses refusal to appear for a merit deposition, even after they were found in the country and personally subpoenaed, Plaintiff has been precluded from taking a single merits deposition of any of the Almaviva Defendants.

### Factual and Procedural Background

As the Court is aware, Plaintiff has been seeking to depose the Almaviva Defendants from the inception of the case. Plaintiff, filed its first request for their deposition with its motion for a temporary restraining order, which the Defendants successfully persuaded the Court to deny. Despite telling the Court in the TRO proceeding that they had done nothing wrong, for the 8 months following the TRO proceedings, the Almaviva Defendants have focused entirely on evading discovery, seeking to find ways to deprive this Court of jurisdiction, and stalling any deposition of their witnesses. After Plaintiff finally located two of the Almaviva key witnesses (Sandei and Romagnoli) in the country, and successfully served them with document and deposition Subpoenas in San Diego, California, the witnesses simply ignored the Subpoenas. The limited jurisdictional depositions that the Court allowed, were characterized by repeated interference intended to impede discovery. Indeed, Ms. Sandei's jurisdictional deposition was repeatedly interrupted and then abruptly terminated when Plaintiff was inquiring about material facts in the complaint.

Almaviva's discovery obstruction has continued even after the jurisdictional deposition. Plaintiff repeatedly attempted to take a merits deposition of key Almaviva witnesses. After Almaviva refused to agree to make any witnesses available in the United States, Plaintiff served notices of deposition, which the Almaviva Defendants, who are all parties to this case, had no

legal authority to ignore. As a result of this conduct, to date, Plaintiff has been precluded form taking a single merits deposition of any of the Almaviva witnesses.

Pursuant to the Magistrate Judge's order at Dkt. 582 ("Order 582"), on April 8, 2016 Loop AI submitted a unilateral discovery letter seeking to compel depositions of four material witnesses employed by the Almawave Defendants – Valeria Sandei, Raniero Romagnoli, Mariantonietta Perri, and Luca Ferri (the "witnesses"). *Dkt.* 591. The Almawave Defendants filed an opposition to Loop AI's motion on April 11, 2016. *Dkt.* 599. Order 647 decided Loop AI's motion, denying it because "[Loop AI's] argument that the Almawave Defendants refused to produce the witnesses for deposition [is] clearly contradicted by the Almawave Defendants' correspondence in which they asked Plaintiff to propose dates for the depositions and referred specific dates for the depositions before the close of fact discovery." This conclusion is erroneous and unsupported by the record. Order 582, directs Loop AI "to file a unilateral letter brief that does not exceed two pages regarding the dispute about depositions by April 8, 2016." *Dkt.* 582. The Order **did not specifically allow** for, nor did it request, the attachment of the deposition notices, which Loop AI did not file at that time. Moreover, on numerous occasions, when the Magistrate Judge was missing a piece of evidence, such as a Supboena or similar discovery document, the Magistrate Judge has directed the parties to file it. Indeed, most recently, when the Magistrate Judge was asked to rule on Plaintiff's privilege log, even though Almaviva had not submitted the log, the Magistrate Judge simply issued an order directing the privilege log be filed. *See* Dkt. 667. The Magistrate Judge's decision to deny critical merits depositions because it was missing the notices of such depositions is contrary to the Magistrate Judge's own Orders and practices in this case. The Magistrate Judge cannot so stringently limit briefing and prohibit the submission of evidence, and then rule on the basis that there is no evidence in the record. Furthermore, the notices of these deposition had in fact been filed on the record before the Magistrate Judge when the Almaviva's refusal to appear for deposition was repeatedly brought to the Magistrate Judge's attention. *See, e.g.,* Dkt. 558, and 558-1 at Exhibits 5-7.

Finally, the Court's conclusion that Rome may have been the proper place to depose the Almaviva Defendants is contrary to law and certainly not a basis to deny any merits deposition of three critical defendants in this case. This case is proceeding in the United States, and Plaintiff has a right to take depositions of party defendants in the United States, upon which the Defendants were required to move for a protective order and seek the depositions moved elsewhere if they deemed that request legally supported. The Defendants were not, however, permitted to ignore both subpoenas and depositions and get away with not producing a single witness for a merit deposition.

Loop AI's Notices of Deposition, dated February 29, 2016, direct the appearance at 333 Bush Street, in San Francisco, California, of several Almaviva witnesses. Dkt. 558-1[1] (Exhibits 5-7). These Notices list March deposition dates for all Almaviva witnesses. These notices were duly served and the Almaviva proffered the Magistrate Judge no legal justification for refusing to produce even one witness for a merits deposition. Respectfully, there is no such justification, and the Magistrate Judge's Order refusing to compel these depositions was in error and should be reversed.

A party may not simply refuse to appear for a properly noticed deposition. *See, e.g., Pioche Mines Consol., Inc., v. Dolman,* 333 F.2d 257 (9th Cir. 1964). *See also* Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 30. If a party wishes to avoid being deposed, the Federal Rules place the burden on the proposed deponent to get a protective order quashing the depositions. Fed. R. Civ. P. 26(c)(1). Nothing in the Federal Rules permits a party to ignore a proper Notice of Deposition. The Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding", and requiring a Plaintiff who has properly noticed California depositions to conduct depositions of a US entity in Rome advances none of those goals. Fed R. Civ. P. 1. Moreover, the United States court oversee litigation with many foreign corporate defendants. Foreign corporations who are parties to US litigation do not

---

[1] Mariantoinetta Perri, the fourth deposition at issue, was the subject of Loop AI's Motion to Compel Further Depositions. *Dkt.* 448. The Court denied this motion at *Dkt.* 455.

enjoy any special privileged, and, absent a court order, they have no right to refuse to produce even a single witness for a merits deposition.

For the foregoing reasons, Plaintiff respectfully submits that the Magistrate Judge's Order refusing to compel any merits deposition of the Almaviva Defendants was in error and should be reversed.

Respectfully submitted,

May 20, 2016
By: /s/ *Valeria Calafiore Healy*

Valeria Calafiore Healy, Esq. (*phv*)
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone:    (212) 810-0377
Facsimile:    (212) 810-7036

Daniel J. Weinberg, Esq. (SBN 227159)
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone:    (650) 593-6300
Facsimile:    (650) 593-6301

Attorneys for Plaintiff
LOOP AI LABS, INC.

3:15-CV-00798-HSG-DMR                    AM. MOT. FRF FROM NON-DISPOSITIVE ORDER