UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANNA GATTI, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-00798-HSG<br><br>**ORDER DENYING PLAINTIFF'S "EMERGENCY MOTION TO STAY" AND MOTION FOR RELIEF FROM MAGISTRATE'S NONDISPOSITIVE ORDER**<br><br>Re: Dkt. Nos. 688, 689, 700 |

On May 20, 2016, Loop filed a motion to stay pending this Court and/or the Ninth Circuit Court of Appeals' review of Magistrate Judge Ryu's May 13, 2016 order, Dkt. No. 680, finding that Loop had "waived the attorney-client privilege and work product protection as to most documents withheld from production." *Id.* at 1. Additionally, on May 24, 2016, Loop filed a motion for relief from the same order. Dkt. No. 700. For the reasons described below, the motions are DENIED.

# I.   LEGAL STANDARD

## A.   Stay

"A stay is not a matter of right . . . . It is instead 'an exercise of judicial discretion'. . . [that] 'is dependent upon the circumstances of the particular case.'" *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (citation omitted).  In exercising its discretion, a court is guided by the following legal principles: (1) has the movant made a strong showing it is likely to succeed on the merits of the appeal, (2) will the movant suffer irreparable injury in the absence of a stay, (3) will other parties be substantially injured by a stay, and (4) where the public interest lies.  *Id.* (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the Court's] discretion." *Lair*, 697 F.3d at 1203 (citation omitted).

1    In ruling on a motion for a stay pending appeal, courts employ "'two interrelated legal
2    tests' that 'represent the outer reaches of a single continuum.'" *Golden Gate Restaurant Ass'n v.*
3    *City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008). "At one end of the
4    continuum, the moving party is required to show both a probability of success on the merits and
5    the possibility of irreparable injury." *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir.1983). "At
6    the other end of the continuum, the moving party must demonstrate that serious legal questions are
7    raised and that the balance of hardships tips sharply in its favor." *Id*.

### B.    Relief from Nondispositive Order

Under Federal Rule of Civil Procedure 72, a district judge may set aside a magistrate judge's non-dispositive pretrial order only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). "The Court can overturn the "magistrate's factual determinations only if the court reaches a definite and firm conviction that a mistake has been committed." *Id.* (citations and internal quotation marks omitted). "This standard is extremely deferential and the [m]agistrate's rulings should be considered the final decisions of the [d]istrict [c]ourt." *Otey v. CrowdFlower, Inc.*, No. 12-CV-05524-JST, 2013 WL 3456942, at *1 (N.D. Cal. July 8, 2013) (internal quotation marks omitted) (alterations in the original).

## II.    DISCUSSION

The Court declines to exercise its discretion to stay the case. Loop has not met its burden to show that it is likely to succeed on the merits or that there are substantial questions going to the merits. Consistent with *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, the Court reads Federal Rules of Civil Procedure 26(b)(5) and 34 in conjunction with Judge Ryu's orders to find that Loop was required to timely produce a privilege log and failed to do so here. *See* 408 F.3d 1142, 1149 (9th Cir. 2005).

Rule 34(b) "provides the starting point for a party seeking to object on the ground of privilege: parties served with a document request must respond within thirty days after service of

the request; if any request is objected to, the reason for the objection must be stated." *Tatung Co., Ltd. v. Hsu*, No. SACV131743DOCANX, 2016 WL 695971, at *9 (C.D. Cal. Feb. 19, 2016). The 30-day deadline is the default deadline, unless a Court orders otherwise. Fed. R. Civ. P. 34(b); *see also Nat'l Labor Relations Bd. v. Sanders-Clark & Co.*, No. 216CV02110CASAFMX, 2016 WL 2968014, at *6 (C.D. Cal. Apr. 25, 2016).

At the same time, Rule 26(b)(5) requires a party withholding "otherwise discoverable" information "by claiming that the information is privileged or subject to protection as trial-preparation material" to: "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that . . . will enable other parties to assess the claim." Rule 26(b)(5)(A). "[A]lthough there is not an explicit requirement for a 'privilege log' [in the rule], that is typically how parties satisfy Rule 26." *Ho v. Ernst & Young, LLP*, No. C05-04867 JF HRL, 2008 WL 205595, at *1 (N.D. Cal. Jan. 24, 2008). "The advisory committee notes . . . suggest a temporal framework for asserting the privilege, and also suggest waiver as a possible result of failure to properly provide 26(b)(5) notice." *Burlington*, 408 F.3d at 1147.

