UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>            Plaintiff,<br><br>     v.<br><br>ANNA GATTI, et al.,<br><br>            Defendants. | Case No. 15-cv-00798-HSG<br><br>**ORDER RE: EXHIBITS ATTACHED TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS; STRIKING "INDEX TO PERSONAL JURISDICTION APPENDIX"**<br><br>Re: Dkt. No. 650, 651 |

Plaintiff's response to the Court's Order Striking Plaintiff's Declaration and Attached Exhibits, Dkt. No. 633 ("Order 633"), does not cure any of the deficiencies identified in that order. Dkt. No. 650. Order 633 was narrowly directed to the straightforward requirements of the local rules. It did not address the admissibility of evidence or Federal Rule of Evidence 901 in striking Plaintiff's filing for failure to comply with the local rules. Nor did the Court "accept Almawave's position" as to any point in issuing Order 633: it compared Plaintiff's filings to the plain requirements of the local rules, and ordered them stricken for failure to comply, as expressly contemplated by those rules.

Despite the narrow scope of Order 633, Plaintiff refused to follow the order, instead filing an exasperatingly off-point 14-page response addressing Almawave's arguments and a host of issues simply irrelevant to the limited scope of Order 633. Plaintiff also refiled a document called "Index to Personal Jurisdiction Appendix," an unsworn 32-page chart in timeline form that in no way complies with Order 633 or the local rules. Dkt. No. 651. Plaintiff chose not to file any declaration, let alone the declaration required by Order 633.

Given Plaintiff's failure to follow Order 633, and its defiant insistence that it need not follow the order because it is "inappropriate" and "should be vacated," Dkt. No. 650 at 1, the Court would be fully justified in again striking Plaintiff's filings in their entirety and granting the

motion to dismiss, based on an absence in the record of any evidence sufficient to make a prima facie showing that personal jurisdiction exists. The only reason the Court does not do so now is to ensure that the record is crystal-clear that Plaintiff has been given multiple opportunities to comply with the local rules and the Court's order. The Court wants this record to be unambiguous because the motion to dismiss would be case-dispositive with regard to the Italian Almawave Defendants if granted on this basis.

To foreclose any further evasion on Plaintiff's part, the Court notes the following points that should be obvious to competent counsel. First, contrary to Plaintiff's contention, the local rules do not require Plaintiff to obtain "personal knowledge affidavits" from the defendants to accompany each exhibit, Dkt. 650 at 10. Nor did the Court "strike evidence simply because it has been attached to an attorney's declaration," *id.* at 7, which everyone can agree would be ridiculous. The recurring problem is that Plaintiff's counsel appears incapable of submitting the straightforward declaration required by the local rules: a declaration identifying each exhibit and including an averment that each exhibit is a true and correct copy of what it purports to be. Counsel is not being asked to vouch for how the document was created: all the declaration needs to do is identify each attached document, and explain where Plaintiff got it (for example, "produced by Almawave in response to discovery requests"). This is the type of straightforward declaration that competent counsel submit daily in this district, including in the cases Plaintiff cites. *See Bauman v. DaimlerChrysler A.G.*, 04-CV-00194 at Dkt. 50 (declaration of counsel in support of opposition to motion to dismiss for lack of personal jurisdiction at paragraph 3 (explaining that "attached hereto as Exhibit 2 is a true and correct copy of DaimlerChrysler AG's website," and noting date website was visited)).

The declaration may not include a recounting of discovery disputes, which are irrelevant to the pending motion. Nor may it include *counsel's characterization of or conclusions about events, attached exhibits, or surrounding factual circumstances.* Counsel's characterizations and conclusions are argument, and thus in conflict with the requirements of Local Rule 7-5(b). The local rules require arguments to be made in the briefs. In other words, it does not comply with Local Rule 7-5 or Order 633 for counsel to include an argumentative timeline in a declaration or

"index," rather than providing the appropriate authenticating declaration required by the local rules. Plaintiff's counsel's argumentative "index" (pages PJX-i through xxxii of Dkt. 651) is again **STRICKEN** as not in compliance with the local rules, and **may not be refiled**. It should not need to be explained that Plaintiff's counsel's desire "to file voluminous evidence with the Court in an organized fashion," Dkt. 650 at 6, does not in any way excuse compliance with the local rules.

The Court has spent far too much time already on what should have been the most routine of matters, and provides Plaintiff's counsel this final opportunity to have the motion decided on the merits rather than based on counsel's repeated and obvious procedural failures. Plaintiff has until 12:00 noon on Monday, June 6th to file a declaration that complies with the requirements of Local Rule 7-5 and Order 633. **Plaintiff may not file any further briefing**: it must either file a compliant declaration or file a document of no more than one page confirming that it chooses to persist in its argument that the prior filings were adequate on the bases set out in Dkt. 650. Failure to comply with Local Rule 7-5 and Order 633 will result in the granting of the pending motion to dismiss. Given that Plaintiff refiled the exhibits, *see* Dkt. Nos. 651-56, it need not refile the exhibits when it files the declaration.

Plaintiff's counsel is ordered to provide a copy of this order to her client immediately.

The Court will set a date for a hearing on the order to show cause why counsel should not be sanctioned after it receives Plaintiff's submission.

**IT IS SO ORDERED.**

Dated: 6/2/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge