UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANNA GATTI, et al.,<br><br>　　　　　Defendants. | Case No. 15-cv-00798-HSG   (DMR)<br><br>**ORDER GRANTING MOTION TO COMPEL DEPOSITION OF ROBERTO PIERACCINI**<br><br>Re: Dkt. No. 545 |

The court has received Defendant Almawave USA, Inc.'s ("Almawave") unilateral discovery letter brief regarding the deposition of Roberto Pieraccini and Plaintiff Loop AI Labs Inc.'s ("Loop") opposition thereto. [Docket Nos. 545, 573.] This dispute is appropriate for resolution without a hearing. Civ. L.R. 7-1(b).

I.   **DISCUSSION**

On March 11, 2016, the court granted Almawave leave to file a unilateral letter brief regarding its motion to compel the deposition of Pieraccini, who is a member of Plaintiff's Board of Advisors. [Docket No. 473.] On March 22, 2016, following receipt of the briefing on the motion to compel, (Docket Nos. 481, 489), the court ordered Plaintiff to produce Pieraccini for up to three hours of deposition at a location convenient to the witness. [Docket No. 511.]

Plaintiff refused to comply with the court's order to produce Pieraccini for deposition. Almawave now moves to compel Plaintiff's compliance with the March 22, 2016 order. It asserts that it has repeatedly requested dates for Pieraccini's deposition from Plaintiff's counsel to no avail. [Docket No. 545 Ex. A.] Almawave seeks an order compelling Plaintiff to comply with the March 22, 2016 order and to immediately offer dates for Pieraccini's deposition. It also seeks sanctions.

Plaintiff filed its opposition to Almawave's motion on April 5, 2016. Later that day,

Plaintiff filed before Judge Gilliam a motion for relief from the court's March 22, 2016 order. [Docket No. 574.] Plaintiff did not move to stay the court's March 22, 2016 order. On May 16, 2016, Judge Gilliam summarily denied Plaintiff's motion for relief. [Docket No. 683.]

In its opposition, Plaintiff repeats its arguments in opposition to Almawave's original motion to compel. It also argues for the first time that Pieraccini is not an officer, director, or managing agent of Loop and thus is not a person subject to deposition by notice under Federal Rule of Civil Procedure 30(b)(1). This argument, **which Plaintiff did not raise in the original motion to compel briefing**,[1] apparently contradicts Plaintiff's counsel's earlier representation to Almawave that Pieraccini is represented by Plaintiff's counsel and may only be deposed pursuant to notice, as opposed to a subpoena. *See* Docket No. 481 at 2. Accordingly, the court will not consider the argument that Plaintiff is unable to produce Pieraccini for deposition. Almawave's motion to compel Plaintiff to comply with the March 22, 2016 order and produce Pieraccini for deposition is GRANTED. **Within seven days of the date of this order**, Plaintiff shall propose at least two possible dates for Pieraccini's deposition to take place in the next 30 days, or as soon thereafter is convenient to Almawave.

The court will address Almawave's request for sanctions at a later time. The court is in the process of working through the myriad discovery motions filed in the case. When that process is complete, the court will order one additional round of briefing regarding all conduct that may be sanctionable, including Plaintiff's failure to comply with the March 22, 2016 order.

## II. CONCLUSION

For the foregoing reasons, Almawave's motion to compel Plaintiff to comply with the court's March 22, 2016 order and produce Pieraccini for deposition is GRANTED.

**IT IS SO ORDERED.**

Dated: June 3, 2016

Donna M. Ryu
United States Magistrate Judge

---

[1] Plaintiff also raised this argument in its motion for relief from the March 22, 2016 order, which, as noted, Judge Gilliam denied. [*See* Docket No. 574.]