UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC, <br><br> Plaintiff, <br><br> v. <br><br> ANNA GATTI, et al., <br><br> Defendants. | Case No. 15-cv-00798-HSG   (DMR) <br><br> **ORDER GRANTING THIRD PARTY WI HARPER GROUP'S MOTION TO QUASH** <br><br> Re: Dkt. No. 485 |

Third-party WI Harper Group, Inc. ("WI Harper") filed a motion to quash a subpoena served by Plaintiff Loop AI Labs Inc. ("Loop"). [Docket No. 485.] Plaintiff timely filed an opposition. [Docket No. 536.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, WI Harper's motion is granted.

I.  DISCUSSION

   A.  Background

On March 2, 2016, Plaintiff served WI Harper with a Rule 45 subpoena for deposition testimony and set the deposition for March 24, 2016.[1] Lee Decl., March 15, 2016, ¶ 2 Ex. A (WI Harper Subpoena). The subpoena purported to designate Peter Liu, Chairman of WI Harper, as WI Harper's "corporate designee." *Id*. It did not describe any topics for deposition. WI Harper is not a party in this litigation, and Liu is not presently in the United States. He has been out of the country since December 2015, (Lee Decl. ¶ 3), a fact which was apparently communicated to Plaintiff prior to service of the subpoena. Mot. at 2. In response to the subpoena, WI Harper met and conferred with Plaintiff and offered to make available for deposition Shahi Ghanem, a managing director who was involved in WI Harper's dealings with Plaintiff. Lee Decl. at ¶ 4.

---

[1] WI Harper asserts that in the course of discovery, it has responded to multiple document subpoenas from parties in this litigation, including two issued by Plaintiff. Mot. at 2.

Plaintiff rejected WI Harper's proposal, insisting that WI Harper produce Liu for deposition. WI Harper now moves to quash Plaintiff's subpoena on the grounds that it retains the power to designate an individual or individuals to testify on its behalf and is not required to produce Liu for deposition.

On March 23, 2016, after WI Harper filed the present motion, WI Harper appeared for deposition pursuant to Defendant Almawave USA, Inc.'s subpoena to WI Harper. Ghanem appeared as WI Harper's designee and testified at length about WI Harper's decision not to invest in Loop. Reply at 2. WI Harper represents that Plaintiff's counsel questioned "and obtained extensive testimony" from Ghanem on behalf of WI Harper. *Id*.

### B. Legal Standards

Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena. Fed. R. Civ. P. 45. The Advisory Committee Notes to Rule 45 state that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules," which in turn is the same as under Rule 26(b). Advisory Committee Notes to 1970 Amendment; Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)."). Federal Rule of Civil Procedure 26 provides

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006).

Rule 45 provides that "on timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). The party who moves to quash a subpoena bears the "burden of persuasion" under Rule 45(c)(3). *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005)

(citations omitted).

**C.     Analysis**

It is undisputed that Plaintiff's subpoena is directed to WI Harper, the entity, and that Plaintiff did not issue a subpoena to Liu personally.  The dispute between WI Harper and Plaintiff thus boils down to who may designate WI Harper's corporate representative—WI Harper or Plaintiff.  Plaintiff argues that it may appropriately designate Liu as WI Harper's corporate designee under Rule 30(b)(1) because he is the "Founder and Chairman of WI-Harper, and is in charge of WI-Harper."  Pl.'s Opp'n at 1.  Plaintiff's position is unsupported.  Rule 30(b)(1), which permits depositions by notice, does not apply to non-parties to a lawsuit.  *Calderon v. Experian Info. Sols., Inc.*, 287 F.R.D. 629, 631 (D. Idaho 2012) ("only a party to a lawsuit may be deposed pursuant to notice as opposed to subpoena.").  Therefore, to command Liu's attendance for a deposition, Plaintiff was required to issue a subpoena to Liu personally and to serve him in accordance with Rule 45(b).  Since Plaintiff did not do so, and instead issued a subpoena to WI Harper, Rule 30(b)(6) applies.  That rule, subtitled "Notice or Subpoena Directed to an Organization," affords WI Harper, as the "named organization" in the subpoena, the authority to "designate one or more officers, directors, or managing agents" to testify on its behalf.  Fed. R. Civ. P. 30(b)(6).

Since WI Harper has already made its corporate representative available for deposition, and Plaintiff has deposed its corporate representative, Plaintiff's deposition subpoena to WI Harper is quashed.

**II.     CONCLUSION**

For the foregoing reasons, WI Harper's motion to quash is granted.  Plaintiff's subpoena to WI Harper is quashed.

**IT IS SO ORDERED.**

Dated: June 6, 2016



_____
Donna M. Ryu
United States Magistrate Judge

3