VALERIA CALAFIORE HEALY (*pro hac vice*)
HEALY LLC
154 Grand Street
New York, New York  10013
Telephone:     (212) 810-0377
Facsimile:      (212) 810-7036

DANIEL J. WEINBERG (SBN 227159)
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California  94065
Telephone:     (650) 593-6300
Facsimile:      (650) 593-6301

Attorneys for Plaintiff
LOOP AI LABS INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC., | CASE NO.: 3:15-cv-00798-HSG-(DMR) |
| Plaintiff, | **PLAINTIFF LOOP AI LABS INC.'S NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. CIV. P. 16(f) FOR SANCTIONS AGAINST ALMAWAVE S.R.L. AND ALMAVIVA S.P.A.** |
| v. | |
| ANNA GATTI, et al, | |
| Defendants. | Action Filed:  February 20, 2015 |
| | Trial Date: September 19, 2016 |

**PLEASE TAKE NOTICE THAT** on August 18, 2016 at 2:00pm, or as soon before that as the parties may be heard, Plaintiff Loop AI Labs Inc. ("Plaintiff"), will move the Court, before the Honorable Haywood S. Gilliam, Jr. of the United States District Court for the Northern District of California, for an Order precluding Defendants Almawave S.r.l. and Almaviva S.p.A. ("Italian Almaviva Defendants") from introducing any evidence at summary judgment or trial in opposition to Loop AI's claims or in support of any defenses that the Italian Almaviva Defendants may seek to advance in this case as a sanction for their egregious refusal to engage in **any** fact discovery in violation of the Court's Rule 16 Scheduling Order ("Scheduling Order") of May 26, 2015, entered on June 5, 2015, Dkt. 105 (MX-504), as amended by Order issued on February 3, 2016, Dkt. 411 (MX-527-28).  The Scheduling Order required all parties in the case, including the Italian Almaviva Defendants to engage in merits discovery and to complete such merits discovery by March 29, 2016 as required by the Scheduling Order.

In violation of the Scheduling Order, the Italian Almaviva Defendants have refused to engage in fact discovery.  Instead, in response to each discovery request and interrogatory propounded by Loop AI on the merits, each of the Italian Almaviva Defendants responded by claiming no response was needed because discovery from the Italian Almaviva Defendants was allegedly unconstitutional.  Similarly, in response to notices of depositions, the Italian Almaviva Defendants have simply ignored both claiming they were not required to produce any witness in the United Stated.  The Italian Almaviva Defendants also ignored two deposition and document subpoenas **personally served** to two of their high-level employees who were found in San Diego, California and who, despite the Subpoenas, refused to produce a single document and refused to appear for a merits deposition in accordance with the Subpoenas.

For the foregoing reasons, and as more fully set forth in the accompanying Memorandum of Points and Authorities and in the supporting declaration and exhibits being submitted concurrently herewith, Loop AI respectfully requests that the Court grant an Order pursuant to

Rule 16(f) precluding the Italian Almaviva Defendants from introducing any evidence any evidence at summary judgment or trial in opposition to Loop AI's claims or in support of any defenses that the Italian Almaviva Defendants may seek to advance in this case.

Respectfully submitted,

June 15, 2016                                    By:   /s/ *Valeria Calafiore Healy*

Valeria Calafiore Healy, Esq. (*phv*)
HEALY LLC

Daniel J. Weinberg, Esq. (SBN 227159)
FREITAS ANGELL & WEINBERG LLP

Attorneys for Plaintiff
LOOP AI LABS, INC.

**TABLE OF CONTENTS**

**Pages**

TABLE OF AUTHORITIES ........................................................................................................ i

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................1

INTRODUCTION ......................................................................................................................1

RELEVANT FACTS ..................................................................................................................5

    A.    The Rule 16 Scheduling Order ...................................................................................5

    B.    The Italian Almaviva Defendants' Refusal To Engage In Fact Discovery As Required by the Rule 16 Scheduling Order ...............................................................7

        1.    The Italian Almaviva Defendants' Refusal To Allow Fact Discovery Through Written Discovery Requests In Violation of Rule 16 Scheduling Order ...................................................................................8

        2.    The Italian Almaviva Defendants' Refusal To Allow Fact Discovery Through Depositions as Required by the Rule 16 Scheduling Order..............10

        3.    The Italian Almaviva Defendants' Offensive Use Of Discovery While They Precluded Loop AI From Taking Any Fact Discovery From Them ...................................................................................................11

    C.    Loop AI's Attempts to Persuade the Italian Almaviva Defendants To Comply With Their Fact Discovery Obligations Under the Rule 16 Scheduling Order .............................................................................................11

ARGUMENT.............................................................................................................................12

I.    Preclusion Sanctions Against the Italian Almaviva Defendants Are Appropriate For Their Refusal to Allow Fact Discovery in Violation of the Rule 16 Scheduling Order .................................................................................................................12

CONCLUSION..........................................................................................................................17

**TABLE OF AUTHORITIES**

<u>**CASES**</u>

**Page**

*Freeman v. Astrue*,
        405 Fed. Appx. 148, 150 (9th Cir. 2010)..........................................................................15

