# EXHIBIT A

**MX-001**

**VENABLE LLP**
Thomas E. Wallerstein (SBN 232086)
Kimberly Culp (SBN 238839)
Email: twallerstein@venable.com
        kculp@venable.com
505 Montgomery Street
14th Floor
San Francisco, CA 94111
Telephone:   415.653.3750
Facsimile:   415.653.

Attorneys for Defendant ALMAVIVA S.P.A.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC., a Delaware corporation, | CASE NO.: 3:15-cv-00798-HSG-DMR |
| Plaintiff, | **ALMAVIVA S.P.A.'S RESPONSES AND OBJECTIONS TO LOOP AI LABS INC.'S DISCOVERY REQUESTS** |
| v. | |
| ANNA GATTI, an individual, ALMAVIVA S.p.A., an Italian corporation, ALMAWAVE S.r.l., an Italian corporation, ALMAWAVE USA, Inc., a California corporation, IQSYSTEM LLC, a California limited liability company, IQSYSTEM Inc., a Delaware corporation, | **FIRST SET**<br><br>Date of Service:  August 17, 2015<br>Date Responses Due: September 16, 2015<br><br>Action Filed: February 20, 2015<br>Trial Date: July 11, 2016 |
| Defendants. | |

PROPOUNDING PARTY:     Plaintiff Loop AI Labs, Inc.

RESPONDING PARTY:       Defendant Almaviva S.p.A.

SET NUMBER:                    One

Error! Unknown document property name.

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Defendant Almaviva S.p.A. submits the following objections and responses to Plaintiff Loop AI Labs Inc.'s ("Loop") first set of "Discovery requests" consisting of Interrogatories and Requests for Production of Documents:

## GENERAL OBJECTIONS

1.     Almaviva S.p.A. objects to each interrogatory, document request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

2.     These General Objections are hereby incorporated by reference into the objections made with respect to each interrogatory and request. The inclusion of any specific objection to an interrogatory or request is neither intended as, nor shall be in any way deemed, a waiver of any general objection or of any other specific objection that may be asserted at a later date. In addition, the failure to include at this time any general or specific objection to an interrogatory or request is neither intended as, nor shall in any way be deemed, a waiver of Almaviva S.p.A.'s right to assert that or any other objection at a later date.

3.     Almaviva S.p.A. objects to each of the interrogatories and requests to the extent they purport to impose obligations greater or more extensive than those required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or any other applicable law or rule.

4.     Almaviva S.p.A. objects to each of the interrogatories and requests to the extent they purport to impose a burden of producing information that cannot be found in the course of a reasonable search.

5.     Almaviva S.p.A. objects to each of the interrogatories and requests to the extent they are unreasonably cumulative or duplicative of other discovery, or seek documents or information that are obtainable from some other source that is more convenient, less

MX-003     1

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

burdensome, or less expensive.

6. Almaviva S.p.A. objects to each of the interrogatories and requests to the extent they are overbroad, harassing, oppressive, or unduly burdensome.

7. Almaviva S.p.A. objects to each of the interrogatories and requests to the extent they seek documents or information for which the burden or expense of obtaining and disclosing outweighs its likely benefit in resolving the issues of this action.

8. Almaviva S.p.A. objects to each of the interrogatories and requests to the extent they seek documents or information that are protected from production by the attorney-client privilege, work product immunity, and/or any other privilege, immunity, or exemption, including, but not limited to, documents and information dated after February 20, 2015, the date that Loop filed its original complaint in this action. Nothing contained in these responses is intended as, nor shall they in any way be deemed, a waiver of any attorney-client privilege, attorney work product doctrine, or any other applicable privilege, exemption, protection, limitation, prohibition, or immunity from disclosure.

9. Almaviva S.p.A. objects to each of the interrogatories and requests to the extent they seek information that is protected from production by any other privilege, immunity, doctrine or exemption protecting confidential commercial, financial and/or proprietary information.

10. Almaviva S.p.A. objects to each of the interrogatories and requests to the extent that they seek information relating to the misappropriation of trade secrets that Loop has failed to specify with particularity.

11. Almaviva S.p.A. objects to each of the interrogatories and requests to the extent they call for documents recently provided to Almawave USA, Almawave S.r.l. and Almaviva S.p.A. (collectively "Almawave") by Orrick, or to the extent they call for documents also responsive to the subpoena issued to Venable LLP, both of which are subject to pending motions to quash and/or for a protective order.

12. Almaviva S.p.A. objects to each of the interrogatories and requests to the extent they are vague or ambiguous.

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

2

**MX-004**

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

13. Almaviva S.p.A. objects to each of the interrogatories and requests to the extent they seek documents and information that are subject to confidentiality agreements with third parties.

14. Almaviva S.p.A. objects to each of the interrogatories and requests to the extent they seek documents and information not in Almaviva S.p.A.'s possession, custody, or control.

15. Almaviva S.p.A. objects to each of the interrogatories and requests to the extent they fail to describe with reasonable particularity the information and/or documents sought.

16. By objecting to the interrogatories and requests, Almaviva S.p.A. does not in any way concede that the above-captioned Court has personal jurisdiction over it.

17. Almaviva S.p.A.'s objections are made without prejudice to its right to subsequently add to, modify, or otherwise change or amend these responses and objections.

## METHOD OF DELIVERY OF RESPONSES

Almaviva S.p.A. objects to the "Method of Delivery of Responses" to the extent it purports to impose obligations greater or more extensive than those required by law. Almaviva S.p.A. will deliver its responses and objections and in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California and any other applicable law or rule.

## PRODUCTION FORMAT

Almaviva S.p.A. objects to the "Production Format" to the extent it purports to impose obligations greater or more extensive than those required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California or any other applicable law or rule.

## DEFINITIONS

1. Almaviva S.p.A. objects to the definition of "Almaviva Group" as inappropriately overbroad in that it encompasses entities that have no relation to this litigation. Accordingly, each interrogatory and request that seeks documents or information relating to the "Almaviva Group" is overbroad, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

**MX-005** 3

admissible evidence.

2.    Almaviva S.p.A. objects to the definition of "Almaviva IT" as inappropriately overbroad in that it includes "counsel." Although Loop asserts that "the inclusion of counsel in this definition is not intended to seek trial counsel's work product," the inclusion of counsel seeks documents and information protected from disclosure by the attorney-client privilege.

3.    Almaviva S.p.A. objects to the definition of "Almawave IT" as inappropriately overbroad in that it includes "counsel." Although Loop asserts that "the inclusion of counsel in this definition is not intended to seek trial counsel's work product," the inclusion of counsel seeks documents and information protected from disclosure by the attorney-client privilege.

4.    Almaviva S.p.A. objects to the definition of "Almawave USA" as inappropriately overbroad in that it includes "counsel." Although Loop asserts that "the inclusion of counsel in this definition is not intended to seek trial counsel's work product," the inclusion of counsel seeks documents and information protected from disclosure by the attorney-client privilege.

5.    Almaviva S.p.A. objects to the definition of "identify" as it refers to documents, oral or written communications, and persons to the extent it purports to impose obligations greater or more extensive than those required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California or any other applicable law or rule.

6.    Almaviva S.p.A. objects to the definition of "You" or "Your" to the extent that it includes "counsel" and therefore, seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege.

