**VENABLE LLP**
Thomas E. Wallerstein (SBN 232086)
Kimberly Culp (SBN 238839)
Email: twallerstein@venable.com
        kculp@venable.com
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
Telephone:   415.653.3750
Facsimile:   415.653.3755

Attorneys for Defendants Almaviva S.p.A.,
Almawave S.r.l., and Almawave USA, Inc.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOOP AI LABS, INC., a Delaware corporation,<br><br>                Plaintiffs,<br><br><br>        v.<br><br><br>ANNA GATTI, an individual, ALMAVIVA S.p.A., an Italian corporation, ALMAWAVE S.r.l., an Italian corporation, ALMAWAVE USA, Inc., a California corporation, IQSYSTEM LLC, a California limited liability company, IQSYSTEM Inc., a Delaware corporation,<br><br>                Defendants. | CASE NO.: 3:15-cv-00798-HSG-DMR<br><br>Hon. Haywood S. Gilliam<br>Hon. Donna M. Ryu<br><br><br>**DEFENDANTS ALMAVIVA S.P.A., ALMAWAVE S.R.L., AND ALMAWAVE USA, INC.'S MOTION TO EXCLUDE OR TO STRIKE LOOP'S EVIDENCE**<br><br>Hearing:<br>Date: July 21, 2016<br>Time: 2:00 p.m.<br>Courtroom: 10-19th Floor<br><br><br>Action Filed:      February 20, 2015<br>Trial Date:        September 19, 2016 |

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT defendants Almaviva S.p.A., Almawave S.r.l., (together the "Italian Almawave Defendants") and Almawave USA, Inc. ("Almawave USA") (jointly with the Italian Almawave Defendants, the "Almawave Defendants") will and hereby do move, pursuant to Local Rule 7-2; Federal Rules of Civil Procedure 41(b), 37(c)(1), and 26(a)(1); the Court's inherent authority; and the authorities more particularly described in this Motion for an order that (1) plaintiff Loop AI Labs, Inc. ("Loop") is prohibited from using as evidence at a hearing or in support of or in opposition to any motion, any witness, document, or other information not disclosed in its initial Rule 26 disclosures or responsive to Almawave USA's Interrogatories 3, 5, 7, and 8 to Loop, which requested the factual basis and evidence behind the allegations in Loop's complaint; (2) Loop is prohibited from introducing at a hearing or in support of or in opposition to any motion, any evidence to support its allegation that any information in Anna Gatti's possession constitutes a trade secret; (3) Loop is prohibited from using as evidence at a hearing or in support of or in opposition to any motion, any document it produced after March 14, 2016 (the deadline ordered by this Court for Loop to complete its production), or, in the alternative, Loop is prohibited from using as evidence at a hearing or in support of or in opposition to any motion, any document (other than those produced for expert discovery) it produced after April 7, 2016 (the date on which Loop finally complied with the Court's order in some respect, although even then one week after the close of fact discovery); and (4) Loop is prohibited from having any of its witnesses, including Gianmauro Calafiore, Bart Peintner, or Patrick Ehlen, offer declarations hearing or in support of or in opposition to any motion regarding facts contained in documents that were produced after March 14, 2016.

Almawave Defendants requested a hearing on this motion before the Honorable Haywood S. Gilliam, United States District Court Judge, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom 10—19th Floor on July 21, 2016 at 2:00 p.m.

ALMAWAVE DEFENDANTS' MOTION TO EXCLUDE OR TO STRIKE LOOP'S EVIDENCE
Case No.: 3-15-cv-00798-HSG-DMR

The Court should exercise its broad discretion and inherent power to prohibit Loop from introducing further evidence in support of its claims because, in defiance of court orders, Loop failed to supplement its responses to interrogatories seeking the basis of its claims, and Loop improperly instructed its witnesses not to answer questions relating to the same.  Should Loop be allowed to introduce eleventh-hour evidence, the Almawave Defendants would be unfairly and materially prejudiced.

The Court should prohibit Loop from introducing evidence to support any allegation that certain information is a trade secret because Loop failed to make an adequate trade secret disclosure pursuant to this Court's order (Dkt. 331) and the requirements of California Code of Civil Procedure section 2019.210.

Finally, the Court should prohibit Loop from introducing as evidence any documents, or testimony relating to documents, that Loop produced after March 14, 2016, the deadline set by court order for Loop to produce all responsive documents.  Loop should, at a minimum, be precluded from introducing as evidence any documents, or testimony relating to documents, it produced after April 7, 2016.

This motion is based on this notice of motion and motion, the following memorandum of points and authorities, the declaration of Thomas E. Wallerstein, the pleadings on file in this matter, the reply that the Almawave Defendants intend to file, any material of which this Court takes judicial notice, and any further argument the Court might allow.

