VALERIA CALAFIORE HEALY (*pro hac vice*)
HEALY LLC
154 Grand Street
New York, New York  10013
Telephone:  (212) 810-0377
Facsimile:  (212) 810-7036

DANIEL J. WEINBERG (SBN 227159)
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California  94065
Telephone:  (650) 593-6300
Facsimile:  (650) 593-6301

Attorneys for Plaintiff
LOOP AI LABS INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOOP AI LABS INC., <br><br> Plaintiff, <br><br> v. <br><br> ANNA GATTI, et al, <br><br> Defendants. | CASE NO.: 3:15-cv-00798-HSG-(DMR) <br><br> **LOOP AI LABS INC.'S SUBMISSION PURSUANT TO COURT ORDER AT DKT. 826 ("ORDER 826")** <br><br> **(RESPONSIVE TO ALMAVIVA DEFENDANTS' STATEMENT AT DKT. 815)** <br><br><br> Action Filed:  February 20, 2015 <br> Trial Date: September 19, 2016 <br><br> Hon. Haywood S. Gilliam, Jr. <br> Hon. Donna M. Ryu |

Pursuant to the Court's Order at Docket 826 ("Order 826), Plaintiff Loop AI Labs Inc. ("Loop AI") respectfully submits this Statement and the Declaration of V.C.Healy dated July 18, 2016 ("VCH Decl.") and supporting exhibits attached thereto.  This Statement responds to the "Almawave Defendants' Statement Regarding Loop [AI]'s Documents Produced After April 8, 2016 and Relied On In Opposition to Motions for Summary Judgment," filed by Defendant Almawave USA Inc. ("AW-USA" and with the Italian Almaviva Defendants, "Almaviva").  *See* Dkt. 815 at 1:1.[1]

**A. Identification of Evidence Listed In AW-USA's Exhibit A (Dkt. 815-1) Cited In Loop AI's Opposition to the Almaviva Defendants' Summary Judgment Motion.**

Order 826 directs Loop AI to identify those exhibits listed by Almaviva in its Exhibit A (Dkt. 815-1 ("Exhibit A")) that Loop AI cites in its Opposition to the Motion for Summary Judgment filed by AW-USA and the Italian Almaviva Defendants ("Opposition to AV SJ Motion").[2]  Loop AI respectfully submits Amended Exhibit A, which identifies those exhibits in the highlighted rows.   *See* VCH Decl. at ¶ 4, Exhibit A ("Amended Exhibit A").[3]

As set forth in Amended Exhibit A, Loop AI cites in its Opposition to the AV SJ Motion 96 of the 123 documents identified by AW-USA in Exhibit A.  *See* Amended Exhibit A (rows highlighted in yellow).  The 96 documents that Loop AI cites in its Opposition to the AV SJ Motion are listed in rows **12 to 104** and **109 to 112** of Exhibit A.  *See id.*  Pursuant to Order 826, directing Loop AI to explain and produce evidence of its production of the foregoing documents, Loop AI respectfully states as follows:

---

[1] Although Defendants Almaviva S.p.A. and Almawave S.r.l. (the "Italian Almaviva Defendants") are not the parties submitting the Statement, they are referenced in parts of AW-USA's Statement.  *See* Dkt. 815 at 1:6, 1:10.

[2] Loop AI's Opposition to the Almaviva Defendants' Motion for Summary Judgment was filed at Dkt. 779 (original), and re-filed as corrected at Dkt. 798-1.  A redline of the corrections was filed at Dkt. 798-2.

[3] Loop AI disagrees with the purported analysis and statements made by Almaviva's counsel in Exhibit A, and is submitting a revised version of that chart for the limited purpose of quickly identifying for the Court which of the items identified by AW-USA were cited by Loop AI in its Opposition to AV SJ Motion.

