VALERIA CALAFIORE HEALY (*pro hac vice*)
valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone: (212) 810-0377
Facsimile: (212) 810-7036

DANIEL J. WEINBERG (SBN 227159)
dweinberg@fawlaw.com
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

Attorneys for Plaintiff
LOOP AI LABS INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC., | CASE NO.: 3:15-cv-00798-HSG-DMR |
| Plaintiff, | |
| v. | **PLAINTIFF LOOP AI LABS INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER AT DKT. 778 PURSUANT TO FED. R. CIV. P. 72 AND L.R. 72-2** |
| ANNA GATTI, et al, | |
| Defendants. | Action Filed: February 20, 2015 <br> Trial Date: September 19, 2016 <br><br> Hon. Haywood S. Gilliam, Jr. |

Pursuant to Local Rule 72-2 and Federal Rule of Civil Procedure 72, Plaintiff Loop AI Labs Inc. ("Loop AI") respectfully objects to, and moves for relief from, the Order of Magistrate Judge Ryu dated July 4, 2016 entered at Docket 778 ("Order 778"). Order 778 awards Defendant Almawave USA sanctions against Loop AI without briefing and a hearing and on the basis of false representations made by Almawave USA to the Court. Order 778 finds that Plaintiff may not rely on documents produced after April 8, 2016, accepting untrue representations and an entirely arbitrary date selected by Almawave USA without any basis in the facts and the law. Indeed, while Almawave USA asked the Court to preclude the use of documents produced by Loop AI after April 8, 2016, Almawave USA (a) concurrently moved the Court to compel further production – a motion on which Almawave USA obtained a ruling on **May 3, 2016** – (2) continued to serve Loop AI with additional discovery requests, the last set of which was received by Loop AI on June 6, 2016, *see* Dkt. 807-1, and (3) that Loop AI is required to comply with its obligations to supplement under Rule 26(e). In addition, several of the Defendants in this case either have still not produced any discovery (*see e.g.,* Defendants Almaviva S.p.A. and Almawave S.r.l.), or began to produce the bulk of their discovery well after April 8, 2016. For instance, in an Order entered also on July 4, 2016, Magistrate Judge Ryu finds that Defendants Gatti and IQSystem LLC engaged in sanctionable discovery conduct. *See* Dkt. 776. Yet, despite the egregious discovery abuses committed by those Defendants, who only recently began producing documents, the Court declines to sanction them because apparently Loop AI did not pick a sanction to impose on those Defendants. *See id.* The Court's decision not to sanction parties that undisputedly engaged in discovery abuse — indeed, Gatti and IQSystem LLC never even began the gist of their production until after discovery had already closed —is difficult to reconcile with the Court's continuous imposition of harsh sanction on Loop AI, who is the only party in this case that has actually produced thousands of documents and proffered witnesses for over 33 hours of deposition.

**1. The Motion Leading to The Sanction Order Was Filed in Violation of Both the Federal Rules and the Local Rules.**

Order 778 grants Almawave USA Rule 37 sanctions against Loop AI, without any formal briefing and without a hearing, and based solely on a 2-page letter that Defendant Almawave USA filed in violation of both Federal Rule of Civil Procedure 37 and Civil Local Rule 37-4. Both these rules required Almawave USA to comply with specific requirements before filing a request for Rule 37 sanctions. Specifically, Rule 37(a) required Almawave USA to submit a certification that it had "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Civil Local Rule 37-4 similarly requires a party moving for Rule 37 sanctions to submit a detailed declaration explaining the facts and circumstances that support the motion and "describ[ing] in detail the efforts made by the moving party to obtain compliance." Civ. L.R. 37-4(b)(2) and (3). In this case, the mandatory certification and declaration were absent. *See* Dkt. 584. Almawave USA did not, and could not have, provided the requisite certifications and declarations because its counsel refused to meet and confer. *See* VC Healy Declaration dated July 18, 2016 ("Decl."), Exhibit 1. Almawave USA's counsel refused to meet and confer because his letter to the Court was based on false representations, and therefore he had nothing to resolve with Loop AI. As fully shown in the video of Loop AI's attempt to meet and confer with Almawave USA's counsel, *see* Exhibit 1, Almawave USA's counsel had no interest in actually addressing any dispute, his sole interest being finding a way to get a Court order to preclude Loop AI from using evidence that Almawave USA knows to be damaging to it.

Because Almawave USA's motion failed to comply with the mandatory requirements of Rule 37 and to Civil Local Rule 37-4, it should have been denied. *See, e.g., Dague v. Dumesic*, 402 App'x 218, 219 (9th Cir. 2010) ("correspondence via mail between the parties did not satisfy the 'meet and confer' requirement of Fed. R. Civ. P. 37(a)"); *Shuffle Master v. Progressive Games*, 170 F.R.D. 166, 171 (D. Nev. 1996) (explaining that before a court can rule on Rule 37 motion, movant must establish compliance with both "certification" and "performance" requirements of current Rule 37(a)).

