**VENABLE LLP**
Thomas E. Wallerstein (SBN 232086)
Kimberly Culp (SBN 238839)
Email: twallerstein@venable.com
      kculp@venable.com
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
Telephone: 415.653.3750
Facsimile: 415.653.3755

Attorneys for Defendant Almawave USA, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>ANNA GATTI, an individual, ALMAVIVA S.p.A., an Italian corporation, ALMAWAVE S.r.l., an Italian corporation, ALMAWAVE USA, Inc., a California corporation, IQSYSTEM LLC, a California limited liability company, IQSYSTEM Inc., a Delaware corporation,<br><br>    Defendants. | CASE NO.: 3:15-cv-00798-HSG-DMR<br><br>Hon. Donna M. Ryu<br><br>**ALMAWAVE USA, INC.'S ADMINISTRATIVE MOTION FOR SANCTIONS FOR LOOP'S COUNSEL'S ASSAULT AT THE DEPOSITION OF ROBERTO PIERACCINI**<br><br>Action Filed: February 20, 2015<br>Trial Date: September 19, 2016 |

1   Pursuant to Civil L.R. 7-11 and this Court's Order at Dkt. 222, Almawave submits this

2   administrative motion for sanctions (or leave to file a brief or letter requesting same) for conduct

3   of Loop's attorney (Valeria Calafiore-Healy) at the deposition of Roberto Pieraccini ("Pieraccini

4   Dep."). Almawave also responds to Loop's false letter to the Court, Dkt. 832.

5   There was no "altercation" at the deposition because the outburst was entirely one sided;

6   Almawave's counsel did not raise his voice or engage in violence in any way. And Loop's

7   counsel did not slam her coffee cup "on the table" and it did not "spill over the table;" rather,

8   Loop's counsel threw it across the table during a <u>violent, expletive-laden tirade.</u>

9   A transcript of Mr. Pieraccini's deposition is attached as **Exhibit A**. The audiotape is

10  being lodged with the court as **Exhibit B**. The declaration of the Court Reporter is attached as

11  **Exhibit C**.

## Loop's Counsel's Improper Objections and Instructions

13  After multiple court orders (Dkt. 511 (ordering deposition), 720 (again ordering

14  deposition and deferring sanctions))[1], and again disobeying this Court's latest order regarding

15  scheduling, Roberto Pieraccini finally appeared for deposition in Boston on July 15.

16  Loop's counsel again made improper objections, speaking objections and improper

17  instructions not to answer. *See, e.g.*, Ex. A at 13:8-14:1; *see also id.* at 14:13-15:25. Loop's

18  counsel again "objected" to her own witness' testimony and instructed him how to correct it to

19  suit her purposes. *Id.* at 31:20-25. Loop's counsel also made improper objections that questions

20  were not relevant or were leading. *Id*. at 34-35.

21  The violent outburst arose when Loop's counsel said, "Objection. That's not a question."

22  Almawave's counsel responded, "It's not, Counsel. So please be quiet." Loop's counsel

23  threatened to walk out if the admonishment was repeated; it was, and chaos ensued. When

24  Almawave's counsel said "be quiet" for the second time, Loop's counsel stood up and started

25  packing while Almawave's counsel remained sitting, looking at and calmly directing his

---

[1] Since those Court orders in response to Loop's insistence that Mr. Pieraccini had no relevant knowledge, Mr. Pieraccini submitted a 14-page declaration in support of Loop's opposition to Almawave's motion for summary judgment.

1

ALMAWAVE'S ADMINISTRATIVE MOTION FOR SANCTIONS RE: ASSAULT AT DEPOSITION

comments to the witness. *Id*. at 40:9-25.

At that point, still standing and yelling, Loop's counsel became violent. She threw her full cup of coffee across the table at Almawave's counsel, yelling, "I think you should take a fucking break! You should take . . . Take a fucking break!" *Id*. at 41:6-11; Ex. B at 33:26-34:58.

Almawave's counsel was shocked and scared. His shirt and pants were wet with coffee. Coffee was dripping on his computer, cell phone and papers. Ex. C. His luggage was covered and thoroughly stained. *Id*. The conference room table was wet and beyond doubt the carpet will need to be steam cleaned. The Court Reporter was obviously shocked and scared.

