VALERIA CALAFIORE HEALY (*pro hac vice*)
valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York  10013
Telephone:    (212) 810-0377
Facsimile:    (212) 810-7036

DANIEL J. WEINBERG (SBN 227159)
dweinberg@fawlaw.com
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California  94065
Telephone:    (650) 593-6300
Facsimile:    (650) 593-6301

Attorneys for Plaintiff
LOOP AI LABS INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOOP AI LABS INC., | CASE NO.: 3:15-cv-00798-HSG-DMR |
| Plaintiff, | |
| v. | **PLAINTIFF LOOP AI LABS INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER AT ECF NO. 795 REGARDING IMPOSITION OF SANCTIONS UNDER CALIFORNIA CODE OF CIVIL PROCEDURE § 2019.210 AND ORDER COMPELLING DISCLOSURE WITHOUT DISCOVERY REQUEST) AND OBJECTIONS PURSUANT TO FED. R. CIV. P. 72 AND L.R. 72-2** |
| ANNA GATTI, et al, | |
| Defendants. | |
| | Action Filed:  February 20, 2015 |
| | Trial Date:  July 11, 2016 |
| | Hon. Haywood S. Gilliam, Jr. |

Pursuant to Local Rule 72-2 and Federal Rule of Civil Procedure 72, Loop AI Labs Inc. ("Loop AI") hereby respectfully objects to and moves for relief from the Court's Order entered on July 6, 2016 at Docket Number 795 ("Order-795").  In Order-795, the Court granted IQSystem Inc.'s Motion to Enforce and For Sanctions, filed at Dkt. 459.  The movant, Defendant IQSystem Inc., is an entity created by Defendant Gatti and used by her as an instrumentality of the scheme alleged in the action, and that IQSystem Inc. is nothing more than Gatti's alter ego. *See, e.g.,* Dkt. 791 at 4-8.

Order 795 holds that ***California Rule of Civil Procedure 2019.210*** ("CA Civil Procedure Rule 2019.210") applies in this federal proceeding to compel a mandatory trade secret disclosure (other than through the regular course of discovery provided for under the Federal Rules of Civil Procedure), requiring a granular level of detail specifying Loop AI's trade secrets at issue in this action, and that Loop AI's disclosure made pursuant to the Court's prior Order at Docket 331 was insufficient.  The Court also rejected that CA Civil Procedure Rule 2019.210 can be supported by declarations and supporting evidence, as Loop AI also has done.  *See, e.g.,* Dkt. 333.  The Court, in fact, did not request Loop AI to submit its discovery responses, declarations, discovery documents and other materials produced to all Defendants in this case, nor did the Court explain why the information produced by Loop AI fails to meet the CA Civil Procedure Rule 2019.210 even if such a rule applied.  Finally, instead of allowing Loop AI to remedy the alleged deficiencies in its compliance with CA Civil Procedure Rule 2019.210, the Court granted IQSystem's request for sanction under Rule 37(b), finding that Loop AI should be sanctioned under Rule 37(b)(2) but leaving the sanction for future determination.

**1. Order-795 Is in Error Because It is Contrary to Binding Supreme Court Precedent.**

Loop AI's respectfully objects to Order-795 on the ground that the Court improperly applies CA Civil Procedure Rule 2019.210 in this case to create a new pleading and voluntary disclosure requirement that is vague, ambiguous, and contrary to the Federal Rules of Civil Procedure.  The Court's application of CA Civil Procedure Rule 2019.210 in this case disregards the controlling decision of the United States Supreme Court in *Shady Grove Orthopedics Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 406 (2010).  In *Shady Grove,* the Court held that

1

when a party invokes the application of a state procedural rule, the district court must first determine whether a Federal Rule of Civil Procedure "answers the question in dispute." *Id.* at 398. "If it does, it governs—[state]'s law notwithstanding—unless it exceeds statutory authorization or Congress's rulemaking power." *Id.* In this case, the movant, IQSystem Inc. invokes the application of CA Civil Procedure Rule 2019.210 ("Section 2019.210") to claim that Loop AI's trade secrets claim essentially should be dismissed, ignoring in its entirety all of Loop AI's discovery setting forth substantial evidence of trade secrets misappropriation, identified Bates by Bates, and through detailed declaration of its key employees. *See* Dkt. 232. In addition, Loop AI produced substantial direct evidence that IQSystem was stealing from Loop AI –which evidence of theft was obtained through a nonparty Subpoena. *See, e.g.,* Dkt. 541 at Exhibit 1. IQSystem's arguments, however, do not support the relief granted by the Court. If IQSystem believed Loop AI had not sufficiently stated its claim for trade secrets misappropriation, it should have moved to dismiss that claim. But IQSystem cannot use a State Rule of Civil Procedure to seek dismissal of Loop AI's trade secret claim and ignore the evidence that Loop AI has in fact produced supporting the trade secret misappropriation.

