# EXHIBIT 2

HEALY

**Valeria Calafiore Healy <valeria.healy@healylex.com>**

## Loop v. Gatti et al: Correspondence

**Wallerstein, Thomas E.** <TWallerstein@venable.com>                   Mon, Apr 27, 2015 at 4:02 PM
To: Valeria Calafiore Healy <valeria.healy@healylex.com>, Dan Weinberg <DWeinberg@fawlaw.com>
Cc: "Culp, Kimberly" <KCulp@venable.com>, "Chintanaseri, Su" <SChintanaseri@venable.com>, "Kerakos, Manoush"
<MKerakos@venable.com>

Counsel:  Please see attached correspondence.


Regards,


Tom Wallerstein | Venable LLP


Spear Tower, 40th Floor

One Market Plaza

San Francisco, CA 94105
**t** 415.653.3707 | **m** 415.385.5937
TWallerstein@Venable.com | www.Venable.com



*************************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
*************************************************************************

**10 attachments**

 **Letter re bad faith.pdf**
270K

**9295751-v1-2015-03-09 Filed copy - Signed Declaration of Valeria Sandei ....pdf**

1400K

**De Felice Declaration ISO Motion to Dismiss.pdf**
75K

**Dibitonto Declaration ISO Motion to Dismiss.pdf**
69K

**Ferri Declaration ISO Motion to Dismiss.pdf**
678K

**Nicolella Declaration ISO Motion to Dismiss.pdf**
71K

**Nobili Declaration ISO Motion to Dismiss.pdf**
70K

**Perri Declaration ISO Motion to Dismiss.pdf**
840K

**Romagnoli Declaration ISO Motion to Dismiss.pdf**
67K

**Sandei Declaration ISO Motion to Dismiss.pdf**
124K



SPEAR TOWER, 40TH FLOOR   ONE MARKET PLAZA   1 MARKET STREET   SAN FRANCISCO, CA 94105
**T** 415.653.3750   **F** 415.653.3755   www.Venable.com

April 27, 2015

Thomas E. Wallerstein

**T 415.653.3707**
**F 415.653.3755**
TWallerstein@Venable.com

*__Via Certified Mail and E-Mail__*

Daniel J. Weinberg, Esquire
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
E-mail: dweinberg@fawlaw.com

Valeria C. Healy, Esquire
HEALY LLC
Litigation & Dispute Resolution
154 Grand Street
New York, New York 10013
E-mail: valeria.healy@healylex.com

> Re:   *Loop AI Labs Inc. v. Gatti, et al. (Case No. 3:15-cv-00798-HSG)*

Dear Mr. Weinberg and Ms. Healy:

I write on behalf of Almawave USA, Inc. to express our concern about what appears to be a violation of ethical duties, including those imposed by Federal Rule of Civil Procedure 11. That Rule provides that by filing the First Amended Complaint ("FAC"), you were both certifying that to the best of your "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  Fed. R. Civ. P. 11(b)(3).

The FAC represents a clear violation of Rule 11 because it contains a number of allegations that not only are false, but also are not based on any reasonable belief.  Your filing constitutes a false certification that you conducted a "reasonable and competent inquiry before signing and filing" the FAC.  *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir.  2005).

The false allegations that you make without a reasonable basis, and without reasonable investigation, include:



Daniel J. Weinberg, Esquire
Valeria C. Healy, Esquire
April 27, 2015
Page 2

- "the Almaviva Defendants intended . . . to buy the Company for a bargain price or to hire away the Company's key employees and thereby obtain access to the Company's proprietary technology" (FAC ¶ 17);

- "A principal objective of the Almaviva Defendants in hiring Gatti was to exploit her knowledge of the Company and to gain access to the Company's proprietary technology and trade secrets" (FAC ¶ 17);

- "Almaviva IT sent their highest-level executives repeatedly to San Francisco to oversee Gatti's unlawful activities against the Company" (FAC ¶ 40);

- "Marco Tripi . . . and his wife Valeria Sandei . . . authorized . . . the wrongful scheme against the Company" (FAC ¶ 41);

- "But for Gatti's role as CEO of the Company, the Almaviva Defendants would never have hired Gatti" (FAC ¶ 107);

- "Key executives of the Almvaviva [sic] Defendants were involved in every aspect of this scheme" (FAC ¶ 126);

- "the Almaviva Defendants directed Gatti to use the Company's computer . . . so that the Defendants could directly access the Company's confidential information and trade secrets that were stored on the Company's computer" (FAC ¶ 144);

- "The Almaviva and IQSystem Defendants unlawfully directed Gatti . . . to access the Company's computer" (FAC ¶ 221);

- "the Almaviva and IQSystem Defendants copied each and every of the Company's confidential contracts" (FAC ¶ 170);

- the "Almaviva Defendants . . . directly oversaw, directed, controlled and funded . . . all of Gatti's wrongful activities alleged herein" (FAC ¶ 183);

- "the Almaviva Defendants were expressly informed by Gatti that she could not engage in other activities without the permission of the Company" (FAC ¶ 186); and

- Almawave "misappropriated the Company's trade secrets" (FAC ¶ 316).



