DANIEL J. WEINBERG (SBN 227159)
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone:     (650) 593-6300
Facsimile:      (650) 593-6301
dweinberg@fawlaw.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>ANNA GATTI, an individual, ALMAVIVA S.p.A., an Italian corporation, ALMAWAVE S.r.l. an Italian corporation, ALMAWAVE USA, Inc., a California corporation, IQSYSTEM LLC, a California limited liability company, IQSYSTEM, Inc., a Delaware corporation,<br><br>                    Defendants. | No.  3:15-cv-00798-HSG<br><br>**DANIEL J. WEINBERG'S OPPOSITION TO DEFENDANTS ALMAVIVA S.P.A., ALMAWAVE S.R.L., ALMAWAVE USA, INC.'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11**<br><br>Date:   September 1, 2016<br>Time:   2:00 p.m.<br>Ctrm.   10 – 19th Floor<br>Judge:  Hon. Haywood S. Gilliam |

**TABLE OF CONTENTS**

**Page**

I.      THE STATUTORY FRAMEWORK OF FED R. CIV. P. 11 ............................................. 1

II.     THE ALMAVIVA DEFENDANTS CANNOT ESTABLISH THAT MR.
        WEINBERG VIOLATED RULE 11 ..................................................................................... 3

        A.      The Civil Local Rules Establish That Mr. Weinberg Did Not Sign The
                Pleadings At Issue ..................................................................................................... 3

        B.      A Typewritten Name On A Signature Block Does Not Constitute A
                Signature ...................................................................................................................... 4

        C.      The Role of Local Counsel Is Not In Issue ......................................................... 6

III.    THE ALMAWAVE DEFENDANTS' MOTION IS UNTIMELY ..................................... 7

        A.      The Almawave Defendants Waited More Than One Year To Serve Their
                Rule 11 Motion ............................................................................................................ 7

        B.      The Almawave Defendants' Admit That Their Motion Followed Judicial
                Rejection Of The Sternberg Allegations ............................................................. 9

IV.     THE RULE 11 MOTION WAS FILED FOR AN IMPROPER PURPOSE .................... 10

V.      THE FACTUAL ALLEGATIONS ARE NOT FRIVOLOUS OR FILED FOR AN
        IMPROPER PURPOSE .......................................................................................................... 12

VI.     ATTORNEYS' FEES SHOULD BE AWARDED AGAINST MR.
        WALLERSTEIN AND THE ALMAWAVE DEFENDANTS ....................................... 15

VII.    CONCLUSION ........................................................................................................................ 16

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Barber v. Miller*,
146 F.3d 707 (9th Cir. 2001).................................................................................................9

*Blue v. United States Dep't of the Army*,
914 F.2d 525 (4th Cir. 1990)...............................................................................................11

*Cedano-Viera v. Ashcroft*,
324 F.3d 1062 (9th Cir. 2003)...............................................................................................6

*Certain Underwriters at Lloyd's London v. Rauw*,
2007 WL 2729117 (N.D. Cal. Sept. 18, 2007) .....................................................................9

*Giebelhaus v. Spindrift Yachts*,
938 F.2d 962 (9th Cir. 1991)...................................................................................... *passim*

*GN Resound A/S v. Callpod, Inc.*,
2013 WL 5443046 (N.D. Cal. Sept. 30, 2013)No. C 11-04673...................................... *passim*

*Greenfield v. United States Healthcare*,
146 F.R.D. 118 (E.D. Pa. 1993).............................................................................................6

*ICU Med., Inc. v. Alaris Med. Sys., Inc.*,
2007 WL 6137003 (C.D. Cal. Apr. 16, 2007) .................................................................1, 12

*Islamic Shura Council of S. California v. F.B.I.*,
757 F.3d 870 (9th Cir. 2014).................................................................................................9

*Jensen v. Stangel*,
762 F.2d 815 (9th Cir.1985)............................................................................................14, 15

*In re Miller*,
730 F.3d 198 (3d Cir. 2013)..................................................................................................9

*Netbula, LLC v. Bindview Dev. Corp.*,
2007 WL 1694820 (N.D. Cal. June 11, 2007) .................................................................7, 16

*O'Brien v. Alexander*,
101 F.3d 1479 (2d Cir. 2996)...............................................................................................15

*Patelco Credit Union v. Sahni*,
262 F.3d 897 (9th Cir. 2001)...............................................................................................16

*Penn, LLC v. Prosper Bus. Dev. Corp.*,
773 F.3d 764 (6th Cir. 2014)..................................................................................................9

*Pony Express Courier Corp. of Am. v. Pony Express Delivery Serv.*,
    872 F.2d 317 (9th Cir.1989)...................................................................................................4

*Religious Tech. Ctr. v. Gerbode*,
    1994 WL 228607 (C.D. Cal. May 2, 1994) ...........................................................................5

*Rentz v. Dynasty Apparel Indus., Inc.*,
    556 F.3d 389 (6th Cir. 2009)..................................................................................................6

*Roth v. Green*,
    466 F.3d 1179 (10th Cir. 2006)............................................................................................10

