# EXHIBIT C



505 MONTGOMERY STREET   SUITE 1400   SAN FRANCISCO, CA 94111
T 415.653.3750   F 415.653.3755   www.Venable.com

June 15, 2016

Thomas E. Wallerstein

**T 415.653.3707**
**F 415.653.3755**
TWallerstein@Venable.com

### *Via U.S. Mail and Email*

Valeria Healy, Esquire
HEALY LLC
154 Grand Street
New York, New York 10013
Facsimile: 212.810.7036

### *Via Hand Delivery and Email*

Daniel J. Weinberg, Esquire
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Facsimile: 650.593.6301

Re:  *Loop AI Labs, Inc. v. Gatti, et al,* **Case No. 3:15-cv-00798-HSG (DMR)**

Dear Counsel:

I write on behalf of my clients to reiterate our concern, and to provide a final warning, regarding your continuing violation of ethical duties, including those imposed by Federal Rule of Civil Procedure 11, that we previously notified you about. Accompanying this letter you will find our draft Rule 11 motion for sanctions.

Pursuant to Federal Rule of Civil Procedure 5, we are formally serving you today with our draft motion for Rule 11 sanctions. Therefore, you have 21 days to withdraw the SAC or correct the frivolous allegations in the SAC as identified in our draft motion. Fed. R. Civ. P. 11(c)(2). If you do not withdraw or correct the SAC as requested in our draft motion, we intend to file the enclosed motion with the Court immediately following the expiration of the 21-day "safe harbor."

As we have explained, and explain further in the motion, your violation of Rule 11 will subject you, your law firms, and your client to sanctions. Fed. R. Civ. P. 11 (c)(1) (sanctions appropriate against "any attorney, law firm, or party that violated the rule or is responsible for the violation"). Even beyond Rule 11, the Court has the inherent power to sanction not only



Valeria Healy, Esquire
Daniel J. Weinberg, Esquire
June 15, 2016
Page 2

your client, but both of you personally, including by awarding my clients their attorneys' fees. In assessing the appropriate sanction, we expect the Court to consider your litigation conduct, and that of your client, to date.

Thus, as you can see in the attached, in addition to requesting that the Court strike from Loop's SAC the allegations that lacked a reasonable basis when the SAC was filed, we also intend to request monetary sanctions against both of you both personally, your client, and your respective law firms, jointly and severally, in the amount of $1,250,000.

I suggest you withdraw the SAC or strike the allegations against my clients in their entirety (as we have outlined in the notice to the motion), or else contact your respective insurance carriers immediately.

Regards,

Thomas E. Wallerstein

Cc:   Tom LoSavio, Esquire
      Janet Brayer, Esquire