1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VENABLE LLP**
Thomas E. Wallerstein (SBN 232086)
Kimberly Culp (SBN 238839)
Email: twallerstein@venable.com
        kculp@venable.com
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
Telephone:   415.653.3750
Facsimile:    415.653.3755

Attorneys for Defendants Almawave USA, Inc.,
Almawave S.r.l., and Almaviva S.p.A.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

LOOP AI LABS, INC., a Delaware
corporation,

         Plaintiffs,

                v.

ANNA GATTI, an individual,
ALMAVIVA S.p.A., an Italian corporation,
ALMAWAVE S.r.l., an Italian corporation,
ALMAWAVE USA, Inc., a California
corporation, IQSYSTEM LLC, a California
limited liability company, IQSYSTEM Inc., a
Delaware corporation,

         Defendants.

CASE NO.: 3:15-cv-00798-HSG-DMR

Hon. Haywood S. Gilliam

**ALMAWAVE'S NOTICE OF MOTION
AND MOTION REGARDING LOOP'S
REFUSAL TO COMPLY WITH
PRETRIAL ORDER**

Date:       September 29, 2016
Time:       2:00 p.m.
Dept:       Courtroom 10, 19th Floor

Action Filed:    February 20, 2015
Trial Date:      September 19, 2016

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

<u>**NOTICE OF MOTION**</u>

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on September 29, 2016, at 2:00 p.m., or as soon before then pursuant to an order on the concurrently-filed motion for order to shorten time, before the Honorable Haywood S. Gilliam, Jr., United States District Court Judge, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Courtroom 10, 19th Floor, Defendants Almaviva S.p.A., Almawave S.r.l., (together the "Italian Almawave Defendants") and Almawave USA, Inc. ("Almawave USA") (jointly with the Italian Almawave Defendants, the "Almawave Defendants" or "Almawave") will and hereby do move pursuant to Federal Rules of Civil Procedure 16 and 41, and this Court's inherent authority, for an order:

- That plaintiff Loop AI Labs, Inc. ("Loop") is in contempt of this Court's Pretrial and Trial Standing Order;
- That Loop not be permitted to introduce into evidence the exhibits it has designated;
- That defendants' pretrial submissions will be deemed uncontested by Loop; and
- That Loop's claims be dismissed, judgment entered for defendants and costs and fees imposed on Loop.

This motion is based on this notice of motion and motion, the following memorandum of points and authorities, the Declaration of Thomas Wallerstein, Almawave's motion for an order shortening time, the pleadings on file in this matter, any material of which this Court takes judicial notice, and any further argument the Court might allow.

Dated: August 5, 2016       **VENABLE LLP**

            By: <u>/s/ Thomas E. Wallerstein</u>
              Thomas E. Wallerstein (SBN 232086)
              Kimberly Culp (SBN 238839)
              505 Montgomery Street, Suite 1400
              San Francisco, CA 94111
              *Attorneys for Almaviva S.p.A., Almawave*
              *S.r.l., and Almawave USA, Inc.*

V E N A B L E   L L P
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

1

## <u>TABLE OF CONTENTS</u>

2
<u>Page</u>

3   I.     PRELIMINARY STATEMENT ...................................................................1

4   II.    STATEMENT OF FACTS ........................................................................2

5          A.     Requirements Of This Court's Pretrial Order ...................................2

6          B.     Defendants Attempt To Comply With The Pretrial Order......................3

7          C.     Loop Refuses To Comply With The Pretrial Order.............................4

8          D.     Loop's Bad Faith Disclosure ....................................................6

9   III.   ARGUMENT .......................................................................................7

10         A.     Loop's "Document Dump" Grossly Prejudices Almawave With A Trial
                  By Ambush. .........................................................................7

11
           B.     Loop's Refusal To Comply With The Pretrial Order Makes Joint
12                Submissions Impossible...........................................................9

13         C.     Loop's Refusal To Comply With The Pretrial Order Makes It Impossible
                  To Conduct A Coherent Or Fair Trial.........................................12
14
           D.     This Court Has The Authority To Enforce Its Pretrial Order Including
15                Through Dismissal Of Loop's Claims. .......................................12

16  IV.    CONCLUSION....................................................................................15

17

18

19

20

21

22

23

24

25

26

27

28

**V E N A B L E   L L P**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

1

## **TABLE OF AUTHORITIES**

2
**Page**

3

## **CASES**

4
*Armadillo Distribution Enters., Inc. v. Hai Yun Musical Instruments Manufacture Co.*

5
142 F. Supp. 3d 1245 (M.D. Fla. 2015)..........................................................14

6
*Bishop v. Gen. Motors Corp.*

7
No. CIV-94-286-B, 1995 WL 886841 (E.D. Okla. Sept. 6, 1995) ..................8

8
*Doe v. City of Los Angeles*

9
No. CV 07-01403 AJW, 2013 WL 6019121 (C.D. Cal. Nov. 13, 2013)..................13, 14

10
*Ely v. Cabot Oil & Gas Corp.*

11
No. 3:09-CV-2284, 2016 WL 590370 (M.D. Pa. Feb. 12, 2016) ....................9

12
*Flood v. Owens-Illinois*

13
No. 86 C 8947, 2003 WL 21466934 (N.D. Ill. June 24, 2003) .......................9

14
*Guru Denim, Inc. v. Hayes*

15
No. CV 08-4493 SCW (RC), 2010 WL 1854020 (C.D. Cal. May 6, 2010)..................13

16
*Hickman v. Taylor*

17
329 U.S. 495 (1947)..........................................................................................7

18
*Hunt v. Continental Casualty Company*

19
No. 13-cv-05966 (N.D. Cal. Oct. 14, 2015) ...........................................3, 10

20
*In re Ateco Inc.*

21
No. 1:10-BK-22623-MT, 2013 WL 5803651 (Bankr. C.D. Cal. Oct. 28, 2013) .............8

22
*In re Dad's Kid Corp. Baseball Card Trademark & Copyright Infringement Litig.*

