**VENABLE LLP**
Thomas E. Wallerstein (SBN 232086)
Kimberly Culp (SBN 238839)
Email: twallerstein@venable.com
         kculp@venable.com
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
Telephone:    415.653.3750
Facsimile:    415.653.3755

Attorneys for Defendants Almawave USA, Inc.,
Almawave S.r.l., and Almaviva S.p.A.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS, INC., a Delaware corporation, | CASE NO.: 3:15-cv-00798-HSG-DMR |
| Plaintiffs, | Hon. Haywood S. Gilliam |
| v. | **ALMAWAVE'S REPLY ISO MOTION REGARDING LOOP'S REFUSAL TO COMPLY WITH PRETRIAL ORDER** |
| ANNA GATTI, an individual, ALMAVIVA S.p.A., an Italian corporation, ALMAWAVE S.r.l., an Italian corporation, ALMAWAVE USA, Inc., a California corporation, IQSYSTEM LLC, a California limited liability company, IQSYSTEM Inc., a Delaware corporation, | Action Filed:    February 20, 2015<br>Trial Date:       September 19, 2016 |
| Defendants. | |

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ............................................................................1

II.   LOOP CONTINUED ITS NON-COMPLIANCE WITH THE PRETRIAL ORDER AFTER ALMAVE FILED ITS MOTION...........................................................1

III.  LOOP'S IMPROPER WITNESS LIST CONTINUES AND CONFIRMS ITS ATTEMPTED TRIAL BY AMBUSH. ...........................................................................3

    A.    Loop's Witness List Hides Its Actual Witnesses...................................................3

    B.    Loop Expressly Prohibits Almawave From Knowing Loop's Witnesses. ...........4

    C.    Loop Fails To Disclose Any Substance Of Witnesses' Intended Testimony. .........................................................................................................4

IV.   LOOP'S DOCUMENT DUMP IS AN IMPERMISSIBLE TRIAL BY AMBUSH. .......4

    A.    Loop Cannot Hide Its Trial Exhibits In A Document Dump..............................5

    B.    Loop Cannot Refuse To Disclose What The Trial Is About Even If Exhibits Were Previously "Disclosed" In Other Contexts. ................................5

V.    LOOP HAS FAILED TO MEET ACTUAL DEADLINES IN THE PRETRIAL ORDER, NOT JUST IMPLICIT DEADLINES UPON DEMAND OF DEFENDANTS' COUNSEL.................................................................................6

VI.   LOOP'S FAILURE TO ABIDE BY THE PRETRIAL ORDER MAY NOT BE EXCUSED BY ALMAWAVE'S MOTION PRACTICE................................................7

    A.    Motions Filed By Almawave Were Caused By Loop .........................................7

    B.    Loop's Alleged Good Faith Is Irrelevant...........................................................8

VII.  LOOP'S COUNSEL'S LATE DECLARATION VALIDATES DEFENDANTS' MOTION................................................................................................................9

VIII. CONCLUSION.....................................................................................................11

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Baden-Winterwood v. Life Time Fitness Inc.*

729 F. Supp. 2d 965 (S.D. Ohio 2010) ............................................................................6

*Barney v. Consol. Edison Co. of New York*

No. 99-CV-823 (DGT), 2006 WL 4401019 (E.D.N.Y. July 19, 2006)...........................9

*Derechin v. State Univ. of N.Y.*

138 F.R.D. 362 (W.D.N.Y. 1991)...................................................................................3

*Hill v. England*

No. CV F 036903 LJO TAG, 2007 WL 3132930 (E.D. Cal. Oct. 23, 2007) ..................9

*Knight v. Systech Int'l, LLC*

No. 3-11-1024, 2013 WL 5375250 (M.D. Tenn. Sept. 25, 2013) ...................................9

*Manago v. Williams*

No. 2:07-CV-02290 TLN, 2015 WL 1767216 (E.D. Cal. Apr. 17, 2015)........................3

*United States v. Johnson*

362 F. Supp. 2d 1043 (N.D. Iowa 2005).........................................................................6

**STATUTES**

Civil L. R. 7-5 ........................................................................................................................10

Fed. R. Civ. P. 16...................................................................................................................9

Fed. R. Civ. P. 26...................................................................................................................5

Fed. R. Civ. P. 41(b) ..............................................................................................................9

ALMAWAVE'S REPLY ISO MOTION REGARDING LOOP'S REFUSAL TO
COMPLY WITH PRETRIAL ORDER– Case No.: 3-15-cv-00798-HSG-DMR

I.    **PRELIMINARY STATEMENT**

Loop continues its refusal to comply with this Court's Pretrial Order and to attempt a trial by ambush that has been forbidden for decades. Other briefing has explained how Loop has refused to obey Orders of this Court to provide fundamental discovery. Now, weeks before trial, Loop refuses to disclose the most basic information about how it intends to proceed at trial, such as the exhibits, witnesses and testimony it will present.

