UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>      Plaintiff,<br><br>   v.<br><br>ANNA GATTI, et al.,<br><br>      Defendants. | Case No. 15-cv-00798-HSG   (DMR)<br><br>**ORDER RE: MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 626, 857 |

Defendant Almawave USA, Inc. ("Almawave") filed two administrative motions to file under seal deposition transcripts related to its motion for sanctions. [Docket Nos. 626, 857.] The court ruled on the motion for sanctions on August 25, 2016, (Docket No. 884), and now issues the following order on the administrative motions to file under seal.

**I.    LEGAL STANDARDS**

Civil Local Rule 79-5(b) states that "no document may be filed under seal (i.e., closed to inspection by the public) except pursuant to a court order that authorizes the sealing of the particular document, or portions thereof. A sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law (hereinafter referred to as 'sealable')." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Furthermore, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A).

Pursuant to Civil Local Rule 79-5(e), a party must file under seal a document designated as confidential by the opposing party or a document containing information so designated by an opposing party. "Within 4 days of the filing of the Administrative Motion to File Under Seal, the

Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1). "If the Designating Party does not file a responsive declaration as required by subsection 79-5(e)(1) and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." Civ. L.R. 79-5(e)(2).

## II.   DISCUSSION

On April 19, 2016, Almawave filed an administrative motion seeking leave to file a motion for sanctions based on alleged misconduct by Plaintiff Loop AI Labs, Inc.'s ("Loop") witnesses and counsel at depositions. [Docket No. 610.] On April 26, 2016, the court ordered Almawave to file the full transcripts of the four depositions at issue. [Docket No. 624.] On April 27, 2016, Almawave submitted the transcripts, along with an administrative motion to file the transcripts under seal on the ground that Plaintiff had designated them entirely or in part as "Highly Confidential—Attorneys' Eyes Only" pursuant to the protective order entered in this matter. [Docket No. 626.][1]

Plaintiff timely filed the responsive declaration required by Civil Local Rule 79-5(e)(1). [Docket No. 636.] The declaration includes a 19-page exhibit that lists over 700 deposition citations purportedly containing sealable information. [Docket No. 636-1.] According to Plaintiff, these designations "consist of highly confidential and competitively sensitive information" related to Plaintiff's business "which is not known to the public," along with "highly-confidential and private information regarding the deponents' personal and financial information." [Docket No. 636 at ¶¶ 4, 5.] The Ninth Circuit established standards governing requests to seal in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006). The "good cause" standard from Federal Rule of Civil Procedure 26(c) applies to

---

[1] On July 21, 2016, the court granted Almawave leave to file a motion for sanctions regarding Plaintiff's witnesses and counsel's conduct at the same depositions. [Docket No. 849.] In connection with its motion for sanctions, Almawave filed a second administrative motion to file under seal the same four deposition transcripts. [Docket No. 857.]

1  documents submitted in connection with non-dispositive motions. *Id.*; *see also Pintos v. Pac.*
2  *Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "[T]he party seeking protection bears the
3  burden of showing specific prejudice or harm will result," *Phillips ex rel. Estates of Byrd v. Gen.*
4  *Motors Co.*, 307 F.3d 1206, 1210-11 (9th Cir. 2006), and must make a "particularized showing . . .
5  with respect to any individual document," *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d
6  1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or
7  articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476
8  (9th Cir. 1992). Additionally, parties moving to seal documents must comply with Civil Local
9  Rule 79-5, which permits sealing only where the parties have "establishe[d] that the document or
10 portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection
11 under the law." Civ. L.R. 79-5(b). Further, Local Rule 79-5(d) requires the parties to "narrowly
12 tailor" their requests only to the sealable material. "[A]lthough sometimes it may be appropriate
13 to seal a document in its entirety, whenever possible a party must redact." *Music Grp. Macao*
14 *Comm. Offshore Ltd. v. Foote*, No. 14-cv-03078-JSC, 2015 WL 3993147, at *2 (N.D. Cal. June
15 30, 2015) (citing *Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they
16 "have the virtue of being limited and clear.")).
17    A review of the first ten citations demonstrates that Plaintiff's proposed confidentiality
18 designations are improperly overbroad, are not "narrowly tailored to seek sealing only of sealable
19 material" as required by Local Rule 79-5(b), and do not satisfy Rule 26(c)'s good cause standard.
20 For example, Plaintiff seeks to seal portions of the transcripts that contain questions posed by
21 counsel. *See, e.g.*, Peintner Dep. at 18:24-20:01, 30:14-31:20, 36:01-03; Calafiore Dep. 440:13-
22 14, 440:21-22, 441:11-12, 441:25-442:1. To the extent a question includes information that
23 Plaintiff contends is "highly confidential," it may seek to seal only the relevant portions of the
24 question, not the entire question itself. Some designations contain only questions by counsel
25 which do not appear to contain confidential information. *See, e.g.*, Ehlen Dep. at 20:13. Other
26 portions of the transcripts contain information such as the witnesses' general employment history
27 with employers other than Loop (not including personal financial information). Plaintiff makes no
28 effort to explain how such information is "highly confidential." *See, e.g.*, Peintner Dep. at 25:11-

3

1   26:01, 26:23-25; Ehlen Dep. at 16:20-17:09, 17:12-24, 18:07-20, 18:22-19:11, 19:20-20:01,

2   20:04-13, 20:15-25, 21:02-24, 22:01-07, 22:12-18.  Other designated information about Loop

3   itself does not appear to be "highly confidential."  *See, e.g.*, Calafiore Dep. at 455:7-19; 30(b)(6)

4   Dep. at 51:7-23, 53:8-15, 53:19-20; 54:1-4, 84:19-20; 87:13, 98:1-2, 101:19-21.

5         Given that a small sampling demonstrates that Plaintiff's designations are overbroad, the
6   court concludes that it would be an inappropriate use of judicial resources to review each of the
7   700-plus citations that Plaintiff contends are sealable.  The court will give Plaintiff one more
8   opportunity to establish that portions of the four depositions are subject to sealing.  Plaintiff's
9   revised confidentiality designations must comply with Local Rule 79-5(b) and satisfy Rule 26(c)'s
10  good cause standard.  Plaintiff shall file its revised confidentiality designations within seven days
11  of the date of this order.

13  **IT IS SO ORDERED.**

14  Dated: September 2, 2016

                            Donna M. Ryu
                       United States Magistrate Judge