VALERIA CALAFIORE HEALY (*pro hac vice*)
valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone: (212) 810-0377
Facsimile: (212) 810-7036

DANIEL J. WEINBERG (SBN 227159)
dweinberg@fawlaw.com
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

Attorneys for Plaintiff
LOOP AI LABS INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC., <br><br> Plaintiff, <br><br> v. <br><br> ANNA GATTI, et al, <br><br> Defendants. | CASE NO.: 3:15-cv-00798-HSG-DMR <br><br> **PLAINTIFF LOOP AI LABS INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER AT DKT. 884 AND OBJECTIONS PURSUANT TO FED. R. CIV. P. 72 AND CIV. L.R. 72-2** <br><br> Action Filed: February 20, 2015 <br> Trial Date: TBD <br><br> Hon. Haywood S. Gilliam, Jr. |

# GLOSSARY

| Abbreviation | Definition |
|---|---|
| A-[##] or other [Letter]-[##] | Designates **Exhibits A** through **H** submitted with the VCH Declaration, which are internally numbered by reference to the Exhibit letter (e.g, A-__, or B-___). |
| Action | Designates the civil action pending in the United States District Court for the Northern District of California, styled *Loop AI Labs Inc. v. Gatti et al*, N.D. Cal. 15-798, filed on February 20, 2015. |
| Almawave | Defendant Almawave USA Inc., the movant in respect of Order 884. |
| Decl. | The Declaration of Loop AI's counsel, Valeria Calafiore Healy dated September 8, 2016. |
| Depositions at Issue | Designates the deposition transcripts identified as the "Depositions at Issue" in the VCH Decl. at ¶ 18. |
| Dkt. | Designates entries on the ECF docket of the District Court for the Northern District of California, N.D. Cal. Civil Action No. 3:15-cv-0798-HSG-(DMR). |
| Federal Rules | Federal Rules of Civil Procedure. |
| Loop AI | Plaintiff Loop AI Labs Inc. |
| Magistrate | The Honorable Donna M. Ryu. |
| Motion or Motion 858 | The motion to compel testimony and for sanctions filed before the Magistrate by Almawave USA Inc. at Dkt. 858. |
| Motion 738 | The Motion to Strike filed by the Almaviva Defendants at Dkt. 738. |
| Order or Order 884 | The Order of the Magistrate dated August 25, 2016 entered at Dkt. 884. |
| Overview | Designates the Chart attached to the VCH Declaration. |
| VCH Decl. or Declaration | The Declaration of Loop AI's counsel, Valeria Calafiore Healy dated September 8, 2016 |

Pursuant to Local Rule 72-2 and Federal Rule of Civil Procedure 72, Loop AI Labs Inc. ("Loop AI") hereby respectfully objects to and moves for relief from the Magistrate's Order entered on August 25, 2016 at Docket Number 884 ("Order").[1] In support of these Objections, Counsel also submits herewith her declaration of good faith addressing the alleged infractions identified in Order 884. *See* VCH Decl. and Exhibits A through H.

The Order was issued in response to a motion for sanctions filed before the Magistrate by Almawave USA Inc. ("Almawave"), on July 21, 2016, at Dkt. 858 ("Motion" or "Motion 858"). Although not exactly clear, in the Motion Almawave appeared to be seeking the draconian relief of precluding unspecified portions of testimony by three of Loop AI's officers. *Id.* Because the Order is clearly erroneous and contrary to law, it should be rejected.

## 1. The Motion Was Improper and Should Have Been Denied.

The Motion should have been denied, and the Order should not have been issued, based on the following material deficiencies:

*Untimeliness.* Pursuant to the Civil Local Rules, Almawave applied for leave to file a motion to **compel and for sanctions** Motion on April 19, 2016. *See* Dkt. 610 and 610-2 (attaching Proposed Order specifying that Almawave was moving to "compel"; *see also* A-849 (proposed order of Almawave adopted by the Magistrate). That was more than 21 days after the close of discovery, and accordingly the Motion was untimely under Civil Local Rule 37-3.[2] In earlier proceedings in this case the Magistrate acted *sua sponte* to enforce the time limitations of Civil Local Rule 37-3, even though no other party had raised the timeliness issue. Here, the Magistrate took a notably different approach – she disregarded the timeliness issue and stopped referring to the Motion as a motion to compel, even though her own Order issued at Dkt. 849 states it is granting Almawave USA leave to move to "compel" and for sanctions. Dkt. 849

---

[1] Because the entirety of Order 884 consists of criticism of the conduct of Loop AI's undersigned counsel, seemingly for the sole purpose of inciting the Court to impose sanctions, counsel is filing her own separate objections ("VCH Objections"). Loop AI respectfully joins in those objections.

