1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    LOOP AI LABS INC,                           Case No.15-cv-00798-HSG

8              Plaintiff,

9         v.                                      **ORDER TO SHOW CAUSE**

10   ANNA GATTI, et al.,

11             Defendants.

12        The Court **ORDERS** Plaintiff's counsel to show cause why terminating sanctions are not

13   warranted under Federal Rule of Civil Procedure 37(b) and the Court's inherent authority, in light

14   of Plaintiff's documented history of obstructionist discovery conduct and persistent refusal to

15   follow Court orders notwithstanding repeated warnings.  As a result of counsel's conduct, the

16   Court has expended a grossly disproportionate and unreasonable amount of time and resources on

17   this case.  Multiple orders were required to obtain compliance on several issues, and in many

18   instances Plaintiff simply continues to refuse to comply with the Court's orders and the Federal

19   Rules.  The record abounds with examples:

20   **Improper Conduct during Depositions**

21        ▪ Order[1] 436 (describing counsel's inappropriate behavior, imposing a sanction, and

22          warning that any further breach would result in further sanctions)

23        ▪ Orders 465, 526, 564 (repeated orders directing Plaintiff to produce executives Bart

24          Peintner and Patrick Ehlen for depositions)

25        ▪ Order 884 (describing the reoccurrence of counsel's obstructive and inappropriate

26          deposition conduct in direct violation of Order 436)

27

28   ---
     [1] "Order" refers to the docket number.

United States District Court
Northern District of California

**Refusal to Properly Respond to Key Interrogatories**

- Orders 438, 508 (directing Plaintiff to amend its response to Interrogatory No. 8)
- Order 465 (directing Plaintiff to serve amended responses to Interrogatory Nos. 3, 5, 7)
- Order 640 (noting that Plaintiff's responses to Interrogatory Nos. 3, 5, 7, 8 were "plainly and grossly deficient")
- Dkt. No. 856 (Plaintiff confirms refusal to amend deficient interrogatories, claiming that it has no information to provide as a supplement to the interrogatories)

**Failure to Properly and Timely Respond to Requests for Production**

- Order 640 (ordering Plaintiff to amend its responses to RFPs for failure to comply with the requirements of the Federal Rules of Civil Procedure)
- Dkt. No. 807 (Plaintiff's production *starts* on May 11, 2016 and extends through early June, even though Judge Ryu ordered the supplemental responses to be submitted *within* 7 days of May 3, 2016).

**Refusal to Produce Privilege Log**

- Order 456 (directing Plaintiff to produce the privilege log by March 16, 2016)
- Dkt. No. 576 (Plaintiff's response to an order to show cause for failure to produce the privilege log states that Plaintiff intends to comply with Order 456 by April 11, 2016, almost a month after the Court's deadline)
- Order 680 (finding Plaintiff's privilege log "plainly deficient," and ordering Plaintiff to produce the waived documents within seven days)
- To date, Plaintiff has still not complied with Orders 456 and 680.

**Trade Secrets Disclosure**

- Order 331 (finding Plaintiff's trade secret disclosure insufficient and ordering Plaintiff to amend its disclosure, by identifying the specific trade secrets at issue)
- Order 795 (finding Plaintiff's revised disclosures still fell far short of the standard)

United States District Court
Northern District of California

**Other Examples of Plaintiff's Disregard for the Court's Authority**

- Order 501, 584, 587 (repeated orders directing Plaintiff to produce documents in a searchable and printable format)

- Orders 551, 720 (repeated orders directing Plaintiff to produce Robert Pieraccini for depositions)

- Order 175 (describing Plaintiff's refusal to follow the Court's instructions when briefing a dispute)

- Order 633 (describing Plaintiff's inability to follow the local rules and the Court's orders)

- Dkt. No. 788 (Plaintiff states that it will not meet the Court's filing deadline, and proceeds by rules of its own creation, setting its own deadline for filing opposition briefs)

\*       \*       \*

The Court issues this order to show cause in light of counsel's pervasive and repeated disregard for the Court's authority and obstructionist discovery conduct. Plaintiff's counsel must file a statement of no more than 25 pages within seven days of the date of this order, setting forth its position as to why terminating sanctions are not warranted. Defendants shall not file any response. This matter will be submitted following Plaintiff's filing of its statement unless otherwise ordered by the Court.

**IT IS SO ORDERED.**

Dated:  9/26/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

3