UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC, <br> Plaintiff, <br> v. <br> ANNA GATTI, et al., <br> Defendants. | Case No. 15-cv-00798-HSG   (DMR) <br><br> **ORDER GRANTING IN PART ALMAWAVE USA, INC.'S MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER** <br> Re: Dkt. No. 168 |

Plaintiff Loop AI Labs Inc. ("Loop") issued a subpoena to third party law firm Orrick, Herrington & Sutcliffe LLP ("Orrick") seeking the production of 30 categories of documents related to Orrick's former representation of and communications with Defendants Almawave USA, Inc. ("Almawave"), Almaviva S.p.A., and Almawave S.r.l (together, the "Almaviva entities").  In its responses and objections to the subpoena, Orrick objected that a number of the requests for production therein sought documents protected by the attorney-client privilege belonging either to Almawave S.r.l. or Almaviva, or to Orrick itself.  To the extent that the subpoena requested communications that could be subject to a claim of privilege asserted by Almawave S.r.l. or Almaviva, Orrick forwarded those documents to counsel for the Almaviva entities so that counsel could make any privilege determinations and object on those grounds. Almawave and Orrick then separately moved for a protective order and/or to quash Loop's subpoena. [Docket Nos. 168 (Almawave's motion); 169 (Orrick's motion).]  Loop opposed both motions. [Docket Nos. 176 (Opp'n to Orrick's motion), 177 (Opp'n to Almawave's motion).]

Following a hearing, the court ordered Almawave and Orrick to submit documents withheld on the basis of attorney-client privilege for in camera review, and ordered Almawave to highlight in its submission any proposed redactions to the documents.  [Docket No. 323.]  The court previously ruled on Orrick's motion for a protective order and/or to quash Loop's subpoena (Docket No. 430), and now enters the following order on Almawave's motion.

1   Almawave timely lodged the documents at issue, which total over 4,000 pages. The court
2   has reviewed each of the documents. The documents contain email communications between
3   Orrick and its then-clients, the Almaviva entities, that were made for the purpose of obtaining or
4   giving legal advice, as well as invoices and billing records for said representation. The court finds
5   that Almawave's proposed redactions are appropriate and justified. However, there are a number
6   of attachments transmitted between the Almaviva entities and Orrick. The court has examined the
7   attachments themselves, many of which the court finds are not "confidential communications
8   between attorneys and clients, which are made for the purpose of giving legal advice." *United*
9   *States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (citation omitted). Those documents are:
10  CTRL000073737-73745 (copy of patent application submitted to USPTO on 8/1/2014);
11  CTRL000075205-75206 (USPTO patent application publication); CTRL000075212 (USPTO
12  communication); CTRL000075656 (filed Articles of Incorporation); CTRL000074204 (Bureau of
13  Economic Analysis guide); CTRL000074426-74427 (Stock Purchase Agreement, notice of
14  issuance of stock); CTRL000074603 (executed agreement between Almawave and IQSystem,
15  Inc.); CTRL000074367-74373 (attachment containing emails between Valeria Sandei and Tony
16  Di Napoli); CTRL000073867 (executed agreement between Almawave and IQSystem, Inc.);
17  CTRL000073870-73871 (executed agreement between Almawave and Tony Di Napoli);
18  CTRL000073872-73873 (executed offer letter and agreement between Almawave and Anna
19  Gatti); and CTRL000074053 (attachment containing emails between Valeria Sandei and Mario
20  Pepe). Since these documents do not qualify as attorney-client privileged communications, they
21  must be produced to Plaintiff. Accordingly, Almawave's motion to quash and/or for a protective
22  order is granted in part and denied in part. Almawave must produce to Plaintiff the redacted
23  documents, as well as the individual documents listed above, within seven days of the date of this
24  order.

25  **IT IS SO ORDERED.**

26  Dated: September 29, 2016

27  _____
28   Donna M. Ryu
    United States Magistrate Judge