VALERIA CALAFIORE HEALY (*pro hac vice*)
valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone: (212) 810-0377
Facsimile: (212) 810-7036


Attorneys for Plaintiff
LOOP AI LABS INC.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

LOOP AI LABS INC.,

Plaintiff,

v.

ANNA GATTI, et al,

Defendants.

CASE NO.: 3:15-cv-00798-HSG-DMR

**PLAINTIFF LOOP AI LABS INC.'S OPPOSITION TO DEFENDANT ALMAWAVE USA INC.'S MOTION FOR SANCTIONS AT DOCKET 895.**

Action Filed: February 20, 2015

Hon. Donna M. Ryu

Pursuant to the Order at Docket 893 ("Order 893"), Loop AI Labs Inc. ("Loop AI") submits this Opposition to the Motion for Sanctions filed at Dkt. 895 ("Motion") by Almawave USA Inc. ("AW-USA"). In support of this Opposition, Loop AI submits the declaration and supporting exhibits filed at Docket 429 and 429-1 in connection with AW-USA's first Motion for Sanctions regarding Ferri, and the supplemental declaration and exhibits attached hereto.[1] AW-USA seeks to recover expenses it did not incur, related to a deposition that Almaviva S.p.A. and Almawave S.r.l. ("Almaviva-IT Defendants") and their counsel, Mr. Wallerstein, prevented from happening. This is wholly improper. The Motion is an egregious abuse of process, and should be denied. Loop AI requests that the Court impose sanctions on AW-USA for bringing such an improper motion, and grant Loop AI all costs and attorney's fees incurred in responding to it.

**The Facts.** Loop AI noticed Mr. Ferri's jurisdictional deposition for 8:00am on January 21, 2016. *See* MPX-215, 219. Loop AI's counsel and the court reporter arrived punctually, and the deposition record was opened and ready to proceed at 7:55am. *See* MPX-220. Neither Mr. Ferri, nor his counsel, appeared for his deposition as required by Loop AI's notice. *Id.* As of 8:35am on January 21st, Mr. Ferri still had not arrived, nor had his counsel. *Id.* As of 9:00am, a full hour after the noticed start time of the deposition, Mr. Ferri was still not there, nor was his counsel. *Id.* Mr. Ferri and Mr. Wallerstein arrived at 9:09am – over one hour late. *Id.* Mr. Wallerstein then refused to allow Mr. Ferri to sit for his deposition without an interpreter. *See* MPX-226. Mr. Wallerstein took this position even though it is undisputed that Mr. Ferri is proficient in the English language. *See* MPX-286. Loop AI's counsel observed Mr. Wallerstein speak to both Mr. Ferri and the other Italian witnesses in English. *See* Decl. at ¶14. When Mr. Wallerstein arrived with Mr. Ferri and others they were not accompanied by any interpreter. *Id.* Mr. Ferri's failure to arrive at the noticed time and to sit for a deposition when he finally did arrive cannot be pinned on Loop AI. It is undisputed, that Loop AI's counsel was there at the noticed time, patiently waited for over one hour, and when the witness finally arrived

---

[1] All evidence cited herein is set forth in the Declaration of the undersigned counsel dated September 30, 2016 ("Decl.") and in the accompanying exhibits referred to by the label "MPX."

asked him to proceed with his deposition, and was prevented from doing so by Mr. Wallerstein. Mr. Wallerstein then left the deposition venue and did not return until 11:12am. MPX-227.

