VALERIA CALAFIORE HEALY (*pro hac vice*)
valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York  10013
Telephone:     (212) 810-0377
Facsimile:     (212) 810-7036

Attorneys for Plaintiff
LOOP AI LABS INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC., | CASE NO.: 3:15-cv-00798-HSG-DMR |
| Plaintiff, | |
| v. | **PLAINTIFF LOOP AI LABS INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER AT DKT. 893 AND OBJECTIONS PURSUANT TO FED. R. CIV. P. 72 AND CIV. L.R. 72-2** |
| ANNA GATTI, et al, | |
| Defendants. | Action Filed:  February 20, 2015<br>Trial Date:  TBD |
| | Hon. Haywood S. Gilliam, Jr. |

Pursuant to Civil Local Rule 72-2 and Federal Rule of Civil Procedure 72, Loop AI Labs Inc. ("Loop AI") hereby respectfully objects to and moves for relief from the Magistrate's Order entered on September 20, 2016 at Docket Number 893 ("Order 893"). Loop AI recognizes that the Court has been burdened with a lot of paper. Accordingly, Loop AI apologizes in advance for any inconvenience that may be caused to the Court for having to submit another Objection to one of the Magistrate's most recent Orders. Loop AI is required to submit this appeal so that it can preserve an important issue for further review. Loop AI also notes that by filing this appeal it means no disrespect to any judicial officer, or their staff, addressed in this appeal. Loop AI believes that only those judicial officers authorized by the District Judge should have power to hear any matter relating to this case and should be required to report all matters regarding this case on the record, so that all counsel can have the same opportunity to be heard and to respond, if necessary. In this case, the Almaviva Defendants' counsel improperly procured an Order in its favor from the Magistrate's law clerk. Adding insult to injury, AW-USA now even seeks to profit from its improper conduct by claiming it is also entitled to sanctions. AW-USA's counsel extraordinarily aggressive litigation tactics in this case cannot be condoned and, respectfully, should be brought to an end.

In support of this Motion, Loop AI submits the Declaration of its undersigned counsel dated October 4, 2016, and its attached Appendix ("MPX") consecutively numbered MPX215 to MPX412.

**ISSUES PRESENTED**

1. Did the law clerk of the Magistrate assigned to this case, Ms. Sarah Beard — a law school classmate and social acquaintance of the Almaviva Defendants' counsel, Ms. Kimberly Culp — have power to (A) discuss ex-parte with Ms. Culp and Mr. Wallerstein their request that Loop AI be forced to pay for the Almaviva Defendants' interpreter, and (B) hold a purported hearing resulting one hour later in the issuance of Order 397 against Loop AI, based solely on Ms. Beard's purported hearing? *See* Decl. at ¶ 21-31; MPX-269-283 (Ms. Beard's hearing).

2. Did Ms. Beard have power to persuade the Magistrate to grant the Almaviva Defendants' unprecedented request, without a motion, briefing, proof, and without any legal support of any type, imposing on Loop AI the burden of paying the high costs of an interpreter, even though Almaviva's counsel (a) previously told the Magistrate that two of his witnesses would testify in English, and that he would otherwise bring his own interpreter, (b) lied about the deponents ability to speak English? *See* Decl. at ¶¶ 18, 25-31.

3. Did the Magistrate have power to then allow AW-USA to try to profit from an improperly procured Order, by giving AW-USA permission to move for sanctions and seek over $16,000 that AW-USA never even spent, and will never spend over the jurisdictional deposition of a witness that the Italian Almaviva Defendants refused to produce as noticed?

4. Did the Magistrate have power to abrogate the Civil Local Rules governing the manner, timing, and briefing of motions for sanctions and motions for attorney's fees and costs, and instead give AW-USA six days to file a purported "letter brief" for sanctions, while giving Loop AI only 4 days and 3 pages to respond to said motion?

### RELEVANT BACKGROUND

On February 12, 2016, Defendant Almawave USA Inc. ("AW-USA") filed a 2-page administrative letter motion for sanctions under Rule 30(g), or for leave to seek sanctions regarding the jurisdictional deposition of Mr. Ferri, a then employee of Almawave S.r.l. *Id* Dkt. 419 (MPX-326-27). Loop AI had noticed the jurisdictional deposition of Mr. Ferri to begin at 8:00am on June 21, 2016 and continue from day to day until completed. *See* Dkt. 353, MPX-215-19. Although Loop AI's counsel and the court reporter timely appeared for the noticed deposition, Mr. Ferri was a no-show as was his counsel. *See* Decl. at ¶ 35. When Mr. Wallerstein finally appeared, over one hour late, he refused to allow Loop AI to depose Mr. Ferri. *Id.* Even though Mr. Ferri is perfectly fluent and proficient in English, and was observed speaking to Mr. Wallerstein in English, he refused to allow the deposition to proceed without an interpreter, or later in the day even with the interpreter. *See* Decl. at ¶¶35-39.

In its letter motion for sanctions, AW-USA, who never employed, or paid for Mr. Ferri or any other expense, claimed it was entitled to sanctions because it successfully managed impeding

Loop AI's ability to depose Mr. Ferri. Although couched as a motion under Rule 30(g), AW-USA really sough sanctions for Loop AI's inability to immediately find the interpreter that Ms. Beard apparently persuaded the Magistrate to require Loop AI to find and produce (with less than 24-hour notice) and pay for.

