**VENABLE LLP**
Thomas E. Wallerstein (SBN 232086)
Kimberly Culp (SBN 238839)
Email: twallerstein@venable.com
          kculp@venable.com
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
Telephone:   415.653.3750
Facsimile:   415.653.3755

Attorneys for Defendants
Almawave S.r.l., Almaviva S.p.A., Inc.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>ANNA GATTI, an individual,<br>ALMAVIVA S.p.A., an Italian corporation,<br>ALMAWAVE S.r.l., an Italian corporation,<br>ALMAWAVE USA, Inc., a California corporation, IQSYSTEM LLC, a California limited liability company, IQSYSTEM Inc., a Delaware corporation,<br><br>    Defendants. | CASE NO.: 3:15-cv-00798-HSG-DMR<br><br>Hon. Haywood S. Gilliam, Jr.<br><br>**ALMAWAVE S.R.L. AND ALMAVIVA S.P.A.'S OPPOSITION TO LOOP'S MOTION FOR ENTRY OF A DEFAULT JUDGMENT**<br><br>Date:         December 8, 2016<br>Time:         2:00 p.m.<br>Dept.:        Courtroom 10, 19th Floor<br><br>Action Filed:         February 20, 2015 |

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF FACTS ......................................................................................................1

ARGUMENT...........................................................................................................................3

I.    LOOP CANNOT OBTAIN DISCOVERY SANCTIONS – MUCH LESS THE
      ULTIMATE SANCTION OF A DEFAULT JUDGMENT – WHILE IGNORING
      THE MANDATORY PROCEDURES ORDERED BY THIS COURT.........................3

      A.    Loop's Motion Is Based On Alleged Discovery Violations. ..............................3

      B.    Loop Did Not Comply With This Court's Mandatory Procedures For
            Raising Alleged Discovery Violations................................................................3

      C.    This Court Already Rejected Loop's Identical Allegations Of Discovery
            Violations...........................................................................................................4

      D.    Sanctions – Much Less A Default Judgment – Should Not Be Ordered
            Absent Violations Of Prior Court Orders. .........................................................5

II.   ITALIAN ALMAWAVE DEFENDANTS PROVIDED MERITS DISCOVERY..........7

      A.    The Italian Almawave Defendants Timely Responded To All Discovery
            Requests. ............................................................................................................7

      B.    All The Discovery Provided To Loop, Including By The Italian Almawave
            Defendants, Was Merits Discovery. ..................................................................8

      C.    Loop Received Merits Depositions From The Italian Almawave
            Defendants And Declined Offers Of Further Depositions...................................9

            1.    The Depositions Of The Italian Almawave Defendants Were
                  Merits Depositions. ................................................................................9

            2.    The Italian Almawave Defendants Offered Further Depositions. ..........10

      D.    The Documents Almawave USA Produced Included The Italian
            Almawave Defendants' Documents. ................................................................11

      E.    Loop Received Merits Interrogatory Responses................................................12

III.  LOOP'S MOTION SHOULD BE DENIED BECAUSE LOOP REFUSED TO
      MEET AND CONFER. .....................................................................................................12

CONCLUSION........................................................................................................................14

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Brady v. Grendene USA, Inc.*

      No. 12cv604–GPC (KSC), 2012 WL 6086881 (S.D. Cal. Dec. 6, 2012).........................9

*Cruz v. Aurora Loan Servs., LLC*

      No. 3:15-CV-00585-LB, 2016 WL 2621795 (N.D. Cal. May 9, 2016) ..........................6

*Dreith v. Nu Image, Inc.*

      648 F.3d 779 (9th Cir. 2011) ...................................................................................5

*Haeger v. Goodyear Tire & Rubber Co.*

      813 F.3d 1233 (9th Cir. 2016) ..................................................................................6

*Halaco Eng'g Co. v. Costle*

      843 F.2d 376 (9th Cir. 1988) .............................................................................5, 6

*Hammond Packing Co. v. State of Ark.*

      212 U.S. 322 (1909)...............................................................................................7

*Henry v. Sneiders*

      490 F.2d 315 (9th Cir.1974) ....................................................................................5

*Internmatch, Inc. v. Nxtbigthing, LLC*

      No. 14-CV-05438-JST, 2016 WL 491483 (N.D. Cal. Feb. 8, 2016)..............................6

*Mahach-Watkins v. Depee*

      No. C 05-1143 SI, 2007 WL 1394651 (N.D. Cal. May 10, 2007)................................13

