VALERIA CALAFIORE HEALY
(*pro hac vice*)
valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York  10013
Telephone:  (212) 810-0377
Facsimile:  (212) 810-7036

Attorneys for Plaintiff
LOOP AI LABS INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| LOOP AI LABS INC., | CASE NO.: 3:15-cv-00798-HSG |
| Plaintiff, | **PLAINTIFF LOOP AI LABS INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDERS AND OBJECTIONS PURSUANT TO FED. R. CIV. P. 72 AND CIV. L.R. 72-2** |
| v. | |
| ANNA GATTI, et al, | Action Filed:  February 20, 2015 |
| Defendants. | Trial Date:    TBD |
| | Hon. Haywood S. Gilliam, Jr. |

This appeal concerns the long running saga of the Magistrate's Orders regarding the Orrick Subpoena, culminating most recently in Order 901, filed on September 29, 2016.[1] MPX-414-15.[2] In connection with the Orrick Subpoena, the Magistrate assured Loop AI that she was preserving its right to appeal the Magistrate's sudden denial of Loop AI's Motion for Contempt, and that Loop AI should await the Magistrate decision on the merits of the Orrick Subpoena. *See* MPX413; MPX408 (filed at Dkt. 905-2). Accordingly, now that the Magistrate has issued her final ruling on the merits of the Orrick Subpoena, Loop AI now seeks relief pursuant to Rule 72 and Civil Local Rule 72-2 from all the Magistrate Orders relating to the Orrick Subpoena to the extent not previously appealed—specifically, Order 901, 156, 323, 330, and 430. *See* MPX413-427.

Because the Magistrate has declined to enforce against AW-USA and Orrick the privilege log requirement of her Standing Order regarding the Orrick Subpoena production Loop AI has no way of knowing exactly what, and how many, documents the Magistrate received ex parte in December 2015 from both Orrick and AW-USA (the "Ex Parte Production").[3] Following entry of Order 901, Loop AI's undersigned counsel received last Friday, October 7, 2016, just under 4000 single page images of documents. The documents were neither in pdfs, nor searchable. Loop AI had no way of attempting to reassemble the individual images into documents for submission in the record as pdfs in time for presenting this appeal.[4] Accordingly the documents submitted as examples here, have been assembled in accordance with categories compiled by Loop AI (e.g., inability to discern what the document is as 100% redacted or 99.9% redacted, etc.

---

[1] In support of this Motion, Loop AI relies on the Declaration of its undersigned counsel dated October 4, 2016 (Dkt. 905-1) and its attached Appendix ("MPX") consecutively numbered MPX215 to MPX412 (Dkt. 905-2), counsel's supplemental Declaration dated October 13, 2016 submitted concurrently herewith, and its supporting exhibits submitted with the Appendix consecutively numbered MPX413 to MPX1127, the documents provided by AW-USA and Orrick to the Magistrate ex parte, which Loop AI respectfully requests be made part of the official record of this case in order to enable appellate review of the issues presented.

[2] MPX459-473. Loop AI personally served the Subpoena on Orrick, its former counsel on **June 1, 2015**.

[3] *See* Dkt. 177 (requesting privilege log); MPX508-16 (noting AW-USA's failure, but denying Loop AI's request that a privilege log be produced).

[4] Although Loop AI advised Almawave USA's counsel of these issues, Mr. Wallerstein responded that the requirements that the Magistrate has imposed on Loop AI apparently do not apply to his client, AW-USA.

as more fully addressed below).  Mr. Wallerstein asserts that the document images AW-USA produced to Loop AI on October 7, 2016 are identical copies of the documents he gave the Magistrate ex parte in December 2015, except that they contain the redactions approved by the Magistrate, and bates numbers (the "AW-USA Ex Parte Production").[5]  Loop AI respectfully requests that the entirety of the Orrick and AW-USA Ex Parte Productions being held in Chambers by the Magistrate be made part of the record of this case so that Loop AI will have an opportunity to obtain appellate review.

