UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>    Plaintiff,<br><br>v.<br><br>ANNA GATTI, et al.,<br><br>    Defendants. | Case No. 15-cv-00798-HSG<br><br>**ORDER**<br><br>Re: Dkt. No. 905 |

Plaintiff Loop AI Labs, Inc. has filed a document styled as a "motion for relief from nondispositive pretrial order and objections." Dkt. No. 905. In reality, the document contains a string of astonishing, and unsubstantiated, allegations of misconduct on the part of Magistrate Judge Donna Ryu, who has ably overseen the discovery in this case for nearly two years, and her law clerk. The accusations in this filing are characteristic of the outlandish and unprofessional manner in which Plaintiff's counsel, Valeria Healy, has litigated this case, and cannot go unaddressed by this Court. If Plaintiff's counsel is going to accuse a judicial officer and her staff of misconduct, the Court insists that she fully substantiate, under oath, every fact on which she bases these extraordinarily serious allegations. This order directs counsel to do exactly that, by 5:00 p.m. on October 24, 2016.

**I.   BACKGROUND**

    **A.   Judge Ryu's Underlying Order**

On September 20, 2016, Judge Ryu granted Defendant Almawave USA, Inc. ("Almawave") leave to file a motion to recover Almawave witness Luca Ferri's deposition-related travel expenses. Dkt. No. 893. Judge Ryu gave Almawave the opportunity to file a three-page letter brief in support of the motion, and gave Plaintiff the opportunity to file a three-page opposition. *See id.* Accordingly, Plaintiff's purported "motion for relief" appeals not an actual

sanctions order, but instead an order that simply allows each party the opportunity to present its position on Almawave's request to recover expenses.

Healy's allegations of judicial misconduct relate to a dispute between the parties that arose during the January 20, 2016 deposition of Mariantonietta Perri. *See* Dkt. No. 905-1 ("Healy Decl.") ¶ 15; *see also* Docket No. 905-2 at MPX-324. Healy claims that Judge Ryu's law clerk held an ex parte phone call with Almaviva Defendants' counsel. Healy Decl. ¶¶ 21-23. Healy claims that she was told of this alleged communication by the interpreter who was present for the deposition. *Id.* ¶ 23. But Healy has not submitted a declaration from the interpreter, or any other evidence, to substantiate the allegation that an ex parte communication with counsel occurred. In addition, Healy claims that Judge Ryu's law clerk "held a sort of hearing" by phone. *See id.* ¶ 23. In fact, the transcript of this telephonic conference shows that Judge Ryu's law clerk listened to a statement by each of the Parties, took "copious notes[,]" and promised to communicate the information to Judge Ryu so that Judge Ryu could promptly issue an order and the deposition could move forward. *See* Dkt. No. 905-2 at MPX-270: 10-15, MPX-278: 16-19. Appropriately, Judge Ryu's law clerk made clear that she only had authority to gather information, not render any sort of ruling. *See id.* at MPX-278: 22-25 ("Again, I'm just the law clerk, and not the judge. I can't grant you permission to submit anything. It's not my place. It's not appropriate.")

B. **Counsel's Unsubstantiated Allegations of Misconduct by Judge Ryu and her Staff**

In her filing, Healy accuses Judge Ryu and her law clerk of serious misconduct. That accusation rests on at least the following assertions, none of which Healy supports with specific facts sworn under oath. Given the gravity of these accusations, Healy is ordered to submit a sworn declaration, under penalty of perjury, containing each and every fact supporting the following claims and characterizations:

1. Healy characterizes Judge Ryu's law clerk as "a law school classmate and social acquaintance of Almaviva Defendants' counsel, Ms. Kimberly Culp." Dkt. No. 905 ("Mot.") 1:21-23. Similarly, Healy declares that "Ms. Culp is well acquainted with . . . [Judge Ryu's law clerk] because they were in the same class in law school, at UC

2

Hastings College of Law . . . ." Healy Decl. ¶ 22. Healy must provide all facts on which she bases her claim that defense counsel and Judge Ryu's law clerk are "social acquaintances" or "well acquainted." The fact that two people are part of the same graduating class of hundreds of students in no way establishes, or even suggests, the improper bias that Healy's motion asserts. Healy must specifically identify any basis in her personal knowledge for her characterization of the purported relationship between defense counsel and Judge Ryu's law clerk. If she has no basis in personal knowledge for this characterization, she must so admit in the sworn declaration.

2. Healy contends that Defendant Almawave USA, Inc. engaged in "improper ex parte communications with [Judge Ryu's law clerk]." Mot. 4:16. Healy must provide, in detail, all facts she contends establish such improper ex parte communications. If, as appears to be the case, Healy did not hear the alleged "ex parte communications" firsthand, she must submit evidence, under oath, from someone with personal knowledge. *See* Healy Decl. ¶ 23 (Healy admits that she "learned of [defense counsels'] ex parte communication with [Judge Ryu's law clerk] later that day from the interpreter who indicated that she and [defense counsel] spoke to [Judge Ryu's law clerk]").

3. Healy asserts that Almawave USA "improper[ly] procur[ed]" Order 397 "from [Judge Ryu's law clerk]." Mot. 4:17-18. Healy must provide all facts supporting her allegation that counsel "procured" an order from Judge Ryu's law clerk. In other words, Healy appears to insinuate, with no basis whatsoever, either that Judge Ryu's clerk, rather than the judge herself, issued the order in question, or that Judge Ryu's clerk somehow acted improperly with regard to the order. *See* Healy Decl. ¶ 26 (claiming that in Order 397, a written order signed by Judge Ryu, "[Judge Ryu's law clerk] characterizes statements . . . as [Healy's] concessions"), ¶ 31 (claiming that "there is no case law supporting the relief [Defense counsel] was able to obtain from [Judge Ryu's law clerk]"); Mot. 4:15-19 (asserting that phone call on January 20 was "[law clerk's] unlawful hearing"). It should go without saying that it is not improper in

3

any way for a law clerk to make a recommendation to a judge regarding the resolution of a discovery dispute.

4. Healy claims that Judge Ryu's law clerk "s[ought] to influence the Judge to issue Orders in favor of Almaviva and against Loop AI, based solely on [Judge Ryu's law clerk's] determinations derived from communications she had no power to entertain." Mot. 4:21-23. Healy must provide all facts supporting the allegation that Judge Ryu's law clerk did anything improper in any way. Again, it should be plain to any competent attorney that there is nothing improper about a law clerk gathering information from the parties regarding a discovery dispute while the judge is unavailable, then conveying that information to the judge so the judge can resolve the dispute.

Healy contends in her filing that she "means no disrespect to any judicial officer, or their staff," and asserts that she "is required to submit this appeal so that [Loop] can preserve an important issue for further review." Dkt. No. 905 at 1. That weak disclaimer reflects a profound lack of appreciation for what a serious matter it is to accuse the Court and its staff of ethical violations on the flimsy grounds asserted in Healy's filing. A declaration "to the best of [Healy's] knowledge, information and belief," Healy Decl. at 1, will not suffice to back up these extraordinarily serious allegations. Instead, Healy is ordered to present all facts, under oath and in detail, that she claims support the above accusations. Failure to comply with this order by October 24 will result in sanctions.

**IT IS SO ORDERED.**

Dated: 10/19/2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge