VALERIA CALAFIORE HEALY (*pro hac vice*)
HEALY LLC
154 Grand Street
New York, New York  10013
Telephone:    (212) 810-0377
Facsimile:     (212) 810-7036

Attorneys for Plaintiff
LOOP AI LABS INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC., | CASE NO.: 3:15-cv-00798-HSG-(DMR) |
| Plaintiff, | **PLAINTIFF LOOP AI LABS INC'S ADMINISTRATIVE MOTION PURSUANT TO CIV. L.R. 7-7(b)(2) AND 6-3 TO CONTINUE HEARING SCHEDULED BY ORDER AT DKT. 912 AND FOR OTHER RELIEF** |
| v. | |
| ANNA GATTI, et al, | Action Filed:  February 20, 2015 |
| Defendants. | Trial Date: TBD |
| | Hon. Donna M. Ryu |

Pursuant to Civil Local Rules 7-7(b)(2), 6-3 and to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, Plaintiff Loop AI Labs Inc. ("Loop AI") respectfully requests (1) that the hearing scheduled for October 31, 2016 by Order issued on October 18, 2016 at Docket No. 912 ("Order 912"), be stayed or, at least, continued until the first week of December 2016, and (2) that the Court provide particularized notice as to (a) the type of hearing it is contemplating (whether it is an evidentiary hearing or a simple hearing to hear counsel's argument), (b) the type of sanction(s) or other action the Court is considering for each of the motions brought by Almawave USA Inc. ("AW-USA") listed in Order 912, (c) the legal authority relevant to each sanction or other action under consideration and (d) if the hearing will be evidentiary in nature whether discovery will be available in advance of the hearing, in each case in order to avoid the substantial prejudice that that Loop AI will suffer absent the ability to be properly prepared to participate effectively in the hearing and to appropriately address the issues of fact and law that the Court wishes or expects to be addressed.

In support of this request, Loop AI respectfully submits the Declaration of the undersigned counsel and also states as follows:

1. Rule 6(b)(1) provides that "the court may, for good cause, extend the time" "when an act may or must be done within a specified time." Fed. R. Civ. P. 6(b)(1). " 'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010). Rule 6(b)(1) "like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010). "Consequently, requests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith or prejudice to the adverse party.'" *Id.* at 1259. In this case, good cause exists for Loop AI's requested extension of time for the following reasons.

2. **Prejudice to Loop AI Resulting From Insufficient Time to Prepare for Hearing –** Order 912 directs Loop AI to appear at a hearing within less than 14 days from issuance of the Order to address five separate sanctions motions. Loop AI's counsel had no prior

notice that the Court would be scheduling a hearing on any of the motions listed, or any other motion. The administrative and letter motions brought by Defendant Almawave USA Inc. ("AW-USA") listed for a hearing on October 31, 2016, Motions at Dkt. 546, 597, 840, 895 are all sanctions motions which raise very serious concerns for Loop AI and accordingly basic principles of fairness require that Loop AI and its counsel should have a reasonable amount of time to prepare and should be provided the information requested herein. If the relief requested here is not granted, Loop AI will be substantially prejudiced. Loop AI's counsel does not have sufficient time to prepare for the hearing, because of numerous important deadlines in this case, which include two deadlines on October 24, 2016 to address Orders of the presiding District Judge, and a deadline of the Ninth Circuit to respond to any submission that will be made by the Defendants in response to the Court's Order issued on October 20, 2016. In addition, Loop AI's counsel has pre-existing professional and personal obligations during the last week of October and through November 16, 2016 and does not have sufficient time to prepare for such an important hearing.

