VALERIA CALAFIORE HEALY (*pro hac vice*)
valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York  10013
Telephone:    (212) 810-0377
Facsimile:    (212) 810-7036

Attorneys for Plaintiff
LOOP AI LABS INC.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC., | CASE NO.: 3:15-cv-00798-HSG-DMR |
| Plaintiff, | |
| v. | **DECLARATION OF VALERIA CALAFIORE HEALY IN SUPPORT OF LOOP AI LABS INC.'S MOTION TO CONTINUE HEARING AND FOR OTHER RELIEF** |
| ANNA GATTI, et al, | |
| Defendants. | Action Filed:  February 20, 2015<br>Trial Date:  TBA |
| | Hon. Donna M. Ryu |

I, Valeria Calafiore Healy hereby declare under penalty of perjury that the following statements are true and correct to the best of my knowledge, information and belief:

1.      I am an attorney admitted to practice law in the State of New York and have been admitted *pro hac vice* by this Court as counsel for Plaintiff Loop AI Labs Inc. (the "Plaintiff" or "Loop AI") in this action. I have been Loop AI's lead counsel in this case since its inception.

2.      I am familiar with the investigation and proceedings in the above-captioned action and submit this Declaration in connection with Loop AI's Motion to Continue the Hearing and for Other Relief Regarding the hearing order at Dkt. 912 ("Order 912").

3.      Order 912 directs Loop AI to appear at a hearing within less than 14 days from issuance of the Order to address five separate sanctions motions. Loop AI's counsel had no prior notice that the Court would be scheduling a hearing on any of the motions listed, or any other motion. The administrative and letter motions brought by Defendant Almawave USA Inc. ("AW-USA") listed for a hearing on October 31, 2016, Motions at Dkt. 546, 597, 840, 895 are all sanctions motions which raise very serious concerns for Loop AI and accordingly basic principles of fairness require that Loop AI and its counsel should have a reasonable amount of time to prepare and should be provided the information requested herein. If the relief requested here is not granted, Loop AI will be substantially prejudiced. Loop AI's counsel does not have sufficient time to prepare for the hearing, because of numerous important deadlines in this case, which include two deadlines on October 24, 2016 to address Orders of the presiding District Judge, and a deadline of the Ninth Circuit to respond to any submission that will be made by the Defendants in response to the Court's Order issued on October 20, 2016. In addition, I have pre-existing professional and personal obligations during the last week of October and through November 16, 2016 and do not have sufficient time to prepare for such an important hearing.

4.      The AW-USA Motions listed in Order 912 are all administrative motions and one 3-page letter brief. None of these Motions comply with Civil Local Rule 7-8 and none of these motions identify any Federal Rule on which they are based. At least two of the motions do not contain a legal citation at all. At least one of the Motions appears to seek the imposition of a fine (Motion 597), and is based on an order made by the Magistrate Judge during a meet and confer

which was issued without any notice or motion and without giving Loop AI an opportunity to respond, other than object to the Order during the call.  No transcript of this call exists and one will need to be prepared from the audio-recording made and being held by AW-USA.  Because the AW-USA Motions provide insufficient notice of the grounds for the many sanctions sought, I cannot reasonably prepare to meet the charges made unless the additional information requested herein is provided and Loop AI is afforded a reasonable amount of time to prepare following the receipt of that information.  Further, Order 912 does not specify (1) whether the Court is planning to hold an evidentiary hearing in which witnesses will be called or will simply hear counsels' arguments, and (2) what specific sanctions the Court is considering.  I respectfully request that clarification of the grounds for each sanction, the type of sanction, and the type of hearing contemplated (i.e., whether it is an evidentiary hearing or counsel's hearing) be provided so that Loop AI can avoid the prejudice that it will suffer if it is not afforded the information and time required to properly prepare to meet the issues.

5.    I believe that granting the relief requested will not prejudice any other party. Specifically, the AW-USA administrative motions for sanctions do not relate to any pending matter and do not related to any aspect of the merits of this case, rather they seek various types of monetary sanctions.  I believe that whether the Court hears those motions on October 31, 2016 or at a later date will not affect the outcome or any issue in the case in any way, and will not affect any aspect of the calendar of this case since the case appears to have been currently stayed pending the presiding District Judge review of the Order to Show Cause issued at Dkt. 894.  I also believe that a continuance of the Motion brought by Loop AI against the Italian Almaviva Defendants will also not result in any prejudice because the Motion seeks preclusive sanctions relating to summary judgment and trial, both of which appear to have been stayed pending the Court's review of the issues listed in Judge Gilliam's Order to Show Cause at Dkt. 894.  For the same reasons, Loop AI does not know of any reason that would cause the Court any inconvenience if the relief requested herein is granted.

