United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LOOP AI LABS INC,

Plaintiff,

v.

ANNA GATTI, et al.,

Defendants.

Case No. 15-cv-00798-HSG (DMR)

**ORDER DENYING ADMINISTRATIVE MOTION TO CONTINUE HEARING**

Re: Dkt. No. 916

On October 18, 2016, the court issued a notice and order setting an October 31, 2016 hearing date for five discovery motions brought by Plaintiff Loop AI Labs Inc. and the Almawave Defendants. [Docket No. 912.] On October 20, 2016, Plaintiff filed an administrative motion to continue the hearing and for "other relief;" the Almawave Defendants oppose Plaintiff's motion. [Docket Nos. 916, 917.]

Plaintiff asks the court to continue the hearing to the first week of December 2016. In support of this request, Plaintiff cites to pending obligations in this case, including two October 24, 2016 deadlines to address orders by the Honorable Haywood S. Gilliam. These deadlines do not support a continuation of a hearing that will take place a full week later. Plaintiff also refers to an unspecified "deadline of the Ninth Circuit to respond to any submission that will be made by the Defendants in response to the Court's Order issued on October 20, 2016." Plaintiff does not explain this cryptic reference, nor is the court able to decipher it; the court notes that there were no orders entered in this case on October 20, 2016.

Plaintiff next cites unspecified "pre-existing professional and personal obligations" during the last week of October and through November 16, 2016. Although Plaintiff asserts that counsel has "pre-existing . . . obligations" around the time of the hearing, Plaintiff does not explain what the obligations are and how they impact the October 31, 2016 hearing date. If Plaintiff's counsel

United States District Court
Northern District of California

is unable to travel to California to appear at the hearing in person, Plaintiff's counsel may submit a request for permission to appear by telephone in accordance with the court's Standing Order; such requests require a demonstration of good cause. Plaintiff's motion to continue the October 31, 2016 hearing is denied.

In addition to its request to continue the hearing, Plaintiff asks for "other relief," including clarification of the type of hearing that will take place on October 31, 2016. The court will hear oral argument on the five fully briefed motions, and will not be conducting an evidentiary proceeding. Plaintiff also asks the court for substantive information, including the basis for sanctions sought by the Almawave Defendants. The court refers Plaintiff to the motions themselves.

To the extent that Plaintiff requests that any of these motions be heard by Judge Gilliam, the request is denied. All discovery in this matter has been referred to the undersigned. [*See* Docket No. 113.]

To the extent Plaintiff asks the court to defer its consideration of the motions, the court declines to do so.

Finally, in their response to Plaintiff's administrative motion, the Almawave Defendants indicate that they oppose Plaintiff's request for any continuance "beyond a few days," but note that one of their attorneys, Kimberly Culp, is not available on October 31, 2016. [Docket No. 917.] The court does not require Ms. Culp's attendance at the hearing. However, defense counsel shall be fully briefed on all five motions, and shall be prepared to answer the court's questions regarding Ms. Culp's June 29, 2016 declaration related to Plaintiff's motion for sanctions (Docket No. 773-1), should such questions arise.

**IT IS SO ORDERED.**

Dated: October 24, 2016




Donna M. Ryu
United States Magistrate Judge