UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ANNA GATTI, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-00798-HSG<br><br>**ORDER**<br><br>Re: Dkt. No. 919 |

　　　　The Court has reviewed Plaintiff's counsel's declaration in response to the Court's order at Dkt. No. 915. Significantly, counsel refuses to submit any firsthand evidence from the interpreter regarding exactly what occurred during what counsel alleges was an "improper ex parte communication" between defense counsel, the interpreter and Magistrate Judge Ryu's law clerk. Dkt. No. 905 at 4; Dkt. No. 919 at 12 ("I have not asked [interpreter] to give me a declaration, as the Court directs me to do, because it is not my place to do so and I am not required to put [interpreter] in the difficult situation to corroborate what I know she told me."). Of course, both what the interpreter told counsel <u>and</u> what actually happened during the communication at issue are highly relevant, and counsel admits no firsthand knowledge as to the second point. Counsel also says that she obtained information supporting her allegation that defense counsel and Judge Ryu's law clerk are "social acquaintances" or "well-acquainted," but declines to say from whom she received that information. Dkt. No. 919 at 7-8 ("I am not required to provide the Court the name of the member of the [UC Hastings] Class of 2005 from whom I learned about [defense counsel] and [Judge Ryu's law clerk] and decline to do so because I have no right or obligation to negatively affect this person in his relationships and career."). Counsel now further alleges that she "believe[s] that defense counsel's familiarity with [Judge Ryu's law clerk] is relevant to the issues . . . addressed in Appeal 905 and to the manner in which defense counsel reached out to

[Judge Ryu's law clerk]." *Id.* at 8-9.

Given counsel's refusal to provide firsthand information regarding the basis for key allegations, and the seriousness of those allegations, the Court concludes that Judge Ryu's law clerk should have the opportunity to respond directly if she wishes. Judge Ryu's law clerk can speak clearly and without qualification based on firsthand knowledge about what occurred. The Court invites Judge Ryu's law clerk to submit a declaration if she wishes responding to the allegations made by plaintiff's counsel in the filings at Dkt. Nos. 905, 905-1 and 919. If Judge Ryu's law clerk chooses to do so, such declaration should be filed by November 4, 2016. The matter will be deemed submitted at that time unless otherwise ordered. No other filings from the parties will be permitted in connection with this matter.

**IT IS SO ORDERED.**

Dated: 10/28/2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge