VALERIA CALAFIORE HEALY
(*pro hac vice*)
valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York  10013
Telephone:	(212) 810-0377
Facsimile:	(212) 810-7036


Attorneys for Plaintiff
LOOP AI LABS INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC., <br><br> Plaintiff, <br><br> v. <br><br> ANNA GATTI, et al, <br><br> Defendants. | CASE NO.: 3:15-cv-00798-HSG <br><br> **PLAINTIFF LOOP AI LABS INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDERS AT DKT. 912 AND 921 AND OBJECTIONS PURSUANT TO CIV. L.R. 72-2, FED. R. CIV. P. 72(a) AND 28 U.S.C. § 636 AND APPLICATION FOR DISCOVERY, FULL BRIEFING AND AN EVIDENTIARY HEARING ON ADMINISTRATIVE MOTION 840** <br><br> Action Filed:  February 20, 2015 <br> Trial Date:  TBD <br><br> Hon. Haywood S. Gilliam, Jr. |

Pursuant to Local Rule 72-2, Federal Rule of Civil Procedure 72(a), and 28 U.S.C. § 636(b)(1)(A), Plaintiff Loop AI Labs Inc. ("Loop AI") objects to, moves from relief from, and requests that the District Court vacate the Magistrate Judge's Orders of October 18 and 24, 2016, Dkts. 912 ("Order 912") and 921 ("Order 921"), and vacate the hearing scheduled for October 31, 2016. Because the Magistrate has not provided sufficient notice for the October 31, 2016 hearing to allow this Court's review before the hearing happens, Loop AI and its counsel's appearance at the October 31, 2016 hearing is subject to these objections and to any further objections as may be appropriately raised in the future.[1]

1. **A Sanctions Hearing Before the Magistrate Based Solely on AW-USA's Administrative Motion 840 is Improper.[2]**

On July 19, 2016, AW-USA filed Administrative Motion 840 pursuant to Civil L.R. 7-11, seeking the imposition of sanctions against Loop AI or its counsel relating to a deposition occurring in Boston, Massachusetts ("Admin. Motion 840"). Dkt. 840. Admin. Motion 840 does not cite any rule, case or authority on which its request for sanctions is based, and does not explain AW-USA's standing to bring the motion. Admin. Motion 840 is based solely on the unsworn allegations of Mr. Wallerstein, who made serious accusations without submitting his own affidavit under oath as required by Civil Local Rule 7-5. The motion is based on quotes from a transcript that Mr. Wallerstein knew contained untrue statements. *See* Dkt. 840, 848.[3]

[1] On October 18, 2016, the Magistrate issued Order 912 scheduling a hearing on October 31, 2016, on (a) four administrative and letter motions (Dkts. 546, 597, 840, 895) for sanctions brought by Defendant Almawave USA Inc. ("AW-USA"), and (b) one regularly noticed motion to preclude defenses at trial brought by Loop AI against defendants Almaviva S.p.A. and Almawave S.r.l. (the "Italian Almaviva Defendants") ("Motion 731"). Dkt 912.
[2] Loop AI and its counsel object to the hearing scheduled on the "administrative motion for sanctions" filed at Dkt. 840 ("Administrative Motion 840") on at least each of the following grounds: (1) a sanction motion brought solely based on a "administrative motion" violates Loop AI's and its counsel's rights to due process, which include the right to receive particularized notice of the basis for the motion, including the specific legal and factual grounds on which the sanction is sought – all of which are absent from Admin. Motion 840, (2) the Magistrate lacks power to hear Motion 840, because Motion 840 seeks to disqualify counsel which is a matter subject to the inherent power of an Article III judge, and cannot be referred to a magistrate, (3) the administrative motion is insufficient on its face and requires that Loop AI and its counsel be given an opportunity for discovery, briefing and an evidentiary hearing, (4) disqualification is inappropriate because the movant fails to meet the stringent burden for disqualification of counsel as a sanction.
[3] Mr. Wallerstein's allegations are not a proper basis for any motion, because he has previously admitted to having made "false representations" to a court in connection with this proceeding and because he has continued to make false representations to this Court in this proceeding,

*See* Dkt. 158-3. Admin. Motion 840 cites no discovery rule and does not seek to resolve any discovery dispute. Rather, in one line at the end of the motion, it seeks unsupported costs for Mr. Wallerstein and it seeks injunctive relief in the form of disqualification of Loop AI's lead counsel from this case, by revoking her *pro hac vice* admission. *See* Dkt. 840 at 3:25-26. Admin. Motion 840 violates Loop AI's and its counsel's rights to due process and was clearly brought for tactical purposes, as evidenced by the fact that not a single legal authority is cited, and that no evidentiary support is provided for the outrageous and inflammatory accusations that the relief is being requested because Mr. Wallerstein is allegedly "scared."[4] Loop AI has thoroughly refuted the utterly unfounded Admin. Motion 840, and the motion should have been denied without further ado. *See, e.g.,* Dkt. 409 (denying motion for sanctions for failure to comply with Local Rule 7-8). But if the Court contemplates anything other than rejecting the motion, Loop AI submits that to hear and decide a motion seeking such drastic relief based on a summary administrative motion proceeding, without the opportunity for discovery, briefing and an evidentiary hearing is contrary to law and to the due process rights of both Loop AI and its counsel. Loop AI and its counsel have not even been apprised of the legal basis for such a motion and its requested relief. Motions for sanctions **must** be brought on the basis of fully noticed motion. *See* Civ. L.R. 7-8. Factual contentions must be supported by declarations and supporting evidence. *See id.* and Civ. L.R. 7-2, 7-5. None of these requirements are met here. The Court should not entertain a request for such drastic injunctive relief, such as disqualification of counsel, based on an administrative motion that complies with none of the due

