UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC, <br><br> Plaintiff, <br><br> v. <br><br> ANNA GATTI, et al., <br><br> Defendants. | Case No. 15-cv-00798-HSG  (DMR) <br><br> **ORDER ON DEFENDANTS' MOTION FOR MODIFICATION OF COURT'S ORDER REGARDING PRODUCTION OF TRANSLATED ORRICK DOCUMENTS** <br><br> Re: Dkt. No. 939 |

Defendants Almawave USA, Inc., Almawave S.r.l., and Almaviva S.p.A., filed a motion for modification of this court's November 4, 2016 order. That order required Defendants to prepare certified English translations of all Italian-language emails previously submitted for *in camera* review by November 18, 2016. Plaintiff Loop AI Labs Inc. filed an opposition brief. Defendants waived a reply.[1]  [Docket Nos. 939 (Defs.' Mot), 947 (Pl.'s Opp'n).] The court finds that this matter is suitable for determination without oral argument. Civil L.R. 7-1(b).

Defendants' motion for modification asked for a continuance of the November 18, 2016 deadline for submitting translations, as well as cost-shifting for the translation costs. In its opposition brief, Plaintiff not only opposes these requests, but goes well beyond. It asks the court to sanction Defendants and defense counsel for alleged misconduct relating to the motion for modification, as well as alleged misconduct in responding to Plaintiff's subpoena to third party Orrick, Herrington & Sutcliffe ("Orrick"). It also requests a finding that Defendants waived any privilege as to the Italian-language emails based on Defendants' failure to submit English translations of the same for the court's review. Plaintiff also revisits arguments that Defendants

---

[1] Defendants filed a motion for an order shortening time for briefing and resolution of the motion for modification in which it waived a reply and hearing on the motion for modification. [Docket No. 940 at 1.]

waived any privilege in the Orrick documents and cites to alleged new evidence that it claims resulted in waiver, including recently-filed declarations by defense counsel and others attesting to communications between Defendants and Orrick.

At this time, the court will only address Defendants' request to modify the November 4, 2016 order. The court originally ordered Defendants to submit the translations by November 18, 2016. In their motion for modification, Defendants claim that translating the documents by that deadline would cost approximately $34,000. They ask the court to 1) continue the compliance deadline; 2) order Defendants to produce a privilege log that would enable Plaintiff to assess the claims of privilege and require translation of only those documents challenged by Plaintiff; and 3) order Plaintiff to share the cost of obtaining translations for those documents it elects to challenge. Defs.' Mot. at 2. On November 10, 2016, the court denied Defendants' motion for an order shortening time, but continued the November 18, 2016 translation deadline to November 21, 2016 in order to give Plaintiff an opportunity file an opposition brief. [Docket No. 943.] Defendants have since notified the court that they have identified a vendor that can translate all of the documents within two weeks, and for a far lower cost (an estimated $10,485). [Docket No. 944.]

The court finds that imposing cost-shifting for the cost of translating the documents along with implementation of a privilege log mechanism by which Plaintiff may challenge specific documents is unjustified. Defendants argue that cost-shifting is appropriate because "each party seeking discovery is expected to bear any special attendant costs." Mot. at 2 (citing *Saucedo v. Brazelton*, No. 13-CV-01696-SI, 2015 WL 4481795, at *4 (N.D. Cal. July 22, 20150 (quoting *In re Puerto Rico Elec. Power Authority*, 687 F.2d 501, 509 (1st Cir. 1982)). However, neither of these cases involves circumstances similar to those present here. Defendants previously argued that a privilege log was *not* required because the Orrick documents were responsive to a third party subpoena, and not party discovery. [Docket No. 335, Dec. 10, 2015 Hr'g Tr. at 67.] They instead asked for *in camera* review of the documents, resulting in a considerable burden to the court, which had to review over 4,000 pages of material. [*See* Docket No. 189 (Defs.' Reply) at 14.] Had Defendants instead promptly produced a privilege log which permitted Plaintiff to evaluate its claims of privilege as to the Orrick documents, Defendants would have been in a

1  stronger position to argue for cost-shifting.  However, that ship sailed long ago.

2  Defendants shall submit translations of all of the Italian-language emails by no later than
3  November 21, 2016, as previously ordered.  Defendants shall bear all translation costs.  [*See*
4  Docket No. 943.]  After the court reviews the translations, it will issue any further orders
5  necessitated by the issues raised in Plaintiff's opposition.

7  **IT IS SO ORDERED.**

8  Dated: November 15, 2016

Donna M. Ryu
United States Magistrate Judge

3