VALERIA CALAFIORE HEALY
(*pro hac vice*)
HEALY LLC
154 Grand Street
New York, New York  10013
Telephone:     (212) 810-0377
Facsimile:     (212) 810-7036

Counsel for Plaintiff
LOOP AI LABS INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC.,<br><br>Plaintiff,<br><br>v.<br><br>ANNA GATTI, et al,<br><br>Defendants. | CASE NO.: 3:15-cv-00798-HSG-(DMR)<br><br>**PLAINTIFF LOOP AI LABS INC.'S NOTICE OF MOTION AND MOTION AGAINST DEFENDANT IOSYSTEM INC. TO ENFORCE ANTI-SLAPP FEE AWARD ORDERS 660 AND 703, AND REQUEST FOR ENTRY OF RELATED REMEDIES TO FACILITATE ENFORCEMENT**<br><br>Action Filed:  February 20, 2015<br>Trial Date: TBA<br>Hearing Date: Feb. 16, 2017, 2:00pm.<br><br>Hon. Haywood S. Gilliam, Jr. |

**PLEASE TAKE NOTICE** that on February 16, 2016, at 2:00pm, Plaintiff Loop AI Labs, Inc. ("Loop AI") will ,and hereby does, move the Court for an order enforcing the anti-SLAPP Fee Award Orders issued against Defendant IQSystem Inc. ("IQSystem") on May 09, 2016 and on May 24, 2016,[1] and for issuance of related remedied to facilitate enforcement of the Court's Orders.  The grounds for this motion are the following:

- The anti-SLAPP Fee Award Orders directed IQSystem to pay Loop AI an aggregate total of $30,951 in attorney's fees pursuant to the California's anti-SLAPP statute,  Cal. Code Civ. P. § 425.16(c)(1). Despite Loop AI's repeated requests, IQSystem has refused to comply with any part of the Court's anti-SLAPP Fee Award Orders.  To date IQSystem has not paid even $1 of the amounts awarded by the Court.

- In order to enforce the anti-SLAPP Fee Award Orders, Loop AI respectfully requests that the Court enter partial final judgment under Fed. R. Civ. P. 54(b) on IQSystem's counterclaim for tortious interference, which was disposed of by the Court pursuant to the California anti-SLAPP Statute as reflected in the Court's Order at Dkt. 184, and the related anti-SLAPP Fee Award Orders, at Dkt. 660 and 703;

- Loop AI seeks enforcement of the anti-SLAPP Fee Award Orders through the Court's contempt power, and/or through the issuance of a writ of execution, pursuant to Fed. R. Civ. P. 70(e) and/or 69(a);

- Loop AI also seeks interest on the outstanding fee awards and supplemental fees incurred in having to bring this motion and any further enforcement proceedings.

In support of this Motion, Loop AI respectfully submits the below Memorandum of Points and Authorities, the Declaration of the undersigned counsel, all matters already of record with the Court, and any further submissions as the Court may receive.

---

[1] *See* Dkts. 660 and 703.

Respectfully submitted,

December 2, 2016                     By:  /s/ *Valeria Calafiore Healy*

Valeria Calafiore Healy, Esq. (*phv*)
HEALY LLC

Attorneys for Plaintiff
LOOP AI LABS, INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Over six months ago, this Court granted Loop AI's special motion to strike IQSystem's counterclaim under the California anti-SLAPP statute and ordered IQSystem to pay Loop AI the attorney's fees, as required by the California anti-SLAPP statute. *See* Dkts. 184, 660, 703. Despite entry of two orders requiring IQSystem to make such payments, IQSystem has refused to pay even 1 dollar of what the Court ordered it to pay Loop AI. IQSystem did not ask the Court to be relieved of the payment Orders in any way, nor did it take any steps to try to appeal the Court's orders or have them stayed. Instead, IQSystem simply did not take the Court's Orders seriously and rejected all of Loop AI's repeated requests for compliance. By refusing to comply with the Court's orders, and by requiring Loop AI to have to submit this motion in order to enforce them, IQSystem already has defeated the legislative purpose underlying the California anti-SLAPP statute, which seeks to alleviate, rather than increase, a party's litigation burden when responding to a SLAPP claim.

**RELEVANT FACTS**

On September 2, 2015, this Court granted Loop AI's special motion under the California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16 (the "anti-SLAPP statute"), to strike IQSystem's counterclaim for intentional interference with contractual relations. *See* Dkt. 184. On May 9 and May 24, 2015, the Court ordered IQSystem to pay Loop AI an aggregate total of $30,951 in attorney's fees pursuant to Section 425.16(c)(1) of the anti-SLAPP Statute. *See*. Dkt. 660 and 703 (the "anti-SLAPP Fee Award"). Loop AI has repeatedly asked IQS to comply with the anti-SLAPP Fee Award Orders and pay the money ordered by the Court, but IQS has refused. *See* Declaration of VC Healy ("Decl.") dated December 1, 2016.

