JANET BRAYER, ESQ. #117397
LAW OFFICES OF JANET BRAYER
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Telephone: (415) 445-9555
Facsimile: (415) 445-9541

Attorney for Defendant IQSYSTEM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS, INC.,<br><br>                    Plaintiff,<br><br>        vs.<br><br>ANNA GATTI, an individual, ALMAVIVA S.p.A., an Italian corporation, ALMAWAVE S.r.l an Italian corporation, ALMAWAVE USA, Inc., a California corporation, IQSYSTEM LLC, a California limited liability company, IQSYSTEM, Inc., a Delaware corporation,<br><br>                    Defendants. | **Case No. 3:15-cv-00798-HSG-DMR**<br><br>**IQSYSTEM INC.'S OPPOSITION TO LOOP AI LABS MOTION TO ENFORCE ANTI-SLAPP FEE AWARD ORDERS 660 AND 703, AND REQUEST FOR ENTRY OF RELATED REMEDIES TO FACILITATE ENFORCEMENT**<br><br>Action Filed: February 20, 2015<br><br>Hearing Date: February 16, 2017, 2:00 p.m.<br><br>Judge:  Hon. Haywood S. Gilliam, Jr. |

**IQSYSTEM INC.'S OPPOSITION TO LOOP AI LABS MOTION TO ENFORCE ANTI-SLAPP FEE AWARD**

## 1)    INTRODUCTION

Defendant IQSystem, Inc. ("IQS") hereby opposes Plaintiff Loop AI Labs Inc.'s ("Loop") motion for entry of partial judgment pursuant to Federal Rule of Civil Procedure 54(b), and other remedies to facilitate enforcement, including contempt. There is no justification for entry of partial final judgment on the cross-complaint filed by IQS while the complaint is still pending, and Loop fails to address the fact that there will be set-offs to the $30,951 anti-SLAPP fee award that Loop seeks to enforce by way of entry of judgment against IQS. The set-offs relate to the pending sanction motion against Loop regarding trade secret disclosure, and other pending sanction motions against Loop.[1] Further, should Loop's trade secret claim be dismissed for failure to provide proper disclosure, then Loop very likely will be obligated to pay IQS attorney fees. As part of the Uniform Trade Secrets Act ("UTSA"), Section 3426.4 of the California Civil Code provides that "if a claim of [trade secret] misappropriation is made in bad faith, … the court may award reasonable attorney's fees to the prevailing party." Cal. Civ. Code § 3426.4. Courts have found "bad faith" when the plaintiff failed to identify its alleged trade secrets after repeated requests by the trial court to do so. *See e.g., Computer Econ., Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 986 (S.D. Cal. 1999) (Plaintiff found to be "reckless" in pursuing its trade secret claim after its "refusal to provide a specific identification of its trade secret erupted into a discovery dispute before the Magistrate Judge."). There is no doubt that Loop has not specified its trade secrets, and sanctions are pending pursuant to the Court's Order of July 6, 2016 regarding Motion to Enforce Court Order Re Plaintiff's Trade Secret Disclosure. [Dkt. 795].

---

[1] See, Dkt. Order 795 regarding trade secret disclosure:  "The issue of sanctions for Plaintiff's failure to comply with the court's December 21, 2015 order is deferred to Judge Gilliam."

See also Orders regarding future sanctions against Loop to be determined.  Dkt. Order 778, resulting from motions that IQS joined in [joinder at Dkt. 584,  Dkt. 587] ("The court defers consideration of sanctions for Plaintiff's alleged failure to comply with the court's March 10 and March 21, 2016 orders."); Dkt. 607 IQS Request for Sanctions regarding Loop Conduct at Depositions; Dkt. 640 Order regarding Loop Conduct at Depositions at page 9 ("The issue of sanctions for this misconduct is deferred to Judge Gilliam."); Dkt. 894 Order to Show Cause regarding Terminating Sanctions.

