UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>Plaintiff,<br><br>v.<br><br>ANNA GATTI, et al.,<br><br>Defendants. | Case No. 15-cv-00798-HSG   (DMR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 731 |

Plaintiff Loop AI Labs Inc. filed a motion for sanctions against Defendants Almaviva S.p.A. and Almawave S.r.l. (together, the "Italian Almawave Defendants"). [Docket No. 731.] Plaintiff seeks sanctions against the Italian Almawave Defendants pursuant to Federal Rule of Civil Procedure 16(f) based on their purported failure to engage in fact discovery in violation of the scheduling orders issued by the Honorable Haywood S. Gilliam. The Italian Almawave Defendants and Defendant Almawave USA, Inc. ("Almawave USA") oppose the motion. [Docket No. 773.] The court held a hearing on October 31, 2016. For the following reasons, Plaintiff's motion is denied.

## I.   FACTUAL BACKGROUND

On February 20, 2015, Plaintiff filed this action against the Italian Almawave Defendants and Almawave USA, Inc. (together, the "Almawave Defendants"), as well as Anna Gatti, IQSystem LLC, and IQSystem, Inc. It filed the first amended complaint on April 6, 2015. [Docket No. 45.] On April 23, 2015, the Italian Almawave Defendants moved to dismiss the first amended complaint for lack of personal jurisdiction. [Docket No. 62.]

On May 26, 2015, while the jurisdictional motion to dismiss was pending, Judge Gilliam conducted an initial case management conference at which he set a January 29, 2016 deadline for the completion of fact discovery. [Docket Nos. 100 (Minute Order), 105 (Scheduling Order).]

Despite the pending motion to dismiss, the court did not stay any party's discovery obligations.

In August 2015, Plaintiff served its first set of written discovery on the Italian Almawave Defendants. This set included interrogatories and requests for production ("RFPs"). [Docket No. 731-1 (Healy Decl., June 15, 2016) Exs. A, F (discovery responses showing Aug. 17, 2015 service date).][1]

On September 2, 2015, Judge Gilliam denied the Italian Almawave Defendants' motion to dismiss without prejudice and ordered jurisdictional discovery. [Docket No. 183.] In so ruling, Judge Gilliam held that the outcome of the motion turned on whether Plaintiff's claims against the Italian Almawave Defendants "arise out of" those defendants' forum-related activities. Judge Gilliam therefore allowed Plaintiff to take jurisdictional discovery directly related to the merits of the case, namely, to test whether the Italian Almawave Defendants had participated in the scheme alleged in the first amended complaint. *Id.* Judge Gilliam ordered the parties to meet and confer on the "appropriate scope and length of the jurisdictional discovery period, taking into account any discovery completed during the pendency of th[e] motion [to dismiss]" and to submit a stipulation and proposed order. *Id.* at 6. If the parties were unable to reach agreement, the court directed them to submit their dispute to the undersigned for resolution. *Id.*

On September 16, 2015, the Italian Almawave Defendants each responded to the twelve interrogatories in Plaintiff's first set of written discovery with the following objection:

> [Almaviva S.p.A./Almawave S.r.l] objects to this [interrogatory/request] and does not provide a response on the grounds that the Court has not yet determined that it has personal jurisdiction over [Almaviva S.p.A./Almawave S.r.l]; obligating [Almaviva S.p.A./Almawave S.r.l.] to participate in discovery before personal jurisdiction is determined violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which discovery has not yet been approved by stipulation or Court order.

On the same date, the Italian Almawave Defendants each provided the same objection in response

---

[1] In its sanctions motion, Plaintiff describes its March 3, 2015 service of interrogatories and RFPs on the Italian Almawave Defendants in connection with its request for expedited discovery. Plaintiff asserts that the Italian Almawave Defendants ignored these requests. Pl.'s Mot. at 7. Notably, Plaintiff fails to mention that Judge Gilliam denied Plaintiff's request for expedited discovery on March 12, 2015. These discovery requests are therefore irrelevant to the instant motion. [Docket No. 32.]

to each of Plaintiff's 108 RFPs.  Healy Decl., June 15, 2016, Exs. A (Almaviva S.p.A.'s responses), F (Almawave S.r.l.'s responses).

