UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>             Plaintiff,<br><br>     v.<br><br>ANNA GATTI, et al.,<br><br>             Defendants. | Case No.  15-cv-00798-HSG  (DMR)<br><br>**ORDER ON DEFENDANT ALMAWAVE'S SANCTIONS MOTIONS**<br><br>Re: Dkt. Nos. 546, 597, 895 |

Defendant Almawave USA, Inc. ("Almawave")[1] filed three discovery motions seeking sanctions for Plaintiff Loop AI Labs Inc.'s conduct and/or failure to comply with discovery orders. [Docket Nos. 546, 597, 895.]  The court held a hearing on October 31, 2016 and rules as follows.

**I.   DOCKET NO. 546: FAILURE TO COMPLY WITH ORDER TO PAY INTERPRETER COSTS FOR JANUARY 20, 2016 DEPOSITION**

To resolve an emergency discovery dispute that arose at the commencement of the January 20, 2016 deposition of Mariantonietta Perri, the court ordered the parties to split the cost of the Italian language interpreter for that day.  The court further ordered Plaintiff to provide an interpreter for all of the Italian-speaking deponents scheduled to be deposed the rest of that week, since the Almawave Defendants had put Plaintiff on notice of their need for translation services. The court ordered Plaintiff to bear the full interpreter costs for the depositions scheduled for the rest of the week, but noted that Plaintiff reserved the right to seek reimbursement for those costs "if it [could] show that such services were unnecessary."   [Docket No. 397 (Jan. 20, 2016 Court Order re Interpreter Services).]  Plaintiff never sought reimbursement.

On February 3, 2016, the interpreter billed Plaintiff for its 50% share of the January 20,

---

[1] The court refers to Defendants Almawave USA, Inc., Almawave S.p.A. and Almawave S.r.l. collectively as "the Almawave Defendants."

1   2016 translation services in the amount of $844.50.  [Docket No. 546 Ex. A (Docket 654-1 at 6).]
2   In the present motion, Almawave contends that Plaintiff refused to pay the invoice and asks the
3   court to order Plaintiff to immediately comply with the January 20, 2016 order.  Almawave asserts
4   that its law firm, which originally retained the interpreter, was "forced to pay the fees that this
5   Court ordered be paid by Loop" in order to preserve its relationship with the interpreter.  [Docket
6   No. 546 at 2.]  Almawave also asks the court to impose unspecified "further monetary sanctions
7   on Loop or its counsel and/or issue an OSC regarding further sanctions as punishment and
8   deterrence of future contempt."  [Docket No. 546 at 2.]

9   On October 31, 2016, shortly before the hearing on this motion, Plaintiff submitted a
10  declaration from the translation agency that directly contradicts Almawave's assertion.  Although
11  Almawave represented in its motion that its counsel paid the entire bill for the January 20, 2016
12  interpreter services, the agency states that Almawave's counsel only paid for its own 50% share.
13  The agency declares that it received a $630 payment from Plaintiff's counsel on June 10, 2016.[2]
14  [Docket No. 928.]  At the hearing, Almawave's counsel acknowledged that the representation in
15  its motion was incorrect.  Almawave's counsel corrected the record by stating that he told the
16  translation agency that his firm would pay Plaintiff's share if Plaintiff did not pay the invoice.
17  [Docket No. 946 (Oct. 31, 2016 Hr'g Tr. at 54-55).]  He did not otherwise explain the
18  misrepresentation in the motion.

19  In any event, Plaintiff's conduct is not sanctionable.  Although Plaintiff did not promptly
20  pay the interpreter's invoice, the court's January 20, 2016 order directing Plaintiff to pay for half
21  of that day's interpreter costs did not contain a deadline by which it was required to do so.  Thus,
22  its June 10, 2016 payment, while tardy, did not violate a court order.  The basis for Almawave's
23  request for unspecified "further monetary sanctions" and/or an order to show cause regarding
24  further sanctions is not clear, and Almawave does not specify the authority supporting its request.
25  Its motion for sanctions is therefore denied.

---

[2] Plaintiff does not explain the $214.50 discrepancy between the $844.50 billed by the translation agency and the amount Plaintiff paid.

2

## II. DOCKET NO. 597: FAILURE TO COMPLY WITH COURT ORDER RE DEPOSITION SCHEDULE FOR LATE MARCH 2016

On March 25, 2016, four days before the March 29, 2016 fact discovery deadline, the court held an emergency telephonic discovery hearing and set a deposition schedule for the following week for the remaining witnesses, which included Plaintiff's three executives, Calafiore, Ehlen, and Peintner. [Docket No. 526.] The court ordered Calafiore and any Rule 30(b)(6) witness testifying on Plaintiff's behalf to appear on March 31, 2016 and April 1, 2016. It ordered Plaintiff to produce Ehlen and Peintner for depositions on March 29, 2016 and March 30, 2016. *Id*.

