VALERIA CALAFIORE HEALY
(*pro hac vice*)
valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York  10013
Telephone:    (212) 810-0377
Facsimile:    (212) 810-7036

Attorneys for Plaintiff
LOOP AI LABS INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC.,<br><br>        Plaintiff,<br><br>        v.<br><br>ANNA GATTI, et al,<br><br>        Defendants. | CASE NO.: 3:15-cv-00798-HSG<br><br>**PLAINTIFF LOOP AI LABS INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE OVERSIZED MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE AT DKT. 964**<br><br>Action Filed:  February 20, 2015<br>Trial Date:  TBA<br><br>Hon. Haywood S. Gilliam, Jr. |

Pursuant to Civil Local Rule 7-11, Loop AI Labs Inc., ("Loop AI") respectfully submits this Administrative Motion for leave to file an oversized Motion for Relief from the Nondispositive Pretrial Order of the Magistrate issued on December 28, 2016 at Dkt. 964 ("Ruling"), up to 19-pages, as set forth in the brief attached hereto as **Exhibit 1**. The Ruling addresses Loop AI's Motion for Rule 16 Sanctions against the Italian Almaviva Defendants ("Rule 16 Sanctions Motion"). In support of the foregoing request, Loop AI respectfully submits as follows:

1. Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Loop AI is required to file its objections to the Magistrate's Ruling by January 10, 2017, in order to have them reviewed by this Court, or to pursue further appeals of the Magistrate's Order.

2. Under Civil Local Rule 72-2, Loop AI's Rule 72 Objections must be made as a "Motion for Relief from Nondispositive Pretrial Order" not exceeding "5 pages (not counting declarations and exhibits)." Civ. L.R. 72-2.

3. Loop AI seeks leave to exceed the 5-page limitation of Local Rule 72-2 in order to have the opportunity to address, and object to, arguments and materials that were not part of the record of the Rule 16 Sanctions Motion, and on which the Magistrate relied without notice to Loop AI and without giving Loop AI an opportunity to respond. For instance, the Magistrate's Ruling relies primarily on the Declaration of Valeria Sandei filed by the Italian Almaviva Defendants on October 11, 2016 at Dkt. 907-11 (the "Sandei Declaration") in response to a different motion filed by Loop AI and pending in front of Judge Gilliam. The Sandei Declaration was never filed before the Magistrate, but was filed almost four months after the Rule 16 Sanctions Motion was fully briefed in connection with another motion. The Italian Almaviva Defendants *chose not to file the Sandei Declaration in opposition to the Rule 16 Sanctions Motion* and never moved the Court for leave to submit the Sandei Declaration in further support of their Opposition, as the Civil Local Rules required them to do. *See* Civil Local Rule 7-3(d) ("Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," except as set forth in two exceptions not applicable here). The Italian Almaviva Defendants mentioned this declaration to the Magistrate at the October 31,

2

2016 hearing but did not provide a copy of the Declaration to the Magistrate and did not ask the Magistrate for leave to submit the declaration in opposition to the Rule 16 Sanctions Motion. The Magistrate never notified Loop AI that she would independently search the record to find this declaration, and that then she would proceed to rely on it as the Magistrate's primary basis for denying Rule 16 sanctions.

4. The Italian Almaviva Defendants could have, but chose not to, file the Sandei Declaration in opposition to Loop AI's Rule 16 Sanctions Motion. The IT Defendants' counsel passing reference to the Sandei Declaration at a hearing could not, without notice and without any filing, make it part of the Rule 16 Sanctions Motion. Indeed, this Court has previously held that in the Northern District of California it is impermissible to introduce new materials for the first time at a hearing.[1]

5. In this case, the Sandei Declaration was never filed or otherwise submitted to the Magistrate. The Magistrate never notified Loop AI that she would independently try to identify the Declaration in the docket and rely on it as its primary basis for denying Loop AI's Rule 16 sanctions, and never gave Loop AI an opportunity to respond to any aspect of the Declaration. The Magistrate similarly considered other matters that were never included in any aspect of the Rule 16 Sanctions Motion, and which were raised by the Magistrate *sua sponte*. The Magistrate cited no rule or legal authority for resolving a motion based on a declaration that was never filed

---

[1] *See, e.g.,* Dkt. 58 at 2:3-6 ("If a party possessed—or, with the exercise of reasonable diligence, could have possessed—evidence relevant to the Court's decision at the time its motion was filed, it should have included that information in its motion."); Dkt. 58 at n. 1 ("The Court rejects Loop AI's contention that it could have properly presented evidence not contained in its moving papers had the Court elected to set a hearing on the matter. ***Arguments and evidence presented for the first time at a hearing are routinely disregarded by courts in this District***. *See White v. FedEx Corp.,* No. C04-00099 SI, 2006 WL 618591, *2 (N.D. Cal. Mar. 13, 2006) ("The Court will not consider any arguments or evidence raised for the first time at the hearing"); *Cataphora Inc. v. Parker*, No. C09-5749 BZ, 2012 WL 13657, *3 n. 6 (N.D. Cal. Jan. 4, 2012) ("Inasmuch as this argument was raised for the first time during the hearing and is not mentioned in Defendants' opposition, I decline to consider it"); *In re Apple Inc. Securities Litigation*, No. C06-05208 JF, 2011 WL 1877988, *5 n. 6 (N.D. Cal. May 17, 2011) ("The Court is not inclined to consider this argument given that it was not briefed but rather was raised for the first time at the end of the hearing")."

LOOP AI'S ADMIN. MOTION FOR LEAVE TO FILE OVERSIZED MOTION FOR RELIEF UNDER L.R. 72-2

as part of the record of the Motion being addressed by the Magistrate, and without giving the opposing party an opportunity to respond to the new material considered by the Magistrate.

6. Loop AI has a right to object to and address the Magistrate's consideration of additional materials that was not part of the record on the Sanctions Motion. This right is particularly important here, since the Almaviva Defendants have previously argued that a waiver occurs if specific arguments are not raised in the Rule 72 objections.

7. In addition, in the Ruling the Magistrate discusses aspects of this Action *sua sponte*, which were never raised by any party in the Rule 16 Sanctions Motion, and which include statements of the record that are incorrect, incomplete or taken out of context.

8. For the foregoing reasons, and to have the opportunity to properly address its Rule 72 Objections to the Ruling, Loop AI respectfully requests that the Court grant its request to file an oversized Motion for Relief from the Magistrate's Nondispositive Pretrial Order at Dkt. 964.

### COMPLIANCE WITH CIV. L.R. 7-11

Pursuant to Civil Local Rule 7-11(a), and as set forth in the accompanying Declaration, Loop AI has repeatedly contacted the Almaviva Defendants about this request since January 2, 2017, and also sent him a draft of this Motion on January 4, 2017 requesting that the Almaviva Defendants provide their position. *See* Decl. Although Loop AI awaited a response from the Almaviva Defendants' counsel for as long as possible, because Loop AI's Motion for Relief must be filed by January 10, 2017, Loop AI could not wait any further. Loop AI assumes that the Almaviva Defendants oppose this Motion.

*   *   *

For the foregoing reasons, Loop AI respectfully requests that this Motion be granted.

Respectfully submitted,

January 6, 2017

By: /s/ *Valeria Calafiore Healy*

Valeria Calafiore Healy, Esq.
(*pro hac vice*)
HEALY LLC
154 Grand Street

4

New York, New York 10013
Telephone:　　(212) 810-0377
Facsimile:　　(212) 810-7036

Attorneys for Plaintiff
LOOP AI LABS, INC.

3:15-CV-00798-HSG