VALERIA CALAFIORE HEALY
(*pro hac vice*)
valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York  10013
Telephone:     (212) 810-0377
Facsimile:     (212) 810-7036

Attorneys for Plaintiff
LOOP AI LABS INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| LOOP AI LABS INC., <br><br> Plaintiff, <br><br> v. <br><br> ANNA GATTI, et al, <br><br> Defendants. | CASE NO.: 3:15-cv-00798-HSG <br><br> **PLAINTIFF LOOP AI LABS INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER AT DKT. 964: OBJECTIONS PURSUANT TO FED. R. CIV. P. 72 AND CIV. L.R. 72-2; AND APPLICATION FOR AN EVIDENTIARY HEARING** <br><br> Action Filed:  February 20, 2015 <br> Trial Date:    TBA <br><br> Hon. Haywood S. Gilliam, Jr. |

**GLOSSARY**

| Abbreviation | Definition |
|---|---|
| Action | Designates the civil action pending in the United States District Court for the Northern District of California, styled *Loop AI Labs Inc. v. Gatti et al*, N.D. Cal. 15-798, filed on February 20, 2015. |
| AW-USA | Defendant Almawave USA Inc. |
| Almaviva Defendants | Defendants Almaviva S.p.A., Almawave S.r.l., and Almawave USA Inc. |
| Complaint | Complaint filed by Loop AI against all Defendants in this case, as amended by the Second Amended Complaint filed at Dkt. 210. |
| Decl. or Declaration | Declaration of Valeria Calafiore Healy, Esq. dated January 10, 2017. |
| Dkt. | Designates entries on the ECF docket of the District Court for the Northern District of California, N.D. Cal. Civil Action No. 3:15-cv-0798-HSG-(DMR). |
| Federal Rules | Federal Rules of Civil Procedure. |
| IT Defendants | Refers to the Italian Almaviva Defendants Almaviva S.p.A. and Almawave S.r.l. |
| Loop AI | Plaintiff Loop AI Labs Inc. |
| Order ### | Refers to the Docket number at which the Order identified is located on the ECF Docket of this Action. |
| Opp. or Opposition | The Opposition to the Rule 16 Sanctions Motion filed by the IT Defendants at Dkt. 773. |
| Rule | Refers to the Federal Rules of Civil Procedure. |
| Rule 16 Sanctions Motion | The Rule 16(f) motion for sanctions filed by Loop AI against the IT Defendants at Dkt. 731, 797. |
| Ruling | Magistrate's Order at Dkt. 964 |
| Sanctions Motion or Sanct. Mot. | The Rule 16(f) motion for sanctions filed by Loop AI against the IT Defendants at Dkt. 731, 797. |
| Scheduling Order(s) | Judge Gilliam's Scheduling Orders at Dkts. 100, 105, 411, 413. |

Pursuant to Local Rule 72-2 and Federal Rule of Civil Procedure 72, Loop AI Labs Inc. hereby respectfully objects to, and moves for relief from, the Magistrate's Order at Dkt. 964 ("Ruling" or "Rul."), denying Loop AI's Rule 16(f) motion for sanctions ("Sanctions Motion") against Almaviva S.p.A. and Almawave S.r.l. (the "IT Defendants").[1]  For the reasons set forth below, the Ruling should be vacated and Loop AI's Sanctions Motion should be granted.[2]

**POINTS OF ERROR**

The Ruling should be reversed because it is clearly erroneous and contrary to law. The Magistrate's conclusions directly contradict her own findings of fact, which confirm that the IT Defendants refused to participate in merits discovery.  The Magistrate found Loop AI served five sets of discovery requests on the IT Defendants, containing 554 document requests and interrogatories, and that the IT Defendants expressly refused, in writing, to comply with all 554 requests.  Rul. at 2, 5.  The IT Defendants admitted at the hearing on the Sanctions Motion that when they insisted they had fully responded to all Loop AI's discovery requests, the only response they provided was that they were refusing to participate in discovery:  "Mr. Wallerstein:  … so [the IT Defendants] filed papers that were signed by counsel that said, you know: *'here's our response: we're not responding*.'"[3]  The IT Defendants' admitted before Judge Gilliam that if the Court denied their second motion to dismiss, there would be a "down side" to them because they *would have to engage in discovery*.[4] The IT Defendants brazen refusals to participate in discovery were wholly unjustified.  Each refusal was based on legally groundless jurisdictional objections that misrepresented the Scheduling Orders and defied this Court's ruling, rendered early in the discovery process, that required the IT Defendants to participate in merits discovery notwithstanding their pending jurisdictional objections, or to

---

[1] Capitalized terms are defined in the Glossary, *supra*.
[2] In the alternative, the Ruling should be vacated and the Court should order an evidentiary hearing to address the issues of fact raised by the Magistrate's reliance on a declaration that was not properly before the Magistrate, and which she considered and relied on without giving Loop AI notice or an opportunity to respond.  In support of its Objections, Loop AI also respectfully submits the attached Declaration and exhibits.
[3] Decl. at Exhibit 1 (Oct. 31, 2016 Hearing Tr., Dkt. 946) at 13:24-14:2 (emphasis added).
[4] Sanct. Mot., Dkt. 731 at 9; 731-19 at MX-537 ("THE COURT: They have got the burden. And there's no down side to having a more developed factual record, is there? *MR. WALLERSTEIN: Well, there is a down side to our client to engaging in discovery.*" (emphasis added))].

