UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LOOP AI LABS INC,

                Plaintiff,

      v.

ANNA GATTI, et al.,

                Defendants.

Case No. 15-cv-00798-HSG   (DMR)

**SECOND SUPPLEMENTAL ORDER RE ALMAWAVE USA, INC.'S MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER**

Re: Dkt. No. 168

## I.   BACKGROUND

On September 29, 2016, the court issued an order granting in part Almawave USA, Inc.'s ("Almawave's") motion to quash Plaintiff Loop AI Labs Inc.'s subpoena to third party Orrick, Herrington & Sutcliffe ("Orrick").  [Docket No. 901.]  Plaintiff's subpoena sought the production of documents related to Orrick's former representation of Defendants Almawave, Almaviva S.p.A., and Almawave S.r.l. (together, the "Almawave Defendants").  The court conducted in camera review of approximately 4000 pages of responsive documents for which the Almawave Defendants claimed privilege.  *See id*.

On October 13, 2016, Plaintiff moved for relief from the September 29, 2016 order. [Docket No. 909 (Mot. for Relief).]  Plaintiff argued in part that the court erred because the Almawave Defendants' production of the Orrick materials included documents in Italian for which they did not provide English translations for the court's review.  *Id*. at 2-3.  On November 4, 2016, the court issued an order in which it explained that in reviewing the documents in camera, it considered the most recently sent email in each email string to determine whether the entire string was protected by the attorney-client privilege.  [Docket No. 936 at 1-2 (citations omitted).]  Upon review, the court determined that it had mistakenly treated certain Italian-language emails as falling within email strings, even though they were actually the most recent emails in the string.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    *Id*.  Therefore, in order to complete its review and properly assess the attorney-client privilege, the

2    court ordered the Almawave Defendants to re-lodge all Italian-language documents for in camera

3    review, along with certified English translations.

4    Additionally, the court noted that some versions of earlier emails within an email string

5    were illegible, even though it appeared that they existed elsewhere in the production in legible

6    form.  The court ordered the Almawave Defendants to provide a system that the court could use to

7    verify that it was able to review all documents.  *Id*. at 3.  On November 11, 2016, the Almawave

8    Defendants made a supplemental submission regarding the illegible emails (Docket No. 945), then

9    lodged the certified English translations of all Italian-language documents on November 21, 2016.

10   **II.    DISCUSSION**

11   **A.    Illegible Emails**

12   The documents originally submitted for in camera review contain yellow highlighting to

13   indicate portions to be redacted on the basis of privilege.  According to the Almawave Defendants,

14   the yellow highlighting causes some of the documents to become illegible.  [Docket No. 945

15   (Letter to Court).]  They explained that removing the highlighting renders all of the documents

16   legible.  *Id*.  The Almawave Defendants lodged a CD-ROM containing two folders.  The first

17   contains copies of the highlighted documents originally submitted to the court.  The second

18   contains the same documents with the highlighting removed.  The individual files in the two

19   folders bear the same control number so that the court can compare the highlighted versions of the

20   documents to the non-highlighted versions.  *Id*.

21   The court has reviewed the documents submitted on the CD-ROM.  It is satisfied that the

22   Almawave Defendants provided the court with fully legible copies of all of the documents in its

23   production.

24   **B.    Italian-Language Emails**

25   As noted, the Almawave Defendants lodged certified translations of all Italian-language

26   documents that were part of the court's in camera review.  The court has reviewed each of the

27   translations and Defendants' proposed redactions thereof and supplements its September 29, 2016

28   order as follows:

United States District Court
Northern District of California

1   　Document CTRL000073619 is an April 23, 2014 email.  Defendants seek to redact the

2   subject line of the email.  While the body of the email contains "confidential communications

3   between attorneys and clients . . . made for the purpose of giving legal advice," *see United States*

4   *v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011 (citation omitted), the subject line of the email does

5   not.  The subject line is therefore not protected by the attorney-client privilege.  The Almawave

6   Defendants must produce the original and English-language versions of this document to Plaintiff

7   with the email's subject line unredacted.

8   　Document CTRL000075723 is a December 2, 2014 email with attachments.  Defendants

9   seek to partially redact the body of the email and certain attachments, including document

10   CTRL000075725, entitled "Almawave USA – Budget FY 2015 – presentazione per CDA"

11   (translated as "Almawave USA Budget FY 2014-2015 Presentation to the BoD").  While the email

12   to which CTRL000075725 is attached (CTRL000075723) contains attorney-client privileged

13   communications, it does not refer to, discuss, or provide any information at all about the

14   attachment "Almawave USA – Budget FY 2015 – presentazione per CDA."  Accordingly, the

15   court finds that Defendants have not met their burden to establish that document CTRL000075725

16   is protected by the attorney-client privilege.  Defendants must produce the unredacted original and

17   English-language versions of this document to Plaintiff.

18   　The court concludes that all other documents contain attorney-client privileged

19   communications that are appropriately redacted.

