VALERIA CALAFIORE HEALY
(*pro hac vice*)
valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York  10013
Telephone:     (212) 810-0377
Facsimile:     (212) 810-7036

Attorneys for Plaintiff
LOOP AI LABS INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| LOOP AI LABS INC., | CASE NO.: 3:15-cv-00798-HSG |
| Plaintiff, | **PLAINTIFF LOOP AI LABS INC.'S MOTION FOR RELIEF FROM MAGISTRATE'S ORDER AT DKT. 965 AND OBJECTIONS PURSUANT TO FED. R. CIV. P. 72 AND CIV. L.R. 72-2 AND APPLICATION FOR PERMISSION TO FILE FULL BRIEFING ON THE MAGISTRATE'S RULING ON MOTION 895.** |
| v. | |
| ANNA GATTI, et al, | |
| Defendants. | Action Filed:  February 20, 2015<br>Trial Date:   TBA |
| | Hon. Haywood S. Gilliam, Jr. |

# GLOSSARY

| Abbreviation | Definition |
| --- | --- |
| Action | Designates the civil action pending in the United States District Court for the Northern District of California, styled *Loop AI Labs Inc. v. Gatti et al*, N.D. Cal. 15-798, filed on February 20, 2015. |
| AW-USA | Defendant Almawave USA Inc. |
| Decl. or Declaration | Declaration of Valeria Calafiore Healy, Esq. dated January 17, 2017. |
| Dkt. | Designates entries on the ECF docket of the District Court for the Northern District of California, N.D. Cal. Civil Action No. 3:15-cv-0798-HSG-(DMR). |
| Federal Rules | Federal Rules of Civil Procedure. |
| Interpreter Order | Refers to the Order of the Magistrate entered at Dkt. 397 on January 20, 2016. |
| IT Defendants | Refers to Italian defendants, Almaviva S.p.A. and Almawave S.r.l. |
| Loop AI | Plaintiff Loop AI Labs Inc. |
| Motion ### | Refers to the Docket number at which the motion was filed. |
| Order ### | Refers to the Docket number at which the Order identified is located on the ECF Docket of this Action. |
| Opp. or Opposition | The Opposition to the Rule 16 Sanctions Motion filed by the IT Defendants at Dkt. 773. |
| Rule(s) | Refers to the Federal Rules of Civil Procedure. |
| Ruling | Refers to the Magistrate's Order at Dkt. 965. |

Loop AI Labs Inc. objects to, and moves for relief from, the Magistrate's Order at Dkt. 965 regarding Almawave USA Inc.'s motion at Dkt. 895, and regarding certain statements included by the Magistrate in other parts of Order 965 which are contrary to the record.[1] In support of this motion, Loop AI submits the Declaration of VC Healy dated January 18, 2017 ("1/18 Decl."), and relevant portions of the record. Loop AI respectfully requests leave to fully brief these objections, and to present evidence at an evidentiary hearing.[2]

**POINTS OF ERROR[3]**

The Magistrate's ruling on Motion 895 should be vacated because it is clearly erroneous and contrary to the evidentiary record and to law.[4] The Ruling sanctions Loop AI under Rule 30(g)(1) for allegedly failing to "attend and proceed" with the jurisdictional deposition of Mr. Ferri – a violation that Loop AI simply did not commit. Loop AI *was the only party present and ready to proceed with Mr. Ferri's deposition at the noticed time and place*. Dkt. 903-1. It was Mr. Ferri who failed to attend and proceed. *Id.* Because Loop AI did not violate Rule 30(g) or any other rule, the Magistrate lacked any basis in fact or law to sanction Loop AI. The Magistrate's sanction is also contrary to law because it requires Loop AI to "reimburse" AW-USA for unreasonable expenses that AW-USA did not incur, including the alleged expenses of a witness that was not produced by AW-USA, who was never employed by AW-USA in any

---

[1] Capitalized terms are defined in the Glossary, *supra*.

[2] This Court has previously denied a motion for sanctions because it was filed in violation of L.R. 7-8. *See* Dkt. 409. Loop AI renews its prior objections to the Magistrate's individual rules prohibiting the filing of an opposition brief in accordance with L.R. 708 and 54-5(b), and in accordance with basic due process. Loop AI also objects to the Magistrate's refusal to hold an evidentiary hearing, and to the Magistrate's authority to decide any of the issues raised in Motion 895, including her authority to rule on a request for attorney's fees.

