VALERIA CALAFIORE HEALY
(*pro hac vice*)
valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone: (212) 810-0377
Facsimile: (212) 810-7036

Attorneys for Plaintiff
LOOP AI LABS INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| LOOP AI LABS INC., <br><br> Plaintiff, <br><br> v. <br><br> ANNA GATTI, et al, <br><br> Defendants. | CASE NO.: 3:15-cv-00798-HSG <br><br> **PLAINTIFF LOOP AI LABS INC.'S MOTION FOR RELIEF FROM ORDER AT DKT. 969 AND OBJECTIONS PURSUANT TO FED. R. CIV. P. 72 AND CIV. L.R. 72-2** <br><br> Action Filed: February 20, 2015 <br> Trial Date: TBD <br><br> Hon. Haywood S. Gilliam, Jr. |

Pursuant to Fed. R. Civ. P. 72(a) and Civ. L.R. 72-2 Loop AI Labs Inc. ("Loop AI") respectfully objects to, and moves for relief from, the Magistrate's "Second Supplemental Order Re: Almawave USA, Inc.'s Motion To Quash and/or For Protective Order" filed on January 11, 2017 at Docket 969 ("Order 969"). As set forth in Loop AI's prior appeal at Dkt. 905 ("Motion 905"), supplemental Order 969 concerns a portion of 600 documents that Loop AI requested from Almawave USA Inc. ("AW-USA"), Almaviva S.p.A. and Almawave S.r.l. (the "IT Defendants") pursuant to a discovery requests served on August 17, 2015, and also requested from a third party pursuant to a subpoena. AW-USA identified approximately 600 documents that were responsive to Loop AI's discovery requests to AW-USA, but refused to produce them and also refused to produce any privilege log. To date, Loop AI has received no privilege log for *any* of the responsive documents from any of the Defendants.

## POINTS OF ERROR

**1.** **The Magistrate Did Not Have Power to Rule on Loop AI's Rule 72 Objections at Dkt. 905, Presented to the District Judge** – On September 29, 2016, the Magistrate issued Order at Dkt. 901 ("Order 901") finding that the 600 documents responsive to Loop AI's discovery requests, which she indicated she reviewed *in camera* during a period of almost 10 months (from December 14, 2015[1] to September 29, 2016), were all privileged, except for the few listed in the order. Order 901 states, in relevant part:

- "Almawave [USA] timely lodged the documents at issue, which total over 4,000 pages. The court has reviewed *each* of the documents." Dkt. 901 at 2 (emphasis added);

- "the documents contain email communications between Orrick and its then-clients, the Almaviva entities, that were made for the purpose of obtaining or giving legal advice, as well as invoices and billing records for said representation. The court finds that Almawave's proposed redactions are appropriate and justified." *Id.*

As set forth in Loop AI's Objections at Dkt. 905, the Magistrate's findings in Order 901 were clearly erroneous because hundreds of documents found to have been privileged were written in the

---

[1] *See* Dkt. 323 at 2.

Italian language, and the Magistrate lacked any basis in the evidence to find documents that she could not understand to be privileged. In Order 969, the Magistrate now states that while conducting the *in camera* review described in Order 901 she only "considered the most recently sent email in each email string." Dkt. 969 at 1. Loop AI objects to this finding as clearly erroneous for three reasons: (1) it is contrary to the evidence, in that the Italian language documents provided to the Magistrate *in camera* were not all emails or string of emails, (2) the Italian language documents provided to the Magistrate in camera were over 100 pages, often containing Italian language at the front of a document, and could not be missed, (3) Order 901 never indicated that Magistrate had conducted only *a partial review of the documents*, but stated instead, and expressly, that the Magistrate performed a review of "each" of the documents and that "each" (minus the few listed in the Order) was found to be privileged. Order 969 is also clearly erroneous because it fails to provide any explanation as to the basis upon which the Magistrate found the documents to be privileged.[2]

Loop AI also objects to Order 969 on the grounds that the Magistrate cites no authority for ruling on a portion of Loop AI's Rule 72 objections at Dkt. 901 filed before the presiding District Judge. The purpose of Rule 72 is to ensure that a party receives its right to due process by, among others, having an Article III judge review the decision of a magistrate. Loop AI is entitled to receive the review that is guaranteed by statute and by the Federal Rules directly from a district judge. If the presiding District Judge wanted to remand Loop AI's Rule 72 Objections back to the Magistrate, the District Judge could have and would have issued an order so remanding (or referring) the matter. But the presiding District Judge did not issue any order asking the Magistrate to review any aspect of Loop AI's Rule 72 objections at Dkt. 905. Because the Magistrate lacked authority to rule on Loop AI's objections at Motion 905, her ruling at Order 969 is clearly erroneous.

**2.** **AW-USA has Waived Privilege by Failing to Provide a Privilege Log** – It is undisputed that AW-USA did not produce a privilege log as to any of the documents that were undisputedly responsive to Loop AI's discovery requests and that were given to the Magistrate in

---

[2] By way of example, one of the documents provided in redacted form is dated April 2014. The Magistrate fails to explain how AW-USA could claim privilege to a document that does not belong to it, and which was authored well before AW-USA ever came into existence.

camera over four months after the documents were first requested. Accordingly, under the binding precedent that the Magistrate has applied in this case against Loop AI, *Burlington Northern & Santa Fe Railway Co. v. United States District Court*, 408 F. 3d 1142, 1149 (9th Cir. 2005), and under the further authority of the Ninth Circuit's ruling in response to Loop AI's petition for a writ of mandamus, AW-USA's failure to produce, within the 30 from the request, a privilege log regarding the 600 undisputedly responsive documents constitutes a privilege waiver and requires that the documents be turned over to Loop AI. The Magistrate cites no authority for applying a different waiver standard to the same parties in the same litigation. The Magistrate has applied *Burlington* and its four-factor test to determine whether waiver was appropriate. These factors are: (1) "the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged"; (2) "the timeliness of the objection and the accompanying information about the withheld documents"; (3) "the magnitude of the document production"; (4) "other particular circumstances of the litigation that make responding to discovery unusually easy… or unusually hard." *Burlington*, 408 F.3d at 1149.

