VALERIA CALAFIORE HEALY
(*pro hac vice*)
valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York  10013
Telephone:     (212) 810-0377
Facsimile:     (212) 810-7036

Attorneys for Plaintiff
LOOP AI LABS INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| LOOP AI LABS INC., | CASE NO.: 3:15-cv-00798-HSG |
| Plaintiff, | **PLAINTIFF LOOP AI LABS INC.'S NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. CIV. P. 67 OR, IN THE ALTERNATIVE, FOR POSTPONEMNET OF THE TIME FOR COMPLIANCE WITH ORDER 973 PENDING LOOP AI'S ABILITY TO SEEK REVIEW OF THE MAGISTRATE'S ORDERS** |
| v. | |
| ANNA GATTI, et al, | |
| Defendants. | |
| | Action Filed:  February 20, 2015 |
| | Trial Date:    TBD |
| | Hon. Haywood S. Gilliam, Jr. |

**PLEASE TAKE NOTICE THAT** on April 13, 2017 at 2:00pm, or as soon before that as the parties may be heard, Plaintiff Loop AI Labs Inc. ("Loop AI"), will move the Court, before the Honorable Haywood S. Gilliam, Jr. of the United States District Court for the Northern District of California, for an Order granting Loop AI permission to deposit the funds ordered at Dkt. 973 into the Court's registry pursuant to Fed. R. Civ. P. 67, or in the alternative for an order postponing the time for compliance with the payment set forth in Order 973 until completion of appeals or petitions for review of that Order.

Although this Motion seeks relief under Fed. R. Civ. P. 67 and therefore could not be filed as an administrative motion under Civ. L.R. 7-11, Loop AI believes that the relief requested herein is in some respects administrative in nature. Accordingly, Loop AI waives any hearing on this Motion, unless the Court believes a hearing would be appropriate.

Loop AI respectfully submits the below short memorandum in support of the requested relief.

Respectfully submitted,

January 26, 2017            By:   /s/ *Valeria Calafiore Healy*

Valeria Calafiore Healy, Esq. (*phv*)
Valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone:     (212) 810-0377
Facsimile:      (212) 810-7036

Attorneys for Plaintiff
LOOP AI LABS, INC.

Pursuant to Federal Rule of Civil Procedure 67, Plaintiff Loop AI Labs Inc. ("Loop AI") hereby respectfully moves the Court for permission to deposit into Court's registry the sum that the Magistrate ordered Loop AI to pay to Defendant Almawave USA Inc. ("AW-USA") in her most recent Order at Dkt. 973 ("Order 973"), pending Loop AI's ability to seek review of the Magistrate's ruling. In the alternative, Loop AI respectfully moves the Court for an Order postponing the 14-day deadline for payment set forth in Order 973, to the conclusion of Loop AI's appeal or petitions regarding Order 973. In support of this Motion Loop AI respectfully submits as follows:

1. The Magistrate ordered Loop AI to pay AW-USA over $12,000 in Orders 965 and 973 for the alleged failure to proceed with January 21, 2016 jurisdictional deposition as noticed by Loop AI. As set forth in Loop AI's prior Rule 72 Objections and related filings regarding the January 21, 2016 jurisdictional deposition of Almaviva S.p.A. and Almawave S.r.l. ("IT Defendants"),[1] neither Loop AI nor its counsel committed the alleged Rule 30(g) violation because the evidence shows that Loop AI's counsel and the court reporter were the only parties present and ready to proceed as noticed, at the noticed deposition time and date on January 21, 2016 (i.e., the date of the Rule 30(b)(1) jurisdictional deposition the IT Defendants, designating Mr. Ferri as their corporate representative). *See* Dkt. 972. It is undisputed – as set forth in the written record of the January 21, 2016 deposition - that AW-USA did not appear and attend the deposition as noticed, because nobody appeared at the noticed deposition time and date, either on behalf of AW-USA or on behalf of any other defendant. *See id.*

2. It is also undisputed that AW-USA sought "reimbursement" of fees and costs it did not incur, let alone pay. In Order 965, the Magistrate recognizes that AW-USA is seeking "reimbursement" for alleged expenses of its affiliates, the IT Defendants, even though its affiliates never joined in the motion or directly moved for such relief.[2] Order 965 at 7. The Magistrate then indicates that AW-USA has standing under Rule 30(g) because on October 31, 2016 "defense counsel explained at the hearing that the Italian Almawave Defendants conducted

