VALERIA CALAFIORE HEALY
(*pro hac vice*)
valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone: (212) 810-0377
Facsimile: (212) 810-7036

Attorneys for Plaintiff
LOOP AI LABS INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| LOOP AI LABS INC., <br><br> Plaintiff, <br><br> v. <br><br> ANNA GATTI, et al, <br><br> Defendants. | CASE NO.: 3:15-cv-00798-HSG <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF DEEMED DENIAL OF ORDER 964 OR IN THE ALTERNATIVE TO CERTIFY ORDERS FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)** <br><br> Action Filed: February 20, 2015 <br> Trial Date: TBD <br><br> Hon. Haywood S. Gilliam, Jr. |

**PLEASE TAKE NOTICE THAT** Plaintiff Loop AI Labs Inc. ("Loop AI") hereby respectfully moves the Court, before the Honorable Haywood S. Gilliam, Jr. of the United States District Court for the Northern District of California, for an Order pursuant to Civ. L.R. 7-9 granting Loop AI leave to file a motion for reconsideration under Fed. R. Civ. P. 54(b), of this Court's deemed denial of Loop AI's Rule 72 Objections, filed on January 10, 2017 at Dkt. 968 ("Appeal 968") relating to the Magistrate's Order at Dkt. 964 ("Order 964"). Pursuant to Civil Local Rule 72-2, Motion 968 was deemed denied by this Court on January 24, 2017.

Reconsideration is appropriate in light of important new evidence that directly contradicts the principal factual predicate of the ruling denying Rule 16 sanctions in Order 964. After Loop AI filed Appeal 968, Defendants Almaviva S.p.A. and Almawave S.r.l. (the "IT Defendants") served amended responses (the "2017 Amended Responses") to all 554 discovery requests that Loop AI served on them during the merits discovery phase of this case.[1] The 2017 Amended Responses provide further proof that the IT Defendants never engaged in any merits discovery in this case. Until the hearing on Loop AI's Rule 16 sanctions motion, the IT Defendants concealed their discovery misconduct from the Court by repeating to the Court the mantra that they had "timely responded to all discovery requests" made by Loop AI. At the October 31st hearing, the IT Defendants admitted, for the first time, that when they told the Court that they had "fully responded" they only meant that they had responded to all of Loop AI's discovery requests by stating that they were "***not responding***."[2] At the October 31st hearing, the IT Defendants also invoked an entirely new theory, not reflected anywhere in their Opposition to Loop AI's Rule 16 sanctions motion decided by Order 964, to the effect that they had complied, secretly, with all Loop AI's discovery requests through the responses provided by Almawave USA Inc. ("AW-USA"). The IT Defendants also represented to the Magistrate at the October 31st hearing that they could provide a Rule 34 certification to all of Loop AI's discovery requests "in no time

---

[1] In support of this Motion, Loop AI submits the attached Declaration of VCHealy dated January 31, 2017 and supporting exhibits A (the 2017 Amended Responses) and B (the 2017 Verifications).

[2] *See* Dkt. 946 (10/31 Hear. Tr.) at 13-14 (Mr. Wallerstein: "they [the IT Defendants] filed papers that were signed by counsel that said, you know: 'Here's our response: we're not responding.'").

flat."[3]  The Magistrate took the IT Defendants at their word.  Based entirely on the IT Defendants' counsel's representations at the October 31st hearing regarding their new theory of secret discovery compliance, the Magistrate denied Loop AI's Rule 16 sanctions motion and ordered the IT Defendants to serve amended discovery responses consistent with their representations made at the October 31st hearing.  ***The IT Defendants have failed to do what the Magistrate ordered them to do.  The 2017 Amended Responses do not contain the Rule 34 certification that Mr. Wallerstein represented the IT Defendants could give "in no time flat," and provide no support whatsoever for the representations the IT Defendants made to the Magistrate at the hearing.***

