UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>    Plaintiff,<br><br>v.<br><br>ANNA GATTI, et al.,<br><br>    Defendants. | Case No. 15-cv-00798-HSG<br><br>**ORDER STRIKING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 986 |

On February 3, 2016, the Court issued a scheduling order setting the dispositive motion filing deadline as May 31, 2016, and the dispositive motion hearing deadline as July 21, 2016. Dkt. No. 411. On March 28, 2016, the Court issued an order granting Plaintiff Loop AI Labs Inc.'s motion for extension of time to file expert disclosures. Dkt. No. 532. In that order, the Court "emphasize[d] that . . . the dispositive motion hearing remain[ed] as scheduled for July 21, 2016." *Id.* While vacating the dispositive motion filing deadline of May 31, 2016, the Court "direct[ed] the parties to timely file any dispositive motion as required by the local rules." *Id.* This set a dispositive motion filing deadline of June 16, 2016. *See* Civil L.R. 7-2(a) (requiring at least 35 days between the motion filing and hearing dates). Over eight months after the dispositive motion filing deadline had passed, Plaintiff filed the pending motion for partial judgment on the pleadings against Defendant Anna Gatti. Dkt. No. 986 ("Mot.") (filed February 23, 2017); *see also* Fed. R. Civ. P. 12(c).[1]

A court's scheduling order "must limit the time to . . . file motions." Fed. R. Civ. P.

---

[1] The term "dispositive motion" clearly includes a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Valvoline Instant Oil Change Franchsing, Inc. v. RFG Oil, Inc.*, No. 12-CV-2079-GPC-KSC, 2014 WL 5800907, at *2 (S.D. Cal. Nov. 7, 2014); *Hall v. Apartment Inv. & Mgmt. Co.*, No. C 08-03447 CW, 2011 WL 2037628, at *3 (N.D. Cal. May 24, 2011).

16(b)(3)(A). Once entered, the scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015). The Ninth Circuit has articulated the good cause standard as follows:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation marks and citations omitted); *see also W. States Wholesale*, 715 F. 3d at 737 (reaffirming "good cause" standard articulated in *Johnson*).

Here, Plaintiff has not moved to modify the long-past dispositive motion filing deadline set by the Court's scheduling order and the Local Rules.[2] And even if Plaintiff had moved to modify the filing deadline, there clearly is no good cause for filing this motion more than eight months after that deadline. Plaintiff's motion acknowledges that "[t]he pleadings relevant to this Motion are the SAC filed at Dkt. 210, Ms. Gatti's Answer to the SAC filed at Dkt. 244, [and] AW-USA's Answer to the SAC filed at Dkt. 264." *See* Mot. at 2 n.2. However, these three underlying documents had all been filed by October 14, 2015—over sixteen months ago. There is no basis to extend the dispositive motion filing deadline to accommodate this grossly untimely motion, because if Plaintiff had acted with diligence, it could reasonably have met the deadline. *See Johnson*, 975 F.2d at 609. This unjustifiable delay is incompatible with a finding of diligence under Rule 16(b). *See id.* at 609. Finally, since the Court has found that Plaintiff was not diligent, the "good cause" inquiry ends, and the Court need not inquire as to the degree of prejudice

---

[2] In fact, Plaintiff's only oblique reference to its grossly late filing is the statement that "[a] party may move for judgment on the pleadings after the pleadings are closed." *See* Mot. at 6 (citing Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.")). But this does nothing to address whether there was good cause under Rule 16(b)(4) for Plaintiff's extremely late filing, and ignores the Court's scheduling order altogether.

suffered by Defendant. *See id.*

In conclusion, Plaintiff's motion was filed preposterously late without any good cause whatsoever. This filing is just the latest illustration of Plaintiff's consistent and pervasive disregard for the Court's orders, the requirements of the Federal Rules of Civil Procedure and basic standards of professionalism. The Court **STRIKES AS UNTIMELY** Plaintiff's motion for partial judgment on the pleadings, and Plaintiff is **ORDERED** not to refile the motion.

**IT IS SO ORDERED.**

Dated: 2/27/2017

*[signature]*
HAYWOOD S. GILLIAM, JR.
United States District Judge