VALERIA CALAFIORE HEALY
(*pro hac vice*)
valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York  10013
Telephone:     (212) 810-0377
Facsimile:     (212) 810-7036

Attorneys for Plaintiff
LOOP AI LABS INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC., <br><br> Plaintiff, <br><br> v. <br><br> ANNA GATTI, et al, <br><br> Defendants. | CASE NO.: 3:15-cv-00798-HSG <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION TO SET ASIDE ORDER 987 AND RESTORE MOTION 986 TO THE RECORD OF THIS CASE AND TO THE MOTION CALENDAR** <br><br> Action Filed:  February 20, 2015 <br> Trial Date:    TBD <br><br> Hon. Haywood S. Gilliam, Jr. |

**PLEASE TAKE NOTICE THAT** pursuant to Civ. L.R. 7-9, Plaintiff Loop AI Labs Inc. ("Loop AI") hereby respectfully moves the Court, before the Honorable Haywood S. Gilliam, Jr. of the United States District Court for the Northern District of California, for an Order granting Loop AI leave to file a motion for reconsideration pursuant to Fed. R. Civ. P. Rule 54(b) to set aside and vacate the Order filed at Dkt. 987 on February 27, 2017 ("Order 987") and restore Loop AI's Motion for Partial Judgment on the Pleadings under Fed. R. Civ. P. 12(c) against Defendant Anna Gatti ("Motion 986") to the record of this case and to the Court's motion calendar.

Reconsideration is appropriate because Loop AI was not given any notice or an opportunity to be heard before the Court issued Order 987 *sua sponte*. Order 987 is based on arguments raised by the Court on its own and strikes the motion from the docket, even though no party requested such relief. As explained below, in entering Order 987 the Court misapplied Fed. R. Civ. P. 12(c), disregarded binding Ninth Circuit law, and abused its discretion:

- Contrary to the statements in Order 987, Motion 986 is timely under Rule 12(c) and was properly filed by Loop AI. Rule 12(c) contains only two timing requirements: (1) that the motion be filed after the pleadings are closed, and (2) that the motion be filed early enough so as not to delay trial. Fed. R. Civ. P. 12(c). Motion 986 meets both these requirements because the pleadings are closed, and no trial was scheduled at the time the motion was filed, and therefore could not be delayed by Motion 986. The Court has no power to limit Loop AI's right to file a Rule 12(c) motion that was filed in compliance with the rule, by interpreting its long vacated scheduling orders as imposing additional limitations. *See, e.g., Atchison, T. & S.F. Ry. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) ("A district court does not have the power to limit [a Federal Rule] simply by issuing a scheduling order to that effect. The idea that district courts may not contravene the Federal Rules of Civil Procedure is well-established …. The district court in this case exceeded its authority to the extent that it attempted to qualify [a Federal Rule] with scheduling orders."). If the Federal Rules wanted to leave it up to the Court to decide when to allow a party to file a Rule 12(c) motion, they would have so provided. *See, e.g.,*

Fed. R. Civ. P. 56(b) (granting courts power to issue local rules and scheduling orders modifying the timing requirements for summary judgment motions).[1]

- Even if the Court could modify the timing requirements for Rule 12(c) motions, in this case, the Court (1) vacated the deadlines for filing dispositive motions, (2) vacated the hearing on dispositive motions, and (3) vacated all remaining pretrial and trial schedules for the case. The court cites no case law for the proposition that a motion can be untimely based on deadlines in a scheduling order that have all been vacated. The deadlines previously set in the Court's scheduling order, as vacated, do not prohibit the filing of Loop AI's Rule 12(c) motion and cannot reasonably be construed to do so, especially because that construction is inconsistent with the requirements of Rule 12(c) and Ninth Circuit law.

- Even if Rule 12(c) and Ninth Circuit law allowed the Court to deny Order 986 as untimely (they do not), and even if the Court's scheduling orders unambiguously prohibited the filing of Motion 986 (they do not), the Court should have exercised its discretion to permit the filing of Motion 986 because doing so would be consistent with the efficient administration of justice. Motion 986 seeks to resolve a straightforward issue ahead of trial based on undisputed facts that have all been admitted by the Defendants in the pleadings. Order 987 contains no indication that the Court even considered whether or how to weigh the factors that are actually relevant to its exercise of discretion under the applicable Ninth Circuit standard. And even if the Rule 16 standard applied by the Court for modification of scheduling orders applied to this situation, the Court has no basis to prejudge whether good cause exists before hearing from the parties. The Court's insistence on rigid adherence to deadlines in its prior scheduling orders that have all been vacated by the Court *sua sponte* is unexplained, particularly given the change in circumstances that has left the parties without a trial date and without any information as

---

[1] Rule 56(b) was added to the Federal Rules of Civil Procedure in 2010 for the express purpose of giving courts the flexibility to alter the timing of filing summary judgment motions that is set in the rule. *See* Fed. R. Civ. P. 56, 2010 Amendments.

to when the Court is going to set a case management conference to discuss a new scheduling order.

