UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>    Plaintiff,<br><br>v.<br><br>ANNA GATTI, et al.,<br><br>    Defendants. | Case No. 15-cv-00798-HSG   (DMR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 978 |

On December 27, 2016, this court denied Plaintiff Loop AI Labs Inc.'s motion for sanctions for alleged discovery misconduct by Defendants Almaviva S.p.A. and Almawave S.r.l. [Docket No. 964 (Dec. 27, 2016 Order).]  On January 10, 2017, Plaintiff filed a motion before the Honorable Haywood S. Gilliam for relief from the December 27, 2016 order pursuant to Local Rule 72-2.  [Docket No. 968.]  Local Rule 72-2 provides that "[i]f no order denying the motion [for relief] or setting a briefing schedule is made within 14 days of filing the motion, the motion shall be deemed denied," and that "[t]he Clerk shall notify parties when a motion has been deemed denied."

Notwithstanding the lack of notification by the Clerk that Plaintiff's motion has been deemed denied, Plaintiff filed a motion for leave to file a motion for reconsideration of the court's "deemed denial" of its motion for relief.  [Docket No. 978 (Pl.'s Mot.).]  Judge Gilliam referred the motion to the undersigned.  [Docket No. 979.]  This matter is appropriate for resolution without a hearing.  Civ. L.R. 7-1(b).  For the following reasons, Plaintiff's motion is denied.

I.   **DISCUSSION**

The December 27, 2016 order described the arguments set forth by Plaintiff in its sanctions motion against Defendants Almaviva S.p.A. and Almawave S.r.l. (together, the "Italian Almawave Defendants"), which the court summarizes in relevant part here.  Plaintiff moved for sanctions

pursuant to Federal Rule of Civil Procedure 16(f), based on the Italian Almawave Defendants' purported failure to engage in fact discovery in violation of Judge Gilliam's scheduling orders. Plaintiff's motion rested primarily on the Italian Almawave Defendants' alleged refusal to provide substantive responses to Plaintiff's first five sets of written discovery while their jurisdictional objections remained pending.

At the hearing on the motion for sanctions, defense counsel explained that the Italian Almawave Defendants were concerned that Plaintiff would attempt to construe any discovery responses as a waiver of their jurisdictional challenge. Therefore, they responded to Plaintiff's discovery under the auspices of Defendant Almawave USA, Inc. ("Almawave USA"). Defense counsel further represented that as to Plaintiff's requests for production ("RFPs"), the Italian Almawave Defendants "did not have any objections over and above those of Almawave USA," meaning that "the Italian Almawave Defendants did not withhold any responsive documents due to an objection that was not also asserted on behalf of Almawave USA." Dec. 27, 2016 Order at 7. Defendants' corporate officer, Valeria Sandei, stated in a declaration that "no distinction was made between the three Almawave entities for purposes of document collection, review, or production," and that "[t]he Italian Almawave Defendants' documents were included in the documents produced by Almawave USA." *Id*. (citation omitted). As to interrogatories propounded on the Italian Almawave Defendants, Sandei stated that Plaintiff propounded nearly identical interrogatories on Almawave USA, and that the "substantive responses that [Plaintiff] received from Almawave USA were virtually the same—if not exactly the same—as the responses that the Italian Almawave Defendants would have provided but for their then-pending objections to jurisdiction." *Id*. (citation omitted).

This court concluded that the Italian Almawave Defendants had not "refuse[d] to engage in and allow fact discovery" in violation of any court orders, since they had responded to Plaintiff's discovery through Almawave USA. *Id*. at 8-9. Accordingly, it concluded that sanctions were not appropriate, and ordered the Italian Almawave Defendants to serve amended discovery responses within two weeks that comported with their representations at the hearing. *Id*. at 9, 13.

Plaintiff moved for relief from the court's December 27, 2016 order on January 10, 2017.

2

After Plaintiff filed its motion for relief, the Italian Almawave Defendants served Plaintiff with amended discovery responses in accordance with the court's December 27, 2016 order. Plaintiff now seeks leave to file a motion for reconsideration of Judge Gilliam's purported "deemed denial" of its motion for relief, arguing that the amended discovery responses constitute "important new evidence that directly contradicts the principal factual predicate of the ruling denying Rule 16 sanctions." Pl.'s Mot. 1. The procedural posture of the instant motion is unusual, given that Judge Gilliam has not yet ruled on Plaintiff's motion for relief, and there has been no notification by the Clerk that the motion is deemed denied. *See* Civ. L.R. 72-2. Since Judge Gilliam has referred the motion to the undersigned for resolution, this court finds it appropriate to construe it as a motion for leave to file a motion for reconsideration of its own December 27, 2016 order.

