**VENABLE LLP**
Thomas E. Wallerstein (SBN 232086)
Kimberly Culp (SBN 238839)
Email: twallerstein@venable.com
        kculp@venable.com
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
Telephone:   415.653.3750
Facsimile:   415.653.3755

Attorneys for Defendants Almawave USA, Inc.,
Almawave S.r.l., and Almaviva S.p.A.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS, INC., a Delaware corporation, | CASE NO.: 4:15-cv-00798-HSG-DMR |
| Plaintiffs, | Hon. Haywood S. Gilliam |
| v. | **ALMAWAVE'S MOTION FOR FEES AND COSTS** |
| ANNA GATTI, an individual, ALMAVIVA S.p.A., an Italian corporation, ALMAWAVE S.r.l., an Italian corporation, ALMAWAVE USA, Inc., a California corporation, IQSYSTEM LLC, a California limited liability company, IQSYSTEM Inc., a Delaware corporation, | Date:        April 27, 2017<br>Time:        2:00 p.m.<br>Dept:        Courtroom 2, 4th Floor |
| Defendants. | Action Filed:        February 20, 2015 |

**V E N A B L E   L L P**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on April 27, 2017, at 2:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Haywood S. Gilliam, Jr., United States District Court Judge, Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, Courtroom 2, 4th Floor, Defendants Almaviva S.p.A., Almawave S.r.l., and Almawave USA, Inc. (collectively the "Almawave Defendants" or "Almawave") will and hereby do move pursuant to Federal Rules of Civil Procedure 54, Civil Local Rule 54-1, 28 U.S.C. section 1927, Rule 11, and California Civil Code section 3246.4 for an order for $3.5 million in fees and $59,000 in costs incurred by the Almawave Defendants in connection with this case.  Almawave seeks fees and costs jointly and severally against (1) plaintiff Loop AI Labs, Inc. ("Loop"); (2) its counsel Valeria Healy, Esquire; (3) her firm Healy LLC; (4) Loop's counsel Dan Weinberg, Esquire; and (5) his firm Freitas, Angell & Weinberg.

This motion is based on this notice of motion and motion, the following memorandum of points and authorities, the Declaration of Thomas Wallerstein, the pleadings and orders on file in this matter, specifically including this Court's Order Imposing Terminating Sanctions, Dkt. 993, any material of which this Court takes judicial notice, and any further argument the Court might allow.

Dated: March 23, 2017

**VENABLE LLP**

By:    /s/ Thomas E. Wallerstein
            Thomas E. Wallerstein (SBN 232086)
            Kimberly Culp (SBN 238839)
            505 Montgomery Street, Suite 1400
            San Francisco, CA 94111

            *Attorneys for Almaviva S.p.A., Almawave*
            *S.r.l., and Almawave USA, Inc.*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT ...........................................................................................................................2

I.   LOOP CANNOT ESCAPE LIABILITY FOR FEES AND PUNISH
     ALMAWAVE BY VIRTUE OF LOOP'S OWN MISCONDUCT. ...............................2

     A.   Almawave's Motions Entitled It To Fees But For Loop Causing This
          Court To Impose Terminating Sanctions. .........................................................2
     B.   This Court Has Found That Loop's Misconduct Prevented Almawave
          From Defending Against Loop's Allegations. ....................................................3
     C.   This Court's Findings Confirm That Loop Was Estopped From Offering
          Evidence Opposing Almawave's Dispositive Motions. .....................................3

II.  THIS COURT'S FINDINGS REQUIRE AWARDING ATTORNEYS' FEES
     AND COSTS PURSUANT TO 28 U.S.C. SECTION 1927. .........................................4

     A.   Attorneys' Fees And Costs Are Required Based On This Court's Findings. .......4
     B.   This Court's Findings Establish Loop's Counsel's Bad Faith And
          Almawave's Entitlement To Fees And Costs. ....................................................5
     C.   This Court's Findings Establish That Loop's Counsel "Multiplied The
          Proceedings Unreasonably And Vexatiously." ..................................................6

III. THIS COURT'S FINDINGS REQUIRE AWARDING ATTORNEYS' FEES
     AND COSTS PURSUANT TO CALIFORNIA'S UNIFORM TRADE SECRET
     ACT .........................................................................................................................6

     A.   Attorneys' Fees And Costs Are Required Based On This Court's Findings. .......6
     B.   This Court's Findings Establish That Loop's Allegations Of
          Misappropriation Of Trade Secrets Were Made In Bad Faith. ...........................8

IV.  ALMAWAVE IS ENTITLED TO ATTORNEYS' FEES UNDER FEDERAL
     RULE OF CIVIL PROCEDURE 11 ........................................................................8

     A.   Almawave's Rule 11 Motion Requires Sanctions. ............................................8
     B.   This Court's Order Imposing Terminating Sanctions Did Not Render
          Moot The Rule 11 Motion. ..............................................................................9
     C.   This Court's Findings Establish That Rule 11 Sanctions Must Be Imposed. ......10

