VALERIA CALAFIORE HEALY
valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York  10013
Telephone:    (212) 810-0377
Facsimile:    (212) 810-7036

*In propria persona.*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND

| | |
|---|---|
| LOOP AI LABS INC., | CASE NO.: 4:15-cv-00798-HSG |
| Plaintiff, | **REQUEST FOR CLARIFICATION** |
| v. | Action Filed:  February 20, 2015<br>Judgment Entered:   March 21, 2017 |
| ANNA GATTI, et al, | Hon. Haywood S. Gilliam, Jr. |
| Defendants. | |

The undersigned files this request *in propria persona* to respectfully seek clarification about two aspects of Order 993 that affect me and my obligations to Loop AI:[1] (1) the Court's ruling in Order 993 that "no motions for reconsideration … will be entertained by the Court" and the Almaviva Defendants' recent motion at Dkt. 966 ("Motion 996") brought against me, my firm, Loop AI, and local counsel.  In Motion 996 the Almaviva Defendants seek reconsideration of the ruling in Order 993 that "each party will bear its own fees and costs" and that certain motions by the Almaviva Defendants have been denied; and (2) the effect of the Court's revocation of my *pro hac vice* admission on Loop AI's ability to file in this Court the papers necessary to perfect its appeal, respond to the Almaviva Defendants' motion for reconsideration (if the Court intends to entertain it), and file its own motion for sanctions seeking attorneys fees and costs against the Defendants and their counsel.  Each point is addressed below.

**A. Clarification Regarding Motions for Reconsideration and the Almaviva Defendants Motion for Reconsideration Filed at Dkt. 996**

Order 993 provides, in relevant part:

"The Court therefore, **DISMISSES** Plaintiff's action with prejudice.  ***Each party will bear its own fees and costs.***  To the extent not already resolved, the following motions are **MOOT**: the summary judgment motions, Dkt. Nos. 733, 737, 740; the motion to strike or exclude Plaintiff's evidence, Dkt. No. 738; ***Almaviva's motion for Rule 11 sanctions, Dkt. No. 801***; Almawave's motion for relief from Plaintiff's refusal to comply with pretrial orders and IQS, Inc.'s related joinder, Dkt. Nos. 869 and 871; Plaintiff's *Daubert* motion, Dkt. No. 875; Defendants' motion for default judgment, Dkt. No. 897; Plaintiff's motion for entry of judgment, enforcement of anti-SLAPP fee award orders, and related remedies, Dkt. No. 957; Plaintiff's motion for partial judgment on the pleadings, Dkt. No. 986…. The case is hereby **CLOSED**. ***No motion for reconsideration regarding this order will be entertained by the Court.***"

Order at Dkt. 993 at 30-31 (emphasis added).

On March 23, 2017, the Almaviva Defendants filed Motion 996.  Although the Almaviva Defendants did not style their motion as one for reconsideration, it is well-settled in this Circuit that the substance of a motion, not its self-given title, determines what the motion is.  *See,*

---

[1] The Court recently entertained a Request for Clarification filed by counsel for Anna Gatti and IQSystem LLC (*see* Dkt. 994).

*e.g., Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) (the "nomenclature" used by the movant "is not controlling. The court will construe it, however styled, to be the type proper for the relief requested." (internal citations omitted)). The contents and relief requested in Motion 996 make clear that it is a motion for reconsideration of this Court's ruling in Order 993 that "each party will bear its own fees and costs" and that no motions for reconsideration will be entertained by the Court. Indeed, Motion 996 argues that this Court's ruling regarding fees and costs was improper, and seeks fees and costs against me, my law firm, Loop AI and its local counsel. Motion 996 even incorporates by reference the Almaviva Defendants' Rule 11 Motion, which the Court already denied in Order 993. *See* Dkt. 996 at *passim*. The factual predicate of Motion 996 is also virtually identical to that asserted in the Almaviva Defendants' motion to strike at Dkt. 739, which was also denied by the Court in Order 993. In addition, the Almaviva Defendants' counsel confirmed in written correspondence that his motion essentially seeks reconsideration, and that it relies only on the same matters set forth in Order 993.[2] Based on the foregoing, the undersigned respectfully requests the following clarifications.

**Request for Clarification:**

**(1)** Does the Court intend to entertain Motion 996, or does the Court instead take the position that Order 993 means what it says, and accordingly that Motion 996 is improper and will be denied without further briefing, with the result that the relief sought in Motion 996, if at all, should be sought by appeal?

**(2)** If the Court will entertain Motion 996, will the Court allow other motions for reconsideration and waive the requirements of Civil Local Rule 7-9, which require (and required the Almaviva Defendants) to seek leave of Court before filing a motion for reconsideration?[3]

---

[2] *See* Decl., Exhibit 1 ("Judge Gilliam suggested, incorrectly in our view, that the motion was moot in light of his order imposing terminating sanctions. So the motion we are filing today will seek those Rule 11 sanctions that we already requested: $1,250 against Loop and its attorneys … on the basis already expressed in the motion bolstered by his latest findings. In addition, we will be seeking fees and costs [under other rules]. The basis for those fees and costs also are set forth in detail in Judge Gilliam's order....")

[3] The undersigned also respectfully informs the Court that the statement in Motion 996 alleging that I "refused to pay some of the limited sanction" I was ordered to pay is not true. Dkt. 996 at 11. *See* Decl. at ¶¶ 3-4, Exhibit 2.

**B. Clarification Regarding *Pro Hac Vice* Revocation**

If the Court will entertain the Almaviva Defendants's above referenced motion (Motion 996), Loop AI needs the undersigned, who has been its lead counsel from the inception of this case, to defend itself and to pursue its own request for reconsideration and for fees and costs against the Defendants. My firm also needs to be represented through me, as counsel, as it cannot appear pro se to defend against the motion.

Loop AI also needs to file various papers in order to perfect its appeal and comply with appellate rules that require discrete filings in the district court. In addition to Loop AI's inability to obtain counsel that could replicate the knowledge of this case that I possess, Loop AI is financially unable to retain other counsel.

**Request for Clarification:**

**(1)** Does the Court construe its Pro Hac Vice Revocation to prohibit me from filing in this Court the requisite notices and related materials that Loop AI needs to file to perfect and pursue its appeal?

**(2)** If the Court will entertain Motion 996, or any other motion for reconsideration or other post-judgment motion, does the Court construe its Pro Hac Vice Revocation to prohibit me from acting on behalf of Loop AI and my law firm in making and signing the requisite filings on behalf of Loop AI and my law firm, which is also a target of Motion 996?

I respectfully request the Court's prompt guidance on these issues so as to ensure that Loop AI will not be further prejudiced.

Respectfully submitted,

March 28, 2017                    By:  /s/ *Valeria Calafiore Healy*

Valeria Calafiore Healy, Esq.
Valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone:     (212) 810-0377
Facsimile:      (212) 810-7036

*In propria persona.*