UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOP AI LABS INC,<br><br>    Plaintiff,<br><br>v.<br><br>ANNA GATTI, et al.,<br><br>    Defendants. | Case No. 15-cv-00798-HSG<br><br>**ORDER DENYING MOTIONS FOR FEES AND COSTS**<br><br>Re: Dkt. Nos. 996, 1003 |

On March 9, 2017, the Court issued terminating sanctions dismissing with prejudice this action filed by Plaintiff Loop AI Labs ("Loop"). Dkt. No. 993 ("sanctions order").[1] The order stated that "[e]ach party will bear its own fees and costs" and that "[n]o motion for reconsideration regarding this order will be entertained by the Court." *Id.* at 30-31. On March 21, 2017, the Court entered judgment in favor of Defendants. Dkt. No. 995. On March 23, 2017, Defendants Almaviva S.p.A., Almawave S.r.l., and Almawave USA, Inc. (collectively, "Almawave Entities") filed a motion seeking $3.5 million in fees and $59,000 in costs. Dkt. No. 996. On April 3, 2017, Plaintiff filed a notice of appeal of the judgment. Dkt. No. 1002.[2] On April 4, 2017, Defendants IQSystem, Inc. and IQSystem, LLC (collectively, "IQS Entities") filed a motion for $239,218.73 in fees and $24,698.30 in costs. Dkt. No. 1003. That same day, the IQS Entities filed both a motion for joinder in the Almawave Entities' motion for fees and costs, Dkt. No. 1004, and two bills of costs, Dkt. Nos. 1005-06. On April 5, 2017, Defendant Anna Gatti filed a joinder in the IQS Entities' motion for fees and costs. Dkt. No. 1008. On April 10, 2017, the Almawave

---

[1] The sanctions order also revoked the *pro hace vice* admission in this case of Loop's counsel, Valeria Healy. Dkt. No. 993 at 30.
[2] Four days earlier, Ms. Healy had filed *in propria persona* a notice of appeal of the judgment to the Ninth Circuit. *See* Dkt. No. 1001 at 2. No representative of Loop signed that notice of appeal. *Id.* The second notice of appeal, however, was signed by both Loop's CEO and Ms. Healy (who signed as "Appellate Counsel for Plaintiff-Appellant"). Dkt. No. 1002 at 2.

Entities filed a notice of cross-appeal "to preserve [their] right to challenge a denial of [their] right to obtain attorneys' fees and costs, whether this notice is deemed an appeal of the [sanctions order or] . . . the judgment . . . , or . . . a cross-appeal of Loop and its counsel's appeals." Dkt. No. 1012 at 1-2.

The motions for fees and costs effectively ask the Court to reconsider what it already decided in the sanctions order: that each party would bear its own fees and costs. *See* Dkt. No. 993 at 30. Therefore, while not styled as such, they are motions for reconsideration, subject to the following requirements under the Local Rules:

> Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9(b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

*See* Civ. L.R. 7-9(a). The motions for fees and costs were both filed in violation of Rule 7-9(a) because the Almawave and IQS Entities did not obtain leave to file from the Court—perhaps because the Court had already explicitly stated that it would not entertain any motions for reconsideration of its sanctions order finding, *inter alia*, that each party must bear its own fees and costs. Furthermore, while Rule 7-9(a) requires that any motion for leave to file a motion for reconsideration—and therefore, by definition, any motion for reconsideration itself—be filed *before* entry of judgment, the motions at issue here were filed *after* judgment was entered. Lastly, the Court's sanctions order finding that each party must bear its own fees and costs was not an interlocutory order, which may be subject to a motion for reconsideration under Rule 7-9(a), but rather a final order, which may not. For each of these reasons, the motions did not comply with the Local Rules, and are therefore denied.

In addition, the motions must be denied for lack of jurisdiction. As the Ninth Circuit has held, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). A petition for attorney fees ordinarily is "collateral" to the decision on the merits. *See*

*Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988) (declaring that the merits order ends the litigation on the merits, and the remaining fees question does not prevent finality, since it is collateral to, and separate from, the order, and resolution of it cannot alter or amend the order or moot any decisions that the order embodies). But here, the order from which the appeal was already taken is the very same order that the motions for fees and costs seek to revisit. As all Defendants acknowledge, their arguments are integrally intertwined with the rest of the Court's now-appealed sanctions order. *See, e.g.*, Dkt. No. 996 ("[T]his Court's factual findings . . . require that the Court exercise its discretion in favor of awarding fees and costs notwithstanding, and indeed because of [its sanctions order]."); Dkt. No. 1003 ("The egregious circumstances that led to the [Court's sanctions order] demand that Loop and Ms. Healy pay the price for their behavior with joint and several liability for IQS' attorney's fees and costs."). The Court does not retain control over those aspects of the case subject to appeal, *see Griggs*, 459 U.S. at 58, including its determination on fees and costs, *see Kowalski v. Farella, Braun & Martel, LLP*, No. C-06-3341 MMC, 2010 WL 475357, at *1 (N.D. Cal. Feb. 4, 2010) (finding that the court lacked jurisdiction to rule on the plaintiff's motion for award of fees after remand, where the Court had already issued a prior order regarding fees and costs and the appeal of that prior order was still pending, and declaring that *Griggs*—not *Budinich*—controlled because "the order from which the appeal is taken is the very order petitioner seeks to augment"). In short, the parties must raise these issues before the Ninth Circuit, given that the Court's judgment, including its ruling on fees and costs, has been appealed.

Accordingly, the Court **DENIES** the motions for fees and costs filed by the Almawave and IQS Entities.[3]

**IT IS SO ORDERED.**

Dated: 4/11/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] As a result, this order also **TERMINATES** Dkt. Nos. 1004 and 1008.

3