**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 9 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOOP AI LABS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> and <br><br> VALERIA CALAFIORE HEALY, lead counsel for plaintiff Loop AI Labs, Inc., <br><br> Appellant, <br><br> v. <br><br> ANNA GATTI; ALMAVIVA S.P.A, an Italian corporation; ALMAWAVE S.R.L., an Italian corporation; ALMAWAVE USA INC., a California corporation; IQSYSTEM LLC, a California limited liability company; IQSYSTEM, INC., a Delaware corporation, <br><br> Defendants-Appellees. | No.   17-15608 <br><br> D.C. No. 4:15-cv-00798-HSG <br><br> MEMORANDUM* |
| LOOP AI LABS, INC., a Delaware corporation, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ANNA GATTI; ALMAVIVA S.P.A, an | No.   17-15621 <br><br> D.C. No. 4:15-cv-00798-HSG |

Italian corporation; ALMAWAVE S.R.L., an Italian corporation; ALMAWAVE USA INC., a California corporation; IQSYSTEM LLC, a California limited liability company; IQSYSTEM, INC., a Delaware corporation,

    Defendants-Appellees.

LOOP AI LABS, INC., a Delaware corporation,

    Plaintiff-Appellee,

 v.

ALMAVIVA S.P.A, an Italian corporation; ALMAWAVE S.R.L., an Italian corporation; ALMAWAVE USA INC., a California corporation,

    Defendants-Appellants,

 and

ANNA GATTI; IQSYSTEM LLC, a California limited liability company; IQSYSTEM, INC., a Delaware corporation,

    Defendants.

No.   17-15743

D.C. No. 4:15-cv-00798-HSG

LOOP AI LABS, INC., a Delaware corporation,

    Plaintiff-Appellee,

 v.

No.   17-15784

D.C. No. 4:15-cv-00798-HSG

IQSYSTEM LLC, a California limited liability company; IQSYSTEM, INC., a Delaware corporation; ANNA GATTI,

        Defendants-Appellants,

and

ALMAVIVA S.P.A, an Italian corporation; ALMAWAVE S.R.L., an Italian corporation; ALMAWAVE USA INC., a California corporation,

        Defendants.

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted October 10, 2018
San Francisco, California

Before: MURGUIA and FRIEDLAND, Circuit Judges, and HINKLE,[**] District Judge.

The plaintiff asserted wide-ranging commercial claims against six defendants. The plaintiff repeatedly violated court orders on discovery and other matters. After issuing a detailed order to show cause and considering the plaintiff's response, the district court dismissed the action. The order of dismissal explained

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Robert L. Hinkle, United States District Judge for the Northern District of Florida, sitting by designation.

the decision at length and determined, without further explanation, that each side would bear its own costs and attorney's fees. The order revoked the plaintiff's attorney's pro hac vice status in this case and said that the district judge would not grant any motion from the attorney to appear pro hac before him in future matters.

The plaintiff has appealed the dismissal. The defendants have appealed the denial of costs and fees. The plaintiff's attorney has appealed the pro hac ruling and statement.

The dismissal was procedurally and substantively proper, not an abuse of discretion. The plaintiff's violations made it impossible for the defendants—all of them—to prepare for trial. Repeated valid orders and warnings had proved insufficient to bring about compliance. After two years of attempting to resolve the parties' numerous discovery disputes and the plaintiff's disregard for its orders, the district court acted well within its discretionary docket-management and discovery authority by dismissing the case. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

Considering all the circumstances, including the sanction of dismissal and the overall conduct of the litigation, requiring each party to bear its own costs and fees was not an abuse of discretion. The absence of an explanation might otherwise be grounds for a remand, but the district court plainly paired the decision on costs and fees with the decision to dismiss the action. A remand for an order confirming

4

the court's rationale would not change the result. Moreover, the defendants made clear at oral argument that they do not seek a ruling in this court that would remand the overall package of sanctions—potentially opening not only the cost-and-fee issue, but also the dismissal. Further litigation that would serve no apparent purpose is precisely what this case does *not* need.

Because we affirm the district court's dismissal, the appeal of the pro hac revocation no longer matters in one sense. The case is over, and, because pro hac status is granted for participation in a particular case, the plaintiff's attorney's pro hac status would have terminated along with the end of the case regardless of any specific ruling on the issue.  The issue might therefore be considered moot. Plaintiff's attorney contends, however, that there is ongoing damage to her reputation that makes the revocation a live case or controversy.  Taking her representations as true, we agree the case is not moot.  We nevertheless affirm because we are persuaded that any error here was harmless.  The attorney's conduct that led to her pro hac revocation was all but identical to Loop-AI's conduct that led to the terminating sanctions, so the attorney briefed her personal defenses in response to the order to show cause.  Both in her briefing to the district court and in this court, the attorney cites nothing that the district court failed to consider or that she could have said to affect its decision if she had notice that pro hac status would be considered.

Finally, the attorney's challenge to the district court's statement about future pro hac applications is not ripe. There will be time enough in the future for the district court to consider the attorney's application for leave to appear, should the occasion arise.

The parties shall bear their own costs on appeal.

AFFIRMED.