Significant here, Judge Ryu's June 18, 2015 Order, Dkt. No. 117, also included a relevant deadline, explicitly requiring the parties to "promptly" produce the privilege log if a party withheld responsive documents. Judge Ryu's January 27, 2016 order then added additional specificity, requiring a privilege log within 14 days after production. Dkt. No. 401.

Although the failure to timely produce a privilege log does not result in a per se waiver of the privilege, a court makes a case-by case assessment to determine whether a party's untimeliness waived the privilege. *Burlington*, 408 F.3d 1142 at 1149. To do so, courts examine several factors:

> the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the

3

same documents were the subject of discovery in an earlier action) or unusually hard.

*Id.* at 1149 (finding waiver of privilege appropriate where party submitted a privilege log five months after the Rule 34 deadline). Courts apply these factors subject to "applicable local rules, agreements or stipulations among the litigants, and discovery or protective orders." *Id.*

Here, Loop responded in August 2015 to Defendant's request for production of documents. Dkt. No. 518-1 at 23; *see also* Dkt. No. 451 at 2. Loop did not file a privilege log until April 11, 2016. As in *Burlington*, the length of delay strongly favors waiver. Not only did Loop miss the default 30-day deadline, but also the seven-month delay violated Judge Ryu's order that the privilege log be filed "promptly." Loop further violated Judge Ryu's March 9, 2016 order, Dkt. No. 456, which specifically ordered Loop to produce a privilege log in accordance with the Court's 14-day requirement as set out in Dkt. No. 401. Contrary to Loop's argument, there is nothing to suggest that Loop's general objections to the request for production excused Loop from its obligations under Judge Ryu's orders and the Federal Rules of Civil Procedure. This Court further adopts the reasons identified in Judge Ryu's order, Dkt. No. 680 at 4-5, and finds that the other *Burlington* factors also support waiver. For instance, Plaintiff's August 2015 response had boilerplate assertions of privilege, and failed to "describe the nature of the documents, communications, or tangible things not produced or disclosed," as required under Rule 26.

In light of the *Burlington* factors, Judge Ryu's orders, and the requirements of the Federal Rules, the Court finds that Loop has failed to meet its burden of proving likelihood of success. *See Lair*, 697 F.3d at 1204 ("It is not enough that the likelihood of success on the merits is 'better than negligible' or that there is a 'mere possibility of relief.'"). Additionally, Loop has failed to provide any information about the documents to be produced and the type of irreparable injury that would result absent a stay. *See generally id.* at 1214 (movant must show "*probability* of irreparable injury if the stay is not granted"). Loop's general assertions of irreparable injury are an insufficient basis from which the Court can evaluate the second factor in the stay analysis. Finally, because Plaintiff has failed to establish likelihood of success, the Court need not compare the hardships involved in the granting or denial of the stay or address the balance of equities, *see Mount Graham Coalition v. Thomas*, 89 F.3d 554, 558 (9th Cir. 1996). Finding Plaintiff has

4

failed to satisfy its burden to demonstrate a need for a stay, the Court DENIES Loop's motion, Dkt. No. 687.

The arguments in Loop's motion to set aside Dkt. No. 680 are largely a repeat of the emergency stay motion. Dkt. No. 700. Thus, for the reasons described above, the Court finds that Judge Ryu's order was not clearly erroneous and DENIES Loop's motion to set aside the nondispositive order.

## III. CONCLUSION

The Court DENIES Loop's request for an emergency stay, Dkt. No. 688, and Plaintiff's motion to set aside Judge Ryu's May 13 Order, Dkt. No. 700. Additionally, the Court denies Loop's Motion to Shorten Time, Dkt. No. 689, as moot.

**IT IS SO ORDERED.**

Dated: 5/25/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

5