*In re Maurice,*
        21 F.3d 767, 772 (7th Cir. 1994) ...................................................................................15

*McHale v. 1-15 Hartsdale Ave. Corp.,*
        No. 07-11448, 2010 Bankr. LEXIS 2369 (Bankr. S.D.N.Y. July 16, 2010) .....................15

<u>**STATUTES AND RULES**</u>

**Page**

Fed. R. Civ. P. 16.................................................................................................................... *passim*

Fed. R. Civ. P. 37....................................................................................................................15

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Rule 16(f) of the Federal Rules of Civil Procedure and to Civil Local Rule 7-8, Plaintiff Loop AI Labs Inc. ("Loop AI") respectfully submits this Memorandum of Points and Authorities in support of its motion to preclude Defendants Almawave S.r.l. and Almaviva S.p.A. ("Italian Almaviva Defendants") from introducing any evidence at summary judgment, trial or in connection with any other motion in this case, to oppose Loop AI's claims or to support unspecified defenses of any party in this case, as a sanction for the Italian Almaviva Defendants' refusal to engage in and to allow any fact discovery on the merits of the case, in violation of the Case Management Order requiring that **all parties** engage in and complete fact discovery by March 29, 2016.[1]  *See* Dkts. 100 (Minute Order), 105, 111, 411.  *See, also,* Declaration of V.C. Healy, dated June 14, 2016 ("VCH Decl."), and supporting exhibits submitted therewith ("MX-___").

**INTRODUCTION**

This motion is brought as a result of the Italian Almaviva Defendants' egregious refusal to comply with their obligation to engage in fact discovery as required by this Court's Case Management Order issued pursuant to Rule 16 of the Federal Rules of Civil Procedure.  *See* Dkt. 105, MX-504, and 411, MX-527 ("Scheduling Order").  The Italian Almaviva Defendants have refused to allow Loop AI to obtain **any** fact discovery from them or their employees who are key witnesses in this case.  Instead, the Italian Almaviva Defendants have frivolously claimed that fact discovery from them was unconstitutional, and that no response was required to be provided by them.  Notwithstanding Loop AI's numerous attempts over the course of more than one year to persuade the Italian Almaviva Defendants to comply with their obligation to engage in fact discovery, the Italian Almaviva Defendants have ignored entirely their discovery obligations

---

[1] All further references to any "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise stated.

under the Scheduling Order and have improperly granted themselves an exemption from the Scheduling Order, which exemption was not set forth in any aspect of the Scheduling Order and was not permitted.  In fact, after Loop AI brought to the Court's attention the Italian Almaviva Defendants' refusal to engage in fact discovery, including in filing made on February 1, 2016, *see* Dkt. 405 at 4, the Court issued an Order expressly directing the parties to comply with their discovery obligations and warning that the "status quo" was "entirely unacceptable, and unprecedented" and that "[i]f the current conduct continues, the offending parties and their counsel will face significant consequences."  Dkt. 415 at 2, ¶ 5 (MX-531).

The Italian Almaviva Defendants' refusal to engage in fact discovery, in violation of the Scheduling Order, is an egregious abuse of the discovery process mandated by the Scheduling Order and has been highly prejudicial to Loop AI, which has been unable to obtain any fact discovery from two critical parties in this case.  Loop AI had a right under the Scheduling Order, as well as under the Federal Rules of Civil Procedure, to be allowed a sufficient amount of time to compile a record for trial through fact discovery from all the defendants in the case, including specifically from each of the Italian Almaviva Defendants.  Loop AI was unable to do so as a result of the Italian Almaviva Defendants unjustifiable violations of the Scheduling Order. Having refused to allow Loop AI to obtain any fact discovery, the Italian Almaviva Defendants cannot now be allowed to introduce, in their behalf or on behalf of any other defendant in this case, select self-serving evidence to oppose Loop AI's claims or to support any defenses presented by any other defendant.  Discovery is required by the Federal Rules of Civil Procedure, and was mandated by the Scheduling Order within a specified period of time, expressly to ensure that all parties have a fair opportunity to compile a record before trial and that the parties have sufficient time to further investigate discovery obtained from parties through other discovery devices, including depositions, nonparty subpoenas, and other informal discovery.  The Italian Almaviva Defendants cannot be permitted to evade such critical step in

3:15-CV-00798-HSG-DMR                                   FED. R. CIV. P. 16(F) MOT. FOR SANCTIONS

the civil litigation process, and then be allowed to present self-serving evidence to oppose Loop AI's claims or to support purported defenses.