7.    Almaviva S.p.A. objects to the definitions to the extent they purport to impose obligations greater or more extensive than those required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or any other applicable law or rule.

8.    Almaviva S.p.A. objects to the definitions to the extent they purport to impose a burden of producing information that cannot be found in the course of a reasonable search.

## INSTRUCTIONS

1.    Almaviva S.p.A. objects to the instructions to the extent they purport to impose

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

obligations greater or more extensive than those required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or any other applicable law or rule.

2. Almaviva S.p.A. objects to the instructions to the extent they purport to impose a burden of producing information that cannot be found in the course of a reasonable search.

3. Almaviva S.p.A. objects to the instructions to the extent they are unduly burdensome.

4. Almaviva S.p.A. objects to the instructions to the extent they require the production of documents or information for which the burden or expense of obtaining and disclosing outweighs its likely benefit in resolving the issues of this action.

5. Almaviva S.p.A. objects to the instructions to the extent they require the production of documents or information that are protected from production by the attorney-client privilege, work product immunity, and/or any other privilege, immunity, or exemption, including, but not limited to, documents and information dated after February 20, 2015, the date that Loop filed its original complaint in this action.

6. Almaviva S.p.A. objects to the instructions to the extent they require the production of documents and information that are protected from production by any other privilege, immunity, doctrine or exemption protecting confidential commercial, financial and/or proprietary information.

7. Almaviva S.p.A. objects to the instructions to the extent that they require the production of documents and information relating to the misappropriation of trade secrets that Loop has failed to specify with particularity.

8. Almaviva S.p.A. objects to the instructions to the extent they require the production of documents and information that are subject to confidentiality agreements with third parties.

9. Almaviva S.p.A. objects to the instructions to the extent they require the production of documents and information not in Almaviva S.p.A.'s possession, custody, or control.

**MX-007**

ALMAVIVA S.P.A.'S RESPONSES TO LOOP AI LABS INC.'S DISCOVERY REQUESTS

10.    Almaviva S.p.A. objects that the time period set forth in the instructions is an overbroad timeframe as applied to the requests, and does not reflect a relevant time period. Most of the key events occurred between 2012, when Loop was founded, and February 20, 2015, when Loop filed its original complaint in this litigation. Accordingly, all of the interrogatories and requests should be restricted to the time period from January 1, 2012 to February 20, 2015.

## RESPONSES TO INTERROGATORIES & DOCUMENT REQUESTS

## INTERROGATORY NO. 1:

Identify by name, make and model all electronic devices, including any computer or laptop computer, that anyone of the Almaviva Defendants or the Almaviva Group gave Anna Gatti, Manuela Micoli, Tony DiNapoli, Gennaro DiNapoli, Dario Vignudelli or any officer or director of Almawave USA, or any other individual employed by any of the Almaviva Defendants to work for Almawave USA to perform any work or to conduct communications by, for, on behalf of or with any of the Defendants or the Almaviva Group.[1] If the Almaviva Group did not provide any devices to the individuals listed by name, please so specify in response to this request.

## RESPONSE TO INTERROGATORY NO. 1:

Almaviva S.p.A. objects to this interrogatory and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this interrogatory and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor

---

[1] [Loop's Note — this request essentially calls for the identification of (1) anyone who was performing services on behalf of the Almaviva Group for its Almawave USA business, and (2) a listing for each individual of the devices listed above].

6

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO 1:**

Produce all documents and communications relating to, concerning, or referring to provision to anyone of the above identified devices, as well as any documents relating to, concerning, or referring to the name, make and model all electronic devices, including any computer or laptop computer, that anyone of the Almaviva Defendants or the Almaviva Group gave Anna Gatti, Manuela Micoli, Tony DiNapoli, Gennaro DiNapoli, Dario Vignudelli or any officer or director of Almawave USA, or any other individual employed by any of the Almaviva Defendants to work for an USA to perform any work or to conduct communications by, for, on behalf of or with any of the Defendants or the Almaviva Group.

**RESPONSE TO REQUEST NO. 1:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

MX-009    7

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**INTERROGATORY NO. 2:**

Identify the name of each person who recommended, suggested, discussed or in any way communicated with Valeria Sandei or anyone else in the Almaviva Group about the retention of the law firm of Orrick Herrington & Sutcliffe LLP ("Orrick") in the United States by Almawave S.r.l. or Almaviva S.p.A. in 2014 and identify the name of the person who introduced Valeria Sandei or anyone else from the Almaviva Group to [Editor's Note — this request essentially calls for the identification of (1) anyone who was performing services on behalf of the Almaviva Group for its Almawave USA business, and (2) a listing for each individual of the devices listed above]. Orrick, including by identifying the name(s) of the specific attorney(s) at Orrick who were first contacted in any Orrick United States Office regarding the possibility of an engagement by any one of the entities in the Almaviva Group during the period January 1, 2014 to April 4, 2014.

**RESPONSE TO INTERROGATORY NO. 2:**

Almaviva S.p.A. objects to this interrogatory and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this interrogatory and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this

MX-010    8

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 2:**

Produce all documents and communications relating to, concerning, or referring to any aspect of recommendations, suggestions, discussions or any other type of communication between Valeria Sandei or anyone else in the Almaviva Group and any other person regarding the retention of the law firm of Orrick Herrington & Sutcliffe LLP ("Orrick") in the United States by Almawave S.r.l. or Almaviva S.p.A. in 2014.

**RESPONSE TO REQUEST NO. 2:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**INTERROGATORY NO. 3:**

Identify the name of each person contacted, solicited or interviewed for any full-time, part-time, or hourly position, or for any consulting position, or contracting position or to serve in

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

any way as agents, representatives or contractors of Almawave IT.

**RESPONSE TO INTERROGATORY NO. 3:**

Almaviva S.p.A. objects to this interrogatory and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this interrogatory and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 3:**

Produce all documents and communications relating to, concerning, or referring to any person contacted, solicited or interviewed for any full-time, part-time, or hourly position, or for any consulting position, or contracting position or to serve in any way as agents, representatives or contractors of Almawave IT.

**RESPONSE TO REQUEST NO. 3:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

10

MX-012

or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**INTERROGATORY NO. 4:**

Identify and describe in detail the search terms, custodians and repositories, and any method used in relation to the Almawave Defendants' statement to the Court that "Almawave USA and the Italian Almawave Defendants conducted a reasonable search of their systems and found no documents of Plaintiff's."

**RESPONSE TO INTERROGATORY NO. 4:**

Almaviva S.p.A. objects to this interrogatory and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process.  The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this interrogatory and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 4:**

Produce all documents and communications relating to, concerning, or referring to the search terms, custodians and repositories, and any method used in relation to the Almawave Defendants' statement to the Court that "Almawave USA and the Italian Almawave Defendants.

**RESPONSE TO REQUEST NO. 4:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**INTERROGATORY NO. 5:**

Identify all current (through the time of trial in the above captioned action) and past Almaviva IT officers, directors, employees, and contractors, including dates of service for each identified individual, titles, and employment status, and specify which such individuals were or are responsible for day-to-day decision-making on behalf of Almawave USA. This request

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

12

MX-014

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

requires Almaviva IT to supplement its response with any additional individual who is retained following the return date of these Requests.