Dated: June 16, 2016

**VENABLE LLP**

By:  /s/ Thomas E. Wallerstein
Thomas E. Wallerstein (SBN 232086)
Kimberly Culp (SBN 238839)
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
twallerstein@venable.com
kculp@venable.com
Tel.:  (415) 653-3750
Fax:  (415) 653-3755

*Attorneys for Almaviva S.p.A.,*
*Almawave S.r.l., and Almawave USA, Inc.*

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

ALMAWAVE DEFENDANTS' MOTION TO EXCLUDE OR TO STRIKE LOOP'S EVIDENCE
Case No.: 3-15-cv-00798-HSG-DMR

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS ...........................................................................................................1

I.     LOOP REFUSED TO COMPLY WITH COURT ORDERS THAT IT IDENTIFY
       THE BASIS OF ANY OF ITS CLAIMS. ........................................................................2

       A.     Loop Defied This Court's Orders That Loop Identify The Basis of Its
              Claims. ...................................................................................................................2

       B.     Loop's Witnesses Refused to Answer Questions Relating to The Bases of
              Its Claims. ..............................................................................................................2

       C.     Loop Defied This Court's Orders That Loop Disclose Its Allegedly
              Misappropriated Trade Secrets. .............................................................................3

II.    LOOP REFUSED TO PRODUCE DOCUMENTS IN A TIMELY MANNER IN
       DERELICTION OF ITS DUTIES AS A LITIGANT AND OF MULTIPLE
       COURT ORDERS. ...........................................................................................................5

ARGUMENT .................................................................................................................................6

I.     THE COURT SHOULD EXERCISE ITS INHERENT AUTHORITY TO
       PREVENT THE UNFAIR PREJUDICE THAT WOULD INURE TO THE
       ALMAWAVE DEFENDANTS SHOULD LOOP BE ALLOWED TO RELY ON
       ANY FURTHER EVIDENCE IN SUPPORT OF ITS CLAIMS...................................6

II.    THE COURT SHOULD PROHIBIT LOOP FROM INTRODUCING ANY
       EVIDENCE RELATING TO PURPORTED TRADE SECRETS. .............................9

III.   THE COURT SHOULD PROHIBIT LOOP FROM INTRODUCING ANY
       BELATEDLY-PRODUCED DOCUMENTS FOR ANY PURPOSE,
       INCLUDING TO OPPOSE THE ALMAWAVE DEFENDANTS' MOTION
       FOR SUMMARY JUDGMENT OR ANY OTHER MOTION....................................11

CONCLUSION............................................................................................................................12

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

i

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Adriana Int'l Corp. v. Thoeren*

913 F.2d 1406 (9th Cir. 1990) ......................................................................8

*Advanced Modular Sputtering, Inc. v. Super. Ct.*

132 Cal. App. 4th 826 (2005) ....................................................................10

*Avago Techs., Inc. v. IPtronics Inc.*

No. 5:10-CV-02863-EJD, 2015 WL 2395941 (N.D. Cal. May 19, 2015)......................11

*Campbell Indus. v. M/V Bemini*

619 F.2d 24 (9th Cir. 1980) .........................................................................6

*Cleveland v. Policy Mgmt. Sys. Corp.*

526 U.S. 795 (1999)......................................................................................8

*Flanagan v. Benicia Unified School Dist.*

No. CIV S-07-0333 LKK GGH, 2008 WL 2073952 (E.D. Cal. May 14, 2008)..............9

*Hewlett v. Elder*

No. C 09-4670 CRB, 2010 WL 702299 (N.D. Cal. Feb. 25, 2010) ..............................11

*Icon Health & Fitness v. Nautilus Group, Inc.*

No. 1:02CV00109TC, 2004 WL 6031124 (D. Utah Dec. 21, 2004)..............................12

*Jobscience, Inc. v. CVPartners, Inc.*

No. C 13–04519 WHA, 2014 WL 1724763 (N.D. Cal. May 1, 2014)...........................10

*Johnson v. Big Lots Stores, Inc.*

253 F.R.D. 381 (E.D. La. 2008).....................................................................11

*Kennedy v. Allied Mut. Ins. Co.*

952 F.2d 262 (9th Cir. 1991) ........................................................................8

*McHenry v. Renne*

84 F.3d 1172 (9th Cir. 1996) .........................................................................9

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

ii

*Medora v. City & Cty. of San Francisco*

    No. C 06-0558 EDL, 2007 WL 2221069 (N.D. Cal. Aug. 2, 2007)...............................12

*Neothermia Corp. v. Rubicor Med., Inc.*

    345 F. Supp. 2d 1042 (N.D. Cal. 2004) .......................................................................10

*Pentalpha Macau Commercial Offshore Ltd. v. Reddy* ("*Pentalpha*")

    No. C 03-5914 MMC, 2005 WL 2989273 (N.D. Cal. Nov. 3, 2005)...........................6, 7