**Documents Listed In Rows 12 to 104, and 110 of Exhibit A**

1. Documents listed in rows 12 to 104, and 110 of Exhibit A were produced to all Defendants by filing them on the record in this case on **May 10, 2015**, approximately two months before Loop AI received the first set of discovery requests by AW-USA (and by any party). *See* VCH Decl. at ¶¶ 7-14. Specifically:

   - Rows 12-15 of Exhibit A were filed by Loop AI at Dkt. 89-1.
   - Rows 16-24 were filed by Loop AI at Dkt. 89-2.
   - Rows 25-26 were filed by Loop AI at Dkt. 89-5.
   - Rows 27-46 were filed by Loop AI at Dkt. 89-1.
   - Rows 47-104 were filed by Loop AI at Dkt. 89-2.
   - Row 110 was filed by Loop AI at Dkt. Dkt. 89-1.[4]

2. Many of those documents were also filed by Loop AI in this case on **March 3, 2015**. *See, e.g.,* Dkt. Nos. 10-30 and 10-31.

3. Almaviva knew these documents were served on them on May 10, 2015 by ECF, because those documents, as listed in their Exhibit A and in Loop AI's Summary Judgment Appendix ("SJX"), still bear the "PJX" number used in the May 10, 2015 filing and identified in the ECF Notice of Loop AI's filing:

| Date Filed | # | Docket Text |
|---|---|---|
| 05/10/2015 | 89 | DECLARATION of Valeria Calafiore Healy in Opposition re 62 Motion to Dismiss. filed by Loop AI Labs Inc. (Attachments: # 1 Exhibit A-Part 1 [PJX-i-PJX-111], # 2 Exhibit A-Part 2 [PJX-112-PJX-201], # 3 Exhibit A-Part 3 [PJX-202-PJX-222], # 4 Exhibit A-Part 4 [PJX-223-PJX-273], # 5 Exhibit A-Part 5 [PJX-274-PJX-419], # 6 Exhibit B, # 7 Exhibit C, # 8 Exhibit D, # 9 Exhibit E-F)(Related document(s) 71 , 64 , 62 , 65 , 67 , 66 , 69 , 63 , 68 , 70 ) (Calafiore Healy, Valeria) (Filed on 5/10/2015) Modified on 5/11/2015 (dtmS, COURT STAFF). Modified on 5/12/2015 (dtmS, COURT STAFF). (Entered: 05/10/2015) |

4. Almaviva's counsel knew these documents had been produced to them in **May 2015** because they cited these documents in Almaviva's own arguments presented to the Court in May 2015, as well as at the July 2, 2015 hearing before Judge Gilliam. *See, e.g.,* Dkts. 99 at 6:3-4, 159 at 30 (Mr. Wallerstein: Plaintiff has submitted, I believe, over 400 pages of evidence in opposition to our motion. They're not lacking for evidence.").

---

[4] *See also* subsequent declaration regarding this document filed at Dkt. 722 at 1-2, ¶ 5.

**Document Listed In Row 109 of Exhibit A**

5. The Document listed in Row 109 of Exhibit A is a public domain document printed from the website of a purported consulting firm and displaying the profile of Ms. Elena Di Giovanni. *See* SJX-2706. This document was never in possession of Loop AI and was printed by Loop AI's counsel as part of her investigation and produced to all Defendants on May 18, 2016 as part of Loop AI's Rule 26 Disclosures, and not in response to a discovery request by any party. *See* [Dkt. 807 at 3, § 8(g)(4)](Dkt. 807 at 3, § 8(g)(4)); VCH Decl., Exhibit 3.

6. Specifically, Loop AI's counsel had to print and produce this document as part of Loop AI's Rule 26 disclosures, because each of the three Almaviva Defendants (as well as the other defendants) refused to produce even one document regarding their relationship and payments to Ms. Elena Di Giovanni, in connection with their use of the Italian Consular Building in San Francisco, which is one of the events at issue in this case. *See, e.g.,* VCH Decl. at ¶ 18 and Exhibit 3-A. As set forth in Loop AI's submissions, Ms. Elena Di Giovanni is the wife of the Secretary General of the Italian Ministry of Foreign Affairs, Ambassador Michele Valensise, who recently resigned following an investigation by the Italian Parliament into the award of a multi-million dollar contract by the Ministry of Foreign Affairs to Defendant Almaviva S.p.A. and the relationship between Almaviva and Ms. Di Giovanni. *See, e.g.,* SJX-2691, SJX-2588.