MOT. FRF FROM NON-DISPOSITIVE ORDER AT DKT. 778

The Ninth Circuit also has held that evidence preclusion (the sanction imposed by Order 778) is a "harsh sanction." *See R & R Sails, Inc. v. Ins. Co. of the Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012). In some instances, evidence preclusion amounts essentially to dismissal of a claim. *Id.* To impose this harsh sanction, the Court was required to undertake an analysis of whether the alleged discovery violation "involved willfulness, fault, or bad faith." *Id.* The Court was also required "to consider the availability of lesser sanctions." *Id.* Here the Court simply took Almawave USA's 2-page letter at face value and imposed harsh sanctions on Loop AI without the requisite evidence, without appropriate briefing, a hearing, and without any of the findings that needed to be made before the Court could impose such a harsh sanction. *See* Fed. R. Civ. P. 37(c)(1). *See also, e.g., Lanard Toys, Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). For the foregoing reasons, Loop AI respectfully submits that Order 778 was in error and should be reversed.

**2. The April 8, 2016 Date Adopted by the Court from Almawave USA's Motion Was Arbitrary.**

Order 778 also grants Almawave USA's request that Loop AI be precluded from offering evidence produced after April 8, 2016, even though the date selected by Almawave USA is completely arbitrary. As set forth in the Declaration of Loop AI's counsel dated July 10, 2016, Dkt. 801, Loop AI has had to continue making productions following that date to respond to then pending as well as to subsequent discovery requests, to comply with Court's Orders, including one issued on May 3, 2016, and to comply with Loop AI's own obligations under Rule 26. *See* VCH Decl. at Exhibit 1. Moreover, at least half of the Defendants in this case only began to make their main productions at the end of April and in May 2016. *See* VCH Decl. at ¶¶ 5-7. Some of the other Defendants, such as the Italian Almaviva Defendants (Almaviva S.p.A. and Almawave S.r.l.) have never even began productions of any type. *See id.* and Dkt. 731. How could the Court allow some of the Defendants to ***begin*** their main productions well after the close of discovery and yet sanction Loop AI for unspecified violations and preclude it from using documents produced after April 8, 2016 simply because asked Almawave USA said so in an unsupported 2-page letter? Respectfully, the Court should not have entered Order 778. That the

MOT. FRF FROM NON-DISPOSITIVE ORDER AT DKT. 778

Court waited to issue such a harsh sanction until July 4, 2016, a Federal Holiday, and the day in which Loop AI's Opposition to the Defendants' summary judgments were due, was also highly prejudicial. If Loop AI had committed any violations, at a minimum, a prompt ruling would have allowed Loop AI to try to remedy the alleged violation. Loop AI has acted in good faith and produced a massive amount of discovery in this case to try to comply with hundreds of discovery requests it has received through **June 6, 2016**. The harsh sanction that the Court has imposed on Loop AI in Order 778, respectfully, was not warranted by the facts, nor supported by the law.

### 3. The Italian Almaviva Defendants Are Impermissibly Being Allowed to Benefit from Order 778 Even Though They Never Propounded a Single Discovery Request on Loop AI.

Since the issuance of Order 778, Defendants Almaviva S.p.A. and Almawave S.r.l. (the "Italian Almaviva Defendants") have improperly sought exclusion of evidence submitted by Loop AI based on the sanctions granted by Order 778 to Almawave USA.

The Italian Almaviva Defendants have never served on Loop AI any type of discovery request or notice of any type. *See* VCH Decl., Exhibit 2 at ¶ 10(a), Dkt. 807-1 at 4. Because they never issued any discovery request, the Italian Almaviva Defendants lack standing to seek sanctions, let alone invoke Order 778, a sanctions Order issued in response to a motion filed solely by Almawave USA. *See* Fed. R. Civ. P. 37(a)(3)(B); *Payne v. Exxon Corp.,* 121 F.3d 503 (9th Cir. 1997) (party does not have standing to move to compel discovery requests it did not itself propound); *Aguilar v. Hoover*, No. 09-cv-01849-AWI-BAM, 2011 U.S. Dist. LEXIS 128570, at *4-5 n.4 (E.D. Cal. Nov. 7, 2011) (defendant lacked standing to seek sanctions because the defendant was not the party who had propounded the Request for Admissions at issue); *In re Urethane Antitrust Litig.,* 237 F.R.D. 454, 457-58 (D. Kan. 2006); *Kingsway Fin. Servs. v. Pricewaterhouse-Coopers LLP,* 2009 U.S. Dist. LEXIS 1404, at *7 (S.D.N.Y. Jan. 9, 2009)*; Meyer v. Medmarc Cas. Ins. Co.*, No. 13-80235-CIV-MARRA, 2013 U.S. Dist. LEXIS 160564, at *6-7 (S.D. Fla. Oct. 29, 2013).

In addition to not having served any discovery on Loop AI, the Italian Almaviva Defendants refused to provide any merits discovery of any type in response to hundreds of

4

discovery requests served by Loop AI. *See* Dkt. 731. There is no basis for allowing two critical defendants in a case to avoid all discovery, and then turn around and claim they should be allowed to benefit from a sanctions Order that they had no entitlement to and that they did not move for.

For the foregoing reasons, Loop AI respectfully requests that Order 778 be reversed.

Respectfully submitted,

July 18, 2016                                              By:  /s/ *Valeria Calafiore Healy*

Valeria Calafiore Healy, Esq. (*phv*)
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone:     (212) 810-0377
Facsimile:      (212) 810-7036

Daniel J. Weinberg, Esq. (SBN 227159)
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone:     (650) 593-6300
Facsimile:      (650) 593-6301

Attorneys for Plaintiff
LOOP AI LABS, INC.