During the attack, Almawave's counsel exclaimed, "Oh, my goodness!" and ran from the room, calling to the staff who were on their way to investigate the commotion, "I need help! She just threw her coffee at me! She's going crazy!" Ex. A at 41:9-13. He returned to the room to make sure the court reporter was ok, and that her equipment was not damaged. Still stunned, he said to the witness "Sir, you should get a lawyer," and to the Court Reporter, "You're a witness. Oh, my God. Sorry about that. We're going to go off the record." *Id*. at 41:14-19.

Ms. Healy and the witness fled the deposition but returned later, after Almawave's counsel and the staff had largely completed the most immediate cleanup.

### **Third Party Corroboration and Loop's Mischaracterization**

As outrageous as the incident was, Loop's counsel exacerbates it by immediately firing off a false letter to the Court in a preemptive attempt to minimize and rationalize the inexcusable.

Not only does Loop's counsel fail to mention that she was yelling profanity; she also mischaracterizes her actions. She falsely tells the Court that she "slammed my coffee cup on the table, causing the remains . . . to spill over the table and allegedly over Mr. Wallerstein's jeans . . . ." Loop's counsel's misleading characterization is independently sanctionable. She intentionally threw her cup of coffee and soaked everything that she targeted. The stained clothes, luggage and paperwork remain as evidence. In fact, after being thrown by Loop's counsel, the coffee cup ended up on Almawave's side of the conference room table, disproving Loop's counsel's mischaracterization. Ex. C.

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

The audiotape belies Loop's counsel's mischaracterization. Ex. B at 33:26-34:58.

Further, the Court Reporter has provided a sworn statement disputing Loop's counsel's characterization. She declares that Loop's counsel "threw a large cup of iced coffee across the room," and that she "saw that the coffee was all over the chair, the rug, dripping down Mr. Wallerstein's suitcase, across the width of the suitcase, on his phone, computer, and on the table. I saw that the side of his shirt and his pants were also wet." Ex. C.

Moreover, the witness himself contradicted his counsel's characterization: Mr. Wallerstein: "She threw a cup of coffee at me?" Mr. Pieraccini: "Yeah. In your direction." Ex. A at 42:21-22. Finally, even Loop's counsel contemporaneously admitted, "I did throw a cup of coffee at you. You insulted me repeatedly. You told me to be quiet . . . ." *Id.* at 43:3-5.[2]

In short, Loop's counsel multiplied the misconduct by mischaracterizing it to the Court.

### **Loop Mischaracterizes Almawave's Alleged Misconduct**

Loop's counsel suggests that her violence was somehow justified due to the prior conduct of Almawave's counsel. But Loop's recitation of prior events is false. Almawave's counsel is not "disrespectful" to Loop's counsel. He does not employ "insults and provocation." He never attempted to threaten or intimidate any witness. Loop's attorney has accused Almawave's counsel of mocking her accent, of making fun of Mr. Calafiore's medical issue, making faces at witnesses and other outrageous charges. Those accusations are all false. Loop's counsel uses false pejoratives to rationalize the inexcusable. Almawave's counsel is far from perfect, but has never come anywhere close to the line beyond which Loop's counsel habitually resides.

### **Conclusion**

Almawave asks that meaningful sanctions be imposed, including but certainly not limited to compensation for dry cleaning and cleaning (if possible) or replacing the luggage. Loop's counsel should be ordered to pay for the entire cost of the deposition including Almawave's travel to and from Boston, and hotel. Loop's counsel's *pro hac vice* status should be revoked, but not at the expense of granting Loop a continuance of the trial date.

---

[2] The only "insult" made against Loop's counsel was the admonishment for her to "be quiet."

1     This Court has promised sanctions but the behavior of Loop's counsel has reached the point of posing a physical danger to all involved. This Court should no longer defer acting.

Respectfully submitted,

Dated: July 19, 2016

**VENABLE LLP**

By:   /s/ Thomas E. Wallerstein
      Thomas E. Wallerstein (SBN 232086)