Section 2019.210 is a state rule of procedure that governs the "commencing [of] discovery" in California state courts for claims arising under the California Uniform Trade Secrets Act ("CUTSA"). *See* Cal. Code Civ. Proc. § 2019.210. Section 2019.210 is part of Chapter 5 of the California Code of Civil Procedure, titled "**Methods and Sequence of Discovery**," Article 2, titled "Methods and Sequence of Discovery in Specific Contexts." *Id.* (emphasis supplied). Before the Court could apply Section 2019.210 in this case, the Court was required to, but did not, follow the controlling analysis laid out by *Shady Grove*: the Court was required to determine if there was a Federal Rule that applied to the same issue or field of operation as the state rule sought to be applied by the movant. *Shady Grove*, 559 U.S. at 398. Such a federal rule here existed. Specifically, Fed. R. Civ. P. 26(d) ("Rule 26(d)") expressly governs the commencement of discovery in federal courts. Fed. R. Civ. P. 26(d). Indeed, Rule 26(d) is titled "Timing and Sequence of Discovery," similarly to Section 2019.210 of the California Code of Civil Procedure, which is titled "Methods and Sequence of Discovery."

Under *Shady Grove*, therefore, because Rule 26 addresses when discovery can commence in a federal civil proceeding, Rule 26 governs, California law notwithstanding, and could only be set aside or disregarded by the Court if it was found to exceed the statutory authorization or Congress's rulemaking power. *Shady Grove*, 559 U.S. at 417-418.[1] *See also, e.g., County of Orange v. U.S. Dist. Court*, 784 F.3d 520, 527 (9th Cir. 2015). Because the Court did not find that Rule 26 exceeds the boundaries of the Rules Enabling Act, 28 U.S.C. § 2072, under *Shady Grove,* Rule 26 governs the "commencement" of discovery in this action. The Court had no authority to apply Section 2019.210 of the California Rules of Civil Procedure simply on the basis that the Court believes Section 2019.210 "does not conflict with Rule 26," Dkt. 331 at 4, and then harshly sanction Loop AI by finding that Loop AI has continued to violate Section 2019.210 and Order-331, *see* Dkt. 795, even though Loop AI has provided ample discovery, declarations, and identification of its trade secrets at issue and evidence of misappropriation. As *Shady Grove* makes clear, whether a conflict between the two rules exists is irrelevant if a Federal Rule applies. In *Shady Grove,* the Supreme Court expressly rejected the position embraced by the Court in Order-331. The Supreme Court reversed the Second Circuit's holding that a New York state rule of civil procedure could apply despite the existence of Federal Rule 23 because the two rules were ***not in conflict***. *See id.* Further, a conflict analysis between a state and federal rule at issue is generally done as part of an *Erie* analysis. But the Supreme Court held in *Shady Grove* that a district court is not authorized to conduct an *Erie* analysis if a Federal Rule answers the issue in dispute. *See Shady Grove*, 559 U.S. at 398.[2] The Court's initial finding that Section 2019.210 is not in conflict with Rule 26, therefore, did not supply a legal basis for the Court to apply Section 2019.210 in this federal proceeding first to stay discovery and then to grant a motion to enforce which in fact does not allow Loop AI to remedy the issues identified by the Court and which instead simply finds a sanction is appropriate and will be decided by the Court at a future date. The *Shady Grove* court unambiguously rejected the

---

[1] Under *Shady Grove* there is simply no basis to apply a state ***procedural*** rule, even if a court were to find that Section 2019.210 does not conflict with Rule 26. *Id.* at 398-400.
[2] *See also County of Orange,* 784 F.3d at 527 ("Absent an applicable Federal Rule or law, we apply the 'relatively unguided *Erie* analysis.'").

notion, also discussed by the Court in Order-331 [*see* Dkt. 331 at 4], that a state rule that is found not to be in conflict with a federal rule can be applied in a federal proceeding on policy grounds, such as to deter forum shopping:

> We must acknowledge the reality that keeping the federal-court door open to class actions that cannot proceed in state court will produce forum shopping. That is unacceptable when it comes as the consequence of judge-made rules created to fill supposed "gaps" in positive federal law.[] For where neither the Constitution, a treaty, nor a statute provides the rule of decision or authorizes a federal court to supply one, "state law must govern because there can be no other law." [] But divergence from state law, with the attendant consequence of forum shopping, is the inevitable (indeed, one might say the intended) result of a uniform system of federal procedure. Congress itself has created the possibility that the same case may follow a different course if filed in federal instead of state court.[] ***The short of the matter is that a Federal Rule governing procedure is valid whether or not it alters the outcome of the case in a way that induces forum shopping.*** To hold otherwise would be to "disembowel either the Constitution's grant of power over federal procedure" or Congress's exercise of it.