Daniel J. Weinberg, Esquire
Valeria C. Healy, Esquire
April 27, 2015
Page 3

All these allegations are false.  More importantly, none of these allegations were supported by a reasonable investigation.  You filed the FAC <u>after</u> you were served with a sworn declaration from Almawave's Valeria Sandei disproving the allegations.  And you now are in receipt of other declarations that further disprove the allegations.  I attach again for your convenience copies of the declarations that disprove the speculative and baseless allegations above.

In contrast to the sworn evidence disputing them, the allegations above lack any evidentiary support or reasonable basis.  Incredibly, none of the allegations are even qualified as likely to have "evidentiary support [only] after a reasonable opportunity for further investigation or discovery." *See* Fed. R. Civ. P. 11(b)(3).  Nor are they alleged only "upon information and belief," even though other allegations in the FAC are so qualified.  *See, e.g*., FAC ¶¶ 45-47.

Nor is it any defense that other allegations in the FAC (*e.g*., some of those directed to Ms. Gatti) may not be frivolous.  Filing a complaint that is frivolous in part and non-frivolous in part is still sanctionable.  *See Holgate*, 425 F.3d at 677, *citing Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1364 (9th Cir. 1990).

Conversely, given your lack of reasonable investigation and objectively baseless allegations, even if you made the allegations in good faith, that would not be a defense to sanctions.  *Raylon LLC v. Complus Data Innovations, Inc*., 700 F.3d 1361, 1368 (Fed. Cir. 2012); Fed. R. Civ. P. 11 advisory committee's notes (1993) (Rule 11 is "intended to eliminate any empty-head pure-heart justification" for frivolous allegations).

Your violation of Rule 11 subjects you to sanctions.  Fed. R. Civ. P. 11 (c)(1) (sanctions appropriate against "any attorney, law firm, or party that violated the rule or is responsible for the violation").  Even beyond Rule 11, the Court has the inherent power to sanction not only your client, but both of you personally, including by awarding Almawave USA its attorneys' fees.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991).[1]

Further, if you persist, your frivolous claim of trade secret misappropriation (at least as far Almawave USA is concerned) will permit Almawave USA to recover its attorneys' fees following judgment.  Cal. Civ. Code § 3426.4 ("If a claim of misappropriation is made in bad

---

[1] To the extent it has been or becomes damaged above and beyond its legal fees (*e.g*., through harm in the eyes of the market or otherwise), following judgment Almawave USA will consider asserting a cause of action against Loop for malicious prosecution.  *Sagonowsky v. More*, 64 Cal.App.4th 122, 132 (1998).

**VENABLE**®LLP

Daniel J. Weinberg, Esquire
Valeria C. Healy, Esquire
April 27, 2015
Page 4

faith . . . the court may award reasonable attorneys' fees to the prevailing party."). The standard for obtaining this fee-shifting is notably lower than the standard for obtaining sanctions for frivolous litigation pursuant to Rule 11. *Gemini Alum. Corp. v. California Custom Shapes, Inc.*, 95 Cal. App. 4th 1249, 1262 (2002). Allegations made without evidentiary support or reasonable investigation easily qualify for fee-shifting in this context. *Id.* at 1261.

Note that beyond merely filing the FAC, your conduct to date has needlessly complicated and increased the expense of the litigation. For example, you filed a motion for reconsideration that a review of the local rules would have revealed to be frivolous. You may be personally required to pay Almawave's fees and costs should you continue this practice of reckless filings. *See* 28 U.S.C. § 1927 (any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonable incurred because of such conduct").

Finally, I am disappointed that Mr. Weinberg has ignored my requests to discuss this matter, and that Ms. Healy has gone so far as to demand that I not talk to him about this case. Mr. Weinberg cannot disclaim responsibility by hiding behind his "local counsel" role.

First, his name appears on the caption and signature block of the FAC. He has authorized the frivolous pleading. Second, one of the main reasons for requiring out-of-state attorneys to associate with an attorney who is a member of the California bar is to assure that standards of professional conduct are met. Mr. Weinberg has an obligation to satisfy himself that filing the FAC complies with Rule 11, which it clearly does not.

In sum, Almawave USA is considering whether it will pursue sanctions, including its attorneys' fees, against Loop and any of its attorneys who do not disavow the allegations lacking a reasonable basis or who continue to needlessly increase the expense of litigation. Please confirm by May 5 that you will withdraw and stop further endorsing the allegations above.

I remain available to discuss this further at your convenience.

Sincerely,

Thomas E. Wallerstein