*Sichel v. UNUM Provident Corp.*,
    230 F. Supp. 2d 325 (S.D.N.Y. 2002)...................................................................................15

*Val-Land Farms, Inc. v. Third Nat'l Bank*,
    937 F.2d 1110 (6th Cir. 1991)................................................................................................6

*State of Nev. v. Watkins*,
    914 F.2d 1545 (9th Cir. 1990)................................................................................................6

*White v. American Airlines, Inc.*,
    915 F.2d 1414 (10th Cir. 1990)..............................................................................................7

*Matter of Yagman*,
    796 F.2d 1165 (9th Cir.).........................................................................................................8

**Other Authorities**

C. Wright & A. Miller, *Federal Practice and Procedure* § 1331.......................................................4

C. Wright & A. Miller, *Federal Practice and Procedure* § 1336.....................................................11

Fed. R. Civ. P. 11(a)............................................................................................................................1

Fed. R. Civ. P. 11(b) ..........................................................................................................................2

Fed. R. Civ. P. 11(b)(1).....................................................................................................................16

Fed. R. Civ. P. 11(b)(2).....................................................................................................................16

Fed. R. Civ. P. 11(b)(3).................................................................................................................14, 15

Fed. R. Civ. P. 11(c)............................................................................................................................5

Fed. R. Civ. P. 11(c)(1) ...................................................................................................................2, 5

Fed. R. Civ. P. 11, 1983 ...................................................................................................................14

Fed. R. Civ. P. 11, 1993 ............................................................................................................. *passim*

L.R. 5 ............................................................................................................................... 8

L.R. 5-1(i)(1)-(3) .......................................................................................................... 16

L.R. 11 ...................................................................................................... *passim*

L.R. 11(c)(2) ............................................................................................. *passim*

L.R. 12(b)(6) ................................................................................................................ 12

Daniel J. Weinberg, local counsel for Loop AI Labs, Inc. ("Loop AI"), submits this brief in opposition to the Rule 11 motion made by Almaviva S.p.A., Almawave S.r.L., Almawave USA, Inc. (the "Almawave Defendants"), and in support of his request for attorneys' fees against Thomas Wallerstein and the Almawave Defendants.

The Almawave Defendants seek Rule 11 sanctions against Mr. Weinberg on the grounds that "Loop's F[irst] A[mended] C[omplaint] was electronically signed and submitted using a signature block of attorneys Valeria Calafiore Healy of Healy LLC and Daniel Weinberg of Freitas Angell [&] Weinberg [LLP]." Dkt. No. 801 at 21. This awkward statement is an allegation that Mr. Weinberg "signed" the operative complaint when he did not. Because the Almawave Defendants cannot establish that Mr. Weinberg violated Rule 11, the motion must be denied.

The motion is also untimely after having been served more than one-year after the alleged Rule 11 violation occurred, and after many of the allegedly offending factual contentions were judicially rejected (according to the Almawave Defendants). Because two timeliness requirements have not been satisfied, the motion must be denied.

There also is no basis for a claim that the factual allegations were frivolous. The Court's prior finding that "significant and uncontested circumstantial evidence that Gatti's relationship with the Italian Almaviva Defendants was undertaken for an improper purpose," Dkt. No. 183 at 5, establishes that "the factual contentions have evidentiary support." The record on which the Court based its finding supports the conclusion that Loop AI's factual contentions were the product of a reasonable pre-filing investigation. If there had been a Rule 11 violation, the Almawave Defendants would not have waited more than a year from the filing of the First Amended Complaint to serve their Rule 11 motion.

## I.   THE STATUTORY FRAMEWORK OF FED. R. CIV. P. 11.

Aptly titled "Signature," subsection (a) of Federal Rule of Civil Procedure 11 provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorneys' name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Rule 11 focuses on "signed papers filed with the court." *ICU Med., Inc. v. Alaris*

*Med. Sys., Inc.*, No. SA CV 04-00689 MRP (VBKx), 2007 WL 6137003, at *3 (C.D. Cal. Apr. 16, 2007) (citing *United Energy Owners Comm., Inc. v. U.S. Energy Mgmt. Sys., Inc.*, 837 F.2d 356, 364–65 (9th Cir.1988)).

Rule 11 further provides that

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Subsection (c) of Rule 11 authorizes courts to impose "an appropriate sanction on any attorney, law firm, or party that violated the Rule or is responsible for the violation."  Fed. R. Civ. P. 11(c)(1).  "'Rule 11 is an extraordinary remedy, one to be exercised with extreme caution.'"  *GN Resound A/S v. Callpod, Inc.*, No. C 11-04673 SBA, 2013 WL 5443046, at *2 (N.D. Cal. Sept. 30, 2013) (quoting *Operating Eng'rs Pension Trust v. A–C Co.*, 859 F.2d 1336, 1345 (9th Cir.1988)).  "It should be reserved for 'rare and exceptional case[s] where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose.'"  *Id*. (citing *Operating Eng'rs Pension Trust*, 859 F.2d at 1344).