23
No. CV92-04111-WJR (CTX), 1994 WL 794763 (C.D. Cal. June 30, 1994) ..............13

24
*In re Shell Oil Refinery*

25
No. CIV. A. 88-1935, 1992 WL 245566 (E.D. La. Sept. 8, 1992)..................8

26
*JCW Investments, Inc. v. Novelty, Inc.*

27
366 F. Supp. 2d 688 (N.D. Ill. 2005) ..........................................................10

28

V E N A B L E   L L P
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

*Loos v. Club Paris, LLC*
    No. 607-CV-1376-ORL31GJK, 2009 WL 1458040 (M.D. Fla. May 26, 2009) ............13

*Malone v. U.S. Postal Serv.*
    833 F.2d 128 (9th Cir. 1987) ...................................................................................13

*Nam v. U.S. Xpress, Inc.*
    No. 1:11-CV-116, 2012 WL 10161528 (E.D. Tenn. June 25, 2012) .............................8

*Nascimento v. Dummer*
    508 F.3d 905 (9th Cir. 2007) ...................................................................................14

*Neufeld v. Neufeld*
    172 F.R.D. 115 (S.D.N.Y. 1997) ............................................................................13

*Park W. Galleries, Inc. v. Glob. Fine Art Registry, LLC*
    No. 2:08-CV-12247, 2010 WL 764368 (E.D. Mich. Mar. 2, 2010) ..............................7

*Robson v. Hallenbeck*
    81 F.3d 1 (1st Cir. 1996) ........................................................................................12

*United States v. Cerna*
    No. CR 08-0730 WHA, 2010 WL 5058894 (N.D. Cal. Dec. 6, 2010)............................7

*United States v. Smirlock*
    No. 00 CR. 1292 (GEL), 2001 WL 913911 (S.D.N.Y. Aug. 13, 2001) .........................8

*Williams v. California*
    No. C 00-1461-EDL (PR), 2003 WL 151533 (N.D. Cal. Jan. 14, 2003) ......................14

*z4 Techs., Inc. v. Microsoft Corp.*
    No. 6:06-CV-142, 2006 WL 2401099 (E.D. Tex. Aug. 18, 2006)...........................9, 12

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**V E N A B L E   L L P**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

## I.     PRELIMINARY STATEMENT

Loop's refusal to comply with this Court's Civil Pretrial and Trial Standing Order ("Pretrial Order") requires this Court's intervention.  Loop's refusal to cooperate grossly prejudices Almawave USA, Inc., Almawave S.r.l., and Almaviva S.p.A. ("Almawave") and makes it impossible for this Court or a jury to conduct a trial, much less a fair or coherent one.

Loop proposes "trial by ambush."  Rather than identifying exhibits it actually intends or believes in good faith it may use at trial, Loop is simply designating virtually every piece of paper related to this litigation.  **Loop already has identified over 3,600 proposed trial exhibits of over 53,000 pages**, and has confirmed that ultimately it intends to identify over five thousand total trial exhibits.  **Loop's list of exhibits is itself hundreds of pages long**.

Loop's initial exhibits already confirm Loop's bad faith, as they include a CMC statement, scheduling orders, deposition notices, prior motions, and hundreds or thousands of pages of "filler," *i.e*., garbage.  Loop's "hide the ball" gambit has been rejected for decades.

Despite its document dump, Loop meanwhile has confirmed that it will not abide by Pretrial Order's deadline to provide all of the proposed exhibits, instead confirming that it has only begun providing the information that already was due, with no certain finish.

Loop also refuses to comply with the implicit deadlines to provide the Court-ordered joint pretrial statement and proposed order, joint proposed jury instructions, joint proposed voir doir questions, a joint proposed verdict form, and joint proposed statement of the case.  Loop has effectively guaranteed that the parties will be unable to comply with the Pretrial Order's requirement to make joint submissions.

Both because of Loop's delay and its bad faith document dump, Almawave cannot assess and object or stipulate to Loop's evidence, much less prepare joint submissions.

Even where pretrial filings are accurate, precise, and the product of good faith meeting and conferring, a trial is complex with a number of potential issues, disputes and pitfalls.  Without joint filings and proceeding as Loop intends, a fair and orderly trial here will be impossible for the Court, for counsel, and a jury.  Further, to proceed as Loop suggests would be grossly prejudicial to defendants and violate due process.

1

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

1    This Court has the power to enforce its Pretrial Order.  At a minimum, defendants must

2    be excused from filing submissions jointly with Loop.  Because of Loop's refusal to participate,

3    this Court should accept defendants' joint submissions and treat them as unopposed by Loop.

4    Further, Loop should not be permitted to offer exhibits or testimony into evidence when

5    it refused to disclose the evidence in good faith, and not even timely at that.  This Court should

6    therefore take whatever further action as appropriate, including dismissing Loop's claims,

7    entering judgment and imposing fees and costs.  In any event, proceeding to trial absent Loop's

8    compliance with the Pretrial Order is untenable.