Loop's refusal to cooperate in preparing joint pretrial filings is a burden on, and affront to, this Court. But Loop's refusal to disclose basic information to defendants makes proceeding with a fair trial impossible.

Loop's opposition insists that Loop has the right to designate thousands of exhibits consisting of many tens of thousands of pages. **And Loop's recent witness list includes 107 witnesses, without substantive description as to content of their anticipated testimony.**

Defendants don't know what evidence Loop intends to offer, what witnesses Loop intends to present or what they will say, what facts Loop intends to prove or dispute or what legal theories on which Loop is relying. Foundries in Abu Dhabi? A boat in upstate New York? Imagined intrigue at the Italian consulate in San Francisco? A grad student living in London? Loop's potpourri of paranoia leaves defendants with no idea what this trial is about.

Loop does not dispute this Court's ample inherent authority, and authority pursuant to FRCP 16 and 41, to require Loop's compliance with the Pretrial Order, or to dismiss the action.

II.    **LOOP CONTINUED ITS NON-COMPLIANCE WITH THE PRETRIAL ORDER AFTER ALMAVE FILED ITS MOTION.**

By August 2, Loop had identified nearly 3,000 exhibits. Loop thereafter identified another 842 exhibits after the Court-ordered cutoff. Loop later withdrew a small number of exhibits, added others, and its latest number apparently is 3,731 exhibits (not pages).

On August 8, this Court ordered that "[a]ll pretrial filing deadlines are suspended until further order from the Court following completion of expedited briefing on" this motion. Dkt. 873. The next day, Almawave wrote to Loop that notwithstanding this Court's order, the parties "should not put [their] mutual trial preparation on hold this week; rather, [they] should re-double

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

efforts to try to work together to accomplish what the Court's order requires and, frankly, what is necessary for this case to proceed to trial." Reply Declaration of Thomas E. Wallerstein ("Wallerstein Reply Decl.") Ex. B.

That same day, IQS wrote to Loop that it "concur[ed] with Ms. Culp's thoughts and concerns" and proposed an exchange of pretrial submissions. Wallerstein Reply Dec. Ex. C. Loop did not respond.

On August 9, Loop confirmed that it still was not ready to provide plaintiff's draft of its pretrial filings. Wallerstein Reply Decl. Ex. D. Instead, Loop stated that it would provide its drafts only "when those are ready." *Id*. Loop also confirmed on August 9 that its exhibit list remained incomplete and that it still intended to add to the list of thousands of exhibits. *Id*.

On August 11, Almawave wrote to Loop to "urge yet again that you please provide plaintiff's drafts immediately and, meanwhile, provide a date certain by which you will do so." Wallerstein Reply Decl. Ex. E. Almawave explained that Loop's designation of exhibits remained unacceptable and repeated its request that Loop "send new, revised designations that include only those exhibits that you believe will be exhibits at trial." *Id*. Almawave offered that if Loop's counsel "need[s] further guidance as to plaintiff's obligations then my team would be happy to help resolve your confusion." *Id*.

Also on August 11, Loop first disclosed a "witness list" **listing 107 witnesses that it might call, and designated the entire list "Highly Confidential – Attorneys' Eyes Only."** Wallerstein Reply Decl. ¶ 7.[1]

Also on August 11, IQSystem, Inc. wrote to Loop that it was

> prepared to share a preliminary joint pretrial statement, if you are inclined to work on the statement together; please advise us . . . . We hope this will encourage dialogue regarding potential stipulations and cooperation towards our joint pretrial filings . . . . I suggest that we engage in a pre-trial conference call tomorrow, as you previously stated that tomorrow would be a good day for you; please advise . . ., or if tomorrow is no longer a good date, please provide alternative dates and times for early next week.