[2] That Rule requires in relevant part that a motion to compel must be brought within 7 days after the close of discovery. Here, the merits discovery cutoff date was March 29, 2016.

---

(A32). The Magistrate's failure to treat substantially similar discovery matters governed by Civil Local Rule 37-3 in the same manner renders her conduct here contrary to law and clearly erroneous.

*No Affidavit.* Pursuant to Rule 37 of the Federal Rules, as well as to the Civil Local Rules, a motion for sanctions **must** be supported by affidavits. Here, Almawave never submitted any affidavit or declaration of any type, let alone the one required to move for sanctions. That deficiency alone warranted a denial of both Motion 610 and 858.

*Duplicative.* On June 16, 2016, Almawave filed a motion ("Motion 738") before Judge Gilliam at Dkt. 738. Motion 738 was pending when Motion 858 was filed. In Motion 858, Almawave simply cut and pasted a part of its Motion 738 and re-submitted the motion to the Magistrate. This was improper. The Magistrate should have dismissed the duplicate motion. Instead, the Magistrate asserted jurisdiction (even in the absence of a referral), and issued a purported "Order" even though she had no authority to rule on an similar aspect of a motion that was already pending before Judge Gilliam and which had not been referred to her.[3]

*Failure to Meet and Confer.* Almawave did not give Loop AI prior notice of the assertions it intended to make in Motion 858. This violated the meet-and-confer requirements of Federal Rule 37, as well as Civil Local Rule 37. According to the Magistrate this deficiency, like all the others, should be excused – this time because, according to Almawave, Loop AI had failed to meet and confer on some **other** topics, not at issue in Motion 858, which according to the Magistrate means Almawave was excused from complying with the meet and confer requirements applicable to Motion 858. *See* Dkt. 884 at 3. Even if that analysis were sound (it is not), it lacks a factual predicate because as the Magistrate is aware, at her direction, the parties

---

[3] The Magistrate acknowledged that a substantially identical motion was pending before Judge Gilliam but found it was appropriate for her to rule nonetheless, because she was deferring to Judge Gilliam on the issue of sanctions and "[a]ccordingly, there is no risk of inconsistent decisions on this matter." Dkt. 884 at 3. That reasoning cannot be valid unless one assumes that without question, Judge Gilliam will accept all the Magistrate's findings of fact and law as correct. Although during a July That was not an assumption that the Magistrate was entitled to make.

engaged in mandatory meet-and-confer calls *every week* during the discovery process, and Loop AI's counsel participated in those calls. *See* VCH Decl. at 23-24.

*No Showing of Prejudice.* Almawave offered no evidence showing it suffered any prejudice as a result of the deposition conduct complained of by the Magistrate in Order 884. Even if the conduct were improper (it was not), absent a showing of prejudice the Motion should have been denied because it demonstrated no justification for the draconian relief sought. Indeed, Almawave never even address the most basic requirement – establishing that the questions address in Order 884 sought relevant information. A party cannot obtain sanctions for alleged improper deposition objections, when the party was not prevented from discovering any matter that is at issue in the case. *See* Fed. R. Civ. P. 26(b)(1) and 37.

**2. Loop AI Was Entitled to Refuse to Disclose Its Trade Secrets in Discovery, When The Trade Secrets in Question Were Not Part of The Case.**

The Order cites "*Detoy*"[4] as authority for the proposition that the refusal of Loop AI's witnesses to respond to deposition questions on grounds other than privilege was improper, quoting the following portion of the *Detoy* opinion: "Generally, evidence objected to shall be taken subject to objections. As a rule, instructions not to answer questions at a deposition are improper." Dkt. 884 at 4. This was a selective and, in this context, highly misleading quotation. The following more complete quotation provides a very different (and more accurate) picture:

> Generally, evidence objected to shall be taken subject to objections. FRCP 30(c). As a rule, instructions not to answer questions at a deposition are improper. Paparelli v. Prudential Ins. Co. of America, [366] 108 F.R.D. 727, 730, (D.Mass. 1985), citing International Union of Elec., Radio and Mach. Workers, AFL-CIO v. Westinghouse Elec. Corp., 91 F.R.D. 277 (D.D.C., 1981). ***The only exception to Rule 30(c) is where serious harm would be caused. Id. An answer to a deposition question revealing privileged material or other confidential material is considered to cause some serious harm. 108 F.R.D. at 731.***

[4] The Order does not contain a full case cite, but Loop AI believes the Order refers to the following case: *Detoy v. City & Cty. of S.F.*, 196 F.R.D. 362, 365-66 (N.D. Cal. 2000).