In addition, although only Mr. Ferri's deposition was noticed for January 21, 2016, that day Mr. Wallerstein also brought Ms. Nicolella, an employee of Almaviva S.p.A., to the deposition venue. *See* MPX-220. Ms. Nicolella's deposition was noticed for January 20, 2016. MPX-215, 219. As Mr. Wallerstein did throughout the jurisdictional depositions, on January 20, he refused to allow Loop AI to proceed with Ms. Nicolella's deposition, even though there was an interpreter there. *See* Decl. at ¶¶11-13, MPX-286, 288. Until seeing Ms. Nicolella at the January 21st deposition, Loop AI's counsel did not know that Mr. Wallerstein had decided that Ms. Nicolella should be deposed on the same day noticed for Mr. Ferri's deposition. *See* Decl. at ¶13. Despite Mr. Wallerstein's change of plans without notice, Loop AI's counsel agreed to proceed with both depositions on January 21, 2016. *See* MPX220-227, MPX-229. The new schedule requiring the deposition of two witnesses on January 21, 2016 was entirely of Mr. Wallerstein's creation. Decl. at ¶13. When Mr. Wallerstein finally returned to the deposition venue at approximately 11:15am, Loop AI's counsel proceeded immediately, starting with Ms. Nicolella. MPX-227. Ms. Nicolella's deposition began at approximately 11:15am on January 21. *Id.* Deposing a witness with an interpreter is an extremely cumbersome and lengthy process. Decl. at ¶15. In addition, Mr. Wallerstein intentionally tried to limit the remaining deposition time by imposing repeated unreasonable breaks. For instance, at 12:18pm, Mr. Wallerstein interrupted the deposition and took at 25 minute break. MPX-309. The deposition finally resumed at 12:45. MPX-309. Within approximately fifty minutes, Mr. Wallerstein interrupted the deposition again and disappeared with the witness for 1 hour and 10 minutes. MPX-310. Because Mr. Wallerstein refused to tell Loop AI when he would return, Loop AI's counsel and the court reporter did not leave the deposition room and remained there waiting for the witnesses return. Decl. at ¶15. Mr. Wallerstein continued to interrupt the deposition for the rest of the day, *see* Dkt. 429-1 at 3, until he abruptly terminated it at 7:00pm and left with Ms. Nicolella and Mr. Ferri. MPX-232-233. *See* MPX220-227, MPX-229. Because they left abruptly, Loop AI's counsel was prevented from completing Ms. Nicolella's deposition and from taking Mr. Ferri's

deposition. MPX-232. When they left, Loop AI was prepared to proceed with Mr. Ferri's deposition, with an interpreter. *Id.*

**AW-USA's Request For Sanctions Does Not Satisfy The Requirements of Rule 30(g).** Rule 30(g) provides that a party "who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending … if the noticing party failed to: (1) ***attend and proceed*** with the deposition." Fed. R. Civ. P. 30(g)(1) (emphasis added). As the record shows, Loop AI's counsel ***did not*** "fail to attend and proceed" with Mr. Ferri's deposition. Loop AI's counsel was ready to proceed with Mr. Ferri's deposition at the appointed time and throughout the day. *See supra*. The only reason why Mr. Ferri's deposition did not proceed was because Mr. Wallerstein and Mr. Ferri refused to attend the deposition as noticed and proceed. Accordingly, AW-USA lacked any basis to file this Motion. Loop AI's counsel would have been justified in leaving the deposition after the first half hour of waiting.[2]

**AW-USA Lacks Standing To Move For Sanctions.** AW-USA has provided no evidence that it incurred any of the expenses it seeks to recover here. Decl. at ¶¶21-24. Mr. Ferri is an employee of Almawave S.r.l., not AW-USA, so AW-USA has no obligation to pay or reimburse Mr. Ferri's expenses. The terms of Venable's engagement in this Action require Almawave S.r.l., not AW-USA, to pay Venable's fees. Decl. at ¶24. AW-USA has provided no evidence that it incurred or paid any of the requested expenses. Since AW-USA did not incur or pay anything, and has no obligation to pay any of the expenses described in its Motion, it has no standing (or right) to recover any of those expenses.

**Objections to Evidence, Request Evidentiary Hearing and Request for Leave to File Supplemental Briefing.** Because the Court only allowed Loop AI 3-pages to respond to AW-USA's Motion, Loop AI does not have sufficient space to fully address the law and the facts, and to object to the impermissible unsupported declaration and exhibits submitted by AW-USA. Loop AI objects to each and every statement set forth in Mr. Wallerstein's declaration on the basis that the statements are either false, unsupported and/or conclusory argumentation. Loop AI

---

[2] In addition, Loop AI's counsel would have been justified in leaving the deposition within half hour, because the witness failed to appear as noticed. *See, e.g., De Leon v. Burkett's Pool Plastering, Inc.,* No. 12-cv-02740 TLN-EFB, 2014 U.S. Dist. LEXIS 22236, at *5 (E.D. Cal. Feb. 18, 2014) (finding 30 minute delay justified counsel's departure from deposition site).

also objects to the exhibits submitted as they are not evidence of any costs, let alone costs incurred by AW-USA. Loop AI requests that the Court allow it to submit full briefing, where Loop AI can more fully address the law and the facts, and also request an evidentiary hearing to address the matters underlying AW-USA's improper request for sanctions.

Respectfully submitted,

September 30, 2016

By: /s/ *Valeria Calafiore Healy*

Valeria Calafiore Healy, Esq.
(*pro hac vice*)
Valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone:　(212) 810-0377
Facsimile:　(212) 810-7036

Attorneys for Plaintiff
LOOP AI LABS, INC.