Although Loop AI responded to AW-USA's Motion for Sanctions with evidentiary proof establishing the complete lack of merit of AW-USA's unsupported motion (*see* Dkt. 429 and 429-1, MPX-342-43), the Magistrate recently issued Order 893 indicating that "Almawave [USA]'s motion is granted," and permitting AW-USA to file yet another totally frivolous motion, in which AW-USA apparently seeks to profit from its own counsel's egregious deposition misconduct.

## STANDARD OF REVIEW BY DISTRICT COURT

This Court acts in appellate role in respect of Orders issued by the Magistrate. "Under Federal Rule of Civil Procedure 72, a district judge may set aside a magistrate judge's non-dispositive pretrial order only if it is clearly erroneous or contrary to law." Dkt. 387 at 1 (citing Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)). "The magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Id.* (citing *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010)). Under this standard, "[t]he magistrate's legal conclusions are reviewed de novo to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. at 348.

## ERRORS UNDERLYING ORDER 893

The Magistrate's Order at Docket 893 is clearly erroneous and/or contrary to law and must be reversed for at least the following reasons:

1. The Magistrate lacks the power to abrogate the Civil Local Rules, which require that motions for sanctions and for attorney's fees and costs be filed only on the basis of a duly noticed motion, allowing the non-movant 14 days and 25 pages to defend its right not Loop AI to submit a 25 page brief in defense of its position. The Ninth Circuit has held that it is improper even for an Article III court to impose requirements contrary to local rules of its own Court. *See,*

*e.g.,* M-Cubed LLC v. Maersk Line Ltd., 374 F. App'x 701, 702 (9th Cir. 2010) ("As a preliminary matter, we conclude that the district court erred in barring the parties from filing reply briefs.").

2. The Magistrate's powers are limited by statute. *See* 28 U.S.C. § 636. The Federal Magistrate Act does not give the Magistrate the power to abrogate by adjudicatory feat the requirements and guarantees that this District has put in place. Local Rules are enacted pursuant to a precise rulemaking process and are, generally, intended to guarantee minimum due process standards, which are especially important when a party is required to defend against motions for sanctions. Loop AI has been substantially prejudiced in this case by the Magistrate's procedures which not only lack any guarantee of due process, but which have been totally arbitrary, have prevented Loop AI the possibility of being heard, and have resulted in a record that is inconsistent with the actual facts and in a series of Orders that are devoid of any legal support.

3. The Magistrate's Order at issue here, allowing AW-USA to pursue yet another frivolous motion for sanction, was improvidently issued and lacks any basis in any law or fact. The motion that the Magistrate allowed AW-USA to pursue is nothing more than another improper attempt by AW-USA to profit from its counsel's misconduct – specifically, its improper ex-parte communications with Ms. Beard, and its improper procurement from Ms. Beard of Order 397, which is based exclusively on Ms. Beard's unlawful hearing held on January 20, 2016. The presiding District Judge never appointed Ms. Beard to do anything in this case. While Ms. Beard may have familiarity with one of the Almaviva Defendants' counsel, that does not permit her to seek to influence the Judge to issue Orders in favor of Almaviva and against Loop AI, based solely on Ms. Beard's determinations derived from communications she had no power to entertain. *See* Decl. at ¶¶ 21-31, MPX-269-283. When Ms. Culp and Mr. Wallerstein called Ms. Beard on January 20, 2016 there was no emergency of any type. As the record readily shows, Mr. Wallerstein had his own interpreter ready to be used, the sole thing missing was his ability to extort from Loop AI a payment for the interpreter that Loop AI had no legal obligation to bear. MPX-238-283. The issue of who should bear the costs of an interpreter that was present at the deposition and ready to proceed was not an issue permitting Ms. Beard's

4

involvement, let alone her procurement of a decision from Magistrate Ryu against Loop AI. The issue of payment was one that could have and should have been resolved solely by the Court after the presentation on the record of a duly noticed motion, of evidence, and most importantly, of legal support for such an extraordinary request.

4. Loop AI already has been substantially prejudiced by the Almaviva Defendants' total disruption and frustration of the jurisdictional depositions. There was no evidence and no law before the Magistrate suggesting that AW-USA's motion, which the Magistrate recently granted in Order 893 had any merit whatsoever. The Magistrate has denied virtually every request that Loop AI has presented to the Magistrate on the grounds that "exceptional circumstances" were not met. The only "exceptional circumstance" in AW-USA's Motion was its outrageous attempt to profit from its improper conduct. That was a basis for denying AW-USA's Motion, not for imposing further costs on Loop AI of defending itself against incessant and baseless motions. Because AW-USA's Motion is frivolous the Court should reverse it and Loop AI should be allowed to recover the costs it has incurred in continuing to respond to AW-USA's improper motions.

Respectfully submitted,

October 4, 2016        By:   /s/ *Valeria Calafiore Healy*

Valeria Calafiore Healy, Esq. (*phv*)
Valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone:    (212) 810-0377
Facsimile:     (212) 810-7036

Attorneys for Plaintiff
LOOP AI LABS, INC.