*Musnuff v. Haeger*

      No. 15-1491, 2016 WL 3219065 (U.S. Sept. 29, 2016) ..................................................6

*Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*

      854 F.2d 1538 (9th Cir. 1988). ................................................................................5

*Stanley Black & Decker, Inc. v. D&L Elite Investments, LLC*

      No. C 12-04516 SC (LB), 2014 WL 3738327 (N.D. Cal. June 20, 2014) .....................6

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

*U.S. for Use and Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.*

    857 F.2d 600 (9th Cir. 1988) ...................................................................................................6

**RULES**

Civil L.R. 37-1(a)......................................................................................................................13

Civil L.R. 37-3 ...........................................................................................................................5

Fed. R. Civ. P. 37 ....................................................................................................................3, 12

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

ALMAWAVE'S OPPOSITION TO LOOP'S MOTION FOR DEFAULT JUDGMENT
Case No.: 3-15-cv-00798-HSG-DMR

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

**PRELIMINARY STATEMENT**

Plaintiff Loop AI Labs, Inc. ("Loop") brings a motion for a default judgment as a sanction for alleged discovery violations of Almaviva S.p.A. and Almawave S.r.l. (the "Italian Almawave Defendants"). Almawave USA and the Italian Almawave Defendants (collectively with Almawave USA, "Almawave" or the "Almawave Defendants") respond as follows:

Loop's motion is specious for several reasons. First, the Italian Almawave Defendants provided voluminous merits discovery to Loop, by way of interrogatory responses, tens of thousands of pages of documents and hours of deposition testimony.

Second, Loop flouted numerous orders of this Court in refusing to properly raise the alleged discovery violations while discovery was still open, and for many months thereafter. Having refused to employ this Court's mandatory procedures, Loop cannot now obtain a discovery order, much less sanctions, much less the ultimate sanction of a default judgment.

Third, the Italian Almawave Defendants violated no court order to provide any particular discovery, and were never admonished or warned by the Court that their discovery responses were deficient. This renders untenable any sanction, much less a sanction of a default judgment.

Finally, Loop's motion must be denied because Loop ignored the mandatory requirement to meet and confer regarding the motion, or even to adequately meet and confer regarding the underlying, allegedly deficient discovery responses.

**STATEMENT OF FACTS**

**LOOP'S COMPLAINT AND EARLY CONVERSATIONS OF COUNSEL**

Loop filed its Complaint on February 20, 2015. On February 23, the Court ordered the parties to hold a Rule 26(f) conference by May 5, and set the initial CMC for May 26. Dkt. 6. On March 3, Loop moved for various relief including a TRO and expedited discovery. Dkt. 9.

The Almawave Defendants' litigation counsel learned of this litigation during the week of February 22, 2015. The following week, the week of March 2, 2015, they spoke with Loop's counsel on the telephone. Declaration of Thomas E. Wallerstein ("Wallerstein Decl.") ¶ 2. They told her that the Almawave Defendants had done nothing wrong vis-à-vis Loop or Soshoma and that they hoped they could quickly and easily resolve any concerns of Loop without protracted

1

litigation. *Id*. They explained that discovery in the case likely would be expensive and time-consuming. *Id*. They did not then or ever threaten to obstruct or delay discovery. *Id*.

The Almawave Defendants' counsel did not, on that phone call or ever, misrepresent who they were representing. *Id*. at ¶ 3. Rather, they explained forthrightly that the Italian Almawave Defendants were preserving objections to personal jurisdiction and on that basis they were not formally appearing but that, for all practical purposes, their participation would occur through Almawave USA and that the Italian Almawave Defendants would not have counsel different than that of Almawave USA. *Id*.

## THE PARTIES' RULE 26(F) CONFERENCE AND COURT'S EARLY ORDERS

On March 12, the Court denied all the relief Loop sought, including expedited discovery. Dkt. 32. On May 4, the parties timely held the Rule 26(f) conference. Wallerstein Decl. at ¶ 4. On May 26, the Court held the initial CMC and set January 29, 2016 as the date for the completion of all fact discovery. Dkt. 100. That date was later extended, at Loop's request, to March 29, 2016. Dkt. 411.