**POINTS OF ERROR**

**1.      The Magistrate's Inability to Understand Italian Establishes Clear Error As to Her Privilege Rulings Regarding Italian Language Documents Contained in the AW-USA Ex Parte Production** – In Order 901, the Magistrate indicates that she "has reviewed **each** of the documents" provided to her by AW-USA in the Ex Parte Production.  MPX415 (emphasis added).  The Magistrate states that "the documents contain email communications between Orrick and its then-clients, the Almaviva entities, that were made for the purpose of obtaining or giving legal advice, as well as invoices and billing records for said representation." *Id.*  The AW-USA Ex-Parte Production produced to Loop AI on October 7, 2016 which AW-USA states is identical to what the Magistrate was given ex-parte (albeit without redactions) shows a large number of documents were written in the Italian language, and contain no translation. *See, e.g.,* MPX518-640.[6]  There is no evidence in the record that the Magistrate is fluent in the Italian language such that she could have read and made the judicial determination identified in Order 901.  Based on past rulings, Loop AI has reason to believe that the Magistrate in fact does not understand Italian. *See, e.g.,* Dkt. 203 at 7.  Accordingly, Loop AI respectfully submits that Order 901 must be reversed as to each Italian language document contained in the AW-USA Ex Parte Production, because there is no basis upon which the Magistrate could have found that the

[5] Loop AI still does not know anything about the Orrick Production that the Magistrate received in camera from Orrick and has in her Chambers.  Loop AI respectfully requests that those documents be made part of the record for appellate review.
[6] Because over 3000 pages produced are redacted in their entirety, *see* VCH Decl., Appendix A, and the remaining documents are 99% redacted, *see, e.g.,* MPX-646-879, Loop AI is unable to determine the full extent of Italian language documents contained in the AW-USA Ex Parte production made to the Magistrate.

Italian language emails contained in the AW-USA Ex-Parte Production "were made for the purpose of obtaining or giving legal advice," because she would have had no way of knowing what the emails said.

**2.** **The Magistrate Clearly Erred in Upholding Privilege Because the Movant, AW-USA Never Established Any Privileged Relationship, and Also Lacked the Legal Ability to Invoke Privilege** – AW-USA was the only Almaviva entity that moved for a protective order in respect of the Orrick Subpoena. *See* MPX-414; Dkt. 168. To invoke privilege, AW-USA was required to establish, and the Magistrate was required to find, "the existence of an attorney-client relationship *and* the privileged nature of the communication." *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010) (internal brackets omitted). The Magistrate was required to use the following 8-part test to "determine[] whether information is covered by the attorney-client privilege: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived." *Id.* "The party asserting the privilege bears the burden of proving each of the essential element." *Id. See also, e.g., United States v. Munoz*, 233 F.3d 1117, 1128 (9th Cir. 2000) ("The party asserting attorney-client privilege has the burden of establishing all of the elements of the privilege."). Order 901 fails to explain how under controlling Ninth Circuit precedent the Magistrate could have found that AW-USA properly asserted privilege. First, the documents disclosed show that only the Italian Almaviva entities, and specifically Almawave S.r.l. developed an attorney client relationship with Orrick beginning in April 2014. *See, e.g.,* MPX1106-1115. Orrick's terms of engagement specifically exclude the representation of affiliates and subsidiaries without a formal and separate engagement. MPX1110. The communications provided to Loop AI do not evidence any attorney client relationship with AW-USA, as they all involve, primarily if not exclusively representatives of Almaviva S.p.A. or Almawave S.r.l. *See, e.g.,* MPX646-879; MPX884-1105; MPX1116. For the foregoing reasons, there was no factual or legal basis upon which the Magistrate could have found that AW-USA could invoke privilege. Furthermore, as

Loop AI established in its Opposition to AW-USA's motion, AW-USA is a nonfunctioning entity and incapable of asserting privilege.[7] Order 901 fails to explain, in light of the foregoing legal principles, on what legal basis AW-USA is being permitted to assert privilege.