**3. Prejudice to Loop AI Resulting From Insufficient Notice of The Type and Issues to Be Addressed At Hearing –** The AW-USA Motions listed in Order 912 are all administrative motions and one 3-page letter brief. None of these Motions comply with Civil Local Rule 7-8 and none of these motions identify any Federal Rule on which they are based. At least two of the motions do not contain a legal citation at all. At least one of the Motions appears to seek the imposition of a fine (Motion 597), and is based on an order made by the Magistrate Judge during a meet and confer which was issued without any notice or motion and without giving Loop AI an opportunity to respond, other than object to the Order during the call. No transcript of this call exists and one will need to be prepared from the audio-recording made by AW-USA. Because the AW-USA Motions provide insufficient notice of the grounds for the many sanctions sought, Loop AI cannot reasonably prepare to meet the charges made unless the additional information requested herein is provided and Loop AI is afforded a reasonable amount of time to prepare following the receipt of that information. Further, Order 912 does not specify (1) whether the Court is planning to hold an evidentiary hearing in which witnesses will be called

3:15-CV-00798-HSG-DMR                                PLAINTIFF'S MOTION FOR EXTENSION

or will simply hear counsels' arguments, and (2) what specific sanctions the Court is considering. Loop AI requests that clarification of the grounds for each sanction, the type of sanction, and the type of hearing contemplated (i.e., whether it is an evidentiary hearing or counsel's hearing) be provided so that Loop AI can avoid the prejudice that it will suffer if it is not afforded the information and time required to properly prepare to meet the issues.

**4.   No Prejudice to Almawave USA and No Inconvenience to the Court –** Granting the relief requested will not prejudice any other party.  Specifically, the AW-USA Administrative Motions for Sanctions do not relate to any pending matter and do not related to any aspects of the merits of this case, rather they seek various types of monetary sanctions. Whether the Court hears those motions on October 31, 2016 or at a later date will not affect the outcome or any issue in the case in any way, and will not affect any aspect of the calendar of this case since the case appears to have been currently stayed pending the presiding District Judge review of the Order to Show Cause issued at Dkt. 894.  A continuance of the Motion brought by Loop AI against the Italian Almaviva Defendants will also not result in any prejudice because the Motion seeks preclusive sanctions relating to summary judgment and trial, both of which appear to have been stayed pending the Court's review of the issues listed in Judge Gilliam's Order to Show Cause at Dkt. 894.  For the same reasons, Loop AI does not know of any reason that would cause the Court any inconvenience if the relief requested herein is granted.

5.   Loop AI's counsel has previously been diligent in attempting to determine the hearing date of the only motion listed in Order 912 that was previously scheduled for a hearing. Specifically, Motion 731 was scheduled for a hearing on August 25, 2016 before the presiding District Judge.  When the hearing was taken off the calendar, Loop AI's counsel diligently called the Calendar Clerk and Scheduling Clerk at 510-637-3639 and 510-637-3537 listed on the Court's website and left messages on August 9 and August 16, 2016 inquiring whether a hearing would be scheduled on Motion 731, in order to ensure counsel could make appropriate advance arrangements to prepare for and appear at any hearing.  *See* VCH Decl., and Exhibit 1.  Loop AI did not receive any response and therefore did not reserve the October 31, 2016 hearing date now ordered.

6.   Loop AI's counsel also has been diligent in seeking specification of the basis at issue in the AW-USA's Administrative Motions for Sanctions by requesting that the administrative motions be denied and that proper motions be brought so that Loop AI can have reasonable notice of the legal grounds for the motion and an opportunity to respond to them.  In addition, at least one of the motions, Motion 840, involves statements by a court reporter and by an attorney that AW-USA's counsel subpoenaed in July 2016 without the Court's permission, but as to which Loop AI had no discovery.  Loop AI needs to understand the legal basis for the motion and needs to be allowed an opportunity for discovery in order to respond to the motion.