6.    I have been diligent in attempting to determine the hearing date of the only motion listed in Order 912 that was previously scheduled for a hearing.  Specifically, Motion 731

DECLARATION OF VCH

was scheduled for a hearing on August 25, 2016 before the presiding District Judge.  When the hearing was taken off the calendar, I diligently called the Calendar Clerk and Scheduling Clerk at 510-637-3639 and 510-637-3537 listed on the Court's website and left messages on August 9 and August 16, 2016 inquiring whether a hearing would be scheduled on Motion 731, in order to ensure counsel could make appropriate advance arrangements to prepare for and appear at any hearing.  *See* VCH Decl., and Exhibit 1.  I did not receive any response and therefore did not reserve the October 31, 2016 hearing date and additional travel time required to appear for the date now ordered.

7.    I have also been diligent in seeking specification of the basis at issue in the AW-USA's administrative motions for sanctions by requesting that the administrative motions be denied and that proper noticed motions be brought so that Loop AI can have reasonable notice of the legal grounds for the motion and an opportunity to respond to them.  In addition, at least one of the motions, Motion 840, involves statements by a court reporter and by an attorney that AW-USA's counsel subpoenaed in July 2016 without the Court's permission.  Loop AI, however, has not had any opportunity for discovery and I did not believe appropriate issuing subpoenas as AW-USA has done, both because the matters at issue in Motion 840 do not relate to the merits of this case and because fact discovery in this case closed in March 2016.  My client will be substantially prejudiced if we are not given the opportunity to understand the legal basis for the motion and are allowed an opportunity for discovery in order to respond to the motion and present evidence at a hearing.

8.    In addition, I did not know that Motion 840 was referred to the Magistrate Judge.  When the Motion was filed, the presiding District Judge issued an Order directing that it be provided with the transcript and videos relating to Motion 840 and Loop AI did not know Motion 840 had been referred.  Motion 840 does not raise any discovery dispute and Loop AI respectfully submits that content of the Motion requires that it be heard by the presiding District Judge.  Similarly, Loop AI respectfully submits that Motion 597 appears to seek punitive sanctions, and Motion 731 seeks sanctions dispositive of a claim that may not properly be referred under 28 U.S.C. 636 and this Court's General Order 42.

9.    I believe that granting Loop AI's requested continuance and/or stay will not prejudice any party, because the Court has vacated the remainder of the case management order pending sanctions proceedings before Judge Gilliam against Loop AI, and there are no current deadlines that would in any way be affected by the continuance and/or stay that Loop AI seeks by this Motion.  By contrast, as described above a failure to grant the requested relief is likely to cause substantial prejudice to Loop AI.  Granting Loop AI's requested continuance and/or stay will also be useful because it will allow Loop AI a reasonable amount of time to address each of the issues listed above.

10.    I called Mr. Wallerstein today to inform him that I intended to file this motion and determine if he opposes it.  Because of the short time available to the scheduled hearing, Loop AI is filing this Motion before receiving a response from the Defendants.

Respectfully submitted,

Executed: October 20, 2016
        New York, New York

/s/ Valeria Calafiore Healy

Valeria Calafiore Healy

3:15-CV-00798-HSG-DMR                                                DECLARATION OF VCH

# EXHIBIT 1



VALERIA C. HEALY
154 GRAND ST
NEW YORK, NY 10013-3141

**Page:** A-3 of 18
**Bill Cycle Date:** 07/14/16 - 08/13/16
**Account:**

Visit us online at: **www.att.com**

## 917 595-0491
### VALERIA C. HEALY

**Call Detail** - Continued

| Time | Place Called | Number Called | Rate Code | Feature Code | Min | Airtime Charges | LD/Add'l Charges |
|------|-------------|---------------|-----------|--------------|-----|-----------------|------------------|
| | | | | | | | |

| Time | Place Called | Number Called | Rate Code | Feature Code | Min | Airtime Charges | LD/Add'l Charges |
|------|-------------|---------------|-----------|--------------|-----|-----------------|------------------|
| **Tuesday, 08/09** | | | | | | | |
| 03:26p | OKLD M CA | 510-637-3639 | | | 2 | | |
| 03:28p | OKLD M CA | 510-637-3537 | | | 2 | | |



VALERIA C. HEALY
154 GRAND ST
NEW YORK, NY 10013-3141

**Page:** A-1 of 13
**Bill Cycle Date:** 08/14/16 - 09/13/16
**Account:**

Visit us online at: **www.att.com**

## 917 595-0491
**VALERIA C. HEALY**

**Call Detail**

| Time | Place Called | Number Called | Rate Code | Feature Code | Min | Airtime Charges | LD/Addl Charges |
|------|-------------|---------------|-----------|--------------|-----|-----------------|-----------------|
| Tuesday, 08/16 | | | | | | | |
| 04:06p | OKLD M CA | 510-637-3639 | | | 4 | | |