including in Motion 840 which centers around statements he falsely attributed to Loop AI's counsel, based on a transcript he knew to be wrong. Mr. Wallerstein was in possession of the court reporter's audio recording, which he filed with the Court, and knew both from the recording and from having been there in person that the statements he attributed to the undersigned counsel were false.

[4] Mr. Wallerstein should be sanctioned for making such outrageous accusations against a fellow member of the bar, which clearly have the sole purpose of inflaming the court and obtaining an advantage in this case by improper means. The record that Mr. Wallerstein himself submitted to the Court shows that he was not scared, but was laughing after the iced-coffee splash; it shows that Mr. Wallerstein immediately resumed the deposition within 2 minutes and was not scared, but was aggressive with the witness and continued to use the rest of the deposition for purposes having nothing to do with this case. The record also shows that Mr. Wallerstein tried to personally profit from this incident by having his wife immediately call the undersigned counsel, falsely claiming that Mr. Wallerstein had suffered "first and second degree burns." *See* Dkt. 853-854.

process and other requirements for bringing such motions. Thus, the Court should either simply deny the motion, or at most, permit discovery, a fully noticed motion with briefing, and an evidentiary hearing. Neither Loop AI, nor its counsel, have any way to prepare a defense to Admin. Motion 840 without being afforded particularized notice of the legal basis for the motion, without having had an opportunity for discovery regarding the allegations made, and without having an opportunity for an evidentiary hearing at which to present factual and legal defenses, after an opportunity for Loop AI to obtain discovery. Loop AI hereby requests that if the Court does not simply deny the motion out of hand for failure to submit anything that could remotely justify disqualification by *pro hac vice* revocation, that Loop AI be afforded the opportunity to obtain all of the following: (1) duly noticed briefing, (2) discovery regarding the facts at issue in Motion 840, and (3) an evidentiary hearing in front of the District Judge.[5] Loop AI also hereby requests permission to obtain discovery regarding the matters relevant to Admin. Motion 840.[6] Loop AI also request that to AW-USA be required to submit its motion as a duly noticed motion so that Loop AI can have reasonable notice of the legal basis for the motion and present a defense. Loop AI also submits that because of the nature of relief summarily sought in Admin. Motion 840, the motion cannot be heard by the Magistrate. Disqualification of counsel entails the use of a court's inherent supervisory power, which is a power reserved to Article III judges.[7]

**2. A Sanctions Hearing Before the Magistrate Based Solely on AW-USA's Letter Briefs is Also Improper as to the Remaining Administrative Motions.**

For the reasons set forth above, Loop AI also objects and seeks relief from Order 912 and 921, scheduling a hearing on AW-USA's letter motions at Dkts. 546, 597, and 895. Without a

[5] Particularly in light of the serious accusations made here, there can be no question that Loop AI and its counsel have the right to question the individuals involved in the matters at issue and to present the evidence at an evidentiary hearing in front of the District Judge.
[6] Loop AI seeks leave to serve discovery on the following: 1) Mr. Wallerstein regarding his allegations in Admin. Motion 840, (2) Mrs. Wallerstein telephone call to Loop AI's counsel immediately after the Boston deposition, claiming that Mr. Wallerstein suffered "first and second degree burns," (3) the court reporter and the drafter of the alleged declaration signed by the court reporter, (4) the unlawful subpoenas issued by Venable on July 15, 2016 to the court reporter, which were served without notice or permission from the Court (*see* Dkt. 853-854), (5) Mr. Wallerstein's communications with his former legal blog employer where he disseminated Admin. Motion 840; (6) from Venable regarding all of the above.
[7] *See, e.g., N.L.R.B. v. A-Plus Roofing*, 39 F.3d 1410, 1415 (9th Cir. 1994); *Reddick v. White*, 456 F. App'x 191, 193 (4th Cir. 2011).