**ARGUMENT**

**I.  Request for Procedural Remedies to Facilitate Enforcement the anti-SLAPP Fee Award.**

    **A.  Request for Entry of A Rule 54(b) Judgment On IQSystem's Counterclaim Disposed of Through the Anti-SLAPP Special Motion to Strike.**

In order to facilitate enforcement of the anti-SLAPP Fee Award Orders, Loop AI respectfully requests that this Court enter partial final judgment under Rule 54(b) on IQSystem's counterclaim for tortious interference that this Court disposed of through Loop AI's special

motion to strike under the anti-SLAPP statute.  Loop AI respectfully submits that entry of a Rule 54(b) judgment is appropriate on IQSystem's counterclaim, because that claim was completely separate from any other aspect of this action, and because this Court has finally and completely disposes of that claim through its Orders issued at Dkt. 184, 660 and 703.

Rule 54(b) provides that "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  In assessing the propriety of entering a partial final judgment, "a district court must first determine that it is dealing with a 'final judgment.'"  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980).  "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"  *Id.*  "Once having found finality, the district court must go on to determine whether there is any just reason for delay."  *Id.* For purposes of "Rule 54(b) determinations[] counterclaims are not to be evaluated differently from other claims."  *Id.*  In *Curtiss-Wright* the Supreme Court also noted that considerations that a party stands to lose money or is delayed in its ability to collect on an award are appropriate in the district court's determination of whether there is no just reason for delay.  *See id.* at 11.

Here the Court's grant of the motion to strike IQSystem's counterclaim pursuant to the anti-SLAPP Statute and its related fee award under the same statute qualifies for entry of partial final judgment under Rule 54(b).  *See, e.g., Medifast, Inc. v. Minkow,* No. 10-CV-382-JLS, 2011 U.S. Dist. LEXIS 95412, at *4 (S.D. Cal. Aug. 25, 2011) ("entering judgment now may allow Coenen and FitzPatrick to expeditiously recover their attorney's fees and costs incurred in bringing their motions to strike.").[2]  The Court's decision is a judgment because it resolved

---

[2] Loop AI respectfully notes that in *Medifast* the court declined to immediately include the amount of anti-SLAPP fees into the Rule 54(b) judgment because it had not yet determined them.  *See Medifast*, 2011 U.S. Dist. LEXIS 95412, at *6-7.  The court held that it would add those fees to the judgment once it determined them following a motion for attorney's fees.  *See id.* at *7 ("the Court will incorporate any award of attorney's fees into the judgment after Coenen and FitzPatrick file properly noticed attorney's fees motions under Rule 54(d).").  Here, by contrast, the Court already has issued two anti-SLAPP Fee Award Orders and accordingly specific amounts can be included in the judgment.

IQSystem's counterclaim against Loop AI by dismissing it from the case. *See* Dkt. 184. The Court's decision is also final because it constitutes the Court's ultimate disposition of IQSystem's counterclaim against Loop AI. *See id.* and Dkt. 660, 703. Further there is no just reason for delay in entering final judgment as to IQSystem's counterclaim, because the dismissed counterclaim is entirely separate from any other claim or matter in the action. Unless the Court enters final judgment Loop AI will be unable to enforce its right to obtain the payment awarded by the Court, because IQSystem refuses voluntary compliance. The California's legislature enacted the anti-SLAPP statute "to prevent SLAPPs by ending them early and without great cost to the SLAPP target." *Soukup v. Law Offices of Herbert Hafif*, 39 Cal. 4th 260, 278 (Cal. 2006). Any further delay will serve to further prejudice Loop AI in its ability to collect any part of the anti-SLAPP Fee Award and would undermine the policy underlying the anti-SLAPP statute. *See, e.g., Wilkerson v. Sullivan*, 99 Cal. App. 4th 443, 448 (2002) (The California's anti-SLAPP "statute is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing [party] for expenses incurred in extricating [itself] from a baseless [claim].")

As in *Medifast*, entry of a final partial judgment would allow Loop AI to expeditiously pursue any available remedies to obtain payment pursuant to the anti-SLAPP Fee Award Orders.