**IQSYSTEM INC.'S OPPOSITION TO LOOP AI LABS MOTION TO ENFORCE ANTI-SLAPP FEE AWARD**

Discovery in this case has closed, and it appears that the true purpose of Loop's request for entry of partial judgment is Loop's desire to continue on with discovery and subject IQS and other defendants to additional costs associated with Loop's "enforcement" of any partial judgment. As stated by Loop, entry of partial judgment will "allow Loop AI to expeditiously pursue any available remedies to obtain payment. [Loop P&A in support of Motion to Enforce Anti-SLAPP Fee Award Orders 660 and 703, and Request for Entry of Related Remedies, Dkt. 957, (hereinafter "Loop P&A") at 3:15-16]. Loop's plan of enforcement includes issuance of a writ of execution, and "limited discovery in aid of execution, in order to determine what assets have been transferred out of IQSystem and where other assets may be located." [Loop P&A, 6:1-3]. As this Court is aware, Loop has no concept of a "limit" on its pursuit of anything, and the discovery plan will no doubt involve other defendants' assets or discovery by way of third party subpoena to entities that Loop believes may have some tie to "assets" of IQS; Loop no doubt will then try to use the "asset" discovery to bolster its claims of conspiracy and alter-ego, despite the fact that discovery has closed in this case.

Loop's motion is also unnecessary and misleadingly paints a picture of IQS non-response to request for payment. Numerous times in correspondence IQS requested a payment plan to pay the anti-SLAPP fees in installments, and not once did Loop consider anything less than full payment. [See, Declaration of Janet Brayer filed herewith]. Instead, Loop repeated the mantra that it will file a motion unless it receives a lump sum payment, even when IQS advised Loop that such a motion was unnecessary, and proposed the possibility of a stipulation to avoid the unnecessary burden of additional motion practice. However, as this Court is aware, Loop revels in superfluous motion practice. Loop's request for supplemental fees relating to this spurious motion is just one more request for "damages" caused by Loop's own failure to consider compromise or alternatives to motion practice.

The vexatious nature of this motion is further underscored by Loop's request for interest, which was specifically not awarded by the Court (Dkt. 660, at 6:26-27), and Loop's unsupported request for an award of interest at the State of California rate of 10%, as opposed to the statutory federal rate.

**IQSYSTEM INC.'S OPPOSITION TO LOOP AI LABS MOTION TO ENFORCE ANTI-SLAPP FEE AWARD**

FRCP 54(b) provides, "(b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines *that there is no just reason for delay."* (emphasis added). As set forth above, there are multiple reasons to wait until all issues regarding sanctions, and even entry of judgment against Loop, are determined before entering a judgment regarding anti-SLAPP fees.  IQS respectfully requests Loop's motion for entry of partial judgment be denied, and the Loop's request for enforcement by way of a contempt order be denied.

**2)    ARGUMENT**

Loop has failed to sustain its burden of showing that there is no just reason for delay in entry of judgment as to a fee award on a cross-complaint, while the complaint is pending. There is no evidence of contempt of a court order.  Loop's motion must be denied in its entirety.

**A)    Partial Judgments are Disfavored and Entry of Partial Judgment would be Inequitable**

Partial judgments under Rule 54(b) are unusual, and "the burden lies on the party moving for certification to show that their case's circumstances are unusual enough to merit departure from the court's general presumption against Rule 54(b)." *Birkes v. Tillamook County*, 2012 U.S. Dist. LEXIS 81765, *3-4 (D. Or. June 13, 2012). Partial judgments are also disfavored by the courts. *Id*. Instead of being common practice, it "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants." *Morrison-Knudsen v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).   In exercising this discretion, the court "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8, (1980).

Here, no "pressing need" is identified by Loop other than IQS's failure to "voluntarily" pay. Further, Loop cites to no authority supporting its position that it is entitled to partial judgment on a cross-complaint, while the complaint is pending. Loop argues that it needs a partial judgment to "expeditiously pursue any available remedies to obtain payment." [Loop

P&A at 3:15-16]. Loop argues that "any further delay will serve to further prejudice Loop AI in its ability to collect." [Loop P&A at 3:10-11]. However, Loop does not identify a specific prejudice that it is currently suffering, or why delaying payment will inhibit its ability to collect when this Court issues a final judgment. Loop's desire to engage in "discovery" and "enforcement," so that it can be paid now, is not sufficient justification for the disfavored entry of partial judgment.