Plaintiff served a second set of written discovery on the Italian Almawave Defendants on September 15, 2015.  Healy Decl. Exs. B, G (discovery responses showing Sept. 15, 2015 service date).  On October 15, 2015, while the jurisdictional discovery dispute remained pending, the Italian Almawave Defendants each responded to the 19 RFPs in Plaintiff's second set of written discovery with virtually the same objection set forth above.  Healy Decl. Exs. B (Almaviva S.p.A.'s responses), G (Almawave S.r.l.'s responses).

Later in October 2015, Plaintiff located Valeria Sandei and Raniero Romagnoli, two officers of Almawave S.r.l., in San Diego, California and personally served them with subpoenas duces tecum and ad testificandum, requesting 109 categories of documents.  Healy Decl. Ex. T; Culp Decl., June 29, 2016, Exs. C, D.  The subpoenas sought compliance in San Diego on December 14 and 15, 2015.  *Id.*  Sandei and Romagnoli served objections to the subpoenas on November 2, 2015, including the objection that each subpoena "improperly compels compliance further than 100 miles from where Responding Party resides, is employed, or regularly transacts business in person."  Healy Decl. Exs. V, W.  Plaintiff asserts that neither witness appeared or produced documents in response to the subpoenas.  Healy Decl. ¶¶ 31, 33, 34.

Plaintiff and the Italian Almawave Defendants were unable to reach an agreement on jurisdictional discovery and filed a joint letter brief describing their disputes on September 23, 2015.  [Docket No. 211.]  The undersigned scheduled a discovery hearing for October 30, 2015.  [Docket No. 266].  The hearing was continued to December 10, 2015 at Plaintiff's request.  [Docket Nos. 270, 273].

On December 10, 2015, the undersigned conducted a three-hour hearing on the parties' jurisdictional as well as other discovery disputes.  The parties expressed their agreement that the jurisdictional discovery was inextricably intertwined with the merits of Plaintiff's claims.  [Docket No. 335 (Dec. 10, 2015 Hr'g Tr.) at 4, 34, 36.]  The court set deadlines for jurisdictional discovery to be completed by January 15, 2016, but held that depositions could be conducted beyond the deadline per the parties' stipulation.  The court permitted Plaintiff to serve five

jurisdiction-related interrogatories to each of the Almawave Defendants, and also ordered that Plaintiff could take 28 hours of jurisdiction-related depositions. [Docket No. 323.]

The court also addressed the Almawave Defendants' document production at the December 10, 2015 hearing. According to defense counsel, Plaintiff had asked the Italian Almawave Defendants to respond to 108 previously-propounded RFPs as part of jurisdictional discovery. Hr'g Tr. at 19. Defense counsel asserted that the Almawave Defendants were producing responsive documents in three "volumes," and that the first volume had been produced in mid-November 2015. *Id*. at 18. He stated that in order to preserve the Italian Almawave Defendants' jurisdictional objections, the document production came "under the auspices of [Almawave] U.S.A.," but represented to the court that there was "no distinction [between the Almawave Defendants]. We are not withholding documents from the Italians. So U.S.A. is making the production on behalf of everyone." *Id*. at 20.[2] The court ordered Almawave USA to produce Volumes II and III of the Almawave Defendants' document production by December 18, 2015 and December 31, 2015, respectively. [Docket No. 323.]

The Almawave Defendants produced witnesses Valeria Sandei, Raniero Romagnoli, Luca Ferri, Mariantonietta Perri, and Angela Nicolella for depositions during the week of January 19, 2016. Culp Decl. ¶ 9. Plaintiff did not depose all of these witnesses. *Id*. The Italian Almawave Defendants also each responded to five jurisdictional interrogatories. *Id.* at ¶ 7. The final jurisdictional deposition was conducted February 3, 2016. [*See* Docket No. 398 (Order granting stipulation to continue G. DiNapoli's deposition to Feb. 3, 2016).]