On March 26, 2016, Plaintiff moved for relief from that order. [Docket No. 529.] Judge Gilliam denied Plaintiff's motion on March 28, 2016. [Docket No. 533.] Peintner appeared for deposition on March 30, 2016; however, Ehlen, Calafiore, and Plaintiff's 30(b)(6) witnesses failed to appear for deposition as ordered. On April 1, 2016, Almawave filed an administrative motion for leave to file a motion for sanctions based on Plaintiff's witnesses' failure to appear for the depositions. [Docket No. 555.] Following receipt of Almawave's administrative motion and Plaintiff's response thereto (Docket No. 558), the court ordered Plaintiff to make its witnesses available for deposition during the week of April 4, 2016 at Almawave's convenience, and granted Almawave leave to file a motion for sanctions. [Docket No. 564.] Almawave now moves for sanctions for Plaintiff's failure to comply with the March 25, 2016 court order regarding the depositions of its witnesses.

At the hearing on this motion, Almawave clarified that it eventually deposed Ehlen and Calafiore, and that it did not incur any additional costs related to their original failure to appear as ordered (e.g., extra court reporter or videographer fees). Therefore, the only expenses related to Plaintiff's failure to comply with the court's order are the attorneys' fees and costs incurred by Almawave in filing the April 1, 2016 administrative motion for leave to move for sanctions and the present motion for sanctions. Oct. 31, 2016 Hr'g Tr. at 24, 26. Inexplicably, Almawave does not seek reimbursement for the costs of those motions. Instead, it asks for unspecified "meaningful sanctions" as well as "a monetary component of at least $5,000" pursuant to Rule 37(b), which authorizes various sanctions for failure to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A); Mot. at 2. It does not cite any other authority for its

request.

Almawave's motion for sanctions is denied. The only prejudice or injury it suffered as a result of Plaintiff's disobedience of the court's order was the cost of its motions, but it did not seek an award tied to those expenses.

This outcome does not condone Plaintiff's refusal to follow a court order. Far from it. Sadly, Plaintiff's failure in this instance joins a long line of such failures. [*See* Docket No. 894, Order to Show Cause Why Terminating Sanctions Are Not Warranted (listing examples of Plaintiff's "documented history of obstructionist discovery conduct and persistent refusal to follow Court orders notwithstanding repeated warnings.").]

## III. DOCKET NO. 895: REIMBURSEMENT OF LUCA FERRI'S COSTS

Almawave moves for sanctions related to its witness Luca Ferri. At a three-hour discovery hearing on December 10, 2015, the parties argued at length about the timing and location of depositions of the Almawave Defendants' witnesses, many of whom live in Rome. Dec. 10, 2015 Hr'g Tr. at 42:15-56:3; 111:2-125:7. After much discussion, the court ordered that the depositions of the Italian witnesses take place in San Francisco between January 19 and 22, 2016. *Id.* at 124:10-14.

As discussed above in connection with Docket No. 546, on January 20, 2016, at the start of the first Italian witness's deposition, the parties sought emergency court intervention regarding a dispute about the use of an interpreter. Among other things, the court ordered Plaintiff to provide an interpreter for all of the Italian witnesses scheduled to be deposed that week. [Docket No. 397 (Jan. 20, 2016 Court Order re Interpreter Services).]

Ferri is a native Italian language speaker who lives and works in Italy. He traveled to San Francisco on January 13, 2016 in order to prepare for his deposition. Plaintiff noticed Ferri's deposition for January 21, 2016, beginning at 8:00 a.m. [Docket No. 895-1 (Wallerstein Decl. Sept. 26, 2016) ¶¶ 4, 10.] In a January 9, 2016 letter, Almawave objected to the start time due to personal obligations and sought a 10:00 a.m. start time as a courtesy. *Id.* at ¶ 10. Almawave sent a second letter on January 17, 2016 reiterating its unavailability at 8:00 a.m., but Plaintiff refused any accommodation. *Id.* Defense counsel was ultimately able to make alternate arrangements and

informed Plaintiff that Almawave's witnesses would appear at 9:00 a.m. *Id*.

Plaintiff noticed two depositions for January 20, 2016: Mariantonietta Perri and Angela Nicolella. *Id*. at ¶ 11. Plaintiff deposed Perri on January 20, 2016, but did not depose Nicolella. Almawave agreed to re-produce Nicolella for deposition on January 21, 2016. *Id*. Ferri and Nicolella appeared for deposition on January 21, 2016, along with two defense attorneys in order to facilitate the possibility of double-track depositions. *Id*. at ¶ 13. However, Plaintiff did not come prepared with an interpreter, and informed Almawave that one would not arrive until later that day. *Id*. at ¶ 12; Wallerstein Decl. Ex. C (Nicolella Tr.) at 7, 12.