obtain a stay; the Magistrate repeatedly acknowledged that the IT Defendants were required to, but did not obtain a stay.[5] In fact, they didn't even bother to seek one.[6] It is also undisputed that the IT Defendants produced none of their officers whose depositions were duly noticed by Loop AI under Rule 30, without obtaining a protective order permitting them to do so.[7] Two of the IT Defendants' officers also failed to comply with deposition and document subpoenas personally served on them under Rule 45, without obtaining a protective order permitting them to do so.[8] These facts are undisputed, and they fully support Loop AI's request for relief under Rule 16 made in the Sanctions Motion.

Despite finding these facts, which fully validate Loop AI's Sanctions Motion, the Magistrate denied the motion because she concluded the IT Defendants "did not 'refuse to engage in and allow fact discovery' in violation of any court orders." Rul. at 9. The Magistrate then directed the IT Defendants to amend all 554 of their discovery responses. Respectfully, the Ruling is astonishing. It is clearly erroneous, because it contradicts the Magistrate's own findings of fact and the undisputed documentary evidence in the record. It is also contrary to law. The Magistrate cites no legal authority, and presents no legal analysis, to support her denial of Rule 16 sanctions or her order that the IT Defendants alter the evidence of their discovery misconduct contained in their discovery responses. The record does not need to be clarified, as the Magistrate states, because it is crystal clear that the IT Defendants refused to participate in discovery. Allowing the IT Defendants to alter their discovery responses to apparently expunge their discovery misconduct is unlawful, because it creates a false record. To reach the startling conclusions contained in the Ruling, the Magistrate:

• Adopts the IT Defendants' outlandish theory (advanced for the first time at oral argument) that their Rule 26-certified, written discovery responses (setting forth their express refusals to respond) do not prove they refused to participate in discovery because even though

---

[5] Decl. at Ex. 4 (Dkt. 946 at 8:19-24-9:2); Rul. at 2:1.
[6] The IT Defendants never explained why they failed to seek a stay.
[7] *See* Dkt. 731-1 at ¶¶ 31-34.
[8] The Magistrate appears to suggest it was Loop AI's fault that none of these depositions occurred. Rul. at 18. The Magistrate suggestion is contrary to the record, which is undisputed that the IT Defendants and Almawave USA did not offer ***any alternative deposition date in the United States***, and never told the Magistrate otherwise. *See* Dkt. 773 at 7:13-14.

that is what those responses say, in fact (according to the IT Defendants) the responses were all untrue and the IT Defendants only ***pretended*** to refuse to participate in merits discovery, in order to deceive Loop AI into believing they were not participating in the Action (and thereby potentially subjecting themselves to the Court's jurisdiction).[9] ***This theory was not presented in the IT Defendants' Opposition and was advanced for the first time at oral argument.*** *See* Dkt. 773, 946, Decl. at ¶ 9-12. ***It is not supported by <u>any</u> evidence in the record***.[10] Under the theory, according to the IT Defendants, Almawave USA produced certain documents it received from the IT Defendants, and that somehow excuses the IT Defendants' refusals to comply with their own discovery obligations. *See* Rul. at 8.[11]

• Supplements the IT Defendants' outlandish theory with a further argument that the Magistrate attributes to them but they did not in fact make, to the effect that Almawave USA only ***pretended*** to object to producing material outside its possession, custody or control. *See* Rul. at 8; Decl. at ¶ 14. Apparently the Magistrate found it necessary to supplement the IT Defendants' theory in this way because she recognized that Almawave USA's discovery responses contradict the IT Defendants' theory. But the Magistrate cites no authority for the proposition in her Ruling that Almawave USA's Rule 26-certified objections were merely "on paper," and therefore (apparently) can be disregarded. *See* Rul. at 8.

• Relies principally on a declaration of Valeria Sandei that the Magistrate states in her Ruling was "submitted" to her by the IT Defendants in support of their opposition to the Sanctions Motion, ***but in fact was not***. *See* Decl. at ¶ 13. The Magistrate committed clear error

---

[9] *See, e.g.,* Rul. at 7; Dkt. 946 at 9.

[10] This theory is legally baseless, but also not credible. It is contradicted by an extensive documentary record that shows that Almawave USA did not respond to any of the IT Defendants' discovery, and never even said that they did. *See* Decl. at ¶¶ 14-15. It is also contradicted by the fact that the IT Defendants engaged in offensive expert discovery without any fear of a jurisdictional waiver. *See* Decl. at ¶ 12. Furthermore, this theory was never presented in response to any of the filings that Loop AI made over the course of 10 months trying to bring to the Court's attention that the IT Defendants were refusing to participate in discovery. *See* Decl. at ¶ 11.