20   **C.   Plaintiff's Remaining Objections**

21   　Plaintiff makes two additional arguments in its motion for relief: (1) Almawave lacked

22   standing to move to quash the Orrick subpoena, and (2) the Almawave Defendants waived the

23   attorney-client privilege.  Plaintiff raised these identical arguments in a December 28, 2015

24   motion for relief.  [*Compare* Docket No. 177 at 5-7 and Docket No. 346 at 1-3 *with* Docket No.

25   909 at 3-5.]  Judge Gilliam denied Plaintiff's December 28, 2015 motion for relief in its entirety

26   on January 15, 2016.  [Docket No. 387.]  This alone is reason to reject Plaintiff's rehashed

27   arguments.  However, the court will address these arguments on the merits in order to aid Judge

28   Gilliam's review.

3

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 1.   Almawave's Standing to Move to Quash the Orrick Subpoena

Plaintiff argues that Almawave never established a privileged relationship with Orrick, lacked the ability to assert privilege on behalf of Almaviva S.p.A. and Almawave S.r.l., and therefore did not have standing to move to quash the Orrick subpoena.  This argument is without merit.  Almawave submitted the declaration of Valeria Sandei, the Chairman and President of Almawave USA and CEO of Almawave S.r.l., in which she stated that Almawave S.r.l. formally engaged Orrick to assist in setting up a United States subsidiary.  [Docket No. 168-1 (Sandei Decl., Aug. 10, 2015) at ¶ 2.]  After the establishment of Almawave USA, Sandei states that "Orrick served as counsel to both Almawave S.r.l. as well as to Almawave USA, providing legal advice to each company."  *Id.* at ¶ 4.  Given this undisputed evidence, Almawave could reasonably have believed that Orrick was acting as its attorney during the relevant period, even if Orrick was never formally retained to represent that entity.  *See Westinghouse Elec. Corp. v. Kerr-McGee Corp.*, 580 F.2d 1311, 1317 (7th Cir. 1978) (the attorney-client relationship "is not dependent upon the payment of fees nor . . . upon the execution of a formal contract"); *United States v. Montgomery*, 990 F.2d 1264, 3 (9th Cir. 1993) ("When deciding what constitutes seeking legal advice from an attorney, we examine whether the potential client reasonably believes that he is consulting an attorney as an attorney and manifests an intention to seek professional legal advice, although actual employment does not result.").[1]

Almawave also asserts that Almaviva S.p.A. and Almawave S.r.l. did not move to quash the Orrick subpoena "only because [Plaintiff] refused to stipulate that their bringing a motion would not result in their forfeiting their pending challenge to personal jurisdiction."  [Docket No. 189 at 4.]  Plaintiff does not dispute this assertion.  In light of these circumstances, the court finds that Almawave USA had standing to assert privilege as to the Orrick documents.

### 2.   Waiver of Attorney-Client Privilege

Plaintiff also argues that the Almawave Defendants waived the privilege through voluntary

---

[1] Plaintiff also argued that Almawave USA appeared to be a "non-functioning entity" and thus unable to invoke attorney-client privilege, and repeats this argument in its motion for relief from the September 29, 2016 order.  Pl.'s Opp'n at 8; Mot. for Relief at 3-4.  Plaintiff did not submit any evidence to support this assertion.

4

United States District Court
Northern District of California

1   disclosure about the scope of then-Orrick attorney Peter Sternberg's work, as well as his purported

2   lack of knowledge about Gatti's employment with Plaintiff.  [Docket No. 177 at 23-24; Docket

3   No. 909 at 4-5.]  Specifically, Sternberg stated in a declaration that "while [he was] at Orrick, he

4   did not advise anyone about implications arising from Anna Gatti's employment with Loop AI

5   because he was not aware of Ms. Gatti's employment with Loop AI at that time."  [Docket No.

6   178-6 p. 10 (Corrected Objections and Responses of Venable LLP to Subpoena Duces Tecum

7   Served by Loop AI Labs Inc.).]  According to Plaintiff, this statement resulted in a broad waiver

8   of the attorney-client privilege that entitles Plaintiff to examine all of the Almawave Defendants'

9   confidential communications with its attorneys to verify the truth of Sternberg's declaration.