[3] All of the facts recited in these Objections are contained in the evidentiary record cited in opposition to Motion 895, as set forth at Dkts. 903, 903-1, 903-2, including the prior declaration and evidence filed at Dkt. 429-1. In note 5 of Order 965 the Magistrate states that she is disregarding Dkts. 429 and 429-1 because they allegedly are a "transparent attempt to skirt the [3-]page limit set by the" Magistrate. But Dkt. 429-1 is an evidentiary submission, and not an attempt to skirt any page limitation. Dkt. 429-1 includes, among others, a true and correct copy of a summary prepared by the court reporter and other evidence.

[4] Loop AI also objects to the Magistrate's decision to base her Order sanctioning Loop AI solely on the unsupported and *disputed* declaration of the IT Defendants' counsel, Mr. Wallerstein. The Magistrate cites no authority for doing away with an evidentiary hearing when disputed declarations are presented, and for crediting the unsupported declaration of a lawyer who has repeatedly admitted to having made misrepresentations to the Court in this case. *See e.g.* Dkt. 157 at 3, 946 at 14-15, 965 at 2:18.

capacity, and whose deposition was scheduled pursuant to *a Rule 30(b)(1) notice addressed solely to the IT Defendants*, designating Mr. Ferri as their corporate representative. *See* 1/18 Decl. at ¶ 6. The Ruling is based entirely on the false premise that Loop AI (having been ordered, without notice, briefing or a hearing, at 11:30am on January 20, 2016, the day before the scheduled time of Mr. Ferri's deposition, to provide a "certified" Italian language interpreter for unspecified witnesses)[5] did in fact provide an interpreter *within 24 hours* but after the scheduled start time of the Ferri deposition. Order 965 at 5:25-28, 6:1-3. When the interpreter arrived, the IT Defendants produced two witnesses instead of just the one noticed by Loop AI. Contrary to the Ruling, the undisputed record shows that on January 21, 2016 Loop AI noticed only one witness and it was the IT Defendants' decision to bring Ms. Nicolella. Dkt. 903-1 and 1/18 Decl. It was the IT Defendants' choice, and not Loop AI's, to refuse to proceed with Ms. Nicolella's deposition *the day she was noticed*, on January 20, 2016, and to demand that she be deposed on January 21, 2016. *See* Dkt. 903-1; 1/18 Decl. The IT Defendants are not permitted to profit from their own misconduct, by rearranging the deposition schedule, failing to arrive on time, repeatedly interrupting each deposition with unreasonable breaks, and then falsely claiming that Loop AI failed to proceed. *See* Dkt. 903-1 at ¶ 15, Dkt. 429-1, 1/18 Decl. But for the IT Defendants' repeated and improper departures from the deposition venue, Loop AI would have been able to take both depositions of Ms. Nicolella and Mr. Ferri on January 21. The *record also shows that Ferri did not need any interpreter*. The only evidence before the Magistrate is that Ferri is "*proficient in English*," and that Loop AI's counsel observed Ferri conversing in English with the IT Defendants' counsel. *See* Dkt. 903-1 at ¶ 14. The Magistrate nowhere finds that Ferri could not testify without an interpreter. The Magistrate states (without citing any evidentiary support) that Ferri "is a native Italian language speaker who lives and works in Italy." Dkt. 965 at 4:22. But nothing in the law supports the conclusion, implicit in the Ruling, that when a deponent's native language is not English his deposition can proceed only with the

___

[5] Loop AI renews, and incorporates by reference herein, its prior Objections, (1) to the Interpreter Order, which was issued without *any* notice, briefing or a hearing, and (2) to the Magistrate's continued participation in any aspect of this case, in light of the Magistrate's law clerk's submission of an adversarial witness declaration against Loop AI. *See* Dkt. 905 to 905-3; Dkts. 919, 920, 925, 925-1, 937, 938.

aid of an interpreter, let alone one supplied by the deposing party.[6]  The Magistrate had no legal or factual basis to sanction Loop AI under Rule 30(g) or under any other rule.