AW-USA's failure to produce a privilege log "literally" precluded Loop AI from gaining any information at all as to the nature of the privilege or protection claimed, and precluded Loop AI being able to put forward any challenges to specific documents. If Loop AI's privilege log, served in April 2016, was considered "grossly late" (Dkt. 680 at 4), then AW-USA's as yet unserved privilege log regarding 600 undisputedly responsive documents unquestionably subject to waiver under the Magistrate's own standards and application of Ninth Circuit precedent. AW-USA has had these documents for over one and one half years. Nothing in the record shows that the magnitude of the production or "other particular circumstances" prevented them from producing a privilege log, indeed, producing a log for 600 documents that were undisputedly responsive would have been an easy task. AW-USA does not point to any circumstance that explains their lack of privilege log as resulting from magnitude or hardship. There is no basis for the Magistrate to sanction one, but not all of the parties, to this case for privilege log violations.

**3.** **The Magistrate Clearly Erred in Upholding Privilege Because the Movant, AW-USA, Never Established Any Privileged Relationship, and Also Lacked the Legal Ability to Invoke Privilege** – Loop AI notes again that AW-USA was the only Almaviva entity that moved for a protective order in respect of the Orrick Subpoena. *See* Dkt. 905-2 at MPX-414; Dkt. 168. To invoke privilege, AW-USA was required to establish, and the Magistrate was required to find, "the existence of an attorney-client relationship *and* the privileged nature of the communication." *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010) (internal brackets omitted). The Magistrate was required to use the following 8-part test to "determine[] whether information is covered by the attorney-client privilege: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived." *Id.* "The party asserting the privilege bears the burden of proving each of the essential element." *Id. See also, e.g., United States v. Munoz*, 233 F.3d 1117, 1128 (9th Cir. 2000) ("The party asserting attorney-client privilege has the burden of establishing all of the elements of the privilege.").

Order 969 does not explain how the Magistrate could have found that AW-USA properly asserted privilege. As set forth in Motion 905, AW-USA is a non-functioning entity and legally incapable of asserting privilege. Further, the evidence before the Magistrate establishes that only the Italian Almaviva entities, and not AW-USA, developed an attorney client relationship with Orrick beginning in April 2014. *See, e.g.,* MPX1106-1115. Orrick's terms of engagement specifically exclude the representation of affiliates and subsidiaries without a formal and separate engagement. MPX1110. Order 969 is clearly erroneous because it fails to identify any legal basis upon which the Magistrate could have found that AW-USA properly asserted privilege.

**4.** **The Magistrate Clearly Erred in Upholding Privilege Without Addressing Loop AI's Waiver Arguments** – In the Ninth Circuit, "[o]ne of the elements that the asserting party must prove is that it has not waived the privilege." *Weil v. Investment/Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981). Although Loop AI has not yet been given an

opportunity to know what documents were actually given to the Magistrate *in camera*,[3] Loop AI established that privilege over various aspects of the 600 in camera documents was waived. *See, e.g.,* Dkt. 177, MPX1117-1126. At the December 10, 2016 hearing, Loop AI explained to the Magistrate that without a privilege log it was impossible for Loop AI to identify the specific documents subject to the waiver, or subject to some other privilege exception. *See, e.g.,* MPX510, 512-513. The Magistrate confirmed that the "position that [she] understood [was] taken is that Sternberg says he didn't know that Gatti worked for Loop [AI]. So if documents indicate otherwise, [she] would see that." *Id.* at MPX513.[4] The AW-USA redacted version of the in camera production provided to Loop AI pursuant to Order 901 show that, contrary to his declaration, Mr. Sternberg was aware that Ms. Gatti was working as the CEO of Loop AI. *See, e.g.,* MPX880, 926-27.[5] Another email shows that Mr. Sternberg's was discussing Ms. Gatti in connection with Orrick's terms of engagement and that he was involved in many communications regarding Ms. Gatti's employment with Almawave from the beginning of the engagement. *See, e.g.,* MPX1116; MPX-880. Order 969 is clearly erroneous because it ignores any waiver arguments presented by Loop AI.

**5.** **Other Errors** – Loop AI respectfully renews its requests leave to submit full briefing because it does not have sufficient space to address the remaining errors in the Magistrate's newest rulings.

Respectfully submitted,

January 25, 2017          By:   /s/ *Valeria Calafiore Healy*

                  Valeria Calafiore Healy, Esq. (*phv*)

---

[3] Has noted in Loop AI's Motion 905, ***thousands*** of pages produced to Loop AI in October ***2016*** pursuant to Order 901 are completely blank. Many of the few documents produced with text on it, have names, with subject lines redacted, and contain none of the information that the Magistrate's Standing Order requires.

[4] Indeed, it was based on that position identified by the Magistrate, as well as Mr. Sternberg's declaration under penalty of perjury that **he did not give legal advice regarding the Gatti-Almawave employment agreement**, and that Orrick simply adapted a template, that the presiding District Judge found that Sternberg did not breach his fiduciary duty to Loop AI. *See* Dkt. 402.

[5] The email at MPX926-27 was previously produced by another nonparty and was filed before the presiding District Judge with a translation at Dkt. 285-7 (MPX935-42).

Valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone:      (212) 810-0377
Facsimile:      (212) 810-7036


Attorneys for Plaintiff
LOOP AI LABS, INC.