---

[1] *See, e.g.,* Dkt. 905, 919, 920, 927, 938, 972 (Objections to Order 965 regarding Jan. 21 jurisdictional deposition).
[2] It is also undisputed that the IT Defendants have made a claim to the Lloyds to cover all their defense costs in this litigation. *See, e.g.,* Dkt. 423 at 3; Dkt. 550-10; Dkt. 653-3; 654-2.

discovery under the auspices of Almawave USA, since they were concerned that proceeding otherwise could be construed as a waiver of their jurisdictional challenge."[3]  *Id.*  But AW-USA never made such a standing argument in support of its request for Rule 30(g), either at the October 31, 2016 hearing or in any of its written filings.[4]  At no time during the October 31st hearing did AW-USA ever say that the jurisdictional depositions were being conducted under the auspices of AW-USA for fear of a waiver or otherwise and that this was why AW-USA filed the Rule 30(g) motion granted by the Magistrate.[5]  The only response given by AW-USA to the Magistrate regarding AW-USA's alleged standing to seek payment for Mr. Ferri was the following argument presented for the first time at the hearing:[6]

> **THE COURT**:  Why does Almawave USA have standing to move for these expenses that have to do with Luca Ferri?
>
> **MR. WALLERSTEIN**:  I think essentially, your honor, the answer is the -- harkens back to the very first question and Answer we had. We never made a distinction between Almawave USA and the Italian Almawave defendants for purposes of those depositions. So Almawave USA was being deposed. The Italian Almawave defendants were being deposed.  It went to the merits. It went to jurisdiction. Luca Ferri was a deponent. It's not true that he was only a deponent for the Italian Almawave defendants. He was as much a witness for Almawave USA.  He's going to be -- if the Italian Almawave Defendants were not part of this case, he would still be a witness. He would still be a witness for USA. He would be testifying as a defense witness for them, and Loop [AI] would be taking his depositions.  So it's an odd distinction.
>
> **THE COURT**:  Well, maybe -- what is his role with respect to Almawave USA?
>
> **MR. WALLERSTEIN**:  I don't know that he really has a formal employment or title with

---

[3] This argument is also inconsistent with the Court's own orders.  The Court ordered **the IT Defendants**, not AW-USA, to sit for jurisdictional depositions, including for the jurisdictional deposition at issue in Order 965 and 973.  The IT Defendants have never claimed that they were participating in any jurisdictional deposition under the "auspices" of Almawave USA, or that such jurisdictional depositions allegedly would waive their purported jurisdictional defense.  To the contrary, the IT Defendants represented to Judge Gilliam (without any apparent fear of a waiver) that "*five witnesses from the Italian Almawave Defendants appeared from Italy for their depositions*." Dkt. 469 at 4:5 (emphasis added).
[4] *See* Dkt. 946 (10/31/2016 Hear. Tr.).  AW-USA never presented *any* standing arguments of any type in any of its motion papers seeking payment of fees under Rule 30(g) for the Ferri deposition. *See* Dkt. 895, 419.
[5] Even if that argument had been raised, it still would be insufficient to confer standing.  The Magistrate cites no legal authority for creating standing where none exist, and for allowing use the expedient of litigating through another entity in order to avoid a jurisdictional waiver.
[6] This Court already has held that a court cannot consider matters presented for the first time at a hearing. *See, e.g.,* Dkt. 58 at n. 1.

them.[7] But obviously they were a subsidiary of the Italians. He is the tech guy who understood the technology. So he was here. And if nothing else he certainly was collaborating with Almawave USA to sell their products here.

**THE COURT**: Okay. Thank you, Mr. Wallerstein.

Dkt. 946 (Oct. 31, 2016 Hear. Tr.) at 26-27. The Magistrate cites no authority in Order 965 or 973 for allowing AW-USA to be "reimbursed" for expenses it did not incur for a deposition in which it did not participate, or to prepare a witness that it did not produce and who was not ever employed by AW-USA. The Magistrate also cites no legal authority allowing counsel to create standing to seek a monetary payment based solely on an argument by counsel made for the first time at a hearing that "the Almawave Defendants never made a distinction between Almawave USA and the Italian Almawave Defendants for purposes of those depositions." Order 965 at 7.