The 2017 Amended Responses contain an unintelligible set of contradictory statements that nowhere represent that the IT Defendants have produced any, let alone all, of the documents responsive to Loop AI's discovery requests to the IT Defendants.  The 2017 Amended Responses incorporate by reference unspecified responses and objections provided by AW-USA to its own discovery requests, not to those of the IT Defendants.  The IT Defendants fail to note that AW-USA's own responses consist primarily of AW-USA's own refusals to respond to the majority of Loop AI's discovery requests to AW-USA.  The IT Defendants' responses are made subject to AW-USA's objections to producing documents outside its custody, possession or control or responses.  The IT Defendants have no legal basis to object to discovery that is not in the possession, custody, or control of AW-USA, as they purport to do.  The IT Defendants' incorporation by reference of unspecified responses and objections made by AW-USA does not demonstrate that the IT Defendants participated in discovery, and does not demonstrate compliance with any Federal Rule relating to discovery.  Because the IT Defendants' latest purported explanations for their refusals to comply with all of Loop AI's discovery requests is untrue, Loop AI respectfully submits that reconsideration of the Court's deemed denial of Appeal 968 is appropriate.

The IT Defendants' refusals to comply with their discovery obligations, and their repeated obfuscation in front of the Court of those refusals, constitute the most serious kind of discovery abuse imaginable.  Their misconduct has materially prejudiced the administration of justice in this

---

[3] *See* Dkt. 946 at 9:12-13.

case because Loop AI has been precluded from compiling a proper record through discovery from critical parties, as permitted by the Federal Rules and by this Court's Scheduling Orders. Respectfully, after the Court considers the 2017 Amended Responses it should have no doubt that the IT Defendants' newly presented excuses at the October 31st hearing, on which the Magistrate relied in issuing Order 964, were unfounded and that Order 964 accordingly must be reversed. If the Court has any remaining doubt, respectfully the issue should be resolved through an evidentiary hearing.

**PLEASE TAKE FURTHER NOTICE THAT,** in the alternative, on April 13, 2017 at 2:00pm, or as soon before that as the parties may be heard, Loop AI respectfully will move the Court, before the Honorable Haywood S. Gilliam, Jr. of the United States District Court for the Northern District of California, for an Order certifying for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) the issues presented by Order 964, this Court's Deemed Denial of that Order, and the related Order at Dkt. 929, summarily denying Loop AI's Objections at Dkt. 927, relating in part to the motion at Dkt. 731, resolved by Order 964.

In support of this Motion, Loop AI respectfully submits the below Memorandum of Points and Authorities, the Declaration of V.C. Healy dated January 28, 2017 and supporting exhibits, and all other evidence filed with the Court in connection with the above referenced motions relating to Order 964.

Respectfully submitted,

January 31, 2017          By: /s/ *Valeria Calafiore Healy*

Valeria Calafiore Healy, Esq. (*phv*)
Valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone: (212) 810-0377
Facsimile: (212) 810-7036

Attorneys for Plaintiff
LOOP AI LABS, INC.

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ........................................................................................i

TABLE OF AUTHORITIES........................................................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES....................................................1

BACKGROUND AND NEW EVIDENCE ...................................................................1

I.     LEAVE TO FILE A MOTION FOR RECONSIDERATION IS APPROPRIATE ..2

    A.  THE AMENDED RESPONSES DO NOT COMPLY WITH ORDER 964 .......3

    B.  THE AMENDED RESPONSES DO NOT DEMONSTRATE THE IT
        DEFENDANTS COMPLIED WITH THEIR DISCOVERY OBLIGATIONS;
        INSTEAD, THE NEW RESPONSES SHOW THEY FAILED TO COMPLY .3

        1.  The 2017 Amended Responses are Unintelligible and Do Not Comply
            With the Federal Rules. ...................................................................3

        2.  The IT Defendants' Purported New Responses to Loop AI's
            Interrogatories are Improper...........................................................4

        3.  The 2017 Amended Responses are Not Permitted by any Federal Rule........5

    C.  AW-USA'S DISCOVERY REPONSES, AS PURPORTEDLY ADOPTED
        BY THE IT DEFENDANTS, WERE THEMSELVES GROSSLY
        DEFICIENT .....................................................................................6