- Finally, the Court's *sua sponte* striking of Motion 986 is contrary to binding Ninth Circuit law. The Court has no power to refuse to consider the merits of a motion and to delete it from the docket of this case through a *sua sponte* strike order. *See, e.g., Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("A movant's right to appeal from an order denying a motion is worth little if the denying judge can strike the motion from the record altogether. Approval of the district court's action would establish a procedure that, if abused, could shield erroneous district court orders from review.").

Because Order 987 was issued *sua sponte*, granted relief not sought by any party, and relied on authorities not briefed by the parties, Loop AI had no way of addressing the Court's arguments before Order 987 issued. Accordingly, granting Loop AI leave to file a motion for reconsideration is appropriate.

In support of this Motion, Loop AI respectfully submits the below Memorandum of Points and Authorities, the Declaration of V.C. Healy dated March 2, 2017 and supporting exhibits.

Respectfully submitted,

March 2, 2017

By:  /s/ *Valeria Calafiore Healy*

Valeria Calafiore Healy, Esq. (*phv*)
Valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone:    (212) 810-0377
Facsimile:      (212) 810-7036

Attorneys for Plaintiff
LOOP AI LABS, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Civil Local Rule 7-9, Loop AI respectfully moves the Court for leave to file a motion for reconsideration pursuant to Rule 54(b), of this Court's Order 987, filed on February 27, 2017 at Dkt. 987 ("Order 987"). Reconsideration is merited because the arguments raised by the Court *sua sponte* in Order 987 were not known to Loop AI, and the Court did not give Loop AI any notice or opportunity to address them before issuing Order 987.

## RELEVANT BACKGROUND

**1. Modifications Of The Court's Scheduling Order.**

On November 23, 2015, Loop AI filed a motion to modify the Court's initial case management order entered under Rule 16 on May 26, 2015 ("Scheduling Order"), because the Defendants were refusing to produce any discovery to Loop AI. *See* Dkt. 300, 324. Loop AI submitted to the Court a proposed revised case management schedule that would have allowed all parties a reasonable time to get discovery, prepare for and respond to any dispositive motions and prepare for trial. *See* Dkt. 300-16. On January 29, 2016, the Almaviva Defendants submitted to the Court a brief representing to the Court that all three Almaviva parties had "complied substantially with their discovery obligations" and "timely responded to Loop [AI's] written discovery as well." Dkt. 404 at 1. On February 1, 2016, Loop AI filed before the Court a second motion and additional supporting evidence showing that Almaviva Defendants' representations to the Court were false, and that as of that date, the Italian Almaviva Defendants (as well as other Defendants) continued to refuse to engage in any merits discovery. *See, e.g.,* Dkt. 405 at 7; Dkt. 405-1 to 405-11. As a result of the Almaviva Defendants misrepresentations,[2] at the February 2, 2016 case management conference the Court rejected Loop AI's requested modifications to the Scheduling Order, without explanation, and granted only a very limited extension, making crystal clear that it would not entertain any further modification of the Scheduling Order that would alter

---

[2] It was not until October 31, 2016, that the Italian Almaviva Defendants admitted for the first time to the Court that as of that date, more than seven months after the close of merits discovery, they had responded to all of Loop AI's discovery only by stating that they were "***not responding***." *See* Dkt. 946 (10/31 Hear. Tr.) at 13-14 (Mr. Wallerstein: "they [the IT Defendants] filed papers that were signed by counsel that said, you know: 'Here's our response: we're not responding.'").

the trial date set for September 19, 2016. *See* Dkt. 561; Dkt. 411 ("Amended Scheduling Order").

On March 24, 2016, the Court issued an Order vacating the May 31, 2016 dispositive motions deadline that had been set in the Amended Scheduling Order. *See* Dkt. 532 ("Order 532"). Order 532 did not provide a new dispositive motion deadline and simply stated that the parties should "timely file any dispositive motion as required by the local rules." Until receiving Order 987, Loop AI had no reason to know that the Court viewed Order 532 as containing an unstated deadline for filing dispositive motions of June 16, 2016, as Order 987 now states. *See, e.g.,* Dkt. 753-4.