Pursuant to Local Rule 7-9, a party may seek leave to file a motion for reconsideration of an interlocutory order at any time before judgment. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments presented before such order. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c). Whether to grant leave to file a motion for reconsideration under Rule 7-9 is committed to the court's sound discretion. *See Montebueno Mktg., Inc. v. Del Monte Corp.—USA*, 570 Fed. App'x 675, 676 (9th Cir. 2014) (citing *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007)).

Plaintiff argues that reconsideration is appropriate under Local Rules 7-9(b)(1) and 7-9(b)(2) because "new facts have emerged" since the issuance of the December 27, 2016 order. Specifically, Plaintiff argues that the Italian Almawave Defendants' amended discovery responses, which were served after the issuance of the December 27, 2016 order and after Plaintiff moved for relief from that order, do not comply with the court's December 27, 2016 order and do not demonstrate that the Italian Almawave Defendants complied with their discovery obligations.

According to Plaintiff, defense counsel represented at the hearing that the Almawave USA had produced "everything" and that the Italian Almawave Defendants "could provide a Rule 34 certification (i.e., that all documents responsive to each request to the [Italian Almawave] Defendants have been produced) in 'no time flat.'" Pl.'s Mot. 3. However, according to Plaintiff, "the promised Rule 34 certification is nowhere to be found" and the amended responses are "unintelligible," "deficient," impermissible under the Federal Rules of Civil Procedure, and "provide no support" for the Italian Almawave Defendants' contention that they responded to Plaintiff's discovery through Almawave USA. *Id*. at 3-4.

Plaintiff's contentions are without merit. The court has reviewed the Italian Almawave Defendants' amended discovery responses. They are consistent with defense counsel's representations to the court. [*See* Docket No. 978-1 (Healy Decl. Jan. 31, 2017) Exs. 1-A, 1-B.] Specifically, the amended responses state that the Italian Almawave Defendants produced responsive documents to Almawave USA, which in turn produced to Plaintiff all responsive documents "subject to its objections, the parties' agreements reached as a result of meeting and conferring, and modified in accordance with the Court's Orders." Further, the amended responses state that "for purposes of document collection and production there was no distinction made between which Almawave entity or person controlled the document and the Almawave entities assumed that any document within the possession, custody or control of [the Italian Almawave Defendants] was also in the possession, custody or control of Almawave USA." In other words, consistent with defense counsel's representations, "[t]he Italian Almawave Defendants' documents were included in the documents produced by Almawave USA." Dec. 27, 2016 Order at 7.

Plaintiff asserts that the Italian Almawave Defendants "failed to do what the Magistrate ordered them to do," because they did not provide Rule 34 certifications confirming that they produced all responsive documents. Pl.'s Mot. 2. This is groundless, because it is based on a fallacy. The court did not order Defendants to "provide Rule 34 certifications," as claimed by Plaintiff. Instead, the court ordered them to serve amended discovery responses "that comport with the representations that they have made to Plaintiff and the court." Dec. 27, 2016 Order 9, 13. As set forth above, Defendants complied with that order. Plaintiff cites defense counsel's

statement at the hearing that "[e]verything has been produced by Almawave USA," [Docket No. 946 (Oct. 31, 2016 Hr'g Tr.) 9], but misleadingly omits the context for the statement, which was defense counsel's explanation that the Italian Almawave Defendants had not withheld any documents on the basis of objections that were not also made by Almawave USA. *See id*. at 13-14. Counsel made no representation that Almawave USA had produced *all* responsive documents to Plaintiff; rather, he made clear that Almawave USA produced documents subject to its objections. *See id*. at 13 (defense counsel responding in the affirmative to the question, "So any time that . . . Almawave USA objected to producing something, the same would be true of the Italian Almawave Defendants?"). Plaintiff's Rule 34 argument amounts to nothing more than another untimely attempt to challenge the sufficiency of the Almawave Defendants' discovery responses and document production. As detailed in the December 27, 2016 order, "Plaintiff repeatedly and inexplicably failed to comply with the court's orders and procedures governing motions to compel discovery," "[f]act discovery is long over," and Plaintiff "may not belatedly challenge the sufficiency of the Almawave Defendants' discovery responses." Dec. 27, 2016 Order at 9, 13. Therefore, its motion for leave to file a motion for reconsideration of the December 27, 2016 order is denied.

## II.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file a motion for reconsideration is denied.

**IT IS SO ORDERED.**

Dated: March 8, 2017



Donna M. Ryu
United States Magistrate Judge

5