V.   ALMAWAVE INCURRED MILLIONS OF DOLLARS IN FEES FROM
     LOOP'S MISCONDUCT. .......................................................................................10

     A.   Almawave Seeks $3.5 Million As A Grossly Understated Estimate. ..................10
     B.   Loop Never Paid The Limited Sanctions It Was Ordered To Pay .....................11
     C.   Almawave Requests A Hearing To The Extent Necessary. ...............................12

VI.  ALMAWAVE IS ENTITLED TO TAX COSTS. ......................................................12

     A.   Costs for Deposition Transcripts are Taxable Pursuant to L.R. 54-3(c)(1). .......13
     B.   Costs for Reproduction of Formal Discovery are Taxable Pursuant to L.R.
          54-3(d)(2). ....................................................................................................13

CONCLUSION ......................................................................................................................14

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

ALMAWAVE'S MOTION FOR FEES AND COSTS

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Ass'n of Mexican-Am. Educators v. State of California*
231 F.3d 572 (9th Cir. 2000) ......................................................................................12

*Burnette v. Godshall*
828 F. Supp. 1439 (N.D. Cal. 1993) ............................................................................9

*Chafin v. Chafin*
133 S. Ct. 1017, 185 L. Ed. 2d 1 (2013) ......................................................................9

*Computer Econ., Inc. v. Gartner Group, Inc.*
50 F. Supp. 2d 980 (S.D. Cal. 1999)............................................................................8

*Cooter & Gell v. Hartmarx Corp.*
496 U.S. 384, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990)...........................................9

*Cotterill v. City & Cty. of San Francisco*
No. C 08-2295 JSW JL, 2010 WL 1223146 (N.D. Cal. Mar. 10, 2010) ......................5

*FLIR Systems, Inc. v. Parrish*
174 Cal.App.4th 1270 (2009) ......................................................................................6

*Gabriel Techs. Corp. v. Qualcomm Inc.*
560 F. App'x 966 (Fed. Cir. 2014)...............................................................................8

*Greenberg v. Sala*
822 F.2d 882 (9th Cir. 1987) .......................................................................................8

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*
136 S. Ct. 1923, 195 L. Ed. 2d 278 (2016)...................................................................7

*Hewlett v. Elder*
No. C 09-4670 CRB, 2010 WL 702299 (N.D. Cal. Feb. 25, 2010) ............................4

*Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*
134 S. Ct. 1744, 188 L. Ed. 2d 829 (2014).................................................................7

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

ALMAWAVE'S MOTION FOR FEES AND COSTS

*Icon Health & Fitness, Inc. v. Octane Fitness, LLC*

576 F. App'x 1002 (Fed. Cir. 2014) ...................................................................................7

*In re Keegan Mgmt. Co., Sec. Litig.*

78 F.3d 431 (9th Cir. 1996) .............................................................................................9

*Johnson v. Big Lots Stores, Inc.*

253 F.R.D. 381 (E.D. La. 2008)........................................................................................4

*Krafft v. Downey*

68 A.3d 329 (Pa. Super Ct. 2013)......................................................................................7

*Lahiri v. Universal Music & Video Distribution Corp.*

606 F.3d 1216 (9th Cir. 2010) .........................................................................................5

*Larez v. Holdcomb*

16 F.3d 1513 (9th Cir. 1994) ...........................................................................................9

*Lemus v. Burnham Painting & Drywall Corp.*

426 F. App'x 543 (9th Cir. 2011) ....................................................................................12

*Lindberg v. Wells Fargo Bank N.A.*

No. C 13-0808 PJH, 2014 WL 1779470 (N.D. Cal. May 5, 2014) ..................................5

*Oplus Techs., Ltd. v. Vizio, Inc.*

782 F.3d 1371 (Fed. Cir. 2015)..........................................................................................7

*Pentalpha Macau Commercial Offshore Ltd. v. Reddy*

No. C 03-5914 MMC, 2005 WL 2989273 (N.D. Cal. Nov. 3, 2005).................................3

*Philips Elecs. N. Am. Corp. v. Contec Corp.*

No. Civ.A. 02–123–KAJ, 2004 WL 769371 (D. Del. Apr. 5, 2004)................................4

*Sasser v. Amen*

57 F. App'x 307 (9th Cir. 2003) ......................................................................................13

*Save Our Valley v. Sound Transit*

335 F.3d 932 (9th Cir. 2003) ..........................................................................................12

*Stilwell Dev., Inc. v. Chen*

1989 WL 418783 (C.D. Cal. Apr. 25, 1989) .....................................................................8

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

ALMAWAVE'S MOTION FOR FEES AND COSTS

*Thomas v. Capital Sec. Servs.*

      836 F.2d 866 (5th Cir. 1988) ........................................................................................9

*Townsend v. Holman Consulting Corp.*

      929 F.2d 1358 (9th Cir. 1990) ......................................................................................9

*Trulis v. Barton*

      107 F.3d 685 (9th Cir. 1995) ........................................................................................4

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*

      No. 410CV03724CWLB, 2015 WL 5187505 (N.D. Cal. Sept. 4, 2015) .......................13