The Italian Almaviva Defendants are also not allowed to lean onto their nonfunctioning US subsidiary, Almawave USA, to justify their lack of compliance with the Scheduling Order. The deficient discovery produced by Defendant Almawave USA is not, and cannot be, a substitute for the independent discovery obligations that each of the Italian Almaviva Defendants had under the Scheduling Order and the Federal Rules of Civil Procedure. The Italian Almaviva Defendants are both party defendants in this case and were separately required to engage in fact discovery in accordance with the Scheduling Order. Moreover, although Defendant Almawave USA claims to have produced discovery, its discovery was substantially deficient and noncompliant. For instance, to date, Loop AI has not received a single document from Almawave USA reflecting even one internal discussion within any of the Almaviva entities regarding the reasons and the process of any these entities' discussions and retention of Gatti and her co-conspirators in this case. Similarly, Almawave USA did not produce even the most basic evidence of matters at issue in the case, which evidence clearly is in the possession and control of the Italian Almaviva Defendants – and for which Almawave USA claimed to have no control of. For instance, Loop AI has received from nonparties confidentiality agreements entered into by Almawave S.r.l. and Gatti, as well as other co-conspirators of the defendants identified in the complaint. Yet, these very basic documents, which are at issue in the case, were not produced by Almawave USA, nor was any of the correspondence accompanying such documents. Numerous other examples of this type exist. Clearly, the Italian Almaviva Defendants are in possession, custody and control of documents and information to which Loop AI was entitled to received from each of those parties. Moreover, nothing in the Scheduling Order allows the Italian Almaviva Defendants to simply avoid all fact discovery as required by the Scheduling Order,

3

because their non-functioning US subsidiary is also a party defendant and is purporting to produce some documents for itself.

The Italian Almaviva Defendants' violations are unprecedented. Loop AI is now aware of any federal civil litigation in which two party defendants are allowed to simply ignore their obligations to engage in fact discovery under a mandatory Rule 16 scheduling order. At the most recent hearing before the Court, on April 21, 2016, the Italian Almaviva Defendant's counsel admitted to the Court that if the Court did not grant their motion to dismiss there would is "a down side to [his] client[s] to engaging in discovery." Dkt. 638 at 11:19-20 (MX-537). While there may indeed be a downside to the Italian Almaviva Defendants having to engage in discovery, the Italian Almaviva Defendants did not have the option of refusing to engage in discovery in accordance with the Scheduling Order, as they did.

Having chosen this risky and unprecedented strategy, they cannot now be allowed to benefit from such egregious violations, either by being allowed to introduce evidence in opposition to Loop AI's claims or in support of any defense advanced by any Defendant in the case, or by delaying trial to re-open discovery. The Court has already set a firm date for trial, and Loop AI has been preparing to finally bring this case to trial in accordance with the Court's Scheduling Order. Accordingly, Loop AI respectfully submits that entry of an Order pursuant to Rule 16(f) precluding the Italian Almaviva Defendants from introducing any evidence, whether documentary or testimonial, in opposition to Loop AI's claims or in support of any defenses is just and proper, and warranted by the Italian Almaviva Defendants' egregious violation of the Scheduling Order in this case. Loop AI has been seeking to persuade the Italian Almaviva Defendants to engage in fact discovery for more than one year and they have rebuffed Loop AI's requests at each turn. The Court expressly warned the parties that failure to comply with the Scheduling Order could have serious consequences. Accordingly, Loop AI respectfully submits

the sanctions sought by Loop AI here are proper to redress the Italian Almaviva Defendants' conduct and should be granted.

## RELEVANT FACTS

### A. The Rule 16 Scheduling Order.

In accordance with Rule 16 of the Federal Rules of Civil Procedure, on May 26, 2015, this Court conducted an initial case management conference, which was attended by all parties' counsel (the "Rule 16 Conference"). Dkt. 111 (MX-506-525). During the Rule 16 Conference, the Court, after hearing all parties' arguments in support of their respective proposal for a discovery plan to govern the case, issued from the bench its Rule 16 scheduling order. *Id.* at 22:11-20 (MX-521). In its Rule 16 scheduling order, the Court directed all parties to proceed immediately to fact discovery, and ordered such fact discovery to be completed by January 29, 2016. *Id.* Following the Rule 16 Conference, on May 27, 2015, the Court memorialized its Rule 16 scheduling order in a minute entry, followed by a formal order issued on June 5, 2015. *See* Dkt. 100 (Minute Order) and Dkt. 105 (MX-504) (Scheduling Order). [2]

During the Rule 16 Conference, the Court unambiguously stated that fact discovery **was not** stayed as to any party. Dkt. 111 at 15:1-7 (MX-514).[3] For instance, during the Rule 16 Conference, the parties and the Court addressed the Italian Almaviva Defendants' counsel's contention that his Italian clients should not be forced to engage in discovery until the Court decided those parties' then pending motions to dismiss, because those parties were in Italy. Dkt. 111 at 7-8 (MX-510-511). After Loop AI objected that Almaviva could not stop fact discovery

---

[2] The Court's statement during the Rule 16 Conference, Dkt. 111 at 22:11-20 (MX-521), its Minute Entry, Dkt. 100, and its Scheduling Order, Dkt. 105 (MX-504), all contain the same scheduling information, and are jointly referred to herein as the Rule 16 "Scheduling Order." The Rule 16 Scheduling Order was amended on February 3, 2016. *See* Dkt. 411 (MX-527-28).
[3] In the first of a series of baseless "discovery stay" arguments, the Defendants argued that California Code of Civil Procedure § 425.16(g) required a stay resulting from Loop AI's filing of a Special Motion to Strike directed to a counterclaim filed by IQS Inc., even though the Special Motion to Strike pertained in no way to discovery from the Defendants.