**RESPONSE TO INTERROGATORY NO. 5:**

Almaviva S.p.A. objects to this interrogatory and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this interrogatory and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 5:**

Produce all documents and communications relating to, concerning, or referring to appointment, hiring, selection, or election of all current (through the time of trial in the above captioned action) and past Almaviva IT officers, directors, employees, and contractors, including dates of service for each identified individual, titles, and employment status, and specify which such individuals were or are responsible for day-to-day decision-making by, for or on behalf of Almawave USA. This request requires Almaviva IT to supplement its response with any additional individual who is retained following the return date of these Requests.

**RESPONSE TO REQUEST NO. 5:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds

MX-015 13

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**INTERROGATORY NO. 6:**

Identify all positions held by Gatti of which Almaviva IT was aware before it hired her to work for Almawave USA or any of the other Almaviva Defendants, including, but not limited to, positions as an officer, director, outside director, consultant, advisor, or employee of any other company, non-profit entity, or other organization.

**RESPONSE TO INTERROGATORY NO. 6:**

Almaviva S.p.A. objects to this interrogatory and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this interrogatory and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks

14

information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 6:**

Produce all documents and communications relating to, concerning, or referring to all positions held by Gatti of which Almaviva IT was aware before it hired her to work for Almawave USA, including, but not limited to, positions as an officer, director, outside director, consultant, advisor, or employee of any other company, non-profit entity, or other organization.

**RESPONSE TO REQUEST NO. 6:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

15

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

**INTERROGATORY NO. 7:**

Specify the date in which Almaviva IT claims Anna Gatti began working for it or any other entity in the Almaviva Group in any capacity.

**RESPONSE TO INTERROGATORY NO. 7:**

Almaviva S.p.A. objects to this interrogatory and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this interrogatory and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 7:**

Produce all documents and communications relating to, concerning, or referring to the date in which Almaviva IT claims Anna Gatti began working for it or any other entity in the Almaviva Group in any capacity.

**RESPONSE TO REQUEST NO. 7:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited

16

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**INTERROGATORY NO. 8:**

State whether Almaviva Group paid any money or made any presents, directly or indirectly, to any employee or member of the Italian Consulate or other Italian government official, whether in Italy or in the United States, in connection with any event held by Almaviva Group at the Italian Consular offices.

**RESPONSE TO INTERROGATORY NO. 8:**

Almaviva S.p.A. objects to this interrogatory and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this interrogatory and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

MX-019    17

privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 8:**

Produce all documents and communications relating to, concerning, or referring to any payments, transfers of money, or presents or invitations by anyone in the Almaviva Group to any to any employee or member of the Italian Consulate or other Italian government official, whether in Italy or in the United States, in connection with any event held by Almaviva Group at the Italian Consular offices.

**RESPONSE TO REQUEST NO. 8:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**INTERROGATORY NO. 9:**

Identify each of the persons that anyone in the Almaviva Group contacted or

18

MX-020

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

communicated with in connection with the hosting of any events by Almaviva Group at any Italian Consular Offices, or any Italian Governmental Offices from June 2013 to the present.

**RESPONSE TO INTERROGATORY NO. 9:**

Almaviva S.p.A. objects to this interrogatory and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this interrogatory and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 9:**

Produce all documents and communications relating to, concerning, or referring to any discussions with or about persons that anyone in the Almaviva Group contacted or communicated with in connection with the hosting of any events by Almaviva Group at any Italian Consular Offices, or any Italian Governmental Offices from June 2013 to the present, including by producing all correspondence requesting the set up of the events, all correspondence and communications describing the events, all invitations sent to anyone regarding any event hosted by or on behalf of the Almaviva Group at any Italian government or consular office in Italy, Brazil, or the United States from October 1, 2013 to the present.

///

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

19

**MX-021**

**RESPONSE TO REQUEST NO. 9:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**INTERROGATORY NO. 10:**

State whether Anna Gatti provided any input into, or in any way worked on or contributed to, or was involved in any communication regarding any aspect of the patent application filed with the United States Patent and Trademark Office, entitled "System and Method for Meaning Driven Process..." on August 1, 2014 and published at Publication No: US20140343927, or the technology described therein at any time from January 1, 2014 to the present.

**RESPONSE TO INTERROGATORY NO. 10:**

Almaviva S.p.A. objects to this interrogatory and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only

MX-022

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this interrogatory and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 10:**

Produce all documents and communications relating to, concerning, or referring to any discussions with or about any aspect of the patent application filed with the United States Patent and Trademark Office, entitled "System and Method for Meaning Driven Process..." on August 1, 2014 and published at Publication No: US20140343927, or the technology described therein at any time from January 1, 2014 to the present.

**RESPONSE TO REQUEST NO. 10:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**INTERROGATORY NO. 11:**

Identify the date upon which Venable LLP was hired to provide services for the Almawave Defendants, and the name of the person(s) who identified, referred, or suggested to Almaviva IT or the other Almaviva Defendants that Venable LLP be contacted or hired by them in this case and identify the name of the lawyer at Venable LLP who was contacted in regards to the Action (as defined above).

**RESPONSE TO INTERROGATORY NO. 11:**

Almaviva S.p.A. objects to this interrogatory and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this interrogatory and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

///

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

**INTERROGATORY NO. 12:**

Identify all email addresses (personal and non), mobile phone numbers, including any US mobile phone numbers even if temporary, and direct line numbers used by any one of the following individuals during the period January 1, 2014 to June 30, 2015:

1. Anna Gatti
2. Jeff Capaccio
3. Manuela Micoli
4. Valeria Sandei
5. Peter Huang
6. Marco Tripi
7. Andrea Rossetti
8. Angela Nicolella
9. Antonio Dibitonto
10. Christian De Felice
11. Francesca Valentini
12. Francesco Renzetti
13. Lisa Wu
14. Luca Fern
15. Mariantonietta Perri
16. Raffaella Boldini
17. Raniero Romagnoli
18. Sabrina Nobili
19. Sergio Calderara

**RESPONSE TO INTERROGATORY NO. 12:**

Almaviva S.p.a. objects to this interrogatory and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this interrogatory and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

MX-025    23

litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 11:

Produce all documents and communications regarding, referring, referencing, or in any way communicating with or about Anna Gatti, Tony DiNapoli, IQSystem, or Doug Bewsher.

a. COLLECTION METHODOLOGY FOR RESPONDING TO REQUEST: In addition to any documents that are, or have been identified, by manual review of the Almaviva Group's files, Loop AI requests that the following search queries be used to identify responsive documents: Gatti; DiNapoli or Napoli or Tony; IQ or IQS or IQSystem!; Doug or Bewsher or Bew! Or Beusher or Beus!.

### RESPONSE TO REQUEST NO. 11:

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

MX-026    24

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

**REQUEST NO. 12:**

Produce all documents and communications in possession, custody or control of the Almaviva Group relating to, concerning, referring to directly or indirectly, or communicating with, the Plaintiff or any of its current or former employees, agents, contractors, or advisors.

    a. COLLECTION METHODOLOGY FOR RESPONDING TO REQUEST: In addition to any documents that are, or have been identified, by regular review of the Almaviva Group's files, Loop AI requests that the following search queries be used to identify responsive documents: Gatti; Bewsher or Beush! or Doug; Ehlen or Elen or Patrick; Peint! Or Bart; Dario or Vignud!; Orrick; "Bank of the West" or BOW; Krista; "start-up" or "startup"; Calafiore; Healy; Bautista; conflict or conflitto.