*Philips Elecs. N. Am. Corp. v. Contec Corp.*

    No. Civ.A. 02–123–KAJ, 2004 WL 769371 (D. Del. Apr. 5, 2004).......................11, 12

*Stambler v. RSA Sec., Inc.*

    212 F.R.D. 470 (D. Del. 2003) ......................................................................................8

*Unigard Security Ins. Co. v. Lakewood Eng. & Manuf. Corp.*

    982 F.2d 363 (9th Cir. 1992) .........................................................................................6

*United States v. 242.93 Acres of Land*

    No. 10cv1133 BEN (CAB), 2012 WL 4953108 (S.D. Cal. Oct. 17, 2012)...................11

*Zhang v. Am. Gem Seafoods, Inc.*

    339 F.3d 1020 (9th Cir. 2003) .....................................................................................12

**STATUTES**

Fed. R. Civ. P. 41(b) ...........................................................................................................9

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

ALMAWAVE DEFENDANTS' MOTION TO EXCLUDE OR TO STRIKE LOOP'S EVIDENCE
Case No.: 3-15-cv-00798-HSG-DMR

**PRELIMINARY STATEMENT**

In violation of multiple court orders, Loop refused to supplement its interrogatory responses to identify the basis of its claims.  At deposition, Loop improperly instructed its witnesses not to answer questions relating to the same.  Loop also refused (and continues to refuse) to identify the trade secrets it purports were misappropriated, which identification is required under the California Code Civil Procedure and this Court's orders.  Additionally, Loop defied the Court's order that it produce all of its responsive documents by March 14, 2016, as well as other orders relating to Almawave USA's document requests and Loop's document production.

Loop has run out of time to offer evidence supporting its case.  The discovery cutoff in this matter lapsed long ago, and the date of this filing is the dispositive motion deadline.

Neither the Federal Rules of Civil Procedure nor this Court's interest in a fair disposition of the Almawave Defendants' dispositive motions permit Loop to introduce any further evidence or testimony in support of its claims, or rely on any documents it produced after the court-ordered deadline of March 14, 2016 in addition to other belatedly-produced documents.

Therefore, the Almawave Defendants respectfully request that the Court order that Loop be prohibited from introducing further evidence, as more fully detailed below, that it refused to produce earlier.  Loop's evidence in opposition to the Almawave Defendants' pending motion for summary judgment and any subsequent motions should be so limited in order to prevent Loop from blindsiding the Almawave Defendants at the eleventh hour.

**STATEMENT OF FACTS**

Loop refused to produce evidence unless it was ordered to do so by the Court.  And, generally, even this Court's orders were insufficient to compel Loop to cooperate in this litigation.  Indeed, as of the date of this filing, Loop remains in contempt of many of this Court's orders.  The Almawave Defendants' ability to mount a full defense, including their ability to exercise their right to move for summary judgment, has been and will continue to be unfairly and materially prejudiced as a direct result of Loop's ongoing refusal to provide discovery as ordered by the Court.  The Almawave Defendants anticipate that Loop's opposition to the Almawave

1

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

Defendants' motion for summary judgment, and later Loop's presumed opposition to the Almawave Defendants' imminent Rule 11 motion for sanctions, will be based on evidence Loop has refused to provide Almawave USA, or the Almawave Defendants more broadly, regardless of whether Loop has been ordered to produce the evidence.  It would be patently unfair to reward Loop's repeated gamesmanship and contempt of the Court and its processes.

## I.    LOOP REFUSED TO COMPLY WITH COURT ORDERS THAT IT IDENTIFY THE BASIS OF ANY OF ITS CLAIMS.

### A.    Loop Defied This Court's Orders That Loop Identify The Basis of Its Claims.

Almawave USA sought basic discovery through its Interrogatories 3, 5, 7, and 8, which requested the factual basis and evidence behind the allegations in Loop's complaint.  Declaration of Thomas E. Wallerstein ("Wallerstein Decl.") ¶ 6.  Loop first refused to answer and this Court ordered Loop to provide supplemental responses.  Dkts. 438 and 465.  Loop then provided supplemental responses that improperly consisted of hundreds of pages of allegations copied and pasted directly from its Second Amended Complaint and undifferentiated citations to thousands of documents.  Wallerstein Decl. ¶ 9, Ex. E at pp. 4-99, 103-194; Ex. F at pp. 6-97.

Because such responses are improper and Loop continued to refuse to provide proper responses, the Court again ordered that Loop serve supplemental responses compliant with the Federal Rules.  *See* Dkt. Nos. 438, 465, 508, and 640.