7. As discussed above, Loop AI's counsel produced this public domain document as part of Loop AI's Rule 26 disclosure after it determined that Loop AI may rely on it and Loop AI's counsel printed it from a website equally available to AW-USA. Indeed, the production made by Loop AI of that document on May 18, 2016, expressly states it is a Rule 26 Disclosure document. *See* VCH Decl., Exhibit 3. Although AW-USA states in Exhibit A that the printout from Ms. Di Giovanni's website was allegedly responsive to AW-USA's request no. 7, AW-USA provides no support or explanation for how such a document could be responsive to that request. Furthermore, AW-USA lacks any legal basis to seek to preclude the use of documents that it successfully hid from production, forcing Loop AI to go through the expense of having to find relevant evidence through other channels, print them and produce them.

**Document Listed In Row 111 of Exhibit A**

8. The document listed in Row 111 of Exhibit A, SJX-2761, is a public domain document printed by Loop AI's counsel regarding Almawave S.r.l.'s investment in a technology start-up. This document was first produced by Loop AI by filing it on the record on **April 1, 2016**. See Dkt. 552-39; *see also* VCH Decl., Exhibit 4. The document was subsequently re-filed at Dkt. 656-4 at 9. *See also, e.g.,* Dkt. 722 at 44.

9. The document could not be produced prior April 1, 2016 because each of the three Almaviva Defendants refused to provide Loop AI any discovery regarding their acquisition or investments in technology start-ups. Loop AI's counsel printed and produced this document promptly when it determined Loop AI may rely on it.

10. Although AW-USA states in Exhibit A that the printout from a public website was allegedly responsive to AW-USA's request no. 9, that statement is completely unfounded, as is the rest of the AW-USA Statement. AW-USA provides no support or explanation for how such a document could be responsive to that request.

11. Finally, AW-USA lacks any legal basis to seek to preclude the use of documents that it successfully hid from production, forcing Loop AI to go through the expense of having to find relevant evidence through other channels, print them and produce them.

12. Moreover, it is well established that discovery cannot be required from one party of documents in the public record that are equally accessible to all parties. *See, e.g., Sec. & Exch. Com. v. Samuel H. Sloan & Co.*, 369 F. Supp. 994, 995 (S.D.N.Y. 1973) ("It is well established that discovery need not be required of documents of public record which are equally accessible to all parties."); *Goodrich Corp. v. Emhart Indus.*, No. EDCV 04-00759-VAP, 2005 U.S. Dist. LEXIS 25160, at *16 (C.D. Cal. Oct. 6, 2005) ("There is no showing by Goodrich that the burden for Goodrich to obtain these documents would be any greater than the burden imposed on Emhart to produce them. 'It is well established that discovery need not be required of documents of public record which are equally accessible to all parties.'")

**Document Listed in Row 112 of Exhibit A**

13. Document at Row 112 of Exhibit A, SJX-2762, is a public domain document printed by Loop AI's counsel regarding one of the individuals at issue in Loop AI's action, Mr. Jeff Capaccio. Loop AI produced this document on March 31, 2016 by filing it on the record at Dkt. 550-5. *See also* VCH Decl., Exhibit 6. Loop AI also re-filed this document on the record on May 6, 2016 at Dkt. 652-1 at 106.

14. Although AW-USA states in Exhibit A that the printout from a public website was allegedly responsive to AW-USA's requests no. 10 and 11, that statement is incorrect. Neither request identified by AW-USA calls for information regarding Mr. Capaccio. Presumably, this is why AW-USA fails to provide any support or explanation for how such a document could be responsive to the requests it identifies.

15. Moreover, as set forth above, a party is not obligated to provide discovery of public record documents equally available to all parties.