*Shady Grove*, 559 U.S. at 415-416 (internal citations omitted) (emphasis supplied). Instead of following *Shady Grove*, as it was required to, Order-795 continues to rely on the same district court cases cited by IQS in its brief, even though none of those cases analyzed, applied, or even mentioned *Shady Grove*. *See* Dkt. 795 at 5-6, Dkt. 331 at 4.[3] This was plain error. Loop AI respectfully submits that the Court could not follow district court cases *in lieu* of the controlling authority of the Supreme Court in *Shady Grove*. Further, the district court decisions relied on in

[3] The cases on which the Court relied in the first Order at Dkt. 331, and which she reiterates in Order-795 do not support the Court's findings. *See* Dkt. 795 at 5-6. In *Soc. Apps, LLC v. Zynga, Inc.*, the court ruled on a motion to compel regarding a discovery request that was served by the moving party. *Social* Apps, 11-4910, 2012 WL 2203063, 2012 U.S. Dist. Lexis 80767, at *2-3 (N.D. Cal. June 4, 2014). Here, by contrast, IQS did not move to compel a discovery request. *See* Dkt. 459. Nor did the *Social Apps* court issue any stay order, sanction order, or other order affecting the merits of the trade secret claim at issue in that case. Similarly, *Computer Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980 (S.D. Cal. 1999) (Order-795 at 5:4) concerned objections to a Magistrate Judge's decision imposing sanctions on a party who **had failed to respond to discovery**. Here, IQSystem Inc. did not move to compel regarding deficient or unresponsive discovery request, and the Court cannot make findings regarding discovery without a proper motion and without giving Loop AI an opportunity to be heard. Moreover, the *Erie* analysis undertaken by the court in *Computer Economics* has been overruled by *Shady Grove*, which does not allow the district court to conduct an *Erie* analysis where, as here, a Federal Rule occupies the field of the state rule invoked. Further, the court in *Computer Economics* neither stayed discovery nor made the types of merits based findings entered by the Court in Order 795. *Lilith Games (Shangai) Co. v. uCool, Inc.,* No. 15-1267, 2015 WL 4149066, 2015 U.S. Dist. Lexis 89365 (N.D. Cal. July 9, 2015), does not analyze any issue *sub judice* here and simply finds the identification of trade secrets by way of declarations to be sufficient.

Order-795 (and previously Order 331), did not even take into account the pre-*Shady Grove* decision by the Ninth Circuit in *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001). *Metabolife* long ago rejected the application in a federal proceeding of "discovery limiting aspects" of California state law, even those found in substantive laws. *Id.* at 845 (9th Cir. 2001). *See* Dkt. 272 at 15. Here the Court first precluded Loop AI from obtaining discovery, and now imposes another burden of voluntary disclosure by Loop AI, outside of the regular discovery process. The standard of this disclosure is essentially impossible to meet.

**2. Other Grounds for Objections.**

Loop AI also objects to Order-795 on each of the grounds set forth in its prior briefs at Dkt. 541 and 272, which are hereby incorporated by reference. Loop AI also objects to Order-795 on the grounds that the Court entered its Order on July 6, 2016, without a hearing and without giving Loop AI an opportunity to remedy the alleged deficiencies that the Court found to exist, and after summary judgment motions were already underway.

Finally, Loop AI objects to Order-795 to the extent it granted sanctions as the movant, IQSystem Inc., filed its Motion for Sanction in violation of Fed. R. Civ. P. 37 and Civil Local Rule 37-4. These rules require a party moving for sanctions under Rule 37 to comply with specific requirements – separate motion, certification of meet and confer, and supporting evidence – which requirements were not met here. *See* Dkt. 459. In addition, the Court's Order at Dkt. 331, was not a discovery order subject to Rule 37 and there was no basis for IQSystem to seek Rule 37 sanctions for Loop AI's alleged deficiencies in the filing that Loop AI undisputedly made to seek to comply with the Court's Order at Dkt. 331.

To the extent this Motion is automatically denied within 14 days of its filing pursuant to L.R. 72-2, Loop AI respectfully requests that the Court certify Order-795 for interlocutory appeal pursuant to 28 U.S.C. 1292(b).[4]

---

[4] A formal motion seeking certification will follow.

Respectfully submitted,

July 20, 2016     By:  /s/ *Valeria Calafiore Healy*

Valeria Calafiore Healy, Esq. (*phv*)
Valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone:     (212) 810-0377
Facsimile:     (212) 810-7036

Daniel J. Weinberg, Esq. (SBN 227159)
dweinberg@fawlaw.com
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone:     (650) 593-6300
Facsimile:     (650) 593-6301

Attorneys for Plaintiff
LOOP AI LABS, INC.

6

3:15-CV-00798-HSG-DMR     Mot. FRF from Non-Disp. Order-Dkt. 795