To ensure that due process is provided to the accused, a motion served and filed pursuant to Rule 11(c)(2) "must describe the specific conduct that allegedly violates Rule 11(b)."  Fed. R. Civ. P. 11(c)(2).  As explained below and in Loop AI's separate opposition to the Rule 11 motion, the Almawave Defendants have not and cannot establish that a Rule 11 violation occurred, let alone one committed by Mr. Weinberg.  Accordingly, the Almawave Defendants' motion as to Mr. Weinberg must be denied.

## II.   THE ALMAVIVA DEFENDANTS CANNOT ESTABLISH THAT MR. WEINBERG VIOLATED RULE 11.

A motion for sanctions "must describe the specific conduct" that allegedly violates Rule 11. Fed. R. Civ. P. 11(c)(2). The Almawave Defendants contend the violation in this case was the presentation of certain factual allegations in the First and Second Amended Complaints.

The Almawave Defendants contend that Mr. Weinberg presented the First and Second Amended Complaints because "Loop's FAC was electronically signed and submitted using a signature block of attorneys Valeria Calafiore Healy of Healy LLC and Daniel Weinberg of Freitas Angell [&] Weinberg [LLP]." *See* Dkt. No. 801 at 21; *see also id*. ("Sanctions should be imposed against the lawyers who signed the SAC, as well as their firms, and Loop itself."). The Almawave Defendants' contention that Mr. Weinberg "signed" the First and Second Amended Complaints has no basis in fact or law.

### A.   The Civil Local Rules Establish That Mr. Weinberg Did Not Sign The Pleadings At Issue.

For purposes of Rule 11, this Court's Civil Local Rules govern signatures on electronically-filed documents. *See* Civil L.R. 5-1(i) ("Any filings in accordance with any of these methods shall bind the Signatory as if the document was physically signed and filed, and shall function as the Signatory's signature for purposes of Rule 11 of the Federal Rules of Civil Procedure, . . . ."). Civil L.R. 5-1(i)(1) states that "[a] document electronically filed with the Court shall be deemed to be signed by the person ("Signatory") when the document identifies the person as a Signatory and the filing complies with either subsection (2) or (3)." Civil L.R.5-1(i)(1).

- Subsection (2) states that "[i]n the case of a Signatory who is an ECF user, such document shall be deemed signed, regardless of the existence of a physical signature on the document, provided that such document is filed using the user ID and password of the Signatory." Civil L.R. 5-1(i)(2).

- Subsection (3), which governs signatures of non-ECF users or ECF users whose ID and password are not used for the electronic filing, provides that "the filer of the document shall attest that concurrence

in the filing of the document has been obtained from each of the Signatories, which shall serve in lieu of their signatures on the document. The filer's attestation may be incorporated into the document itself, or take the form of a declaration attached to the document. The filer shall maintain records to support this concurrence for subsequent production for the Court, if so ordered, or for inspection upon request by a party, until one year after the final resolution of the action (including appeal, if any). The filer may attach a scanned image of the signature page of the document being electronically filed in lieu of maintaining the paper record for subsequent production if required." Civil L.R. 5-1(i)(3).

The First and Second Amended Complaints identify Loop AI's lead counsel as the signatory because she placed her electronic signature (designated with "/s/") on the signature line of the signature block. Dkt. Nos. 45 at 97; 210 at 113; *see also* Declaration of Daniel Weinberg ("Weinberg Decl."), Exs. A & B (identifying the filer of the First and Second Amended Complaints). Mr. Weinberg is not the attorney who "signed" the First and Second Amended Complaints under the provisions of Civil L.R. 5-1(i)(1) and (2).

The First and Second Amended Complaints contain no other signatures. To be considered a signatory for purposes of Rule 11, the First and Second Amended Complaints would have to "identif[y] [Mr. Weinberg] as a Signatory" and the signer would have to attest, either in the pleadings or in attached declarations, that Mr. Weinberg concurred in the filing of the First or Second Amended Complaints. *See* Civil L.R. 5-1(i)(3). That did not occur. Mr. Weinberg, therefore, did not "sign" the First or Second Amended Complaints "for purposes of Rule 11," or in any other sense.

**B.      A Typewritten Name On A Signature Block Does Not Constitute A Signature.**

Even though Mr. Weinberg did not sign the First and Second Amended Complaints, the Almawave Defendants apparently contend that Mr. Weinberg is a signatory because his name appears typewritten in the signature block. It is well-settled in the Ninth Circuit that "a typewritten name is not a signature for the purpose of Rule 11." *Giebelhaus v. Spindrift Yachts*, 938 F.2d 962, 966 (9th Cir. 1991). *See also* C. Wright & A. Miller, *Federal Practice and Procedure* § 1331 (noting that "[a] typewritten name . . . is not sufficient" to satisfy Rule 11); *Pony Express Courier Corp. of Am. v. Pony Express Delivery Serv.*, 872 F.2d 317, 319 (9th

Cir.1989) (holding that co-counsel who did not sign the answer could not be held liable under Rule 11 for its contents). In *Giebelhaus*, the defendant sought Rule 11 sanctions against Lawrence Kaye, an attorney whose name appeared in the signature block of the complaint but who did not sign the complaint. 938 F.2d at 965. The Ninth Circuit affirmed the district court's decision that Mr. Kaye's typewritten name in the signature block did not constitute his signature. *Id.* at 965-66 ("[F]or the purposes of Rule 11, a 'signature' is more than simply a typewritten name. Rule 11 contemplates greater assent to the contents of a pleading than is evidenced by a typewritten name."). Mr. Weinberg cannot violate Rule 11 as the signer of a complaint simply because his typewritten name appears in a signature block.