9    **II.    STATEMENT OF FACTS**

10       **A.    Requirements Of This Court's Pretrial Order**

11   On June 5, 2015, this Court scheduled trial for July 11, 2016 and its Pretrial Conference

12   for June 28, 2016.  Dkt. 105.  On February 3, 2016, at Loop's request, this Court updated the

13   Scheduling Order setting the new trial date for September 19, 2016, and the pretrial conference

14   for August 30.  Dkt. No. 411 at 1.  The Court ordered that "[t]he parties are directed to review

15   and comply with this Court's Civil Pretrial and Trial Standing Order."  *Id.* at 2.

16   This Court's Pretrial Order explains in detail both the documents the parties must file and

17   the manner in which the parties must prepare them.  *See* Pretrial Order (Declaration of Thomas

18   E. Wallerstein ("Wallerstein Decl."), Ex. A).

19   By "at least" August 2[1], the parties were required to meet and confer with respect to,

20   among other things, "preparation of the joint pretrial filings" and "clarifying and narrowing the

21   contested issues for trial."  Pretrial Order ¶ 1.

22   By "at least" August 2, each party also was to provide "all proposed exhibits . . . and

23   other similar documentary materials to be used in its case in chief at trial, together with a

24   complete list of all such proposed exhibits."  *Id.* ¶ 2 (emphasis added).

25   By "no later than" August 9, the parties must meet and confer "to determine whether any

26   evidentiary issues may be resolved by stipulation.  *Id.* ¶ 21.

27   ───────────────────

28   [1] The Pretrial Order calculates dates backwards from pretrial conference; *i.e.*, 28 days or 14 days prior to August 30.

ALMAWAVE'S MOTION REGARDING LOOP'S REFUSAL TO COMPLY WITH PRETRIAL ORDER

By "no later than" August 16, the parties must file with this Court a "joint pretrial statement and proposed order, proposed jury instructions, proposed voir dire questions, proposed verdict forms, proposed statement of the case, and trial briefs." *Id.* ¶ 4.

"At least" by August 16, "the parties shall make a good faith effort to stipulate to exhibits' admissibility.  If stipulation is not possible, the parties shall make every effort to stipulate to at least authenticity and foundation absent a legitimate (not tactical) objection." *Id.* ¶ 19.

### B.    Defendants Attempt To Comply With The Pretrial Order

On July 14, 2016, Almawave sent Loop and the other defendants a letter asking to meet and confer as required by the Pretrial Order. Wallerstein Decl., Ex. B.  That letter included the Pretrial Order and this Court's order in *Hunt v. Continental Casualty Company*, No. 13-cv-05966 (N.D. Cal. Oct. 14, 2015) (Gilliam, J.), at Dkt. 203, in which this Court admonished the parties for failing to file pretrial documents jointly.  Almawave proposed that the parties meet and confer by telephone on July 25 to discuss preparing joint pretrial filings, and clarifying and narrowing the issues for trial.  Loop did not respond.

To meet the August Court-ordered deadlines, Almawave proposed that the parties meet and confer by telephone on July 25 to discuss the preparation of joint pretrial filings, and clarifying and narrowing the contested issues for trial.  Wallerstein Decl., Ex. B.  Almawave proposed exchanging objections to exhibits and stipulations as to admissibility by August 9.  *Id.* at 2.  Almawave also proposed that Loop provide its drafts of the pretrial filings by July 29, Almawave would respond with proposed changes and inserts by August 5, and the parties would meet and confer on August 10 regarding any outstanding issues.  *Id.* at 2-3.  To meet the August 9 deadline for submission of motions *in limine*, Almawave proposed meeting and conferring regarding those motions on August 3.  *Id.* at 3.

On July 18, Almawave sent further correspondence to Loop, requesting that it "[p]lease let us know immediately when you are available to meet and confer regarding these issues, as the deadlines for exchange are quickly approaching."  Wallerstein Decl. Ex. C.  That same day, counsel for the other defendants responded with their availability and asked Loop to respond to

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

1   Almawave's request. Wallerstein Decl. Ex. D.  Loop did not respond.

2          Also on July 18, counsel for IQSystem, Inc. wrote to Loop noting that Loop's counsel

3   had confirmed she would be in San Francisco on July 20, and thus IQSystem, Inc. proposed that

4   counsel meet that day in person.  Wallerstein Decl. Ex. D.  IQSystem, Inc. emphasized that

5   "[t]ime is of the essence if we are to comply with the Court's Order regarding pretrial."  *Id*.  Ms.

6   Gatti's counsel joined in the entreaty.  *Id*.  Loop did not respond.

7          On July 19, Almawave again wrote to Loop and repeated the dates that had been

8   proposed for Loop to provide its draft joint submissions, and to meet and confer by telephone.

9   Wallerstein Decl. Ex. E.  Almawave wrote that "[i]t is critical that you please let me know if

10  these [proposed deadlines and meet and confer times] are agreeable as soon as possible so that

11  we may proceed with the pretrial disclosures in an orderly fashion."  *Id*.  Loop did not respond.

12         Also on July 19, this Court vacated the July 21 summary judgment hearing.  Dkt. 844.

13  This meant that all parties' lead counsel necessarily had open schedules to meet and confer that

14  day.  Almawave again wrote to Loop that day, "[i]n light of the Court's order vacating the

15  parties' motion hearing on Thursday, please let us know if you're available to discuss the parties'

16  pretrial filings during that time."  Wallerstein Decl. Ex. F.  Loop did not respond.

17         On July 20, Almawave again wrote to Loop, repeating its request that Loop meet and

18  confer on July 21, the date necessarily open to all counsel, regarding the pretrial filings and

19  requirements.  Wallerstein Decl. Ex. G.  Loop did not respond.