[1] Also on August 11, Loop belatedly proposed *voir dire* questions. Wallerstein Reply Decl. ¶ 8. Loop's proposed questions do not comply with the Pretrial Order. Pretrial Order ¶¶ 11, 12.

2

Wallerstein Reply Decl. Ex. F.  Loop did not respond.

Shortly before the close of business on August 12, Loop confirmed that it is "still working on the remaining pretrial submissions" but that they were not yet "ready to be shared with opposing counsel."  Wallerstein Reply Decl. Ex. G.

To date Loop still has not provided drafts of (1) the joint pre-trial statement; (2) proposed statement of the case; (3) jury instructions; or (4) verdict form.

### III.   LOOP'S IMPROPER WITNESS LIST CONTINUES AND CONFIRMS ITS ATTEMPTED TRIAL BY AMBUSH.

#### A.   Loop's Witness List Hides Its Actual Witnesses.

This Court's Pretrial Standing Order requires parties to identify "[a] list of all witnesses likely to be called at trial" as part of their joint pretrial submissions.  Pretrial Standing Order, ¶ 6(g).  But as with its exhibits, Loop contends it may hide its witnesses in a list naming any person who Loop might vaguely connect to any facts imagined in Loop's prolix conspiracy theories.  Loop's list currently includes 107 potential witnesses.

As with its exhibits, Loop's "hide the ball" approach has been rejected by the courts. *See, e.g., Manago v. Williams*, No. 2:07-CV-02290 TLN, 2015 WL 1767216, at *1 (E.D. Cal. Apr. 17, 2015) ("The Ninth Circuit has long recognized district courts' ability to limit the number of witnesses permitted to testify at trial" and rejecting plaintiff's list containing 74 witnesses); *Derechin v. State Univ. of N.Y.*, 138 F.R.D. 362, 364 (W.D.N.Y. 1991), *aff'd*, 963 F.2d 513 (2d Cir. 1992) (rejecting argument that lack of pretrial discovery excused party from listing two hundred witnesses because "[r]egardless of defense counsel's motives such an act was nonsensical and unprofessional.  Counsel is neither so inexperienced as to not know better nor so unresourceful as to believe that this was the best manner in which to surmount frustrations in preparing for trial . . . .  Surely the attorney could have estimated a reasonable list of witnesses.  Accordingly, this Court finds that counsel's pretrial statement was objectively unreasonable . . . .").

Many of the witnesses on Loop's witness list were not listed in Loop's Initial Disclosures, nor on Loop's supplemental 12(b) disclosures, nor in response to interrogatories.

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

3

The vast majority have not been deposed and many are a mystery to defendants; Loop cryptically discloses their intended testimony only as "[m]atters relating to claims against" certain or all defendants, or leaves their anticipated topic of testimony blank.

**B.    Loop Expressly Prohibits Almawave From Knowing Loop's Witnesses.**

To the extent Almawave's counsel can discern anything from Loop's witness list, Loop shields Almawave itself from that insight.  Loop brazenly designated its list as "Highly Confidential—Attorneys' Eyes Only," a designation reserved solely for "extremely sensitive confidential information or items disclosure of which . . . would create a substantial risk of serious harm that could not be avoided by less restrictive means."   Dkt. 230, Section 2.8.  None of the information disclosed on Loop's witness list qualifies for this protection.

**C.    Loop Fails To Disclose Any Substance Of Witnesses' Intended Testimony.**

This Court's Pretrial Order requires witnesses the parties plan to call at trial be included as part of the parties' joint pretrial statement, and requires the parties to provide "a brief statement following each name describing the substance of the testimony to be given."  Pretrial Order, ¶ 6(g).  Loop's proposed witness list fails critically in this regard.

Most of the witnesses on Loop's list are described as testifying as to "[m]atters relating to claims against all Defendants" or "[m]atters relating to liability against all Defendants."  Coupled with the fact that Almawave is not familiar with many names on the list, and has not had the opportunity to depose them, it simply has **no idea** what testimony these individuals will provide and cannot prepare to examine them.  There's no truer example of trial by ambush.

**IV.    LOOP'S DOCUMENT DUMP IS AN IMPERMISSIBLE TRIAL BY AMBUSH.**

Loop argues that Almawave cannot claim surprise over the volume of Loop's exhibits, but whether defendants are "surprised" now is not the issue.  Unfortunately, Almawave was indeed expecting that Loop would offer thousands of exhibits, just as Loop identified an impermissibly overbroad number of documents in response to interrogatories.  *See* Dkt. 640 (finding Loop's latest interrogatory responses "grossly and plainly deficient" for referring to thousands of documents).  That Loop acted predictably in continuing its misconduct does not mitigate the impermissible surprise that Loop seeks to obtain at trial.