*Detoy v. City & Cty. of S.F.*, 196 F.R.D. 362, 365-66 (N.D. Cal. 2000) (Emphasis supplied.) Thus, the authority cited in the Order, when read in context and not in the misleadingly selective way presented in the Order, vindicates Loop AI's refusal to disclose its privileged information or trade secrets in the depositions identified in the Order (and rebuts the allegations of misconduct made by Almawave and adopted by the Magistrate).[5]

**3. The Magistrate's Criticism of Loop AI's Refusal to Stipulate Regarding Loop AI's Algorithms is Unfounded – The Requested Stipulation Addressed a Different Topic Than The One Described in The Order And in Any Event Was Unnecessary.**

The Magistrate found that Loop AI's counsel acted improperly by (1) directing Loop AI's witnesses not to testify regarding Loop AI's algorithms, on the ground that the algorithms are irrelevant to the litigation, and (2) refusing to stipulate that the algorithms were irrelevant. Dkt. 884 at 5. Those findings are incorrect both because they misapply the applicable law and because they ignore what the transcript actually says. The Magistrate misapplied the law because under *Detoy*, *supra,* Loop AI was entitled to refuse to answer questions regarding its trade secrets where, as here, those trade secrets are not part of the case. The Magistrate misrepresents the contents of the transcript by ignoring the representations made by Loop AI's counsel, on the record, that Loop AI's algorithms are not part of the case (i.e., that Loop AI does not allege that any of the Defendants stole its algorithms). *See* VCH Decl. at ¶¶ 92-97. Because Loop AI had agreed on the record that its algorithms were not among the trade secrets it alleges were stolen by the Defendants, no further stipulation was needed. And contrary to the findings in the Order (*see* Dkt. 884 at 5), opposing counsel ***did not*** seek a stipulation to that same effect. Opposing counsel requested Loop AI to agree not to assert that its algorithms qualify for trade secret protection. *See id.* The requested stipulation clearly was ***not*** designed to address the scope of ***Loop AI's*** trade secret claims, but instead to address the ***Defendants'*** assertion that Loop AI has no trade secrets. Such a stipulation could have been disastrous for Loop AI -- an

[5] The Magistrate criticized Loop AI for rejecting a "compromise" under which it would submit answers to Almawave's trade secrets questions in writing. Dkt. 884 at 2. But under *Detoy,* the criticism is invalid: Loop AI's right to refuse to disclose its trade secrets and privileged information in discovery cannot be circumvented by requiring Loop AI to respond in writing.

admission that its algorithms do not qualify for trade secret protection assuredly would be used by the Defendants to claim before the jury that none of Loop AI's other assets qualify as trade secrets, either. *See id.*

**3. The Magistrate's Harsh Criticisms of Loop AI's Counsel Are Unfair And Unfounded.**

The Magistrate's criticism of Loop AI's counsel for improperly "coaching" witnesses is unfounded and unfair. *See* VCH Decl. The conduct cited is substantially similar to the conduct of Almawave's counsel, at whom no such criticism has been leveled. *See id.* at ¶ 9 and Exhibit F. Importantly, there is no instance in the record of Loop AI's objections altering the substantive testimony of Loop AI's witnesses. *See* VCH Decl. at 6-22. Loop AI's counsel's objections were made in good faith and were entirely harmless. *Id.* Loop AI's counsel privilege-based objections asserted were also appropriate because the testimony sought could not have been compelled under Rule 26(b)(3). *See id.*

**4. Request for An Evidentiary Hearing.**

Loop AI's counsel respectfully requests an evidentiary hearing and the opportunity to address Order 884 by regular motion.

**FOR THE FOREGOING REASONS,** the Order is clearly erroneous and contrary to law and should be vacated.

Respectfully submitted,

September 8, 2016                              By:  /s/ *Valeria Calafiore Healy*

Valeria Calafiore Healy, Esq. (*phv*)
Valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone:     (212) 810-0377
Facsimile:      (212) 810-7036

Daniel J. Weinberg, Esq. (SBN 227159)
dweinberg@fawlaw.com
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065

Telephone:     (650) 593-6300
Facsimile:     (650) 593-6301


Attorneys for Plaintiff
LOOP AI LABS, INC.