## THE ITALIAN ALMAWAVE DEFENDANTS' MOTIONS TO DISMISS

On March 17, 2015, the Italian Almawave Defendants filed a motion to dismiss the Complaint, and later the First Amended Complaint ("FAC"), for lack of personal jurisdiction. Dkt. 39, 59. The Court denied the motion without prejudice. Dkt. 183, 231. Because Loop did not "produce declarations or other evidence sufficient to dispute the blanket denials offered in the declarations submitted by the employees of the Italian Almaviva Defendants" the Court granted Loop jurisdictional discovery. Dkt. 183.

On September 23, 2015, Loop filed its operative Second Amended Complaint ("SAC"). Dkt. 210. At a December 10 hearing, the Court set deadlines for jurisdictional discovery including depositions. Dkt. 323. Loop was granted five jurisdiction-related interrogatories for each of the Almawave Defendants and 28 hours of deposition. *Id.*

In compliance with the Court's orders, the Italian Almawave Defendants filed a motion to dismiss the SAC for lack of personal jurisdiction on March 10, 2016. Dkt. 469. This Court ruled on that motion on June 8. Dkt. 726. In its Order denying the Italian Almawave Defendants'

2

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

motion to dismiss on personal jurisdiction grounds, the Court did not order additional discovery. Dkt. 726.  Fact discovery had already closed on March 29, 2016 (subject to certain extensions permitted by this Court).  Dkt. 411.

## ARGUMENT

### I.  LOOP CANNOT OBTAIN DISCOVERY SANCTIONS – MUCH LESS THE ULTIMATE SANCTION OF A DEFAULT JUDGMENT – WHILE IGNORING THE MANDATORY PROCEDURES ORDERED BY THIS COURT.

#### A.  Loop's Motion Is Based On Alleged Discovery Violations.

Loop's motion is based entirely on alleged discovery violations by the Italian Almawave Defendants; Loop's notice and motion refer to "discovery" nearly 200 times.  Loop's motion seeks an order granting Loop "a default as a sanction."  Dkt. 897, Notice at 1:4.  The sanction, according to Loop's motion, is warranted because the Italian Almawave Defendants allegedly "refused to provide any merits discovery to Loop," and due to their alleged "bad faith refusal to comply with their discovery obligations."  Dkt. 897, Notice at 1:12-13, 19-20.

Loop's prior pending "Rule 16 motion," Dkt. 731, is virtually identical to Loop's motion for a default judgment.  The arguments are exactly the same; all that differs is the relief requested and the authority invoked.  *See* Dkt. 900 (highlighting similarities).  This Court found that identical motion "to be based entirely on discovery disputes and claims that are properly before Judge Ryu."  Dkt. 764.  The same conclusion necessarily applies with regard to Loop's identical motion for a default judgment.

Loop also invokes Rule 37 as an alternative basis for its requested relief.  *See* Dkt. 897, Notice at 2:9-10; Brief at 7, 8.  This, too, confirms that Loop's motion is based on alleged discovery violations.  *See* Fed. R. Civ. P. 37 (contemplating sanctions for "Failure to Make Disclosures or to Cooperate in Discovery").

#### B.  Loop Did Not Comply With This Court's Mandatory Procedures For Raising Alleged Discovery Violations.

Loop's motion for alleged discovery violations should not be granted because Loop did not comply with this Court's orders governing how alleged discovery violations must be raised

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

3

and resolved.

In June 2015 this Court referred all further discovery motions to a magistrate judge, shortly thereafter designated as Magistrate Judge Ryu. Dkt. 113, 117. Loop's motion for sanctions based on alleged discovery violations violates Judge Ryu's Standing Order that "[t]he parties shall not file formal discovery motions." Dkt. 117. Instead, the parties must first meet and confer in person or on the phone and, if disagreements remain, "the parties shall file a joint letter no later than five business days after the meet and confer session . . . ." *Id*. at 1-2. The Standing Order also addresses how to proceed in the presumptively "rare instance that a joint letter is not possible." *Id*. at 2. Loop's motion follows none of these mandatory procedures.

Further, at and following an in-person conference on July 23, 2015, this Court ordered that "[t]he parties must seek leave to file any sanctions motions." Dkt. 156 (July 24 Minute Order), at 2. Loop's motion for a default judgment as a discovery sanction must be denied for failing to seek leave as ordered by this Court.

Further, Loop never followed this Court's mandatory procedures for raising the alleged discovery violations on which this motion is based. This Court has consistently denied filings that have failed to comply with its orders, and warned that failure to comply with the Court's procedures will result in the filing being denied. *See e.g.* Dkt. 222, 271.