**3.** **The Magistrate Clearly Erred in Upholding Privilege Without Addressing Loop AI's Waiver Arguments –** In the Ninth Circuit, "[o]ne of the elements that the asserting party must prove is that it has not waived the privilege." *Weil v. Investment/Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981). Although Loop AI was not given an opportunity to know what documents were given to the Magistrate in the Ex-Parte production, Loop AI established that privilege over various aspects of the Orrick production that were addressed in the parties briefs was waived. *See, e.g.,* Dkt. 177, MPX1117-1126. At the December 10, 2016 hearing, Loop AI explained to the Magistrate that without a privilege log it would be impossible for Loop AI to identify the specific documents subject to the waiver or to some other privilege exception. *See, e.g.,* MPX510, 512-513. The Magistrate confirmed that the "position that [she] understood [was] taken is that Sternberg says he didn't know that Gatti worked for Loop [AI]. So if documents indicate otherwise, [she] would see that." *Id.* at MPX513.[8] The AW-USA Ex-Parte Production now provided to Loop AI shows that Mr. Sternberg and Orrick were told in writing that Ms. Gatti was working as the CEO of Loop AI. One of the document that Order 901 orders disclosed (Control No. 74053) is an Italian email attached to an email to Mr. Sternberg. MPX880, 926-27. Because the email is in Italian the Magistrate likely did not understand it, although Mr. Sternberg did because Almaviva testified that he is fluent in Italian. MPX944. The email at MPX926-27 was previously produced by another nonparty and was filed before the presiding District Judge with a translation at Dkt. 285-7 (MPX935-42). Another email shows that contrary to Mr. Sternberg's declaration, he was discussing Ms. Gatti specifically in

---

[7] *See* Dkt. 177 at 8; MPX641-645. *See Rights Archive, LLC v. Google, Inc.*, No. 09-Misc-80004, 2010 U.S. Dist. LEXIS 11581, at *5 (N.D. Cal. Feb. 9, 2010) ("the court concludes that a dissolved *or non-functioning corporation may not assert the attorney-client privilege.*" (emphasis added)); *Lopes v. Vieira*, 688 F. Supp. 2d 1050 (E.D. Cal. 2010) (same).

[8] Indeed, it was based on that position identified by the Magistrate, as well as Mr. Sternberg's declaration under penalty of perjury that **he did not give legal advice regarding the Gatti-Almawave employment agreement**, and that Orrick simply adapted a template, that the presiding District Judge found that Sternberg did not breach his fiduciary duty to Loop AI. *See* Dkt. 402.

connection with Orrick's terms of engagement and that he was involved in many communications regarding Ms. Gatti's employment with Almawave. *See, e.g.,* MPX1116; MPX-880. Although Loop AI does not have sufficient space to address the various waiver arguments, Loop AI respectfully submits that Order 901 is clearly erroneous because it fails to even explain how the Magistrate determined that no waiver had occurred. This error is particular important, because the Almaviva Defendants rely on the same arguments, as well as Mr. Sternberg's and Ms. Sandei's declaration in support of their summary judgment. *See, e.g.,* Dkt. 740-19.

**4.** **Other Errors** – Loop AI respectfully requests leave to submit full briefing because it does not have sufficient space to address the remaining errors in the Magistrate's rulings. Accordingly, it lists them here summarily: **(a)** The Magistrate clearly erred in approving redactions that make it impossible for Loop AI to know what is being withheld and how the Magistrate determined privilege to exist – The AW-USA Ex Parte Production given to Loop AI on October 7, 2016 contains thousands of pages that are redacted in their entirety, and hundreds that show only the sender or recipient of emails. *See* MPX646-879 (showing names only); Appendix A (showing nothing). This production falls substantially below any approved method of claiming privilege in the Ninth Circuit.[9] Particularly in light of the Magistrate's nuclear sanction against Loop AI for providing an insufficient privilege log, the Magistrate clearly erred in applying a totally different standard here, refusing to enforce her own privilege log requirement in the Standing Order, and refusing to give Loop AI any basis to understand what she reviewed ex parte to find privilege. **(b) The Magistrate clearly erred in suddenly denying Loop AI's Motion for Contempt regarding the Orrick Subpoena.** The Magistrate acted *ultra vires* in suddenly denying Loop AI's Motion for Contempt regarding the Orrick Subpoena. MPX428-500; MPX349-359 (Dkt. 905-2). The motion that was never referred to her, was not fully briefed, and was of a type that the Federal Magistrate Act and binding Ninth Circuit case law precluded her from deciding. *See* MPX428-431; MPX434.

---

[9] *See, e.g., Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129-130 (9th Cir. 1992) (requiring "line-by-line justification for each requested redaction.").

Respectfully submitted,

October 13, 2016                    By:   /s/ *Valeria Calafiore Healy*

Valeria Calafiore Healy, Esq. (*phv*)
Valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone:     (212) 810-0377
Facsimile:     (212) 810-7036


Attorneys for Plaintiff
LOOP AI LABS, INC.