**Loop AI Also Seeks A Stay of the Hearings Pending Review**

7.    Loop AI also believes Order 912 should be stayed pending Loop AI's ability to seek to review and a *vacatur* regarding several of the Motions.  Loop AI did not know that Motion 840 was referred to the Magistrate Judge.  When the Motion was filed, the presiding District Judge issued an Order directing that it be provided with the transcript and videos relating to Motion 840 and Loop AI did not know Motion 840 had been referred.  Motion 840 does not raise any discovery dispute and Loop AI respectfully submits that content of the Motion requires that it be heard by the presiding District Judge.  Similarly, Loop AI respectfully submits that Motion 597 appears to seek punitive sanctions, and Motion 731 seeks sanctions dispositive of a claim that may not properly be referred under 28 U.S.C. 636 and this Court's General Order 42.

8.    Further, as set forth in Loop AI's Petition for a Writ of Mandamus, Loop AI believes that the administrative procedure process by which AW-USA's Motion are being heard by the Court is improper because it is inconsistent with the requirements of the Federal Rules of Civil Procedure and the Civil Local Rules.  As set forth in the Petition, Loop AI's position is that the Court's procedures have deprived Loop AI of its right to due process and have causes substantial prejudice to Loop AI and its counsel.  In light of the Ninth Circuit's Order indicating it is likely to review this issue in the context of another sanction issued by the Court, and because the decision of the Ninth Circuit is likely to provide guidance on this issue, Loop AI respectfully requests that the Court stay its hearing pending a ruling by the Ninth Circuit.  Doing so is consistent with avoiding inefficient use of judicial and other resources and will not prejudice any

3:15-CV-00798-HSG-DMR                                        PLAINTIFF'S MOTION FOR EXTENSION

other party.   Granting Loop AI's requested continuance and/or stay will not prejudice any party, because the Court has vacated the remainder of the case management order pending sanctions proceedings before Judge Gilliam against Loop AI, and there are no current deadlines that would in any way be affected by the continuance and/or stay that Loop AI seeks by this Motion.  By contrast, as described above a failure to grant the requested relief is likely to cause substantial prejudice to Loop AI.  Granting Loop AI's requested continuance and/or stay will also be useful because it will allow Loop AI a reasonable amount of time to address each of the issues listed above.

9.    During the pendency of this litigation the following modifications of time to respond to motions have occurred:  A 3-day extension of time for Loop AI to respond to a motion to dismiss for lack of personal jurisdiction.  Dkt. Nos. 82 and 83. An xtension of time to reply to Loop AI's  opposition to their motion to dismiss for lack of personal jurisdiction.  Dkt. Nos. 85 and 90.  A 3-week extension of time to file a reply to Loop AI's motion to disqualify, resulting in a total amount of time to respond to Loop AI's Motion to Disqualify of 5-weeks. Dkt. 199, 202 and 209.  A 1-week extension of time for Loop AI Labs Inc. to respond to a discovery motion at Dkt. 459 and to a motion to dismiss at Dkt. 469.  *See* Dkts. 505 and 510. A 4-day extension of time (including only 1 additional business day, and 3 days over a federal holiday weekend) for Loop AI to respond to various motions for summary judgment and related motions. A 6-day extension of time to respond to a sanction motion requiring Loop AI to respond within four court days.  *See* Dkt. 864.   A 3-week extension for Loop AI to respond to Judge Gilliam's recent Order to Show Cause.

10.    Loop AI's undersigned counsel has informed counsel for Almawave USA (the movant) and for the Italian Almaviva Defendants (the parties subject to Motion 731) that it intended to file this Motion and has asked them to advise whether they oppose it.  Because of the short time remaining to respond to Order 912, Loop AI is filing this Motion before receiving a response from the Defendants.  For the foregoing reasons, Loop AI respectfully requests that the Court grant this Motion and stay the October 31st Hearing, or at least grant a continuance of the hearing until December 2016.

Respectfully submitted,

October 20, 2016                By:   /s/ *Valeria Calafiore Healy*

Valeria Calafiore Healy, Esq. (*phv*)
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone:     (212) 810-0377
Facsimile:      (212) 810-7036

Attorneys for Plaintiff
LOOP AI LABS, INC.

3:15-CV-00798-HSG-DMR                                    PLAINTIFF'S MOTION FOR EXTENSION