duly noticed motion compliant with the requirements of Civil Local Rule 7-8, Loop AI has been deprived of due process because it was not given any opportunity to fully understand and prepare a defense against these serious sanctions motions.  For instance, letter Motion 597 is based on an Order of the Magistrate **made without any notice, a motion or any briefing, during a meet and confer call at which Loop AI's lead counsel was not present**.  Specifically, on March 25, 2016, the Magistrate telephoned into the parties weekly meet and confer teleconference.  Loop AI's lead counsel was not present during the call, and had no notice that the Magistrate would call in to make rulings about matters that were not pending or noticed by anyone.  Only a junior associate was on the call on behalf of Loop AI prepared to discuss routine discovery matters.  Loop AI's junior associate was not prepared to address the Magistrate, and had no notice that the Magistrate would be calling in to issue a *sua sponte* ruling on a long-set discovery schedule that was not even the subject of the meet and confer call.  For reasons that are still a mystery to Loop AI, during this call the Magistrate suddenly decided to change the deposition dates of Loop AI's witnesses who were scheduled to begin 2 days later.  At least two of these depositions had been scheduled for months, and there was no legal or factual basis for suddenly changing them without prior notice.[89]  Allowing a motion for sanctions to proceed on such an improper basis and insufficient record is not consistent with due process.  For these and the reasons stated above, Loop AI submits that these motions cannot be heard on October 31st and that Loop AI is entitled, among others, to fully noticed motion, accompanied with appropriate proof so that Loop AI has a reasonable opportunity to prepare a defense and respond to the charges.  Loop AI also submits that because the nature of the issues to be addressed in Motions 546 and 895, implicating

[8] There is no official record of this call, and Loop AI is still in the process of obtaining defense counsel's audio.

[9] The 2-page letter submitted at Dkt. 597 fails to explain on what basis it is moving for sanctions, where (1) the Magistrate's telephonic intervention and re-scheduling of the Loop AI's deposition without notice was not supported by the law and is unexplained, (2) all of the depositions happened, and Loop AI was deposed in total for over 33 hours, (3) AW-USA has already moved for sanctions over the same depositions, and does not explain under what legal theory a party is permitted to repeatedly mover for sanctions over the same issue, simply by filing multiple separate 2-page letters (4) AW-USA did not issue any notice of deposition or subpoena to comply with the Magistrate's revised deposition schedule and command the witnesses appearance, (5) AW-USA does not claim that it was the party seeking the change in deposition schedule and does not claim any prejudice by having taken the deposition a few days later, and (6) AW-USA fails to submit any evidence of any expense it allegedly incurred, because there is none.

certain procedures of the Magistrate, including Order 397, the District Judge should address those issue directly.

**3. Motion 731 Cannot Be Heard by The Magistrate Because it Seeks Dispositive Relief.**

As the Italian Almaviva Defendants have advised the Ninth Circuit, Loop AI's Motion 731 seeks dispositive relief in the form of precluding all of the Italian Almaviva defenses at trial. *See In Re Loop AI Labs.*, C.N. 16-71736, Dkt. 10. Because it is undisputed that Motion 731 seeks dispositive relief, the Magistrate cannot decide Motion 731. The Federal Magistrate Act permits referral of dispositive motions to magistrate solely for purposes of issuance of a report and recommendation. *See* 28 U.S.C. § 636(b)(1)-(c); Fed. R. Civ. P. 72(b). The Northern District of California, however, limits Rule 72(b) referrals to those instances in which the Magistrate is directed to conduct an evidentiary hearing. *See* N.D.Cal. General Order 42. Here, the Magistrate has expressly stated she will not conduct an evidentiary hearing. *See* Dkt. 921 at 2. Accordingly, the District Judge referral of Motion 731 is contrary to the Northern District of California General Order 42 and should be vacated.

**4. The Magistrate's Denial of Loop AI's Request to Continue Was Improper.**

Loop AI submits that the Magistrate's denial of its request for a continuance was contrary to law, and that Loop AI and its counsel are being materially prejudiced by the short notice October 31st hearing, because they were not afforded either particularized notice, or enough time to prepare, as explained in Motion 916. *See* Dkt. 916.[10] On October 20, 2016, Loop AI moved to continue the hearing date and objected to the hearing on other grounds.[11] Based on its motion and supporting declaration, Loop AI was legally entitled to the requested continuance. *See, e.g.,* Dkt. 917. The Magistrate had no legal basis for denying the requested continuance. *See* Dkt. 921.[12] Particularly given the incomplete and insufficient legal and factual record, Loop AI and

---

[10] None of the motions set for a hearing on October 31, 2016 presented any urgency, so as to justify the less than 14-days notice given by the Magistrate. All of AW-USA's Administrative Motions are about collateral sanctions requests having no relevance to the case. Similarly, Motion 731, brought by Loop AI, is not urgent because the District Court vacated the trial scheduled to begin on September 19, 2016, and has not yet rescheduled it.
[11] AW-USA summarily opposed Loop AI's Motion 916, without offering any factual or legal argument. *See* Dkt. 917.
[12] *See, e.g., Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010); *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985); *United States v. 2.61 Acres of Land*, 791 F.2d 666, 672 (9th Cir. 1985).

its counsel are clearly entitled to a reasonable opportunity to prepare to address such serious motions. For the reasons set forth in the foregoing authorities, Loop AI submits that Orders 912 and 921 are clearly erroneous and contrary to law and should be vacated.

Respectfully submitted,

October 30, 2016                           By:   /s/ *Valeria Calafiore Healy*

Valeria Calafiore Healy, Esq.
(*pro hac vice*)
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone:     (212) 810-0377
Facsimile:     (212) 810-7036

Attorneys for Plaintiff
LOOP AI LABS, INC.