**B. Request for Entry of An Order of Contempt or, in the Alternative, for Issuance of a Writ of Execution and Discovery in Aid of Execution.**

Loop AI respectfully submits that the anti-SLAPP Fee Award Orders can be enforced by this Court through its contempt power, because they do not constitute a money judgment, and are instead orders to pay fees pursuant to a statutory provision. Loop AI notes, however, that some courts have taken the view that fee awards may qualify as a money judgment,[3] which would preclude enforcement by contempt.[4] Accordingly, in the absence of clear guidance from the Ninth Circuit on the point of whether a fee award issued pursuant to a statute should be deemed a money judgment, and to the extent this Court were to find that the anti-SLAPP Fee Awards do in

---

[3] *See, e.g., In re Nivens*, No. 00-42992, 2001 Bankr. LEXIS 1124, at *5 (U.S. Bankr. M.D. Ga. July 3, 2001) ("the court finds that the April 6, 2001 order relating to the award of Debtors' attorney's fees is in the nature of a money judgment.").

[4] *See, e.g., Shuffler v. Heritage Bank*, 720 F.2d 1141, 1147 (9th Cir. 1983) ("proper means for Heritage to secure compliance with a money judgment is to seek a writ of execution").

fact constitute a money judgment, Loop AI respectfully requests that the Court issue a writ of execution pursuant to Rule 69 of the Federal Rules of Civil Procedure.  Each is addressed below.

**A. This Court Should Hold IQSystem in Contempt for Failure to Comply with the anti-SLAPP Fee Award Orders.**

Rule 70 provides that a court may enforce a judgment by "holding the disobedient party in contempt." Fed. R. Civ. P. 70(e).  Failure to comply with an award of attorney's fees issued pursuant to a statutory provision constitutes contempt of court and can be enforced through a contempt proceeding.  *See, e.g., Collect Access, LLC v. Hernandez (In re Hernandez)*, No. SC-13-1301, 2014 Bankr. LEXIS 1406 (U.S. B.A.P. 9th Cir. Apr. 4, 2014).  For instance, in *Collect* the court issued an attorney fee award against a party, Collect, in connection with its violation of a provision in the federal Bankruptcy Code.  *See id.*  Specifically, the fee award in that case was issued pursuant Section 362(k) of the federal Bankruptcy Code, which allows a party to recover attorney's fees for violations of the automatic stay provisions in Section 362.  *See id.* at *20; 11 U.S.C. § 363(k).[5]  On appeal, the court affirmed a finding of contempt against Collect for its refusal to pay the fee award and found as follows:  "the bankruptcy court correctly observed, Collect consciously decided not to comply with the Attorney Fee Order, it did not appeal, and it did not seek a stay.  Effectively, Collect did nothing, and doing nothing when the Attorney Fee Order clearly and definitely compelled it to pay Hernandez for the attorneys fees and costs he incurred in prosecuting the stay violation motions amply demonstrates Collect's contempt."  *Id.*  The *Collect* court also affirmed the propriety of the contempt proceeding as a way to enforce the fee award order of the bankruptcy court.  *See Collect Access*, 2014 Bankr. LEXIS 1406 at *16.  The court rejected the argument that the fee award order constituted a money judgment and,

---

[5] The relevant portion of Section 362(k) provides: "Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees…."  11 U.S.C. § 362(k)(1).  Similarly, here the anti-SLAPP Fee Award Orders were issued under a provision in a California state statute that allows for recovery of fees for violations of the statute.  *See* Cal. Civ. Proc. Code § 425.16(c)(1) (providing in relevant part: "Except as provided in paragraph (2), in any action subject to subdivision (b), a prevailing [party] on a special motion to strike shall be entitled to recover his or her attorney's fees and costs.")

therefore, could only be enforced by seeking a writ of execution under Rule 69 of the Federal Rules of Civil Procedure. *See id.* at \*18-19.[6]

Similarly here, IQSystem simply ignored the anti-SLAPP Fee Award Orders. It refused to pay them (*see* Decl.); it did not seek permission to appeal them; and it did not ask the Court to stay compliance with the award. Accordingly, Loop AI believes that in light of the foregoing authority, enforcement of the anti-SLAPP Fee Award Orders against IQSystem through the Court's contempt power is appropriate.

### B. In the Alternative, This Court Should Issue a Writ of Execution and Grant Loop AI Leave to Seek Discovery in Aid of Execution.

To the extent the Court were to find that the anti-SLAPP Fee Award Orders constitute a money judgment,[7] Loop AI respectfully requests that upon entry of the Rule 54(b) judgment, the Court also issue a writ of execution pursuant to Federal Rule of Civil Procedure 69. *See* Fed. R. Civ. P. 69(a). Rule 69 provides: "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a).