### B)   Loop's Desire for Expeditious Payment Does Not Justify Entry of Partial Final Judgment

Loop incorrectly argues that the desire for expeditious payment of an attorney fee award justifies entry of partial judgment. In support, Loop cites to *Medifast, Inc. v. Minkow*, 2011 U.S. Dist. LEXIS 95412 (S.D. Cal. August 25, 2011), for the proposition that simply wanting earlier payment of an anti-SLAPP award will support a Rule 54(b) judgment. [Loop P&A at 2:18-20]. The *Medifast* case does not support Loop's cause, however, because the Rule 54(b) motion in that case was unopposed. 2011 U.S. Dist. LEXIS 95412 at *5 ("Plaintiffs do not oppose Coenen's and Fitzpatrick's requests for entry of judgment."). Also, the *Medifast* case was addressing an anti-SLAPP order dealing with all but one claim asserted in a complaint. Here, the anti-SLAPP fees were awarded on a cross-complaint, and there are still pending claims asserted in Loop's complaint, and judgment on the claims asserted in Loop's complaint might very well be entered against the very party, Loop, seeking partial judgment.

Sister Districts in California that have analyzed a movant's desire to be paid an anti-SLAPP fee award in conjunction with a Rule 54(b) motion have rejected efforts to enter a partial judgment. In *New Show Studios LLC v. Needle*, 2015 U.S. Dist. LEXIS 126935 (C.D. Cal. Sept. 21, 2015), defendants argued "that they cannot recover the $49,696.00 in attorney's fees and costs awarded in conjunction with their Anti-SLAPP motion unless and until plaintiffs' stricken claims are resolved." The defendants in *New Shoes Studios* further justified entry of partial judgment claiming the fees may soon become unrecoverable. Nonetheless, the court in *New Show Studios* spurned the defendants' arguments, stating that "the notion that defendants need[ed] to recover these costs . . . [before they were unrecoverable], d[id] not constitute an unusual case justifying entry of partial final judgment." 2015 U.S. Dist. LEXIS 126935 *18; *see*

**IQSYSTEM INC.'S OPPOSITION TO LOOP AI LABS MOTION TO ENFORCE ANTI-SLAPP FEE AWARD**

*also United Tactical Sys., LLC v. Real Action Paintball, Inc*, 2016 U.S. Dist. LEXIS 80756 *6-7 (N.D. Cal. June 21, 2016) (finding partial judgment on anti-SLAPP fees premature and "better litigated at the conclusion of the litigation along with issues related to other claims").

Loop's argument that it needs partial judgment simply to expedite enforcement of its anti-SLAPP fee award does not justify entry of partial judgment, and the equities are not in Loop's favor.

**C)      Just Reason for Delay Exists to Deny Entry of Partial Judgment as There are Set-offs to the anti-SLAPP fee award**

Just reason for delay in entry of a "partial judgment" exists because Loop's anti-SLAPP award will most likely be offset by future sanctions and attorneys' fees and costs awards in favor of IQS. Recognizing that under FRCP 54(b), in order for partial judgment to enter, the court must expressly determine "that there is no just reason for delay," Loop simply recites the mantra, that there is no just reason for delay; however, bare recitation of "no just reason for delay" standard is not sufficient by itself to certify an order under Rule 54(b). *See iLOR, LLC v. Google, Inc.*, 550 F.3d 1067, 1072 (Fed.Cir.2008).