On February 2, 2016, Judge Gilliam held a second case management conference and continued the fact discovery deadline to March 29, 2016. [Docket No. 413 (Minute Order), 411 (Second Scheduling Order).]

---

[2] Defendants articulated this approach once again in a February 18, 2016 letter to Plaintiff, which states: "As we have previously informed you, there are no documents that [the Italian Almawave Defendants] would produce that Almawave USA... has not already undertaken to produce. In other words, even though the Italian Almawave Defendants object – and have objected – to participating in discovery in this case on the basis that the Court lacks jurisdiction over them, their jurisdictional objections have not deprived Loop of receiving the Italian Almawave Defendants' responsive documents (to the extent any such responsive documents exist)." [Docket No. 907-3].

4

Following the close of jurisdictional discovery, Plaintiff served three additional sets of written discovery on the Italian Almawave Defendants. On February 25, 2016, in response to Plaintiff's third set of written discovery, the Italian Almawave Defendants each responded to Plaintiff's new 7 RFPs with the following objection:

> [Almaviva S.p.A./Almawave S.r.l] objects to this request on the grounds that the Court has not yet determined that it has personal jurisdiction over [Almaviva S.p.A./Almawave S.r.l]; obligating [Almaviva S.p.A./Almawave S.r.l.] to participate in discovery beyond the targeted and limited personal jurisdiction discovery that was ordered violates Constitutional requirements of due process. The Court has ordered that only limited jurisdictional discovery may proceed; which has concluded as of February 3, 2016.

Healy Decl. Exs. C (Almaviva S.p.A.'s responses), H (Almawave S.r.l.'s responses).

On March 10, 2016, the Italian Almawave Defendants moved to dismiss Plaintiff's second amended complaint for lack of personal jurisdiction. [Docket No. 469.] On March 28, 2016, the Italian Almawave Defendants each responded to Plaintiff's fourth and fifth sets of written discovery with virtually the same objection and response they provided in response to the third set of discovery, above.[3] Healy Decl. Exs. D (Almaviva S.p.A.'s responses to fourth set), E (Almaviva S.p.A.'s responses to fifth set), I (Almawave S.r.l.'s responses to fourth set), J (Almawave S.r.l.'s responses to fifth set).

On June 8, 2016, Judge Gilliam denied the Italian Almawave Defendants' motion to dismiss Plaintiff's second amended complaint for lack of personal jurisdiction. [Docket No. 726.]

## II. DISCUSSION

### A. Rule 16 Sanctions

Plaintiff moves for sanctions pursuant to Federal Rule of Civil Procedure 16, asserting that the Italian Almawave Defendants violated the court's scheduling orders by refusing to engage in fact discovery. Rule 16 authorizes a court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Rule 37(b)(2)(A) authorizes a variety of sanctions, including

---

[3] Plaintiff's fourth set of written discovery included 109 new RFPs and five interrogatories. Its fifth set of written discovery included 17 new RFPs. Healy Decl. Exs. D, E, I, J.

5

1  "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or
2  from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii).  Plaintiff
3  asserts that the preclusion sanction authorized by Rule 37(b)(2)(A)(ii) is appropriate to address the
4  Italian Almawave Defendants' refusal to allow Plaintiff "to obtain any fact discovery in violation
5  of the Rule 16 Scheduling Order, which required them to engage in and allow fact discovery and
6  to complete all such fact discovery by March 29, 2016." Mot. at 13.  It asks the court to preclude
7  the introduction by any defendant of testimonial evidence by any officers or employees of the
8  Italian Almawave Defendants, preclude the Italian Almawave Defendants' introduction of any
9  documentary evidence at summary judgment or trial, preclude the Almawave Defendants from
10 introducing any expert testimony, and preclude the Almawave Defendants from using "evidence
11 obtained by Almawave USA Inc. or any other Defendant during the course of fact discovery in
12 which the Italian Almaviva Defendants refused to engage." *Id*. at 16-17.  Plaintiff's motion rests
13 primarily on the Italian Almawave Defendants' refusal to provide substantive responses to
14 Plaintiff's first through fifth sets of written discovery, described above.