Nicolella's deposition did not begin until approximately 11:15 a.m., after the interpreter arrived. At approximately 2:50 p.m., Almawave's counsel reconfirmed on the record that Ferri was present, ready to be deposed, and would not be available for deposition the next day. Nicolella Tr. at 64-65. Almawave's counsel also stated that the day's depositions would end by no later than 7:00 p.m. *Id*. at 65. After 7:00 p.m., Ferri left the deposition room without having been deposed. *Id*. at 155-56. He flew back to Italy as planned on January 22, 2016. Wallerstein Decl. ¶ 15. On February 12, 2016, Almawave filed an administrative motion for leave to file a motion for reasonable expenses for Plaintiff's failure to depose Ferri as noticed (Docket No. 419), which Plaintiff opposed (Docket No. 429). The court subsequently granted Almawave leave to file its motion. [Docket No. 893.]

Almawave moves pursuant to Federal Rule of Civil Procedure 30(g) for reimbursement of its expenses related to Ferri's travel to San Francisco and preparation for the deposition, as well as expenses related to this motion. Rule 30(g) provides that "[a] party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to . . . attend and proceed with the deposition." Fed. R. Civ. P. 30(g)(1). Almawave asks for an award of $16,979.85.

It is undisputed that Plaintiff noticed Ferri's deposition for January 21, 2016 in San Francisco, but did not proceed with it. Plaintiff argues that it did not "fail to proceed" under Rule 30(g), because Plaintiff's counsel was ready to go forward with Ferri's deposition at the appointed time and throughout the day. This plainly ignores the fact that the court had ordered Plaintiff to

provide an interpreter for the Italian-language witnesses, and it is undisputed that Plaintiff did not have an interpreter available at the start of Ferri's deposition. Therefore, counsel was not in fact ready to proceed with Ferri's deposition as noticed.

Plaintiff focuses its opposition on disputing Almawave's characterization of events. First, Plaintiff argues that it did not know until the morning of January 21, 2016 that Almawave would be producing Nicolella for her deposition on the same date. [Docket No. 903-1 (Healy Decl., Sept. 30, 2016) ¶ 13.] There was only one witness noticed for deposition that day—Ferri—and Plaintiff asserts that the new schedule requiring the deposition of two witnesses on January 21, 2016 "was entirely of [defense counsel's] creation. *Id*. Second, Plaintiff asserts that the only reason Nicolella was not deposed on January 20, 2016 as noticed was because counsel "abruptly left the deposition site with the witness, even though an interpreter was present." *Id*. at ¶ 11.[3] Third, Plaintiff asserts that defense counsel never identified any personal obligations that prevented the depositions from starting at 8:00 a.m., and argues that the reason the depositions needed to start at 8:00 a.m. was because the parties had limited time to take five depositions in three days.[4] *Id*. at ¶ 10. Fourth, Plaintiff asserts that defense counsel imposed repeated unreasonable breaks during Nicolella's deposition, "intentionally [trying] to limit the remaining deposition time."[5] [Docket No. 903 at 2.]

All of these arguments are a side show. They do not explain or justify Plaintiff's failure to depose Ferri as noticed, even though he had traveled from Italy. Plaintiff was on ample notice that

---

[3] It appears that Wallerstein left the deposition site with Nicolella at approximately 5:13 p.m. [Docket No. 429-1 at 163.]

[4] Plaintiff contends that proceeding with a translator is an "extremely cumbersome and lengthy process." [Docket No. 903 at 2.] The court agrees that the process takes longer than usual, but had accounted for the possibility of delay by granting Plaintiff an extra three hours of jurisdictional depositions in order to "pad it a little bit because of possible need for translation." Dec. 10, 2015 Hr'g Tr. at 50.

[5] Plaintiff attempts to incorporate by reference its opposition to Almawave's administrative motion for leave to file a motion to recover expenses associated with Ferri, which includes a chart of the deposition time spent waiting, in recess, and in colloquies on the record. [Docket No. 903 at 1 (referring to Docket Nos. 429, 429-1).] The court declines to consider these materials, for they are a transparent attempt to skirt the page limit set by the court. [*See* Docket No. 893.]

the Italian-language witnesses all required an interpreter, but inexplicably failed to have one in place for the very first witness on January 20, 2016. This led to a discovery dispute and the need for emergency court intervention, which ultimately delayed the day's depositions and threw the entire schedule off track from the get-go. Even after the court's January 20, 2016 order requiring Plaintiff to provide interpreters for all other depositions taking place that week, Plaintiff did not have an interpreter ready to go on January 21, 2016 until well after 11:00 a.m. In this way, Plaintiff was the sole author of its time management problems, and created its own crises in a tightly scheduled week. It must now face the consequences of its poor planning and decisions.