[11] It is undisputed that Almawave USA did not respond to the IT Defendants' discovery requests and never represented it was doing so. Dkt. 946 at 11:22-12:1. Almawave USA expressly represented it was producing only what was in its possession, custody and control. Rul. at 8. Nothing in the record supports the Magistrate's conclusion that Almawave USA's Rule 26 certifications regarding its discovery were "on paper" in order to avoid Plaintiff's threatened argument of waiver. *See* Decl. at ¶ 14-15.

by relying on the Sandei Declaration, because no copy of the Sandei Declaration was ever "submitted" in opposition to the Sanctions Motion, and Loop AI was afforded no opportunity to brief its many deficiencies.[12] Moreover, its contents do not support the conclusions reached by the Magistrate. The Sandei Declaration nowhere states that the IT Defendants produced to Loop AI, directly or indirectly, the discovery to which Loop AI was entitled in response to its 554 discovery requests addressed to the IT Defendants. Nothing in the record supports a finding that Loop AI received the discovery to which it was entitled, and instead the undisputed evidence proves the opposite. *See* Dkt. 731, 731-1 to 731-24; 797.

• Acknowledges, but refuses to address, Loop AI's undisputed showing (which the IT Defendants have never expressly challenged or contradicted) that there are large and important gaps in the production made by Almawave USA, which omits extensive categories of documents covering several key aspects of the case.[13] The Magistrate finds this unchallenged evidence of the deficiencies in the document production made by Almawave USA must be excluded because somehow by raising this point Loop AI is making an improperly tardy motion to compel. *See* Rul. at 9-13. That position makes no sense because Loop AI is not seeking to compel production of anything. The invocation of this novel exclusionary rule was clear error, and critical: had the Magistrate considered this evidence, she could not have ruled as she did.

• Fails to consider or take into account that Almawave USA itself refused to comply with the majority of the discovery requests that Loop AI served on Almawave USA, and that those requests were not the same as the discovery requests Loop AI served on the IT Defendants.

The IT Defendants' theory that their refusals to participate in discovery should be excused because those refusals were lies is factually and legally unsupported. The record shows those refusals were real. And as a matter of law, that theory cannot excuse the IT Defendants' refusals to respond to Loop AI's discovery requests. The Magistrate cites no authority for

---

[12] The IT Defendants did not submit a copy of the Sandei Declaration in support of their opposition to the Sanctions Motion. *See* Decl. at ¶ 13. Moreover, this Court already has held that it is improper for a court to consider arguments or evidence presented for the first time at oral argument. *See* Dkt. 58 at n. 1.

[13] As Loop AI demonstrated in the Sanctions Motion, Almaviva produced **no** documents relating to various key parts of this case. *See* Dkt. 731, 797 at *passim.* Discovery from nonparties established that those documents in these categories *do* exist. *Id.*

permitting the IT Defendants to disavow the entirety of their discovery responses to escape responsibility for their refusals to comply, set forth in Rule 26(g) certified responses. And the theory assumes that a litigant may secretly outsource its discovery obligations to another party, while serving discovery objections stating it is not participating in discovery. But the Federal Rules and, here, the Court's Scheduling Orders, required all parties, including the IT Defendants, to fully participate in discovery. The theory also assumes that knowingly providing false discovery responses in order to deceive one's opponent is acceptable, when of course it is not. And the fact remains that Loop AI did not, in fact, receive, from any of the Almaviva Defendants, the discovery that the IT Defendants were required to provide to it in this Action. In light of the documentary record, the Magistrate's own findings of fact, and the unambiguous provisions of the Scheduling Orders and the Federal Rules of Civil Procedure, the Magistrate's denial of the Sanctions Motion is clearly erroneous and contrary to law.

The Magistrate devotes the last portion of the Ruling to an attack on the manner in which Loop AI repeatedly attempted to move to compel discovery. This portion of the Ruling appears unrelated to any issue presented by the Sanctions Motion.[14] Certainly, nothing in this portion of the Ruling excuses the IT Defendants' willful discovery violations or justifies the Magistrate's denial of the Sanctions Motion.

The record shows, quite simply, that the IT Defendants made a strategic decision to risk everything on a bet that the Court would grant their motion to dismiss and could escape the consequences of their discovery misconduct. Throughout this Action, the IT Defendants falsely represented to the Court, including in response to Loop AI's *first* Rule 16 motion for sanctions, that they were complying with all of their discovery obligations when they were not. The IT Defendants now must face the consequences of their refusals to comply with their discovery obligations, which have caused Loop AI material prejudice. The Magistrate committed clear error by denying the Sanctions Motion. The Ruling must be vacated and the Sanctions Motion must be granted.

---

[14] Loop AI objects to Section B of the Ruling on the ground that it is entirely unrelated to Loop AI's Sanctions Motion, and contains *sua sponte* statements by the Magistrate that are incomplete and inaccurate, and as to which the Magistrate gave Loop AI no opportunity to respond.

Respectfully submitted,

January 10, 2017                    By:   /s/ *Valeria Calafiore Healy*

Valeria Calafiore Healy, Esq. (*phv*)
Valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone:     (212) 810-0377
Facsimile:     (212) 810-7036


Attorneys for Plaintiff
LOOP AI LABS, INC.