10  Plaintiff cites no authority to support its extraordinary position that an attorney's description of the

11  scope of his work, and the knowledge (or lack thereof) that informed that work, somehow results

12  in waiver of all privileged communications.  Sternberg's statement did not waive the attorney-

13  client privilege between Orrick and the Almawave Defendants.

14          At the December 10, 2015 hearing, the undersigned ruled that Plaintiff was not entitled to

15  privileged Orrick documents for the purpose of "double-checking" the truthfulness of Sternberg's

16  statement.  Hr'g Tr. at 71.  The court noted that, through the process of in camera privilege review,

17  it would have the opportunity to examine the Orrick documents to determine whether they

18  contradicted Sternberg's representation about his knowledge of Gatti's employment with Loop.

19  *Id*. at 71-72.  In the course of its review, the court did not find any communications that

20  contradicted Sternberg's statement.  Nothing in the documents reviewed in camera by the court

21  indicates that Sternberg gave his client advice about the "implications arising from Anna Gatti's

22  employment" with Loop.  Plaintiff now suggests that document CTRL000074053, an email

23  between Valeria Sandei and Mario Pepe that was provided to Sternberg, "shows that Mr.

24  Sternberg and Orrick were told in writing that Ms. Gatti was working as the CEO of Loop AI."

25  [Docket No. 909 at 4.]  This materially misrepresents the email's contents.[2]  While the email

26

27  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
    [2] In its motion for relief, Plaintiff cites an English translation of this document previously filed at
28  Docket No. 285-7.

1    mentions Gatti's "work as CEO" of a "startup," neither the English nor the Italian version contains

2    any mention of "Loop AI Labs Inc." or any variation of Plaintiff's name.[3]

3         Plaintiff took the position that it is "entitled to the Orrick documents" and that the

4    documents are "material" to its claims, apparently believing that they contain smoking gun

5    evidence of the Almawave Defendants' wrongdoing. [*See, e.g.*, Docket No. 947 at 12.]  Plaintiff

6    never supported this position with evidence.  Nevertheless, the court undertook an enormously

7    time-consuming in camera review in order to ensure that Plaintiff obtained all of the documents to

8    which it is entitled.  The court concludes that Plaintiff's speculation about the contents of the

9    Orrick documents is completely baseless.

10        **D.    Plaintiff's Request for Sanctions**

11        Finally, in a related filing, Plaintiff asks the court to sanction the Almawave Defendants

12   for their conduct regarding the Orrick documents.  [Docket No. 947 (Pl.'s Nov. 14, 2016 Opp'n to

13   Almawave Defendants' Mot. to Modify the Court's Nov. 4, 2016 Order).]  Plaintiff argues, among

14   other things, that the Almawave Defendants and their counsel should be sanctioned for counsel's

15   misconduct in submitting Italian-language documents for in camera review and not providing the

16   court with English translations at the outset.  It also argues that defense counsel should be

17   sanctioned for what it describes as his "false" statement that he personally reviewed all of the

18   Orrick documents and confirmed that they were attorney-client privileged communications, even

19   though he is not fluent in Italian.  *Id*. at 11, 15.

20        Although defense counsel exhibited behavior that was far from model with respect to the

21   Orrick documents, the court declines to entertain sanctions.  The parties' lamentable conduct in

22   discovery has included a wearying war of "gotcha" sanctions motions.  Bad behavior, while never

23   acceptable, does not always warrant an award of sanctions.  For example, the court recently

24   declined to award sanctions to the Almawave Defendants for Plaintiff's unexplained failure to

25

United States District Court
Northern District of California

26   [3] Plaintiff also argues that the Almawave Defendants implicitly waived the attorney-client
     privilege based on their repeated assertions that they reasonably believed that their hiring of Anna
27   Gatti was lawful, citing *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991). [Docket
     No. 177 at 19-22.]  At the December 10, 2015 hearing, the court addressed the inapplicability of
28   *Bilzerian* in this case, where the Almawave Defendants have not raised an advice of counsel
     defense.  *See* Hr'g Tr. at 71.

1   comply with a court order regarding the depositions of its witnesses, but noted that the outcome

2   "does not condone" Plaintiff's conduct.  [*See* Docket No. 965 at 3-4.]  So too here.  The court does

3   not excuse defense counsel's actions.  But sanctions are not warranted.

4   **III.    CONCLUSION**

5          Within three court days of the date of this order, Defendants shall produce to Plaintiff the

6   original and English-language versions of CTRL000073619 with the email's subject line

7   unredacted, along with the unredacted original and English-language versions of

8   CTRL000075723.

9

10        **IT IS SO ORDERED.**

11  Dated: January 11, 2017



12

13                                          Donna M. Ryu
                                            United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California