**1.      The Ruling is an Impermissible Sanction For Contempt of the Interpreter Order at Dkt. 397.**   On October 31, 2016, the Magistrate conducted a brief oral argument on four "administrative" motions for sanctions brought by AW-USA, including Motion 895.  AW-USA's counsel represented to the Magistrate that all the AW-USA's motions being heard that day (including Motion 895) were ***motions for contempt***.  Dkt. 946 at 59:4-9, 1/18 Decl., Ex. 2.  While Order 965 is cast as a sanction under Rule 30(g), the requirements of Rule 30(g) clearly are not satisfied.  As set forth in the record, Loop AI was the only party present at the noticed date and time, 8:00am on January 21, 2016.[7]  Loop AI was not legally required to wait for more than one hour for the witness to arrive, and cannot be sanctioned under Rule 30(g) for having patiently waited until the witness eventually arrived, but refused to testify.[8]  In fact, Order 965 is clear that it is sanctioning Loop AI for its alleged contempt of the Interpreter Order (as argued by AW-USA's counsel at the hearing), and not for any violations of Rule 30(g).  Rule 30(g) did not require Loop AI to wait over an hour, and did not require Loop AI to produce any interpreter, and no such provision was included in Loop AI's deposition notice.  *See* Dkt. 903-1 at ¶¶ 5-7.  Because Order 965 is, in fact, a sanction for the alleged contempt of the Interpreter Order, it violates 28 U.S.C. § 636(e)(6)(B)(iii) and Loop AI's due process rights.  The Magistrate lacks authority to issue contempt sanctions and Loop AI cannot be found in contempt of the Interpreter Order because (1) it was not possible to comply with it by 8:00am on the day after it was issued,[9]

_____

[6] Moreover, Mr. Wallerstein never identified any of the dates of the alleged deposition preparation of Mr. Ferri, and never submitted any evidence that he or his firm actually used any interpreter to prepare Mr. Ferri  Particularly in light of Mr. Wallerstein's prior misrepresentations in this case, including as documented in Order 965, the Magistrate clearly erred in not requiring Mr. Wallerstein to provide evidence of regarding whether an interpreter was actually used for the preparation of Mr. Ferri and for how long.
[7] *See* Dkt. 903, 903-1, 903-2.
[8] *See, e.g., De Leon v. Burkett's Pool Plastering, Inc.*, 2014 U.S. Dist. LEXIS 22236, at *5 (E.D. Cal. Feb. 18, 2014) (finding 30 minute delay justified deposing party's departure from deposition venue).  The Magistrate fails to explain why Loop AI's decision to wait over an hour should result in sanctions against Loop AI, instead of the other way around.
[9] Compliance was made more difficult because the Interpreter Order required a "certified" Italian interpreter; only after wasting considerable time seeking one did Loop AI learn that in California there is no such thing as a "certified" Italian interpreter.  *See* Dkt. 905-1 at ¶¶27-30.

and (2) the Interpreter Order itself is unlawful.[10]

**2.    The Rule 30(g) Requirements are not Satisfied.**  Rule 30(g) authorizes (a) an award of *reasonable expenses for attending a deposition* (b) to a party who *attends in person or by an attorney* when (c) the party taking the deposition *fails to attend and proceed with the deposition.*  None of those three requirements is satisfied here.  It is undisputed that the IT Defendants, ***and not AW-USA***, were to be deposed through Ferri.  Dkt. 903-1 at¶¶ 4-8.  AW-USA did not "attend" because it was not present at the noticed time and date.  No counsel announced it was appearing to represent AW-USA.[11]  Even if Ferri could be deemed AW-USA's witness (he was not), AW-USA still did not attend the deposition because Ferri and the IT Defendants' counsel did not attend – they appeared over one hour late, without having any order by the court permitting them to modify the start time of all the jurisdictional depositions.  They then refused to proceed, and left.  *See* dkt. 903-1.  When they returned, they continued to take breaks, *see* Dkt. 903-1 at ¶ 15, Dkt. 429-1.  ***The Magistrate does not find that AW-USA <u>or the</u> IT Defendants "attended" Ferri's deposition as noticed by Loop AI – the Ruling ignores this issue.***  The Magistrate's failure to make any finding on this key requirement of Rule 30(g) renders the Ruling contrary to law.  Because the record of the deposition shows that AW-USA did not "attend," there could be no "expenses for attending" to be recovered.  The third Rule 30(g) requirement is also not satisfied, because Loop AI ***<u>did not</u>*** fail to attend and proceed.  *See* Dkt. 903, 903-1, 903-2, 429-1.  Loop AI went on the record at the scheduled start time of the deposition and announced it was ready to proceed.  *Id.*  Loop AI was unable to proceed because the IT Defendants failed to appear, and when they ultimately appeared over an hour late they refused to proceed and left.  The Magistrate's finding that Loop AI failed to attend and proceed, solely because Loop AI did not provide an interpreter until 11:30 am on the day of the deposition, finds no support in Rule 30(g) or in any other authority (the Magistrate cites none).  The Magistrate's ruling is also contrary to the undisputed record, which the Magistrate