3. Furthermore, the Magistrate issued Order 973 in violation of due process because it permitted AW-USA to file a supplemental submission after all briefing had been completed, but did not permit Loop AI to respond to the new submission.

4. Because Loop AI did not commit the violation for which the Magistrate imposed sanctions, because AW-USA lacked standing to seek "reimbursement" or any type of payment under Rule 30(g) or otherwise, and because the Magistrate's Orders are contrary to law and to procedural due process guarantees, Loop AI respectfully submits that it has a strong likelihood to prevail on appeal. Although Loop AI is not required to prove likelihood of success in order to invoke Rule 67, Loop AI respectfully believes that its likelihood of success on appeal of these Order further supports Loop AI's request to be allowed to deposit the sum in question into Court so as to ensure that Loop AI will not be required to pay money that Loop AI believes will never be able to recover back from AW-USA.

5. As set forth in Loop AI's prior submission to this Court, AW-USA is a non-functioning entity with no assets. *See, e.g.,* Dkt. 548 at 14:1-3. If Loop AI prevails in its appeal of the Magistrate's orders culminating in Order 973, Loop AI believes it would not be able to recover the money unjustly paid to AW-USA. Accordingly, in order to protect money that Loop

---

[7] Mr. Wallerstein failed to advise the Magistrate that in fact, as of the time of the hearing, Mr. Ferri had long terminated any employment with the IT Defendants. Prior to leaving his employment, Mr. Ferri declared under penalty of perjury to be solely an employee of Almawave S.r.l. *See, e.g.,* Dkt. 740-18.

AI disputes should be paid to AW-USA, Loop AI respectfully requests that the Court allow Loop AI to pay the sum set forth in Order 973 into Court, pending Loop AI's ability to present its appeal of Order 973 to Your Honor, and its ability to present any further appeals or petitions to the Ninth Circuit regarding the series of Orders that have led to the issuance of Order 973.  Loop AI assures the Court that it will not delay, and will timely file its Rule 72 objections of Order 973, and will promptly seek further review in the Ninth Circuit, as may be necessary and permitted by the Rules.

6.  This Court has power under Rule 67(a) to allow Loop AI to deposit the disputed money into the court's registry pending Loop AI's ability to obtain resolution of the dispute over the money through appellate review.  *See, e.g., Cajun Elec. Power Coop., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 445 (5th Cir. 1990) ("Whether Rule 67 relief should be available in any particular case is a matter committed to the sound discretion of the district court."); *Star Envirotech, Inc. v. Redline Detection, LLC*, No. SA CV 12-1861, 2016 WL 1069039, 2016 U.S. Dist. LEXIS 35622, at *17 (C.D. Cal. Mar. 17, 2016); *Putz v. Golden*, No. C10-0741JLR, 2012 U.S. Dist. LEXIS 154240, at *14 (W.D. Wash. Oct. 26, 2012) (granting request to deposit money into court's registry pending appeal).   As set forth in the Advisory Committee Notes to Rule 67, the Rule is intended to allow a litigant to "be relieved for responsibility for a sum or thing, but continue to claim an interest in all or part of it.  In these cases the deposit-into-court procedure should be available." Fed. R. Civ. P. 67, 1983 Advisory Comm. Notes.  By allowing Loop AI to deposit the sum in dispute into Court, Loop AI can ensure that money that Loop AI believes does not rightfully belong to AW-USA will not become unrecoverable.

7.  As an alternative to depositing the money into the court's registry, and for the same reasons set forth above, Loop AI respectfully request that the Court extend the time for compliance with the payment set forth in Order 973 until completion of any appeal regarding Order 965 and 973.  As set forth above, Loop AI will not delay, and will seek to promptly file any appeal or petitions as may be necessary and permitted by the applicable rules.

Respectfully submitted,

January 26, 2017                    By:  /s/ *Valeria Calafiore Healy*

Valeria Calafiore Healy, Esq. (*phv*)
Valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone:     (212) 810-0377
Facsimile:      (212) 810-7036


Attorneys for Plaintiff
LOOP AI LABS, INC.