        1.  AW-USA's Discovery Responses, Now Purportedly Adopted by the IT
            Defendants, are Utterly Deficient....................................................6

        2.  The Discovery Responses Purportedly Adopted by the IT Defendants
            Relate to Sets of Discovery Requests that Do Not Include all the Requests
            Directed to the IT Defendants ........................................................7

        3.  The IT Defendants' Statements Throughout the 2017 Amended Responses
            that their Amended Responses Reflect an Agreement of was Made, and
            the IT Defendants' Position Contradicts their own Prior Representations to
            the Court .......................................................................................8

II.    APPLICATION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL ...8

# TABLE OF AUTHORITIES

## <u>CASES</u>

<u>Page</u>

*United States v. Desert Gold Mining Co.*,
   433 F.2d 713, 715 (9th Cir. 1970)..................................................................2

*Finder v. Finder v. Leprino Foods Co.*,
   No. 1:13-CV-02059, 2016 U.S. Dist. LEXIS 100417, at *8 (E.D. Cal.
July 29, 2016).   .................................................................................9, 11

*James v. Price Stern Sloan, Inc.*,
   283 F.3d 1064, 1068 n. 6 (9th Cir. 2002)........................................................9

*Tennenbaum v. Deloitte & Touche*,
77 F.3d 337 (9th Cir. 1996)...............................................................................9

*Transamerica Comput. Co. v. IBM Corp.*,
   573 F.2d 646, 648 (9th Cir. 1978) ...................................................................9

## <u>STATUTES AND RULES</u>

<u>Page</u>

Civil Local Rule 7-9 ......................................................................................1, 2

Fed. R. Civ. P. 16 .......................................................................................*passim*

Fed. R. Civ. P. 26 .......................................................................................*passim*

Fed R. Civ. P. 34 .......................................................................................*passim*

Fed. R. Civ. P. 54 ............................................................................................1, 2

Fed R. Civ. P. 72 ...............................................................................................1

Pursuant to Civil Local Rule 7-9, Loop AI respectfully moves the Court for leave to file a motion for reconsideration pursuant to Rule 54(b), of this Court's deemed denial of Loop AI's Rule 72 appeal of Order 964, filed on January 10, 2017 at Dkt. 968 ("Appeal 968").[4] Reconsideration is merited because new evidence not known to Loop AI when it presented Appeal 968 (specifically, the IT Defendants' subsequently-served 554 amended discovery responses) provides further evidence that Order 964 is clearly erroneous and contrary to law. Because Order 964 contains findings on several controlling question of law as to which there are substantial differences in opinion, and because resolution of those questions would advance the termination of this litigation, if the Court denies Loop AI's motion to reverse Order 964, Loop AI respectfully requests that Order 964, and this Court's deemed denial of that Order, be promptly certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

**BACKGROUND AND NEW EVIDENCE**

In Order 964, the Magistrate denied Loop AI's Rule 16 sanctions motion seeking preclusion sanctions under Fed. R. Civ. P. 16(f) against Defendants Almaviva S.p.A. and Almawave S.r.l. (the "IT Defendants") for their refusal to participate in any merits discovery in this case, without obtaining a stay from the Court, in violation of this Court's Scheduling Orders requiring the IT Defendants to participate in discovery or to obtain a stay from the court. Order 964 was based entirely on the Magistrate's acceptance of the IT Defendants' assertion, made for the first time at oral argument, that their express, repeated refusals to comply with *all* their merits discovery obligations (which the Magistrate found had occurred, as alleged by Loop AI) did not deserve *any* sanctions because (1) the IT Defendants' refusals expressly set forth in those Rule 26-certified responses were intentionally untrue and made to allegedly protect against a waiver of their jurisdictional objections, and (2) the IT Defendants had provided to Loop AI, through AW-USA, discovery that fully responded to Loop AI's discovery requests addressed to the IT Defendants. The IT Defendants presented no evidence or legal authority in support of this new

---

[4] The appeal was filed on January [ ], 2017, at Dkt. [ ]. Pursuant to Civil Local Rule 72-2, an appeal of a magistrate's order is deemed denied if the district court does not rule on the appeal within 14 days. The 14-day period for the appeal expired on January 24, 2017.