On July 19, 2016, the Court issued an order *sua sponte* vacating the July 21, 2016 hearing date set in the Amended Scheduling Order and did not set a new hearing date and did not provide any explanation for vacating the hearing. *See* Dkt. 844

On August 23, 2016, the Court issued another *sua sponte* order vacating all remaining hearing dates and deadlines set in the Amended Scheduling Order and did not set new ones. Dkt. 883. The Court did not provide any explanation for vacating the trial schedule and the remainder of the Amended Scheduling Order, and stated solely that "if there is to be a trial, the Court will set a case management conference to discuss scheduling with the parties." *See id.* The Court has not yet set the "case management conference to discuss scheduling with the parties."

**2. Loop AI's Motion for Partial Judgment on the Pleadings.**

In Motion 986, Loop AI seeks partial judgment on the pleadings on the issue of Ms. Gatti's liability for her breaches of the full-time commitment and exclusivity provisions in her Employment Agreement with Loop AI. *See* Decl. at Exhibits 1. Motion 986 seeks to resolve a straightforward issue based on undisputed facts admitted by Gatti and the Almaviva Defendants in the pleadings. As explained in Motion 986, in her Answer to the Second Amended Complaint Ms. Gatti admits that she entered into the Employment Agreement with Loop AI; admits the Employment Agreement contained the full-time commitment and exclusivity provisions referred to above; and admits that she undertook employment and other business activities with the Almaviva Defendants, even as she continued to be employed by Loop AI, without obtaining the prior written consent of Loop AI that was required by her Employment Agreement. Ms. Gatti

admits in her Answer that none of this misconduct involved inadvertence on her part or on the part of the Almaviva Defendants – Ms. Gatti admits in her Answer that she told the Almaviva Defendants that she worked as the full-time CEO of Loop AI and that she was required to obtain Loop AI's consent before beginning her business relationship with the Almaviva Defendants.[3]

## I. LEAVE TO FILE A MOTION FOR RECONSIDERATION IS APPROPRIATE

Where a district court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. *See* Fed. R. Civ. P. 54(b); *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970). In the Northern District of California, leave of court is necessary to obtain permission to file a motion for reconsideration. *See* Civ. L.R. 7-9(a). For the reasons set forth below, granting Loop AI leave to file a motion for reconsideration of Order 987 is appropriate here.

### A. Motion 986 Was Timely Filed Under Rule 12(c).

In entering Order 987, the Court appears to have assumed that the Court has power to limit a party's right to file a Rule 12(c) motion in the same way that the Court may regulate when a motion for summary judgment may be filed. The plain text of the two relevant rules illustrates why the Court's assumption is incorrect. Rule 56(b) governs the timing for filing motions for summary judgment. Fed. R. Civ. P. 56(b). It provides: "**Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise**, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b) (emphasis added). The Rule 56(b) provision allowing judicial control over the timing of summary judgment motions was first added to the Federal Rules by the 2010 Amendments for the express purpose of giving courts flexibility to use "scheduling orders or other pretrial orders [to]

---

[3] Ms. Gatti admits that "[t]he Almaviva Defendants knew of Gatti's position as the full-time CEO of [Loop AI]," SAC (Dkt. 210) at ¶¶ 20, 115:1-2; Answer (Dkt. 244) at ¶¶ 20, 115:1-2, and that "the Almaviva Defendants were expressly informed by Gatti that she could not engage in other activities without the permission of the Company." SAC (Dkt. 210) at ¶ 204; Answer (Dkt. 244) at ¶ 204.

regulate timing to fit the needs of the case." *See* Fed. R. Civ. P. 56, 2010 Advisory Committee Notes. Pursuant to the current version of Rule 56(b), the Court was authorized to prescribe the time by which a party in this action could exercise its right to file a motion for summary judgment.

No corresponding amendment to Rule 12(c) was enacted. The plain text of Rule 12(c) grants Loop AI the right to bring a motion for judgment on the pleadings at any time, so long as the motion is filed after the pleadings are closed and does not delay trial. Rule 12(c) does not authorize the Court to eliminate or restrict that right: Rule 12(c) contains no analog to the "[u]nless … the court orders otherwise" qualification that was added to Rule 56 in 2010. The Court's power to issue scheduling orders under Rule 16 does not authorize it to impose additional time limitations to Rule 12(c) not found in the rule. *See Atchison, T. & S.F. Ry. v. Hercules Inc.,* 146 F.3d 1071 (9th Cir. 1998). Because Motion 986 was filed in compliance with the timing requirements of Rule 12(c), the Court had no power to refuse to consider it and strike it from the record. *See, e.g., Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("A movant's right to appeal from an order denying a motion is worth little if the denying judge can strike the motion from the record altogether. Approval of the district court's action would establish a procedure that, if abused, could shield erroneous district court orders from review.").