*Unigard Security Ins. Co. v. Lakewood Eng. & Manuf. Corp.*

      982 F.2d 363 (9th Cir. 1992) ........................................................................................4

*Unioil, Inc. v. E.F. Hutton & Co., Inc.*

      809 F.2d 548 (9th Cir. 1986) ........................................................................................9

## **STATUTES**

28 U.S.C. § 1927.............................................................................................................................4

Cal. Civ. Code. § 3246.4..................................................................................................................6

Fed. R. Civ. Pro. 54(d)(1) .............................................................................................................12

N.D. Cal. L.R. 54-3(d)(2) ..............................................................................................................13

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

ALMAWAVE'S MOTION FOR FEES AND COSTS

**PRELIMINARY STATEMENT**

Almawave has carefully considered this Court's Order Imposing Terminating Sanctions, Dkt. 993 ("Order 993") and respectfully moves for fees and costs.  Notwithstanding the seriousness of the sanction already imposed, fees and costs are required in light of the factual findings made by this Court and to avoid punishing Almawave for Loop's misconduct.[1]

Specifically, the Almawave Defendants move pursuant to (1) Federal Rule of Civil Procedure 54 and Civil Local Rule 54-1; and pursuant to (2) 28 U.S.C. section 1927; (3) California's Uniform Trade Secret Act, California Civil Code section 3246.4; and (4) Federal Rule of Civil Procedure 11.

Each of these statutes vest this Court with discretion to award fees and costs, but this Court's factual findings nonetheless require that the Court exercise its discretion in favor of awarding fees and costs notwithstanding, and indeed because of, Order 993.

Had Loop's conduct been <u>less</u> egregious, and had this Court <u>declined</u> to impose terminating sanctions, Almawave would have prevailed on a number of then-pending motions and Loop would have been liable to Almawave for nearly $4 million in fees.  It is unfair to Almawave to avoid that result merely because Loop's misconduct escalated to the point that terminating sanctions became necessary.

Simply put, this litigation has been a nightmare for Almawave and the economic harm it cost Almawave is incalculable.  Aside from fees and costs of nearly $4 million, Almawave USA's business was effectively crippled not only by the litigation, but by the manner in which it was conducted by Loop and its counsel.  Almawave did not and does not have a bottomless pit of money from which it could draw upon to fund this litigation; rather, the staggering expenses imposed by Loop and its counsel caused Almawave to divert money that otherwise could have been spent on establishing Almawave USA, including business development costs, employee salaries, etc.  Instead, Almawave USA's only significant business for the past two years has been

---

[1] Partly for the reasons expressed below, Almawave assumes that the ruling that "[e]ach party will bear its own fees and costs" referred only to the briefing on the Order to Show Cause itself, and was not a preemptive ruling on a not-yet-filed motion for fees pursuant to the statutory bases presented in this motion.

**V E N A B L E   L L P**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

1

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

paying its lawyers to defend against Loop's bad faith litigation. Dismissing Loop's lawsuit was certainly necessary but insufficient insofar as it fails to compensate Almawave for the massive economic and otherwise irreparable harm inflicted by Loop and its counsel.

**ARGUMENT**

**I.    LOOP CANNOT ESCAPE LIABILITY FOR FEES AND PUNISH ALMAWAVE BY VIRTUE OF LOOP'S OWN MISCONDUCT.**

    **A.    Almawave's Motions Entitled It To Fees But For Loop Causing This Court To Impose Terminating Sanctions.**

By the time this Court issued its September 2016 Order to Show Cause re: terminating sanctions, Dkt. 894, Almawave had pending several motions which, if any one was granted, likely would have been dispositive: (1) Motion for Summary Judgment, Dkt. 740; (2) Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11, Dkt. 801; and (3) Motion for Evidentiary Preclusion, Dkt. 738.

Had this Court <u>declined</u> to impose terminating sanctions, Almawave's dispositive motions necessarily would have resulted in an entitlement to an award of fees and costs in the millions of dollars. Moreover, this Court's Order details innumerable motions for sanctions brought by Almawave that were explicitly or implicitly granted; most or all of those also entitled Almawave to monetary sanctions.

Because Loop's misconduct was <u>so</u> egregious, however, this Court issued its own Order to Show Cause why terminating sanctions should not be imposed. Dkt. 894. Ultimately, this Court was left with little choice but to order terminating sanctions and did not rule on Almawave's dispositive motions. Order 993 at 21 ("[D]ismissal of Plaintiff's action is the only way to move forward."). Consequently, this Court deemed Almawave's dispositive motions moot and declined to issue monetary sanctions. Order 993 at 30-31.

Almawave should not be forced to forego fees simply because Loop's misconduct reached the point where terminating sanctions became necessary. Loop and its attorneys were found to violate innumerable discovery orders, each of which would have entitled Almawave to awards for fees had this case not been terminated. Almawave should not lose that entitlement

ALMAWAVE'S MOTION FOR FEES AND COSTS

simply because the orders were combined into an omnibus order imposing terminating sanctions.