without having filed a motion to stay discovery, the Court agreed and told Almaviva's counsel "if you want to move for a stay … I don't express any point of view on that …" Dkt. 111 at 9:20-21 (MX-512).  Similarly, the Court addressed the Defendants' separate contention regarding a purported "automatic stay" of discovery, *see id.* at 15:1-7 (MX-514), raised by the Defendants in their proposed Case Management Order under a California Rule of Civil Procedure.  *See* Dkt. 98 at 11 (MX-488).  The Court was very clear that the Defendants were required to file a motion if they believed discovery was stayed.  *See* Dkt. 111 at 15:1-7 (MX-514) (The Court: "I understand that there [is] at least a representation that there's an automatic stay.  And from my point of view, if a stay is sought, ***it needs to be moved for*** a just -- and, again, I don't know if this is an issue that's ripe, but it's my perspective that if any party is asserting that discovery is stayed, they need to seek -- seek the Court's concurrence with that." (emphasis supplied)).

Despite the clarity of the Scheduling Order regarding the obligation by **all parties** to engage in fact discovery and complete it by January 29, 2016, as more fully set forth below, the Italian Almaviva Defendants refused to do so.  As a result, on November 23, 2015, Loop AI moved for extension of certain deadlines under of the Scheduling Order and for sanctions for the Italian Almaviva Defendants' refusal to engage in fact discovery as required by the Scheduling Order.  *See* Dkt. 300.  On February 1, 2016, Loop AI filed another motion bringing to the Court's attention that the Italian Almaviva Defendants continued to refuse to engage in fact discovery as required by the Scheduling Order and submitting supporting evidence of the Italian Almaviva Defendants' refusal to allow Loop AI to obtain fact discovery.  *See* Dkt. 405 at 4.  On February 3, 2016, following a second Rule 16 Case Management conference held on February 2, 2016, the Court issued an amended Rule 16 Scheduling Order, directing that **all fact discovery be completed by March 29, 2016**.  *See* Dkt. 411 (MX-527-28).   Like the initial Scheduling Order, the Court's amended Scheduling Order does not exempt the Italian Almaviva Defendants

from fact discovery.  *See id.*  The Scheduling Order is plainly directed to all parties in the case.

Indeed, shortly after issuing the amended Scheduling Order, the Court issued another Order

warning the parties that "obstructionist behavior will not be tolerated" and that if the current

conduct continued the "offending parties and their counsel will face serious consequences."  Dkt.

415 at ¶ 5 (MX-531-532).

### B.  The Italian Almaviva Defendants' Refusal to Engage In Fact Discovery As Required by the Rule 16 Scheduling Order.

Loop AI has vigorously pursued discovery from the Italian Almaviva Defendants from

the inception of this case.  On March 3, 2015, Loop AI filed a request to immediately begin

discovery and served each Defendant, including the Italian Almaviva Defendants with a set of

interrogatories and requests for production of documents.[4]  Dkt. 9-1.[5]  No documents were

produced in response to these requests.  Loop AI diligently continued its pursuit of discovery,

from parties and non-parties, following entry of the Scheduling Order.  Immediately following

the Rule 16 Conference, Loop AI sought to conduct the Court-ordered Rule 26(f) ESI Meet and

Confer as it had been attempting to do without success prior to the Rule 16 Conference.  *See* Dkt.

111 at 10:19-20 ("it strikes [that the Rule 26 ESI meet and confer] ought to be routine, so let's do

this this week.").  The Italian Almaviva Defendants, as well as the other defendants, refused to

participate.  *See* Dkts. 101, 101-1 (Summarizing Loop AI's attempts to promptly conduct the ESI

meet and confer, and the Defendants' refusal to do so).[6]

---

[4] Pursuant to Fed. R. Civ. P. 26(d)(2) early discovery requests are considered served on the day the Rule 26(f) conference occurs.  *See* Fed. R. Civ. P. 26(d)(2) and 34(b)(2)(A).

[5] Loop AI began to seek to meet and confer as to these discovery requests and ESI matters since March 5, 2015.  *See, e.g.,* Dkt. 53 at ¶¶ 16-18; Dkt. 89 at ¶¶ 27-30; Dkt. 89-9; Dkt. 96 at 4, 7 (MX-464, MX-467); Dkt. 97 at ¶¶ 8-18 (MX-471-MX-474); Dkt. 101-1; Dkt. 111 at 14:14-18 (MX-513), 20:21-22:01 (MX-519-MX521); Dkt. 89 at ¶ 28.

[6] *See also* Dkt. 111 at 7:10-22 (MX-510) (Counsel for the Almaviva Defendants stated that there are "several" downsides to having a prompt ESI conference following the Rule 16 Conference, including "the personal jurisdiction motions from the two Italian Almawave entities.  And those are obviously dispositive motions – yay or nay – whether they are in or out of the case.").