**RESPONSE TO REQUEST NO. 12:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 13:**

Produce all documents and communications relating to, concerning, or referring to any

MX-027 25

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

actual, potential or prospective customers, business partners, investors, and/or service providers.

**RESPONSE TO REQUEST NO. 13:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 14:**

Produce all documents and communications regarding any background check, due diligence, reference check or anything check, investigation, or communication conducted by the Almaviva Group regarding Anna Gatti, Tony Di Napoli, IQSystem Inc., Jeff Capaccio from January 1, 2014 to June 5, 2014.

**RESPONSE TO REQUEST NO. 14:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 15:**

Produce all documents and communications between Valeria Sandei, Marco Tripi or any other officer of the Almaviva Group and Giuliano Tavaroli during the period 2010 to the present.

**RESPONSE TO REQUEST NO. 15:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or

MX-029   27

proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 16:**

Produce any memorandum, notes or communication referencing, discussing, or reporting any information given by Anna Gatti immediately after such information was given by her or by anyone on her behalf, including any of her counsel, to anyone at Venable LLP. To the extent any documents covered by this request include any mental impressions by counsel aside from a report of factual information provided by Anna Gatti, any such mental impressions can be redacted. To the extent you withhold any documents responsive to this Request, produce a privilege log listing all documents. This request does not call for drafts prepared by counsel regarding any filings to be made in the litigation, but only for memoranda, notes or communications expressly referencing or reporting any account of the facts given by Anna Gatti or anyone on her behalf to Venable LLP.

**RESPONSE TO REQUEST NO. 16:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

28

MX-030

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

**REQUEST NO. 17:**

[Intentionally omitted].

**RESPONSE TO REQUEST NO. 17:**

[Intentionally omitted].

**REQUEST NO. 18:**

Produce any joint defense or other agreement, or documents or communications referring to any such agreement between Venable or the Almaviva Group and any one of the Defendants, or their counsel, or Russell Reynolds Associates or their counsel.

**RESPONSE TO REQUEST NO. 18:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 19:**

Produce all documents and communications provided or produced to the Almaviva Group or its counsel, Venable LLP, by any of the Defendants or their counsel, or by any third parties or their counsel in connection with any aspect of this Action.

29

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

**RESPONSE TO REQUEST NO. 19:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 20:**

Produce all documents and communications between any member of the Almaviva Group and any past or present employees, consultants, or officers of Russell Reynolds Associates from October 2013 to the present.

**RESPONSE TO REQUEST NO. 20:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

30

**MX-032**

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 21:**

Produce all documents and communications between any member of the Almaviva Group and any past or present employees, consultants, or officers of Frost & Sullivan from October 2013 to the present relating to any event or business in the United States.

**RESPONSE TO REQUEST NO. 21:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

31

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

**REQUEST NO. 22:**

Produce all documents contained in the email account or accounts provided to Gatti by Almaviva IT or any other member of the Almaviva Group.

**RESPONSE TO REQUEST NO. 22:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 23:**

Produce all documents and communications concerning, relating, regarding the negotiation of any contract or agreement by or on behalf of Almaviva IT in respect of Gatti, Di Napoli, any of the IQSystem Defendants or any business it conducted in the United States from January 1, 2014 to the present.

**RESPONSE TO REQUEST NO. 23:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined

MX-034

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 24:**

Produce all documents and communications relating to the "Joint Venture" identified in the Orrick's client/matter assigned to Almawave S.r.l.

**RESPONSE TO REQUEST NO. 24:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this

33

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 25:**

Produce all documents, information, goods, or tangible things that Gatti removed, copied, took, downloaded, received either directly or indirectly from Plaintiff, created while employed by Plaintiff, or which possessed or possesses no matter how obtained that are currently in Your possession.

**RESPONSE TO REQUEST NO. 25:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 26:**

Produce all documents and communications, including but not limited to telephone records, logs, bills, notes, SMS messages, electronic mail, LinkedIn messages, and Facebook messages, relating to, concerning, or referring to any communication between or among Gatti

MX-036    34

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

and any employee, representative or agent of any individual or entity that was or is a prospective investor or business partner or is a current investor or business partner of Plaintiff, including, but not limited to, Trae Stephens, Shai Ghanem, Lisa Lambert, and Bart Swanson (individuals identified by Gatti as her witnesses in her Initial Disclosures).

**RESPONSE TO REQUEST NO. 26:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 27:**

Produce all documents and communications, including but not limited to telephone records, logs, bills, notes, SMS messages, electronic mail, LinkedIn messages, and Facebook messages, relating to, concerning, or referring in any way to any communication between or among Gatti and any past or present consultant, advisor or agent of Plaintiff.

**RESPONSE TO REQUEST NO. 27:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.;

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

MX-037   35

obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 28:**

Produce all expense requests, reports, or any other form of expense reimbursement and/or supporting documentation submitted by Gatti to Almaviva IT or to the Almaviva Group regarding, concerning, or relating to travel expenses.

**RESPONSE TO REQUEST NO. 28:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of

MX-038

36

Venable LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 29:**

Produce all documents and communications by and among Marco Tripi and Valeria Sandei relating to Anna Gatti, Tony DiNapoli, IQS or IQSystem, including, but not limited to, the performance review conducted by Marco Tripi of Anna Gatti.

**RESPONSE TO REQUEST NO. 29:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 30:**

Produce all documents relating to, concerning, or referring to any communication, including but not limited to telephone communications, writings, electronic mail, fax

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

communications, and in-person discussions, between Gatti and the Almawave Defendants relating to, concerning, or referring to investors or business partners, active or prospective investors or business partners, or business information provided by or proposed by Anna Gatti, Jeff Capaccio, Tony DiNapoli and/or IQS or IQSystem.

**RESPONSE TO REQUEST NO. 30:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 31:**

Produce for inspection all electronic devices used by Gatti since accepting employment with Almaviva IT.

**RESPONSE TO REQUEST NO. 31:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited

38

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 32:**

Produce all documents and communications relating to Valeria Sandei's background, experience and/or education in artificial intelligence technology, unsupervised machine learning, artificial intelligence, and related fields, including any training Valeria Sandei has received, relevant degrees, and other relevant background possessed by Valeria Sandei.

**RESPONSE TO REQUEST NO. 32:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

39

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 33:**

Produce all documents and communications identifying Valeria Sandei's contributions to any patent applications or any invention involving or relating to artificial intelligence, whether such application was filed with any patent office or not.

**RESPONSE TO REQUEST NO. 33:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 34:**

Produce copies of all patents issued to any member of the Almaviva Group or documents sufficient to identify any such patents.

///

MX-042  40

**RESPONSE TO REQUEST NO. 34:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 35:**

Produce all documents and communications relating to any discussion regarding the acquisition, actual, potential or prospective, of any start-up, by the Almaviva Group from January 1, 2013 to the present.

**RESPONSE TO REQUEST NO. 35:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the

41

MX-043

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 36:**

Produced all documents and communications in possession of the Almaviva Group regarding competition in the artificial intelligence or customer relationship management space in the United States from January 1, 2013 to the present.

**RESPONSE TO REQUEST NO. 36:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

42

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

REQUEST NO. 37:

Produce all documents, including but not limited to expense reports, receipts, credit card statements, and asset lists, relating to the purchase, possession, and ownership by Almaviva IT of any electronic devices used by Gatti while employed by Almawave USA or any other member of the Almaviva Group.