Loop refused to do so and a motion for sanctions is pending.   Wallerstein Decl. ¶ 8; Dkt. 691.[1]

### B.    Loop's Witnesses Refused to Answer Questions Relating to The Bases of Its Claims.

Mr. Gianmauro Calafiore is Loop's Chief Executive Officer.  *Id*., Ex. D (Rule 30(b)(6) Deposition of Loop AI Labs ("30(b)(6) Depo.")) at 79:1-5.  Mr. Patrick Ehlen and Mr. Bart

---

[1] Notwithstanding Almawave USA's many pending discovery motions for sanctions, *see* Dkt. 718, this Court should nonetheless consider and rule on this motion because the issues set forth herein will affect the fair adjudication of the Almawave Defendants' concurrently-filed motion for summary judgment.

2

Peintner serve as Loop's Chief Scientist and Chief Technical Officer, respectively.  Wallerstein Decl. Ex. C (Apr. 6, 2016 Deposition of Patrick Ehlen ("Ehlen Depo.")) at 47:24-48:6; Wallerstein Decl. Ex. B (Mar. 29, 2016 Deposition of Bart Peintner ("Peintner Depo.")) at 31:21-32:3.

Even following a Court order imposing sanctions and compelling further deposition, at their depositions, Loop's counsel improperly instructed each key employee not to answer questions about the factual and evidentiary bases for Loop's complaint, as well as any investigation into Loop's claims that Loop may have conducted.[2]

Almawave USA proposed to Loop a compromise whereby its witnesses could answer in writing those questions that they improperly refused to answer at deposition, but Loop refused. Wallerstein Decl. ¶ 10.  As such, Almawave USA moved for leave of Court to request that the Court compel further answers at deposition and order sanctions against Loop (Dkt. 610), which is currently pending.

**C.    Loop Defied This Court's Orders That Loop Disclose Its Allegedly Misappropriated Trade Secrets.**

In October 2015, defendant IQSystem moved "to compel particularized trade secret disclosure" from Loop.  Dkt. 232.  On December 21, the Court granted the motion in part, ordering that Loop "shall file a statement identifying the trade secrets at issue within 21 days . . . ."  Dkt. 331 at 7:25-26.

In its order, the Court rejected Loop's argument that "it has already provided a detailed explanation of the trade secrets in its second amended complaint, and in three declarations . . .

---

[2] *See id.*, Ex. A (Deposition of Gianmauro Calafiore on Jan. 25, 2016 ("Jan. 25 Calafiore Depo.")) at 204:1-9, 204:10-14, 244:16-245:2, 247:18-24, 255:16-20, 255:22-256:1, 256:20-23, 256:24-257:7, 264:24-265:22, 265:24-266:4, 287:19-24, 288:1-5, 288:14-289:8, 416:14-20, 417:3-9, 417:12-19, 417:24-418:6, 418:8-16; Wallerstein Decl. Ex. B (Peintner Depo.) at 135:11-137:7, 149:8-152:9, 158:4-23; Wallerstein Decl. Ex. C (Ehlen Depo.) at 74:3-20, 292:11-294:15, 335:8-18, Wallerstein Decl. Ex. D (30(b)(6) Depo.) at 48:7-17, 94:24-100:3, 103:10-24, 106:2-9, 143:13-144:20, 165:25-166:6, 213:25-215:10, 273:22-274:2, 274:22–275:4, 275:13–19.

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

ALMAWAVE DEFENDANTS' MOTION TO EXCLUDE OR TO STRIKE LOOP'S EVIDENCE
Case No.: 3-15-cv-00798-HSG-DMR

." *Id.* at 5:2-5.  The Court ruled, to the contrary, that "Plaintiff's ersatz 'trade secret disclosure' is insufficient to meet the requirements of [California Code of Civil Procedure] section 2019.210." *Id.* at 6:19-20.  The Court further held that "Plaintiff's 'disclosure' through designation of certain paragraphs in pleadings and declarations is no substitute for specifically identifying and describing the actual claimed trade secrets . . . ." *Id.* at 6:22-24.[3]

In response, Loop publicly filed its trade secret disclosure on January 11, 2016.  Dkt. 372.  Loop's 55 paragraphs of purported trade secrets includes broad categories with no practical limitation, including "[a]ll information and documents identified by Plaintiff as containing its trade secrets at issue in this case in response to discovery propounded or sought by" any defendant.  Dkt. 372 at 2:1-2.

Therefore, on March 9, with the Court's permission (Dkt. 454), IQSystem moved to enforce this Court's December 21 order (Dkt. 459).  Almawave USA joined that motion on March 11 (Dkt. 472), and the motion is fully briefed and awaiting adjudication (Dkt. Nos. 541, 577, 579).[4]

Moreover, when asked at deposition to identify the trade secrets at issue, Loop's attorney stated that Loop is not claiming that the AI algorithm is a trade secret.  Wallerstein Decl. Ex. C (Ehlen Depo.) at 94:14-95:15.  Loop is also not claiming that its source code is a trade secret.  *Id.* at 146:1-7.  But, Loop appears to claim that everything else the company ever provided to defendant Anna Gatti is a trade secret.  *Id.* at 98:1:100:3.  In other words, Loop continues to try to keep its options open with regard to what exactly it will call trade secret at trial by vastly overstating, without any specificity, what it claims its trade secrets to be.