**B. Other Evidence Listed In AW-USA's Exhibit A Not Cited by Loop AI in Its Opposition to The Almaviva Defendants' Summary Judgment Motion.**

Loop AI is unclear as to whether Order 826 requires an explanation for each of the remaining documents listed by AW-USA in Exhibit A, and **not cited** by Loop AI in Its Opposition to the Almaviva Defendants' Summary Judgment Motion. *See* Amended Exhibit A. Accordingly, Loop AI addresses the 26 remaining documents listed in Exhibit A in the accompanying Declaration. *See* VCH Decl. at ¶¶ 25-46. The 26 remaining documents are listed in Rows 1-11, 105-108, and 113-123 of Exhibit A. Each of the 26 documents is either a public domain document or a document that was properly and timely produced by Loop AI. *See id.*

### C. The Statement Filed by AW-USA Is False and In Bad Faith and Loop AI Should Be Awarded the Costs of Having to Respond to It.

As the evidence cited above and in the accompanying Declaration and exhibits shows, the Almaviva Defendants' Statement filed at Docket 815 and 815-1 that Loop AI failed to produce or produced (unjustifiably late) documents they sought in discovery is false and in bad faith, and was clearly made to continue to impose on Loop AI unnecessary costs of litigating frivolous matters. The Almaviva Defendants' bad faith in submitting such a Statement is evidenced several facts.

First, the Italian Almaviva Defendants never propounded a single discovery request on Loop AI. *See* VCH Decl. at ¶ 13. As such, they had no basis to claim to the Court that Loop AI has failed to produce documents, since they never requested them. Indeed, the law makes clear that a party who is not the one that propounded a discovery request lacks standing to complain about nonproduction or seek sanctions. *See* Fed. R. Civ. P. 37(a)(3)(B); *Payne v. Exxon Corp.,* 121 F.3d 503 (9th Cir. 1997) (party does not have standing to move to compel discovery requests it did not itself propound); *Aguilar v. Hoover*, No. 09-cv-01849-AWI-BAM, 2011 U.S. Dist. LEXIS 128570, at *4-5 n.4 (E.D. Cal. Nov. 7, 2011) (defendant lacked standing to seek sanctions because the defendant was not the party who had propounded the Request for Admissions at issue); *In re Urethane Antitrust Litig.,* 237 F.R.D. 454, 457-58 (D. Kan. 2006); *Kingsway Fin. Servs. v. Pricewaterhouse-Coopers LLP,* 2009 U.S. Dist. LEXIS 1404, at *7 (S.D.N.Y. Jan. 9, 2009)*; Meyer v. Medmarc Cas. Ins. Co*., No. 13-80235-CIV-MARRA, 2013 U.S. Dist. LEXIS 160564, at *6-7 (S.D. Fla. Oct. 29, 2013).

Second, not a single one of the documents listed in Exhibit A and cited by Loop AI in its Opposition to the AV SJ Motion was produced late or improperly omitted from production, as AW-USA falsely represented to the Court. In particular, each of the 96 documents cited in Exhibit A and in Loop AI's Opposition to the AV SJ Motion was produced by Loop AI even before Loop AI received a single discovery request. Those 96 documents identified by AW-

USA all still bear the "PJX" number, making it virtually impossible for Almaviva's counsel to not recognize that those documents were made part of the record in this case in **May 2015**, and that Almaviva fully had them in their possession long before discovery commenced.

Despite their knowledge of these facts, the Almaviva Defendants made yet one more filing falsely accusing Loop AI of discovery misconduct, knowing that their accusations lack any basis in the facts. The Almaviva Defendants' counsel's conduct in filing incessant vexatious motions falsely accusing Loop AI of misconduct is in violation of 28 U.S.C. § 1927. Loop AI has had to expend substantial time and resources to prepare this response to the Almaviva Defendants' latest frivolous submission. In addition to the resources expended, Loop AI was prevented from using the time that was required to address Almaviva's false submission, to instead address more important and time sensitive matters relating to this case. Loop AI respectfully request that the Court award Loop AI the costs of having had to respond to AW-USA's Statement at Dkt. 815 and 815-1.

Respectfully submitted,

July 18, 2016                    By:   /s/ *Valeria Calafiore Healy*

Valeria Calafiore Healy, Esq. (*phv*)
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone:   (212) 810-0377
Facsimile:   (212) 810-7036

Daniel J. Weinberg, Esq. (SBN 227159)
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone:   (650) 593-6300
Facsimile:   (650) 593-6301

Attorneys for Plaintiff
LOOP AI LABS, INC.