*Giebelhaus*, to be sure, was decided prior to the 1993 Amendments to Rule 11, which made it possible for an attorney to face potential Rule 11 liability when it can be proven that the attorney "was responsible for the violation" of another attorney or party. Fed. R. Civ. P. 11(c); *see also* Advisory Committee Note to the 1993 Amendments ("When appropriate, the court can make ***an additional inquiry*** in order to determine whether the sanction should be imposed on [other attorneys in the firm, co-counsel, other law firms, or the party itself] either in addition to or, in unusual circumstances, instead of the person actually making the presentation to the court.") (emphasis added). In those circumstances, "the record must show that firm's culpability—in the Committee's words, evidence of its 'part in causing a violation.'" *Religious Tech. Ctr. v. Gerbode*, No. CV 93-2226 AWT, 1994 WL 228607, at *5 (C.D. Cal. May 2, 1994) (citing the Advisory Committee's Notes and denying the Rule 11 motion as to co-counsel that did not file the amended complaint finding the record insufficient to establish that co-counsel was responsible for the drafting and filing of the amended complaint).[1]

The 1993 Amendments do nothing to undermine the rule set forth in *Giebelhaus* regarding the insufficiency of a typewritten name in a signature block, and other than wrongly accusing him

---

[1] The 1993 Amendments also added that "[a]bsent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Fed. R. Civ. P. 11(c)(1). Healy LLC and Freitas Angell & Weinberg LLP are separate firms. A violation of Rule 11 committed by a partner, associate, or employee of one firm cannot expose the other to joint responsibility.

of signing the First and Second Amended Complaints, the Almawave Defendants present no other evidence or arguments related to Mr. Weinberg.  *See, e.g., Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 397 (6th Cir. 2009) (declining to sanction two attorneys under Rule 11 because the case "remained first and foremost the responsibility of" other attorneys and "[t]here was no evidence that [that the two attorneys were] involved in the drafting or filing of [the amended complaint]").  Any new arguments presented in reply would be improper and untimely.  *See State of Nev. v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990) ("[Parties] cannot raise a new issue for the first time in their reply briefs." (citation omitted)); *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the time in a reply brief.").

### C.     The Role of Local Counsel Is Not In Issue.

This motion does not present any questions about the general responsibilities of local counsel under Rule 11.  While the Almawave Defendants correctly note that "attorneys acting as local counsel have an independent duty under Rule 11," Dkt. No. 801 at 21 n.8, the Almawave Defendants fail to specify how Mr. Weinberg, acting as local counsel, failed to execute his independent duty under Rule 11, was responsible for a Rule 11 violation, or how Mr. Weinberg signed, filed, submitted or later advocated either of the pleadings subject to the motion.  The cases the Almawave Defendants cite in footnote 8 to support sanctioning local counsel are inapposite because there, unlike here, there were offending papers and the attorneys in question signed them. *See Val-Land Farms, Inc. v. Third Nat'l Bank,* 937 F.2d 1110, 1118 (6th Cir. 1991) ("If Nolan and Threadgill, acting as local counsel, ***signed*** Val-Land Farms's complaint relying entirely on the representations of Mr. Parr, so much the worse for them.") (emphasis added); *Greenfield v. United States Healthcare*, 146 F.R.D. 118, 127 (E.D. Pa. 1993) ("Rule 11 conveys a non-delegable duty upon the ***signing attorney*** to conduct his own independent analysis of the facts and law which form the basis of a pleading or motion.") (citing *Pavelic & LeFlore v. Marvel Ent'mt Group*, 493 U.S. 120, 125-27 (1989)).

Indeed, both of the cases on which the Almawave Defendants rely pre-date the 1993 Amendments.  At that time, a non-signing attorney could not violate Rule 11.  *See, e.g.,*

*Giebelhaus*, 938 F.2d at 965 ("[U]nder *Pavelic & Lefore*, if [the attorney] did not sign the suspect pleadings, he cannot be sanctioned under Rule 11. Absent a signature, [the attorney]'s relationship to the litigation is irrelevant under the express terms of Rule 11."); *White v. American Airlines, Inc.*, 915 F.2d 1414, 1426-27 (10th Cir. 1990) ("The district court refused to award sanctions against Hopkins, noting that Rule 11 only 'focuses on the individual who *signs* the document in question.' We agree with the district court." (emphasis in original) (citation omitted)). Following the 1993 Amendments, a non-signing attorney only faces liability under Rule 11 if it can be proven that the attorney is responsible for a Rule 11 violation. Here, the Almawave Defendants cannot establish a Rule 11 violation and present no evidence that Mr. Weinberg was responsible for one.