20         That same day IQSystem, Inc. wrote to Loop that "[w]e will make ourselves available at

21  any time tomorrow, and were available today but did not hear back from Ms. Healy.  I

22  respectfully request that Ms. Healy advise.  If not tomorrow, then I request that Ms. Healy

23  provide us with alternative dates by the end of business tomorrow."  Wallerstein Decl. Ex. H.

24  Loop did not respond.

25      **C.    Loop Refuses To Comply With The Pretrial Order**

26         Loop's first response was on July 25, when it wrote that because "the issues to be

27  addressed are very straightforward, we will respond in writing to your recent correspondence."

28  Wallerstein Decl. Ex. I.  Loop further stated that it would meet and confer on the phone only

ALMAWAVE'S MOTION REGARDING LOOP'S REFUSAL TO COMPLY WITH PRETRIAL ORDER

1  "[s]hould a telephonic meet and confer be necessary . . . ."[2]  Loop promised that it would

2  "provide our proposals by this Friday[]" *i.e.*, by July 29.  *Id.*

3  Loop broke its limited promise and never further responded in writing at all, much less

4  did it provide its proposed pretrial submissions.  On August 1, Almawave again wrote to Loop

5  requesting them.  Wallerstein Decl. Ex. J.  Almawave again explained that "the Court's order

6  requires the parties to prepare joint submissions, which necessarily requires us to receive your

7  proposed drafts with sufficient time to review, respond, and meet and confer about any issues."

8  Finally, on August 1, the day before the various August 2 deadlines in the Pretrial Order,

9  Loop's counsel joined a recorded telephone call.  Loop's counsel was unprepared for the

10  conference; *e.g.* she was not aware of various requirements of the Pretrial Order and was not

11  prepared to discuss motions, narrowing the issues, etc.  Wallerstein Decl. ¶ 12-13.

12  As to exhibits, Loop's counsel stated that it would not comply with the Court-ordered

13  August 2 deadline.  *Id.* ¶ 14.  Instead, Loop stated that it would only begin providing exhibits on

14  August 2 but that it would not confirm when it would complete its production.  Loop confirmed

15  that in no event would it complete its production prior to, at the earliest, August 8.  *Id.*  Loop also

16  confirmed that it understood its proposal was inconsistent with this Court's Pretrial Order, as it

17  indicated it would be moving this Court for relief from the deadlines.  *Id.* ¶ 15.

18  Moreover, Loop confirmed that it would not even send a full list of proposed exhibits by

19  August 2; rather, by August 2, Loop would send only a list of the documents it had provided thus

20  far.  *Id.*  Loop's counsel recognized that its proposal was inconsistent with this Court's Pretrial

21  Order, stating that Loop intended to file a motion with this Court seeking relief from the Pretrial

22  Order deadlines.  *Id.* ¶ 15.

23  Loop's counsel stated that it intends to disclose over 5,000 exhibits (not pages) for trial.

24  *Id.* ¶ 16.  Defendants objected to Loop's refusal to provide all of its exhibits by August 2, and

25  questioned the motivation and permissibility of designating thousands of exhibits for trial.  *Id.*

26  As to pretrial filings, Loop did not dispute it had failed to provide its proposals by July

27

28  _____

[2] Loop's proposal to meet and confer only in writing would violate the Northern District Local Rules.  N.D. Cal. L.R. 1-5(n).

ALMAWAVE'S MOTION REGARDING LOOP'S REFUSAL TO COMPLY WITH PRETRIAL ORDER

**V E N A B L E   L L P**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

1   29, as promised, and stated instead that it would not provide those filings for "at least another

2   week." *Id*. ¶ 17.  Loop proposed a single telephone call the Friday before the Tuesday (August

3   16) deadline.  *Id*.  Defendants explained that Loop's proposal would not leave sufficient time for

4   the parties to comply with this Court's Order and attempt to resolve any disputes.  *Id*.  ¶ 18.

5   Defendants also emphasized that Loop's proposed pretrial filings were necessary to allow the

6   parties to comply with the Court's Order to attempt to clarify and narrow the contested issues for

7   trial.  *Id*.

8        Finally, Almawave and the other defendants tried to meet and confer with Loop regarding

9   their motions *in limine*.  *Id*. ¶ 13.  Almawave and other defendants tried to tell Loop's counsel

10  what motions *in limine* they intended to file, and sought Loop's position.  Loop refused to meet

11  and confer in good faith, and refused to disclose to Almawave and the other defendants what

12  motions *in limine*, if any, Loop intends to file.  *Id*. ¶ 13.

13       **D.**     **Loop's Bad Faith Disclosure**

14       On August 1, 2, 3 and 4, Loop began its rolling barrage of purported trial exhibits.

15  Loop's actions confirm that it is not proceeding in good faith.

16       First, Loop declined to provide all of its exhibits as ordered, or even a <u>list</u> of all of its

17  exhibits as ordered.  Rather, Loop confirmed that it has only <u>begun</u> a rolling disclosure.  *Id*. ¶ 19.

18       Second, Loop is attempting to bury any actual proposed exhibits in an undifferentiated

19  document dump.  <u>Loop's rolling disclosure already includes over 3,600 proposed exhibits of</u>

20  <u>over 53,000 pages</u>.  *Id*. ¶ 19.  A single hard copy of Loop's exhibits, without binders, would fill

21  dozens of boxes.  *Id*. ¶ 19.  Loop's <u>list</u> of exhibits is itself <u>246 pages long</u>.  Wallerstein Decl. Ex.