4

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

## A.    Loop Cannot Hide Its Trial Exhibits In A Document Dump.

Loop does not dispute or apologize for its over-designation of exhibits.  At the time of the parties' August 1 call, Loop anticipated identifying upwards of 5,000 exhibits, instead of the 3,731 it has identified as of the date of this filing.  Wallerstein Reply Decl. Ex. A at p. 3, 10.[2]

Loop effectively ignores the case law, choosing to nitpick distinctions as to why sanctions were imposed[3] while ignoring the central point:  designating more exhibits than is reasonable is prohibited.  Loop, on the other hand, does not offer any authority for its untenable position that it may designate as many potential exhibits as it wants.

Loop also argues that Federal Rule of Civil Procedure 26 provides "until 30 days before trial to indicate which of its designated exhibits fall into the 'expect to produce' category and which fall into the 'may produce' category."  Opp. at 8, n.8.  In this matter, however, the Court's Pretrial Order nonetheless imposes an earlier deadline – already missed by Loop – by which the parties must identify their exhibits.[4]

## B.    Loop Cannot Refuse To Disclose What The Trial Is About Even If Exhibits Were Previously "Disclosed" In Other Contexts.

Defendants have no idea what Loop intends this trial to be about.  Loop says it need not say in advance, because it has long made clear that it would rely on thousands of exhibits and that many of them were previously disclosed in the context of motion practice.

That is not the ambush Almawave is concerned about.  Almawave has a right to know which subset of Loop's exhibits will be used at trial.  This motion is not based on allegation that Loop is introducing never-before-disclosed evidence (although that also is true).  This motion is

---

[2] Loop admitted that the exhibits it designated "has nothing to do with what actually, you know, will end up being used."  Wallerstein Reply Decl. Ex. A at p. 4.

[3] This Court is familiar with the many ways in which Loop's other conduct has made the cumulative impact of Loop's pretrial disclosure intolerable and warranting dismissal.

[4] Loop questions why Almawave cannot simply object to Loop's exhibits in due course, but that process is not sufficient to remedy Almawave's prejudice.  Further, reviewing such a large number of exhibits in the short amount of time permitted is infeasible and unnecessary.  Finally, the extent to which some of Loop's exhibits might not be objectionable in their own right worsens the problem as defendants are left without the pretrial disclosure required.

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

because Loop is refusing to disclose what evidence will be used <u>at trial</u>.

Loop argues that it already identified many items in response to Almawave's Interrogatories. But this Court already ruled that Loop's responses were "grossly and plainly deficient" for including references to thousands of documents. Dkt. 640.

Loop also argues that it informed of Almawave through exhibits submitted with various motion briefing. Loop ignores that most cases normally narrow over time. In any event, Loop's disclosures in connection with its various motions do not satisfy the requirement (of this Court, and the Constitution) that Loop disclose in advance the exhibits it plans to use <u>at trial</u>.

Loop argues that Almawave never complained about the volume of its exhibits but that is simply untrue: Almawave and all defendants immediately complained about the size of Loop's list during the parties' teleconference. *See* Wallerstein Reply Decl. Ex. A at 3, 10, 19.

Finally, Loop suggests that Almawave contradicts itself by arguing both that Loop has no relevant evidence and that, simultaneously, Loop has too many exhibits. In so arguing, Loop reveals its fundamental confusion over mistaking the volume of evidence proffered for relevant evidence that supports a logical inference. Loop's opposition to MSJ, Rule 11 and now this motion all evidence this same fundamental misunderstanding. *See Baden-Winterwood v. Life Time Fitness Inc*., 729 F. Supp. 2d 965, 995 (S.D. Ohio 2010) (It "is axiomatic that the weight to be accorded evidence is a function not of quantity but of quality"); *United States v. Johnson*, 362 F. Supp. 2d 1043, 1062 (N.D. Iowa 2005) ("The weight of the evidence is not determined merely by the number of witnesses testifying as to the existence or non-existence of any fact. Also, the weight of the evidence is not determined merely by the number or volume of documents or exhibits. The weight of the evidence depends upon its quality, which means how convincing it is, and not merely upon its quantity.").