C.     **This Court Already Rejected Loop's Identical Allegations Of Discovery Violations.**

To the extent Loop did raise any alleged discovery violations with this Court, Loop's motions were denied. For example, Loop filed an open-ended "motion for leave to file motions to compel discovery" (Dkt. 247), which the Court denied for failure to meaningfully meet and confer, follow the Court's mandatory procedures, or establish exceptional circumstances warranting departure from those procedures. Dkt. 271.

Further, on March 30, 2016, Loop filed a motion for leave to file a unilateral discovery letter to compel the further production of documents not only from Almawave USA, but also from the Italian Almawave Defendants. Dkt. 542. This Court denied Loop's motion in both respects for failing to follow this Court's procedures. Dkt. 582, 612.

4

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

D. **Sanctions – Much Less A Default Judgment – Should Not Be Ordered Absent Violations Of Prior Court Orders.**

The Italian Almawave Defendants timely responded to Loop's discovery requests. Wallerstein Decl. at ¶¶ 5-6, 9, 12-14.  Loop complains that those responses were deficient, but as above Loop failed to comply with the Court's mandatory procedures in moving to compel further responses.  Thus, this Court has never found that the Italian Almawave Defendants' responses were deficient nor ordered them to supplement.

"A default judgment should be entered only in extreme circumstances." *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1547 (9th Cir. 1988).  Further, "[i]n cases where the drastic sanctions of dismissal or default are ordered, the range of discretion for a district court is narrowed and the losing party's non-compliance must be due to willfulness, fault, or bad faith." *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988).

Even sanctions less onerous than a default judgment, such as evidentiary sanctions, are inappropriate where, as here, there has been no violation of a prior court order regarding discovery.  Rule 37 authorizes sanctions, but only "for failing to comply with a court order." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011).  This Court cannot (or, at least, should not) sanction the Italian Almawave Defendants – much less issue a default judgment against them – because this Court has never found that any responses or objections to any discovery are unmeritorious, much less frivolous.  For conduct to be sanctionable, a party must have "unequivocal notice" that it is required to provide specified discovery.  *Id*. at 787 (citing *Henry v. Sneiders*, 490 F.2d 315, 318 (9th Cir.1974)).

Not only has this Court not ordered the Italian Almawave Defendants to provide further discovery,[1] it also has not issued lesser sanctions against them.  "Before ordering a terminating sanction, a court must warn [a party] and try other sanctions first." *Cruz v. Aurora Loan Servs.,*

---

[1] Nor can Loop now obtain an order compelling discovery because the (extended) fact discovery cutoff passed long ago and "no motions to compel discovery may be filed more than 7 days after the fact discovery cut-off."  Civil L.R. 37-3.

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

*LLC*, No. 3:15-CV-00585-LB, 2016 WL 2621795, at \*4 (N.D. Cal. May 9, 2016); *Halaco Eng'g*, 843 F.2d at 381 ("The district court must, before dismissing an action under its inherent powers, consider less drastic sanctions."); *Stanley Black & Decker, Inc. v. D&L Elite Investments, LLC*, No. C 12-04516 SC (LB), 2014 WL 3738327, at \*10 (N.D. Cal. June 20, 2014) (same), report and recommendation adopted in part, No. 12-CV-04516-SC, 2014 WL 3728517 (N.D. Cal. July 28, 2014).

"[A] district court's failure to warn a party that dismissal is being considered as a sanction weighs heavily against the sanction." *Id.* (citing *U.S. for Use and Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.*, 857 F.2d 600, 605 (9th Cir. 1988)). This is especially true where, as here, the Court can "still resolve this case on the merits."[2] *Internmatch, Inc. v. Nxtbigthing, LLC*, No. 14-CV-05438-JST, 2016 WL 491483, at \*13 (N.D. Cal. Feb. 8, 2016).

As above, Loop never fully and properly invoked this Court's mandatory procedures for raising discovery disputes; when Loop raised disputes at all, it lost. Thus this Court has issued no orders compelling the Italian Almawave Defendants to produce any particular discovery. Thus, this Court lacks any basis for issuing sanctions – much less the ultimate sanction of a default judgment – based on purported discovery violations.