Accordingly, Loop AI respectfully requests that the Court issue a writ of execution as to IQSystem for the sums owed plus interest, plus any additional fees the Court may award pursuant to this Motion, as set forth below. In accordance with California law, Loop AI also requests that the costs of issuing the writ of execution be charged against IQSystem. *See, e.g.,* Cal. Code Civ. P. § 685.040 ("Right to costs in enforcing judgment"); Cal. Code Civ. P. § 685.095 ("When a writ is served by a levying officer or registered process server, the costs for that service, as determined pursuant to Section 1033.5, shall be added to and become part of the judgment.").

---

[6] *See also, e.g., Spain v. Mountanos*, 690 F.2d 742, 743 (9th Cir. 1982) (enforcing fee award under civil rights statute, 42 U.S.C. § 1988, through Rule 70); *Gates v. Collier*, 616 F.2d 1268, 1271 (5th Cir. 1980) (holding that statutory authority to enforce compliance with a statutory attorney's fee award "may be found in Fed. R. Civ. P. 70").

[7] *See, e.g., In re Nivens*, No. 00-42992, 2001 Bankr. LEXIS 1124, at \*5 (U.S. Bankr. M.D. Ga. July 3, 2001) ("the court finds that the April 6, 2001 order relating to the award of Debtors' attorney's fees is in the nature of a money judgment.").

Loop AI also requests leave to conduct limited discovery in aid of execution, in order to determine what assets have been transferred out of IQSystem and where other assets may be located so that they can be executed upon in order to satisfy the anti-SLAPP Fee Awards.  Rule 69 allows a party who seeks a writ of execution to also obtain discovery in aid of execution: "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(2).

## II.   Request for the Award of Interest and Supplemental Fees.

### A.  Loop AI is Entitled to the Award of Interest on the anti-SLAPP Fee Award.

Under California law, an award of interest at the statutory rate of 10% provided by Section 685.010 of the California Code of Civil Procedure is properly added to an unpaid attorney fee award issued pursuant to the California anti-SLAPP Statute.  *See, e.g., Lucky United Props. Inv., Inc. v. Lee*, 213 Cal. App. 4th 635, 651 (Cal. App. 4th 2013); Cal. Code Civ. P. § 685.010.  "Postjudgment interest on such awards runs from the date the amount of the fee award is fixed." *Id.*  Therefore, Loop AI respectfully requests that this Court award it 10% interest on the outstanding fee awards accruing from the date the fee awards were first issued.  Loop AI provides below a computation of the interest owed on the outstanding amounts:

| Date of Award | Amount | Days outstanding | Time-years outstanding | Total interest as of 12/1/16 | Additional per day interest beyond 12/1/16 |
|---|---|---|---|---|---|
| 5/9/16 | $14,355 | 207 | .56 | $  814.19 | $3.93 |
| 5/24/16 | $16,596 | 192 | .52 | $  872.99 | $4.54 |
| Total owed | $30,951 | | | $1,687.18 | $8.47/day |

### B.  Loop AI Is Entitled To A Supplemental Award of Fees For Having to Enforce the anti-SLAPP Fee Award Orders.

The California Supreme Court has held that fees incurred in enforcing an anti-SLAPP fee award are recoverable. *See Ketchum v. Moses,* 24 Cal. 4th 1122, 1141 n. 6 (Cal. 2001); *York v. Strong*, 234 Cal. App. 4th 1471 (Cal. App. 4th 2015) ("our Supreme Court previously ruled in

*Ketchum* that attorney fees incurred in an effort to enforce a fee judgment obtained under the anti-SLAPP law do qualify as recoverable costs."). Accordingly, Loop AI is entitled to recover all fees and costs incurred in having to bring this motion and for any additional fees and expenses incurred in trying to enforce payment of the anti-SLAPP Fee Awards.

**CONCLUSION**

For the foregoing reasons, Loop AI respectfully requests that the Court enter partial final judgment pursuant to Rule 54(b) on IQSystem's counterclaim finally disposed of by the Court pursuant to the California anti-SLAPP statute.[8] Loop AI also requests that the Court find IQSystem in contempt for failure to comply with the anti-SLAPP Fee Award Orders and issue an appropriate contempt order to compel IQSystem's immediate compliance. As an alternative to, or in conjunction with, the contempt order, Loop AI requests the issuance of a writ of execution, leave to conduct limited discovery in aid of execution, interest on the anti-SLAPP Fee Awards and supplemental fees covering the costs of enforcement of the anti-SLAPP Fee Awards.

Respectfully submitted,

December 2, 2016                    By:  /s/ *Valeria Calafiore Healy*

Valeria Calafiore Healy, Esq. (*phv*)
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone:    (212) 810-0377
Facsimile:    (212) 810-7036

Attorneys for Plaintiff
LOOP AI LABS, INC.

---

[8] A proposed form of judgment and of a writ of execution are being submitted concurrently herewith.