In this case, delay is justified because of the likelihood of future awards that will offset Loop's anti-SLAPP award. *See Makaeff v. Trump Univ., LLC*, 2016 U.S. Dist. LEXIS 87232 *33 (S.D. Cal. Mar. 21, 2016). In *Makaeff*, the court evaluated a plaintiff's request for entry of partial judgment to enforce its anti-SLAPP fee award. *Id*. Like the movant in *New Show Studios*, *supra*, the plaintiff argued that it could suffer "irreparable injury" because the defendants may enter bankruptcy. In response, the defendants argued that judgment should be delayed because they would be entitled to an offset of the anti-SLAPP fees awarded. The *Makaeff* court agreed with the defendants, and denied entry of partial judgment because the "Court has already found that Defendants are likely entitled to some measure of fees and costs, and that addressing this issue at the present time would strain the Court's resources . . ." *Id*. (*citing Impact Fin. Servs., LLC v. Six400 Check Solutions, LLC*, 2011 U.S. Dist. LEXIS 39738 *3-4 (D. Ariz. Apr. 1, 2011) (denying entry of partial judgment because "any hardship to the individual defendants caused by their having to wait is outweighed by the burden of piecemeal appeals and motions for attorneys' fees.").

Delay is justified in this case because the anti-SLAPP award will most likely be offset by other sanctions and fee awards against Loop in favor of IQS. The Court has already indicated that Loop will be subject to multiple sanctions for its discovery misconduct and vexatious behavior. Addressing Loop's anti-SLAPP award now will cause undue strain on the Court because additional cost and fee motions offsetting Loop's anti-SLAPP award will most likely moot the anti-SLAPP fee award, and there is no doubt the Loop will further strain the Court's resources with discovery and additional motion practice relating to enforcement of the judgment should a partial judgment be entered in Loop's favor.

As noted above, IQS will most likely be awarded its attorneys' fees and costs as the prevailing party on Loop's bad faith trade secret claim. California Civil Code section 3426.4 authorizes an award of attorneys' fees and costs to the prevailing party where a claim for misappropriation of trade secrets is found to have been made in bad faith. *See GSI Tech., Inc. v. United Memories, Inc.,* 2015 U.S. Dist. LEXIS 129568 *35 (N.D. Cal. Sept. 21, 2015); *see also Cypress Semiconductor Corp. v. Maxim Integrated Products, Inc*., 236 Cal. App. 4th 243, 247 (2015) (affirming trial court's award of attorneys' fees and costs to prevailing party pursuant to §3426.4). IQS will most likely prevail on Loop's trade secret claim (as Loop has failed to comply with this Court's Orders and identify a trade secret) and once IQS prevails there will be a fee award in favor of IQS, as there is little doubt that Loop brought the trade secret claim in bad faith as evidenced by Loop's consistent failure to identify a legally cognizable trade secret (Dkts. 331, 795), among a myriad of additional reasons. Again, Loop has offered no reason why it simply cannot wait for final judgment to be entered where the Court can efficiently address all of these issues.

Should IQS be awarded attorney fees, or should Loop have any of its claims dismissed, then there is a high likelihood of set-off, such that partial judgment is inappropriate.[2]

---

[2] "Because setoff was not recognized as a legal right in early English common law, it was first used by the courts of equity as a discretionary procedural device in order to prevent multiplicity of actions. 4 Collier on Bankruptcy P 553.01 at 553-3 (15th ed. 1991). In other words, the use of setoff prevented a court from having to entertain two separate lawsuits, enter two separate judgments, and require the parties to try and collect on their individual judgments. Instead, the court merely netted out the amounts owing and entered one judgment, 'thereby avoiding the absurdity of making A pay B when B owes A.' Gradually, however, setoff has also come to be recognized as a legal

**IQSYSTEM INC.'S OPPOSITION TO LOOP AI LABS MOTION TO ENFORCE ANTI-SLAPP FEE AWARD**

### D)      Partial Judgement Will Not Streamline This Litigation

Loop's 54(b) motion should be denied because Loop specifically requests that this Court enter partial judgment in order to allow Loop to execute a writ of execution and re-open discovery, which will unnecessarily cause extensive motion practice. [Loop P&A at 5-6]. When evaluating Rule 54(b) motions, the Ninth Circuit has "previously embraced a more pragmatic approach focusing on severability and efficient judicial administration." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 880 (9th Cir. 2005). While "claims certified for appeal do not need to be separate and independent from the remaining claims," this only remains true "so long as resolving the claims [by entering partial final judgment] would '*streamline* the ensuing litigation.'" *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (emphasis added) (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991)).