15     The Italian Almawave Defendants dispute Plaintiff's assertion that they did not engage in
16 fact discovery.  Notwithstanding their jurisdictional objections to Plaintiff's first through fifth sets
17 of discovery, they assert that by the March 29, 2016 close of fact discovery, they had "timely
18 responded to all requests for production served on them," and produced more than 54,000 pages of
19 documents in response to 261 document requests propounded to Almaviva S.p.A., 264 document
20 requests propounded to Almawave S.r.l., and 263 document requests propounded to Almawave
21 USA.  Culp Decl. ¶ 8.  Defense counsel asserts that the vast majority of the documents were
22 obtained from the Italian Almawave Defendants. *Id*.  The Italian Almawave Defendants further
23 contend that they "timely responded" to an additional 17 interrogatories beyond the five
24 jurisdictional interrogatories ordered by the court.  Culp Decl. ¶ 7.

25     At the hearing, defense counsel conceded that the Italian Almawave Defendants had not
26 provided substantive responses to Plaintiff's first through fifth sets of discovery, but represented
27 that this was because the Italian Almawave Defendants were concerned that responding to
28

Plaintiff's discovery could be construed as a waiver of their jurisdictional challenge.[4] [Docket No. 946 (Oct. 31, 2016 Hr'g Tr.) at 9-10, 11.] Therefore, the Italian Almawave Defendants responded to Plaintiff's discovery under the auspices of Almawave USA. Defense counsel further represented that as to Plaintiff's RFPs, the Italian Almawave Defendants "did not have any objections over and above those of Almawave USA." *Id*. at 13. In other words, according to defense counsel, the Italian Almawave Defendants did not withhold any responsive documents due to an objection that was not also asserted on behalf of Almawave USA. *See id*. at 14. Counsel noted at the hearing that Valeria Sandei, an officer of the Almawave Defendants, had stated the same in a declaration signed under penalty of perjury. In that declaration, Sandei, who is the President of Almawave USA, CEO of Almawave S.r.l., and Strategic Marketing Officer for the Almawave Defendants, states that "for purposes of [the Almawave Defendants'] collection and production of documents" in discovery, the individuals collecting documents "made no distinction between which Almawave entity or person 'controlled' the document and assumed that any document within the possession, custody or control of the Italian Almawave Defendants was also in the possession, custody or control of Almawave USA." [Docket No. 907-4 (Sandei Decl., Oct. 11, 2016, ¶¶ 1, 3.] She states that "no distinction was made between the three Almawave entities for purposes of document collection, review, or production," and that "[t]he Italian Almawave Defendants' documents were included in the documents produced by Almawave USA." *Id*. at ¶¶ 3, 4.

As to the 17 interrogatories propounded to the Italian Almawave Defendants (in addition to the five court-ordered jurisdictional interrogatories), Sandei states that Plaintiff propounded nearly identical interrogatories on Almawave USA, and that the "substantive responses that Loop received from Almawave USA were virtually the same—if not exactly the same—as the responses that the Italian Almawave Defendants would have provided but for their then-pending objections to jurisdiction." *Id*. at ¶ 5; *see also* Culp Decl. ¶ 7. Sandei states that "[i]n sum, Almawave has

---

[4] Defense counsel stated, "[s]imply by submitting written responses the concern was that we would—more than a concern. We were told we would face an argument that that was a waiver of their jurisdiction challenge." Oct. 31, 2016 Hr'g Tr. at 9. Plaintiff did not refute this assertion.

not withheld any information or documents on the basis that such documents or information was in the possession, custody, and control of, or known only by the Italian Almawave Defendants and not Almawave USA." Sandei Decl. ¶ 6. Additionally, defense counsel represented at the hearing that in responding to Plaintiff's RFPs and interrogatories, the Almawave Defendants drew no distinction between jurisdictional discovery and merits discovery. Oct. 31, 2016 Hr'g Tr. at 15-16.