Plaintiff also argues that Almawave USA, Inc. lacks standing to move for sanctions, since it provided no evidence that it incurred any of the expenses it seeks to recover here. Specifically, Plaintiff argues that Ferri is an employee of Almawave S.r.l., not Almawave USA, Inc., so Almawave USA, Inc. has no obligation to pay or reimburse Ferri's expenses. Further, Plaintiff argues that Almawave USA, Inc. has no fee arrangement with Venable; instead, its letter of engagement is with Almaviva S.p.A. Healy Decl. ¶ 24. It contends that Almawave USA, Inc. has no standing to recover these expenses, since it did not incur or pay anything, and has no obligation to pay any of the expenses described in its motion.

In response, defense counsel explained at the hearing that the Italian Almawave Defendants conducted discovery under the auspices of Almawave USA, since they were concerned that proceeding otherwise could be construed as a waiver of their jurisdictional challenge. Oct. 31, 2016 Hr'g Tr. at 9-10, 11.[6] That challenge was not finally resolved until June 8, 2016, when Judge Gilliam denied the Italian Almawave Defendants' motion to dismiss the second amended complaint for lack of personal jurisdiction. [Docket No. 726.] Defense counsel asserted that the Almawave Defendants "never made a distinction between Almawave USA and the Italian Almawave Defendants for purposes of those depositions," treating them as depositions of all three entities. Oct. 31, 2016 Hr'g Tr. at 26-27. Almawave USA moved for leave to file a

---

[6] Defense counsel stated, "[s]imply by submitting written responses the concern was that we would—more than a concern. We were told we would face an argument that that was a waiver of their jurisdiction challenge." Oct. 31, 2016 Hr'g Tr. at 9. Plaintiff did not refute this assertion.

7

motion for sanctions related to Ferri's deposition well before Judge Gilliam decided the jurisdictional issue. In light of these circumstances, the court finds that Almawave USA has standing to seek relief related to Ferri's scheduled deposition.

Almawave seeks a total of $16,979.85 for the following expenses: Ferri's airfare and hotel accommodations; attorney time for deposition preparation; attorney time for attendance at the deposition; attorney time spent meeting and conferring, conducting legal research and preparing its motion for leave to file a motion for sanctions; and attorney time spent preparing its motion for sanctions. The court finds that Almawave is entitled to some but not all of the amounts requested. Almawave is entitled to reimbursement of Ferri's airfare and hotel accommodations.[7] Pursuant to Rule 30(g), it is also entitled to attorneys' fees incurred in preparing Ferri for deposition and appearing with him for his deposition on January 21, 2016.

However, the court denies Almawave's request for attorney time relating to its sanctions motion. In its original motion for leave to file a motion for sanctions, Almawave did not seek leave to recover such fees. Moreover, its request finds no support in the plain language of Rule 30(g), which provides that "[a] party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to . . . attend and proceed with the deposition." Fed. R. Civ. P. 30(g)(1). Finally, Almawave submitted no authority supporting this request.

Almawave submitted a copy of an email confirmation of Ferri's roundtrip flight to San Francisco for his deposition which shows the total cost of €833.82 or $907.03, (Wallerstein Decl. Ex. A), but did not submit proof of payment of this sum, such as a credit card receipt. Additionally, although Almawave requests a total of $5,407 in attorneys' fees for 12 hours of attorney time spent preparing Ferri for deposition, (Wallerstein Decl. ¶¶ 18, 19), as well as $3,232.50 for 7.5 hours of attorney time spent waiting for the deposition to begin on January 21,

---

[7] Almawave seeks reimbursement for Ferri's nine-night hotel stay. Counsel explains that to minimize deposition preparation expenses, his team prepared deponents both in groups and separately, necessitating Ferri's arrival in San Francisco on January 13, 2016, even though his own deposition was scheduled for January 21, 2016. Wallerstein Decl. ¶ 5. Plaintiff did not object to the length of Ferri's stay for purposes of Almawave's request for reimbursement of hotel expenses.

8

2016, (*id.* at ¶ 20), it did not submit any billing records to support the request. Within seven days of the date of this order, Almawave shall submit evidence to support its request for reimbursement of the costs of Ferri's air travel, as well as billing records supporting the attorney time spent preparing Ferri and attending the deposition. Almawave may redact any attorney-client privileged and/or attorney work product information from the billing records.

## IV.   CONCLUSION

For the foregoing reasons, Almawave's motions for sanctions filed at Docket Nos. 546 and 597 are denied. Docket No. 895 is granted in part and denied in part.

**IT IS SO ORDERED.**

Dated: January 6, 2017



Donna M. Ryu
United States Magistrate Judge