---

[10] *See* n. 3 *supra*.
[11] Moreover, as set forth at Dkt. 903-1 and 903-2, Venable was not engaged by AW-USA, but by the IT Defendants.  *See* Dkt. 903-1 at ¶ 24.  AW-USA nowhere presented to the Magistrate any evidence, or even argument, that it engaged Venable and it incurred its own legal fees.

inexplicably ignores. First, at the 3-hour hearing on the jurisdictional depositions held on *December 10, 2015, the IT Defendants represented to the Magistrate that they, and not Loop AI, would bring an interpreter for use at the jurisdictional depositions; they also represented to the Magistrate that two of their witnesses would testify in English.* *See* 1/8 Decl. at ¶ 14. *Ferri's deposition would have occurred as scheduled had the IT Defendants not reneged on their undertaking (with the Magistrate's approval, granted at 11:30 am on the day before Ferri's deposition was scheduled to occur).* Second, as discussed above, AW-USA produced no evidence showing Ferri could not testify in English. The only evidence in the record is that Mr. Ferri himself admitted to be *proficient in English, and that he was observed conversing in English.* *See* Dkt. 903-1. The Magistrate cites no legal authority for sanctioning Loop AI for failing to provide an interpreter within less than 24 hours, to a witness who did not need it.

    **4.    The Expenses Awarded Are Unreasonable and Unsupported.** The expenses awarded are not "reasonable expenses for attending" a deposition as required by Rule 30(g). The expenses include the costs of a *nine-day* stay at an unreasonably expensive hotel and alleged preparations that are both unreasonable and unsupported by any evidence.[12] The Magistrate cites no authority for finding that the costs of these alleged "preparations" qualify as *reasonable expenses for attending* Ferri's deposition. The Magistrate's failure to analyze the reasonableness of the expenses sought is contrary to law. The Magistrate also committed clear error by allowing AW-USA to supplement the record a third time with materials that AW-USA failed to produce in discovery.[13] AW-USA cannot use documents or information that it refused to produce in discovery and that Loop AI has been given no opportunity to brief. *See* Fed. R. Civ. P. 37(c)(1).

    **5.    AW-USA Lacks Standing.** The Magistrate's ruling that AW-USA has standing to recover expenses it did not incur lacks any basis in the record. The IT Defendants did not move for sanctions, and AW-USA made no submissions that establish its standing. Because

---

[12] Contrary to the Magistrate's suggestion, Loop AI objected to all aspects of the fee and expense request by AW-USA. The Magistrate lacks any authority to prohibit a party from briefing its defense in accordance with the Local Rules and due process, and then claim that an issue was not addressed. Furthermore, the Court must make its own determination that the requirements of Rule 30(g) (including as to reasonableness) are satisfied. Here, no evidence was presented of that the expenses were reasonable or even incurred by the movant, AW-USA.

[13] The Magistrate ordered AW-USA to produce evidence of its expenses on September 20, 2016. *See* Dkt. 893. AW-USA failed to do so, and there was no basis for granting AW-USA a do-over.

there is no proof in the record that AW-USA had any role or participation in the Rule 30(b)(1) jurisdictional deposition of Mr. Ferri, or that it incurred any expenses or fees, the Magistrate's ruling that AW-USA can recover fees and expenses it did not incur is clearly erroneous.

Respectfully submitted,

January 20, 2017        By:   /s/ *Valeria Calafiore Healy*

Valeria Calafiore Healy, Esq. (*phv*)
Valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone:     (212) 810-0377
Facsimile:     (212) 810-7036

Attorneys for Plaintiff
LOOP AI LABS, INC.