and unprecedented position. Nonetheless, the Magistrate denied Loop AI's sanctions motion and gave the IT Defendants a chance to validate their new position, by ordering them to amend their responses to Loop AI's document requests and interrogatories.[5] ***The IT Defendants have served revised discovery responses (the "2017 Amended Responses"). Far from validating the IT Defendants' latest excuse for their failure to comply with their discovery obligations, the 2017 Amended Responses demonstrate clearly that whether or not the IT Defendants gave documents to AW-USA, as they now claim, they failed to comply with their discovery obligation under the Federal Rules and this Court's Scheduling Orders, and those failures were extensive and egregious. Either way, the Rule 16 sanctions sought by Loop AI are fully merited.***

## I. LEAVE TO FILE A MOTION FOR RECONSIDERATION IS APPROPRIATE

Where a district court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. *See* Fed. R. Civ. P. 54(b); *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970).

In the Northern District of California, leave of court is necessary to obtain permission to file a motion for reconsideration. *See* Civ. L.R. 7-9(a). Accordingly, Loop AI respectfully seeks leave to file a motion for reconsideration under Section 1 and 2 of Local Rule 7-9(a). As more fully set forth below, new facts have emerged – specifically, the 2017 Amended Responses served after Loop AI filed its Appeal 968 – which show that the representations made by the IT Defendants' counsel at the October 31st hearing (and on which the Magistrate relied to deny Loop AI's Motion 731) were untrue. The 2017 Amended Responses provide further and new evidence supporting Loop AI's motion at Dtk. 731. *See id.* at § 7-9(a)(1) and (2).

---

[5] Loop AI repeats its objections to Order 964, made in its Appeal 968. The IT Defendants should not be permitted to contradict their own Rule 26(g)-certified, express written refusals to comply with Loop AI's discovery requests by claiming they were a sham, to amending those responses long after the discovery cut-off date for that or any other reason, or to belatedly adopt as their own, the discovery responses of another party, in respect of other discovery requests.

## A.   THE AMENDED RESPONSES DO NOT COMPLY WITH ORDER 964

In Order 964 the Magistrate ordered the IT Defendants to amend their written responses to Loop AI's document production requests and interrogatories to conform to the representations made by their counsel at the hearing on Loop AI's sanctions motion.  Order 964 at 9, 13.  The 2017 Amended Responses do not conform to the representations made by the IT Defendants' counsel at the October 31st hearing.  The IT Defendants' counsel made two key representations: *first*, that the discovery responses provided to Loop AI by AW-USA responded fully to all the document production requests and interrogatories served by Loop AI *on the IT Defendants*, *see* Dkt. 946 at 9 (Mr. Wallerstein: "***There's nothing else***.  Everything has been produced by Almawave USA." (emphasis added)); and *second,* that the IT Defendants could provide a Rule 34 certification (i.e., that all documents responsive to each request to the IT Defendants have been produced) in "no time flat".  *Id.* at 9:13.  The 2017 Amended Responses do not conform to either representation.  Nothing in the 2017 Amended Responses shows that the IT Defendants complied with Loop AI's discovery requests addressed to them, even if they are permitted to adopt AW-USA's discovery responses as their own.  And the promised Rule 34 certification is nowhere to be found.  Accordingly, even if the Magistrate was permitted to ignore the entirety of the IT Defendants' discovery responses admitting that those two parties did not participate in discovery, (Loop AI maintains that the Magistrate was not permitted to do so), Order 964 must be nonetheless be reversed because the IT Defendants have failed to supply the documentary evidence needed to support the key factual predicate of Order 964.