The Court has not and could not make a finding that Motion 986 is untimely under Rule 12(c). At the time Motion 986 was filed the pleadings had closed. Further, the Court has vacated the trial date and has not set a new date. Therefore Motion 986 could not delay trial since the Court has not yet scheduled even the conference at which the Court stated it will discuss a new trial schedule with the parties. In addition, because the issues presented in Loop AI's motion are limited and straightforward, and based entirely on facts admitted in the pleadings, there is no basis to conclude that the time required for the Court to address the motion will delay trial. To the contrary, resolving an issue that is based on admissions contained in the pleadings will expedite the trial of this case.

**B.      The Deadlines Identified In Order 987 Were All Vacated by The Court and Nothing in What Remained of the Court's Scheduling Orders Prohibited Loop AI From Filing Motion 986.**

The Court found in Order 987 that the Court's Scheduling Order prohibited Loop AI from bringing its motion for judgment on the pleadings now. According to Order 987, the Court's Scheduling Order required Loop AI to file Motion 986 by "June 16, 2016." Dkt. 987 at 1. The Court's Scheduling Order, however, contains no such deadline anywhere. The Court claims that the "June 16, 2016" deadline had to be deduced by the fact that the Court scheduled a dispositive motion hearing on July 21, 2016, and then backing up 35 days from that date based on a portion of Civil Local Rule 7-2(a). But if that's what the Court intended the Court should have clearly said so. Civil Local Rule 7-2(a) does not impose that deadline in all cases, and leaves discretion to the assigned Judge to have a different deadline. In this case, the Court vacated the deadlines, and Loop AI did not read its order vacating the deadlines as imposing any implicit deadline as the Court describes. More importantly, as set forth in the Relevant Background above, the Court vacated the July 21, 2016 hearing date, leaving no date from which to perform the calculation that Order 987 now states should have been read into the order vacating the deadlines. Respectfully, it is unreasonable to read the Court's scheduling order as imposing that requirement given that all relevant deadlines and hearing dates were vacated. And even if the Court's scheduling order does, in fact, prohibit Loop AI from bringing its motion for judgment on the pleadings at this point in the proceedings, Loop AI respectfully submits that that aspect of the scheduling order is in conflict with Rule 12(c) and accordingly is invalid.

**C. Even If The Court's Finding of Untimeliness Were Correct, the Court Should Not Have Prejudged Loop AI's Ability to Meet The Standard for Filing an Untimely Motion.**

Even if Rule 12(c) and Ninth Circuit law allowed the Court to deny Motion 986 as untimely (they do not), and even if the Court's scheduling orders unambiguously prohibited the filing of Motion 986 (they do not), the Court should have exercised its discretion to permit the filing of Motion 986 because doing so would be consistent with the efficient administration of justice. Motion 986 seeks to resolve a straightforward issue ahead of trial based on ***undisputed facts that have all been admitted by the Defendants in the pleadings***. Order 987 contains no indication that the Court even considered whether or how to weigh the factors that are actually relevant to its exercise of discretion under the applicable Ninth Circuit standard. And even if the

standard applied by the Court for modification of scheduling orders applied to this situation, the Court should not have prejudged whether good cause exists before hearing from the parties. The Court's insistence on rigid adherence to deadlines in its prior scheduling orders that have all been vacated by the Court *sua sponte* is unexplained, particularly given the material change in circumstances that has resulted from the Court's *sua sponte vacatur* of the trial schedule, and given that resolution of Motion 986 is based on undisputed facts admitted in the pleadings, the resolution of which will eliminate the need to decide the issue at trial.

**D.     The Court's Personal Attacks in Order 987 Were Unnecessary and Unjustified.**

The Court concluded Order 987 with its latest round of personal attacks against Loop AI and its counsel. Dkt. 987 at 3. Those remarks were not necessary to any aspect of the Court's ruling. The Court's remarks lack any factual and legal basis. Loop AI and its counsel did not commit any "preposterous" or "pervasive unprofessional" act by filing Motion 986, which is a straightforward, concise and respectful motion that is fully compliant with all applicable rules.

The Court's unjustified remarks also do not appear to advance the interest and appearance of justice, even as they unfairly inflict irreparable damage on personal and professional reputations. *See* Decl., Exhibit 2.

*          *          *

For the foregoing reasons, Loop AI respectfully requests that leave to file a Motion for Reconsideration of Order 987 be granted.

Respectfully submitted,

March 2, 2017                                    By:  /s/ *Valeria Calafiore Healy*

Valeria Calafiore Healy, Esq. (*phv*)
Valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone:     (212) 810-0377
Facsimile:     (212) 810-7036

Counsel for Plaintiff
LOOP AI LABS, INC.