### B.   This Court Has Found That Loop's Misconduct Prevented Almawave From Defending Against Loop's Allegations.

Loop's persistent and egregious discovery abuse and refusal to obey multiple court orders precluded Almawave from being capable of defending against, testing, or even understanding Loop's allegations.  *See, e.g.*, Order 993 at 17 ("With each discovery violation, Plaintiff prejudiced Defendants' ability to prepare for and defend this case."); *id.* ("These failures have obstructed Defendants' attempts to learn what, if any, support Plaintiff has for its claims."); *id.* at 21 ("Plaintiff's violations have harmed Defendants' ability to prepare a defense and patently obfuscated the basis for Plaintiff's claims."); *id.* at 17 ("The Court finds that Plaintiff's conduct prejudiced Defendants' ability to defend themselves and hampered the search for truth, and that Plaintiff's actions were particularly harmful given the discovery deadline and the need to prepare summary judgment motions.") (emphasis added).  In other words, Loop and its counsel's misconduct prevented Almawave from preparing a defense, and even prevented Almawave from presenting further evidence that would have supported its dispositive motions.

### C.   This Court's Findings Confirm That Loop Was Estopped From Offering Evidence Opposing Almawave's Dispositive Motions.

As explained in Almawave's motion to preclude evidence, this Court's findings that Almawave was prevented from establishing its defense to Loop's claims estopped Loop from effectively opposing either Almawave's Motion for Summary Judgment or the Motion for Rule 11 Sanctions.  *See* Dkt. 738; *see also Pentalpha Macau Commercial Offshore Ltd. v. Reddy*, No. C 03-5914 MMC, 2005 WL 2989273, at *3-4 (N.D. Cal. Nov. 3, 2005) (preventing party from introducing any further evidence supporting counterclaims due to party's failure to adequately answer interrogatories; counter-claimant precluded from using "as evidence at trial, at a hearing, or on a motion, any witness or information that [counter-claimant] did not disclose in his initial Rule 26 disclosures, in his original interrogatory responses . . . or in his supplemental interrogatory responses . . . ."); *Unigard Security Ins. Co. v. Lakewood Eng. & Manuf. Corp.*,

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

982 F.2d 363, 368 (9th Cir. 1992) (affirming district court's exclusion of evidence on the basis of the court's power "to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial"); *Hewlett v. Elder*, No. C 09-4670 CRB, 2010 WL 702299, at *2 (N.D. Cal. Feb. 25, 2010) (excluding evidence relating to damages due to party's failure to obey court's order to produce documents); *Philips Elecs. N. Am. Corp. v. Contec Corp.*, No. Civ.A. 02–123– KAJ, 2004 WL 769371, at *1 (D. Del. Apr. 5, 2004) (granting motion to exclude untimely produced evidence); *Johnson v. Big Lots Stores, Inc.*, 253 F.R.D. 381, 388-89 (E.D. La. 2008) (excluding, at summary judgment stage, belatedly-produced documents).

This Court expressly acknowledged that, given Loop's conduct, <u>this Court could have granted the Italian Almawave Defendants' Motion to Dismiss</u>: "The Court held that it <u>would be fully justified in striking Plaintiff's filing in its entirety and granting the motion to dismiss based on an absence of evidence in the record</u> . . . ." Order 993 at 26 (emphasis added).

## II.  THIS COURT'S FINDINGS REQUIRE AWARDING ATTORNEYS' FEES AND COSTS PURSUANT TO 28 U.S.C. SECTION 1927.

### A.  Attorneys' Fees And Costs Are Required Based On This Court's Findings.

"Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

When, as here, bad faith is undisputed, it is an abuse of discretion to deny attorney's fees under section 1927. *Trulis v. Barton*, 107 F.3d 685, 694 (9th Cir. 1995). In *Trulis*, the Court of Appeal recognized that the decision not to award fees under section 1927 was within the district court's discretion. "However," the Court of Appeals held, "[d]iscretionary choices are not left to a court's inclination, but to its judgment; and its judgment is to be guided by sound legal principles." *Id.*

Because the "uncontroverted facts demonstrate subjective bad faith as a matter of law," the Court of Appeal reversed the district court's denial of section 1927 fees. *Trulis*, 107 F.3d at 694. The Court of Appeal held that a denial of section 1927 fees could not be within the district court's discretion where "the district court failed to provide any explanation, sound or unsound,

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

for its denial . . . ."

Almawave recognizes, of course, that this Court imposed a serious sanction in response to its own Order to Show Cause. Section 1927 entitles Almawave to millions of dollars in fees from Loop's attorneys. Loop and its attorneys should not be excused from paying fees simply because its counsel engaged in misconduct that surpassed that point such as to also warrant terminating sanctions.