---

7

In accordance with the Scheduling Order, Loop AI propounded five additional sets of *merits* discovery request on each of the Italian Almaviva Defendants.  Despite Loop AI's numerous attempts to get any type of fact discovery from these parties, each of the Italian Almaviva Defendants refused to engage in fact discovery simply claiming that fact discovery was unconstitutional as to them:

**1.   The Italian Almaviva Defendants' Refusal to Allow Fact Discovery Through Written Discovery Requests in Violation of the Rule 16 Scheduling Order.**

*First Set* – On September 16, 2015, Almaviva S.p.A., in response to **12 Interrogatories** propounded by Loop AI, Almaviva S.p.A. refused to allow fact discovery and provide a substantive response, and instead cut and paste the following text in response to each Interrogatory:

> Almaviva S.p.A. objects to this interrogatory *and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process.* The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

*See* VCH Decl., **Exhibit A** at 6:17-22 (MX-8) (emphasis added).  On the same date, in response to **108 Requests for Documents** ("RFDs"), Almaviva S.p.A. refused to allow any fact discovery and produce documents in response to the RFDs and instead cut and paste the same text quoted above, claiming, in response to each of Loop AI's RFDs, that seeking fact discovery from Almaviva S.p.A. was allegedly unconstitutional.  *See id.* (MX-2 to MX-101).

Defendant Almawave S.r.l. adopted the same strategy as Almaviva S.p.A.  On September 16, 2015, in response to **12 Interrogatories and 108 RFDs** directed specifically to Almawave S.r.l., Almawave S.r.l. cut and paste the identical text reflected above, frivolously repeating that fact discovery from it was allegedly unconstitutional.  *See* VCH Decl., **Exhibit F** (MX-236, MX-230 to MX-329).

3:15-CV-00798-HSG-DMR                                    FED. R. CIV. P. 16(F) MOT. FOR SANCTIONS

*Second Set* – On October 15, 2015, in response to a new set of **19 RFDs** propounded by Loop AI, Almaviva S.p.A. refused to allow any fact discovery and to produce any document in response, and instead cut and paste the same text quoted above, again claiming that seeking fact discovery from Almaviva S.p.A. was allegedly unconstitutional.  *See* VCH Decl., **Exhibit B** (MX-103 to MX-126).  Also on October 15, 2015, Almawave S.r.l. responded to a new set of **19 RFDs** propounded by Loop AI specifically to Almawave S.r.l. in the same manner as Almaviva S.p.A. – claiming in response to each RFD that seeking fact discovery and production from Almaviva S.p.A. was allegedly unconstitutional.  *See* VCH Decl., **Exhibit G** (MX-331 to MX-355).

*Third Set* – On February 25, 2016, in response to a new set of **7 RFDs** propounded by Loop AI, Almaviva S.p.A. refused to allow any fact discovery and to produce any document in response, and instead cut and paste a slightly revised version of the text quoted above, again claiming that seeking fact discovery from Almaviva S.p.A. was allegedly unconstitutional:

> Almaviva S.p.A. objects to this interrogatory ***and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process.*** The Court has ordered that only limited jurisdictional discovery may proceed; which has concluded as of February 3, 2016.

*See* VCH Decl., **Exhibit C** at 5:23-27 (MX-133) (emphasis added).  Also on February 25, 2016, Almawave S.r.l. responded to a new set of **7 RFDs** propounded by Loop AI specifically to Almawave S.r.l. in the same manner as Almaviva S.p.A. – claiming in response to each RFD that seeking fact discovery and production from Almaviva S.p.A. was allegedly unconstitutional.  *See* VCH Decl., **Exhibit H** (MX-357 to MX-370).

*Fourth Set* – On March 28, 2016, in response to a new set of **109 RFDs** and **5 Interrogatories** propounded by Loop AI, Almaviva S.p.A. refused to allow any fact discovery

and to produce any document in response, and instead cut and paste the same the text quoted above in response to each RFD and each Interrogatory, again claiming that seeking fact discovery from Almaviva S.p.A. was allegedly unconstitutional.  *See* VCH Decl., **Exhibit D** (MX-142 to MX-208).  Also on March 28, 2016, Almawave S.r.l. responded to a new set of **109 RFDs** and **5 Interrogatories** propounded by Loop AI specifically to Almawave S.r.l. in the same manner as Almaviva S.p.A. – claiming in response to each RFD and each Interrogatory that seeking fact discovery and production from Almaviva S.p.A. was allegedly unconstitutional.  *See* VCH Decl., **Exhibit I** (MX-372 to MX-438).

*Fifth Set* – Also on March 28, 2016, in response to a new set of **17 RFDs** propounded by Loop AI, Almaviva S.p.A. refused to allow any fact discovery and to produce any document in response, and instead cut and paste the same the text quoted above in response to each RFD, again claiming that seeking fact discovery from Almaviva S.p.A. was allegedly unconstitutional. *See* VCH Decl., **Exhibit E** (MX-210 to MX-228).  Also on March 28, 2016, Almawave S.r.l. responded to a new set of **17 RFDs** propounded by Loop AI specifically to Almawave S.r.l. in the same manner as Almaviva S.p.A. – claiming in response to each RFD that seeking fact discovery and production from Almaviva S.p.A. was allegedly unconstitutional.  *See* VCH Decl., **Exhibit J** (MX-440 to MX-459).

### 2. The Italian Almaviva Defendants Refusal to Allow Fact Discovery Through Depositions As Required by the Rule 16 Scheduling Order.