RESPONSE TO REQUEST NO. 37:

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

REQUEST NO. 38:

Produce all documents and communications dated on or after December 1, 2014 relating to, concerning, or referring to erasure, concealment, or alteration of files contained on the laptop computer or external hard drive provided to Gatti by Plaintiff

RESPONSE TO REQUEST NO. 38:

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.;

MX-045 43

obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 39:**

Produce all documents and communications dated on or after December 1, 2014 relating to, concerning, or referring to erasure, concealment, deletion or alteration of files, data, or content contained on any Dropbox, Backblaze, Google, or other online service accounts that were used by Gatti.

**RESPONSE TO REQUEST NO. 39:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor

MX-046   44

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 40:**

Produce all written communication between any of the Almawave Defendants and either of the IQSystem Defendants, Gatti, or DiNapoli.

**RESPONSE TO REQUEST NO. 40:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 41:**

Produce all documents and communications relating to, concerning, or discussing Almawave USA's incorporation, creation, corporate bylaws, articles of incorporation, and its

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

45

MX-047

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

minute book and the creation and membership of its Board of Directors.

**RESPONSE TO REQUEST NO. 40:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 42:**

Produce documents sufficient to identify every current or past member of Almaviva IT Board of Directors from January 1, 2014 to the time of trial.

**RESPONSE TO REQUEST NO. 42:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 43:**

Produce all documents and communications relating to, regarding, or concerning any board meeting or other meeting within Almaviva IT to discuss any aspect of the actual, prospective, potential creation, funding and development of Almawave USA, the hiring or retention of Gatti and/or Di Napoli or the IQSystem Defendants, and any other communications relating to any United States business from January 1, 2014 to the time of trial.

**RESPONSE TO REQUEST NO. 43:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its

**MX-049** 47

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 44:**

Produce all documents relating to, concerning, or referring to meetings of the Almawave USA Board of Directors, including, but not limited to, meeting minutes, agendas, presentations, addenda to meeting minutes, emails containing, concerning, or relating to Board of Directors meetings, and all other documents relating to, concerning, or referring to such meetings.

**RESPONSE TO REQUEST NO. 44:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 45:**

Produce all documents relating to, concerning, or referring to the solicitation or recruitment of anyone in the United States to work for Almawave USA or the other Almawave Defendants from October 1, 2013, to the present.

/ / /

**MX-050** 48

**RESPONSE TO REQUEST NO. 45:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 46:**

Produce all documents and communications regarding, referring to, or concerning performance expectations, performance metrics, performance reviews, or other similar documents for all past or present employees, consultants, or service providers of Plaintiff hired by Almawave USA or Almaviva IT or Almawave IT, including, but not limited to, Gatti, Tony Di Napoli, Jeff Capaccio, IQS, Dario Vignudelli, and Orrick.

**RESPONSE TO REQUEST NO. 46:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 47:**

Produce all documents and communications between Valeria Sandei and Marco Tripi regarding, discussing, referring, concerning, or in any way referencing, Gatti, Tony Di Napoli, Jeff Capaccio, IQS, Dario Vignudelli, and Orrick.

**RESPONSE TO REQUEST NO. 47:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its

50

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 48:**

Produce all pages from the passport of Valeria Sandei, Marco Tripi, and any other employee of Almawave USA or the Almaviva Defendants [in respect of custodians identified by Defendants or Plaintiff] showing any entry and exit into or out of the United States from October 1, 2013 to the present, as well as copies of any visitor or other Visa obtained by any one of the foregoing individuals to gain entry into the United States.

**RESPONSE TO REQUEST NO. 48:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 49:**

Produce all date books, calendars, diaries, appointment books and/or similar logs or documents, including any and all documents upon or within which the following individuals recorded or records appointments or other scheduling information relating to, concerning, or

51

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

referring to personal or professional schedules and appointments, to the extent they relate to, concern, or refer in any way to Gatti, Plaintiff, Di Napoli, IQSystem, Capaccio or Almawave USA:

- Andrea Rossetti
- Angela Nicolella
- Antonio Dibitonto
- Christian De Felice
- Francesca Valentini
- Francesco Renzetti
- Lisa Wu
- Luca Ferri
- Marco Trippi
- Mariantonietta Perri
- Raffaella Boldini
- Raniero Romagnoli
- Sabrina Nobili
- Sergio Calderara
- Valeria Sandei

## RESPONSE TO REQUEST NO.49:

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

**REQUEST NO. 50:**

Produce all documents relating to, concerning, or referring to the working or consulting relationship between Gatti and TheNeeds, Almaviva IT, Almawave IT, or Almawave USA, including, but not limited to, any communications, memoranda, engagement letters, offer letters, employment agreements, consultancy agreements, job descriptions, indemnification agreements, confidentiality agreements, pay checks or payroll statements or stubs, accounting documents or reports, reserves or reserve allowances, sales reports, logs or notes, expense records, and interview summaries or notes.

**RESPONSE TO REQUEST NO.50:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 51:**

Produce all documents and communications relating to, concerning, or referring to the recruitment of, consideration of, and decision to hire Gatti by the Almawave Defendants, including, but not limited to, offers of employment, employment contracts, job applications,

53

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

position descriptions, confidentiality agreements, stock purchase agreements, resumes, lists of personal or professional references, due diligence, reference checks, and conflicts investigations as well as all documents provided by, and communications with, Russell Reynolds Associates, Orrick, or any other third parties relating to, concerning, or referring to the recruitment of, consideration of, and decision to hire Gatti.

**RESPONSE TO REQUEST NO. 51:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 52:**

Produce all of Gatti's date books, calendars, diaries, appointment books and/or similar logs or documents, including any and all documents upon or within which Gatti recorded or records appointments or other scheduling information relating to, concerning, or referring to her personal or professional schedules and appointments.

**RESPONSE TO REQUEST NO. 52:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds

54

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 53:**

Produce all documents and communications relating to, concerning, or referring to the work that Gatti has performed, is presently performing and/or is or was expected to perform for Almawave USA or Almaviva IT or Almawave IT.

**RESPONSE TO REQUEST NO. 53:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor

55

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 54:**

Produce all documents and communications relating to, concerning, or referring to Almawave USA's business and/or operation.

**RESPONSE TO REQUEST NO. 54:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 55:**

Produce a copy of all bank statements of Almawave USA or of Almaviva IT or of Almawave IT from any US Bank.

56

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

**RESPONSE TO REQUEST NO. 55:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 56:**

Produce all documents and communications relating to, concerning, or referring to Almawave USA's goals for, expectations of, and requirements for Gatti in connection with her role as an officer and/or employee of Almawave USA or of any of the other Almawave Defendants.

**RESPONSE TO REQUEST NO. 56:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 57:**

Produce all documents and communications relating to, concerning, or referring to the event attended, hosted, organized, or run by Almawave USA or the Almaviva Group at the Italian Consulate in San Francisco in July 2014 or at any other time.

**RESPONSE TO REQUEST NO. 57:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 58:**

Produce all documents and communications relating to, concerning, or referring to any event attended, hosted, organized, run, or scheduled to be organized, attended, hosted, or run by Almawave USA, Almawave IT, or Almaviva IT or any member, employee, agent of the Almaviva Group in the United States from October 1, 2013 to the present.