---

[3] On January 3, Loop filed a Rule 72 motion seeking to reverse Judge Ryu's order on a variety of grounds.  Dkt. 350.  Loop's motion was deemed denied via minute order on March 30.  Dkt. 544.

[4] While IQSystems' motion also seeks to dismiss Loop's trade secret claim or to exclude evidence relating to the same, IQSystem's motion requests such relief based on Loop's violation of a discovery order under F.R.C.P. 37(b)(2), whereas the relief sought herein is based on F.R.C.P. 41(b) as well as the Court's inherent authority to make orders to ensure a fair disposition of the case.  This Court is the proper forum to hear the Almawave Defendants' motion because the issues set forth herein will affect the fair adjudication of the Almawave Defendants' motion for summary judgment, concurrently-filed in this Court.

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

4

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

## II. <u>LOOP REFUSED TO PRODUCE DOCUMENTS IN A TIMELY MANNER IN DERELICTION OF ITS DUTIES AS A LITIGANT AND OF MULTIPLE COURT ORDERS.</u>

Loop claims to have made its document production on September 25, 2015.  Wallerstein Decl. ¶ 11.  But Loop produced its documents in a manner that prevented defendants from reviewing them without sacrificing efficiency and the protections of attorney work-product protection.  *Id.*  It took several orders from this Court before Loop began to produce its documents in an appropriate format to all parties.  *See* Dkt. No. 445 (ordering Loop to produce documents received pursuant to subpoenas to all parties in the format in which they were received); Dkt. No. 465 (ordering Loop to provide its entire document production to all parties via disk or Dropbox in a searchable format, including all metadata, by March 14, 2016).  Still, Loop delayed and did not make its full document production available to defendants in the format ordered by the Court until April 7, 2016, during the final deposition of Loop's final fact witness.[5]  Dkt. 588.  Loop continues to produce documents surreptitiously and in piecemeal fashion, by placing them in its Dropbox, without alerting defendants that it has done so.  Wallerstein Decl. ¶ 11.

This Court's Case Management Order ("CMO") set the close of fact discovery as March 29, 2016.  Dkt. 411.  Loop repeatedly violates the CMO every time it sneaks a new "production" into the Dropbox account.  That Loop intends its evidence to be a moving target is obvious.  But regardless Loop's intentions, Loop's practice is unfair and violates the CMO.

Furthermore, on May 3, 2016, Loop was ordered to amend its responses to Almawave USA's Requests for Production of Documents Nos. 1-4, 6, 13-20, 22-29, and 33, produce additional responsive documents to Almawave USA's Requests for Production of Documents Nos. 1, 4-6, 14-16, 31 and 33, and Nos. 7-11, including those that post-date the filing of the

---

[5] Although not at issue in this particular motion, Loop continually misrepresents the scope of the documents it produced.  Although Loop represents that it has produced over 50,000 pages of documents, the reality is that over 90% of Loop's production is fairly considered to be garbage or "filler" and innumerable, obviously-responsive documents have never been produced.

5

original complaint. *See* Dkt. No. 640. On May 13, 2016, Loop was also ordered to produce all documents previously withheld on grounds of attorney-client privilege and attorney work-product protection. Dkt. No. 680.

To date, Loop has still not served supplemental responses or produced its privileged documents, in violation of the Court's orders. Wallerstein Decl. ¶¶ 7-8. While Loop has made productions after May 3, the Almawave Defendants still have no idea what documents Loop is and is not willing to produce, because Loop refuses to comply with the Court's order and serve amended discovery responses.

## ARGUMENT

## I.   THE COURT SHOULD EXERCISE ITS INHERENT AUTHORITY TO PREVENT THE UNFAIR PREJUDICE THAT WOULD INURE TO THE ALMAWAVE DEFENDANTS SHOULD LOOP BE ALLOWED TO RELY ON ANY FURTHER EVIDENCE IN SUPPORT OF ITS CLAIMS.

Loop should be precluded from relying on any evidence it has not produced, including evidence withheld in violation of various orders of this Court. Allowing Loop to rely on such evidence at this late stage would unfairly and materially prejudice the Almawave Defendants.