There is no non-frivolous argument that Mr. Weinberg "signed" the First or Second Amended Complaints. The Almawave Defendants cite no existing law establishing that he did sign the complaints and they do not argue that *Giebelhaus* was decided incorrectly or that the Civil Local Rules should not govern questions regarding signatures for Rule 11 purposes. For these reasons, the Almawave Defendants' Rule 11 motion should be denied, and, as explained *infra*, the Almawave Defendants and Mr. Wallerstein should be ordered to pay reasonable attorneys' fees to Mr. Weinberg.

**III.     THE ALMAWAVE DEFENDANTS' MOTION IS UNTIMELY.**

    **A.     The Almawave Defendants Waited More Than One Year To Serve Their Rule 11 Motion.**

Rule 11 motions must be timely served. "Ordinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely." Fed. R. Civ. P. 11, 1993 Advisory Committee Notes; *see also Netbula, LLC v. Bindview Dev. Corp.*, No. C-06-0711 MJ (EMC), 2007 WL 1694820, at *1 (N.D. Cal. June 11, 2007) (explaining the Rule 11 motion "was untimely because it was not filed until many months after Defendants' offending contentions were made and long after the presiding judge had already considered or ruled upon the papers containing the offending contentions"). "[P]rompt action helps enhance the credibility of the rule and, by deterring further abuse, achieve its therapeutic

purpose." *Matter of Yagman*, 796 F.2d 1165, 1183 (9th Cir.), *opinion amended on denial of reh'g sub nom. In re Yagman*, 803 F.2d 1085 (9th Cir. 1986) (citation omitted).

The Almawave Defendants contend the filing of the First and Second Amended Complaints violated Rule 11 because certain factual allegations were baseless. Dkt. No. 801 at 5 ("These new allegations in Loop's FAC were and are expressly contradicted by the evidence that Loop had already received, as were most of the other new allegations."). Despite being served with the First Amended Complaint on April 6, 2015, the Almawave Defendants waited nearly 15 months to serve their Rule 11 motion on June 15, 2016. Approximately nine months passed between the filing of the Second Amended Complaint and the service of the Rule 11 motion. If, as the Almawave Defendants contend, the First Amended Complaint was factually baseless because the new allegations were "expressly contradicted by the evidence that Loop had already received," then a Rule 11 motion would have been timely served well before June 2016.

Perhaps in recognition of these timing problems, the Almawave Defendants state that "[o]n April 27, 2015, counsel for Almawave gave formal notice to Loop and its counsel that Loop's new allegations in the FAC violated Federal Rule of Civil Procedure 11." Dkt. No. 801 at 5. A notice letter, even a "formal" one, is insufficient to constitute timely service of the motion required by Rule 11. Rule 11(c)(2) requires that "[t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). The 1993 Advisory Committee Notes distinguish between "the motion" and the other communications by which lawyers are expected to offer notice that a Rule 11 motion might be filed.

> To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the "safe harbor" period begins to run only upon service of the motion. In most cases, however, counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion.

Fed. R. Civ. P. 11, 1993 Advisory Committee Notes. The Advisory Committee, in these comments, clearly distinguishes between the required "motion" and the "letters" and other forms

of "notice" ordinarily expected to precede the preparation and service of "a Rule 11 motion."

Simply put, a letter is not a "motion," and Rule 11(c)(2) requires service of "the motion," not putting someone "on notice" or sending a letter. The Ninth Circuit rejected letters as a substitute for the motion required by Rule 11(c)(2) in *Barber v. Miller*, 146 F.3d 707 (9th Cir. 2001):

> The district court observed that Imageware had given multiple warnings to Carlsen about the defects of his claim. Those warnings were not motions, however, and the Rule requires service of a motion. That requirement, too, was deliberately imposed, with a recognition of the likelihood of other warnings.

146 F.3d at 710. "It would therefore wrench both the language and purpose of the amendment to the Rule to permit an informal warning to substitute for service of a motion." *Id*.; *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 767 (6th Cir. 2014) ("But '[i]t would . . . wrench both the language and purpose of . . . the Rule to permit an informal warning to substitute for service of a motion.'") (quoting *Barber*, 146 F.3d at 710); *Certain Underwriters at Lloyd's London v. Rauw*, No. C 05-2377 SBA, 2007 WL 2729117, at *5 (N.D. Cal. Sept. 18, 2007) ("[N]otice of intent in the form of letters or telephone conversations, under Ninth circuit jurisprudence, does not satisfy the procedural requirements of Rule 11's 'safe harbor' provisions."). Having failed to promptly serve the Rule 11 motion for more than a year since the filing of the offending allegations, the Almawave Defendants' Rule 11 motion is untimely.