22  K.

23       Third, the exhibits that Loop did begin to provide confirm that Loop is designating

24  virtually every piece of paper related to this litigation.  For example, the exhibits Loop has begun

25  to provide already include CMC statements, scheduling orders, deposition notices, administrative

26  motion for extension of time to respond to motions, and thousands of pages of "filler," *i.e.*,

27  garbage.  Wallerstein Decl. Exs. L-Q.  For example, the exhibits Loop has identified to date

28  include over 550 separate Outlook calendar entries, the first several of which are over 4,000 total

**V E N A B L E   L L P**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

1   pages long.  Wallerstein Decl. ¶ 20.

2        Fourth, thousands of pages in Loop's list of exhibits do not have Bates numbers, again

3   rendering it impossible for defendants to ascertain whether a document has been produced.  And

4   this is the tip of the iceberg; even while providing copies of proposed exhibits Loop has

5   guaranteed that defendants will not be able to assess the exhibits without expending an inordinate

6   amount of time that Loop has ensured will not be available.  For example, <u>hundreds</u> of exhibits

7   list no description beyond something like "03398-03397-2014-06-30-21778.pdf" or "03429-

8   03428-36679.pdf."[3]  *See* Wallerstein Decl. Ex. K.

9   **III.   ARGUMENT**

10       **A.     Loop's "Document Dump" Grossly Prejudices Almawave With A Trial By**

11              **Ambush.**

12       Loop has made clear that it intends to try to hide its actual intended trial exhibits within

13   the tens of thousands of pages of decoy documents.  Loop obviously does not intend to use all of

14   its disclosed exhibits.  If it takes a mere 30 seconds to introduce an exhibit into evidence, then it

15   would take about 30 <u>hours</u> just to introduce the exhibits Loop has disclosed so far.  Loop's

16   gambit is grossly unfair to defendants and should be soundly rejected by this Court.  Loop's

17   attempted "trial by ambush" has been soundly rejected for decades.  *See, e.g., Hickman v. Taylor*,

18   329 U.S. 495, 501 (1947).

19       As this Court has held, "[i]t goes without saying that the exhibit list and the witness list

20   should only include those exhibits and witnesses the [prosecuting party] is likely to use at trial.

21   Upon receiving the lists, if defendants believe bad faith 'larding' of the lists has occurred, they

22   should seek relief from the undersigned at that time."  *United States v. Cerna*, No. CR 08-0730

23   WHA, 2010 WL 5058894, at *2 (N.D. Cal. Dec. 6, 2010); *see also Park W. Galleries, Inc. v.*

24   *Glob. Fine Art Registry*, *LLC*, No. 2:08-CV-12247, 2010 WL 764368, at *3 (E.D. Mich. Mar. 2,

25   2010) (ordering parties to "pare down . . . exhibit list to those exhibits it reasonably anticipates

26   using at trial"); *United States v. Smirlock*, No. 00 CR. 1292 (GEL), 2001 WL 913911, at *2

27   ───────────────

28   [3] Loop also has not identified the sponsoring witness of any exhibits as ultimately will be
    required by the Pretrial Order.  Pretrial Order at ¶ 6(h).

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

ALMAWAVE'S MOTION REGARDING LOOP'S REFUSAL TO COMPLY WITH PRETRIAL ORDER

V E N A B L E   L L P
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

1    (S.D.N.Y. Aug. 13, 2001) ("[T]he list provided should be a good-faith compilation of the

2    materials that the [prosecuting party] reasonably expects, as of that time, to attempt to introduce

3    into evidence in its case in chief.").

4           This Court should join the many others which have rejected Loop's trial-by-ambush ploy

5    of burying its actual proposed exhibits in the midst of an unreasonably-large designation.  For

6    example, the Central District of California excluded certain exhibits from trial, holding that "[a]

7    voluminous undifferentiated 'document dump' is sanctionable even when done long before trial

8    as part of discovery, and this is certainly not permitted instead as an unidentified mass of exhibits

9    shortly before trial." *In re Ateco Inc.*, No. 1:10-BK-22623-MT, 2013 WL 5803651, at *12

10    (Bankr. C.D. Cal. Oct. 28, 2013).

11           Throughout this case, Loop has insisted that providing basic discovery amounted to

12    revealing its counsel's protected work product and trial strategy.  Loop's argument was wrong

13    then and is even more wrong now.  For example, in *In re Shell Oil Refinery*, the court held that

14    an exhibit list of thousands of entries was inappropriate.  *In re Shell Oil Refinery*, No. CIV. A.

15    88-1935, 1992 WL 245566, at *1 (E.D. La. Sept. 8, 1992).  As here, the "[c]ounsel for the

16    [plaintiff] argues that reduction of the exhibit list will reveal their theory of the case." *Id*.  The

17    court flatly rejected that argument, holding that "[c]ertainly, there comes a time in a case when

18    the plaintiff must make known his claims and the supporting facts; that time is not during trial,

19    but when the plaintiff begins pretrial preparations and responds to dispositive motions." *Id*.

20           Another court found that the plaintiff's exhibit list, "in which they list over a thousand

21    exhibits they intend to use at trial and an additional seventy-five they may use at trial," was

22    "grossly excessive" and unacceptable.  *Nam v. U.S. Xpress, Inc.*, No. 1:11-CV-116, 2012 WL

23    10161528, at *4 (E.D. Tenn. June 25, 2012).

24           In *Bishop*, the court granted a motion to strike the adverse party's exhibits and prohibit it

25    from "introducing and offering for admission any exhibits during the course of the trial of this

26    case." *Bishop v. Gen. Motors Corp.*, No. CIV-94-286-B, 1995 WL 886841, at *4 (E.D. Okla.