## V.   <u>LOOP HAS FAILED TO MEET ACTUAL DEADLINES IN THE PRETRIAL ORDER, NOT JUST IMPLICIT DEADLINES UPON DEMAND OF DEFENDANTS' COUNSEL.</u>

Loop's failure to comply with actual pretrial deadlines is undisputed. According to the Court's Pretrial Order, the parties were required to exchange proposed trial exhibits by August 2.

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

ALMAWAVE'S REPLY ISO MOTION REGARDING LOOP'S REFUSAL TO
COMPLY WITH PRETRIAL ORDER– Case No.: 3-15-cv-00798-HSG-DMR

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

Loop did not complete its identification of trial exhibits until August 8, if it even has completed them at all.

Loop's non-compliance is based not on its refusal to meet Almawave's proposed advance deadlines; it is based on Loop's refusal to propose <u>any</u> deadlines that would allow the parties to meet the (now already-passed) deadlines of this Court's Pretrial Order and what otherwise would have been the critical August 16 deadlines of that Order. Loop still has not provided drafts of (1) the joint pre-trial statement; (2) proposed statement of the case; (3) jury instructions; or (4) verdict form. And even the pretrial submissions Loop has provided do not comply with the requirements of the Pretrial Order.

Loop complains that defendants did not provide drafts that were due by Loop. But first, defendants could not do so until Loop, as the plaintiff, frames the case for trial. Almawave needs to know which issues Loop plans to try, not just what evidence it had previously disclosed in motion practice. Almawave simply cannot provide its draft of the statement of the case, because it doesn't know what Loop intends this trial to be about.

Second, defendants did offer to provide drafts if only Loop would agree to participate, but Loop ignored the overtures. *See, e.g.*, Wallerstein Reply Decl. Ex. F.

## VI.     <u>LOOP'S FAILURE TO ABIDE BY THE PRETRIAL ORDER MAY NOT BE EXCUSED BY ALMAWAVE'S MOTION PRACTICE.</u>

### A.     <u>Motions Filed By Almawave Were Caused By Loop</u>

Loop points to the large number of motions filed by Almawave and argues that Loop therefore was too busy to comply with this Court's Pretrial Order deadlines. *See, e.g.*, Loop Opp. at 6 ("Responding to these vexatious motions has taken substantial time that Loop AI otherwise could have spent on pretrial preparation.").[5]

Loop's argument assumes that Almawave's motion practice was somehow "wrong,"

---

[5] Meanwhile, Loop has found the time to submit innumerable improper declarations of counsel, dozens of "appeals" to Judge Gilliam of unfavorable discovery rulings, various motions for reconsideration, two appeals to the Ninth Circuit and countless other improper and often frivolous submissions.

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

vexatious or unnecessary.  Almawave, however, has not filed any frivolous motions.  In fact, the overwhelming majority of Almawave's motions were either granted in part or are still pending.

Contrary to Loop's suggestion that Almawave's motion practice was improper, this Court has imposed or promised sanctions against Loop on multiple occasions.  *See, e.g.*, Dkts. 436 (imposing monetary sanctions that were never paid), 640 ("[T]he court will order one additional round of briefing regarding all conduct that the court finds sanctionable, including the conduct discussed in this order."), 720 ("Plaintiff's discovery responses plainly are not substantially justified, and are subject to sanctions . . . .  [T]he court will order one additional round of briefing regarding all conduct that may be sanctionable, including Plaintiff's failure to comply with the March 22, 2016 order."), 778 ("The Court defers consideration of sanctions for Plaintiff's alleged failure to comply with the court's March 10 and March 21, 2016 orders"), 795 ("The issue of sanctions for Plaintiff's failure to comply with the court's December 21, 2015 order is deferred . . . .").

Loop also argues that if "Almaviva is overwhelmed by the volume of evidence presented by Loop AI, that can only be because Almaviva has not bothered to prepare for trial and has relied instead on its incessant motion practice seeking dismissal or terminating sanctions."  Loop Opp., 5:14-17:  But Almawave was forced to engage in motion practice precisely because Loop refused to provide the discovery ordered by this Court to allow defendants to prepare for trial.