The cases on which Loop relies agree that an express warning or previous order directing a party to provide specific discovery is necessary before a sanction of a default judgment can be imposed. For example in *Haeger v. Goodyear*, "finding that there were 'serious questions regarding [Goodyear's] conduct in this case,' the district court ordered Goodyear to produce 'the test results at issue.' Goodyear produced [some] tests, but did not mention any additional tests." *Haeger v. Goodyear Tire & Rubber Co.*, 813 F.3d 1233, 1240–41 (9th Cir. 2016), *cert. granted in part*, *Goodyear Tire & Rubber Co. v. Haeger*, No. 15-1406, 2016 WL 2927901 (U.S. Sept. 29, 2016), and *cert. granted in part sub nom. Musnuff v. Haeger*, No. 15-1491, 2016 WL 3219065 (U.S. Sept. 29, 2016). It was only after a series of refusals to comply, and multiple false statements of compliance, that the sanction was imposed.

---

[2] But only, of course, if Loop had complied with its discovery obligations.

6

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

Similarly, in the 1909 case *Hammond Packing*, "an order was entered authorizing the designated commissioner to take the testimony of the witnesses named" and ordering the production of certain documents. *Hammond Packing Co. v. State of Ark.*, 212 U.S. 322, 338 (1909). "The order contained specific directions commanding the Hammond Company . . . to have the witnesses named present for examination, and to produce the books referred to in the order." *Id.* It was only after the Hammond Company violated this order that the court imposed default judgment. *Id*. at 339.

## II.   ITALIAN ALMAWAVE DEFENDANTS PROVIDED MERITS DISCOVERY.

### A.   The Italian Almawave Defendants Timely Responded To All Discovery Requests.

Loop waited until August 2015 to serve discovery on the Almawave Defendants.[3] Wallerstein Decl. ¶ 5.  All Almawave Defendants, including the Italian Almawave Defendants, timely responded and have continuously complied with all of their discovery obligations, this Court's discovery Orders and other requirements.  *Id*.  By the (extended) close of fact discovery, the Italian Almawave Defendants had timely responded to 22 interrogatories to each of them, including five special jurisdictional interrogatories.  Wallerstein Decl. ¶ 9.

On October 20, 2015, Loop served document and deposition subpoenas on Valeria Sandei and Raniero Romagnoli in San Diego.  Sandei Decl. ¶ 7; Wallerstein Decl. ¶ 6.  Ms. Sandei and Mr. Romagnoli timely responded to those subpoenas on November 2.  *Id*.  Their responses included objections because, among other reasons, the subpoenas improperly set the deposition location and dates, about which Loop had never met and conferred.  *Id*.  Loop never moved to compel compliance with those subpoenas in the Southern District of California, or elsewhere.  Wallerstein Decl. ¶ 7.  Ultimately, both Ms. Sandei and Mr. Romagnoli were deposed by Loop and both worked with counsel to collect their responsive documents and provide them to counsel for production.  *Id*.

---

[3] Loop complains that the Italian Almawave Defendants did not respond to Loop's March 2015 discovery requests.  (Dkt. 897 at 4 n.7).  Those requests were part of Loop's request for expedited discovery, which this Court denied.  Dkt. 32.  Loop cites amended Federal Rule 26 but that amended Rule, which does not apply in any event, was not in effect until December 2015.

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

**B.** **All The Discovery Provided To Loop, Including By The Italian Almawave Defendants, Was Merits Discovery.**

Loop insists that it did not receive "merits" discovery. This is false. Separate and apart from any specific "jurisdiction" discovery, Loop received voluminous "merits" discovery <u>that was provided on behalf of and encompassed discovery from the Italian Almawave Defendants</u>.

Further, Loop seizes on a false distinction. Given the nature of Almawave's jurisdiction argument, jurisdictional discovery <u>was</u> merits discovery. Although (and because) the Italian Almawave Defendants were contesting jurisdiction, this Court granted Loop "jurisdictional discovery." But in so doing, the Court and the parties recognized that the discovery was substantively the same as merits discovery. For example, when granting the jurisdictional discovery, this Court noted that the discovery necessarily would concern the "Italian Almaviva Defendants' relationship with Gatti and the creation of Almawave USA" (Dkt. 183), or in other words, virtually everything having to do with the allegations made by Loop against these parties.