Entering partial judgment now, and potentially re-opening discovery and avenues of appeal, will not "streamline" this litigation. Considering the prior behavior of Loop, re-opening discovery will only lead to multiple future court filings that will waste the Court's resources and may all be for naught, should judgment ultimately be entered in favor of IQS Inc., or should dismissal of one or more of Loop's claims occur as a result of the pending sanction awards against Loop. Past discovery conduct in this case took "an inordinate amount of court resources." [Dkt. 271 at 2:5-6]. Plaintiff's counsel in particular exhibited "inappropriate behavior" during discovery and has a "documented history of obstructionist discovery conduct." [Dkt. 436 at 1:19; Dkt. 894 at 1:14]. This Court noted that "as a result of [Plaintiff's] counsel's conduct, the Court has expended a grossly disproportionate and unreasonable amount of time and resources on this case." [Dkt. 894 at 1:15-17]. Entering partial judgment and re-opening discovery will not lead to efficient judicial administration of this case, but most likely unleash the opposite.

---

right, both under statute and as a latter-day common-law doctrine derived from the equitable doctrine." *HAL, Inc. v. United States* (*In re HAL, Inc.*), 196 B.R. 159, 162 (B.A.P. 9th Cir. Haw. 1996) (citing *Citizens Bank v. Strumpf*, 516 U.S. 16, 18-19 (1995) (quoting *Studley v. Boylston Nat'l Bank*, 229 U.S. 523, 528 (1913))).

**IQSYSTEM INC.'S OPPOSITION TO LOOP AI LABS MOTION TO ENFORCE ANTI-SLAPP FEE AWARD**

Instead of more discovery disputes and additional motion practice, the parties can simply wait for entry of one final judgment. Therefore, for the sake of efficiency, IQS requests that Loop's Rule 54(b) motion be denied.

### E)    IQS is Not in Contempt of Any Order

IQS is not in contempt of the orders granting Loop anti-SLAPP fees, and IQS has tried to negotiate payment of the fee to no avail. The orders granting Loop anti-SLAPP fees (Dkts. 660 and 703) do not demand compliance within a time specified. Unlike the case cited by Loop, *Collect Access, LLC v. Hernandez (In re Hernandez)* 2014 Bankr. LEXIS 1406 (U.S. B.A.P. 9th Cir. April. 4, 2014), where the offending party was required to pay a sum within seven days and 15 days, IQS is under no such deadline. Loop does not ask for the anti-SLAPP orders to be modified to include a deadline, but the Court should nevertheless decline to do so because the anti-SLAPP award will most likely be offset by future awards in favor of IQS. *See e.g. New Show Studios*, 2015 U.S. Dist. LEXIS 126935 *18-19 (declining to modify fee order to include a deadline).

Glaringly absent from Loop's Rule 54(b) Motion is the correspondence where IQS in good faith attempted to meet and confer with Loop regarding the anti-SLAPP award. First in June, 2016 when Loop initially demanded payment and threatened a motion, IQS asked for a payment plan because IQS could not afford to immediately pay the lump sum. [Declaration of Janet Brayer ("Brayer Decl.") Exhibit 1, June correspondence]. Loop did not address the payment plan. Instead, two months later Loop again demanded a lump sum payment and threatened a motion. [Brayer Decl. Exhibit 2, August correspondence at 1]. IQS again stated its desire to create a payment plan, but Loop did not address IQS's request, instead reiterating the mantra that it will file a motion. [Brayer Decl. Exhibit 2 at 4-10]. IQS stated that a motion was not necessary because IQS did not dispute the award, and offered the possibility of entering into a stipulation in lieu of another motion. [Brayer Decl. Exhibit 2 at 11]. But Loop was not interested in a dialogue. Loop yet again threatened a motion, and IQS again tried to negotiate a stipulation to relief without success. [Brayer Decl. Exhibit 2 at 12-13].