At the hearing, Plaintiff argued that defense counsel's representations are inconsistent with the positions that Almawave USA took in discovery. Oct. 31, 2016 Hr'g Tr. at 41-42. Specifically, Plaintiff points to Almawave USA's general objections to Plaintiff's first set of discovery, in which it wrote, "Almawave USA objects to each of the interrogatories and requests to the extent they seek documents and information not in Almawave USA's possession, custody, or control," and "Almawave USA objects to the instructions to the extent they require the production of documents and information not in Almawave USA's possession, custody, or control." [Docket No. 897-12 at 3-4.] Plaintiff is technically correct on this point. However, as discussed above, defense counsel explained that the Italian Almawave Defendants made the objections on paper in order to avoid Plaintiff's threatened argument that they waived jurisdictional objections by responding to discovery. From a practical standpoint, the Italian Almawave Defendants responded to the discovery requests through Almawave USA. To support this statement, the Almawave Defendants submitted a declaration in which Sandei states under oath that the individuals gathering responsive documents "assumed that any document within the possession, custody or control of the Italian Almawave Defendants was also in the possession, custody or control of Almawave USA." Sandei Decl. ¶ 3.

At the hearing, defense counsel admitted that the Italian Almawave Defendants did not subsequently amend their discovery responses after the court denied their motion to dismiss Plaintiff's second amended complaint for lack of personal jurisdiction on June 8, 2016, which was several months after the close of discovery. Oct. 31, 2016 Hr'g Tr. at 18, 20. The Italian Almawave Defendants should have promptly served amended responses once their jurisdictional challenge was finally adjudicated. However, having reviewed defense counsel's representations at

8

the October 31, 2016 hearing, Sandei's declaration, and counsel's declaration in opposition to Plaintiff's motion for sanctions, the court finds that the Italian Almawave Defendants did not "refuse to engage in and allow fact discovery" in violation of any court orders. Rule 16 sanctions are therefore inappropriate. In order to clarify the record, the Italian Almawave Defendants shall promptly amend their discovery responses to comport with their representations.

### B. Alleged Deficiencies in the Almawave Defendants' Document Productions

Plaintiff's motion for sanctions also challenges the sufficiency of Almawave USA's document production. It describes several categories of documents that it contends were never produced. Mot. at 3, Reply at 3-4. For example, Plaintiff contends that Almawave USA did not produce evidence of internal deliberations regarding the decision to hire Gatti, or confidentiality agreements between Gatti and the Almawave Defendants. Mot. at 3. The Almawave Defendants object that this portion of Plaintiff's motion is an untimely motion to compel, a characterization with which the court agrees.[5] Fact discovery closed on March 29, 2016. The deadline to file a motion to compel has long passed, and Plaintiff had ample opportunity during discovery to challenge Almawave USA's responses to discovery. However, as detailed below, Plaintiff repeatedly and inexplicably failed to comply with the court's orders and procedures governing motions to compel discovery.

This case was referred to the undersigned for discovery on June 16, 2015. [Docket No. 113.] The court's June 18, 2015 Notice of Reference and Order re Discovery Procedures set forth the procedure by which the parties could seek resolution of discovery disputes. [Docket No. 117; *see also* Docket No. 401 (Jan. 27, 2016 Notice of Amended Discovery Procedures).] That order, which incorporates portions of the undersigned's Standing Order, provides that in lieu of filing formal discovery motions, the parties shall meet and confer in person or by telephone and then file a joint letter addressing remaining disputes. It also provides that "[i]n the rare instance that a joint letter is not possible, each side may submit a letter not to exceed three pages, which shall include

---

[5] At the hearing, defense counsel asserted that the documents described by Plaintiff either do not exist or were in fact produced by the Almawave Defendants. Oct. 31, 2016 Hr'g Tr. at 20-22.

9

an explanation of why a joint letter was not possible." *Id.* at 2.  On July 24, 2015, following a discovery management conference, the court ordered the parties to audio-record all in-person or telephonic meet and confer communications and maintain logs of such communications.  The court also prohibited the parties from filing ex parte (i.e., unilateral rather than joint) discovery letters without the court's leave.  [Docket No. 156.]