## B.   THE AMENDED RESPONSES DO NOT DEMONSTRATE THE IT DEFENDANTS COMPLIED WITH THEIR DISCOVERY OBLIGATIONS; INSTEAD, THE NEW RESPONSES SHOW THEY FAILED TO COMPLY

### 1.   The 2017 Amended Responses Are Unintelligible and do Not Comply With The Federal Rules.

The IT Defendants' purported new responses to all ***554 discovery requests*** served by Loop AI on the IT Defendants over one year ago (and in some cases more than one year and one half ago) incorporate by reference unspecified responses provided by AW-USA to its own discovery requests, not to those of the IT Defendants.  The IT Defendants refer to AW-USA's document production and objections in their entirety, without any reference to how or why any alleged

production is relevant to the applicable request to the IT Defendants. The new responses nowhere specify what documents (if any) were produced by AW-USA that were actually responsive to any of the document requests served on the IT Defendants, by document description, bates number, date of production or otherwise. The responses provided are, literally, meaningless and provide no support for the IT Defendants' contention of secret compliance through AW-USA.

These unintelligible responses lack any legal value for other reasons. It is undisputed that *Loop AI's document requests addressed to the IT Defendants included requests for documents in each of the categories listed below, but Loop AI <u>never</u> received from the IT Defendants, or from AW-USA, <u>any</u> documents in <u>any</u> of the categories most critical to this case*. By way of example (1) not a single email or other document within any Almaviva entity was provided relating to the hiring of Anna Gatti and the negotiation of her employment terms, any offer letter provided to Gatti, and all drafts of any offer letter and of Gatti's employment agreement, before AW-USA, events which occurred before AW-USA was in existence; (2) the IT Defendants' emails and other internal documents relating to the hiring of IQSystems; (3) the IT Defendants' emails and other internal documents relating to the patent Loop AI alleges was based on technology stolen from Loop AI; (4) the IT Defendants' emails and other internal documents relating to their plans (publicly announced in late 2013) to pursue business opportunities in the U.S.; (5) the IT Defendants' emails and other internal documents relating to several of the public events in which they used Ms. Gatti; or (6) the IT Defendants' emails and other internal explaining the reasons for the large payments to Ms. Gatti and Gennaro DiNapoli, the purported founder of IQSystem. These categories cover some of the core categories of Loop AI's case. The absence of responses in these categories emphatically disproves any allegation made by the IT Defendants' counsel at the hearing that the IT Defendants secretly participated in discovery and produced everything.

### 2. The IT Defendants' Purported New Responses to Loop AI's Interrogatories Are Improper.

The IT Defendants responses to Loop AI's interrogatories suffer from the identical deficiencies. First, nothing in the Federal Rule permits them to refuse to respond to a party's interrogatory and then, one year later, cut and paste over responses and objections provided by

another party, with select revisions. Second, because AW-USA refused to actually respond to most of Loop AI's interrogatories, or provided limited responses of its own choosing (i.e., not actually answering Loop AI's interrogatory), or answered different interrogatories, copying and pasting AW-USA's responses and objections into the 2017 Amended Responses is meaningless and does not eliminate the fact, established by the evidence, that the IT Defendants never responded to any of Loop AI's interrogatories as set forth in their written responses presented to the Court numerous times.

### 3. The 2017 Amended Responses Are Not Permitted By Any Federal Rule.

*Nothing in the Federal Rules allows a party to amend **the entirety** of its discovery responses over one and one half years after many of the requests were first served and almost one year after discovery closed.* To allow the IT Defendants to now pretend they participated in discovery when they actually did not is highly prejudicial to the administration of justice, as Loop AI was not given the discovery requested and to which it was entitled under the Federal Rules.

*Adoption of Another Party's Discovery Responses is Not Permitted.* Nothing in the Federal Rules permits a party to respond to discovery requests by adopting the responses provided by another party, to a different set of discovery requests. But that is what the IT Defendants purport to do. Even if such extensive amendments were permitted, their responses are contrary to the Federal Rules.

*The Promised Rule 34 Certifications Were Required But Not Provided.* The IT Defendants expressly represented at the October 31st hearing, they could provide Rule 34 certifications (i.e., that no responsive documents are being withheld) "in no time flat." The IT Defendants represented at the October 31st hearing that they not withholding any document responsive to Loop AI's requests to the IT Defendants: "there's nothing else. Everything has been produced by Almawave USA." This promised Rule 34 certification is nowhere to be found in the 2017 Amended Responses. This is contrary to the representation made by the IT Defendants at the October 31st hearing that the IT Defendants could readily provide Rule 34 certifications to each of Loop AI's discovery requests.