**B.     This Court's Findings Establish Loop's Counsel's Bad Faith And Almawave's Entitlement To Fees And Costs.**

In the context of section 1927, failure to obey a court order is sufficient to find that counsel "acted unreasonably, vexatiously, and in bad faith . . . ." *Lindberg v. Wells Fargo Bank N.A.*, No. C 13-0808 PJH, 2014 WL 1779470, at *3 (N.D. Cal. May 5, 2014); *Cotterill v. City & Cty. of San Francisco*, No. C 08-2295 JSW JL, 2010 WL 1223146, at *7 (N.D. Cal. Mar. 10, 2010) (awarding fees under section 1927 after "frequently admonish[ing] Plaintiff's counsel for failing to comply with standing orders and rulings, and on many occasions express[ing] displeasure about having to settle numerous petty discovery disputes"); *Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1223 (9th Cir. 2010).

Here, this Court has found that Loop's counsel acted with "utter disregard for the Court's authority and . . . [a] persistent refusal to comply with the Court's orders and the Federal Rules." Order 993 at 2-3; *see also id.* at 24 ("Plaintiff's refusal to follow the Court's orders has been pervasive and egregious."); *id.* at 11 ("Plaintiff thus acted in direct defiance of multiple orders."); *id.* at 15 ("Plaintiff's repeated intentional actions, committed despite the Court's many orders to the contrary, establish . . . willful conduct . . . ."); *id.* at 16 ("Plaintiff's behavior necessitated at least six orders directing Plaintiff to comply . . . . Similarly, Plaintiff's interrogatory responses occasioned at least five orders . . . .").

Moreover, this Court found that Loop's conduct was willful, deliberate and intentional. *See, e.g.*, Order 993 at 14 ("Plaintiff's discovery violations were willful."); *id.* at 15 (finding that "Plaintiff's repeated intentional actions, committed despite the Court's many orders to the

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

ALMAWAVE'S MOTION FOR FEES AND COSTS

contrary, establish [] willful conduct . . . . .”); *id*. at 25 (“Such a deliberate and willful refusal to follow the Court’s orders was not an isolated occurrence.”).

        **C.**      <u>**This Court’s Findings Establish That Loop’s Counsel “Multiplied The Proceedings Unreasonably And Vexatiously.”**</u>

This Court’s findings irrefutably establish the predicate for awarding fees pursuant to section 1927. First, this Court found more than unreasonable and vexatious conduct; it found misconduct that was willful, deliberate and intentional. Order 993 at 14, 15, 25-26.

Second, this Court found that Loop’s misconduct “multiplied the proceedings,” to put it mildly. In fact, this Court found that “Plaintiff’s conduct has clogged the Court’s docket, protracted this litigation, and made it impossible for this case to proceed to any remotely fair trial.” Order 993 at 23; *see also id*. (“[T]he record establishes, abundantly, that counsel’s constant failure to follow the Court’s rules and orders has resulted in an unconscionable waste of time and resources for all concerned.”); *id*. at 16 (“Plaintiff’s conduct has hindered and consistently undermined the Court’s ability to move this case towards orderly disposition.”); *id*. (noting eleven orders which “highlight the enormously disproportionate time and resources the Court has been required to devote to this action. Plaintiff’s unwillingness or inability to comply has hamstrung the Court’s ability to fairly manage its docket for the benefit of *all* litigants with pending cases before the Court.”) (emphasis in original).

**III.**      <u>**THIS COURT’S FINDINGS REQUIRE AWARDING ATTORNEYS’ FEES AND COSTS PURSUANT TO CALIFORNIA’S UNIFORM TRADE SECRET ACT.**</u>

        **A.**      <u>**Attorneys’ Fees And Costs Are Required Based On This Court’s Findings.**</u>

California’s Uniform Trade Secret Act, like virtually every other states’ UTSA and the federal Defend Trade Secrets Act, provides that, “[i]f a claim of misappropriation is made in bad faith . . . the court may award reasonable attorney’s fees and costs to the prevailing party.” Cal. Civ. Code. § 3246.4. Under the Act, “sanctions may be awarded for the bad faith filing <u>or</u> maintenance of a groundless action.” *FLIR Systems, Inc. v. Parrish*, 174 Cal.App.4th 1270, 1283 (2009) (holding that a trade secrets claim brought in good faith initially could warrant sanctions later) (emphasis added).

ALMAWAVE’S MOTION FOR FEES AND COSTS

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

Although section 3246.4 gives this Court discretion, again, the exercise of that discretion is limited by this Court's express findings. *See, e.g.*, *Krafft v. Downey*, 68 A.3d 329, 338-39 (Pa. Super Ct. 2013) (reversing trial court for refusing to award sanctions under analogous Uniform Trade Secrets Act).

The Uniform Trade Secrets Act originated in the Patent Law Section of the American Bar Association in the 1960s. Uniform Trade Secrets Act, Prefatory Note at 2. A comment to Section 4 of the UTSA, which permits an award of attorneys' fees, notes that "patent law is followed in allowing the judge to determine whether attorney's fees should be awarded . . . ." (1976).

The United States Supreme Court recently held that a district courts' discretion whether or not to award fees is limited. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1927, 195 L. Ed. 2d 278 (2016). "A district court would necessarily abuse its discretion if it based its ruling on . . . a clearly erroneous assessment of the evidence." *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748 n.2, 188 L. Ed. 2d 829 (2014).