On October 19, 2015, Loop AI located a key officer of Almawave S.r.l. and Almaviva S.p.A., Ms. Valeria Sandei, and another key officer of Almawave S.r.l., Mr. Raniero Romagnoli, in San Diego, California.  Loop AI immediately proceeded to personally serve them with subpoenas *duces tecum* and ***ad testificandum***.  *See* VCH Decl., Exhibit T (MX545-550).  Each of the two subpoenas included 109 requests for documents.  *See id.*  Both witnesses refused to produce a single document, as well as appear for a fact deposition.  *See* VCH Decl. at ¶¶ 31-33,

and **Exhibits V** (MX-556 to MX-631) and **W** (MX-633 to MX-708).  Instead, both witness simply cut and paste the same objection below in response to each request:

> In addition to the foregoing general objections, which are expressly incorporated herein, Responding Party objects to this request on the grounds and to the extent that it (1) is overbroad, harassing and unduly burdensome; (2) seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (3) is duplicative of other discovery requests already served and responded to; and (4) *improperly compels compliance further than 100 miles from where Responding Party resides, is employed, or regularly transacts business in person.*

*See id.* (emphasis added).  No documents were produced in response to these Subpoenas. *See* VCH Decl. at ¶ 31.  On February 29, 2016, Loop AI served on all Defendants a Notice of Depositions in accordance with Fed. R. Civ. P. 30, seeking to take the fact deposition of five witnesses, each of which are (or were at the time of the Notice) officers one or both of the Italian Almaviva Defendants.  *See* VCH Decl., **Exhibit U** (MX-552 to MX-554).

### 3.   The Italian Almaviva Defendants' Offensive Use of Discovery, While They Precluded Loop AI To Take Any Fact Discovery From Them.

Despite their egregious refusal to allow Loop AI to obtain any fact discovery, on May 3, 2016, the Italian Almaviva Defendants purported to offensively use discovery, by filing a notice claiming that they were designating two expert witnesses to testify in their behalf at trial.  *See* VCH Decl., **Exhibit S** (MX-540 to MX-543).  As of the time of this filing, May 3, 2016, the Court had not yet ruled on the Italian Almaviva Defendants' motion to dismiss for lack of personal jurisdiction.  Presumably because the Italian Almaviva Defendants believe this expert discovery to be helpful to their case, they proceeded with it and did not claim such discovery to be unconstitutional, as they have done with discovery that Loop AI sought to obtain from them. The Italian Almaviva Defendants were not permitted by the Scheduling Order to grant themselves an exemption from critical aspects of the Scheduling Order, and then use aspects of

3:15-CV-00798-HSG-DMR                    FED. R. CIV. P. 16(F) MOT. FOR SANCTIONS

the Scheduling Order that they found beneficial to them offensively. Having refused to engage in any fact discovery, the Italian Almaviva Defendants should not be permitted to proffer any expert discovery or witness in this case to oppose Loop AI's claims or to support any defense on behalf of any defendant in this case.

**C. Loop AI's Attempts to Persuade the Italian Almaviva Defendants to Comply With Their Fact Discovery Obligations Under the Rule 16 Scheduling Order.**

After it became clear that the Italian Almaviva Defendants would not allow fact discovery to proceed in accordance with the Scheduling Order, Loop AI immediately sought to meet and confer, and filed various motions to bring this issue to the Court's attention. For instance, Loop AI filed an Emergency Motion to Enforce the Federal Rules of Civil Procedure and Case Management Order ("Motion to Enforce"). Dkt. 214. The Italian Almaviva Defendants did not respond to the Motion to Enforce. Thereafter, on October 7, 2015, Loop AI filed its Administrative Motion for Leave to File Motions to Compel Discovery. Dkt. 247. The Italian Almaviva Defendants vigorously objected to this Motion resulting in the Court sending back the Motion to the parties to meet and confer about the disputes. *See* Dkt. 271. Since the Court's Order at Dkt. 271, Loop AI participated in weekly meet and confers with the Italian Almaviva Defendants, to no avail. *See* Dkt. 299-2 (Log of Meet and Confers). On November 6, 2015 during an in-person meet and confer with lead counsel for the Italian Almaviva Defendants, Loop AI's again attempt to persuade them to engage in fact discovery and advised them that Loop AI would move for sanctions pursuant to Rule 16 if they persisted in refusing to engage in fact discovery as required by the Scheduling Order. *See* VCH Decl. at ¶ 4. On November 23, 2015, Loop AI filed its first Motion for Sanctions pursuant to Rule 16 of the Federal Rules of Civil Procedure, based in part, on Italian Almaviva Defendants' refusal to engage in fact discovery on the grounds that discovery from these parties was, allegedly, "in violation of Constitutional requirements of due process." *See* VCH Decl. at ¶ 5. Even after the filing of

Loop AI's first Rule 16 Motion on November 23, 2015, the Italian Almaviva Defendants have continued to refuse to engage in fact discovery in this case as required by the Scheduling Order. *See id.* at ¶ 6. On February 1, 2016, Loop AI again raised with the Court the Italian Almaviva Defendants' refusal to comply with the Court's Scheduling Order and allow fact discovery to proceed as to them. *See id.* at ¶ 7; Dkt. 405 at 4. On February 12, 2016, the Court issued an Order warning the parties that an evidentiary hearing and/or serious sanctions would be imposed if the parties failed to comply with their discovery obligations under the Scheduling Order. *See* Dkt. 415 at ¶¶ 4-5 (MX-531 to MX-532). Despite these warnings, as shown by the Italian Almaviva Defendants continued to refuse to allow Loop AI to obtain any documentary and testimonial fact discovery from them.