**RESPONSE TO REQUEST NO. 58:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 59:**

Produce all documents and communications relating to, concerning, or referring to the meeting between the Almawave Defendants and Prime Minister of Italy Matteo Renzi at the Yachting Club of San Francisco in 2014.

**RESPONSE TO REQUEST NO. 59:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 60:**

Produce all communications and documents relating to, concerning, or referring to any positions held by Gatti other than her position as an officer and employee of Almawave USA or of Almaviva IT or Almawave IT, including, but not limited to, positions as an officer, director, outside director, consultant, advisor, or employee of any company, non-profit entity, or organization other than Almawave USA.

**RESPONSE TO REQUEST NO. 60:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the

60

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 61:**

Produce all documents and communications regarding permitting Anna Gatti to be an observer to any meeting, event, communications of the Board of Almaviva IT or of Almawave IT.

**RESPONSE TO REQUEST NO. 61:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

61

MX-063

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

**REQUEST NO. 62:**

Produce all documents and communications discussing the need to pay a lump sum of money per month to IQSystem to avoid having to approve individual expenses that would need to be incurred by IQSystem to make "presents" or "regalo" or "regali" or pay money or "tangenti" (translated) to anyone in the United States.

**RESPONSE TO REQUEST NO. 62:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 63:**

Produce all documents and communications regarding any discussion by Anna Gatti with Valeria Sandei, Marco Tripi, or anyone in the Almaviva Group regarding any arrangement that IQSystem had in place with Palantir.

**RESPONSE TO REQUEST NO. 63:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.;

62

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 64:**

Produce all documents and communications regarding, mentioning or referring to Trae Stephens.

**RESPONSE TO REQUEST NO. 64:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client

privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 65:**

Produce all communications and documents relating to, concerning, or referring to each and all of the teleconferences, videoconferences, presentations and or meetings (whether they took place or not) set forth below, including, but not limited, to all documents showing the nature, purpose and attendees or invitees to each of the below:

- February 5, 2014 teleconference with Valeria Sandei;
- February 11, 2014 meeting with, among others, Valeria Sandei;
- February 20, 2014 teleconference with DiNapoli and Jeffrey Capaccio re: Verint;
- March 4, 2014 teleconference with Valeria Sandei, Raniero Romagnoli, and DiNapoli;
- March 12-13, 2014 meetings in San Francisco, CA with Valeria Sandei, DiNapoli and Jeffrey Capaccio;
- April 1, 2014 teleconference with Raniero Romagnoli re: Presentation of Almawave Solutions;
- April 3, 2014 teleconference with Valeria Sandei;
- May 1, 2014 teleconference with Valeria Sandei;
- May 2, 2014 teleconference with Valeria Sandei;
- May 8, 2014 teleconference with Valeria Sandei;
- May 30, 2014 teleconference with Valeria Sandei;
- June 16, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- June 23, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- June 23, 2014 teleconference with Valeria Sandei;
- June 26, 2014 teleconference with Christian De Felice and Valeria Sandei re: Almawave USA;
- June 30, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- July 7, 2014 weekly videoconference with Luca Fern, Valeria Sandei and "IQSystem;"
- July 7, 2014 teleconference with Valeria Sandei;
- July 9, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- July 14, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- July 17, 2014 teleconference with Valeria Sandei, Luca Ferri and "IQSystem;"
- July 17, 2014 teleconference with Valeria Sandei;

MX-066

64

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

- July 21, 2014 teleconference with Valeria Sandei;
- July 21, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- July 22, 2014 rescheduled weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- July 22, 2014 teleconference with Antonio DiBitonto re: Orrick dealings;
- July 28, 2014 meeting in CA with Valeria Sandei;
- July 28, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- July 29, 2014 meeting in CA with Valeria Sandei;
- July 29, 2014 teleconference in CA with Valeria Sandei and another CA company;
- July 30, 2014 teleconference in CA with Valeria Sandei, Raniero Romagnoli, "IQSystem" and D. Perez from JLL;
- July 30, 2014 meeting in CA with Valeria Sandei, DiNapoli, "IQSystem" and Huawei representative;
- August 4, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- August 4, 2012 teleconference with Valeria Sandei;
- August 11, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- August 11, 2012 teleconference with Valeria Sandei;
- September 1, 2014 teleconference with Valeria Sandei;
- September 1, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- September 8, 2014 teleconference with Valeria Sandei;
- September 8, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- September 15, 2014 teleconference with Valeria Sandei;
- September 15, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- September 15, 2014 conference call with Angela Nicolella and a Bank of the West representative;
- September 19, 2014 teleconference with Valeria Sandei and a Bank of the West representative;
- September 21, 2014 teleconference with Valeria Sandei;
- September 22, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- September 22, 2014 meeting in CA with Valeria Sandei and "IQSystem;"
- September 24, 2014 teleconference with Angela Nicolella and Andrea Rossetti;
- September 29, 2014 teleconference with Valeria Sandei;
- September 29, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- October 3, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- October 6, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- October 6, 2014 teleconference with Valeria Sandei;

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

- October 13, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- October 13, 2014 teleconference with Valeria Sandei;
- October 15, 2014 teleconference with Antonio Dibitonto, Angela Nicolella, Mariantonietta Perri, Sergio Calderara and Andrea Rossetti;
- October 20, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- October 27, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- October 27, 2014 teleconference with Valeria Sandei;
- October 30, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;" October 30, 2014 teleconference with Valeria Sandei;
- October 31, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- November 1, 2014 teleconference with Valeria Sandei;
- November 10, 2014 teleconference and web presentation with Raniero Romagnoli;
- November 10, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- November 12, 2014 teleconference with Sabrina Nobili;
- November 14, 2014 teleconference with Angela Nicolella, Andrea Rossetti and a Bank of the West representative;
- November 17, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- November 17, 2014 teleconference with Valeria Sandei;
- November 24, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- November 24, 2014 teleconference with Valeria Sandei;
- December 1, 2014 teleconference with Valeria Sandei;
- December 8, 2014 teleconference with Raffaella Boldini and various others;
- December 9, 2014 teleconference with Valeria Sandei;
- December 12, 2014 weekly teleconference with Raniero Romagnoli and "IQSystem;"
- December 15, 2014 teleconference with Valeria Sandei;
- December 15, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- December 17, 2014 weekly teleconference with Raniero Romagnoli and "IQSystem;"
- December 19, 2014 teleconference with Raniero Romagnoli and various others;
- December 22, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- December 22, 2014 teleconference with Valeria Sandei;
- December 23, 2014 teleconference with Raffaella Boldini and various others;;
- December 29, 2014 teleconference with Raniero Romagnoli, Valeria Sandei and "IQSystem;"