The Court has "broad discretion" to exclude Loop's evidence under its inherent power to make evidentiary rulings in furtherance of the conduct of a fair trial. *See Campbell Indus. v. M/V Bemini*, 619 F.2d 24, 27 (9th Cir. 1980) (describing court's inherent authority to exclude certain evidence because "use at trial… would unfairly prejudice an opposing party"). Ninth Circuit courts routinely exercise this discretion to exclude evidence from consideration for summary judgment or at trial. *See*, *e.g*, *Unigard Security Ins. Co. v. Lakewood Eng. & Manuf. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (affirming district court's exclusion of evidence solely on the basis of the court's inherent power "to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial."); *Pentalpha Macau Commercial Offshore Ltd. v. Reddy* ("*Pentalpha*"), No. C 03-5914 MMC, 2005 WL 2989273, at *3-4 (N.D. Cal. Nov. 3, 2005) (preventing party from introducing any further evidence supporting counterclaims due to party's failure to adequately answer interrogatories).

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

6

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

For instance, in *Pentalpha*, counter-defendant Pentalpha sought to prevent counter-claimant Reddy from introducing any further evidence or testimony to support Reddy's counterclaims. *Pentalpha*, *supra*, 2005 WL 298273 at *1. Reddy initially served "inadequate and vague" responses to Pentalpha's interrogatories seeking to discover the basis of Reddy's counterclaims. *Id*. at *2. The Court then entered the parties' stipulation requiring Reddy to serve supplemental responses, to which Reddy had agreed in exchange for more time to serve responses. *Id*. at *3. Reddy then served supplemental responses that did not provide any additional substantive information. *Id*. at *3. On these facts, the Court concluded that "Reddy's conduct has prejudiced Pentalpha's ability to conduct the discovery needed to defend against Reddy's vaguely stated counterclaims…[and] Reddy's refusal to produce discovery frustrates Pentalpha's ability to bring dispositive motions." *Id*. at *3. The Court therefore held that Reddy was precluded from using "as evidence at trial, at a hearing, or on a motion, any witness or information that Reddy did not disclose in his initial Rule 26 disclosures, in his original interrogatory responses…or in his supplemental interrogatory responses …." *Id*. at *4.

The instant circumstances are virtually identical to those at issue in *Pentalpha* and warrant the same relief. Almawave USA's Interrogatories 3, 5, 7, and 8 sought the factual basis and evidence behind the allegations in Loop's complaint. Instead of providing an adequate response, Loop merely rehashed allegations from the Second Amended Complaint and cited to thousands of documents that allegedly contain the evidence in support of its claims. This Court already found Loop's supplemental responses to be inadequate and repeatedly ordered that Loop provide compliant supplemental responses. *See* Dkt. Nos. 438, 465, 508, and 640. Loop continues to refuse to do so; (at least defendant Reddy in *Pentalpha* attempted to supplement his deficient responses). Loop similarly thwarted Almawave USA's attempt to discover the basis for Loop's claims at deposition by refusing to let its key employees answer questions regarding the

basis of its claims.[6] Wallerstein Decl. Ex. A (Jan. 25 Calafiore Depo.) at 204:1-9, 204:10-14, 244:16-245:2, 247:18-24, 255:16-20, 255:22-256:1, 256:20-23, 256:24-257:7, 264:24-265:22, 265:24-266:4, 287:19-24, 288:1-5, 288:14-289:8, 416:14-20, 417:3-9, 417:12-19, 417:24-418:6, 418:8-16; Wallerstein Decl. Ex. B (Peintner Depo.) at 135:11-137:7, 149:8-152:9, 158:4-23; Wallerstein Decl. Ex. C (Ehlen Depo.) at 74:3-20, 292:11-294:15, 335:8-18, Wallerstein Decl. Ex. D (30(b)(6) Depo.) at 48:7-17, 94:24-100:3, 103:10-24, 106:2-9, 143:13-144:20, 165:25-166:6, 213:25-215:10, 273:22-274:2, 274:22–275:4, 275:13–19.

Loop cannot, on one hand, refuse to provide discovery about the basis of its claims, and, on the other hand, later use that evidence to sandbag the Almawave Defendants.  If Loop were permitted to do so, the prejudice to the Almawave Defendants would be as obvious as it is undeniable.  "[D]efendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."  *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).

The Almawave Defendants cannot wait any longer for evidence in support of Loop's claims, and should not be forced to confront that evidence for the first time in opposition to its dispositive motions.  The date of this filing is the date of the dispositive motion deadline set by the Court.  And the fact discovery cutoff – extended by two months once already – lapsed months ago.  Loop's refusal to comply with this Court's discovery orders already have prejudiced the Almawave Defendants' ability to defend against Loop's claims, and frustrated the Almawave Defendants' right to have a settled record for expert discovery and for dispositive motions.  *See Stambler v. RSA Sec., Inc.*, 212 F.R.D. 470, 472 (D. Del. 2003) ("In every trial there comes a time when discovery must be closed for the issues to be resolved through summary judgment and/or trial.  In the case at bar, that time has long since passed.").

[6] Loop is estopped from utilizing any of these witnesses to provide testimony to attempt to defeat summary judgment. *See, e.g., Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999) ("a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition)") (*citing*, among others, *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 265 (9th Cir. 1991)).