### B. The Almawave Defendants' Admit That Their Motion Followed Judicial Rejection Of The Sternberg Allegations.

Timeliness under Rule 11 additionally requires that sanctions motions be served before judicial rejection of the offending contentions. "Motions for Rule 11 attorney's fees cannot be served after the district court has decided the merits of the underlying dispute giving rise to the questionable filing. This is because once the court has decided the underlying dispute, the motion for fees cannot serve Rule 11's purpose of judicial economy." *Islamic Shura Council of S. California v. F.B.I.*, 757 F.3d 870, 873 (9th Cir. 2014); *see also* Fed. R. Civ. P. 11, 1993 Advisory Committee's Notes (noting that a party may not serve a motion for Rule 11 sanctions after "judicial rejection of the offending contention"); *Barber*, 146 F.3d at 710-711; *In re Miller*,

730 F.3d 198, 206 (3d Cir. 2013); *Roth v. Green*, 466 F.3d 1179, 1193 (10th Cir. 2006).

The Almawave Defendants' contend that certain allegations of wrongdoing attributed to the conduct of attorney Peter Sternberg were rejected by the Court when it denied Loop AI's motion to disqualify Venable LLP.  *See* Dkt. No. 801 at 15 (stating "Loop violated Rule 11 by declining to withdraw the [Sternberg] factual allegation in Loop's SAC because they were not only contradicted by the prior undisputed, sworn evidence, but also subject to **a judicial determination** that they lack evidentiary support") (emphasis added).  Specifically, the Almawave Defendants contend that

> On January 28, 2016, this Court issued an Order denying Loop's motion to disqualify former Orrick Herrington & Sutcliffe LLP attorney, Peter Sternberg, and Sternberg's current law firm, Venable LLP.  In so doing, the Court considered evidence submitted by the parties, considered a request to hear further evidence, and then made certain factual findings, set forth *infra*, that were contrary to certain of Loop's allegations of wrongdoing by Almawave in the SAC.

*Id*. at 5.  The Almawave Defendants cannot have it both ways.  If this Court's January 28, 2016, findings in its order denying Loop AI's disqualification motion constitute a "judicial determination that [the Sternberg factual allegations] lack evidentiary support," then their Rule 11 motion was served following "judicial rejection of the offending contention."  As to the factual allegations about Mr. Sternberg, the Almawave Defendants' motion is untimely in two respects and must be denied.

## IV.     THE RULE 11 MOTION WAS FILED FOR AN IMPROPER PURPOSE.

Rule 11 is not a vehicle by which factual allegations should be tested.  The Advisory Committee Notes explain that "Rule 11 motions . . . should not be employed . . . to test the sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes."  Fed. R. Civ. P. 11, 1993 Advisory Committee Notes.  "A Rule 11 motion for sanctions is not an appropriate substitute for summary judgment proceedings."  *GN Resound*, 2013 WL 5443046, at *4 (N.D. Cal. Sept. 30, 2013) (citing *Safe–Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 412–420 (S.D.N.Y.2003)).  "Rule 11 should not be used to raise issues of legal sufficiency that more properly can be disposed of by a motion to dismiss, a motion for a

more definite statement, or a motion for summary judgment."  C. Wright & A. Miller, *Federal Practice and Procedure* § 1336; *see also Blue v. United States Dep't of the Army*, 914 F.2d 525, 535 (4th Cir. 1990), *cert. denied sub nom.*, *Chambers v. United States Dep't of the Army*, 499 U.S. 959 (1991) ("[C]laims that are plainly meritless should be disposed of early in the course of litigation through summary judgment or other pretrial motion[s] . . . . As a general matter, dismissal of a frivolous . . . case on the merits should be a first option, whereas imposition of sanctions should be a matter of last resort.").

The Advisory Committee Notes further emphasize that Rule 11 should not be used tactically to gain an advantage: "Nor should Rule 11 motions be prepared to emphasize the merits of a party's position, to exact an unjust settlement, to intimidate an adversary into withdrawing contentions that are fairly debatable, to increase the costs of litigation, to create a conflict of interest between attorney and client, or to seek disclosure of matters otherwise protected by the attorney-client privilege or the work-product doctrine."  Fed. R. Civ. P. 11, 1993 Advisory Committee Notes.

The Almawave Defendants' Rule 11 motion was served the day before Almawave moved for summary judgment.  *Compare* Weinberg Decl. Ex. C *with* Dkt. No. 740.  Instead of simply moving for summary judgment, like the other defendants in this action, the Almawave Defendants sought to up the ante by accompanying their summary judgment motion with the "chilling effect" of a Rule 11 motion.  After having waited well over a year since the filing of the First Amended Complaint to serve the Rule 11 motion, it is no surprise that the Almawave Defendants chose to launch their Rule 11 motion on the eve of moving for summary judgment.  It was a transparent attempt to "intimidate" Loop AI's counsel into withdrawing the operative complaint instead of allowing the sufficiency of the allegations to be tested on the merits.  *See* Weinberg Decl., Ex. C ("I suggest you withdraw the SAC or strike the allegations against my clients in their entirety (as we have outlined in the notice to the motion), **or else contact your respective insurance carriers immediately**.") (emphasis added).  The Almawave Defendants' belated and tactical deployment of Rule 11 on the eve of filing summary judgment does not merit an award of sanctions and is itself a violation of Rule 11.