27    Sept. 6, 1995).  The court found that the "the disobedience by [the designating party] is both

28    willful and intentional, thereby affecting [the adverse party's] ability to prepare for trial and,

1    indeed, thwarting this Court's ability to conduct its docket."  *Id*.

2            Similarly, a court found that marking nearly 3,500 exhibits for trial was "unprecedented."

3    *z4 Techs., Inc. v. Microsoft Corp.*, No. 6:06-CV-142, 2006 WL 2401099, at *24 (E.D. Tex. Aug.

4    18, 2006), *aff'd*, 507 F.3d 1340 (Fed. Cir. 2007).  In light of the over-designation of exhibits,

5    "the court concluded that the designating party "attempted to bury the relevant . . . exhibits

6    admitted at trial in its voluminous 3,449 marked exhibits in the hope that they could conceal their

7    trial evidence in a massive pile of decoys.  This type of trial tactic is not only unfair . . ., but

8    creates unnecessary work on the Court staff and is confusing and potentially misleading to the

9    jury."  *Id*.

10           This Court should find that Loop and its counsel evidence bad faith because they

11                   surely knew that Defendants' counsel could not adequately review
                     the 1,000 documents just days before the pre-trial order was due . .
12                   . .  Plaintiff's counsel's conduct with respect to all aspects of the
                     pre-trial order is simply appalling . . . .  We are not required to sort
13                   through Plaintiff's filings to try and determine exactly which of the
                     exhibits were submitted by Plaintiff and when . . . .  We are still
14                   not clear at this point . . . what exhibits Plaintiff seeks to present.
                     The responsibility for all the confusion in these matters rests firmly
15                   at the feet of Plaintiff's counsel . . . .

16    *Flood v. Owens-Illinois*, No. 86 C 8947, 2003 WL 21466934, at *3 (N.D. Ill. June 24, 2003).

17           Even beyond the sheet number of exhibits, courts also find prejudice when a party fails to

18    comply with rules and norms intended to help the parties identify the exhibits that will be use at

19    trial.  *See, e.g.*, *Ely v. Cabot Oil & Gas Corp*., No. 3:09-CV-2284, 2016 WL 590370, at *1 (M.D.

20    Pa. Feb. 12, 2016) (severely limiting the plaintiff's exhibits that could be introduced at trial,

21    finding "that the defendant has demonstrated profound, actual prejudice from the manner in

22    which the plaintiffs have identified their exhibits in a vague, ever-changing, and idiosyncratic

23    form that continues to take still new shape even with trial approximately one week away.").

24           **B.    Loop's Refusal To Comply With The Pretrial Order Makes Joint**

25                   **Submissions Impossible.**

26           This Court's Order makes clear that submitting <u>joint</u> pretrial submissions is mandatory

27    and not discretionary.  Almawave gave Loop a copy of this Court's order in *Hunt* emphasizing

28    that point.  *See* Wallerstein Decl. Ex. B, enclosing *Hunt v. Continental Casualty Company,* No.

V E N A B L E   L L P
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

1   13-cv-05966 (N.D. Cal. Oct. 14, 2015) (Gilliam, J.), at Dkt. No. 203.

2          Almawave explained to Loop repeatedly, in writing and on a recorded call, that to meet

3   this Court's deadlines it was essential that the parties build in sufficient time in advance to meet

4   and confer in good faith.  According to the Pretrial Order, the parties must file a joint pretrial

5   statement by August 16.  To comply with the Court's direction that the parties prepare several

6   portions of this submission jointly, Almawave proposed that plaintiff provide its draft statement

7   by July 29 so that defendants could review and respond with their proposed changes by August

8   5, which could be discussed during a teleconference on August 10, giving parties an opportunity

9   to finalize and incorporate revisions for joint filing by August 16.

10         Loop apparently understood this, as it agreed to "respond in writing" and to "provide our

11  proposals" by July 29.  Wallerstein Decl. Ex. I.  Loop also understood that all exhibits had to be

12  exchanged by August 2, as it stated it would move this Court to be excused from that deadline.

13  Wallerstein Decl. ¶ 14.

14          Loop's refusal to provide its drafts to defendants makes joint submissions impossible.

15  The Pretrial Order requires that the joint pretrial statement contain a description of the

16  "substance of the action," "undisputed facts," "disputed factual issues," "agreed statement,"

17  "stipulations," identify "disputed legal issues," and disclose all evidence that a party intends to

18  introduce at trial, including each party's objections.  In this case especially, preparing joint

19  submissions of these documents is not, unfortunately, a simply ministerial task as Loop implies.

20         Plaintiff Loop must provide the first draft of many of the joint submissions because

21  Loop's framing of the disputed and undisputed issues, especially given the large number of

22  claims and alleged evidence in this action, is necessary for defendants to respond and prepare

23  their own portions of the submission.  *See, e.g.*, *JCW Investments, Inc. v. Novelty, Inc.*, 366 F.

24  Supp. 2d 688, 691 (N.D. Ill. 2005) ("[I]t is the plaintiff's duty to prepare the first draft of the final

25  pretrial order – a duty which by its nature requires a far greater amount of time to be spent by the

26  plaintiff's lawyers than the defendant's.").