### B.    Loop's Alleged Good Faith Is Irrelevant.

Loop suggests that it could not comply with this Court's Pretrial Order because it has simply been overwhelmed with motion practice.  Again, Loop has no one but itself to blame for forcing Almawave to bring motions to obtain basic discovery, and then further motions to enforce the resulting orders.  Loop also chose to bring this action, with its numerous causes of action seeking tens of millions of dollars against multiple defendants.  It has refused to narrow its claims.  There is no excuse for Loop's failure to meet this Court's pretrial deadlines.[6]

On the parties' August 1 meet and confer call, Loop's trial counsel all but admitted that

---

[6] Loop has filed <u>dozens</u> of papers late in this litigation, and dozens of late "erratas."

she either did not read or did not understand the Pretrial Order. For example, Loop incorrectly insisted that "objections [to the exhibits] are not due on August 16, the objections are due 14 days before the pretrial conference." Wallerstein Reply Decl. Ex. A at 8. Later in the call, Loop's counsel stated that she did not believe the Joint Statement of the Case was due on August 16, until she again begrudgingly admitted that August 16 was the true deadline. *Id*. at 14. When Loop' was asked if it will have motions *in limine*, its counsel responded that "I'm sure I will, but I'm not ready to discuss them today." *Id*. at 19, 22, 24.

Especially given the nature of the claims and how Loop has conducted the litigation, the fact that Loop's counsel is a small firm practitioner does not excuse Loop from complying with the Pretrial Order. *See Barney v. Consol. Edison Co. of New York*, No. 99-CV-823 (DGT), 2006 WL 4401019, at *10 (E.D.N.Y. July 19, 2006), report and recommendation adopted, No. CIV.A.99CV0823(DGT), 2007 WL 952035 (E.D.N.Y. Mar. 28, 2007) (granting motion to dismiss for failure to prosecute pursuant to Rule 41(b) and describing as "unacceptable [plaintiff's counsel's] routine attempts to excuse his non-compliance by claiming he . . . cannot meet deadlines because he is a solo practitioner"); *Knight v. Systech Int'l, LLC*, No. 3-11-1024, 2013 WL 5375250, at *9 (M.D. Tenn. Sept. 25, 2013), *report and recommendation adopted,* No. 3:11-CV-01024, 2013 WL 6827930 (M.D. Tenn. Dec. 20, 2013) (finding that "dismissal of this case pursuant to Rule 16(f)(1) and Rule 41(b) of the Federal Rules of Civil Procedure is warranted because of the plaintiff's failure to comply with the Court's orders" despite the fact that "Plaintiff's counsel explained that . . . he was a solo practitioner and had a part time paralegal as his sole support staff")*, cf. Hill v. England*, No. CV F 036903 LJO TAG, 2007 WL 3132930, at *2 (E.D. Cal. Oct. 23, 2007) ("A solo practitioner's "busy practice" and preparation of other cases does not establish excusable neglect . . . .").

## VII.    LOOP'S COUNSEL'S LATE DECLARATION VALIDATES DEFENDANTS' MOTION.

Loop's counsel's declaration is itself evidence of Loop's intentional and habitual defiance of this Court's orders.

First, like dozens of other Loop filings, the declaration inexcusably was not timely filed.

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

9

On August 8, 2016, this Court ordered that Loop's opposition to the motion was due on Friday, August 12; Almawave's reply is due Monday, August 15. Loop filed its 14-page opposition at 10:40 p.m. PDT on Friday, August 12 but Loop's counsel's declaration was not filed until 2:34 p.m. PDT on Saturday, August 13, one day (14+ hours) after the Court's deadline. As above, this is not an accident or due to some exigent circumstance; this is Loop's consistent and predictable approach to this Court's orders regarding timing. *See, e.g.*, Dkt. 807 at 1:7-20 (detailing just one recent example of Loop intentionally ignoring this Court's deadlines, including by submitting untimely "errata" with new argument and additional improper declaration containing further argument).[7]

It is not a coincidence that Loop's pretrial disclosures suffer from the same casual disregard of this Court's timing orders.

Second, Loop's declaration amounts to Loop again refusing to submit declarations that comply with the local rules and this Court's orders. Sanctions remain pending for Loop's abject refusal to file a declaration in compliance with the local rules as ordered. Dkts. 633 and 717. Since that time, Loop has repeatedly filed declarations filled with improper attorney argument; briefing on Loop's contempt remains under submission. As this Court already made clear, counsel's declaration "may contains only facts . . . and must avoid conclusions and argument." Dkt. 633 at 1:16-22 (quoting Civil L. R. 7-5(a), (b)). Loop's counsel's latest declaration is almost entirely argument that belongs in Loop's brief. Loop's declaration is not only contempt, but also a time-cheat and a page-cheat.