In the hearing regarding jurisdictional discovery, this Court and Loop agreed that jurisdictional discovery was inextricably intertwined with merits discovery. Wallerstein Decl. Ex. A (12/10/2015 Tr.) at 4:19-21, 36:4-6. Loop also subsequently made that same argument. Dkt. 368 (Loop arguing that "[t]he jurisdictional discovery at issue in this case is intertwined with the merits of the action, and the Court has indicated in its order at Dkt. 183 the substantial relevance of the circumstantial evidence surrounding the events at issue in this case.").

Loop cannot explain how the "merits" discovery it alleges it did not receive would differ from the "jurisdictional" discovery Loop undeniably and admittedly received. Loop's refrain that it received only "jurisdictional" but not "merits" discovery relies on a false and meaningless distinction in the context of this case.

Loop also ignores that after denying the Italian Almawave Defendants' personal jurisdiction motion, this Court did not order the Italian Almawave Defendants to provide additional discovery, *see* Dkt. 726, despite having previously addressed discovery in its order on a similar prior motion to dismiss, *see* Dkt. 183. Had additional discovery been contemplated, this Court would have ordered it or, at a minimum, Loop would have asked for it.

8

**C.      Loop Received Merits Depositions From The Italian Almawave Defendants And Declined Offers Of Further Depositions.**

    1.      The Depositions Of The Italian Almawave Defendants Were Merits Depositions.

Before any "jurisdictional" depositions were taken, Almawave received assurances that Loop would not necessarily be entitled to further "merits" depositions. It was only on that understanding that Almawave agreed to its deponents traveling from Rome, Italy to be deposed in San Francisco.[4] *See* Wallerstein Decl. ¶ 10; *see also id*. Ex. A (12/10/2015 Tr.) at 34:15-35:3 (Almawave agreeing that Loop "can ask whatever they want to ask. It goes to jurisdiction, it goes to merits. I don't think they should get two [depositions] . . . . I just don't want to have duplicative discovery."); 62:23-63:5 ("If . . . Loop spends seven hours with Ms. Sandei, I would like the opportunity to object and say that they are done." COURT: "You have that opportunity because that's the presumptive limit."); Wallerstein Decl. Ex. A (12/10/2015 Tr.) at 34:15-18 (Almawave : "To the extent everyone agrees, Judge Gilliam, Loop's counsel, and I, at least, that the jurisdictional discovery is inextricably intertwined with the merits discovery, my agenda is just not to have duplicative discovery."); at 36:4-6 (Loop: "I do agree, Your Honor, that from our perspective, it would be extremely costly to have two separate sets of depositions.").

With the understanding and agreement that the jurisdiction depositions also were merits depositions, Almawave and the Italian Almawave Defendants produced their 30(b)(6) designee, and five employee witnesses for depositions during the week of January 19, 2016. Wallerstein Decl. ¶ 10.

---

[4] Absent Almawave's agreement, the depositions would have been required to occur in Italy, if at all. *See Brady v. Grendene USA, Inc*., No. 12cv604–GPC (KSC), 2012 WL 6086881, at *2 (S.D. Cal. Dec. 6, 2012) ("The general rule is that depositions of corporate agents and officers should be taken at the corporation's principal place of business or at the agent's place of domicile . . . . [I]t [is] improper to compel the noticed depositions of foreign parties, over whom jurisdiction has not been established, to proceed in [the United States]."); *see also* Dkt. 647 at 2 n.1 (agreeing that Italy was presumptive venue for depositions of the Italian Almawave Defendants and their principals).

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

ALMAWAVE'S OPPOSITION TO LOOP'S MOTION FOR DEFAULT JUDGMENT
Case No.: 3-15-cv-00798-HSG-DMR

Further, Loop cannot explain what further deposition testimony it was prevented from obtaining by virtue of Loop retroactively characterizing the depositions as not being "merits" depositions. No instructions not to answer were given on the basis of any distinction between merits and jurisdictional questions,[5] and Loop's questioning was far-ranging, certainly not restricted to any "jurisdictional" limitation.

### 2.    The Italian Almawave Defendants Offered Further Depositions.

In February 2016, Loop requested further depositions of each of the Almawave Defendants' witnesses. Wallerstein Decl. ¶ 15. Among other things, Loop argued, "the Court already contemplated that Loop AI would be allowed to depose these witnesses on the merits." Dkt. 591. The Almawave Defendants objected, and refuted Loop's arguments. Dkt. 599 (rebutting Loop's arguments about intentional delays, excessive breaks, abrupt termination, excessive and improper objections, and "manufacturing a false language emergency").