Like other attempts to meet and confer with Loop in this litigation, trying to negotiate or engage in a dialogue regarding the anti-SLAPP award has fallen on Loop's deaf ears, as Loop prefers motion practice to dialogue or compromise. IQS is not in contempt of the anti-SLAPP orders, and should not be faulted for the failure of Loop to discuss payment of the fee award. Certainly, Loop should not be rewarded for the filing of this motion with an award of fees attendant to this motion which was filed unnecessarily.

**F)** **This Court Has Already Denied Loop's Request for Interest and the Applicable Interest Rate is that Prescribed by Federal Statute**

Loop should not receive interest on the anti-SLAPP award because this Court already denied interest on the fees. [Dkt. 660 at 6:26-27 ("The Court denies the request for interest on the total fee request, as Loop has cited no authority indicating that interest is awarded in an anti-SLAPP fee case.").

Even assuming for the sake of argument that this Court were to award post-judgment interest to Loop, it would be from the date of judgment at the statutory federal rate prescribed by 28 U.S.C. § 1961, which governs interest on money judgments in a civil case recovered in a district court. *See Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1479 (9th Cir. 1995) (finding trial court erred when it awarded post-judgment interest at a 10% rate because post-judgment interest is determined by federal law) (*citing Northrop Corp. v. Triad International Marketing S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988) ("It is settled that even in diversity cases post-judgment interest is determined by federal law.")). The federal interest rate is the "weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." *Barnard v. Theobald*, 649 Fed. Appx. 414, 416 (9th Cir. 2016). Loop's request for interest at the California Rate of 10% is unsupported by any case citation, and is another example of Loop's overreaching.

**G)** **Loop is Not Entitled to Fees in Connection with the Rule 54(b) Motion**

Loop should not be granted additional fees for its work in connection with the Rule 54(b) Motion. "[A]n award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees under [the

Anti-SLAPP statute]." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1141 (2001). But Loop's work in connection with the Rule 54(b) Motion for partial entry of judgment was not "necessary to establish and defend the fee claim" or "enforce[e] the right to mandatory fees." *See e.g. New Show Studios*, U.S. Dist. LEXIS 126935 *20-21 (denying request for additional anti-SLAPP attorneys' fees and costs in connection with Rule 54(b) motion). Instead, Loop's Rule 54(b) Motion was simply an attempt to collect the fees before all claims in this case are resolved, and before sanctions are imposed against Loop pursuant to pending orders. Loop's request for fees in connection with the Rule 54(b) Motion should be denied.

**3)      CONCLUSION**

For all the foregoing reasons, Loop's Rule 54(b) Motion should be denied, along with its request for an order of contempt. This is not an unusual case necessitating a partial entry of judgment. Delay in entry of judgment is justified because Loop's award will most likely be offset by futures awards in favor of IQS, and Loop has not met the standard for entry of partial judgment. This Court should be disinclined to allow Loop the opportunity to re-open discovery, which would unnecessarily complicate this litigation, as opposed to streamline it. If this Court does enter partial judgment, and decides to award interest on that judgement, it should be at the statutory federal rate. Finally, Loop is not entitled to additional fees in connection with the Rule 54(b) motion because it was not necessary to establish or enforce the fee claim, rather simply an expression of Loop's impatience. There is no evidence before the Court to support a contempt citation. Therefore, IQS respectfully requests that this Court deny Loop's Rule 54(b) Motion with attendant request for a writ of execution, and its request for an order of Contempt.


Dated: December, ___ 2016

/S/    Janet Brayer_____
JANET BRAYER
Attorney for IQSystem, Inc.

IQSYSTEM INC.'S OPPOSITION TO LOOP AI LABS MOTION TO ENFORCE ANTI-SLAPP FEE AWARD