Notwithstanding the court's order, the parties filed a number of ex parte discovery letters and responses thereto without permission in September 2015.  [*See, e.g.*, Docket Nos. 192, 205, 213, 216, 217, 219, 220, 221.]  On September 28, 2015, the court issued an order expressing its "disapproval of the parties' dismal record regarding their meet and confer efforts," and stated that it would no longer consider any ex parte discovery letter filed without prior approval.  [Docket No. 222.]  Going forward, the court directed the parties to seek leave to file ex parte discovery letters by filing a one-page motion for administrative relief pursuant to Civil Local Rule 7-11, warning the parties that the court would only grant leave to file an ex parte letter "in exceptional circumstances." *Id.*

After the court issued these directives, all of the parties, including Plaintiff, made attempts to seek relief related to discovery disputes by filing administrative motions for leave to file ex parte discovery letters.  For example, on October 7, 2015, Plaintiff filed an administrative motion for leave to file motions to compel discovery as to all Defendants.  In its administrative motion, Plaintiff blatantly admitted that it had not complied with the court's joint discovery letter procedure, cavalierly asserting that "there is no reason to believe that any meet and confer would be productive."  [Docket No. 247.]  On October 16, 2015, the court issued an order denying Plaintiff's administrative motion as well as five other administrative motions for leave to file ex parte discovery letters filed by Defendants Almawave USA, Gatti, and IQSystem LLC.  The court found that the parties had failed to show "exceptional circumstances," i.e., the moving parties had failed to show that despite their efforts, their opposing party had refused to meet and confer and/or participate in the court's mandatory joint letter procedure.[6]  [Docket No. 271.]  The court

---

[6] The court also denied a joint letter filed by Plaintiff and Gatti/IQSystem LLC on the ground that it was "joint" in name only, since the parties never met and conferred about the issues therein, and

reiterated its expectation that the parties would "engage in meaningful meet and confer sessions aimed at resolving most if not all discovery disputes without court intervention," and expressed concern about the parties' "failure to actually engage in the necessary work of sorting through the substantive issues and attempting to reach appropriate compromises." *Id.*

As discussed above, the court held a hearing and made rulings regarding the scope of jurisdictional discovery in December 2015. On January 11, 2016, one week before jurisdictional depositions were scheduled to begin, Plaintiff filed an "administrative motion to compel jurisdictional discovery" from the Almawave Defendants in which it described purported problems with their interrogatory responses and document production. [Docket No. 369.] The court ruled on Plaintiff's administrative motion the following day, January 12, 2016. [Docket No. 374.] Noting that "it appears there are issues with the jurisdictional discovery on both sides that require further discussion by the parties," and describing several examples, the court ordered the parties to meet and confer on the issues raised in Plaintiff's motion on an expedited schedule and file a joint letter regarding any remaining disputes by January 14, 2016, and denied Plaintiff's administrative motion without prejudice. [Docket No. 374.] Following its receipt of the parties' joint letter (Docket No. 379), the court granted Plaintiff leave "to file a regularly-noticed motion addressing only those issues raised in the joint letter." [Docket No. 382.] Inexplicably, Plaintiff never filed a motion in compliance with this order.

In March and April 2016, Plaintiff made a number of further attempts to obtain court intervention with respect to discovery, most of which were denied for failure to comply with the court's procedures. On March 7, 2016, without first seeking leave to file an ex parte letter, Plaintiff filed a unilateral discovery letter brief seeking to compel the continuation of the depositions of Sandei, Romagnoli, and Perri, and to take Ferri's deposition. [Docket No. 448.] Although Plaintiff referred in its letter to its "attempts to schedule" the depositions, it did not describe any efforts to meet and confer with the Almawave Defendants or to submit a joint letter on the dispute. The court denied the motion on March 9, 2016 on the ground that there was no

---

denied a motion by Plaintiff for leave to file a motion for contempt as to a third party (Docket No. 265) for failure to show exceptional circumstances.