*The IT Defendants Adopted Impermissible Limitations on The Scope of Their*

*Responses.* The IT Defendants purport to incorporate by reference the written responses provided by AW-USA, "subject to the same objections," as well as to new ones made for the first time in 2017. Under no Federal Rule is such a response proper. For instance, one of the general objections made by AW-USA to Loop AI's discovery requests, now purportedly adopted by the IT Defendants, is an objection to producing anything outside AW-USA's custody, possession or control. The Federal Rules do not permit the IT Defendants to limit their discovery responses to materials within the custody, possession or control of their US affiliate, but that is what they did. If the IT Defendants' purported adoption of AW-USA's discovery responses is allowed to stand, they nonetheless are subject to sanctions because they have no legal basis for claiming that such a response shows the IT Defendants actually participated in discovery.

**C. AW-USA'S DISCOVERY REPONSES, AS PURPORTEDLY ADOPTED BY THE IT DEFENDANTS, WERE THEMSELVES GROSSLY DEFICIENT**

The IT Defendants purport to incorporate by reference into their new responses to Loop AI's document requests, the responses provided by AW-USA to the requests addressed by Loop AI to AW-USA. Because AW-USA's responses were themselves grossly deficient, at best the IT Defendants now can claim to have provided some limited, wholly inadequate responses (rather than none at all, as they represented in their original responses).

**1. AW-USA's Discovery Responses, Now Purportedly Adopted by the IT Defendants, Are Utterly Deficient.**

*AW-USA's Failures to Respond.* AW-USA failed to comply, at all, with the majority of document requests and interrogatories served by Loop AI. Indeed, AW-USA refused to respond to the entirety of the last three sets of discovery requests served by Loop AI between January and February 2016. AW-USA did not seek a protective order or other relief for refusing to respond to the most critical discovery requests served by Loop AI. AW-USA's unexcused failure to comply with those discovery requests has now been adopted by the IT Defendants in their 2017 Amended Responses. Because their responses are unintelligible and intentionally obfuscatory, no-one reading the 2017 Amended Responses would ever know what, if anything, was ever produced by AW-USA that could also have been deemed responsive to any of the IT Defendants' requests. Even if the IT Defendants' purported adoption of AW-USA's discovery

responses is allowed to stand, the only consequence is that the IT Defendants have committed different, but nonetheless egregious and extensive, violations of their discovery violations that merit the same severe sanctions sought by Loop AI.

*AW-USA's Inadequate Responses.* In addition to simply ignoring many of Loop AI's discovery requests, AW-USA provided responses to many other requests that were wholly inadequate. For example, AW-USA responded to Loop AI's critical request for all "documents and communications relating to, concerning, or referring to the work that Gatti has performed, is presently performing and/or was expected to perform for" the Almaviva Defendants with the following statement: "Following a reasonable search Almawave USA will produce non-privileged documents within its possession, custody or control **sufficient to identify Gatti's job description at Almawave USA**." *See, e.g.,* Dkt. 897-12 at ECF page 43:16-18 (emphasis added). Many other responses are similarly improper. *Id.* No protective order or other relief authorized AW-USA to withhold critical documents relating to the heard of Loop AI's lawsuit. *Id.* Particularly, since the IT Defendants now claim that they were allegedly giving their documents to AW-USA, its withholding this critical evidence was especially improper. AW-USA's unexcused failure to comply with the majority of Loop AI's discovery requests has been purportedly adopted by the IT Defendants in their 2017 Amended Responses. Even if that adoption is upheld, the IT Defendants nonetheless are subject to sanctions based on the defects in the responses they have adopted.

2. **The Discovery Responses Purportedly Adopted by The IT Defendants Relate to Sets of Discovery Requests That do Not Include All The Requests Directed to The IT Defendants.**

The discovery requests served by Loop AI on the IT Defendants are not identical to the requests served on AW-USA and contain requests not addressed to AW-USA. Because the IT Defendants purport to respond to Loop AI's discovery requests only by adopting AW-USA's responses to unspecified requests, their purported amended responses are meaningless. Even if the IT Defendants' purported adoption of AW-USA's discovery responses is allowed to stand, these failures to respond nonetheless render the IT Defendants subject to the requested sanctions.