Thus, when a district court found "an egregious pattern of misconduct," the Federal Circuit vacated the district court's denial of attorneys' fees and remanded because "[a]lthough an award of fees is within the discretion of the district court, nothing in the opinion or in the record substantiates the court's decision not to award fees" in light of the finding of attorney misconduct. *Oplus Techs., Ltd. v. Vizio, Inc.*, 782 F.3d 1371, 1374-75 (Fed. Cir. 2015).

Like the defendants in *Oplus*, the Almawave Defendants were forced to incur extraordinarily excessive fees only because of the proven misconduct of Loop's attorney. A reviewing court would find, as did the Federal Circuit, that "it is difficult to imagine how [Defendants] had not incurred additional expenses defending against such filings. . . ." *Oplus* at 782 F.3d at 1374 (detailing various findings of discovery abuse and delay and explaining that fees seemed warranted because defendants' fees necessarily would have been impacted.); *see also Icon Health & Fitness, Inc. v. Octane Fitness, LLC*, 576 F. App'x 1002, 1005 (Fed. Cir. 2014).

ALMAWAVE'S MOTION FOR FEES AND COSTS

## B.     This Court's Findings Establish That Loop's Allegations Of Misappropriation Of Trade Secrets Were Made In Bad Faith.

As explained in its Rule 11 briefing, Motion to Exclude, and above, Loop is estopped from denying that its trade secret claims were made in bad faith.  Dkt 801 at 17:13-19:1.

Moreover, as a matter of law, Loop's misappropriation claims were made in "bad faith" because Loop failed to identify its alleged trade secrets after repeated requests by the trial court to do so. *See e.g., Computer Econ., Inc. v. Gartner Group, Inc*., 50 F. Supp. 2d 980, 986 (S.D. Cal. 1999) (Plaintiff found to be "reckless" in pursuing its trade secret claim after its refusal to provide a specific identification of its trade secret erupted into a discovery dispute before the Magistrate Judge.); *Stilwell Dev., Inc. v. Chen*, 1989 WL 418783, at *4 (C.D. Cal. Apr. 25, 1989) (finding trade secret misappropriation claim objectively specious and appropriate for sanctions because "plaintiffs simply did not present any, much less credible, evidence that" certain information was "confidential and/or that Southwest misappropriated them."); *Gabriel Techs. Corp. v. Qualcomm Inc.*, 560 F. App'x 966, 973 (Fed. Cir. 2014) (sanctions under CUTSA assessed where plaintiffs made numerous unsuccessful attempts to articulate their trade secrets).

This Court must presume that Loop's allegations of misappropriation of trade secrets were made in bad faith because Loop repeatedly failed to identify any trade secrets notwithstanding numerous court orders.  *See, e.g*., Order 993 at 12 (Loop's identification of trade secrets fell "far short" in disregard of multiple court orders); *id*. at 15 ("Plaintiff failed to provide trade secret disclosures . . . ."); *id*. at 17 ("Plaintiff failed to . . . disclose the trade secrets at issue in the case.").

## IV.     ALMAWAVE IS ENTITLED TO ATTORNEYS' FEES UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

Almawave incorporates by reference its brief and declaration submitted in support of its Motion for Rule 11 Sanctions, Dkt. 801.

### A.     Almawave's Rule 11 Motion Requires Sanctions.

Rule 11 "mandates sanctions when a violation has occurred." *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir. 1987).  "Once a court finds that an attorney has violated rule 11, it <u>must</u>

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

impose sanctions." *Unioil, Inc. v. E.F. Hutton & Co., Inc.*, 809 F.2d 548, 559 (9th Cir. 1986) (emphasis in original) (upholding Rule 11 sanctions in excess of $294,000), *overruled on other grounds*, *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) ("[S]anctions <u>must</u> be imposed on the signer of a paper if . . . the paper is 'frivolous.'") (emphasis added); *Larez v. Holdcomb*, 16 F.3d 1513, 1522 (9th Cir. 1994) ("Rule 11 <u>requires</u> the imposition of sanctions when a motion is frivolous . . . or without factual foundation . . . .") (emphasis added).

Thus "where a Rule 11 violation is found, <u>the court has no discretion to refuse sanctions but only to determine the nature and amount of sanctions to impose</u>." *Burnette v. Godshall*, 828 F. Supp. 1439, 1447 (N.D. Cal. 1993) (emphasis added); *Thomas v. Capital Sec. Servs.*, 836 F.2d 866, 885 (5th Cir. 1988) (remanding for reconsideration of denial of Rule 11 sanctions when Rule 11 violation seemed likely).

### B.    This Court's Order Imposing Terminating Sanctions Did Not Render Moot The Rule 11 Motion.

Almawave's Rule 11 Motion sought two forms of relief:  (1) striking certain allegations in Loop's Second Amended Complaint; and (2) monetary sanctions in the amount of $1,250,000. This Court's Order imposing terminating sanctions rendered superfluous the first request for relief but did not render moot the second request for monetary sanctions.  "[A] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 133 S. Ct. 1017, 1023, 185 L. Ed. 2d 1 (2013) (quotation omitted).