## ARGUMENT

**I.      Preclusion Sanctions Against the Italian Almaviva Defendants Are Appropriate For Their Refusal to Allow Fact Discovery in Violation of the Rule 16 Scheduling Order.**

Rule 16 authorizes a Court to impose sanctions where parties "fail[] to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Here the Italian Almaviva Defendants refused to allow Loop AI to obtain any fact discovery in violation of the Rule 16 Scheduling Order, which required them to engage in and allow fact discovery and to complete all such fact discovery by March 29, 2016. *See* Dkts. 105, 411 (VCH Decl. at MX-504 and MX-527-28).

As detailed above, in this case each of the Italian Almaviva Defendants have egregiously refused to engage in fact discovery in violation of both the initial Scheduling Order issued on May 26, 2015 and the amended Scheduling Order issued on February 3, 2016. The Scheduling Order plainly required every party to this case, including the Italian Almaviva Defendants to engage in fact discovery and to allow Loop AI to obtain fact discovery from those parties. The Italian Almaviva Defendants were not at liberty to refuse all fact discovery simply because of their belief that fact discovery from them was unconstitutional. *See supra* at 8-11. As the Court

unambiguously stated at the May 26, 2015 Rule 16 Conference, a party seeking a stay of discovery was required to file a motion seeking such a stay and obtain the Court's concurrence that such a stay was appropriate.  *See* Dkt. 111 at 15:1-7 (MX-514) (The Court: "it's my perspective that if any party is asserting that discovery is stayed, they need to seek -- seek the Court's concurrence with that.").  During the May 26, 2015 hearing, in response to the Italian Almaviva Defendants' counsel's arguments that his clients had a pending motion to dismiss for lack of jurisdiction, the Court expressly told him:  "if you want to move for a stay … I don't express any point of view on that …"  Dkt. 111 at 9:20-21 (MX-512).  The Italian Almaviva Defendants never moved for a stay of fact discovery and never obtained the Court's consent that they could be excused from engaging in or allowing Loop AI to obtain fact discovery from them.

Even more fundamentally, at the time of the Italian Almaviva Defendants responses to the First Set of fact discovery from Loop AI, on September 16, 2015, the Court had already ruled on the Italian Almaviva Defendants' motion to dismiss for lack of personal jurisdiction, and had already found that as of that time, personal jurisdiction over the Italian Almaviva Defendants existed.  *See* Dkt. 183.  The fact that the Court denied the motion without prejudice does not change the Court's order that, as of that time September 2, 2015, the Court already had found personal jurisdiction to exist over each of the Italian Almaviva Defendants.  Moreover, the Scheduling Order remained in place and continued to require the Italian Almaviva Defendants, like all other parties, to allow fact discovery to proceed.  Indeed, on February 2, 2016, when the Court extended the fact discovery deadline to March 29, 2016, the Court did not say that the Italian Almaviva Defendants were exempted from fact discovery.  *See* Dkt. 411 (MX-527-28).  Indeed, the Court allowed only a short extension of all deadlines because the Italian Almaviva Defendants' counsel insisted that this case needed to be urgently tried.  Loop AI agrees. However, the Italian Almaviva Defendants are not permitted to evade all fact discovery and then

3:15-CV-00798-HSG-DMR                                                    FED. R. CIV. P. 16(F) MOT. FOR SANCTIONS

sandbag Loop AI at summary judgment or trial, or on any other motion, by being allowed to present self-serving evidence in opposition to Loop AI's claims or in support of any defense.

The abusive nature of the Italian Almaviva Defendants refusal to allow fact discovery is further demonstrated by the fact that on May 3, 2016, while their motion to dismiss for lack of personal jurisdiction was still pending, the Italian Almaviva Defendants proceeded to engage in offensive expert discovery, even designating two separate alleged experts that they intend to use in this case.  If fact discovery was unconstitutional as to the Italian Almaviva Defendants, as they claimed, it is difficult to conceive why expert discovery would not be.

The Italian Almaviva Defendants' violation of the "fact discovery" order set forth in the Scheduling Order, was highly prejudicial to Loop AI, and is sanctionable conduct under Rule 16(f)(1)(C).  *See* Fed. R. Civ. P. 16(f)(1).  Rule 16(f) provides that sanctions permissible for violation of a scheduling order issued under Rule 16 include those sanctions "authorized by Rule 37(b)(2)(A)(ii)-(vii)".  *Id.*   Rule 37(b)(2)(A)(ii) provides as a permissible sanction the issuance of an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."  Fed. R. Civ. P. 37(b)(2)(A)(ii) ("Preclusion Sanction").  *See, e.g., Freeman v. Astrue*, 405 Fed. Appx. 148, 150 (9th Cir. 2010) (upholding preclusion sanction for violation of one aspect of Rule 16 scheduling order).[7] Thus, pursuant to Rule 16(f)(1) this Court is authorized to issue a Preclusion Sanction against the Italian Almaviva Defendants in this case for their violation of the Scheduling Order by refusing to allow fact discovery to be taken in accordance with the Scheduling Order.