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

- December 29, 2014 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- December 29, 2014 teleconference with Valeria Sandei;
- January 5, 2015 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- January 5, 2015 teleconference with Valeria Sandei;
- January 12, 2015 weekly videoconference with Luca Ferri, Valeria Sandei and "IQSystem;"
- January 12, 2015 teleconference with Valeria Sandei;
- January 15, 2015 teleconference with Raffaella Boldini and various others;
- January 19, 2015 teleconference with Raniero Romagnoli, Valeria Sandei and "IQSystem;"
- January 19, 2015 teleconference with Valeria Sandei;
- January 21, 2015 teleconference with Raffaella Boldini and various others;
- January 22, 2015 teleconference with Raniero Romagnoli;
- January 26, 2015 teleconference with Raniero Romagnoli, Valeria Sandei and "IQSystem;"
- January 26, 2015 teleconference with Valeria Sandei;
- February 2, 2015 teleconference with Raniero Romagnoli, Valeria Sandei and "IQSystem;"
- February 2, 2015 teleconference with Valeria Sandei;
- February 9, 2015 teleconference with Valeria Sandei;
- February 9, 2015 teleconference with Raniero Romagnoli, Valeria Sandei and "IQSystem;"
- February 10, 2015 teleconference with Valeria Sandei;
- February 11, 2015 teleconference with Valeria Sandei;
- February 12, 2015 teleconference with Raniero Romagnoli and "IQSystem;"

## RESPONSE TO REQUEST NO. 65:

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 66:**

Produce all documents that Almaviva IT, any Defendants, or the Almaviva Group claim disproves or makes incorrect any statement or document filed with the Court at Dkt. Nos. 89-1 to 89-5.

**RESPONSE TO REQUEST NO. 66:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 67:**

Produce all documents communications between Almawave USA. Almaviva IT or Almawave IT or anyone in the Almaviva Group and Gennaro DiNapoli, and all documents relating or referring to Almaviva's contract with Gennaro Di Napoli, alleged Chief Executive

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

Officer of IQSystem Inc.

**RESPONSE TO REQUEST NO. 67:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 68:**

Produce all documents provided to Almaviva IT by IQS Inc.

**RESPONSE TO REQUEST NO. 68:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 69:**

Produced all documents and communications relating to Almawave USA or the other Almaviva Defendants' understanding of the business in which IQS Inc. was engaged and the employees or contractors working for IQS Inc.

**RESPONSE TO REQUEST NO. 69:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 70:**

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3760

MX-072    70

Produce all documents and communications relating to, concerning, or referring to Almawave USA's, or Almaviva IT's or Almawave IT's decision to hire IQS Inc.

**RESPONSE TO REQUEST NO. 70:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 71:**

Produce all employment contracts, and documents concerning, relating, or referring thereto, between any current or former employees of either of the IQS Defendants and any of the Almawave Defendants.

**RESPONSE TO REQUEST NO. 71:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation

MX-073   71

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 72:**

    (i)    Produce all Documents relating to, concerning, or referring to any payments by: Almaviva IT to or for the benefit of Gatti or one or more of the IQS Defendants;

    (ii)    Almawave IT to or for the benefit of Gatti or one or more of the IQS Defendants; or

    (iii)    Almawave USA to of for the benefit of Gatti or one or more of the IQS Defendants.

**RESPONSE TO REQUEST NO. 72:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of

MX-074

72

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 73:**

Produce all documents relating to, concerning, or referring to funds or assets transferred to Almawave USA by any other member of the Almaviva Group, including the other Almawave Defendants.

**RESPONSE TO REQUEST NO. 73:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 74:**

Produce all documents relating to, concerning, or referring to or concerning Gatti's salary and other compensation paid by one or more of the Almawave Defendants to Gatti.

MX-075

73

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

**RESPONSE TO REQUEST NO. 74:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 75:**

Produce all meeting minutes, and all other documents relating to, concerning, or referring to the March 2014 meeting of the Almaviva Board of Directors.

**RESPONSE TO REQUEST NO. 75:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 76:**

Produce all documents relating to, concerning, or referring to the Almaviva Group's intention to acquire companies in the United States.

**RESPONSE TO REQUEST NO. 76:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 77:**

Produce all documents relating to, concerning, or referring to the decision to hire Orrick

75

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

to provide services to the Almawave Defendants, and including any other law firms or attorneys that Almawave USA or the other Almaviva Defendants considered retaining in the United States from January 1, 2014 to the present.

**RESPONSE TO REQUEST NO. 77:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 78:**

Produce all documents relating to, concerning, or referring to Dario Vignudelli, including, but not limited to, all communications between Almawave USA or Almaviva IT or Almawave IT and Mr. Vignudelli, all consulting agreements between Almawave USA or Almawave IT or Almaviva IT and Mr. Vignudelli, any work product produced by Mr. Vignudelli for or on behalf of Almawave USA, Almaviva IT, or Almawave IT and all communications discussing or relating to Mr. Vignudelli.

**RESPONSE TO REQUEST NO. 78:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST 79:**

Produce all documents and communications relating or referring to, or concerning, Regus, including, but not limited to, any contracts, agreements, communications between, or documents exchanged by or on behalf of, Almawave USA or Almaviva IT or Almawave IT and Regus, including any communications with or about Carlos A. Largaspada.

**RESPONSE TO REQUEST NO. 79:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST 80:**

Produce documents and communications regarding, discussing, referring to any insurance, indemnification, duty to defend or other similar rights, policy, or agreement(s) involving any one of the following in any capacity (i.e., whether as indemnitor or indemnitee, payor or payee, insurer or insured, etc) in connection with any aspect of any claim in this Action or any allegation or conduct discussed in any aspect of this Action: Almawave USA, Almawave IT, Almaviva SPA, Anna Gatti, IQSystem Inc. or IQSystem S.p.A., Tony DiNapoli, Gennaro DiNapoli, Jeff Capaccio, Orrick.

**RESPONSE TO REQUEST NO. 80:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this

MX-080  78

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 81:**

Produce all documents and communications relating to, referring, or concerning any lawsuit or claim that Almawave USA or any of the other Almaviva Defendants claimed or claim they were going to bring, or will bring, against Gatti, or Di Napoli, or IQSystem Inc. or LLC.

**RESPONSE TO REQUEST NO. 81:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 82:**

Produce all documents and communications relating to, referring, or concerning any claim that Almawave USA, Almaviva IT, or Almawave IT has made against Orrick, or has advised or informed Orrick it intends to make against it.

///

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

**RESPONSE TO REQUEST NO. 82:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 83:**

Produce all documents and communications between Almaviva IT and Russell Reynolds from January 1, 2013 to the time of trial.

**RESPONSE TO REQUEST NO. 83:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 84:**

Produce all documents and communications with persons not named in this Action or their counsel regarding, discussing, or concerning any aspect of this Action, including any press inquiries or responses, or any communications with any third parties regarding any aspect of this Action.

**RESPONSE TO REQUEST NO. 84:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

**REQUEST NO. 85:**

Produce all documents and communications relating or referring to, or concerning, work performed for Almawave USA or Almaviva IT or Almawave IT by Mike Gamer.

**RESPONSE TO REQUEST NO. 85:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 86:**

Produce all documents and communications evidencing any instruction, training given or procedure implemented by Almawave USA, Almawave IT or Almaviva IT to Gatti, Tony Di Napoli, IQSystem, Manuela Micoli to ensure there would be no misappropriation or contamination, including inadvertent ones, of any confidential, proprietary, and trade secret information belonging either to any of them or to the Plaintiff.

**RESPONSE TO REQUEST NO. 86:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.;

82

obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 87:**

Produce all documents and communications evidencing any request by Valeria Sandei or anyone else at Almawave USA, Almawave IT or Almaviva IT to meet or to invite to any event, meeting, or discussion Gianmauro Calafiore or Bart Peintner in respect of their hiring of Anna Gatti, or in respect of the Almaviva Defendants use of Plaintiff's office and computers.