8

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

Accordingly, like in *Pentalpha*, the Court should order that Loop may not use as evidence at a hearing, or on a motion, any witness, document, or other information it has refused to produce. *See*, *e.g.*, *Flanagan v. Benicia Unified School Dist.*, No. CIV S-07-0333 LKK GGH, 2008 WL 2073952, at *10 (E.D. Cal. May 14, 2008) (dismissing action under court's inherent authority).

In sum, "Defendants' inability to obtain the most basic and initial discovery from plaintiff are no longer tolerable at this stage of pretrial proceedings, where the case has been pending in this court for over 15 months. At the time when both parties should be consolidating and refining their respective positions, defendants have been forced to formulate their case around gaping omissions and guesswork." *Id.*

## II. THE COURT SHOULD PROHIBIT LOOP FROM INTRODUCING ANY EVIDENCE RELATING TO PURPORTED TRADE SECRETS.

Loop should not be permitted to offer evidence supporting its trade secret claim because Loop has still not identified with any specificity the trade secrets that were purportedly misappropriated, despite the Court's finding that Loop's initial trade secret disclosures were insufficient and the Court's order that Loop serve proper disclosures. Courts are empowered to limit evidence or even to dismiss claims for a party's failure to obey Court orders, including orders in furtherance of elucidating a party's claims. *See* Fed. R. Civ. P. 41(b) ("[i]f the plaintiff fails to . . . comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (plaintiff's failure to provide a more definite statement pursuant to Rule 12(e) and the Court's orders to do so warranted dismissal with prejudice under Rule 41(b)).

This Court has already found that Loop's initial trade secret disclosure was inadequate. *See* Dkt. 331 at 6:19-20 ("Plaintiff's ersatz 'trade secret disclosure' is insufficient to meet the requirements of [California Code of Civil Procedure] section 2019.210."); 6:22-24 ("Plaintiff's 'disclosure' through designation of certain paragraphs in pleadings and declarations is no

substitute for specifically identifying and describing the actual claimed trade secrets . . . .").[7]

Loop's latest 55-paragraph attempt to disclose its purported trade secrets includes broad categories with no practical limitation, including "[a]ll information and documents identified by Plaintiff as containing its trade secrets at issue in this case in response to discovery propounded or sought by" any defendant.  Dkt. 372 at 2:1-2.[8]  And amendment of Loop's disclosure is both futile and barred by this Court's order.  *See* Dkt. 331 at 7:9-10 ("Any future amendment to the disclosure will only be permitted upon a showing of good cause."); *see also Neothermia Corp. v. Rubicor Med., Inc.*, 345 F. Supp. 2d 1042, 1045 (N.D. Cal. 2004) (requiring that any amendment to trade secret identification must be supported by good cause).  Therefore, the Court should dismiss Loop's trade secret claim.  *See*, *e.g.*, *Jobscience, Inc. v. CVPartners, Inc.*, No. C 13–04519 WHA, 2014 WL 1724763, at *4 (N.D. Cal. May 1, 2014) (dismissing plaintiff's trade secret claim because its trade secrets "statement is woefully deficient" and it already had "two opportunities to state a claim for the misappropriation of trade secrets").

Such improper disclosures undermine Section 2019.210, the Almawave Defendants' ability to prepare their defenses, and the Court's interest in a fair disposition of the case. *Jobscience, Inc., supra,* 2014 WL 1724763, at *3 (such disclosures "make[] it virtually impossible to distinguish the alleged trade secrets from knowledge in the field . . . .  Defendants cannot reasonably prepare its defenses . . . if the boundaries of the trade secret are so undetermined."); *Advanced Modular Sputtering, Inc. v. Super. Ct*., 132 Cal. App. 4th 826, 833 (2005) (articulating one central purpose of section 2019.210 as to "enable[] defendants to form complete and well-reasoned defenses, ensuring that they need not wait until the eve of trial to effectively defend against charges of trade secret misappropriation.").  "[N]o defendant should have to litigate against a moving target because a plaintiff does not know what its own trade

[7] Loop's Rule 72 motion regarding this order was deemed denied via minute order on March 30.  Dkt. 544.

[8] IQSystem's request that the Court issue an order precluding Loop from introducing evidence or argument that it has any trade secrets that were misappropriated by Defendants is fully briefed and pending before this Court.  *See* Dkt. Nos. 459, 472, 541, 577, 579.

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

secrets are." *Avago Techs., Inc. v. IPtronics Inc.*, No. 5:10-CV-02863-EJD, 2015 WL 2395941, at *5 (N.D. Cal. May 19, 2015).

At the very least, the Court should exercise its inherent authority to prevent Loop from introducing any evidence to support its allegation that certain information is trade secret. As explained above, Loop's trade secret disclosure, while admittedly lengthy, remains hopelessly vague and lacks specificity.