## V.   THE FACTUAL ALLEGATIONS ARE NOT FRIVOLOUS OR FILED FOR AN IMPROPER PURPOSE.

"Under Ninth Circuit law, sanctions must be imposed on the signer of a paper if either (1) the paper is filed for an improper purpose, or (2) the paper is 'frivolous.'" *GN Resound*, 2013 WL 5443046, at *2 (citing *Intamin, Ltd. v. Magnetar Techs., Corp.,* 483 F.3d 1328, 1338 (Fed. Cir. 2007) (quotation marks omitted)). "The Ninth Circuit defines a 'frivolous' pleading for Rule 11 purposes as one that is legally or factually baseless from an objective perspective and made without a reasonable and competent inquiry." *Id*. "[A] claim is factually baseless if it lacks factual foundation." *ICU Med., Inc. v. Alaris Med. Sys., Inc.*, No. SA CV 04-00689 MRP (VBKx), 2007 WL 6137003, at *3 (C.D. Cal. Apr. 16, 2007) (citing *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir.1997)). "An attorney may not be sanctioned under Rule 11 for a complaint that is not well-founded, so long as he [or she] conducted a reasonable inquiry." *GN Resound*, 2013 WL 5443046, at *2 (citing *In re Keegan Management Co. Sec. Litig.*, 78 F.3d 431, 434 (9th Cir.1996)).

The Court's findings on the Almawave Defendants' first motion to dismiss confirm that there was factual foundation for the allegations set forth in the First and Second Amended Complaints. Unlike ordinary motions to dismiss under Rule 12(b)(6), where Courts assume the truth of pleaded facts, in the context of the Almawave Defendants' motion, the Court explained that it could "not rely on Loop AI's allegations of misconduct in the face of competing affidavits" presented by the Almawave Defendants. Dkt. No. 183 at 4. The Court had to look for more. Accordingly, the Court analyzed "significant and uncontested circumstantial evidence that Gatti's relationship with the Italian Almaviva Defendants was undertaken for an improper purpose." *Id*. at 5. The "significant and uncontested circumstantial evidence" identified by the Court establishes a non-frivolous basis for the factual allegations asserted in this action.

The evidence presented included that Almawave USA was incorporated at Ms. Gatti's home residence. The Court assessed this curious fact as follows:

> Although there may be an innocent explanation for the decision of
> "one [of] Italy's top information and communication technology

> providers" to base its first United States office in someone's home, that choice certainly is not inconsistent with the allegation that Almawave USA was created as a front company to facilitate the Defendants' alleged scheme, as opposed to a legitimate business venture of a multinational corporation.

*Id.* In addition, the Court cited undisputed factual allegations that the Almawave Defendants applied for a patent covering technology that was being developed by Loop AI and that the first named inventor on the patent application is Valeria Sandei, an employee of the Almawave Defendants, who lacks a technology background. *Id.* The Court further relied on "detailed factual allegations—which were supported by evidence and uncontested by the defendants—that the Almawave Defendants "solicited Gatti in early 2014 (before Almawave USA had been incorporated) and formed a business relationship whereby certain employees of the Italian Almaviva Defendants maintained frequent communication and exercised significant control over Gatti's California business activities." *Id.* at 4. It was also uncontested that the Almawave Defendants "entered into a contractual relationship with Gatti while she was working as the CEO of Loop AI before Almawave USA was formed." *Id.*[2]

The Court's Order on the motion to dismiss also concluded that

> Loop AI has demonstrated significantly more than a "hunch" that discovery will reveal relevant facts. This is not a case where a plaintiff seeks discovery as an unwarranted fishing expedition for theoretically possible facts, transactions, or conduct that could give rise to personal jurisdiction. The transactions at issue in this case are known: the Italian Almaviva Defendants do not challenge that they hired Gatti, communicated with her on hundreds of occasions, and directed her activities in California.

*Id.* The Court went on to explain that the critical question related to the exercise of personal jurisdiction turned on whether "the Italian Almaviva Defendants hire[d] Gatti and incorporate[d] Almawave USA as a means to misappropriate Loop AI's trade secrets and undermine its growth (as alleged by Loop AI), or were those contacts made solely to further the Italian Almaviva

---

[2] The Court found in its decision denying Loop AI's application for temporary restraining order that the evidence presented with the application raised "at least some likelihood" of success on the merits on Loop AI's breach of contract claim. *See* Dkt. No. 32 at 6 ("[A]t this early stage of the litigation, the Court believes that there is at least some likelihood of Loop AI prevailing on a breach of contract claim against Defendant Gatti.").

Defendants' legitimate business activities (as sworn to by the Italian Almaviva Defendants?)" *Id.*

Rule 11 requires that an attorney presenting a pleading to the court to certify to the best of the attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). "The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Fed. R. Civ. P. 11, 1983 Advisory Committee Notes. At the time Loop AI filed its First Amended Complaint "Loop AI [did] not have access to Gatti's personal email or the email accounts of the Italian Almaviva Defendants," and "Loop AI [did] not know exactly what the Defendants discussed during the commission of their alleged scheme," because "[t]hat information [wa]s solely in the hands of the Defendants." Dkt. No. 183 at 6. Loop AI's complaints, however, were supported by "significant and uncontested circumstantial evidence" of the Almawave Defendants' participation in the alleged wrongful scheme. Absolute certainty and guaranteed success are not the standard by which Rule 11 motions are judged.