27         Similarly, to form their objections or stipulations to Loop's proposed evidence,

28  Almawave needed to receive Loop's evidence by August 2, as ordered by the Court.  Instead,

V E N A B L E   L L P
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

10

ALMAWAVE'S MOTION REGARDING LOOP'S REFUSAL TO COMPLY WITH PRETRIAL ORDER

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

1    Loop is providing its exhibit disclosures on a rolling basis, and does not expect to conclude this

2    disclosure until, at the earliest, the week of August 8, leaving seven or fewer days for the parties

3    to exchange objections and counter designations.  This would have been a tight schedule even if

4    Loop had disclosed a reasonable number of exhibits.

5        Loop has not promised exactly when it will provide its draft submissions, but has assured

6    defendants that it will not do so for "at least another week."  Wallerstein Decl. ¶ 16.  Loop

7    suggested that on Friday, August 12, the parties would have a single telephone call to discuss the

8    voluminous matters before filing the joint submissions the following Tuesday, August 16.  *Id.*

9        By refusing to provide its portion of the submissions until the week of August 8, and

10   refusing a call until Friday, August 12, Loop is guaranteeing that the parties will be unable to

11   provide joint submissions.  As the Court is aware, Loop has made it impossible for the parties to

12   even submit joint letters on simple discovery disputes or a stipulated protective order.

13       Given the number of claims and (artificial) complexity of Loop's case, it simply is not

14   realistic to expect that defendants will be able to respond to Loop's proposals over a weekend,

15   and that the parties will be able to resolve their disagreements to submit a joint statement to the

16   Court.  Loop's proposal makes clear that Loop has no intention of making joint submissions.

17       Further, the parties were required to confer by August 2 to discuss both "preparation of

18   the joint pretrial filings" and "clarifying and narrowing the contested issues for trial."  Pretrial

19   Order ¶ 1.  Loop refused to substantively respond until it joined a call on August 1; even then,

20   Loop was not prepared to clarify or narrow any issues and repeatedly expressed confusion as to

21   the purpose of the call.  Wallerstein Decl. ¶ 12.  To date, Almawave still has not received a

22   substantive response and cannot identify the issues to be tried, much less clarify or narrow them.

23       In light of Loop's refusal to timely provide joint submissions or to meet and confer in

24   good faith, and Loop making it functionally impossible for the parties to file joint submissions as

25   ordered, this Court should modify its Pretrial Order so as to excuse joint submissions.  Instead,

26   this Court should expect to timely receive defendants' unilateral submission (joint as between

27   them) and should adopt those submissions as if unopposed by Loop.

28

ALMAWAVE'S MOTION REGARDING LOOP'S REFUSAL TO COMPLY WITH PRETRIAL ORDER

V E N A B L E   L L P
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

C.     **Loop's Refusal To Comply With The Pretrial Order Makes It Impossible To**
       **Conduct A Coherent Or Fair Trial.**

Loop's refusal to comply with this Court's Order renders it impossible for the parties, the Court or a jury to participate in a fair trial.  Loop's "hide the ball" disclosures means that virtually the entire time allotted for trial will be spent with this Court resolving evidentiary issues.  Alternatively, the jury will be inundated with irrelevant and unduly prejudicial information.  *z4 Techs., Inc.*, 2006 WL 2401099, at *24 (burying relevant exhibits "creates unnecessary work on the Court staff and is confusing and potentially misleading to the jury.").

Further, there is a reason that this Court's Pretrial Order requires that the parties narrow and clarify the issues for trial.  Loop has made it impossible for the parties to "meet and confer "to determine whether any evidentiary issues may be resolved by stipulation," much less by "no later than" August 9, as required by the Pretrial Order.  Pretrial Order ¶ 21.  Loop has made it impossible for the parties to "make a good faith effort to stipulate to exhibits' admissibility," much less by August 16, as required by the Pretrial Order.  Id. ¶ 19.

Loop treats the requirement as some sort of technicality with no real purpose.  But the Court and jury deserve a trial that is coherent, based on evidence, legal theories and facts that have been disclosed.  Loop's proposal that it will "make it up as it goes along" is not only prejudicial to Almawave, it also is functionally impossible to implement.

D.     **This Court Has The Authority To Enforce Its Pretrial Order Including**
       **Through Dismissal Of Loop's Claims.**

Loop should not be allowed to pursue its trial by ambush to the prejudice of Almawave and the overwhelming burden on this Court, the jury and the public at large.  This Court's pretrial Order is designed, in part, to accomplish this goal.  Loop's contempt of that Order is unacceptable and this Court has the authority to enforce its pretrial order including through dismissal of Loop's claims.

"[A] district court has broad authority to enforce pre-trial discipline and to dismiss a case for failure to obey pre-trial orders." *Robson v. Hallenbeck*, 81 F.3d 1, 2 (1st Cir. 1996).  For example, this Court has the inherent authority to "dismiss a plaintiff's complaint on account of a

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

plaintiff's violation of Court orders." *Guru Denim, Inc. v. Hayes*, No. CV 08-4493 SCW (RC), 2010 WL 1854020, at *2 (C.D. Cal. May 6, 2010). In *Guru Denim*, the court dismissed plaintiff's action where plaintiff violated the Court's trial preparation order by failing to submit "jury instructions or a verdict form." *Id*. at *4. The court found that "the required pretrial filings serve an essential purpose to litigation," and "Plaintiff's counsel violated a multitude of basic rules that are necessary to ensure that cases proceed to trial in an orderly and timely fashion . . . derived from the Federal Rules of Civil Procedure, the Central District's Local Rules, and this Court's own Orders." *Id*. So it is in this case, where Loop's conduct has resulted in an inability to submit the pretrial filings required by the Court's Pretrial Order.