Loop's declaration amounts to brazenly daring this Court to enforce its multiple warnings regarding Loop's declarations. Loop has concluded that it may disregard this Court's orders with impunity. Again, Loop's disregard of court orders is not only meaningful in its own right, it also evidences the exact same behavior that required defendants to file this motion.

---

[7] Equally predictable is Loop's imminent "errata," *i.e.*, revised brief, or some other manner of sur-reply which almost inevitably will be filed within days if not hours. Loop has resorted to this literally <u>dozens</u> of times.

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

Third, Loop's allegations in its counsel's declaration are not only false, but easily proven so. Wallerstein Reply Decl. Ex. A.[8] The record in this case, as they say, "speaks for itself." A transcript of the parties' latest effort to meet and confer on August 1 is submitted herewith and a recording is available for this Court's review.[9]

Despite Loop's representations to the contrary, Almawave's counsel has attempted in vain to meet and confer with Loop since this case began. Loop's refusal to do so is too voluminous to recount here. Despite Loop's counsel's argument to the contrary via declaration (Dkt. 877 n.1), none of Almawave's correspondence has been "bellicose,"[10] none of it includes misrepresentations and none creates a false record.

On the recorded August 1 call, for example, Loop's counsel continually interrupted the other speakers. As reflected in the transcript, Loop's counsel was admonished literally dozens of times to stop interrupting, to no avail. At one time Almawave's counsel stated, "Do not interrupt me. Please be quiet while I am speaking." Wallerstein Reply Decl. Ex. A. Loop immediately characterized the admonition as an "insult." All of Loop's imagined "insults" are of a similar nature; *i.e.*, mere admonishments not to interrupt while others are speaking.

## VIII.   CONCLUSION

For the foregoing reasons, the Almawave Defendants respectfully request that the Court

---

[8] As just one example, Loop argues via declaration that its counsel never told anyone that Loop "refused or would refuse to comply" with the Pretrial Order. Dkt. 877 ¶ 9. But on the recorded August 1 telephone call, the first time that Loop met and conferred about the Pretrial Order, Loop confirmed that it would not submit all of it exhibits by the Pretrial Order's August 2 deadline. That was one promise Loop kept; *i.e.*, Loop continued to submit exhibits on a rolling basis long after August 2.

[9] Almawave's counsel submits a good faith transcription of the August 1 call, but not a certified transcript. Wallerstein Reply Decl. Ex. A. Transcribing conferences between counsel in this matter always is difficult and time-consuming, and expensive if certified, because Loop's counsel consistently talks over the other participants. And even though Loop routinely submits partial recordings out of context, such conduct is further contempt as this Court has ordered that the "[p]arties should not submit recordings without the court's permission." Dkt. 156. A copy of the recorded August 1 call is available at the Court's request.

[10] Loop's accusations falsely accuse Almawave of engaging in conduct that is unique to Loop. *See, e.g.*, Wallerstein Reply Decl. Ex. H (Loop's letter to General Counsel for Venable LLP opining that "I am starting to ponder whether the issue we are facing with Mr. Wallerstein is of a nature that may require referral to a medical professional.").

11

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

order that Loop is in contempt of this Court's Pretrial and Trial Standing Order; that Loop not be permitted to introduce into evidence the exhibits it has designated; that defendants' pretrial submissions will be deemed uncontested by Loop; and that Loop's claims be dismissed, judgment entered for defendants and costs and fees imposed on Loop.

Respectfully submitted,

Dated: August 15, 2016                                **VENABLE LLP**

By:    /s/ Thomas E. Wallerstein
       Thomas E. Wallerstein (SBN 232086)
       Kimberly Culp (SBN 238839)
       505 Montgomery Street, Suite 1400
       San Francisco, CA 94111
       *Attorneys for Almaviva S.p.A., Almawave*
       *S.r.l., and Almawave USA, Inc.*

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

12

ALMAWAVE'S REPLY ISO MOTION REGARDING LOOP'S REFUSAL TO
COMPLY WITH PRETRIAL ORDER– Case No.: 3-15-cv-00798-HSG-DMR