Meanwhile, however, Almawave nonetheless offered dates for further merits depositions and repeatedly beseeched Loop to meet and confer about confirming those depositions. Wallerstein Decl. ¶ 15; Dkt. 599, 599-1. Loop refused all of the Almawave Defendants' entreaties and refused to comply with the Court's procedures for raising discovery disputes. On that basis and others, Loop's request for further depositions was denied. Dkt. 448, 474, 542, 591 (Loop's filings); Dkt. 455, 501, 612, 647 (Orders denying Loop's filings).

This Court expressly found that Loop declined to consider the Almawave Defendants' offer of further depositions. Dkt. 647 ("Plaintiff's motion is based on its argument that the Almawave Defendants refused to produce the witnesses for deposition, but this is clearly contradicted by the Almawave Defendants' correspondence in which they asked Plaintiff to propose dates for the depositions and offered specific dates for the depositions before the close of fact discovery.").

/ /

---

[5] Twice during the week, *pro forma* objections were made to questions about the witnesses' proficiency in English, but without an instruction not to answer and only after the witness answered the question.

ALMAWAVE'S OPPOSITION TO LOOP'S MOTION FOR DEFAULT JUDGMENT
Case No.: 3-15-cv-00798-HSG-DMR

Loop cannot be heard to complain now that it was denied deposition discovery when this Court already has found that Loop inexcusably declined to pursue a second round of depositions when they were offered before the close of fact discovery.

## D.    The Documents Almawave USA Produced Included The Italian Almawave Defendants' Documents.

Loop's allegation that it received no discovery from the Italian Almawave Defendants is disingenuous because Loop has long known that all of the Italian Almawave Defendants' documents were collected and produced by Almawave USA.

For example, in December 2015, Almawave told Loop and this Court that the documents produced by Almawave USA included any documents in the possession, custody and control of the Italian Almawave Defendants and that those documents were being produced by Almawave USA solely to "preserve [the Italian Almawave Defendants'] jurisdictional objections, but there's no distinction.  [The Almawave Defendants] are not withholding documents from the Italians.  So [Almawave USA] is making the production on behalf of everyone."  Wallerstein Decl. ¶ 13, *see also id*. Ex. A (12/10/2015 Tr.) at 20:6-10 (emphasis added).

Similarly, on February 8, 2016, Almawave confirmed to Loop in writing that

> [a]s we have previously informed you, there are no documents that either Almawave S.r.l. or Almaviva S.p.A. (the "Italian Almawave Defendants") would produce that Almawave USA . . . has not already undertaken to produce.  In other words, even though the Italian Almawave Defendants object – and have objected – to participating in discovery in this case on the basis that the Court lacks jurisdiction over them, their jurisdictional objections have not deprived Loop of receiving the Italian Almawave Defendants' responsive documents (to the extent any such responsive documents exist).

Wallerstein Decl. Ex. B (emphasis added).

In sum, Almawave USA collected and produced not only its own documents, but also those in the possession, custody or control of the Italian Almawave Defendants.  Wallerstein Decl. ¶ 12-14; Sandei Decl. ¶ 3-4.  In fact, the vast majority of the documents that Almawave USA produced were obtained from the Italian Almawave Defendants.  *Id*.

//

11

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

The Almawave Defendants collected and produced documents without regard to which Almawave entity or employee had possession, custody or control of the document.  Wallerstein Decl. ¶ 13; Sandei Decl. ¶ 3.  For purposes of discovery, they assumed that any document within the possession, custody or control of the Italian Almawave Defendants also was in the possession, custody or control of Almawave USA.  *Id*.  Almawave made no distinction between the three Almawave entities for purposes of document collection, review, or production.  *Id*.

### E.    Loop Received Merits Interrogatory Responses.

Even with regard to interrogatories, Loop received all the discovery to which it was entitled.  The Italian Almawave Defendants timely responded to 22 interrogatories to each of them, including five jurisdictional interrogatories.  Wallerstein Decl. ¶ 9; Sandei Decl. ¶ 5.  Loop also propounded these nearly identical 22 interrogatories on Almawave USA.  *Id*.  The substantive responses that Loop received from Almawave USA were virtually the same – if not exactly the same – as the responses that the Italian Almawave Defendants would have provided but for their then-pending objections to jurisdiction.  Sandei Decl. ¶ 5.

Loop filed an open-ended "motion for leave to file motion to compel discovery" (Dkt. 247), which the Court denied.  Dkt. 271.  Loop did not, thereafter, move to compel further responses to any of its interrogatories.