1  indication in the letter that Plaintiff attempted to comply with the court's Standing Order regarding
2  resolution of discovery disputes. [Docket No. 455.] On March 11, 2016, Plaintiff filed an
3  administrative motion for leave to file a motion to compel the depositions of Sandei, Romagnoli,
4  Perri, and Ferri, representing that the Almawave Defendants had refused to participate in a joint
5  letter on the issue. [Docket No. 474.] The Almawave Defendants filed an opposition in which
6  they contradicted Plaintiff's representations of their willingness to participate in joint letter.
7  [Docket No. 480.] On March 21, 2016, the court denied the motion on the ground that Plaintiff
8  had not demonstrated "exceptional circumstances" to file an ex parte discovery letter. [Docket
9  No. 501.]

On March 30, 2016, after the close of fact discovery, Plaintiff filed an administrative motion for leave to file unilateral discovery letter briefs to compel document productions from the Almawave Defendants (and others) and depositions from "the Italian Almaviva Defendants." [Docket No. 542.] In its motion, Plaintiff asserted that each of the Defendants had refused to join in Plaintiff's discovery letters. *Id*. Finding that Plaintiff had shown exceptional circumstances, the court granted Plaintiff leave to file an ex parte discovery letter as to its motion to compel further depositions. [Docket No. 582.] On April 8, 2016, Plaintiff filed an ex parte discovery letter in which it moved to compel the depositions of Sandei, Romagnoli, Perri, and Ferri. [Docket No. 591.] However, despite Plaintiff's claim that the Almawave Defendants refused to produce the witnesses for deposition, correspondence between the parties showed that the Almawave Defendants had in fact asked Plaintiff to propose dates for the depositions and offered specific dates for the depositions before the close of fact discovery. [Docket No. 599.] Accordingly, on May 6, 2016, the court denied Plaintiff's motion to compel. [Docket No. 647.]

In its March 30, 2016 administrative motion, Plaintiff also sought leave to file a unilateral discovery letter to address the Italian Almawave Defendants' and Almawave USA's document production. The court denied Plaintiff's motion as to the Italian Almawave Defendants on the basis that Plaintiff had not shown exceptional circumstances because it never sought to engage those parties in the joint letter process. [Docket No. 582.] As to Almawave USA, it presented evidence that it had in fact responded to Plaintiff's attempts to submit a joint letter, including

providing its portion of a joint letter, contrary to Plaintiff's representations. [Docket No. 560.] Accordingly, the court ordered Plaintiff to submit a statement explaining why Almawave USA's actions did not constitute an attempt to participate in the joint letter process. [Docket No. 582.] In its statement, Plaintiff conceded that Almawave USA had provided Plaintiff with its portion of a joint letter. While admitting that it had "inadvertently miss[ed]" the correspondence, Plaintiff blamed its mistake on "the overwhelming amount of correspondence Defendants send daily." [Docket No. 590.] The court subsequently denied Plaintiff's request to file a motion to compel with respect to its dispute with Almawave USA, finding that Plaintiff had failed to show exceptional circumstances. [Docket No. 612.][7]

In sum, the record is replete with examples of Plaintiff's unwillingness or inability to comply with court-ordered procedures regarding discovery dispute resolution, and in particular, the requirement that the parties meet and confer in good faith before seeking court intervention. Fact discovery is long over. In light of its repeated failures to comply with the court's Standing Order and timely move to compel, Plaintiff may not belatedly challenge the sufficiency of the Almawave Defendants' discovery responses or seek sanctions based on the same alleged deficiencies.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for Rule 16 sanctions is denied. However, the Italian Almawave Defendants shall serve amended discovery responses within two weeks of the date of this order that comport with the representations that they have made to Plaintiff and the court.

**IT IS SO ORDERED.**

Dated: December 27, 2016

_____
Donna M. Ryu
United States Magistrate Judge

---

[7] The court notes that although many of Plaintiff's requests to file ex parte discovery letters were denied for failure to demonstrate exceptional circumstances warranting such an approach, nothing prevented Plaintiff from complying with the rules and filing joint discovery letters addressing its disputes. Plaintiff failed to do so.