3. **The IT Defendants' Statements Throughout the 2017 Amended Responses that Their Amended Responses Reflect An Agreement of Was Made, And The IT Defendants' Position Contradicts Their Own prior Representations to The Court.**

The IT Defendants assertion throughout the 2017 Amended Responses that they allegedly produced documents pursuant to "the parties' agreement reached as a result of meeting and conferring, and modified in accordance with Court's Orders" is a materially false statement that gives rise to separately sanctionable conduct. To the extent the term "parties" means Loop AI, there was no agreement of any type reached with the IT Defendants, or AW-USA, which presumably explains why no date for any such agreement is provided, let alone a modification of anything by the Magistrate, who refused to grant Loop AI leave to file its motion to compel. As set forth in numerous filings presented to this Court, Loop AI continued from the inception to the end of discovery, and thereafter to seek to persuade **all** three of the Almaviva parties to comply with their discovery obligations; Loop AI repeatedly sought to obtain permission to be allowed to file a motion to compel without any success; Loop AI moved for sanctions, including in front of Judge Gilliam, as early as the discovery violations first became apparent (*see, e.g.,* Loop AI's first Rule 16 Sanctions motion filed in November 2015), but its motion was denied without being heard and without any explanation. These new falsehoods included in the 2017 Amended responses, contradict even the IT Defendants' own representations to the Court in other parts of this case, in which they took the position (also untrue) that Loop AI allegedly refused to meet and confer. *See, e.g.,* Dkt. 772 at 12. Loop AI did meet and confer, as set forth in dozens of hours of telephone recordings. No agreements were ever reached of any type, and Loop AI repeatedly brought this to the Court's attention. The IT Defendants' inclusion of these false statements in their 2017 Amended Responses is further evidence of their bad faith and their continued attempt to confuse the Court and obfuscate the truth of what actually has happened in this case.

## II. APPLICATION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL

"A district judge" may certify an interlocutory order for immediate appeal if the "order involves a controlling question of law as to which there is substantial grounds for difference in opinion" and "if an immediate appeal from the order may materially advance the ultimate termination of the litigation…." 28 U.S.C. § 1292(b). Controlling questions of law appropriate

for interlocutory appeal include situations pertaining to discovery.[6] "[T]he Ninth Circuit has not limited 1292(b) motions to actions where the question is dispositive of the entire action: 'we do not hold that a question brought here on interlocutory appeal must be dispositive of the [entire] lawsuit in order to be regarded as controlling.'" *Finder v. Finder v. Leprino Foods Co.*, No. 1:13-CV-02059, 2016 U.S. Dist. LEXIS 100417, at *8 (E.D. Cal. July 29, 2016). Order 964, and this Court's deemed denial of that Order, satisfy the requisite criteria for Section 1292(b) certification.

The principal controlling question of law implicated by Order 964 as to which there is a substantial ground for difference in opinion is whether the Magistrate was permitted to disregard the entirety of the IT Defendants' written and Rule 26(g) certified discovery responses in which the IT Defendants admitted that they had refusing to respond to, and were not participating in, discovery; whether the Magistrate was permitted to rely instead on an argument presented by the IT Defendants' counsel for the first time at a hearing that the IT Defendants were allegedly fearful of jurisdictional waivers (although no explanation was ever provided as to why no stay was ever sought or obtained), that their discovery responses provided to date were effectively false, because they had in fact secretly participated in discovery; and whether the Magistrate could permit the IT Defendants to amend the entirety of their discovery responses at this stage of the case. There is a substantial ground for difference in opinion as to the issues raised by Order 964, because the Magistrate's ruling is not supported by any rule or legal authority and is contrary to the Federal Rules and this Court's Scheduling Orders, which required the IT Defendants to fully participate in discovery and do so directly during the discovery period, or else to seek and obtain a stay of discovery from the District Judge. Stated differently, the controlling questions presented include the following:

(1) If a defendant provides Rule 26(g)-certified responses to hundreds of discovery requests propounded by the plaintiff, stating in each case that the defendant refuses to respond and is not participating in discovery, may a district court permit the defendant, almost one year

---

[6] *See, e.g., James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n. 6 (9th Cir. 2002) (citing *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337 (9th Cir. 1996) (section 1292(b) used to address order pertaining to discovery); *Transamerica Comput. Co. v. IBM Corp.*, 573 F.2d 646, 648 (9th Cir. 1978) (same).

after the discovery cut-off, to disavow those responses and replace them with new ones that purport to claim that unspecified responses were provided by a third party?

(2) If a defendant has been directed by the presiding District Judge to participate fully in merits discovery under the Scheduling Orders issued by the District Judge and made applicable to all parties in the case, notwithstanding the defendant's jurisdictional objections, unless a stay is obtained from the District Judge, may the defendant nonetheless (and without seeking or obtaining a stay) serve discovery responses on the plaintiff in which the defendant simply states that it is refusing to respond on jurisdictional grounds to all discovery?

(3) May a defendant expressly refuse, in Rule 26(g)-certified responses served on the plaintiff during discovery, to comply with any of the plaintiff's discovery requests and then, almost one year after the discovery cut-off, claim that notwithstanding its express refusals, the defendant secretly complied with its discovery obligations in an indirect manner, which is nowhere specified in any discovery response provided?

(4) May a defendant that expressly refused, in Rule 26(g)-certified responses, to comply with any of the discovery requests addressed by the plaintiff to the defendant, be deemed to have complied with its discovery obligations if, almost one year after the end of discovery, the defendant claims it is adopting as its own the discovery responses previously provided by a second defendant to separate discovery responses addressed to that specific second defendant?

(5) If a defendant responds to a Rule 16 motion for preclusive sanctions based on failures to provide required discovery responses *by asserting it has fully complied with all discovery requests addressed to it*, and the plaintiff submits undisputed documentary evidence signed by the defendant's counsel that rebuts the defendant's assertion, may a magistrate disregard it in favor of an oral argument presented by counsel, or otherwise exclude and refuse to consider that evidence on the ground that by presenting evidence the plaintiff is deemed to make an impermissibly tardy motion to compel discovery, even though the motion expressly shows the plaintiff is seeking preclusion and not compulsion?

Loop AI respectfully submits that prompt resolution by an appellate court of these questions, all raised by the Magistrate's Order 964 and by this Court's deemed denial of that

Order, will likely advance the termination of this litigation, because they will resolve the important questions of whether and to what extent parties who have refused to participate in all discovery may be allowed to defend against the merits of the litigation, despite having materially impeded the administration of justice by engaging in the most egregious discovery misconduct imaginable. By resolving the issue of whether the IT Defendants should be precluded from introducing any evidence because of their refusals to participate in any aspect of merits discovery, an appellate court would likely advance the termination of the litigation because the resolution of that issue would "facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later [in order to] save the courts and the litigants unnecessary trouble and expense." *Finder*, 2016 U.S. Dist. LEXIS 100417, at \*11 (E.D. Cal. July 29, 2016). Loop AI has been materially prejudiced by the IT Defendants' refusal to participate in all merits discovery, and Loop AI believes it is entitled to have a court rule on the validity of the Magistrate's novel ruling in Order 964, which is unsupported by any rule or authority.

For the reasons set forth above, if the Court denies Loop AI's request to reverse the Magistrate's Order, Loop AI respectfully requests that the Court certify Order 964 and this Court's deemed denial for interlocutory appeal.

<div style="text-align: right">Respectfully submitted,</div>

January 31, 2017      By:   /s/ *Valeria Calafiore Healy*

<div style="margin-left: 50%">

Valeria Calafiore Healy, Esq. (*phv*)
Valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone:   (212) 810-0377
Facsimile:    (212) 810-7036

Attorneys for Plaintiff
LOOP AI LABS, INC.

</div>