The fact that this Court decided to order terminating sanctions before reaching the substantive merits is no impediment to imposing monetary sanctions.  "[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action.  Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate . . . ." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S. Ct. 2447, 2456, 110 L. Ed. 2d 359 (1990).

Had Loop's misconduct fallen short of warranting terminating sanctions, the appropriate

ALMAWAVE'S MOTION FOR FEES AND COSTS

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

Rule 11 sanction would have included at least the $1.25 million in fees sought at the time the motion was filed. Loop should not be excused from that sanction due to the fact that its counsel engaged in misconduct that surpassed that point such as to also warrant terminating sanctions.

**C.      This Court's Findings Establish That Rule 11 Sanctions Must Be Imposed.**

Again, Loop is estopped from denying that its claims were made in bad faith. Dkt 801 at 17:13-19:1. Almawave's evidence showed that Loop's claims were factually baseless and that Loop failed to conduct a reasonable inquiry. Loop, conversely, was and is estopped from contradicting that evidence because of its rampant (and now confirmed) discovery abuse.

The Rule 11 motion satisfied all the procedural and substantive requirements for granting monetary sanctions. Far from rendering moot the Rule 11 motion, this Court's findings require that the motion be granted and that sanctions be imposed under Rule 11.

**V.      ALMAWAVE INCURRED MILLIONS OF DOLLARS IN FEES FROM LOOP'S MISCONDUCT.**

**A.      Almawave Seeks $3.5 Million As A Grossly Understated Estimate.**

Almawave seeks reimbursement for "only" $3.5 million dollars in attorneys' fees. Almawave's total fees are nearly $4 million, but Almawave is requesting a substantially lower amount simply to avoid any bona fide dispute that its request is reasonable.[2]

Even a figure much higher than $4 million would be reasonable under the circumstances. First, Loop's Initial Disclosures claimed over $70 million in damages. Wallerstein Decl. ¶13 and Ex. D. Second, Almawave's fee arrangement with Venable provided for heavily discounted rates in this case. Wallerstein Decl. ¶¶ 5. The discounted rates, not the attorneys' standard rates, resulted in the nearly $4 million in fees. *Id*. ¶¶ 4-6.[3]

Section 1927 provides for an award of fees and costs that were incurred solely due to Loop's counsel's vexatious multiplication of the proceedings. This Court found that "[f]rom the

---

[2] The $4 million includes nearly $120,000 for the work of European attorneys who had to be engaged by Almawave to comply with European data privacy laws with respect to Almawave's document review and production. Wallerstein Decl. ¶¶ 4-9.

[3] Almawave's fee arrangement with Venable provided for a contingent "success fee" recovery of a portion of the discounts; those additional fees are not included in the $4 million figure.

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

10

beginning, this case has been marked by a level of dysfunction and inability to work together that is unprecedented in the Court's experience." Order 993 at 2. By November 2015, Almawave was pleading with this Court for a discovery referee to control Loop's counsel's misconduct. Dkt. 288. Almawave agreed to a "loser pays" regime for discovery disputes; Loop, of course, refused. 2/2/2016 Hrg. Tr. at 13:3-16:14. Thus, the vast majority of the total fees incurred are properly awarded pursuant to section 1927; the reduction from nearly $4 million to $3.5 million itself accounts for a reasonable reduction.

Under the CUTSA, only those fees attributable to Loop's bad faith claim of trade secret misappropriation are permitted. It is impossible to apportion out which of Almawave's fees are attributable to those specific claims. But those claims were far and away the most serious, and made up the lion's share of Loop's claimed $70 million in damages.

In Almawave's Rule 11 motion filed on July 7, 2016, Almawave requested a mere $1.25 million in fees; again, the actual fees incurred were far higher. Of course, the fees incurred continued to increase since that motion was filed.

In sum, Almawave's request for $3.5 million in fees is reasonable under the totality of the circumstances and vastly greater actual fees incurred and caused by Loop's continuing misconduct.

For reasons explained in Almawave's Rule 11 briefing, liability for Almawave's fees should be imposed jointly and severally on Loop, its counsel Ms. Healy, its local counsel Mr. Weinberg, and their law firms. See Dkt. 801 at 21:9-13 and nn. 8-9.

**B.      Loop Never Paid The Limited Sanctions It Was Ordered To Pay.**

Loop's counsel refused even to pay some of the limited sanctions it was ordered to pay. For example it paid a mere $27.28 out of the $250 it was ordered to pay for the coffee incident. Dkt. 977; Wallerstein Decl. ¶ 15.