---

[7] *See also, e.g., In re Maurice*, 21 F.3d 767, 772 (7th Cir. 1994) (precluding introduction of evidence and witnesses); *McHale v. 1-15 Hartsdale Ave. Corp.*, No. 07-11448, 2010 Bankr. LEXIS 2369, at *2 (Bankr. S.D.N.Y. July 16, 2010) (issuing preclusion sanction for violation of fact discovery in scheduling order ("[T]he Court … grants the motion to preclude Hartsdale from offering testimony or other evidence in support of any of its affirmative defenses.")).

A Preclusion Sanction is appropriate in this case because Loop AI has been unable to obtain any fact discovery, whether documentary or testimonial, from the Italian Almaviva Defendants, despite having numerous claims against each of these defendants. The Italian Almaviva Defendants should not be permitted to oppose Loop AI's claims or support any defense by any of the Defendants, where they did not allow a single merits deposition to proceed and refused to respond to all of Loop AI's requests for fact discovery. The prejudicial nature of the Italian Almaviva Defendants' conduct is even more apparent through their purported offensive use of expert discovery, while at the same time they maintained that fact discovery was allegedly unconstitutional. Indeed, the Italian Almaviva Defendants purport to seek to use an alleged expert witness to act as a mouthpiece for witnesses they did not produce, such as Ms. Sandei and Mr. Romagnoli, and for evidence that was requested in the five sets of discovery propounded by Loop AI and to which the Italian Almaviva Defendants refused to respond.

Loop AI, therefore, requests the imposition of the following Preclusion Sanction:

1. Precluding the introduction by any Defendant at summary judgment, trial or in connection with any other motion directed to Loop AI's claims or to any party's defenses or counterclaims of any testimonial evidence submitted in the form of a declaration or by testimony, of officers and employees of Almawave S.r.l. and Almaviva S.p.A.

2. Precluding the introduction by Almawave S.r.l. and/or Almaviva S.p.A. at summary judgment, trial or in connection with any other motion directed to Loop AI's claims or to any party's defenses or counterclaims of any documentary evidence to oppose Loop AI's claims against Almawave S.r.l. and Almaviva S.p.A. or to support any defense on behalf of Almawave S.r.l. and Almaviva S.p.A.

3. Precluding the introduction of any expert witness, expert discovery and expert testimony by Almawave S.r.l. and Almaviva S.p.A.

16

4.  Precluding the use by Almawave S.r.l. and Almaviva S.p.A. of evidence obtained by Almawave USA Inc. or any other Defendant during the course of fact discovery in which the Italian Almaviva Defendants refused to engage.

The foregoing Preclusion Sanctions are appropriate in light of the substantial and serious prejudice that the Italian Almaviva Defendants' violation of the fact discovery order contained in the Scheduling Order has caused to Loop AI.  These sanctions are consistent with the Court's warning in its Order of February 5, 2016, that serious consequences would follow if a party frustrated discovery attempts by an opponent.  *See* Dkt. 415 at 2, ¶ 5 (MX-531).  As a result of the Italian Almaviva Defendants' egregious violation, Loop AI has been required to prepare for trial, which trial begins in three months, on a substantially reduced evidentiary record, and without the ability to obtain the evidence to which Loop AI was entitled from the Italian Almaviva Defendants.  It is also unprecedented under the Federal Rules of Civil Procedure that a party refuses to produce a single witness for a merits deposition.  There can be little question that Loop AI has been substantially prejudiced by this conduct.  Loop AI has been preparing to go to trial in three months in accordance with the Court's Scheduling Order, as Loop AI is entitled to finally bring this case to trial.  Concurrently, the Italian Almaviva Defendants, nor any other defendant in this case, can or should be allowed to benefit from the Italian Almaviva Defendants' refusal to allow fact discovery in violation of the Scheduling Order.

### CONCLUSION

For the foregoing reasons, Loop AI respectfully requests that this Motion be granted and that a Preclusion Sanction be issued.

Respectfully submitted,

June 15, 2016                                                  By:   /s/ *Valeria Calafiore Healy*

Valeria Calafiore Healy, Esq. (*phv*)

3:15-CV-00798-HSG-DMR                              FED. R. CIV. P. 16(F) MOT. FOR SANCTIONS

HEALY LLC
154 Grand Street
New York, New York 10013
Telephone:     (212) 810-0377
Facsimile:     (212) 810-7036


Daniel J. Weinberg, Esq. (SBN 227159)
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone:     (650) 593-6300
Facsimile:     (650) 593-6301


Attorneys for Plaintiff
LOOP AI LABS, INC.

3:15-CV-00798-HSG-DMR                                    FED. R. CIV. P. 16(F) MOT. FOR SANCTIONS