**RESPONSE TO REQUEST NO. 87:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

83

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 88:**

Produce all documents and communications evidencing Anna Gatti's representations to Valeria Sandei or anyone else at Almawave USA, Almawave IT or Almaviva IT that she could work for any one of them while continuing to remain employed by Plaintiff.

**RESPONSE TO REQUEST NO. 88:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 89:**

Produce all documents and communications evidencing the hours and schedule that

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

MX-086    84

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

Almawave USA, Almawave IT or Almaviva IT agreed with Anna Gatti for her work for anyone of the Almaviva Defendants and produce all documents reflecting the hours worked by Ms. Gatti for any one of the Almaviva Defendants.

**RESPONSE TO REQUEST NO. 89:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 90:**

Produce documents sufficient to identify any contributor or author of the Offer Letter and the Confidential Information and Invention Assignment Agreement that was signed by Almawave USA and Gatti in connection with Gatti's employment by Almawave USA and produce a Word format copy of the original draft letter and agreement before it was executed.

**RESPONSE TO REQUEST NO. 90:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 91:**

Produce all documents and communications regarding any investment(s) made, owned, or controlled by Almaviva IT.

**RESPONSE TO REQUEST NO. 91:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this

litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 92:**

Produce documents sufficient to identify all ownership or other interest in real estate held by Almawave USA, Almaviva IT or Almawave IT in the United States.

**RESPONSE TO REQUEST NO. 92:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 93:**

Produce documents sufficient to identify all individuals that work or have worked at the office located at 1 Embarcadero Center, Suite 500, San Francisco, California, including employees, consultants, officers, directors, and all other individuals who perform or performed work for Almaviva IT or any one of the other Almaviva Defendants, including documents sufficient to identify any entry-exit measures implemented by Almawave USA or any one of the

87

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

other Almaviva Defendants to determine when someone was entering or exiting its office.

**RESPONSE TO REQUEST NO. 93:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 94:**

Produce documents and communications regarding any procedure for approval of business conducted or to be conducted by Almawave IT outside of Italy or conducted or to be conducted by Almawave USA.

**RESPONSE TO REQUEST NO. 94:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 95:**

Produce documents sufficient to identify any provider of telephone, cable or internet services to Almawave USA, including at its office located at Anna Gatti's residence in San Francisco.

**RESPONSE TO REQUEST NO. 95:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

89
MX-091

proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 96:**

Produce all documents and communications regarding Wi-Harper and Peter Liu from January 1, 2014 to the time of trial.

**RESPONSE TO REQUEST NO. 96:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 97:**

Produce all documents and communications regarding Braggiotti from January 1, 2014 to the time of trial.

**RESPONSE TO REQUEST NO. 97:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 98:**

Produce all documents and communications regarding any trip to Monaco, including any expense paid by Almawave USA or Almawave IT or Almaviva IT to anyone of their employees, contractors, agents, consultants for any trip to Monaco during the period March 1, 2014 to the present.

**RESPONSE TO REQUEST NO. 98:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client

MX-093

91

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 99:**

Produce all documents and communications regarding any trip by Anna Gatti and/or Tony Di Napoli communicated to or discussed with Almawave USA or Almawave IT or Almaviva IT.

**RESPONSE TO REQUEST NO. 99:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 100:**

Produce documents sufficient to identify all persons possessing an ownership stake or interest in Almawave USA, Almaviva IT and Almawave IT.

///

92

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

**RESPONSE TO REQUEST NO. 100:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 101:**

Produce documents sufficient to identify each bank branch where Almawave USA, Almaviva IT and Almawave IT maintain accounts of any kind in the United States, the name of the account, the account number, and produce all bank statements from January 1, 2014 to the time of trial.

**RESPONSE TO REQUEST NO. 101:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 102:**

Produce all documents sufficient to identify all dates and times during which Gatti was present in the office at 1 Embarcadero Center, Suite 500, San Francisco, California and in any other office of the Almaviva Group wherever located in the World.

**RESPONSE TO REQUEST NO. 102:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

MX-096  94

proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 103:**

Produce all documents and communications regarding the dates, purposes, locations and subject matter of every telephonic, in-person, virtual, or other meeting between Gatti and/or Tony DiNapoli, and one or more of the officers, directors or employees of any of the Almawave Defendants.

**RESPONSE TO REQUEST NO. 103:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 104:**

Produce all documents and communications regarding, discussing, referencing or identifying any service(s) provided to Almawave USA, Almawave IT or Almaviva IT, by IQS Inc. or IQS LLC, or any of their officers, employees, agents or consultants.

**RESPONSE TO REQUEST NO. 104:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds

95

MX-097

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-853-3750

that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 105:**

Produce documents sufficient to identify whether any of the Almawave Defendants have hired, whether as employees, contractors, or otherwise, any current or former employees of either IQS Defendant, and identify the name, position, and date of hiring of all such individuals.

**RESPONSE TO REQUEST NO. 105:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor

MX-098

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 106:**

Produce all documents and communications, from October 1, 2013 to the present, to, with, or by the board of directors of Almawave USA, Almawave IT or Almaviva IT, regarding any aspect of the launch, funding, approval, operation, or litigation involving any aspect of the Almaviva Group US business, including the business relating to Almawave USA, Gatti, Di Napoli, or any actual, potential or prospective joint venture considered for the United States during the time frame identified above.

**RESPONSE TO REQUEST NO. 106:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or

MX-099   97

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 107:**

Produce documents sufficient to identify the names, titles, degrees, and training of any employee of the Almaviva Group who is involved in the development of unsupervised machine learning technology.

**RESPONSE TO REQUEST NO. 107:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

**REQUEST NO. 108:**

Produce all documents and communications relating to the contribution by anyone to the development of the technology described in the patent application filed with the United States Patent and Trademark Office, entitled "System and Method for Meaning Driven Process..." on August 1, 2014 and published at Publication No: US20140343927, including documents and communications showing the substance of their contributions, their educational background, and any other relevant experience possessed by each such individual.

98

MX-100

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

**RESPONSE TO REQUEST NO. 108:**

Almaviva S.p.A. objects to this request and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over Almaviva S.p.A.; obligating Almaviva S.p.A. to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

Almaviva S.p.A. further objects to this request and does not provide a response on the grounds and to the extent that it (1) is overbroad, harassing, unduly burdensome and seeks information that is neither relevant to any claim or defense raised in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (2) seeks the disclosure of attorney work product and/or information protected from disclosure by the attorney-client privilege; (3) improperly seeks documents dated after Loop filed its original complaint in this litigation on February 20, 2015; (4) improperly pursues discovery before Loop has identified its alleged trade secrets with particularity; and (5) seeks the production of confidential and/or proprietary business information for which a confidentiality protective order is necessary.

September 16, 2015

VENABLE LLP

By: _____
Thomas E. Wallerstein (SBN 232086)
Kimberly Culp (SBN 238839)
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
twallerstein@venable.com
kculp@venable.com
Tel.: (415) 653-3750
Fax: (415) 653-3755

*Attorneys for Almaviva S.p.A*

MX-101   99

ALMAVIVA S.P.A.'S RESPONSES TO
LOOP AI LABS INC.'S DISCOVERY REQUESTS

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750