## III. THE COURT SHOULD PROHIBIT LOOP FROM INTRODUCING ANY BELATEDLY-PRODUCED DOCUMENTS FOR ANY PURPOSE, INCLUDING TO OPPOSE THE ALMAWAVE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR ANY OTHER MOTION.

Loop should be precluded from relying on any documents it produced after March 14, 2016, as well as any other documents which were not produced in a timely manner, as ordered by the Court. *See, e.g., Hewlett v. Elder*, No. C 09-4670 CRB, 2010 WL 702299, at *2 (N.D. Cal. Feb. 25, 2010) (excluding evidence relating to damages due to party's failure to obey court's order to produce documents); *Philips Elecs. N. Am. Corp. v. Contec Corp.*, No. Civ.A. 02–123–KAJ, 2004 WL 769371, at *1 (D. Del. Apr. 5, 2004) (granting motion to exclude untimely produced evidence); *Johnson v. Big Lots Stores, Inc.*, 253 F.R.D. 381, 388-89 (E.D. La. 2008) (excluding, at summary judgment stage, belatedly-produced documents). Loop should likewise be precluded from having its witnesses offer testimony about documents produced after March 14, 2016, because the Almawave Defendants have not had a fair opportunity to use those documents at the depositions of Loop's witnesses (which themselves required the Court's intervention to obtain, and even then occurred after the close of fact discovery).

Regardless, at the outside, Loop should be precluded from relying on any documents produced after the close of fact discovery on April 7, 2016, in particular LOOP-00042296 through LOOP-00050132. *See, e.g., United States v. 242.93 Acres of Land*, No. 10cv1133 BEN (CAB), 2012 WL 4953108, at *1 (S.D. Cal. Oct. 17, 2012) (excluding eight documents from being able to be introduced for any reason because they were "not disclosed until well after the discovery deadline"); *Medora v. City & Cty. of San Francisco*, No. C 06-0558 EDL, 2007 WL

11

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

2221069, at *1 (N.D. Cal. Aug. 2, 2007) (excluding handwritten document produced after discovery cutoff).

No justification exists for Loop's continued disregard of the Court's orders. *See*, *e.g.*, *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003) (excluding evidence and finding that "The only basis for nondisclosure given by counsel at trial was that 'there was a rash of discovery when we were involved in the case,' and … [t]his does not constitute a 'substantial justification' for not disclosing this document.").

Loop has brazenly and consistently disregarded its duties, not to mention the Court's crystal clear orders. The only way to avoid substantial and irreversible prejudice to the Almawave Defendants' ability to mount a defense to Loop's claims is to preclude Loop from relying on any documents produced after March 14, 2016, as well as any documents which were not produced in a timely manner, as ordered by the Court, or any documents requested by Almawave USA in discovery but not produced by Loop because Loop refused to supplement its written responses. *See Icon Health & Fitness v. Nautilus Group, Inc.*, No. 1:02CV00109TC, 2004 WL 6031124, at *24, n. 23 (D. Utah Dec. 21, 2004) (excluding evidence and finding that "[u]ntimely production without justification is not allowed by the Federal Rules of Civil Procedure . . . and the decision to exclude evidence at the summary judgment stage is left to the discretion of the trial court."); *Philips*, *supra*, 2004 WL 769371, at *1 (D. Del. Apr. 5, 2004) ("Since CMT has not shown that its failure to properly and timely produce the evidence in question is harmless, the evidence will not be permitted at trial.").

## CONCLUSION

For the reasons set forth herein, the Almawave Defendants respectfully request that the Court order that (1) Loop is prohibited from introducing any further evidence in support of its claims; (2) Loop be prohibited from introducing any evidence relating to its allegation that certain information is trade secret; (3) Loop is prohibited from using, for any purpose, certainly belatedly-produced documents and having its witnesses offer testimony about those belatedly produced documents; and (4) Loop and its witnesses are prohibited from providing factual information that they refused to provide during depositions of Loop and its witnesses.

12

June 16, 2016                                    **VENABLE LLP**

                                        By:     /s/ Thomas E. Wallerstein
                                                Thomas E. Wallerstein (SBN 232086)
                                                Kimberly Culp (SBN 238839)
                                                505 Montgomery Street, Suite 1400
                                                San Francisco, CA 94111
                                                twallerstein@venable.com
                                                kculp@venable.com
                                                Tel.:  (415) 653-3750
                                                Fax:  (415) 653-3755

                                                *Attorneys for Almaviva S.p.A.,*
                                                *Almawave S.r.l., and Almawave USA, Inc.*

ALMAWAVE DEFENDANTS' MOTION TO EXCLUDE OR TO STRIKE LOOP'S EVIDENCE
Case No.: 3-15-cv-00798-HSG-DMR