The support for Loop AI's factual allegations was further endorsed when the Court denied the Almawave Defendants' renewed motion to dismiss. Ninth Circuit case law bears out this principle, holding that denial of a motion to dismiss or a motion for summary judgment suggests that claims were not entirely without merit. *Jensen v. Stangel*, 762 F.2d 815, 818 (9th Cir.1985) (citing *Hughes v. Rowe*, 449 U.S. 5, 15–16 (1980)). Following jurisdictional discovery, the Court found that "Plaintiff has offered numerous written materials to demonstrate sufficient minimum contacts with California arising out of, or related to, the Italian Defendants' actions to justify the exercise of specific jurisdiction." Dkt. No. 726 at 6. The Court, thus, answered its prior question –whether "the Italian Almaviva Defendants hire[d] Gatti and incorporate[d] Almawave USA as a means to misappropriate Loop AI's trade secrets and undermine its growth (as alleged by Loop AI), or were those contacts made solely to further the Italian Almaviva Defendants' legitimate business activities (as sworn to by the Italian Almaviva Defendants)"—in favor of the former.

Focusing specifically on Loop AI's tortious interference claims, which the Court explained arise from a common nucleus of operative facts as Loop AI's other claims, *id*., the Court found evidence that "the Italian Defendants and Gatti participated in a phone call on February 5, 2014," that "Gatti met with the CEO of Almawave S.r.l. and the Strategic Marking [sic] Officer for Almaviva S.p.A. Valeria Sandei in Rome on February 12, 2103," that "on February 17, 2014, Gatti requested and received access to Loop AI's technical information to which she previously had no access," that "[c]ommunications between Gatti and Italian Defendants continued through June 2014 when the Italian Defendants hired Gatti to head Almawave USA as its CEO," and that "Almawave USA was initially incorporated in Gatti's California home and subsequently moved to office space a facility in San Francisco." *Id*. at 7. These facts supported the Court's finding that the Almawave Defendants committed intentional acts in California. Mr. Weinberg respectfully submits that evidence presented in this action confirms the non-frivolous basis for the factual allegations asserted against the Almawave Defendants' in the First and Second Amended Complaints.

The Court also found that email exchanges, submitted by Loop AI in opposition to the motion, between Ms. Gatti and Ms. Sandei are "at least consistent with Plaintiff's theory that the Italian Defendants solicited Loop AI's business contacts, such as by working with the same law firm, and the same accountant." *Id*. at 9. Under Rule 11(b)(3), "sanctions may not be imposed unless a particular allegation is utterly lacking in support." *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir. 2996). Courts typically look for statements which rise to the level of direct falsehoods before they find that sanctions are warranted pursuant to Rule 11(b)(3). *Sichel v. UNUM Provident Corp.*, 230 F. Supp. 2d 325, 332 (S.D.N.Y. 2002). The Court's findings on the motion to dismiss negate the Almawave Defendants' contentions that Loop AI lacked a reasonable basis for the factual allegations of the First or Second Amended Complaints.

## VI.   ATTORNEYS' FEES SHOULD BE AWARDED AGAINST MR. WALLERSTEIN AND THE ALMAWAVE DEFENDANTS.

"If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). "A party defending

a Rule 11 motion need not comply with the separate document and safe harbor provisions when counter-requesting sanctions." *Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001); *See Netbula*, 2007 WL 1694820, at *4 (awarding $20,000 in attorney's fees for opposing an untimely Rule 11 motion).

The Almawave Defendants accuse Mr. Weinberg of "signing" the First and Second Amended Complaints. Dkt. No. 801 at 21. That contention is false and not "warranted" under *Giebelhaus v. Spindrift Yachts*, 938 F.2d 962, 966 (9th Cir. 1991), Civil L.R. 5-1(i)(1)-(3), "or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Thomas Wallerstein, the attorney who signed the Almawave Defendants' Rule 11 motion, and the Almawave Defendants should be sanctioned for their frivolous contention.

The Almawave Defendants' untimely motion also was presented for an improper purpose. Fed. R. Civ. P. 11(b)(1). The Rule 11 motion was served the day before the Almawave Defendants moved for summary judgment and more than one year after the filing of the allegedly offending factual allegations, with the deliberate threat to withdraw the factual allegations "or else contact your respective insurance carriers immediately." Weinberg Decl. Ex. C. Intimidation is an improper use of the serious charge that is a Rule 11 violation.

## VII.    CONCLUSION

The Almawave Defendants' motion must be denied because it is an untimely, tactical abuse of Rule 11, containing the frivolous contention that Mr. Weinberg "signed" the First and Second Amended Complaints. In addition, the factual allegations were supported by "significant and uncontested circumstantial evidence." Mr. Wallerstein and the Almawave Defendants should be ordered to pay reasonable attorney's fees to Mr. Weinberg.

Dated: July 21, 2016

/s/Daniel J. Weinberg
Daniel J. Weinberg
350 Marine Parkway, Suite 200
Redwood Shores, California  94065
Telephone:    (650) 593-6300
Facsimile:    (650) 593-6301
dweinberg@fawlaw.com