Federal Rule of Civil Procedure 16 provides a specific statutory basis to dismiss Loop's complaint or enter judgment for Loop's failure to participate in pretrial filings in good faith. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987); *see also Neufeld v. Neufeld*, 172 F.R.D. 115, 119 (S.D.N.Y. 1997) (dismissing "plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 16(f) for failure to prepare a pretrial order to be joined by defendant and for failure to file a pretrial memorandum"); *Loos v. Club Paris, LLC*, No. 607-CV-1376-ORL31GJK, 2009 WL 1458040, at *3 (M.D. Fla. May 26, 2009) (granting motion to strike pleadings and enter default judgment pursuant to Rule 16 and noting that "[w]ithout meaningful participation by the Defendant, the Plaintiff will be unable to adequately prepare for trial.").

This court should weigh five factors to determine whether to dismiss Loop's case for failure to comply with the Pretrial Order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).[4] "It is not

---

[4] "The first two of these factors will almost always weigh in favor of default, while the last will always weigh against. Thus, the third and fourth factors are the most important to a court contemplating such a drastic sanction." *In re Dad's Kid Corp. Baseball Card Trademark & Copyright Infringement Litig.*, No. CV92-04111-WJR (CTX), 1994 WL 794763, at *3 (C.D. Cal. June 30, 1994). "[B]oth the first and second factors favor dismissal" where, as here, "a litigant's noncompliance with case management orders and other dilatory conduct greatly impeded resolution of the case and prevented the district court from adhering to its trial schedule." *Doe v.

1    necessary for a district court to make explicit findings to show that it has considered these

2    factors." *Id.*

3        Federal Rule of Civil Procedure 41 provides another, separate basis on which to dismiss a

4    complaint for failure to participate in the pretrial process. *See Doe v. City of Los Angeles*, No.

5    CV 07-01403 AJW, 2013 WL 6019121 (C.D. Cal. Nov. 13, 2013). Courts in the Ninth Circuit

6    apply the same *Malone* factors in determining whether dismissal or default judgment is proper

7    under Rule 41. *See, e.g., id.*; *Williams v. California*, No. C 00-1461-EDL (PR), 2003 WL

8    151533, at \*4 (N.D. Cal. Jan. 14, 2003) ("The standards for dismissal under Rule 16(f) and Rule

9    41(b) for failure to obey a court order are basically the same.").

10       Pursuant to either Rule 16 or 41, this Court should dismiss Loop's case for its and its

11   attorneys' failure to prepare for trial. *Nascimento v. Dummer*, 508 F.3d 905, 909 (9th Cir. 2007)

12   (affirming the district court's dismissal of plaintiff's case under Rule 16); *see also Doe v. City of*

13   *L.A.*, No. CV 07-01403 AJW, 2013 WL 6019121, at \*15 (C.D. Cal. Nov. 13, 2013) (applying

14   Rule 41(b) and affirming dismissal for failure to comply with pretrial deadlines and orders).

15       While dismissal or a default judgment under Rules 16 or 41 is a severe consequence, it is

16   an action that courts routinely impose where litigants conduct themselves as Loop has. *See, e.g.,*

17   *Armadillo Distribution Enters., Inc. v. Hai Yun Musical Instruments Manufacture Co.*, 142 F.

18   Supp. 3d 1245, 1260 (M.D. Fla. 2015) (noting that "[t]his Court is aware that dismissal imposes

19   a severe penalty on a party," but doing so regardless because, *inter alia*, the litigant in question

20   "failed to contribute in good faith to the preparation of the final pretrial statement ordered by the

21   Court," and because forcing the opposing party "to proceed to trial without the benefit of an

22   adequate pretrial meeting between lead trial counsel . . . , [and] without the establishment of a

23   final pretrial statement" would "prejudice [the opposing party's] ability to effectively defend

24   against" the claims asserted).

25

26   *City of L.A.*, No. CV 07-01403 AJW, 2013 WL 6019121, at \*8 (C.D. Cal. Nov. 13, 2013). The
     third factor was discussed above. As to the fourth factor, "[d]espite the policy favoring

27   disposition on the merits . . . it remains a litigant's responsibility to comply with orders issued by
     the court and to move towards that disposition at a reasonable pace, and to refrain from dilatory

28   and evasive tactics." *Id.* at \*15. Loop's proposal, to the extent one can be discerned, will not
     facilitate a trial "on the merits" but, rather, a forbidden "trial by ambush."

V E N A B L E   L L P
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

1

## IV.    CONCLUSION

2      For all the foregoing reasons, Almawave requests that this Court order:

3      • That Loop is in contempt of this Court's Pretrial and Trial Standing Order;

4      • That Loop not be permitted to introduce into evidence the exhibits it has

5         designated;

6      • That defendants' pretrial submissions will be deemed uncontested by Loop; and

7      • That Loop's claims be dismissed, judgment entered for defendants and costs and

8         fees imposed on Loop.

9                                              Respectfully submitted,

10  Dated: August 5, 2016                      **VENABLE LLP**

11

12                          By:    /s/ Thomas E. Wallerstein
                                   Thomas E. Wallerstein (SBN 232086)
13                                 Kimberly Culp (SBN 238839)
                                   505 Montgomery Street, Suite 1400
14                                 San Francisco, CA 94111
                                   twallerstein@venable.com
15                                 kculp@venable.com
                                   Tel: (415) 653-3750
16                                 *Defendants Almaviva S.p.A, Almawave*
                                   *S.r.l. and Almawave USA, Inc*

17

18

19

20

21

22

23

24

25

26

27

28

V E N A B L E  L L P
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

ALMAWAVE'S MOTION REGARDING LOOP'S REFUSAL TO COMPLY WITH PRETRIAL ORDER