In sum, the Almawave Defendants did not withhold information on the basis that such information was in the possession, custody, and control of, or known only by the Italian Almawave Defendants and not Almawave USA.  Sandei Decl. ¶ 5.

### III.    LOOP'S MOTION SHOULD BE DENIED BECAUSE LOOP REFUSED TO MEET AND CONFER.

Because Loop knew that Almawave USA already had produced the Italian Almawave Defendants' documents, Loop steadfastly declined to meet and confer regarding the discovery responses of the Italian Almawave Defendants.  Instead, Loop claims "gotcha" and argues that the responses are deficient to the point of warranting a default judgment.

This Court's Civil Local Rule 37-1 provides that the "Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37,

12

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

counsel have previously conferred for the purpose of attempting to resolve all disputed issues." Civil L.R. 37-1(a).  This meet-and-confer requirement applies to Loop's Motion.  *See Mahach-Watkins v. Depee*, No. C 05-1143 SI, 2007 WL 1394651, at *1 (N.D. Cal. May 10, 2007).  This Court further requires not only that the parties meet and confer regarding alleged discovery violations, but that they do so in person or on the phone.  Civil L.R. 1-5(n).

As above, Loop never adequately followed this Court's mandatory processes for meeting and conferring regarding the Italian Almawave Defendants' discovery responses.  And Loop certainly never met and conferred about this motion.

The last time Loop's counsel agreed to speak on the phone with Almawave's counsel, September 8, Loop's counsel did not mention any motion for a default judgment.  Instead, Loop referred only to motion for "preclusion."  Wallerstein Decl. ¶ 16.  Loop has since expressly disclaimed preclusion as a remedy it seeks in this motion.  Dkt. 897 at n.2, 900-1.

Beyond asking Almawave if it would agree to be precluded from presenting any evidence at trial, and recounting its view of some alleged discovery abuses, Loop insisted that "there's nothing to meet and confer further because you told me you don't agree to be precluded, so I don't believe I am required to discuss with you other parts" of Loop's motion.  Wallerstein Decl. ¶ 16.  When asked how Loop's motion would differ in any way from the Rule 16 motion already pending, Loop responded that, "[t]hat's not part of our meet and confer . . . .  I don't believe I am required to answer your question."  *Id*.

Loop's refusal to meet and confer on the Italian Almawave Defendants' discovery responses dates back to well before the close of discovery.  Loop was told repeatedly, and at least by December 2015, that Almawave USA was producing documents on behalf of the Italian Almawave Defendants.  Wallerstein Decl. Ex. A (12/10/2015 Tr.) at 20:6-10.  The Almawave Defendants routinely tried to meet and confer with Loop regarding their discovery responses but Loop consistently refused.  Dkts. 582, 647; Wallerstein Decl. Ex. B.

Loop's refusal to meet and confer is not a mere technicality.  Had Loop met and conferred in good faith, or at all, the Italian Almawave Defendants could have supplemented their written discovery responses if appropriate, provided verifications, or otherwise resolved

13

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

whatever prejudice Loop perceives.  Loop cannot refuse to meet and confer about discovery responses, and later claim prejudice, when any prejudice could have been resolved long ago, including prior to the close of discovery.

**CONCLUSION**

Loop obtained all the discovery from the Italian Almawave Defendants to which it was entitled.  But Loop's motion gets one thing right:  litigation is not a game.  Loop can't obtain a default judgment by alleging discovery violations months after the close of discovery, especially when it steadfastly refused to raise any such disputes according to the mandatory procedures of this Court and this Court has never found that the Italian Almawave Defendants' discovery responses were improper, much less that they violated any discovery order.

For at least the foregoing reasons, the Italian Almawave Defendants request that Loop's motion for a default judgment be denied.

Respectfully submitted,

Dated: October 11, 2016                                      **VENABLE LLP**

By:    /s/ Thomas E. Wallerstein
       Thomas E. Wallerstein (SBN 232086)
       Kimberly Culp (SBN 238839)
       505 Montgomery Street, Suite 1400
       San Francisco, CA 94111
       twallerstein@venable.com
       kculp@venable.com
       Tel: (415) 653-3750
       Fax: (415) 653-3755

       *Attorneys for Defendants Almaviva S.p.A.,*
       *Almawave S.r.l., and Almawave USA, Inc.*

14