Loop also refused to pay for the deposition expenses as ordered by the Court for the second deposition of Loop's founder Gianmauro Calafiore, the brother of Loop's counsel Valeria Calafiore Healy. Loop took the position that Almawave was caught in a Catch-22 because, according to Loop, Almawave's time to request those costs expired before the resumed

ALMAWAVE'S MOTION FOR FEES AND COSTS

deposition even occurred.  Wallerstein Decl. ¶ 16; Wallerstein Decl. Ex. F.[4]

### C.    Almawave Requests A Hearing To The Extent Necessary.

Awarding attorneys' fees in the millions of dollars is admittedly not routine.  However, this was no ordinary case; as this Court found, this case presented "extreme circumstances." Order 993 at 30.  Loop and its counsel were repeatedly warned, not only by this Court, but by counsel, that they could be liable for the massive fees they were requiring Almawave to expend. *See, e.g.*, Dkt. 801-7; *see also* Order 993 at 19 ("the Court has issued unambiguous warnings that a refusal to correct course and abide by the local rules, standing orders, court orders, and Federal Rules would result in sanctions.").

### VI.    ALMAWAVE IS ENTITLED TO TAX COSTS.

"Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  Fed. R. Civ. Pro. 54(d)(1). "By its terms, [Rule 54] creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs.  That discretion is not unlimited. A district court must specify reasons for its refusal to award costs." *Ass'n of Mexican-Am. Educators v. State of California,* 231 F.3d 572, 591 (9th Cir. 2000) (internal citations omitted) (emphasis added).

To overcome this presumption "the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).  Thus, "[w]hile many of the reductions fall within the district court's discretion, the district court must explain how it arrived at the amount of its award – *i.e.*, why the actual amount selected is reasonable." *Lemus v. Burnham Painting & Drywall Corp.*, 426 F. App'x 543, 546–47 (9th Cir. 2011) (vacating and remanding for failure to explain reasons for reduction of costs); *Sasser v. Amen*, 57

---

[4] This amount is admittedly included in the deposition transcript costs claimed above. Almawave tried to meet and confer with Loop regarding payment for the second deposition transcript of Gianmauro Calafiore. 10/31/2016 Hrg. Tr. at 22:25-24:3; Wallerstein Decl. ¶ 11. On May 3, 2016, Almawave requested payment from Loop of $2,943.60. Wallerstein Decl. ¶ 11; Wallerstein Decl. Ex. C.  Almawave followed up with that request on June 23, 2016 via email. Id.  Loop consistently refused payment of the costs associated with the deposition as was ordered in the Court's order at Dkt. 436. Almawave further followed up with Loop on February 21, 2017. *Id*.).

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

ALMAWAVE'S MOTION FOR FEES AND COSTS

F. App'x 307, 309 (9th Cir. 2003) ("On remand, the district court should reconsider whether to award costs: if not, it must explain its reasons; if so, it should consider the appropriate amount").

Almawave respectfully requests that the Court tax the following items of costs, all detailed in the attached Declaration of Thomas E. Wallerstein.

### A.    Costs for Deposition Transcripts are Taxable Pursuant to L.R. 54-3(c)(1).

Pursuant to Local Rule 54-3(c) "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable."  The total cost incurred by Almawave for deposition transcripts is approximately $44,000.  Wallerstein Decl. ¶ 10; Wallerstein Decl. Ex. B.

### B.    Costs for Reproduction of Formal Discovery are Taxable Pursuant to L.R. 54-3(d)(2).

Almawave is entitled to costs for reproduction of disclosures and discovery in response to Loop's numerous discovery requests.  "**The cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable.**"  N.D. Cal. L.R. 54-3(d)(2).  The costs of reproducing documents includes electronic formatting such as "scanning and converting native files to readable files (including optical character recognition ('OCR') and generating blowbacks), Bates stamping, putting information on media (such as DVDs, CDs, hard drives, or thumb drives), and doing basic document organization such as slip sheets for page breaks." *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 410CV03724CWLB, 2015 WL 5187505, at *6 (N.D. Cal. Sept. 4, 2015).

Almawave was forced to incur costs reproducing documents in order to comply with its disclosure requirements and to respond to Loop's hundreds of discovery requests.  Wallerstein Decl. ¶ 12.  Almawave was required to engage a European discovery vendor to facilitate production in compliance with European data privacy laws.  Wallerstein Decl. ¶¶ 9, 12.  The costs of reproduction Almawave requests include the electronic formatting Almawave's vendor was required to do to produce documents in a usable format.  *Id.*  Almawave's total costs incurred for reproduction of formal discovery is approximately $15,000.  Wallerstein Decl. ¶ 12.

In sum, Almawave requests costs in the amount of $59,000.

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

## CONCLUSION

For all the foregoing reasons, Almawave requests that this Court order that Loop and its attorneys are jointly and severally liable for $3.5 million in fees and $59,000 in costs.

Respectfully submitted,

Dated: March 23, 2017

**VENABLE LLP**

By:  /s/ Thomas E. Wallerstein
Thomas E. Wallerstein (SBN 232086)
Kimberly Culp (SBN 238839)
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
twallerstein@venable.com
kculp@venable.com
Tel: (415) 653-3750

*Defendants Almaviva S.p.A, Almawave
S.r.l. and Almawave USA, Inc*

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

14

ALMAWAVE'S MOTION FOR FEES AND COSTS